| **Fill in this information to identify the case:** |
| --- |
| United States Bankruptcy Court for the: |
| District of Delaware |
| Case number (*If known*): _____ Chapter 15 |

☐ Check if this is an amended filing

Official Form 401

# Chapter 15 Petition for Recognition of a Foreign Proceeding  12/15

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write debtor's name and case number (if known).

**1. Debtor's name**

Pride Group Holdings Inc.

**2. Debtor's unique identifier**

**For non-individual debtors:**

☐ Federal Employer Identification Number (EIN) ___ ___ – ___ ___ ___ ___ ___ ___ ___

☑ Other 856846399 . Describe identifier Canadian Business No.

**For individual debtors:**

☐ Social Security number: xxx – xx– ___ ___ ___ ___

☐ Individual Taxpayer Identification number (ITIN): **9** xx – xx – ___ ___ ___ ___

☐ Other _____ . Describe identifier _____ .

**3. Name of foreign representative(s)**

Randall Benson

**4. Foreign proceeding in which appointment of the foreign representative(s) occurred**

Ontario Superior Court of Justice (Commercial List), Court File No.: 24-00717340-00CL

**5. Nature of the foreign proceeding**

*Check one:*

☑ Foreign main proceeding
☐ Foreign nonmain proceeding
☐ Foreign main proceeding, or in the alternative foreign nonmain proceeding

**6. Evidence of the foreign proceeding**

☑ A certified copy, translated into English, of the decision commencing the foreign proceeding and appointing the foreign representative is attached.

☐ A certificate, translated into English, from the foreign court, affirming the existence of the foreign proceeding and of the appointment of the foreign representative, is attached.

☐ Other evidence of the existence of the foreign proceeding and of the appointment of the foreign representative is described below, and relevant documentation, translated into English, is attached.

_____

**7. Is this the only foreign proceeding with respect to the debtor known to the foreign representative(s)?**

☐ No. (Attach a statement identifying each country in which a foreign proceeding by, regarding, or against the debtor is pending.)

☑ Yes

| Debtor | Pride Group Holdings Inc. | Case number *(if known)* _____ |
|---|---|---|
| | Name | |

**8. Others entitled to notice**

Attach a list containing the names and addresses of:

(i)   all persons or bodies authorized to administer foreign proceedings of the debtor,

(ii)  all parties to litigation pending in the United States in which the debtor is a party at the time of filing of this petition, and

(iii) all entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code.

**9. Addresses**

**Country where the debtor has the center of its main interests:**

Canada

**Debtor's registered office:**

6050 Dixie Rd.
Number      Street

_____
P.O. Box

Mississauga    Ontario      L5T 1A6
City             State/Province/Region    ZIP/Postal Code

Canada
Country

**Individual debtor's habitual residence:**

_____
Number      Street

_____
P.O. Box

_____
City         State/Province/Region    ZIP/Postal Code

_____
Country

**Address of foreign representative(s):**

1450 Meyerside Drive, Suite 401
Number      Street

_____
P.O. Box

Mississauga     Ontario      L5T 2N5
City             State/Province/Region    ZIP/Postal Code

Canada
Country

**10. Debtor's website** (URL)

www.pridegroupenterprises.com

**11. Type of debtor**

*Check one:*

☑ Non-individual (*check one*):

  ☑ Corporation. Attach a corporate ownership statement containing the information described in Fed. R. Bankr. P. 7007.1.

  ☐ Partnership

  ☐ Other. Specify: _____

☐ Individual

| Debtor | Pride Group Holdings Inc. | Case number *(if known)* |
|---|---|---|
| | Name | |

**12. Why is venue proper in *this district*?**

Check one:

☒ Debtor's principal place of business or principal assets in the United States are in this district.

☐ Debtor does not have a place of business or assets in the United States, but the following action or proceeding in a federal or state court is pending against the debtor in this district:

_____.

☐ If neither box is checked, venue is consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative, because:

_____.

**13. Signature of foreign representative(s)**

I request relief in accordance with chapter 15 of title 11, United States Code.

I am the foreign representative of a debtor in a foreign proceeding, the debtor is eligible for the relief sought in this petition, and I am authorized to file this petition.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct,

✖ /s/ Randall Benson
Signature of foreign representative

Randall Benson
Printed name

Executed on   04/01/2024
            MM / DD / YYYY

✖ _____
Signature of foreign representative

_____
Printed name

Executed on   _____
            MM / DD / YYYY

**14. Signature of attorney**

✖ /s/ Derek C. Abbott
Signature of Attorney for foreign representative

Date   04/01/2024
       MM / DD / YYYY

Derek C. Abbott
Printed name

Morris, Nichols, Arsht & Tunnell LLP
Firm name

1201 North Market Street, P.O. Box 1347
Number       Street

Wilmington                          DE          19899
City                                State       ZIP Code

(302) 351-9357                      DAbbott@morrisnichols.com
Contact phone                       Email address

3367                                DE
Bar number                          State

## **ATTACHMENT 1 (PETITION ITEM 6)**

INITIAL ORDER OF THE CANADIAN COURT



Electronically issued / Délivré par voie électronique : 28-Mar-2024
Toronto Superior Court of Justice / Cour supérieure de justice

Court File No./N° du dossier du greffe : CV-24-00717340-00CL

Court File No. CV-24-00717340-00CL

**ONTARIO**
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

| | | |
|---|---|---|
| THE HONOURABLE | ) | WEDNESDAY, THE 27TH |
| | ) | |
| CHIEF JUSTICE MORAWETZ | ) | DAY OF MARCH, 2024 |

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF **PRIDE GROUP HOLDINGS INC.** and those Applicants listed on Schedule "A" hereto (each, an "**Applicant**", and collectively, the "**Applicants**")

## INITIAL ORDER

**THIS APPLICATION**, made by the Applicants, pursuant to the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended (the "CCAA") was heard this day by judicial videoconference via Zoom, at 330 University Avenue, Toronto, Ontario.

**ON READING** the affidavit of Sulakhan Johal sworn March 26, 2024 and the Exhibits thereto (the "**Johal Affidavit**"), the pre-filing report of the proposed monitor, Ernst & Young Inc., dated March 26, 2024 (the "**Pre-Filing Report**"), and on hearing the submissions of counsel for the Applicants, along with the limited partnerships listed in Schedule "A" hereto (the "**Non-Applicant Pride Entities**" and collectively with the Applicants, the "**Pride Entities**"), and such other counsel that were present, and on reading the consent of Ernst & Young Inc. to act as the monitor (in such capacity, the "**Monitor**"),

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

LA PRÉSENT ATTEST QUE CE DOCUMENT, DON'T CHACUNE DES PAGES EST REVÊTUE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE A TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVÉ DANS CE BUREAU

DATED AT TORONTO THIS 28 DAY OF March 20 24
FAIT À TORONTO LE        JOUR DE

REGISTRAR        GREFFIER

Electronically issued / Délivré par voie électronique : 28-Mar-2024
Toronto Superior Court of Justice / Cour supérieure de justice

**Court File No./N° du dossier du greffe :** CV-24-00717340-00CL

-2-

## SERVICE

1.    **THIS COURT ORDERS** that the time for service of the Notice of Application and the Application Record is hereby abridged and validated so that this Application is properly returnable today and hereby dispenses with further service thereof.

## APPLICATION

2.    **THIS COURT ORDERS AND DECLARES** that the Applicants are companies to which the CCAA applies. Although not Applicants, the Non-Applicant Pride Entities shall enjoy the benefits of the protections and authorizations provided by this Order.

## POSSESSION OF PROPERTY AND OPERATIONS

3.    **THIS COURT ORDERS** that the Pride Entities shall remain in possession and control of their current and future assets, undertakings and properties of every nature and kind whatsoever, and wherever situate including all proceeds thereof (the "**Property**"). Subject to further Order of this Court, the Pride Entities shall continue to carry on business in a manner consistent with the preservation of their business (the "**Business**") and the Property and shall comply with the Governance Protocol attached as Appendix "D" to the Monitor's Pre-Filing Report (as may be amended, the "**Governance Protocol**"). The Pride Entities shall be authorized and empowered to continue to retain and employ the employees, Independent Contractors (as defined below) consultants, agents, experts, accountants, tax consultants, counsel and such other persons (collectively, the "**Assistants**") currently retained or employed by them, with liberty to retain such further Assistants as they deem reasonably necessary or desirable in the ordinary course of business or for the carrying out of the terms of this Order.

4.    **THIS COURT ORDERS** that, subject to the Governance Protocol, the Pride Entities shall be entitled to continue to utilize the central cash management system currently in place (including, for greater certainty, intercompany transfers from one Pride Entity to another Pride Entity approved by the Monitor) as described in the Johal Affidavit or replace it with another substantially similar central cash management system (the "**Cash Management System**") and that any present or future bank providing the Cash Management System shall not be under any obligation whatsoever to inquire into the propriety, validity or legality of any transfer, payment,

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

LA PRÉSENT ATTEST QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVÊTUE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE A TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVÉ DANS CE BUREAU

DATED AT TORONTO THIS 28 DAY OF March 20 24
FAIT À TORONTO LE          JOUR DE

REGISTRAR                    GREFFIER

Electronically issued / Délivré par voie électronique : 28-Mar-2024
Toronto Superior Court of Justice / Cour supérieure de justice

**Court File No./N° du dossier du greffe : CV-24-00717340-00CL**

-3-

collection or other action taken under the Cash Management System, or as to the use or application by the Pride Entities of funds transferred, paid, collected or otherwise dealt with in the Cash Management System, shall be entitled to provide the Cash Management System without any liability in respect thereof to any Persons (as hereinafter defined) other than the Pride Entities, pursuant to the terms of the documentation applicable to the Cash Management System.

5.  **THIS COURT ORDERS** that the Pride Entities shall be entitled but not required to pay the following expenses whether incurred prior to, on or after the date of this Order:

(a)  all outstanding and future wages, salaries, commissions, employee benefits, contributions in respect of retirement or other benefit arrangements, vacation pay and expenses payable prior to, on or after the date of this Order, in each case incurred in the ordinary course of business and consistent with existing compensation policies and arrangements;

(b)  all outstanding and future amounts invoiced to any of the Pride Entities from those independent contractors (including, but not limited to, those contractors or subcontractors that provide office support) (the **"Independent Contractors"**) retained by any of the Pride Entities, payable prior to, on or after the date of this Order, in each case incurred in the ordinary course of business and consistent with existing payment arrangements (which for greater certainty, shall include payment to Independent Contractors through third party staffing agencies where applicable);

(c)  the fees and disbursements of any Assistants retained or employed by the Pride Entities in respect of these proceedings, at their standard rates and charges;

(d)  payment for fuel supplied to any of the Pride Entities either prior to, on or following the date of this Order; and

(e)  amounts owing for goods and services supplied to the Pride Entities by third-party contractors or logistics providers if, in the opinion of the Pride Entities, it is necessary to prevent the possibility of possessory liens being asserted against any Property and/or to continue their business uninterrupted.

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

LA PRÉSENT ATTEST QUE CE DOCUMENT, DON'T CHACUNE DES PAGES EST REVÊTUE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE A TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVÉ DANS CE BUREAU

DATED AT TORONTO THIS 28 DAY OF March 20 24
FAIT À TORONTO LE        JOUR DE

REGISTRAR                GREFFIER

Electronically issued / Délivré par voie électronique : 28-Mar-2024
Toronto Superior Court of Justice / Cour supérieure de justice

**Court File No./N° du dossier du greffe :** CV-24-00717340-00CL

-4-

6.    **THIS COURT ORDERS** that, except as otherwise provided to the contrary herein, the Pride Entities shall be entitled but not required to pay all reasonable expenses incurred by the Pride Entities in carrying on the Business in the ordinary course after this Order, and in carrying out the provisions of this Order, which expenses shall include, without limitation:

(a)    all expenses and capital expenditures reasonably necessary for the preservation of the Property or the Business including, without limitation, payments on account of insurance (including directors' and officers' insurance), maintenance and security services; and

(b)    payment for goods or services supplied to any of the Pride Entities on or following the date of this Order.

