<u>**Exhibit A**</u>

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 15 |
| Pride Group Holdings Inc., *et al.*[1] | Case No. 24-10632 (CTG) |
| Debtors in Foreign Proceedings. | (Joint Administration Requested) |

**ORDER GRANTING VERIFIED PETITION**
**FOR (I) RECOGNITION OF FOREIGN MAIN PROCEEDINGS,**
**(II) RECOGNITION OF FOREIGN REPRESENTATIVE, AND (III)**
**RELATED RELIEF UNDER CHAPTER 15 OF THE BANKRUPTCY CODE**

Upon consideration of the *Verified Petition for (I) Recognition of Foreign Main Proceedings, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* (the "Verified Petition")[2] and the *Chapter 15 Petition for Recognition of a Foreign Proceeding* for each of the Debtors (together with the Verified Petition, the "Petitions"), filed by Randall Benson, solely in his capacity as the duly authorized foreign representative (the "Foreign Representative") of the above-captioned debtors (collectively, the "Debtors," and together with their non-Debtor affiliates, the "Pride Group")) in the Canadian proceedings (the "CCAA Proceedings") commenced under the Companies' Creditors Arrangement Act, pending before the Ontario Superior Court of Justice (Commercial List) in Ontario, Canada, Court File No. CV-24-00717340-00CL (the "Canadian Court"), for entry of an order (this "Order") pursuant to sections 105(a), 1504, 1507, 1509, 1515, 1517, 1520, 1521 and 1522 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"): (i)

---

[1]     The last four digits of Debtor Pride Group Holdings Inc.'s Canadian business number are 6399.  Due to the large number of debtors in these chapter 15 cases, a complete list of the debtor entities and the last four digits of their unique identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' noticing agent at https://dm.epiq11.com/pridegroup.  The Debtors' service address for the purposes of these chapter 15 cases is 1450 Meyerside, Suite 401, Mississauga, Ontario, L5T 2N5, Canada.

[2]     Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Verified Petition.

granting recognition of the CCAA Proceedings as "foreign main proceedings," pursuant to chapter 15 of the Bankruptcy Code; (ii) granting recognition of the Foreign Representative as a "foreign representative" as defined in section 101(24) of the Bankruptcy Code; (iii) recognizing, granting comity to, and giving full force and effect in the United States to the CCAA Proceedings, the Initial Order and all other orders of the Canadian Court; (iv) enjoining parties from taking any action that is otherwise inconsistent with the CCAA Order; and (v) granting such other relief as the Court deems just and proper, all as more fully set forth in the Verified Petitions; and upon this Court's review and consideration of the Benson Declaration, Nicholson Declaration, and all other pleadings filed by or on behalf of the Foreign Representative in support of the Petitions; and this Court having held a hearing to consider the relief requested in the Petitions (the "Recognition Hearing"); and due and proper notice of the Petitions and all pleadings in support of the Petitions having been provided and no other or further notice being necessary or required; and no objections or other responses having been filed that have not been overruled, withdrawn, or otherwise resolved; and all interested parties having had an opportunity to be heard at the Recognition Hearing; and after due deliberation and sufficient cause appearing therefor, **THIS COURT HEREBY FINDS AND DETERMINES THAT:**

A.    The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.

C.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

D.      Venue is proper in this district pursuant to 28 U.S.C. § 1410.

E.      The Debtors have their domicile, principal place of business, and/or property in the United States, and the Debtors are each eligible to be a debtor in a chapter 15 case pursuant to, as applicable, sections 109 and 1501 of the Bankruptcy Code.

F.      These cases were properly commenced pursuant to sections 1504, 1509 and 1515 of the Bankruptcy Code.

G.      The CCAA Proceedings are "foreign proceedings" within the meaning of section 101(23) of the Bankruptcy Code.

H.      The CCAA Proceedings are pending in Canada, which is the country in which each of the Debtors have its center of main interests and, as such, the CCAA Proceedings are "foreign main proceedings" within the meaning of sections 1502(4) and 1517(b)(1) of the Bankruptcy Code and are entitled to recognition as foreign main proceedings in respect of each of the Debtors.

