# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 15 |
| Pride Group Holdings Inc., *et al.*[1] | Case No. 24-10632 (CTG) |
| Debtors in Foreign Proceedings. | (Joint Administration Requested) |

**MOTION OF THE FOREIGN REPRESENTATIVE FOR ENTRY OF AN ORDER SCHEDULING A HEARING ON CHAPTER 15 PETITIONS FOR RECOGNITION AND RELATED RELIEF AND SPECIFYING FORM AND MANNER OF SERVICE OF NOTICE**

Randall Benson, solely in his capacity as the duly authorized foreign representative (the "Foreign Representative") of the above-captioned debtors (collectively, the "Debtors") in the Canadian proceedings (the "CCAA Proceedings") commenced under the *Companies' Creditors Arrangement Act*, R.S.C. 1985 c. C-36, pending before the Ontario Superior Court of Justice (Commercial List) in Ontario, Canada, Court File No. CV-24-00717340-00CL (the "Canadian Court"), respectfully submits this motion (the "Motion") for entry of an order (the "Notice Order"), substantially in the form attached as **Exhibit A**, (i) scheduling a hearing (the "Recognition Hearing") on the relief sought in the Debtors' *Verified Petition for (I) Recognition of Foreign Main Proceedings, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* (the "Verified Petition")[2] and the *Chapter 15 Petition for Recognition of a Foreign Proceeding* for each of the Debtors (together with the Verified Petition, the "Petitions") (ii) setting the deadline by which any responses or objections to the Petitions must be

---

[1] The last four digits of Debtor Pride Group Holdings Inc.'s Canadian business number are 6399. Due to the large number of debtors in these chapter 15 cases, a complete list of the debtor entities and the last four digits of their federal identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/pridegroup. The Debtors' service address for the purposes of these chapter 15 cases is 1450 Meyerside, Suite 401, Mississauga, Ontario, L5T 2N5, Canada.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Verified Petition.

received (the "Objection Deadline"), (iii) approving the form of the notice of these chapter 15 cases (the "Chapter 15 Cases"), the relief sought in the Petitions, the Objection Deadline, the Court's entry of the Provisional Relief Order (defined below) and the Recognition Hearing that is attached as **Exhibit 1** (the "Notice") and (iv) approving the manner of service of the Notice. In support of the Motion, the Foreign Representative respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. Recognition of a foreign proceeding and other matters under chapter 15 of the Bankruptcy Code are core matters under 28 U.S.C. § 157(b)(2)(P).

2. The Foreign Representative, solely in his capacity as such, consents to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3. Venue is proper in this Court and this District pursuant to 28 U.S.C. § 1410.

4. The statutory predicates for the relief requested herein are sections 105, 1514, and 1515 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rules 2002, 9006, 9007 and 9008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2002-1(b) of the Local Rules of Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## BACKGROUND

5. On March 27, 2024, the Debtors commenced the CCAA Proceedings under the supervision of the Canadian Court. On March 28, 2024, the Canadian Court signed an initial order

(the "Initial Order") authorizing, among other things, Randall Benson to act as the Foreign Representative of the Debtors.

6. On the date hereof, the Foreign Representative filed petitions under chapter 15 of the Bankruptcy Code for recognition of the CCAA Proceedings, thereby commencing the Chapter 15 Cases.

7. Contemporaneously with the filing of this Motion, the Foreign Representative filed the *Motion of the Foreign Representative for Entry of an Order Granting Provisional Relief Pursuant to Sections 105(a) and 1519 of the Bankruptcy Code* (the "Provisional Relief Motion") requesting entry of an order recognizing and enforcing on a provisional basis, among other things, the Initial Order entered by the Canadian Court and granting related relief (the "Provisional Relief Order").

8. A detailed description of the Debtors and their businesses and the facts and circumstances supporting this Motion and the Chapter 15 Cases are set forth in (i) the Verified Petition and (ii) the *Declaration of Randall Benson in Support of (A) the Debtors' Verified Petition for (I) Recognition of Foreign Main Proceedings, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code and (B) Motion for Provisional Relief*, each filed contemporaneously herewith and incorporated by reference.

