**Exhibit B**

Redline of Proposed Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Pride Group Holdings Inc., *et al.*[1]<br><br>Debtors in Foreign Proceedings. | Chapter 15<br><br>Case No. 24-10632 (CTG)<br><br>(Joint Administration Requested) Jointly Administered |

ORDER GRANTING MOTION OF THE
FOREIGN REPRESENTATIVE FOR PROVISIONAL RELIEF
PURSUANT TO SECTIONS 105(a) AND 1519 OF THE BANKRUPTCY CODE

Upon the motion (the "Motion")[2] filed by Randall Benson, solely in his capacity as the foreign representative (the "Foreign Representative") of the above-captioned debtors (collectively, the "Debtors") seeking entry of a provisional relief order (this "Order") under the Bankruptcy Code to protect the Debtors and their non-Debtor affiliates (collectively, the "Pride Group")[3] and their property within the territorial jurisdiction of the United States pending recognition of the Debtors' Canadian proceedings (the "CCAA Proceedings") commenced under the Companies' Creditors Arrangement Act (the "CCAA"), pending before the Ontario Superior Court of Justice (Commercial List) in Ontario, Canada, Court File No. CV-24-00717340-00CL (the "Canadian Court"); and upon this Court's review and

---

[1] The last four digits of Debtor Pride Group Holdings Inc.'s Canadian business number are 6399. Due to the large number of debtors in these chapter 15 cases, a complete list of the debtor entities and the last four digits of their unique identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' noticing agent at https://dm.epiq11.com/pridegroup. The Debtors' service address for the purposes of these chapter 15 cases is 1450 Meyerside, Suite 401, Mississauga, Ontario, L5T 2N5, Canada.

[2] Capitalized terms not defined herein are used as defined in the Motion.

[3] As used herein, "Pride Group" does not include certain the following affiliated entities that are special-purpose securitization vehicles that do not engage in any business or activity other than acting as purchasers of securitized assets or issuers of asset-backed obligations under various securitization agreements. These entities: TPine USA Funding I LLC, TPine USA Funding II LLC, TPine USA Funding III LLC, TPine USA Funding IV LLC, TPine Canada Securitization L.P., and TPine Canada GP L.P. (collectively, the "Securitization SPVs"). The Securitization SPVs are not applicants in the CCAA Proceedings, are not Debtors in these Chapter 15 Cases, and no relief is sought with respect to these entities.

consideration of the Motion, the Verified Petition, the Benson Declaration, and the Nicholson Declaration; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 109 and 1501; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P); and venue being proper before this Court pursuant to 28 U.S.C. § 1410(1) and (3); and appropriate, sufficient and timely notice of the Motion and the hearing thereon having been given pursuant to Bankruptcy Rules 1011(b) and 2002(q); and upon the record established at such hearing (the "Hearing"); and it appearing that the relief requested in the Motion is necessary to preserve the value of the Pride Group's assets and business and in the best interests of the Debtors' estates, their creditors and other parties in interest; and the Court having determined that the relief requested in the Motion is consistent with the purpose of chapter 15 of the Bankruptcy Code and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and no objections or other responses having been filed that have not been overruled, withdrawn or otherwise resolved; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY FOUND AND DETERMINED THAT:**

    A.    The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

    B.    There is a substantial likelihood that the Foreign Representative will successfully demonstrate that the CCAA Proceedings constitute "foreign main proceedings"

as defined in section 1502(4) of the Bankruptcy Code and that the Court will determine the additional relief sought herein, including the relief under sections 362, 364 and 365 of the Bankruptcy Code, is necessary to effectuate the purpose of chapter 15 and to protect the assets of the Pride Group and the interests of creditors as contemplated by section 1521 of the Bankruptcy Code.

      C.      As evidenced by the Initial Order, the Canadian Court has determined that the commencement or continuation of any action or proceeding in Canada against the Pride Group, the Personal Guarantors, or any of their assets should be enjoined pursuant to applicable Canadian law to permit the expeditious and economical administration of the CCAA Proceedings, and such relief will either (a) not cause an undue hardship to any creditors or other parties-in-interest or (b) any hardship to such creditors or parties is outweighed by the benefits of the relief requested.  This Court similarly determines that, consistent with the Initial Order, the commencement or continuation of any action or proceeding in the United States against the Pride Group, the Personal Guarantors, or any of their assets located within the United States should be enjoined pursuant to sections 105 and 1519(a) of the Bankruptcy Code to permit the expeditious and economical administration of the CCAA Proceedings, and such relief will either (a) not cause an undue hardship to any creditors or other parties-in-interest or (b) any hardship to such creditors or parties is outweighed by the benefits of the relief requested.