7.    **THIS COURT ORDERS** that the Pride Entities shall remit, in accordance with legal requirements, or pay:

(a)    any statutory deemed trust amounts in favour of the Crown in right of Canada or of any Province thereof or any other taxation authority which are required to be deducted from employees' wages, including, without limitation, amounts in respect of (i) employment insurance, (ii) Canada Pension Plan, (iii) Quebec Pension Plan, (iv) income taxes; (v) statutory deductions in the United States, and (vi) 401(k) contributions in respect of employees domiciled in the United States,

(b)    all goods and services taxes, harmonized sales taxes or other applicable sales taxes (collectively, "**Sales Taxes**") required to be remitted by any of the Pride Entities in connection with the sale of goods and services by any of the Pride Entities, but only where such Sales Taxes are accrued or collected after the date of this Order, or where such Sales Taxes were accrued or collected prior to the date of this Order but not required to be remitted until on or after the date of this Order, and

(c)    any amount payable to the Crown in right of Canada or of any Province thereof or any political subdivision thereof or any other taxation authority in respect of municipal realty, municipal business or other taxes, assessments or levies of any nature or kind which are entitled at law to be paid in priority to claims of

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

LA PRÉSENT ATTESTE QUE CE DOCUMENT, DONT CHAQUNE DES PAGES EST REVÊTUE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE À TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVÉ DANS CE BUREAU

DATED AT TORONTO THIS __28__ DAY OF __March__ 20 __24__
FAIT À TORONTO LE ___ JOUR DE

REGISTRAR                    GREFFIER

Electronically issued / Délivré par voie électronique : 28-Mar-2024
Toronto Superior Court of Justice / Cour supérieure de justice                          **Court File No./N° du dossier du greffe : CV-24-00717340-00CL**

-5-

creditors and which are attributable to or in respect of the carrying on of the Business by the Pride Entities.

8.    **THIS COURT ORDERS** that until a real property lease is disclaimed or resiliated in accordance with the CCAA, the Pride Entities shall pay all amounts constituting rent or payable as rent under real property leases (other than in respect of real property leased from one Pride Entity to another Pride Entity) (including, for greater certainty, common area maintenance charges, utilities and realty taxes and any other amounts payable to the landlord under the lease) or as otherwise may be negotiated between the applicable Pride Entities and the respective arms' length landlord from time to time ("**Rent**"), for the period commencing from and including the date of this Order, twice-monthly in equal payments on the first and fifteenth day of each month, in advance (but not in arrears). On the date of the first of such payments, any Rent relating to the period commencing from and including the date of this Order shall also be paid.

9.    **THIS COURT ORDERS** that, except as specifically permitted herein, the Pride Entities are hereby directed, until further Order of this Court: (a) to make no payments of principal, interest thereon or otherwise on account of amounts owing by any of the Pride Entities to any of their creditors as of this date; (b) to grant no security interests, trust, liens, charges or encumbrances upon or in respect of any of the Property, other than in the ordinary course of the Business; and (c) to not grant credit or incur liabilities except in the ordinary course of the Business.

10.    **THIS COURT ORDERS** that, notwithstanding paragraph 9 herein, the Pride Entities shall be entitled to remit the following amounts to their creditors in accordance with, and subject to, the Governance Protocol: (a) certain amounts collected by Tpine Leasing Capital Corporation or Tpine  Leasing Capital LP in respect of those vehicles leased to third party customers (including, with respect to securitized leases, as applicable), in the ordinary course of the Business; and (b) certain amounts collected by any of the Pride Entities with respect to the sale of vehicles or trailers, as contemplated in paragraph 11 herein, in the ordinary course of the Business.

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE.

DATED AT TORONTO THIS 28 DAY OF March 20 24
FAIT À TORONTO LE ___ JOUR DE ___

LA PRESENT ATTEST QUE CE DOCUMENT, DON'T CHACUNE DES PAGES EST REVÊTUE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE A TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVÉ DANS CE BUREAU

REGISTRAR                    GREFFIER

Electronically issued / Délivré par voie électronique : 28-Mar-2024
Toronto Superior Court of Justice / Cour supérieure de justice

**Court File No./N° du dossier du greffe :** CV-24-00717340-00CL

-6-

## RESTRUCTURING

11.     **THIS COURT ORDERS** that each of the applicable Pride Entities shall, subject to such requirements as are imposed by the CCAA and the Governance Protocol, have the right to sell vehicles or trailers in the ordinary course of the Business.

12.     **THIS COURT ORDERS** that the applicable Pride Entities shall provide each of the relevant landlords with notice of the applicable Pride Entity's intention to remove any fixtures from any leased premises at least seven (7) days prior to the date of the intended removal. The relevant landlord shall be entitled to have a representative present in the leased premises to observe such removal and, if the landlord disputes such Pride Entity's entitlement to remove any such fixture under the provisions of the lease, such fixture shall remain on the premises and shall be dealt with as agreed between any applicable secured creditors, such landlord and the applicable Pride Entity, or by further Order of this Court upon application by the applicable Pride Entity on at least two (2) days notice to such landlord and any such secured creditors. If the applicable Pride Entity disclaims or resiliates the lease governing such leased premises in accordance with Section 32 of the CCAA, it shall not be required to pay Rent under such lease pending resolution of any such dispute (other than Rent payable for the notice period provided for in Section 32(5) of the CCAA), and the disclaimer or resiliation of the lease shall be without prejudice to such Pride Entity's claim to the fixtures in dispute.

13.     **THIS COURT ORDERS** that if a notice of disclaimer or resiliation is delivered pursuant to section 32 of the CCAA, then (a) during the notice period prior to the effective time of the disclaimer or resiliation, the landlord may show the affected leased premises to prospective tenants during normal business hours, on giving the applicable Pride Entity and the Monitor 24 hours' prior written notice, and (b) at the effective time of the disclaimer or resiliation, the relevant landlord shall be entitled to take possession of any such leased premises without waiver of or prejudice to any claims or rights such landlord may have against the applicable Pride Entity in respect of such lease or leased premises, provided that nothing herein shall relieve such landlord of its obligation to mitigate any damages claimed in connection therewith.

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

LA PRÉSENT ATTEST QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVÊTUE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE A TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVE DANS CE BUREAU

DATED AT TORONTO THIS 28 DAY OF March 20 24
FAIT À TORONTO LE         JOUR DE

REGISTRAR                                  GREFFIER

Electronically issued / Délivré par voie électronique : 28-Mar-2024
Toronto Superior Court of Justice / Cour supérieure de justice

Court File No./N° du dossier du greffe : CV-24-00717340-00CL

-7-

## NO PROCEEDINGS AGAINST THE PRIDE ENTITIES, THE BUSINESS OR THE PROPERTY

14.    **THIS COURT ORDERS** that until and including April 6, 2024, or such later date as this Court may order (the "**Stay Period**"), no proceeding or enforcement process in any court or tribunal (each, a "**Proceeding**" and collectively, the "**Proceedings**") shall be commenced or continued against or in respect of any of the Pride Entities, any of those additional parties listed on Schedule "A" hereto (the "**Additional Stay Parties**"), the Monitor or any of their respective employees, advisors or representatives acting in such capacities, or affecting the Business or the Property, except with the prior written consent of the Pride Entities, RC Benson Consulting Inc., in its capacity as Chief Restructuring Officer (the "**CRO**") and the Monitor, or with leave of this Court, and any and all Proceedings currently under way against or in respect of any of the Pride Entities, any of the Additional Stay Parties or any of their respective employees, advisors or representatives acting in such capacities, affecting the Business or the Property are hereby stayed and suspended pending further Order of this Court or the prior written consent of the Pride Entities, the CRO and Monitor.

15.    **THIS COURT ORDERS** that during the Stay Period, no Proceeding shall be commenced or continued against or in respect of Sulakhan Johal, Jasvir Johal and/or Amrinder Johal (collectively, the "**Personal Guarantors**"), or against or in respect of any of their current or future assets, undertakings and properties of every nature and kind whatsoever, and wherever situate, and including all proceeds thereof (collectively, the "**Personal Guarantors Property**") with respect to any guarantee, contribution or indemnity obligation, liability or claim in respect of or that relates to any agreement involving any of the Pride Entities or the obligations, liabilities and claims of and against any of the Pride Entities (collectively, the "**Related Claims**"), except with the prior written consent of the Pride Entities, the CRO and the Monitor, or with leave of this Court, and any and all Proceedings currently under way against or in respect of the Personal Guarantors or the Personal Guarantors Property in respect of the Related Claims are hereby stayed and suspended pending further Order of this Court or the prior written consent of the Pride Entities, the CRO and the Monitor.

16.    **THIS COURT ORDERS** that, to the extent any prescription, time or limitation period relating to any Proceeding against or in respect of the Pride Entities, or the Additional Stay Parties,

THIS IS TO CERTIFY THAT THIS
DOCUMENT, EACH PAGE OF
WHICH IS STAMPED WITH THE
SEAL OF THE SUPERIOR COURT
OF JUSTICE AT TORONTO, IS A
TRUE COPY OF THE DOCUMENT
ON FILE IN THIS OFFICE

LA PRÉSENTE ATTESTE QUE CE
DOCUMENT, DONT CHACUNE
DES PAGES EST ESTAMPILLÉE DU
SCEAU DE LA COUR SUPÉRIEURE
DE JUSTICE À TORONTO, EST UNE
COPIE CONFORME DU DOCUMENT
CONSERVÉ DANS CE BUREAU

DATED AT TORONTO THIS 28 DAY OF March 20 24
FAIT À TORONTO LE        JOUR DE

REGISTRAR        GREFFIER

Electronically issued / Délivré par voie électronique : 28-Mar-2024
Toronto Superior Court of Justice / Cour supérieure de justice

**Court File No./N° du dossier du greffe :** CV-24-00717340-00CL

-8-

any Related Claims against or in respect of the Personal Guarantors or the Personal Guarantors Property that is stayed pursuant to this Order may expire, the term of such prescription, time or limitation period shall hereby be deemed to be extended by a period equal to the Stay Period.

**NO EXERCISE OF RIGHTS OR REMEDIES**

17.    **THIS COURT ORDERS** that during the Stay Period, all rights and remedies of any individual, firm, corporation, organization, governmental unit, body or agency, or any other entities (all of the foregoing, collectively being "**Persons**" and each being a "**Person**") against or in respect of any of the Pride Entities or the Monitor, or their respective employees, advisors and representatives acting in such capacities, or affecting the Business or the Property, are hereby stayed and suspended except with the written consent of the Pride Entities, the CRO and the Monitor, or leave of this Court, provided that nothing in this Order shall (i) empower any of the Pride Entities to carry on any business which they are not lawfully entitled to carry on, (ii) affect such investigations, actions, suits or proceedings by a regulatory body as are permitted by section 11.1 of the CCAA, (iii) prevent the filing of any registration to preserve or perfect a security interest, or (iv) prevent the registration of a claim for lien.

**NO INTERFERENCE WITH RIGHTS**

18.    **THIS COURT ORDERS** that during the Stay Period, no Person shall accelerate, suspend, discontinue, fail to honour, alter, interfere with, repudiate, rescind, terminate or cease to perform any right, renewal right, contract, agreement, lease, sublease, licence, authorization or permit in favour of or held by any of the Pride Entities, except with the written consent of the Pride Entities, the CRO and the Monitor, or leave of this Court.

**CONTINUATION OF SERVICES**

19.    **THIS COURT ORDERS** that during the Stay Period, all Persons having oral or written agreements with any of the Pride Entities or statutory or regulatory mandates for the supply of goods and/or services, including without limitation all computer software, communication and other data services, centralized banking services, cash management services, payroll services, insurance, transportation or logistics services, utility or other services to any of the Pride Entities or the Business, are hereby restrained until further Order of this Court from

THIS IS TO CERTIFY THAT THIS
DOCUMENT, EACH PAGE OF
WHICH IS STAMPED WITH THE
SEAL OF THE SUPERIOR COURT
OF JUSTICE AT TORONTO, IS A
TRUE COPY OF THE DOCUMENT
ON FILE IN THIS OFFICE

DATED AT TORONTO THIS 28 DAY OF March 20 24
FAIT À TORONTO LE        JOUR DE

LA PRÉSENT ATTESTE QUE CE
DOCUMENT, DONT CHACUNE
DES PAGES EST REVÊTUE DU
SCEAU DE LA COUR SUPÉRIEURE
DE JUSTICE A TORONTO, EST UNE
COPIE CONFORME DU DOCUMENT
CONSERVE DANS CE BUREAU

REGISTRAR                GREFFIER

Electronically issued / Délivré par voie électronique : 28-Mar-2024
Toronto Superior Court of Justice / Cour supérieure de justice

**Court File No./N° du dossier du greffe :** CV-24-00717340-00CL

-9-

altering, interfering with, suspending or terminating the supply of such goods or services as may be required by any of the Pride Entities, and that each of the Pride Entities shall be entitled to the continued use of its current premises, telephone numbers, facsimile numbers, internet addresses and domain names, provided in each case that the normal prices or charges for all such goods or services received after the date of this Order are paid by the applicable Pride Entities in accordance with the normal payment practices of the applicable Pride Entities or such other practices as may be agreed upon by the supplier or service provider and each of the applicable Pride Entities and the Monitor, or as may be ordered by this Court.

**NON-DEROGATION OF RIGHTS**

20.     **THIS COURT ORDERS** that, notwithstanding anything else in this Order, no Person shall be prohibited from requiring immediate payment for goods, services, use of lease or licensed property or other valuable consideration provided on or after the date of this Order, nor shall any Person be under any obligation on or after the date of this Order to advance or re-advance any monies or otherwise extend any credit to any of the Pride Entities. Nothing in this Order shall derogate from the rights conferred and obligations imposed by the CCAA.