I.      The Foreign Representative is a "person," as such term is defined in section 101(41) of the Bankruptcy Code, and has been duly appointed by the Canadian Court as authorized to act as the "foreign representative" with respect to the CCAA Proceedings within the meaning of section 101(24) of the Bankruptcy Code.

J.      The Petitions satisfy all of the requirements set forth in section 1515 of the Bankruptcy Code and Bankruptcy Rules 1007(a)(4) and 2002(q).

K.    The CCAA Proceedings are entitled to recognition by the Court pursuant to section 1517(a) of the Bankruptcy Code.

L.    The Debtors and the Foreign Representative are entitled to all of the relief set forth in sections 1507, 1519, 1520 and 1521 of the Bankruptcy Code.

M.    Appropriate notice of the filing of, and the Recognition Hearing on, the Petitions and the pleadings in support of the Petitions was given, which notice is deemed adequate for all purposes, and no other or further notice need be given.

N.    The relief granted hereby is necessary and appropriate, in the interests of the public and of international comity, not inconsistent with the public policy of the United States, warranted pursuant to sections 105(a), 362, 363, 364, 365, 1507(a), 1509(b)(2)-(3), 1520, 1521, 1522 and 1525 of the Bankruptcy Code, and will not cause hardship to creditors of the Debtors or other parties in interest that is not outweighed by the benefits of granting that relief.

O.    The relief granted hereby is necessary to effectuate the purposes and objectives of chapter 15 and to protect the Debtors and the interests of their creditors and other parties in interest.

P.    Each of the injunctions contained in this Order (i) is within the Court's jurisdiction, (ii) is essential to the success of the CCAA Proceedings, (iii) confers material benefits on, and is in the best interests of, the Debtors, their creditors, and their parties in interest, and other stakeholders, (iv) is critical and integral to the overall objectives of the restructuring, and (v) meets the legal and factual requirements for issuing an injunction.

Q.    The relief granted hereby is necessary to effectuate the purposes and objectives of chapter 15 and to protect the Debtors and the interests of its creditors and other parties in interest (and the Debtors' assets located within the United States), is in the interest of the public and international comity, consistent with the public policy of the United States, and will not cause any

hardship to any party in interest that is not outweighed by the benefits of the relief granted. Absent the requested relief, the efforts of the Debtors, the Canadian Court and the Foreign Representative in conducting the CCAA Proceedings may be frustrated by the actions of individual creditors, a result contrary to the purposes of chapter 15 of the Bankruptcy Code.

R.    All creditors and other parties in interest, including the Debtors, are sufficiently protected by the grant of relief ordered hereby in accordance with section 1522(a) of the Bankruptcy Code.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

1.    The Petitions are granted as set forth herein, and any objections thereto are overruled with prejudice.

2.    The CCAA Proceedings are granted recognition with respect to each of the Debtors as foreign main proceedings (as defined in section 1502(4) of the Bankruptcy Code) pursuant to sections 1517(a) and (b)(1) of the Bankruptcy Code.

3.    The Foreign Representative is a duly appointed and authorized "foreign representative" as defined in section 101(24) of the Bankruptcy Code in respect of the CCAA Proceedings, is authorized to act on behalf of the Debtors in these chapter 15 cases and together are established as the exclusive representatives of the Debtors in the United States.

4.    The Foreign Representative is entrusted with the administration of any and all of the Debtors' assets within the territorial jurisdiction of the United States, including prosecution of any causes of action belonging to the Debtors.

5.    The Debtors and the Foreign Representative are granted all of the relief set forth in section 1520 of the Bankruptcy Code including, without limitation, the application of the protection afforded by the automatic stay under section 362(a) of the Bankruptcy Code to the Pride

Group and its property that is now within or in the future is located within the territorial jurisdiction of the United States.