## RELIEF REQUESTED

9. By this Motion, the Foreign Representative respectfully requests the entry of the Notice Order, substantially in the form attached hereto as **Exhibit A**, (i) scheduling the Recognition Hearing at the earliest possible time, (ii) setting the Objection Deadline, (iii) approving the form of Notice attached hereto as **Exhibit 1** and (iv) approving the manner of service of the Notice.

### A. Recognition Hearing

10. The Foreign Representative respectfully requests that the Recognition Hearing be scheduled on the earliest possible date at least twenty-one (21) days after service of the Notice, Petitions and Provisional Relief Order (upon entry by the Court) (collectively, the "Notice Documents") on the Notice Parties (as defined below).

### B. Objections to the Petitions

11. The Foreign Representative further requests that the Court require any party in interest wishing to submit a response, answer, or objection to the Petitions must do so pursuant to the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and such response, answer, or objection must (i) be in writing, (ii) set forth in detail the factual and legal bases therefor, (iii) be filed with the United States Bankruptcy Court for the District of Delaware, Office of the Clerk of the Court, 824 Market Street, Wilmington, Delaware 19801, and (iv) served upon counsel for the Foreign Representative, Linklaters LLP, 1290 Avenue of the Americas, New York, New York 10104 (Attention: Penelope J. Jensen, Esq. and Christopher J. Hunker, Esq.) and Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market St., 16th Floor, P.O. Box 1347, Wilmington, Delaware 19801 (Attention: Derek C. Abbott, Esq. and Andrew R. Remming, Esq.), so as to be actually received at least seven (7) days prior to the Recognition Hearing.

### C. Recognition Hearing Notice

12. The Foreign Representative further requests that the Court approve the Notice in substantially the form attached hereto as **Exhibit 1**. The Notice will notify the Notice Parties (defined below) of: (i) the filing of the Chapter 15 Cases, (ii) the relief sought in the Petitions, (iii) the Objection Deadline, (iv) the Court's entry of the Provisional Relief Order and (v) the Recognition Hearing. The Notice will also provide that copies of the Notice Documents are

available and may be obtained (i) at the electronic case filing ("ECF") website maintained by the federal judiciary where interested parties may view all pleadings filed in the Chapter 15 Cases, (ii) free of charge at the website maintained by the Foreign Representative's noticing agent, Epiq Corporate Restructuring, LLC (the "Noticing Agent") and (iii) free of charge upon written request to the Foreign Representative's counsel.

## BASIS FOR RELIEF REQUESTED

### A. Form and Manner of Service of the Notice

13. Bankruptcy Rule 2002(q)(1) requires "at least 21 days' notice by mail of the hearing" on a petition for recognition of a foreign proceeding. Bankruptcy Rule 2002(q)(1) provides that:

> . . . the debtor, all persons or bodies authorized to administer foreign proceedings of the debtor, all entities against whom provisional relief is being sought under § 1519 of the Code, all parties to litigation pending in the United States in which the debtor is a party at the time of the filing of the petition, and such other entities as the court may direct, [shall be given] notice by mail of the hearing on the petition for recognition of a foreign proceeding. . . .

Bankruptcy Rule 2002(q), however, does not specify the form and manner in which notice must be given. Pursuant to Bankruptcy Rules 2002(m) and 9007, when notice is to be given under the Bankruptcy Rules, the presiding court may designate the form and manner in which such notice shall be given.