      D.      Unless a preliminary injunction is issued, and unless the Debtors are immediately authorized to comply with the Initial Order, and unless all creditors, persons, parties in interest, contract parties, lenders and governmental units and agencies located within the territory of the United States (collectively, the "<u>U.S. Chapter 15 Parties</u>") are bound by the terms of the Initial Order pending the entry of the Recognition Order, there is a material risk that

the U.S. Chapter 15 Parties may take certain actions against the Pride Group or the Personal Guarantors, including (i) initiating or prosecuting lawsuits against the Pride Group or the Personal Guarantors; or (ii) exercising certain remedies under existing debt obligations, executory contracts, or unexpired leases or under applicable law. Such actions could interfere with the jurisdictional mandate of this Court under chapter 15 of the Bankruptcy Code, interfere with and cause harm to the Debtors' efforts to administer and implement the CCAA Proceedings, interfere with the Pride Group's operations, and undermine its efforts to achieve an equitable result for the benefit of all of its stakeholders. Accordingly, there is a material risk that the Pride Group may suffer immediate and irreparable injury (with no adequate remedy at law), and it is therefore necessary that the Court grant the relief set forth in this Order.

      E.     The Foreign Representative has demonstrated that, in the interest of comity, the purpose of chapter 15 is carried out by granting recognition and giving effect to the Initial Order.

      F.     All creditors and other parties in interest are sufficiently protected by the grant of the relief ordered hereby in compliance with section 1522(a) of the Bankruptcy Code.

      G.     The Foreign Representative and the Debtors are entitled to the full protections and rights available pursuant to section 1519(a)(1)-(3) of the Bankruptcy Code.

**BASED ON THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS HEREBY ORDERED THAT:**

      1.     Beginning on the Petition Date and continuing until the date of the entry of an order of this Court recognizing the CCAA Proceedings as "foreign main proceedings" as defined in section 1502(4) of the Bankruptcy Code and the Foreign Representative as a "foreign representative" as defined in section 101(24) of the Bankruptcy Code (unless otherwise extended pursuant to section 1519(b) of the Bankruptcy Code), with respect to the Debtors:

a. The Foreign Representative is recognized as, and shall be, the representative of the Debtors with full authority to administer the Debtors' property and affairs in the United States on a provisional basis.
b. The Pride Group, the Personal Guarantors, and their property located within the United States shall be entitled to the full protections and rights pursuant to section 1519(a)(1), which protections shall be coextensive with the provisions of section 362 of the Bankruptcy Code, *provided, however*, that nothing in this Order shall preclude any party from moving for relief from the stay in accordance with section 362 of the Bankruptcy Code and the Bankruptcy Rules, and the Foreign Representative reserves all rights to oppose such motion. Without limiting the generality of the foregoing, and except as permitted in the Initial Order or authorized by the Foreign Representative in his sole discretion, this Order shall impose a stay within the territorial jurisdiction of the United States of:
   i. the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the Pride Group or the Personal Guarantors, or any of their assets or proceeds thereof, or to recover a claim or enforce any judicial, quasi-judicial, regulatory, administrative or other judgment, assessment, order, lien or arbitration award against the Pride Group, the Personal Guarantors, or any of their assets or proceeds thereof; *provided,* that this Order shall not in any way limit the Pride Group from initiating, prosecuting, or continuing any lawsuits or other actions in the United States in which they are plaintiffs, and any defendants in such lawsuits or other actions shall not be prevented from taking any actions to defend against such lawsuits or other actions;
   ii. the enforcement, against the Pride Group, the Personal Guarantors, or any of their property, of any judgment obtained before the commencement of these Chapter 15 Cases;
   iii. any act to obtain possession of, exercise control over, or create, perfect, or enforce any lien against, any property of the Pride Group or the Personal Guarantors;
   iv. any act to collect, assess, or recover a claim against the Pride Group, the Personal Guarantors, or any of their property that arose before the commencement of these Chapter 15 Cases; including, without limitation, any act to collect cash payments from the Pride Group's lessees on account of unexpired equipment leases; and
   v. the setoff of any debt owing to the Pride Group or the Personal Guarantors that arose before the commencement of these Chapter 15 Cases against any claim of the Pride Group or the Personal Guarantors, as applicable.
c. Section 364 of the Bankruptcy Code shall be applicable with respect to each of the entities within the Pride Group, and their property within the United States.
d. Section 365(e) of the Bankruptcy Code shall apply with respect to the executory contracts and unexpired leases of the Pride Group such that,

5

    notwithstanding any provision in any such contract or lease or under applicable law, no executory contract or unexpired lease with any Pride Group entity may be terminated, cancelled, or modified (and any rights or obligations in such leases or contracts cannot be terminated or modified) solely because of a provision in any contract or lease of the kind described in sections 365(e)(1) of the Bankruptcy Code, and all contract and lease counterparties located within the United States shall be prohibited from taking any steps to terminate, modify, or cancel any contracts or leases with the Pride Group arising from or relating in any way to any so-called "*ipso facto*" or similar clauses.