**PROCEEDINGS AGAINST DIRECTORS AND OFFICERS**

21.     **THIS COURT ORDERS** that during the Stay Period, and except as permitted by subsection 11.03(2) of the CCAA, no Proceeding may be commenced or continued against any of the former, current or future directors or officers of any of the Pride Entities with respect to any claim against the directors or officers that arose before the date hereof and that relates to any obligations of any of the Pride Entities whereby the directors or officers are alleged under any law to be liable in their capacity as directors or officers for the payment or performance of such obligations, until a compromise or arrangement in respect of the Pride Entities, if one is filed, is sanctioned by this Court or is refused by the creditors of the Pride Entities or this Court.

**DIRECTORS' AND OFFICERS' INDEMNIFICATION AND CHARGE**

22.     **THIS COURT ORDERS** that the Pride Entities shall indemnify their directors and officers against obligations and liabilities that they may incur as directors or officers of the Pride Entities after the commencement of the within proceedings, except to the extent that, with

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

LA PRÉSENT ATTEST QUE CE DOCUMENT, CONT CHACUNE DES PAGES EST REVÊTUE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE A TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVÉ DANS CE BUREAU

DATED AT TORONTO THIS 28 DAY OF March 20 24
FAIT À TORONTO LE          JOUR DE

REGISTRAR                    GREFFIER

Electronically issued / Délivré par voie électronique : 28-Mar-2024
Toronto Superior Court of Justice / Cour supérieure de justice

**Court File No./N° du dossier du greffe :** CV-24-00717340-00CL

-10-

respect to any officer or director, the obligation or liability was incurred as a result of the director's or officer's gross negligence or wilful misconduct.

23.     **THIS COURT ORDERS** that the directors and officers of the Pride Entities shall be entitled to the benefit of and are hereby granted a charge (the **"Directors' Charge"**) on the Property of the Pride Entities, which charge shall not exceed an aggregate amount of $4.1 million, as security for the indemnity provided in paragraph 22 of this Order. The Directors' Charge shall have the priority set out in paragraphs 47 and 48 herein.

24.     **THIS COURT ORDERS** that, notwithstanding any language in any applicable insurance policy to the contrary, (a) no insurer shall be entitled to be subrogated to or claim the benefit of the Directors' Charge, and (b) the Pride Entities' directors and officers shall only be entitled to the benefit of the Directors' Charge to the extent that they do not have coverage under any directors' and officers' insurance policy, or to the extent that such coverage is insufficient to pay amounts indemnified in accordance with paragraph 22 of this Order.

## APPOINTMENT OF CHIEF RESTRUCTURING OFFICER

25.     **THIS COURT ORDERS** that RC Benson Consulting Inc. is hereby appointed as CRO, an officer of this Court, over and in respect of the Pride Entities and shall have the powers and obligations set out in the engagement agreement between the Pride Entities and the CRO dated February 26, 2024 (the **"CRO Agreement"**).

26.     **THIS COURT ORDERS** that the CRO Agreement is approved *nunc pro tunc* and the Pride Entities are hereby authorized to perform all of their obligations pursuant to the CRO Agreement.

27.     **THIS COURT ORDERS** that, subject to the terms of this Order, the CRO is hereby authorized to assist the Pride Entities and to do all things, carry out all actions and perform all duties described in the CRO Agreement and, without limiting the foregoing, the CRO is hereby empowered to do the following:

(a)     take any and all steps for and in the name of, and on behalf of, the Pride Entities necessary to carry out the restructuring of the business

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

LA PRÉSENT ATTEST QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVÊTUE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE A TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVÉ DANS CE BUREAU

DATED AT TORONTO THIS 28 DAY OF March 20 24
FAIT À TORONTO LE          JOUR DE

REGISTRAR                              GREFFIER

Electronically issued / Délivré par voie électronique : 28-Mar-2024
Toronto Superior Court of Justice / Cour supérieure de justice

Court File No./N° du dossier du greffe : CV-24-00717340-00CL

-11-

(b)     communicate with and provide information to the Monitor and report to this Court at such times and intervals as the CRO may deem appropriate with respect to matters relating to the Property, the Business, the restructuring and such other matters as may be relevant to the proceedings herein;

(c)     perform such other duties as are required by this Order or by this Court from time to time, including but not limited to, such duties as set forth in the Governance Protocol;

(d)     take all such steps and actions, enter into and execute all such agreements and documents in the name of and on behalf of the Pride Entities and incur such expenses and obligations necessary or incidental to the exercise of the foregoing powers; and

provided that each of the foregoing actions, agreements, expenses and obligations shall be construed to be those of the Pride Entities and not of the CRO nor any of its employees, representatives or agents.

28.     **THIS COURT ORDERS** that the Pride Entities shall (a) advise the CRO of all material steps taken by the Pride Entities in these proceedings, and (b) cooperate fully with and provide the CRO with the assistance necessary to enable the CRO to exercise its powers and discharge its obligations under the CRO Agreement, this Order and any other orders issued in these proceedings.

29.     **THIS COURT ORDERS** that the CRO shall not take possession of the Property and shall not, by fulfilling its obligations hereunder or under the CRO Agreement, be deemed to have taken or maintained possession or control of the Business or the Property, or any part thereof. Without limiting the foregoing, the CRO shall not, as a result of this Order or anything done pursuant to its duties and powers under this Order or the CRO Agreement, be deemed to be in Possession (as defined below) of any Property within the meaning of any Environmental Legislation (as defined below).

30.     **THIS COURT ORDERS** that the CRO shall consult with the Monitor regarding all material issues relating to the Business and these proceedings as reasonably determined by the CRO.

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

LA PRÉSENT ATTEST QUE CE DOCUMENT, DON'T CHACUNE DES PAGES EST REVÊTUE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE A TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVE DANS CE BUREAU

DATED AT TORONTO THIS 28 DAY OF March 20 24
FAIT À TORONTO LE          JOUR DE

REGISTRAR          GREFFIER

Electronically issued / Délivré par voie électronique : 28-Mar-2024
Toronto Superior Court of Justice / Cour supérieure de justice

**Court File No./N° du dossier du greffe** : CV-24-00717340-00CL

-12-

31.    **THIS COURT ORDERS** that, in addition to the rights and protections afforded to the CRO as an officer of this Court, neither the CRO nor any employee or agent of the CRO shall be deemed to be a director, *de facto* director, employee or trustee of any of the Pride Entities.

32.    **THIS COURT ORDERS** that neither the CRO nor any employee or agent of the CRO shall incur any liability or obligation as a result of its appointment or the carrying out of the provisions of this Order, save and except for any liability or obligation incurred as a result of any gross negligence or wilful misconduct on its or their part; provided that any liability of the CRO hereunder shall in no event exceed the quantum of the fees paid to the CRO.

33.    **THIS COURT ORDERS** that the Pride Entities shall indemnify and hold harmless the CRO and any employees or agents of the CRO who may assist the CRO with the exercise of its powers and obligations under this Order (collectively with the CRO, the "**CRO Indemnified Parties**") with respect to any liability or obligation that the CRO Indemnified Parties may incur as a result of the appointment of the CRO or the fulfilling of the CRO's duties in carrying out the provisions of this Order, including any claims or liabilities subject to indemnification pursuant to the CRO Agreement, except to the extent that the obligation or liability was incurred as a result of the CRO Indemnified Parties' gross negligence or wilful misconduct. The CRO Indemnified Parties shall be treated as unaffected and the foregoing indemnity shall be treated as unaffected and may not be compromised in any plan of arrangement or compromise filed by the Pride Entities under the CCAA, or any proposal filed by the Pride Entities under the *Bankruptcy and Insolvency Act*, R.S.C. 1985, c.B-3, as amended (the "**BIA**").

34.    **THIS COURT ORDERS** that no action or other proceeding shall be commenced directly, or by way of counterclaim, third party claim or otherwise, against or in respect of the CRO Indemnified Parties, and all rights and remedies of any Person against or in respect of the CRO Indemnified Parties are hereby stayed and suspended, except with the written consent of the CRO and the Monitor or with leave of this Court on notice to the Pride Entities, the Monitor and the CRO. Notice of any such motion seeking leave of this Court shall be served upon the Pride Entities, the Monitor and the CRO at least seven (7) days prior to the return date of any such motion for leave.

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

LA PRÉSENT ATTEST QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVÊTUE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE A TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVÉ DANS CE BUREAU

DATED AT TORONTO THIS 28 DAY OF March 20 24
FAIT À TORONTO LE                JOUR DE

REGISTRAR                GREFFIER

Electronically issued / Délivré par voie électronique : 28-Mar-2024
Toronto Superior Court of Justice / Cour supérieure de justice

Court File No./N° du dossier du greffe : CV-24-00717340-00CL

-13-

35.    **THIS COURT ORDERS** that the CRO may resign or the appointment of the CRO may be terminated by further order of this Court at any time.

36.    **THE COURT ORDERS** that the Pride Entities' indemnity in favour of the CRO Indemnified Parties shall survive termination, replacement or discharge of the CRO.

37.    **THE COURT ORDERS** that the appointment of the CRO and the granting of the powers and responsibilities of the CRO hereunder will not constitute the sale or disposition of the Business or the sale or disposition of any of the Property and such Business and Property will continue to be the Business and Property of the Pride Entities unless and until sold in whole or in part to a purchaser.

**APPOINTMENT OF MONITOR**

38.    **THIS COURT ORDERS** that Ernst & Young Inc. is hereby appointed pursuant to the CCAA as the Monitor, an officer of this Court, to monitor the business and financial affairs of the Pride Entities with the powers and obligations set out in the CCAA or set forth herein and that the Pride Entities and their shareholders, officers, directors, and Assistants and the CRO shall advise the Monitor of all material steps taken by the Pride Entities pursuant to this Order, and shall co-operate fully with the Monitor in the exercise of its powers and discharge of its obligations and provide the Monitor with the assistance that is necessary to enable the Monitor to adequately carry out the Monitor's functions.

39.    **THIS COURT ORDERS** that the Monitor, in addition to its prescribed rights and obligations under the CCAA, is hereby directed and empowered to:

(a)    monitor the Pride Entities' receipts and disbursements;

(b)    report to this Court at such times and intervals as the Monitor may deem appropriate with respect to matters relating to the Property, the Business, and such other matters as may be relevant to the proceedings herein;

(c)    advise the Pride Entities in their preparation of the Pride Entities' cash flow statements;

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

LA PRESENT ATTEST QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVÊTUE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE A TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVE DANS CE BUREAU

DATED AT TORONTO THIS 28 DAY OF March 20 24
FAIT À TORONTO LE        JOUR DE

REGISTRAR        GREFFIER

Electronically issued / Délivré par voie électronique : 28-Mar-2024
Toronto Superior Court of Justice / Cour supérieure de justice

Court File No./N° du dossier du greffe : CV-24-00717340-00CL

-14-

(d)     have full and complete access to the Property, including the premises, books, records, data, including data in electronic form, and other financial documents of the Pride Entities, to the extent that is necessary to adequately assess the Pride Entities' business and financial affairs or to perform its duties arising under this Order;

(e)     perform its duties set out in the Governance Protocol;

(f)     be at liberty to engage independent legal counsel or such other persons as the Monitor deems necessary or advisable respecting the exercise of its powers and performance of its obligations under this Order; and

(g)     perform such other duties as are required by this Order or by this Court from time to time.

40.     **THIS COURT ORDERS** that the Monitor shall not take possession of the Property and shall take no part whatsoever in the management or supervision of the management of the Business and shall not, by fulfilling its obligations hereunder, be deemed to have taken or maintained possession or control of the Business or Property, or any part thereof.

41.     **THIS COURT ORDERS** that nothing herein contained shall require the Monitor to occupy or to take control, care, charge, possession or management (separately and/or collectively, "**Possession**") of any of the Property that might be environmentally contaminated, might be a pollutant or a contaminant, or might cause or contribute to a spill, discharge, release or deposit of a substance contrary to any federal, provincial or other law respecting the protection, conservation, enhancement, remediation or rehabilitation of the environment or relating to the disposal of waste or other contamination including, without limitation, the *Canadian Environmental Protection Act*, the Ontario *Environmental Protection Act*, the *Ontario Water Resources Act*, or the Ontario *Occupational Health and Safety Act* and regulations thereunder (the "**Environmental Legislation**"), provided however that nothing herein shall exempt the Monitor from any duty to report or make disclosure imposed by applicable Environmental Legislation. The Monitor shall not, as a result of this Order or anything done in pursuance of the Monitor's duties and powers under this Order, be deemed to be in Possession of any of the Property within the meaning of any Environmental Legislation, unless it is actually in possession.