6.      Pursuant to section 152(a)(1)-(3) of the Bankruptcy Code, all persons and entities, other than the Foreign Representative and their representatives and agents, are hereby enjoined (to the extent they have not been stayed under section 1520(a), in each case from:

   a.   executing against the assets of the Pride Group or the Personal Guarantors;

   b.   commencing or continuing, including the issuance or employment of process, any judicial, quasi-judicial, administrative, regulatory, arbitral, or other action or proceeding, or to recover a claim, including, without limitation, any and all unpaid judgments, settlements or otherwise against the Pride Group or the Personal Guarantors, which in either case is in any way related to, or would interfere with, the administration of the Debtors' estates in the CCAA Proceedings;

   c.   taking or continuing any act to create, perfect or enforce a lien or other security interest, setoff or other claim against the Pride Group, the Personal Guarantors or any of their property or proceeds thereof;

   d.   transferring, relinquishing or disposing of any property of the Pride Group or the Personal Guarantors to any person or entity (as that term is defined in section 101(15) of the Bankruptcy Code) other than the Foreign Representative;

   e.   commencing or continuing an individual action or proceeding concerning the assets, rights, obligations or liabilities of the Pride Group or the Personal Guarantors; and

   f.   declaring or considering the filing of the CCAA Proceedings or these chapter 15 cases a default or event of default under any agreement, contract or arrangement.

*provided*, in each case, that such injunctions shall be effective solely within the territorial jurisdiction of the United States; *provided further* that nothing herein shall: (i) prevent any entity from filing any claims against the Debtors in the CCAA Proceedings or (ii) prevent any entity from seeking relief from the Canadian Court in the CCAA Proceedings or this Court in these Chapter 15 Cases, as applicable, for relief from the injunctions contained in the Order.

7.      Pursuant to section 1521(a)(6) of the Bankruptcy Code, all prior relief granted by this Court pursuant to the Provisional Relief Order shall be extended and shall remain in full force

and effect on a final basis; including a permanent injunction enjoining all parties from commencing or continuing any action or proceeding in the United States against the Pride Group, the Personal Guarantors, or any of their assets located within the territorial jurisdiction of the United States that is inconsistent with the Initial Order.

8.      The Initial Order, including any and all existing and future extensions, amendments, restatements, and/or supplements authorized by the Canadian Court, are hereby given full force and effect, on a final basis, with respect to the Pride Group, the Personal Guarantors, and their property that now or in the future is located within the territorial jurisdiction of the United States, including, without limitation, the provisions of the Initial Order and other orders of the Canadian Court (i) staying the commencement or continuation of any actions against the Pride Group, the Personal Guarantors, and their property, (ii) granting the Administration Charge (as defined in the Provisional Relief Order) and the Directors' and Officers' Charge (as defined in the Provisional Relief Order), and (iii) authorizing the Debtors to disclaim certain leases and other contractual agreements.

9.      The Foreign Representative, the Debtors and their respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules or local rules of this Court.

10.     No action taken by the Foreign Representative, the Debtors, or their respective successors, agents, representatives, advisors, or counsel in preparing, disseminating, applying for, implementing, or otherwise acting in furtherance of or in connection with the CCAA Proceedings, this order, these chapter 15 cases, or any further proceeding commenced hereunder, shall be deemed to constitute a waiver of the rights or benefits afforded such persons under sections 306 and 1510 of the Bankruptcy Code.

11.    Notwithstanding any provision in the Bankruptcy Rules to the contrary, including, but not limited to, Bankruptcy Rules 7062 and 1018, (i) this Order shall be effective immediately and enforceable upon its entry; (ii) the Foreign Representative is not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order; and (iii) the Foreign Representative and the Debtors are authorized and empowered, and may in their discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

12.    A copy of this Order shall be served in accordance with *Order (A) Scheduling Hearing on Recognition of Chapter 15 Petitions for Recognition and Related Relief and (B) Specifying Form and Manner of Service of Notice*.  Such service shall be good and sufficient service and adequate notice for all purposes.

13.    The Court shall retain jurisdiction with respect to the enforcement, amendment, or modification of this Order, any request for additional relief and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of the Court.

14.    This Order shall be effective and enforceable immediately upon entry and shall constitute a final order within the meaning of 28 U.S.C. § 158(a).

Wilmington, Delaware
Dated: _____, 2024

_____
THE HONORABLE CRAIG T. GOLDBLATT
UNITED STATES BANKRUPTCY JUDGE