14. Pursuant to Bankruptcy Rule 2002(q) and Local Rule 2002-1(b), the Foreign Representative proposes to serve the Notice Documents by hand delivery, overnight courier, or domestic or foreign mail, first-class postage prepaid or, for entities with addresses that are not in the United States, by electronic mail two (2) business days after entry of the Notice Order, or as soon thereafter as is reasonably practicable, upon the following entities or their counsel, if known:

5


(i) the United States Trustee for the District of Delaware; (ii) the Debtors; (iii) all persons or bodies authorized to administer foreign proceedings of the Debtors, including the CCAA Proceedings; (iv) all entities against whom provisional relief is being sought under section 1519 of the Bankruptcy Code; (v) all known creditors and contract counterparties of the Debtors and their non-Debtor affiliates in the United States; (vi) all parties to litigation pending in the United States to which any of the Debtors and their non-Debtor affiliates is a party at the time of the filing of the Petitions; (vii) all parties that have filed a notice of appearance in the Chapter 15 Cases; and (viii) all other parties that have requested notice in these cases pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").

15.     The Foreign Representative believes that supplementing the notice required by the Bankruptcy Rules by publishing the Notice in the national edition of the *Wall Street Journal* no later than April 11, 2024, and in such other publications as the Foreign Representative deems appropriate, would ensure that sufficient notice of the Petitions, the time fixed for filing objections to the relief sought in the Petitions, and the time, date, and place or access information of the Recognition Hearing, is provided to persons who might not otherwise receive notice. Bankruptcy Rule 2002(l) permits the Court to "order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice." Fed. R. Bankr. P. 2002(l).

16.     The Foreign Representative submits that the form and manner of service of the Notice Documents and the procedures outlined herein constitute adequate and sufficient notice of the Chapter 15 Cases, the relief sought in the Petitions, the Objection Deadline, the Court's entry of the Provisional Relief Order, and the Recognition Hearing to all parties, including those with foreign addresses. Accordingly, the Foreign Representative respectfully requests that this Court approve the form and manner of service of the Notice for the Notice Parties.

### B. Section 1514(c) is not Applicable to these Cases

17. Section 1514(c) provides that "[w]hen a notification of commencement of a case is to be given to foreign creditors, such notification shall (1) indicate the time period for filing proofs of claim and specify the place for filing such proofs of claim; [and] (2) indicate whether secured creditors need to file proofs of claim . . . ." 11 U.S.C. § 1514(c).  Given that these are ancillary cases under chapter 15 and creditors will not be filing proofs of claim in the Chapter 15 Cases, the Foreign Representative respectfully submits that section 1514 is inapplicable here.  As explained in Collier on Bankruptcy, that section is the "last in a series of sections dealing with the international aspects of cases under chapters *other than chapter 15* that began with section 1511." 8 Collier on Bankruptcy ¶ 1514.01 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) (emphasis added). To the extent section 1514(c) applies, the Foreign Representative respectfully requests that the requirements contained therein be waived.

### NOTICE

18. The Foreign Representative has provided notice of this Motion consistent with Local Rule 9013-1(m).  The Foreign Representative submits that such notice is sufficient in view of the facts and circumstances, and no other or further notice need be provided.

### NO PRIOR REQUEST

19. No prior request for the relief sought in this Motion has been made to this or any other court.

### CONCLUSION

WHEREFORE, the Foreign Representative respectfully requests that this Court (i) enter the Notice Order granting the relief requested herein and (ii) grant such other and further relief as is just and proper.

Dated: April 1, 2024
      Wilmington, Delaware

                      **MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

                      */s/ Derek C. Abbott*
                      Derek C. Abbott (No. 3376)
                      Andrew R. Remming (No. 5120)
                      Austin T. Park (No. 7247)
                      1201 North Market Street
                      P.O. Box 1347
                      Wilmington, DE 19899-1347
                      Telephone: (302) 658-9200
                      Facsimile: (302) 658-3989
                      dabbott@morrisnichols.com
                      aremming@morrisnichols.com
                      apark@morrisnichols.com

                      -and-

                      **LINKLATERS LLP**
                      Penelope J. Jensen
                      Christopher J. Hunker
                      Clark L. Xue
                      1290 Avenue of the Americas
                      New York, NY 10104
                      Telephone: (212) 903-9000
                      Facsimile: (212) 903-9100
                      penelope.jensen@linklaters.com
                      christopher.hunker@linklaters.com
                      clark.xue@linklaters.com

                      *Attorneys for the Foreign Representative*