  e. The Foreign Representative shall have the rights and protections to which the Foreign Representative is entitled under chapter 15 of the Bankruptcy Code, including, but not limited to, the protections limiting the jurisdiction of U.S. Courts over the Foreign Representative in accordance with section 1510 of the Bankruptcy Code and the granting of additional relief in accordance with sections 1519(a) and 1521 of the Bankruptcy Code.

  f. Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) this Order shall be effective immediately and enforceable upon entry, (ii) the Foreign Representative is not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order, and (iii) the Foreign Representative is authorized and empowered, and may, in his discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

2.  The Foreign Representative, in connection with his appointment as a "foreign representative" in these cases, and the Debtors, are hereby granted the full protections and rights available pursuant to section 1519(a)(1)-(3) of the Bankruptcy Code on a provisional basis.

3.  Pursuant to sections 1519 and 364 of the Bankruptcy Code, to the extent authorized under the Initial Order, the Court recognizes and grants, on a provisional basis, the Administration Charge and the Directors' and Officers' Charge, on all of the Debtors' assets located in the territorial jurisdiction of the United States with the same priority as granted under the Initial Order.

4.  This Order shall serve, on a provisional basis, as sufficient and conclusive notice and evidence of the grant, validity, perfection, and priority of the liens and charges granted in the CCAA Proceedings as they apply to the Debtors and their property located in the territorial

jurisdiction of the United States in respect of the Administration Charge and the Directors' and Officers' Charge without the necessity of filing or recording this Order or any financing statement, mortgage, or other instrument or document which may otherwise be required under the law of any jurisdiction.

5. Service in accordance with the procedures set forth in the Notice Procedures Motion shall be deemed good and sufficient service and adequate notice for all purposes. The Foreign Representative, the Debtors, and their respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules or Local Rules.

6. Consistent with paragraph 4 of the Initial Order, the banks and financial institutions in the United States with which the Debtors maintain bank accounts or on which checks are drawn or electronic payment requests made in payment of prepetition or postpetition obligations are authorized and directed to continue to service and administer the Debtors' bank accounts without interruption and in the ordinary course and to receive, process, honor and pay any and all such checks, drafts, wires and automatic clearing house transfers issued, whether before or after the Petition Date, and draw on the Debtors' bank accounts by respective holders and makers thereof and at the direction of the Foreign Representative or the Debtors, as the case may be.

7. The Foreign Representative is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

8. Nothing in this Order shall affect the right of (i) Mitsubishi HC Capital America, Inc. and its affiliates (collectively, "MHCA") or (ii) Royal Bank of Canada, in its capacity as the administrative agent under the Syndicated Facility, to file a motion requesting adequate protection of their interest in property with the Pride Group as of the Petition Date pursuant to

the Bankruptcy Code, or the rights of the Foreign Representative or any other party-in-interest to respond to such request, and all such rights are expressly preserved.

9. MHCA reserves the right to seek discovery relating to (i) the recognition of the CCAA Proceedings as foreign main or non-main proceedings, and (ii) the provisional relief sought or to be sought by the Foreign Representative. Discovery may include, without limitation, the deposition of the Foreign Representative. The Foreign Representative will not object to a deposition being permissible discovery, and will make Mr. Benson reasonably available to sit for a deposition before the objection deadline for the recognition hearing, but otherwise reserves all rights and objections, including with respect to the permissible scope of discovery.

10. Notwithstanding anything to the contrary herein, this Order shall be without prejudice to any party-in-interest's right to object to (i) the Foreign Representative's request for supplemental provisional relief, which is scheduled to be heard by this Court on April 11, 2024, at 2 p.m. (Eastern time), and (ii) recognition of the CCAA Proceedings as foreign main or non-main proceedings ((i) and (ii) together, the "Chapter 15 Relief"), on any grounds, and the Foreign Representative's and all other parties-in-interests' rights are expressly reserved. No findings of fact made or conclusions of law reached in this Order or on the record at the Hearing shall preclude or prejudice any party-in-interest from challenging such findings of fact or conclusions of law in any subsequent hearing relating to the Chapter 15 Relief.

11. ~~8.~~ The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. ~~9.~~ This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding

brought in and through these ~~chapter~~Chapter 15 ~~cases~~Cases, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

Wilmington, Delaware
Dated: _____, 2024

                                          _____
                                          THE HONORABLE CRAIG T. GOLDBLATT
                                          UNITED STATES BANKRUPTCY JUDGE