THIS IS A COPY OF A DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

LE PRÉSENT DOCUMENT, DONT CHACUNE DES PAGES EST REVÊTUE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE À TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVÉ DANS CE BUREAU

DATED AT TORONTO THIS 28 DAY OF March 20 24
FAIT À TORONTO LE      JOUR DE

REGISTRAR                              GREFFIER

Electronically issued / Délivré par voie électronique : 28-Mar-2024
Toronto Superior Court of Justice / Cour supérieure de justice

Court File No./N° du dossier du greffe : CV-24-00717340-00CL

-15-

42.    **THIS COURT ORDERS** that the Monitor shall provide any creditor of the Pride Entities with information provided by the Pride Entities in response to reasonable requests for information made in writing by such creditor addressed to the Monitor. The Monitor shall not have any responsibility or liability with respect to the information disseminated by it pursuant to this paragraph. In the case of information that the Monitor has been advised by any of the Pride Entities is confidential, the Monitor shall not provide such information to creditors unless otherwise directed by this Court or on such terms as the Monitor and the Pride Entities may agree.

43.    **THIS COURT ORDERS** that, in addition to the rights and protections afforded to the Monitor under the CCAA or as an officer of this Court, neither the Monitor nor its employees, advisors and other representatives acting in such capacities shall incur any liability or obligation as a result of the Monitor's appointment or the carrying out by it of the provisions of this Order or the Governance Protocol, save and except for any gross negligence or wilful misconduct on its part. Nothing in this Order shall derogate from the protections afforded to the Monitor by the CCAA or any applicable legislation.

44.    **THIS COURT ORDERS** that the Monitor, counsel to the Monitor (including both U.S. and Canadian counsel for all purposes of this Order), counsel to the Pride Entities (including both U.S. and Canadian counsel for all purposes of this Order), the CRO, and Canadian counsel to the Pride Entities' board of directors shall be paid their reasonable fees and disbursements, in each case at their standard rates and charges, whether incurred prior to, on, or subsequent to the date of this Order, by the Pride Entities as part of the costs of these proceedings. The Pride Entities are hereby authorized and directed to pay the accounts of the Monitor, counsel to the Monitor, the Pride Entities' counsel, the CRO, and Canadian counsel to the Pride Entities' boards of directors on a bi-weekly basis or pursuant to such other arrangements agreed to between the Pride Entities and such parties.

45.    **THIS COURT ORDERS** that the Monitor and its legal counsel shall pass their accounts from time to time, and for this purpose the accounts of the Monitor and its legal counsel are hereby referred to a judge of the Commercial List of the Ontario Superior Court of Justice.

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE. LA PRESENT ATTEST QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVETUE DU SCEAU DE LA COUR SUPERIEURE DE JUSTICE A TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVE DANS CE BUREAU. DATED AT TORONTO THIS 28 DAY OF March 20 24 FAIT A TORONTO LE JOUR DE REGISTRAR GREFFIER

Electronically issued / Délivré par voie électronique : 28-Mar-2024
Toronto Superior Court of Justice / Cour supérieure de justice

Court File No./N° du dossier du greffe : CV-24-00717340-00CL

-16-

## ADMINISTRATION CHARGE

46.     THIS COURT ORDERS that the Monitor, counsel to the Monitor, counsel to the Pride Entities, the CRO, and Canadian counsel to the Pride Entities' boards of directors shall be entitled to the benefit of and are hereby granted a charge (the "**Administration Charge**") on the Property of the Pride Entities, which charge shall not exceed an aggregate amount of $2 million as security for their professional fees and disbursements incurred at their standard rates and charges, both before and after the making of this Order in respect of these proceedings. The Administration Charge shall have the priority set out in paragraphs 47 and 48 herein.

## VALIDITY AND PRIORITY OF CHARGES CREATED BY THIS ORDER

47.     **THIS COURT ORDERS** that the priorities of the Directors' Charge and the Administration Charge (collectively, the "**Charges**"), as among them, shall be as follows:

        First – Administration Charge (to the maximum amount of $2 million); and

        Second – Directors' Charge (to the maximum amount of $4.1 million).

48.     **THIS COURT ORDERS** that each of the Charges shall constitute a Charge on the Property and that such Charges shall rank junior in priority to all other security interests, trusts, lien, charges and encumbrances, claims of secured creditors, statutory or otherwise (collectively, "**Encumbrances**") in favour of any Person.

49.     **THIS COURT ORDERS** that the filing, registration or perfection of the Charges shall not be required, and that the Charges shall be valid and enforceable for all purposes, including as against any right, title or interest filed, registered, recorded or perfected subsequent to the Charges coming into existence, notwithstanding any such failure to file, register, record or perfect.

50.     **THIS COURT ORDERS** that except as otherwise expressly provided for herein, or as may be approved by this Court, the Pride Entities shall not grant any Encumbrances over any Property that rank in priority to, or *pari passu* with, any of the Charges unless the Pride Entities also obtain the prior written consent of the Monitor, the CRO and the beneficiaries of the Charges, or further Order of this Court.

THIS IS TO CERTIFY THAT THIS
DOCUMENT, EACH PAGE OF
WHICH IS STAMPED WITH THE
SEAL OF THE SUPERIOR COURT
OF JUSTICE AT TORONTO, IS A
TRUE COPY OF THE DOCUMENT
ON FILE IN THIS OFFICE

LA PRÉSENT ATTEST QUE CE
DOCUMENT, DONT CHACUNE
DES PAGES EST REVÊTUE DU
SCEAU DE LA COUR SUPÉRIEURE
DE JUSTICE A TORONTO, EST UNE
COPIE CONFORME DU DOCUMENT
CONSERVÉ DANS CE BUREAU

DATED AT TORONTO THIS  28  DAY OF  March  20 24
FAIT À TORONTO LE            JOUR DE

_____
REGISTRAR                          GREFFIER

Electronically issued / Délivré par voie électronique : 28-Mar-2024
Toronto Superior Court of Justice / Cour supérieure de justice

**Court File No./N° du dossier du greffe :** CV-24-00717340-00CL

-17-

51.    **THIS COURT ORDERS** that the Charges, the agreements and other documents governing or otherwise relating to the obligations secured by the Charges, shall not be rendered invalid or unenforceable and the rights and remedies of the chargees entitled to the benefit of the Charges (collectively, the "**Chargees**") shall not otherwise be limited or impaired in any way by (a) the pendency of these proceedings and the declarations of insolvency made herein; (b) any application(s) for bankruptcy order(s) or receivership order(s) issued pursuant to BIA, or any bankruptcy order or receivership order made pursuant to such applications; (c) the filing of any assignments for the general benefit of creditors made pursuant to the BIA; (d) the provisions of any federal or provincial statutes; or (e) any negative covenants, prohibitions or other similar provisions with respect to borrowings, incurring debt or the creation of Encumbrances, contained in any existing loan documents, lease, sublease, offer to lease or other agreement (collectively, an "**Agreement**") which binds any of the Pride Entities, and notwithstanding any provision to the contrary in any Agreement:

(a)    the creation of the Charges shall not create or be deemed to constitute a breach by any of the Pride Entities of any Agreement to which any of them is a party;

(b)    none of the Chargees shall have any liability to any Person whatsoever as a result of any breach of any Agreement caused by or resulting from the creation of the Charges; and

(c)    the payments made by the Pride Entities pursuant to this and the granting of the Charges, do not and will not constitute preferences, fraudulent conveyances, transfers at undervalue, oppressive conduct, or other challengeable or voidable transactions under any applicable law.

52.    **THIS COURT ORDERS** that any Charge created by this Order over leases of real property in Canada shall only be a Charge in the Pride Entities' interest in such real property leases.

**SERVICE AND NOTICE**

53.    **THIS COURT ORDERS** that the Monitor shall (i) without delay, publish in The Globe and Mail (National Edition) a notice containing the information prescribed under the CCAA, (ii)

THIS IS TO CERTIFY THAT THIS
DOCUMENT, EACH PAGE OF
WHICH IS STAMPED WITH THE
SEAL OF THE SUPERIOR COURT
OF JUSTICE AT TORONTO, IS A
TRUE COPY OF THE DOCUMENT
ON FILE IN THIS OFFICE

LA PRÉSENT ATTEST QUE CE
DOCUMENT, DONT CHAQUE
DES PAGES EST REVETUE DU
SCEAU DE LA COUR SUPÉRIEURE
DE JUSTICE A TORONTO, EST UNE
COPIE CONFORME DU DOCUMENT
CONSERVÉ DANS CE BUREAU

DATED AT TORONTO THIS 28 DAY OF March 20 24
FAIT À TORONTO LE            JOUR DE

REGISTRAR            GREFFIER

Electronically issued / Délivré par voie électronique : 28-Mar-2024
Toronto Superior Court of Justice / Cour supérieure de justice

**Court File No./N° du dossier du greffe :** CV-24-00717340-00CL

-18-

within five (5) days after the date of this Order, (A) make this Order publicly available in the manner prescribed under the CCAA, (B) send, in the prescribed manner, a notice to every known creditor who has a claim against of the Pride Entities of more than $1000, and (C) prepare a list showing the names and addresses of those creditors and the estimated amounts of those claims, and make it publicly available in the prescribed manner, all in accordance with subsection 23(1)(a) of the CCAA and the regulations made thereunder, provided that the Monitor shall not make the claims, names and addresses of any creditors of the Pride Entities who are individuals publicly available.

54.    **THIS COURT ORDERS** that the Guide Concerning Commercial List E-Service (the "**Protocol**") is approved and adopted by reference herein and, in this proceeding, the service of documents made in accordance with the Protocol (which can be found on the Commercial List website at https://www.ontariocourts.ca/scj/practice/regional-practice-directions/eservice-commercial/) shall be valid and effective service.   Subject to Rule 17.05 this Order shall constitute an order for substituted service pursuant to Rule 16.04 of the Rules of Civil Procedure. Subject to Rule 3.01(d) of the Rules of Civil Procedure and paragraph 13 of the Protocol, service of documents in accordance with the Protocol will be effective on transmission.   This Court further orders that a Case Website shall be established in accordance with the Protocol with the following URL: www.ey.com/ca/pridegroup (the "**Monitor's Website**").

55.    **THIS COURT ORDERS** that the Monitor shall create, maintain and update as necessary a list of all Persons appearing in person or by counsel in this proceeding (the "**Service List**"). The Monitor shall post the Service List, as may be updated from time to time, on the Monitor's Website as part of the public materials to be recorded thereon in relation to this proceeding. Notwithstanding the foregoing, the Monitor shall have no liability in respect of the accuracy of or the timeliness of making any changes to the Service List.

56.    **THIS COURT ORDERS** that if the service or distribution of documents in accordance with the Protocol or the CCAA and the regulations thereunder is not practicable, the Pride Entities and the Monitor and their respective counsel and agents are at liberty to serve or distribute this Order, any other materials and orders in these proceedings, any notices or other correspondence, by forwarding true copies thereof by prepaid ordinary mail, courier, personal delivery or facsimile or electronic transmission to the Pride Entities' creditors or other interested

THIS IS TO CERTIFY THAT THIS
DOCUMENT, EACH PAGE OF
WHICH IS STAMPED WITH THE
SEAL OF THE SUPERIOR COURT
OF JUSTICE AT TORONTO, IS A
TRUE COPY OF THE DOCUMENT
ON FILE IN THIS OFFICE

LA PRÉSENT ATTESTE QUE LA
DOCUMENT, DONT CHACUNE
DES PAGES EST REVÊTUE DU
SCEAU DE LA COUR SUPÉRIEURE
DE JUSTICE A TORONTO, EST UNE
COPIE CONFORME DU DOCUMENT
CONSERVE DANS CE BUREAU

DATED AT TORONTO THIS 28 DAY OF March 20 24
FAIT À TORONTO LE         JOUR DE

REGISTRAR                                    GREFFIER

Electronically issued / Délivré par voie électronique : 28-Mar-2024
Toronto Superior Court of Justice / Cour supérieure de justice

**Court File No./N° du dossier du greffe : CV-24-00717340-00CL**

-19-

parties at their respective addresses (including e-mail addresses) as last shown in the books and records of the Pride Entities and that any such service or distribution by courier, personal delivery or facsimile transmission shall be deemed to be received (a) if sent by courier, on the next business day following the date of forwarding thereof, (b) if delivered by personal delivery or facsimile or other electronic transmission, on the day so delivered, and (c) if sent by ordinary mail, on the third business day after mailing. With respect to any claimant who has filed a lien under the *Repair and Storage Lien Act* under the Personal Property Registry in a jurisdiction in Canada against any of the Pride Entities, the service of the Notice of Application in the manner prescribed above, together with a cover letter advising such party of these proceedings, and directing such party to the Monitor's Website to monitor for future updates on these proceedings shall constitute sufficient service for the purposes of this Order and all future motions and matters in respect of these proceedings.

## FOREIGN PROCEEDINGS

57.    **THIS COURT ORDERS** that Mr. Randy Benson on behalf of the CRO is hereby authorized and empowered, but not required, to act as the foreign representatives (each, in such capacity, the "**Foreign Representative**") in respect of the within proceedings for the purpose of having these proceedings recognized and approved in a jurisdiction outside of Canada.

58.    **THIS COURT ORDERS** that the Foreign Representative is hereby authorized to apply for foreign recognition and approval of these proceedings, as necessary, in any jurisdiction outside of Canada, including in the United States pursuant to chapter 15 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532.

## COMEBACK HEARING

59.    **THIS COURT ORDERS** that the comeback motion in these proceedings shall be heard at time to be scheduled by the Court (the "**Comeback Hearing**") and the Applicants are authorized to serve their motion materials with respect to the Comeback Hearing by forwarding a copy of this Order and any additional materials to be filed with respect to the Comeback Hearing by electronic transmission, where available, or by courier to the parties likely to be affected by the relief to be sought at such parties' respective addresses as last shown in the books and records of the Applicants as soon as practicable (subject to paragraph 60 above).

THE SEAL OF THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

CE DOCUMENT, DONT CHACUNE DES PAGES EST REVÊTUE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE A TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVÉ DANS CE BUREAU

DATED AT TORONTO THIS 28 DAY OF March 20 24
FAIT À TORONTO LE          JOUR DE

REGISTRAR                              GREFFIER

Electronically issued / Délivré par voie électronique : 28-Mar-2024
Toronto Superior Court of Justice / Cour supérieure de justice

**Court File No./N° du dossier du greffe : CV-24-00717340-00CL**

-20-

60.    **THIS COURT ORDERS** that the Pride Entities, the CRO or the Monitor may from time to time apply to this Court for advice and directions in the discharge of its powers and duties hereunder.

**SEALING**

61.    **THIS COURT ORDERS** that the Confidential Appendix "A" to the Pre-Filing Report containing the unredacted CRO Engagement Letter (as defined in the Pre-Filing Report) is hereby sealed pending further Order of the Court.

**GENERAL**

62.    **THIS COURT ORDERS** that nothing in this Order shall prevent the Monitor from acting as an interim receiver, a receiver, a receiver and manager, or a trustee in bankruptcy of the Pride Entities, the Business or the Property.

63.    **THIS COURT HEREBY REQUESTS** the aid and recognition of any court, tribunal, regulatory or administrative body having jurisdiction in Canada or in the United States, to give effect to this Order and to assist the Pride Entities, the CRO, the Monitor and their respective agents in carrying out the terms of this Order. All courts, tribunals, regulatory and administrative bodies are hereby respectfully requested to make such orders and to provide such assistance to the Pride Entities, the CRO, and to the Monitor, as an officer of this Court, as may be necessary or desirable to give effect to this Order, to grant representative status to the CRO and/or Monitor in any foreign proceeding, or to assist the Pride Entities, the CRO and the Monitor and their respective agents in carrying out the terms of this Order.

64.    **THIS COURT ORDERS** that the Foreign Representative be at liberty and is hereby authorized and empowered to apply to any court, tribunal, regulatory or administrative body, wherever located, for the recognition of this Order and for assistance in carrying out the terms of this Order, and the Foreign Representative is authorized and empowered to act as a representative in respect of the within proceedings for the purpose of having these proceedings recognized in a jurisdiction outside Canada.

65.    **THIS COURT ORDERS** that, prior to the Initial Hearing, any interested party (including the Pride Entities, the CRO and the Monitor) may apply ...

THIS IS TO CERTIFY THAT THIS
DOCUMENT, EACH PAGE OF
WHICH IS STAMPED WITH THE
SEAL OF THE SUPERIOR COURT
OF JUSTICE AT TORONTO, IS A
TRUE COPY OF THE DOCUMENT
ON FILE IN THIS OFFICE

LA PRÉSENTE ATTESTE QUE CE
DOCUMENT DONT CHACUNE
DES PAGES EST REVETUE DU
SCEAU DE LA COUR SUPÉRIEURE
DE JUSTICE A TORONTO, EST UNE
COPIE CONFORME DU DOCUMENT
CONSERVE DANS CE BUREAU

DATED AT TORONTO THIS    28    DAY OF    March    20  24
FAIT À TORONTO LE                         JOUR DE

REGISTRAR                                              GREFFIER

Electronically issued / Délivré par voie électronique : 28-Mar-2024
Toronto Superior Court of Justice / Cour supérieure de justice

**Court File No./N° du dossier du greffe :** CV-24-00717340-00CL

-21-

amend this Order on not less than three (3) days notice to any other party or parties likely to be affected by the order sought or upon such other notice, if any, as this Court may order, provided, however, that notwithstanding any amendment, variation or stay of this Order, the Chargees shall be entitled to rely on this Order as granted and on the Charges set forth in paragraph 47 and 48 hereof with respect to any fees, expenses and disbursements incurred, advances or payments made and obligations incurred, as applicable, between the date this Order and the date this Order may be amended, varied or stayed.

66.    **THIS COURT ORDERS** that this Order and all of its provisions are effective as of 12:01 a.m. (Eastern Time) on the date of this Order without the need for entry or filing.

_____ C.J.

| THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE. | LA PRESENT ATTEST QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVÊTUE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE A TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVÉ DANS CE BUREAU |

DATED AT TORONTO THIS  28  DAY OF  March  20 24
FAIT À TORONTO LE         JOUR DE

REGISTRAR                    GREFFIER

Electronically issued / Délivré par voie électronique : 28-Mar-2024
Toronto Superior Court of Justice / Cour supérieure de justice

**Court File No./N° du dossier du greffe :** CV-24-00717340-00CL

-22-

# SCHEDULE "A"

## A. APPLICANTS

**Operating Entities**
*Canadian Operating Entities*
- PRIDE TRUCK SALES LTD.
- TPINE TRUCK RENTAL INC.
- PRIDE GROUP LOGISTICS LTD.
- PRIDE GROUP LOGISTICS INTERNATIONAL LTD.
- TPINE LEASING CAPITAL CORPORATION
- DIXIE TRUCK PARTS INC.
- PRIDE FLEET SOLUTIONS INC.
- TPINE FINANCIAL SERVICES INC.
- PRIDE GROUP EV SALES LTD.

*U.S. Operating Entities*
- TPINE RENTAL USA, INC.
- PRIDE GROUP LOGISTICS USA, CO.
- ARNOLD TRANSPORTATION SERVICES, INC.
- DIXIE TRUCK PARTS INC.
- TPINE FINANCIAL SERVICES CORP.
- PARKER TRANSPORT CO.
- PRIDE FLEET SOLUTIONS USA INC.

## Real Estate Holding Companies
*Canadian Real Estate Holding Companies*
- 2029909 ONTARIO INC.
- 2076401 ONTARIO INC.
- 1450 MEYERSIDE HOLDING INC.
- 933 HELENA HOLDINGS INC.
- 30530 MATSQUI ABBOTSFORD HOLDING INC.
- 2863283 ONTARIO INC.
- 2837229 ONTARIO INC.
- 2108184 ALBERTA LTD.
- 12944154 CANADA INC.
- 13184633 CANADA INC.
- 13761983 CANADA INC.
- 102098416 SASKATCHEWAN LTD.
- 177A STREET SURREY HOLDING INC.
- 52 STREET EDMONTON HOLDING INC.
- 84 ST SE CALGARY HOLDINGS INC.
- 68TH STREET SASKATOON HOLDING INC.
- 3000 PITFIELD HOLDING INC.

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

DATED AT TORONTO THIS 28 DAY OF March 20 24
FAIT À TORONTO LE ___ JOUR DE ___

REGISTRAR                    GREFFIER

LA PRESENT ATTEST QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVÊTUE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE A TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVE DANS CE BUREAU

Electronically issued / Délivré par voie électronique : 28-Mar-2024
Toronto Superior Court of Justice / Cour supérieure de justice

Court File No./N° du dossier du greffe : CV-24-00717340-00CL

-23-

*U.S. Real Estate Holding Companies*
- PGED HOLDING, CORP.
- HIGH PRAIRIE TEXAS HOLDING CORP.
- 131 INDUSTRIAL BLVD HOLDING CORP.
- 59TH AVE PHOENIX HOLDING CORP.
- DI MILLER DRIVE BAKERSFIELD HOLDING CORP.
- FRONTAGE ROAD HOLDING CORP.
- ALEXIS INVESTMENTS, LLC
- TERNES DRIVE HOLDING CORP.
- VALLEY BOULEVARD FONTANA HOLDING CORP.
- HIGHWAY 46 MCFARLAND HOLDING CORP.
- TERMINAL ROAD HOLDING, CORP.
- BISHOP ROAD HOLDING CORP.
- OLD NATIONAL HIGHWAY HOLDING CORP.
- 11670 INTERSTATE HOLDING, CORP.
- 401 SOUTH MERIDIAN OKC HOLDING CORP.
- 8201 HWY 66 TULSA HOLDING CORP.
- EASTGATE MISSOURI HOLDING CORP.
- FRENCH CAMP HOLDING CORP.
- 87TH AVENUE MEDLEY FL HOLDING CORP.
- LOOP 820 FORT WORTH HOLDING CORP.
- 162 ROUTE ROAD TROY HOLDING CORP.
- CRESCENTVILLE ROAD CINCINNATI HOLDING CORP.
- MANHEIM ROAD HOLDING CORP.
- 13TH STREET POMPANO BEACH FL HOLDING CORP.
- EAST BRUNDAGE LANE BAKERSFIELD HOLDING CORP.
- CORRINGTON MISSOURI HOLDING CORP.
- 963 SWEETWATER HOLDING CORP.
- OAKMONT DRIVE IN HOLDING CORP.

**Other Holding Companies**
*Other Canadian Holding Companies*
- 2692293 ONTARIO LTD.
- 2043002 ONTARIO INC.
- PRIDE GROUP HOLDINGS INC.
- 2554193 ONTARIO INC.
- 2554194 ONTARIO INC.
- PRIDE GROUP REAL ESTATE HOLDINGS INC.
- 1000089137 ONTARIO INC.

*Other U.S. Holding Companies*
- COASTLINE HOLDINGS, CORP.
- PARKER GLOBAL ENTERPRISES, INC.
- DVP HOLDINGS, CORP.

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

LA PRESENT ATTEST QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVÊTUE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE A TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVE DANS CE BUREAU

DATED AT TORONTO THIS 28 DAY OF March 20 24
FAIT À TORONTO LE                JOUR DE

REGISTRAR                                        GREFFIER

Electronically issued / Délivré par voie électronique : 28-Mar-2024
Toronto Superior Court of Justice / Cour supérieure de justice

**Court File No./N° du dossier du greffe :** CV-24-00717340-00CL

-24-

## B. LIMITED PARTNERSHIPS
*U.S. Limited Partnerships*
- PRIDE TRUCK SALES L.P.
- TPINE LEASING CAPITAL L.P.
- SWEET HOME HOSPITALITY L.P.

## C. ADDITIONAL STAY PARTIES
*Canadian Additional Stay Parties*
- BLOCK 6 HOLDING INC.
- 2500819 ONTARIO INC.

*U.S. and Other Additional Stay Parties*
- PERGOLA HOLDINGS, CORP.
- PRIDE GLOBAL INSURANCE COMPANY LTD.

THIS IS TO CERTIFY THAT THIS
DOCUMENT, EACH PAGE OF
WHICH IS STAMPED WITH THE
SEAL OF THE SUPERIOR COURT
OF JUSTICE AT TORONTO, IS A
TRUE COPY OF THE DOCUMENT
ON FILE IN THIS OFFICE

LA PRÉSENT ATTEST QUE CE
DOCUMENT, DONT CHACUNE
DES PAGES EST REVÊTUE DU
SCEAU DE LA COUR SUPÉRIEURE
DE JUSTICE A TORONTO, EST UNE
COPIE CONFORME DU DOCUMENT
CONSERVE DANS CE BUREAU

DATED AT TORONTO THIS 28 DAY OF March 20 24
FAIT À TORONTO LE                  JOUR DE

REGISTRAR                                        GREFFIER

Electronically issued / Délivré par voie électronique : 28-Mar-2024
Toronto Superior Court of Justice / Cour supérieure de justice

**Court File No./N° du dossier du greffe : CV-24-00717340-00CL**

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF **PRIDE GROUP HOLDINGS INC.** et al

(each, an "**Applicant**", and collectively, the "**Applicants**")

Court File No. CV-24-00717340-00CL

*ONTARIO*
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

Proceedings commenced at Toronto, Ontario

**INITIAL ORDER**

**THORNTON GROUT FINNIGAN LLP**
TD West Tower, Toronto-Dominion Centre
100 Wellington Street West, Suite 3200
Toronto, ON  M5K 1K7

**Leanne Williams (LSO #41877E)**
Tel: (416) 304-0060 / Email: lwilliams@tgf.ca

**Rachel Nicholson (LSO #68348V)**
Tel: (416) 304-1153 / Email: rnicholson@tgf.ca

**Puya Fesharaki (LSO #70588L)**
Tel: (416) 304-7979 / Email: pfesharaki@tgf.ca

Lawyers for the Applicants

## **ATTACHMENT 2 (PETITION ITEM 6)**

CANADIAN COURT ENDORSEMENT OF INITIAL ORDER

CITATION: Pride Holdings Group Inc., 2024 ONSC 1830<br>
COURT FILE NO.: CV-24-00717340-00CL<br>
DATE: 2024-03-28

**SUPERIOR COURT OF JUSTICE - ONTARIO**

**RE:**   IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-3, AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF **PRIDE GROUP HOLDINGS INC.** and those entities listed in **Schedule "A"** hereto

APPLICANTS

**BEFORE:**   Chief Justice Geoffrey B. Morawetz

**COUNSEL:**   *Leanne Williams, Rachel Nicholson and Puya Fesharaki,*, for the Applicants

*Pamela Huff, Chris Burr and Daniel Loberto*, for the Proposed Monitor, Ernst & Young Inc.

*Stuart Brotman and Daniel Richer*, for the Syndicate Leaders

*Marc Wasserman and Harvey Chaiton*, for Mitsubishi

*Raj Sahni*, for the Directors and Officers

*Lee Nicholson*, for Move Trust

*John Salmas*, for the Bank of Montreal

**HEARD and DETERMINED:**   March 27, 2024

**REASONS:**   March 28, 2024

**ENDORSEMENT**

**INTRODUCTION**

[1]   At the conclusion of this hearing, an order was granted with reasons to follow. These are the reasons.

[2]   This application is brought by Pride Group Holdings Inc. and the other applicant companies (together, the "Applicants"), certain limited partnerships (the "LPs") and other related non-Applicant entities (the "Additional Stay Parties") set out in Schedule "A" hereto (collectively, the

"Pride Group") for an initial order (the "Initial Order") and related relief under the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended (the "CCAA").

[3]     The Proposed Initial Order provides for, among other things:

(i)     a stay of proceedings until April 6, 2024 in respect of the Pride Group, together with Sulakhan, Jasvir and Amrinder Johal (collectively, the "Personal Guarantors");

(ii)    the appointment of Ernst & Young Inc. ("EYI") as the Court-appointed Monitor (in such capacity, the "Proposed Monitor");

(iii)   the appointment of RC Benson Consulting Inc. ("RCB") as the Chief Restructuring Officer (the "CRO");

(iv)    the approval of an Administration Charge and Directors' Charge (as each term is defined below);

(v)     subject to the Governance Protocol (as defined below) which the Pride Group is required to comply with, the authority to (a) continue selling used or new trucks and trailers, and (b) remit proceeds of vehicle sales and lease collections from customers to the Pride Group's secured lenders in repayment of pre-filing indebtedness, each in the ordinary course of business;

(vi)    the authority for Sulakhan Johal and the CRO to act as foreign representative in an application to recognize these proceedings under Chapter 15 of Title 11 of the United States Code (the "Bankruptcy Code"); and

(vii)   an order sealing the unredacted copy of the CRO Engagement Letter, as defined and attached as a confidential appendix to the Proposed Monitor's Pre-Filing Report.

[4]     The Pride Group is a privately held cross-border trucking and logistics conglomerate operating from more than fifty leased and owned facilities across Canada and the U.S. The Pride Group is responsible in some manner for the management of, or logistics in respect of, over 20,000 trucks across North America and has 558 employees, the majority of which are based in Ontario.

[5]     The Applicants submit that the North American trucking and logistics industry is facing a prolonged downturn which can be traced to the COVID-19 pandemic and major geopolitical events.

[6]     While the Pride Group has made significant efforts to manage its limited liquidity and sustain ordinary course operations, it has been forced to implement restructuring measures and to cease paying certain obligations to its lenders.

[7]    Due to such non-payment, a majority of the Pride Group's lenders have begun to take enforcement measures and exercise self-help remedies. The Pride Group has been unable to negotiate an acceptable standstill arrangement with its principal lenders.

[8]    The Applicants state that without the relief requested, the Pride Group will be forced to cease operations.

## FACTS

[9]    The facts are set out in the Affidavit of Sulakhan Johal sworn March 26, 2024 (the "Johal Affidavit").

[10]    The Pride Group was founded by two brothers, Sulakhan and Jasvir Johal, as a used-truck dealer in 2010 operating from the back of a tractor-trailer in Mississauga, Ontario. The brothers remain involved with the Pride Group as directors and officers, shareholders and personal guarantors.

[11]    Since its founding, the Pride Group has grown into a multi-national conglomerate with many different business lines, including:

(i)    logistics and brokering services;

(ii)    selling and leasing new and used trucks, principally to entrepreneurial owner-operators (the "Owner-Operators");

(iii)    providing trucking parts, servicing and fuel sales services to the Owner-Operators and others; and

(iv)    owning and operating more than forty real estate properties, which include dealerships, truck stops and other services and solutions.

[12]    The Applicants consist of the operating companies, real estate holding companies and certain other holding companies that are either insolvent in their own right or have been rendered insolvent as a result of the Pride Group's inability to continue to provide financial support to them. Many of the Applicants are borrowers and/or guarantors under the Pride Group's various credit facilities with its lenders and are integral to its operations.

[13]    The LPs and the Additional Stay Parties are entities that do not qualify as applicants under the CCAA by virtue of being limited partnerships or not being insolvent, but which are intertwined with the Applicants and the Pride Group's operations. The Applicants submit that the LPs and the Additional Stay Parties require some of the same protections, including the stay of proceedings, in order for the Pride Group to continue to operate as a going concern.

[14]    The Pride Group has numerous credit facilities, including the following:

(a)    *Operating Facilities* - these facilities provide working capital to the Pride Group;

(b) *Floorplan Facilities* – these facilities permit the acquisition of trucks that are subsequently made available for sale by the Pride Group;

(c) *Wholesale Leaseline and Lease Facilities* – these facilities permit the leasing of trucks to end customers and include the financing arms of major truck manufacturers among others;

(d) *Securitization Facilities* – several Pride Group entities are parties to securitization arrangements, whereby certain of the Pride Group entities sell "packages of leases" to securitization lenders, while continuing to service the transferred lease assets for the benefit of the Securitization Lenders who purchased the lease receivables; and

(e) *Real Estate and Mortgage Facilities* – several lenders provide real property mortgages to certain of the Applicants.

[15]    Each of these types of financing are used regularly in the business of the Pride Group and are necessarily intertwined to permit it to operate its various lines of business.

[16]    The Applicant's financial position has materially deteriorated as a result of the industry-wide downturn. The Pride Group has made significant efforts to improve its bottom-line, including winding-down unprofitable business lines, re-financing available equity, and selling excess assets.

[17]    The Applicants state that higher delinquency rates, combined with additional strains on the Pride Group's human resources and its financing flow-through structure, may have contributed to certain trucks having been pledged more than once and more than one lender now claiming an interest in the same collateral, a significant concern for all stakeholders.

[18]    The Pride Group has not been able to mitigate the post-pandemic industry downturn. As a result, the Pride Group stopped paying its lenders in the ordinary course which caused those parties to begin to exercise their rights and remedies against the Pride Group and the Personal Guarantors.

[19]    The Pride Group engaged EYI as its financial advisor and RCB as its CRO to assist it in addressing its financial and operational challenges and the multiple-pledging of truck assets. Among other things, EYI and RCB have assisted the Pride Group in developing a more robust governance structure and creating controls (the "Governance Protocol") to ensure that the Pride Group's various creditors' security interests are protected.

[20]    The Pride Group states that the protection of the CCAA is required in order to give it the breathing room it needs in order to:

(i)     stabilize and continue its business operations;

(ii)    preserve jobs and serve its customers;

(iii)   collect outstanding receivables, maximize realizations on its inventory of trucks, excess real estate and other assets; and

    (iv)    develop a restructuring plan with the goal of maximizing the ongoing value of the business for the benefit of its creditors, employees, customers, suppliers and other stakeholders and the communities affected by the Pride Group's business activities.

## ISSUES

[21]    The principal issues on this Application are whether:

    (a)  the Applicants meet the criteria to obtain relief under the CCAA;

    (b)  the stay of proceedings should be granted to the Applicants and extended to the LPs, Additional Stay Parties and Personal Guarantors;

    (c)  the Applicants should be authorized to make certain pre-filing and post-filing payments;

    (d)  the appointment of the Monitor, the CRO and the Foreign Representatives should be approved;

    (e)  the Administration Charge and Directors' Charge should be granted; and

    (f)  the sealing order should be granted.

[22]    The CCAA applies to a "debtor company" or affiliated debtor companies where the total of claims against the debtor or its affiliates exceeds five million dollars.

[23]    I am satisfied that the Applicants are insolvent. They are facing a significant liquidity crisis and cannot satisfy their liabilities as they come due. Each of the Applicants is an "insolvent person" and a "debtor company" to which the CCAA applies.

[24]    Subsection 9(1) of the CCAA provides that an application for a stay of proceedings under the CCAA may be made to the court that has jurisdiction in the province in which the head office or chief place of business of the company in Canada is situated.

[25]    While certain of the Applicants include U.S. affiliates of the Pride Group, the Applicants' chief place of business is Ontario, and its head offices are in Mississauga, Ontario. All of the U.S. members of the Pride Group report to the Canadian head office and the Canadian entities, and the Canadian employees provide operational and administrative functions for the Pride Group as a whole.

[26]    If the proposed Initial Order and related relief is granted, the Pride Group has advised that it intends to commence recognition proceedings under Chapter 15 of the U.S. Bankruptcy Code in Delaware (the "Chapter 15 Proceedings").

[27]    Section 11.02(1) of the CCAA permits this Court to grant an initial stay of up to 10 days on an application for an initial order.

[28]    The Applicants submit that they require the stay of proceedings and the other relief set out in the Initial Order to preserve the *status quo* and provide them with the breathing room necessary to advance their restructuring efforts. I am satisfied that this relief should be granted.

[29]    The Applicants request that the benefit of the stay be extended to the LPs, Additional Stay Parties and Personal Guarantors.

[30]    This Court has found it just and reasonable to extend the protection of the stay of proceedings to non-applicant limited partnerships and non-applicant affiliates where such parties are integrally and closely interrelated to the debtor companies' business in order to ensure that the purposes of the CCAA can be achieved. (See: *Re Canwest Publishing Inc.*, 2010 ONSC 222 at paras. 33-34 [*Canwest Publishing*]; (*Target Canada Co. (Re)*, 2015 ONSC 303 at paras. 42-43 [*Target Canada*]; *Re Just Energy Corp.*, 2021 ONSC 1783 ("*Just Energy*")at para. 116; *Bed Bath & Beyond Canada Limited (Re)*, 2023 ONSC 1014 at para. 28 [*BBB Canada*]; *4519922 Canada., Re*, 2015 ONSC 124 at para 37).

[31]    The Applicants submit that it is just and reasonable in the circumstances to extend the stay of proceedings to the LPs and Additional Stay Parties. The business and operations of the Applicants, the LPs and the Additional Stay Parties are heavily intertwined, and the stay of proceedings needs to be extended to the LPs and the Additional Stay Parties to maintain the overall stability of the Pride Group and preserve value for its stakeholders. I am satisfied that this relief is appropriate.

[32]    The Applicants further submit that it is just and reasonable for this Court to exercise its discretion to extend the stay of proceedings in respect of the Personal Guarantors, who granted personal guarantees in respect of the indebtedness of the Pride Group to certain of its lenders, and against whom certain lenders have threatened personal proceedings.

[33]    Section 11.04 of the CCAA provides that a stay pursuant to section 11.02 of the CCAA will not affect claims against third party guarantors of an applicant company, and section 11.03(2) provides that a stay pursuant to section 11.02 does not affect an action against a director on a guarantee given by the director relating to the company's obligations or an action seeking injunctive relief against a director in relation to the company.

[34]    Notwithstanding sections 11.04 and 11.03(2) of the CCAA, this Court has found that it has broad inherent jurisdiction under section 11 to grant stays in favour of third-party guarantors, including director guarantors, to ensure that the intent and purpose of the CCAA proceedings are not frustrated. (See: *Balboa Inc. et al. (Re)*, (January 23, 2024), Toronto, CV-24-00713254-00CL at para. 32; *Nordstrom Canada Retail, Inc.*, 2023 ONSC 1422, at paras. 40-42).

[35]    This Court has granted stays in favour of non-applicant director guarantors where their involvement in defending potential claims would unduly strain the Applicants' resources and be a significant distraction from the restructuring efforts to the detriment of all stakeholders.

[36]    In the circumstances of this case, I am satisfied that this relief is appropriate to include in the Initial Order.

[37]    The Applicants seek the Court's authorization to make payments of certain (i) pre-filing amounts owing to independent contractors and subcontractors (including those providing office support as well as truck drivers) that provide services to the Pride Group incurred in the ordinary course of business and consistent with existing payment arrangements; and (ii) pre-filing amounts owing to fuel suppliers that are integral to the Pride Group's ability to operate during the restructuring period.

[38]    The Applicants submit that case law demonstrates that a supplier is considered critical when the uninterrupted supply of goods and/or services is sufficiently integral to the debtor's business that it would be prejudicial to the debtor's restructuring efforts for supply to be interrupted. (See: *Target* at paras. 62-65)

[39]    The Applicants also submit that, given the nature of the Pride Group's business, the fuel suppliers and independent contractors' continued services are critical to the Pride Group's ability to operate its business in the ordinary course during the CCAA proceedings. The Pride Group's independent contractors should be afforded the same rights to payment for their services as its employees.

[40]    I am satisfied that it is appropriate to provide this relief.

[41]    The Applicants seek authorization to remit the proceeds from the sale of vehicles and the receipts of lease receivables from its customers in the ordinary course of business to the applicable lenders in reduction of such lenders' pre-filing indebtedness, in accordance with the Governance Protocol. I am satisfied that this relief is appropriate.

[42]    I am satisfied that EYI is qualified to act as Monitor.

[43]    I am also satisfied that the approval of the Governance Protocol is appropriate in the circumstances, and in the best interests of all stakeholders. The Proposed Monitor helped design the Governance Protocol and is agreeable to performing the proposed duties thereunder.

[44]    Prior to the filing of this application, the Pride Group, at the request of certain of its lenders, engaged RCB to provide the services of Randall Benson to act as CRO. The Applicants seek an order approving the engagement of the CRO pursuant to the terms set out in the CRO Engagement Letter they entered into with RCB. The Applicants state that they require the CRO's expertise in order to successfully develop and implement a successful restructuring.

[45]    The CRO has consented to act in these proceedings, and the Proposed Monitor has reviewed the CRO Engagement Letter and supports the appointment of the CRO. I am satisfied that it is appropriate to approve of the engagement of the CRO.

[46]    As noted above, the Applicants intend to seek recognition of these proceedings in the U.S. Section 56 of the CCAA grants the Court unfettered authority to appoint "any person or body" to act as a representative for the purpose of having CCAA proceedings recognized in any jurisdiction outside of Canada, including the U.S.

[47]    The Pride Group submits that it is appropriate for this Court to exercise its jurisdiction to authorize Mr. Johal and the CRO to act as the foreign representatives of the Pride Group. In my

view, the appointment of two individuals as foreign representatives could give rise to an undesirable ambiguity and should be avoided. It seems to me that, given the role of the CRO, the CRO should be the foreign representative.

[48]    The Applicants propose that the Proposed Monitor, its counsel, Canadian and U.S. counsel to the Applicants, the CRO and Canadian counsel to the Pride Group's board of directors be granted a Court-ordered charge on the Applicants and LP's Property as security for their respective fees and disbursements relating to services rendered in respect of the Pride Group (the "Administration Charge"). With the concurrence of the Proposed Monitor, the Applicants are proposing that the Administration Charge for the first ten days be limited to $2.0 million and will be seeking to increase the charge at the comeback hearing.

[49]    I am satisfied that the Administration Charge is reasonable in the circumstances.

[50]    The Application was brought on an *ex parte* basis and accordingly, the Administration Charge does not have any super priority.

[51]    In light of the potential liabilities and insufficiency of available insurance, the directors and officers have indicated to the Applicants that their continued service to the Pride Group and involvement in this proceeding is conditional upon the granting of a charge in the amount of $4.1 million on the Applicants and LPs' Property (the "Directors' Charge").

[52]    I am satisfied that a Directors' Charge should be created. However, due to the *ex parte* nature of this application, such charge does not have any super priority.

[53]    The proposed Initial Order provides that the Confidential Appendix "A" to the Monitor's Pre-Filing Report, consisting of an unredacted copy of the CRO Engagement Letter, be sealed and not form part of the public record until further Order of the Court.

[54]    Pursuant to section 137(2) of the *Courts of Justice Act*, R.S.O. 1990, c. C.43, the Court has the jurisdiction and the discretion to order that any document filed in a civil proceeding be treated as "confidential, sealed and not form part of the public record".

[55]    The Supreme Court of Canada set out the applicable test for a sealing order *in Sierra Club of Canada v. Canada (Minister of Finance)* 2002 SCC 41, at para. 53, as subsequently refined in *Sherman Estate v. Donovan* 2021 SCC 25 at paras. 37-38, wherein the Supreme Court held that held that a person asking a court to exercise its discretion in a way that limits the open court presumption must establish that: (i) court openness poses a serious risk to an important public interest; (ii) the order sought is necessary to prevent this serious risk to the identified interest because reasonably alternative measures will not prevent this risk; and (iii) as a matter of proportionality, the benefits of the order outweigh its negative effects.

[56]    The unredacted CRO Engagement Letter includes a breakdown of the CRO's monthly fees and expenses and success fee, which the Applicants seek to keep confidential and not part of the public record. The Applicants submit that the CRO in this case is an individual, and individuals have the reasonable expectation that their personal and financial information will be kept confidential and not form part of the public record.

[57]    In the CCAA proceedings of *MJardin Group, Inc. et al.* (June 2, 2022, Toronto, CV-22-00682101), I granted a sealing order in order to keep confidential the fees and expenses attributable to the individuals working for a chief restructuring company.

[58]    The Applicants submit that there are no satisfactory alternatives to the sealing order in the circumstances. Further, no stakeholders will be materially prejudiced by sealing the unredacted CRO Engagement Letter, and the salutary effects of granting the sealing order outweigh any deleterious effects.

[59]    In my view, the request for a sealing order is appropriate with one caveat. The monthly fees should not be redacted. The success fee details are to be sealed on the basis that it could impair realization efforts which affect all stakeholders.

## DISPOSITION

[60]    The CCAA protection is granted. The Order has been signed. Due to the *ex parte* nature of this application, a "true" comeback hearing will be scheduled.


Chief Justice G.B. Morawetz


**Date:** March 28, 2024

## **ATTACHMENT 3 (PETITION ITEM 7)**

STATEMENT IDENTIFYING FOREIGN PROCEEDINGS

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re | Chapter 15 |
| Pride Group Holdings Inc., *et al.*[1] | Case No. 24-_____ (    ) |
| Debtors in Foreign Proceedings. | (Joint Administration Requested) |

**DECLARATION OF FOREIGN REPRESENTATIVE**
**PURSUANT TO SECTION 1515(c) OF THE BANKRUPTCY CODE**

I, Randall Benson, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury under the laws of the United States of America, as follows:

1.      I am the duly authorized foreign representative (the "Foreign Representative") of the of the above-captioned debtors (collectively, the "Debtors") in the Canadian proceedings commenced under the *Companies' Creditors Arrangement Act*, R.S.C. 1985 c. C-36, pending before the Ontario Superior Court of Justice (Commercial List) in Ontario, Canada, Court File No.: CV-24-00717340-00CL (the "CCAA Proceedings").

2.      I respectfully submit this statement, as required by section 1515(c) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), in support of the *Verified Petition for (I) Recognition of Foreign Main Proceedings, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* and the *Chapter 15 Petition for Recognition of a Foreign Proceeding* for each of the Debtors, each filed contemporaneously herewith seeking recognition by this Court of the CCAA Proceedings as foreign main proceedings for each of the Debtors.

---

[1]     The last four digits of Debtor Pride Group Holdings Inc.'s Canadian business number are 6399.  Due to the large number of debtors in these chapter 15 cases, a complete list of the debtor entities and the last four digits of their unique identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' noticing agent at https://dm.epiq11.com/pridegroup.  The Debtors' service address for the purposes of these chapter 15 cases is 1450 Meyerside, Suite 401, Mississauga, Ontario, L5T 2N5, Canada.

3.       Pursuant to the requirements of section 1515(c) of the Bankruptcy Code, to the best of my knowledge, the CCAA Proceedings are the only known pending "foreign proceedings" with respect to each of the Debtors as that term is defined in section 101(23) of the Bankruptcy Code.

[*Signature Page Follows*]

2

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: April 1, 2024
          Toronto, Canada

By:    _/s/ Randall Benson_____
          Foreign Representative

## **<u>ATTACHMENT 4 (PETITION ITEM 8)</u>**

DISCLOSURE PURSUANT TO RULE 1007(A)(4) OF THE FEDERAL RULES OF
BANKRUPTCY PROCEDURE

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re | Chapter 15 |
| Pride Group Holdings Inc., *et al.*[1] | Case No. 24-_____ (   ) |
| Debtors in Foreign Proceedings. | (Joint Administration Requested) |

**DISCLOSURE PURSUANT TO
BANKRUPTCY RULES 1007(a)(4) OF THE
FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Randall Benson, solely in his capacity as the duly authorized foreign representative (the "Foreign Representative") of the above-captioned debtors (collectively, the "Debtors," and together with their non-Debtor affiliates, the "Pride Group") in the Canadian proceedings (the "CCAA Proceedings") commenced under the *Companies' Creditors Arrangement Act*, R.S.C. 1985 c. C-36, pending before the Ontario Superior Court of Justice (Commercial List) in Ontario, Canada, Court File No.: CV-24-00717340-00CL, hereby files this disclosure pursuant to Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and respectfully sets forth as follows:

**A.      Administrators in Foreign Proceeding Concerning the Debtors**

1.      Randall Benson is the duly authorized foreign representative of each of the Debtors in the CCAA Proceedings.  The Foreign Representative's address is:

> C/O Pride Group Holdings Inc.
> 1450 Meyerside Dr., Suite 401
> Mississauga, Ontario L5T 2N5
> Canada

---

[1]     The last four digits of Debtor Pride Group Holdings Inc.'s Canadian business number are 6399.  Due to the large number of debtors in these chapter 15 cases, a complete list of the debtor entities and the last four digits of their unique identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' noticing agent at https://dm.epiq11.com/pridegroup.  The Debtors' service address for the purposes of these chapter 15 cases is 1450 Meyerside, Suite 401, Mississauga, Ontario, L5T 2N5, Canada.

**B.** **Entities Against Whom Provisional Relief is Sought Pursuant to 11 U.S.C. § 1519**

2.      Pursuant to Bankruptcy Rule 1007(a)(4), a list of all parties against whom provisional relief is being sought under Section 1519 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532, is attached hereto as **Schedule 1**.[2]

**C.** **All Parties to Litigation Pending in the United States in which the Debtors are a Party at the Time of Filing of the Petition**[3]

3.      Pursuant to Bankruptcy Rule 1007(a)(4), Milestone Trailer Leasing, LLC is a plaintiff in litigation pending in the United States against Debtors Arnold Transportation Services, Inc., Parker Transport Co., Parker Global Enterprises, Inc., Pride Group Logistics USA, Co. and Pride Group Logistics, Ltd. at the time of the filing of this petition.[4]

*[Remainder of Page Intentionally Left Blank]*

---

[2]     The Foreign Representative reserves the right to modify and/or supplement Schedule 1.

[3]     The Debtors and/or their non-Debtor affiliates are plaintiffs in a large number of lawsuits pending in the United States, which, among other things, seek recourse against delinquent lessees and truck purchasers. Due to their voluminous nature, a list of such lawsuits is not included in this disclosure.

[4]     TPine Leasing Capital L.P., a non-Debtor affiliate of the Debtors, is a defendant in a case pending before the United States District Court for the Northern District of Texas captioned *Regions Equipment Finance Corporation and Regions Commercial Equipment Finance, LLC. v. Tpine Leasing Capital L.P.*, Case No. 3:24-cv-00583. Additionally, Sulakhan Johal and Jasvir Johal, the co-founders of the Pride Group, are defendants in their capacity as personal guarantors on certain of the Pride Group's debt in cases pending before the (i) United States District Court for the District of Connecticut captioned *Mitsubishi HC Capital America, Inc. v. Sulakhan Johal and Jasvir Johal*, Case No. 3:24-cv-00433-SVN and (ii) United States District Court for the Southern District of New York captioned *Mitsubishi HC Capital America, Inc. v. Sulakhan Johal and Jasvir Johal*, Case No. 1:24-cv-02205-JGLC.

2

Dated: April 1, 2024
      Wilmington, Delaware

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/ Derek C. Abbott*
Derek C. Abbott (No. 3367)
Andrew R. Remming (No. 5120)
Austin T. Park (No. 7247)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
Telephone:  (302) 658-9200
Facsimile:  (302) 658-3989
dabbott@morrisnichols.com
aremming@morrisnichols.com
apark@morrisnichols.com

-and-

**LINKLATERS LLP**
Penelope J. Jensen
Christopher J. Hunker
Clark L. Xue
1290 Avenue of the Americas
New York, NY 10104
Telephone:  (212) 903-9000
Facsimile:  (212) 903-9100
penelope.jensen@linklaters.com
christopher.hunker@linklaters.com
clark.xue@linklaters.com

*Attorneys for the Foreign Representative*

## <u>SCHEDULE  1</u>

PROVISIONAL RELIEF PARTIES

**400 Spectrum Holdings LLC**
- o  400 Spectrum Center Drive, Irvine, CA 92618

**Aviator Financial Inc. c/o Aviator Corporation**
- o  14 Wall Street, 20th Floor, New York, NY 10005
- o  1100 Burloak Drive, Suite 301, Burlington, ON L7L 6B2

**Bank of Montreal**
- o  100 King Street West, 18th Floor, Toronto, ON M5X 1A1

**BMO Harris Bank N.A.**
- o  300 E John Carpenter Freeway, Irving, TX 75062

**Castellon Plumbing Corp.**
- o  9841 NW 130 St, Hialeah Gardens, FL 33018

**Corporation Service Company**
- o  PO Box 2576, Springfield, IL 62708

**Daimler Truck Financial Services Canada Corporation**
- o  2680 Matheson Blvd. East, Suite 202, Mississauga, ON L4W DA5

**Daimler Trust**
- o  13650 Heritage Parkway, Ft. Worth, TX 76177

**ENGS Commercial Finance Co.**
- o  One Pierce Place, Suite 1100 West, Itasca, IL 60143
- o  P.O. Box 128 Itasca, IL 60143

**First American Commercial Bancorp, Inc.**
- o  255 Woodcliff Drive, Fairport, NY 14450
- o  211 High Point Drive, Attn: Christopher Wuest, Victor, NY 14564

**G3 Development Company**
- o  3369 S. Chestnut Avenue, Fresno, CA 93725

**Galeco Leasing**
- o  2800 French Camp Turnpike, Stockton, CA 95206

**GreatAmerica Financial Services Corporation**
- o  625 First Street, Cedar Rapids, IA 52401

**GV Trans**
- o   15666 Slover Ave., Fontana, CA 92337

**Heidi Berg and Susan Berg Flores**
- o   3275 E Central Ave, Fresno, CA 93725

**Hitachi Capital America Corp.**
- o   800 Connecticut Avenue, 4th Floor North, Norwalk, Connecticut 06854

**McCarty Property Investments LLC**
- o   8022 West Fwy, Houston, TX 77029

**Mercedes-Benz Financial Services USA LLC**
- o   13650 Heritage Parkway, Ft. Worth, TX 76177

**Michael E. Colvin DBA C&C Holdings**
- o   7200 NE 45th Street, Kansas City, MO 64117

**Milestone Trailer Leasing, LLC**
- o   c/o Munsch Hardt Kopf & Harr, P.C., Attn: Peter C. Hogue and Michael C. Lee, 500 N Akard, Ste 400, Dallas TX 75201

**Mitsubishi HC Capital America, Inc.**
- o   c/o Reed Smith LLP, Attn: Richard Tannenbaum, Hyuna Yong, Jason Angelo, and Jared Roach, 599 Lexington Avenue, New York, NY 10022

**MTCK LLC**
- o   345 Grand Island, Tonawanda, NY 14150

**National Bank Financial Inc.**
- o   1155, Rue Metcalfe, 23rd Floor – F511, Montreal, QC H3B 4S9

**National Trailer Leasing, Inc.**
- o   2382 Route 130, Dayton, NJ 08810

**Our Community Credit Union**
- o   PO Box 1670, Shelton, WA 98584

**PACCAR Financial Corp.**
- o   240 Gibraltar Road, Suite 200, Horsham, PA 19044
- o   PO Box 1518, Bellevue, WA 98009

**PACCAR Financial Ltd.**

- o   240 Gibraltar Road, Suite 200, Horsham, PA 19044
- o   PO Box 1518, Bellevue, WA 98009

**Ray Properties LLC**

- o   3032 E Central Avenue, Fresno, CA 93725

**Regions Bank**

- o   1180 W. Peachtree St NW, Suite 1400, Atlanta, GA 30309

**Regions Capital Markets / Regions Securities LLC**

- o   Attn: Kyle Shenton, 250 Park Avenue, New York, NY 10177
- o   c/o Mayer Brown LLP, Attn: Sean T. Scott, 71 South Wacker Drive, Chicago, IL 60606

**Regions Commercial Equipment Finance, LLC**

- o   1900 Fifth Avenue North, Suite 2400, Birmingham, AL 35203
- o   c/o Lewis Rice LLC, Attn: Joseph Trad, 600 Washington Avenue, Suite 2500, St. Louis, MO 63101
- o   c/o Holland & Knight LLP, Attn: Morgan J. Delabar, One Arts Plaza, 1722 Routh Street, Suite 1500, Dallas, TX 75201
- o   c/o Holland & Knight LLP, Attn: William "Trip" Nix and Nicholas R. Miller, 100 Congress Avenue, Suite 1800, Austin, TX 78701

**Regions Equipment Finance Corporation**

- o   1900 Fifth Avenue North, Suite 2400, Birmingham, AL 35203
- o   c/o Lewis Rice LLC, Attn: Joseph Trad, 600 Washington Avenue, Suite 2500, St. Louis, MO 63101
- o   c/o Holland & Knight LLP, Attn: Morgan J. Delabar, One Arts Plaza, 1722 Routh Street, Suite 1500, Dallas, TX 75201
- o   c/o Holland & Knight LLP, Attn: William "Trip" Nix and Nicholas R. Miller, 100 Congress Avenue, Suite 1800, Austin, TX 78701

**Royal Bank of Canada**

- o  155 Wellington Street West, 8th Floor, Toronto, ON M5V 3K7
- o  200 Bay St, 4th Floor – North Tower, Royal Bank Plaza, Toronto, ON M5J 2W7
- o  20 King Street W, 4th Floor, Toronto, ON M5H 1C4
- o  c/o Chapman and Cutler LLP, Attn: Michael Benz, James Sullivan, and Stephen R. Tetro, 320 South Canal Street, 27th Floor, Chicago, IL 60606
- o  c/o Chapman and Cutler LLP, Attn: Yuliya Zahoroda, 1270 Avenue of the Americas, 30th Floor, New York, NY 10020
- o  c/o Womble Bond Dickinson (US) LLP, Attn: Matthew P. Ward, 1313 North Market Street, Suite 1200, Wilmington, DE 19801
- o  c/o Womble Bond Dickinson (US) LLP, Attn: Todd A. Atkinson, 717 Texas Avenue, Suite 211, Houston, TX 77002

**Roynat Inc.**

- o  40 King Street West, 13th Floor, Toronto, ON M5H 1H1
- o  1235 N Service Rd, Ste 200, Oakville, ON L6M 2W2

**TA Operating LLC**

- o  2510 Burr St., Gary, IN 46406

**TBK Bank, SSB**

- o  12700 Park Central Dr., Suite 1700, Dallas, TX 75251

**The Bank of Nova Scotia**

- o  44 King St W, 14th Floor, Toronto, ON M5H 1H1

**The Toronto-Dominion Bank**

- o  100 Wellington Street West, 26th Floor, Toronto, ON M5K 1A2
- o  TD North Tower 25th Floor, 77 King Street West, Toronto, ON M5K 1A2

**Val Verde Family Limited Partnership**

- o  3410 Irving Blvd, Dallas, TX 75247

**Vaughn Thompson**

- o  3150 Irving Blvd, Dallas, TX 75247

**VersaFinance US Corp.**

- o  140 Fullarton Street, Suite 2002, London, ON N6A 5P2

**VFS US LLC**

- o  P.O. Box 26131, Greensboro, NC 27402

| |
|---|
| **Village of Franklin Park** |
|     o   9500 Belmont, Franklin Park, IL 60131 |
| **Volvo Financial Services (a division of VFS Canada Inc.)** |
|     o   238 Wellington St. E. 3rd Floor, Aurora, ON L4G 1J5 |
| **VRP, Inc.** |
|     o   15662 Valley Blvd, Fontana, CA 92335 |

## **ATTACHMENT 5 (PETITION ITEM 11)**

CORPORATE OWNERSHIP STATEMENT

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 15 |
| Pride Group Holdings Inc., *et al.*[1] | Case No. 24-_____  (    ) |
| Debtors in Foreign Proceedings. | (Joint Administration Requested) |

**CORPORATE OWNERSHIP
STATEMENT OF THE DEBTORS PURSUANT
TO BANKRUPTCY RULES 1007(a)(4) AND 7007.1**

Randall Benson, solely in his capacity as the duly authorized foreign representative (the "Foreign Representative") of the above-captioned debtors (collectively, the "Debtors") in the Canadian proceedings commenced under the *Companies' Creditors Arrangement Act*, R.S.C. 1985 c. C-36, pending before the Ontario Superior Court of Justice (Commercial List) in Ontario, Canada, Court File No.: CV-24-00717340-00CL, hereby files the corporate ownership information required by Rules 1007(a)(4) and 7007.1 of the Federal Rules of Bankruptcy Procedure.

As of the date of this statement, the Foreign Representative submits the below list of corporations that hold 10% or more of the ownership interests in a Debtor. No other corporation owns 10% or more of the ownership interests of any of the Debtors.

- TPine Leasing Capital Corporation: 100% owned by Pride Group Holdings Inc.

- Pride Truck Sales Ltd.: 100% owned by Pride Group Holdings Inc.

- Pride Group Logistics Ltd.:[2] 100% of the class A special shares and class C special shares are owned by 2692293 Ontario Ltd.

---

[1]   The last four digits of Debtor Pride Group Holdings Inc.'s Canadian business number are 6399. Due to the large number of debtors in these chapter 15 cases, a complete list of the debtor entities and the last four digits of their unique identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' noticing agent at https://dm.epiq11.com/pridegroup. The Debtors' service address for the purposes of these chapter 15 cases is 1450 Meyerside, Suite 401, Mississauga, Ontario, L5T 2N5, Canada.

[2]   A&N 2016 Family Trust and N&O 2016 Family Trust each own 50% of the common shares of Pride Group Logistics Ltd.

- <u>2043002 Ontario Inc.</u>: 100% owned by 2611089 Ontario Inc.

- <u>Dixie Truck Parts Inc. (Canada)</u>: 100% owned by Pride Group Holdings Inc.

- <u>Pride Group Real Estate Holdings Inc.</u>: 100% owned by 2043002 Ontario Inc.

- <u>Pride Group EV Sales Ltd.</u>: 100% owned by Pride Group Holdings Inc.

- <u>Pride Group Logistics International Ltd.</u>: 100% owned by Pride Group Holdings Inc.

- <u>TPine Rental USA, Inc.</u>: 100% owned by Pergola Holdings Corp.

- <u>Coastline Holdings, Corp.</u>: 100% owned by 2692293 Ontario Ltd.

- <u>Pride Fleet Solutions USA Inc.</u>: 100% owned by Pergola Holdings Corp.

- <u>Dixie Truck Parts Inc. (US)</u>: 100% owned by Pergola Holdings Corp.

- <u>TPine Financial Services Corp.</u>: 100% owned by Pergola Holdings Corp.

- <u>Arnold Transportation Services, Inc.</u>: 100% owned by Parker Global Enterprises, Inc.

- <u>Parker Transport Co.</u>: 100% owned by Parker Global Enterprises, Inc.

- <u>Parker Global Enterprises, Inc.</u>: 100% owned by DVP Holdings, Corp.

- <u>DVP Holdings, Corp.</u>: 100% owned by 1000089137 Ontario Inc.

For the Court's convenience, a corporate structure chart is attached to the *Declaration of Randall Benson in Support of (A) the Debtors' Verified Petition for (I) Recognition of Foreign Main Proceedings, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code and (B) Motion for Provisional Relief*, filed contemporaneously herewith.

Dated: April 1, 2024
       Wilmington, Delaware

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/ Derek C. Abbott*
Derek C. Abbott (No. 3367)
Andrew R. Remming (No. 5120)
Austin T. Park (No. 7247)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
Telephone:  (302) 658-9200
Facsimile:  (302) 658-3989
dabbott@morrisnichols.com
aremming@morrisnichols.com
apark@morrisnichols.com

-and-

**LINKLATERS LLP**
Penelope J. Jensen
Christopher J. Hunker
Clark L. Xue
1290 Avenue of the Americas
New York, NY 10104
Telephone:  (212) 903-9000
Facsimile:  (212) 903-9100
penelope.jensen@linklaters.com
christopher.hunker@linklaters.com
clark.xue@linklaters.com

*Attorneys for the Foreign Representative*

3