**<u>Exhibit A</u>**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>Pride Group Holdings Inc., *et al.*[1]<br><br>Debtors in Foreign Proceedings. | Chapter 15<br><br>Case No. 24-10632 (CTG)<br><br>Jointly Administered |

**ORDER GRANTING PROVISIONAL RELIEF IN CONNECTION**
**WITH DEBTOR IN POSSESSION FINANCING AND CERTAIN PROTOCOLS**
**PURSUANT TO SECTIONS 105(a) AND 1519 OF THE BANKRUPTCY CODE**

Upon the motion (the "Motion")[2] filed by Randall Benson, solely in his capacity as the foreign representative (the "Foreign Representative") of the above-captioned debtors (collectively, the "Debtors") seeking entry of a provisional relief order (this "Order") under the Bankruptcy Code to authorize the Debtors and certain of their non-Debtor affiliates (collectively, the "Pride Group")[3] to obtain DIP financing, grant the DIP Charge, and enforce the A&R Initial Order and Protocols Order pending recognition of the Debtors' Canadian proceedings (the "CCAA Proceedings") commenced under the Companies' Creditors Arrangement Act (the "CCAA"), pending before the Ontario Superior Court of Justice (Commercial List) in Ontario,

---

[1] The last four digits of Debtor Pride Group Holdings Inc.'s Canadian business number are 6399. Due to the large number of debtors in these chapter 15 cases, a complete list of the debtor entities and the last four digits of their unique identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' noticing agent at https://dm.epiq11.com/pridegroup. The Debtors' service address for the purposes of these chapter 15 cases is 1450 Meyerside, Suite 401, Mississauga, Ontario, L5T 2N5, Canada.

[2] Capitalized terms not defined herein are used as defined in the Motion.

[3] As used herein, "Pride Group" includes: (i) each of the "Applicants" listed in Schedule "A" to the A&R Initial Order; (ii) Pride Truck Sales L.P., TPine Leasing Capital L.P., and Sweet Home Hospitality L.P. ((i) and (ii) together, the "Pride Entities"); and (iii) Block 6 Holding Inc., 2500819 Ontario Inc., Pergola Holdings, Corp., and Pride Global Insurance Company Ltd. (the "Additional Stay Parties"). "Pride Group" does not include the following affiliated special-purpose securitization vehicles that do not engage in any business or activity other than acting as purchasers of securitized assets or issuers of asset-backed obligations under various securitization agreements: TPine USA Funding I LLC, TPine USA Funding II LLC, TPine USA Funding III LLC, TPine USA Funding IV LLC, TPine Canada Securitization L.P, and TPine Canada GP L.P. (collectively, the "Securitization SPVs"). The Securitization SPVs are not applicants in the CCAA Proceedings, are not Debtors in these Chapter 15 Cases, and no relief is sought with respect to these entities.

Canada, Court File No. CV-24-00717340-00CL (the "<u>Canadian Court</u>"); and upon this Court's review and consideration of the Motion and the Second Benson Declaration; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 109 and 1501; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P); and venue being proper before this Court pursuant to 28 U.S.C. § 1410(1) and (3); and appropriate, sufficient and timely notice of the Motion and the hearing thereon having been given pursuant to Bankruptcy Rules 1011(b) and 2002(q); and upon the record established at such hearing; and it appearing that the relief requested in the Motion is necessary to preserve the value of the Pride Group's assets and business and in the best interests of the Debtors' estates, their creditors and other parties in interest; and the Court having determined that the relief requested in the Motion is consistent with the purpose of chapter 15 of the Bankruptcy Code and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and no objections or other responses having been filed that have not been overruled, withdrawn or otherwise resolved; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A.    The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.    There is a substantial likelihood that the Foreign Representative will successfully demonstrate that the CCAA Proceedings constitute "foreign main proceedings" as

defined in section 1502(4) of the Bankruptcy Code and that the Court will determine the additional relief sought herein is necessary to effectuate the purpose of chapter 15 and to protect the assets of the Pride Group and the interests of creditors as contemplated by section 1521 of the Bankruptcy Code.

C.      The Foreign Representative has demonstrated to the Canadian Court that the incurrence of indebtedness under the DIP Facility and granting of the DIP Charge, as authorized by the A&R Initial Order, is necessary to prevent irreparable harm to the Pride Group because, absent such financing, it will be unable to continue operations and fund its restructuring, which will significantly impair the value of the Pride Group's assets.

D.      The Foreign Representative has demonstrated that the terms of the DIP Term Sheet, as approved in the A&R Initial Order, are fair and reasonable and were entered into in good faith by the DIP Borrowers, the DIP Agent, and the DIP Lenders, and that the DIP Lenders would not extend financing without the protections provided by sections 364 of the Bankruptcy Code, made applicable through section 1519(a)(3) of the Bankruptcy Code, or without the provisions of this Order and the Court's provisional enforcement of the protections set forth in the A&R Initial Order relating to the DIP Facility in the United States.

E.      The Foreign Representative has demonstrated that the enforcement of the Protocols Order on a provisional basis in the United States is proper under the circumstances, as the Protocols are intended to promote fairness, transparency and oversight among the Pride Entities' stakeholders, and the DIP Lenders would not extend financing without the provisions of this Order and the Court's provisional enforcement of the Protocols Order in the United States.

F.      The Foreign Representative has demonstrated that, in the interest of comity, the

purpose of chapter 15 is carried out by giving effect to the A&R Initial Order and the Protocols

Order.

G.      All creditors and other parties in interest are sufficiently protected by the grant of

the relief ordered hereby in compliance with section 1522(a) of the Bankruptcy Code.

H.      The Foreign Representative and the Pride Group are entitled to the full

protections and rights available pursuant to section 1519(a)(1)-(3) of the Bankruptcy Code.

**BASED ON THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF
LAW, IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted as set forth herein.

2.      The A&R Initial Order is hereby given full force and effect on a provisional basis

with respect to the Pride Group, the Personal Guarantors (as applicable) and their property located

within the territorial jurisdiction of the United States, including, without limitation, the provisions

of the A&R Initial Order (i) authorizing and empowering the DIP Borrowers to obtain credit under

the DIP Facility pursuant to the terms of the DIP Term Sheet; (ii) authorizing and empowering the

DIP Borrowers to execute and deliver the DIP Documentation as contemplated under the DIP

Term Sheet or as reasonably required by the DIP Agent; (iii) authorizing and empowering the DIP

Borrowers to pay and perform all their indebtedness, interest, fees, liabilities, and obligations to

the DIP Agent and the DIP Lenders under the DIP Documentation as they become due; (iv)

granting the DIP Charge on the assets, undertakings, and properties of the Pride Entities to the DIP

Agent for and on behalf of the DIP Lenders and in the priorities set out in the A&R Initial Order;

and (v) increasing the size of the Administration Charge and the Directors' and Officers' Charge

over the Pride Entities' assets.

3.      The Protocols Order is hereby given full force and effect on a provisional basis with respect to the Pride Group and its property located within the territorial jurisdiction of the United States, including, without limitation, the provisions of the Protocols Order approving (i) the Governance Protocol; (ii) the Real Estate Monetization Plan; and (iii) the Intercompany and Unsecured Claims Preservation Protocol.

4.      Pursuant to sections 1519 and 1521 of the Bankruptcy Code, the A&R Initial Order, the Protocols Order, and the transactions consummated or to be consummated thereunder, including, without limitation, entry into and performance under the DIP Term Sheet and other DIP Documentation, shall be enforceable and given full force and effect in the United States, on a provisional basis, to the same extent that they are enforceable and given effect in Canada and shall be binding on all creditors of the Pride Group and any of its successors or assigns within the territorial jurisdiction of the United States.

5.      Pursuant to sections 1519 and 364 of the Bankruptcy Code, to the extent authorized under the A&R Initial Order, the DIP Charge on all of the Pride Entity's assets, undertakings, and properties located in the territorial jurisdiction of the United States shall be enforceable and given full force and effect in the United States, on a provisional basis, with the same priority as granted under the A&R Initial Order.

6.      This Order shall serve, on a provisional basis, as sufficient and conclusive notice and evidence of the grant, validity, perfection, and priority of the liens and charges granted in the CCAA Proceedings as they apply to the Pride Entities and their assets, undertakings, and properties located in the territorial jurisdiction of the United States in respect of the DIP Charge without the necessity of filing or recording this Order or any financing statement, mortgage, or other instrument or document which may otherwise be required under the law of any jurisdiction.

7.      Pending entry by this Court of the Recognition Order, the Foreign Representative and the DIP Borrowers are entitled, on a provisional basis, to the benefits of, and may comply with, the terms and conditions of the DIP Term Sheet and other DIP Documentation, including, but not limited to, the payment of fees and expenses as they come due without further notice or order of this Court.

8.      Any interim advances made to the DIP Borrowers by the DIP Lenders pursuant to the A&R Initial Order and the DIP Term Sheet or the other DIP Documentation prior to this Court's determination on the relief requested in the Verified Petition seeking recognition of the CCAA Proceedings as "foreign main proceedings," shall, pursuant to sections 1507, 1519(a)(3), and 105(a) of the Bankruptcy Code, be deemed to have been made by the DIP Lenders in good faith, as that term is used in section 364(e) of the Bankruptcy Code.

9.      The validity of the indebtedness and the priority of the liens authorized by the A&R Initial Order made enforceable in the United States by this Order, shall not be affected by any reversal or modification of this Order on appeal or the entry of any order denying recognition of the CCAA Proceedings pursuant to section 1517 of the Bankruptcy Code.

10.      No action, inaction, or acquiescence by the DIP Agent or the DIP Lenders, including, without limitation, funding the Pride Entities' ongoing operations under this Order, shall be deemed to be or shall be considered as evidence of any alleged consent by the DIP Agent or the DIP Lenders to a charge against the collateral pursuant to sections 506(c), 552(b), or 105(a) of the Bankruptcy Code.  The DIP Agent and the DIP Lenders shall not be subject in any way whatsoever to the equitable doctrine of "marshaling" or any similar doctrine with respect to the collateral.

11.      Effective on a provisional basis upon entry of this Order, to the extent precluded by or provided for under the A&R Initial Order, no person or entity shall be entitled, directly or

indirectly, whether by operation of sections 506(c), 552(b), or 105 of the Bankruptcy Code or otherwise, to direct the exercise of remedies or seek (whether by order of this Court or otherwise) to marshal or otherwise control the disposition of any collateral or property after a breach under the DIP Facility, the DIP Documentation, the A&R Initial Order, or this Order.

12.     Notwithstanding any stay, injunction or similar relief granted in these Chapter 15 Cases, the DIP Agent and DIP Lenders are authorized to exercise all remedies and take any and all enforcement actions permitted under the A&R Initial Order, subject to the provisions of the A&R Initial Order.

13.     The Foreign Representative is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

14.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

15.     This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through these Chapter 15 Cases, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

Wilmington, Delaware
Dated: _____, 2024

_____
THE HONORABLE CRAIG T. GOLDBLATT
UNITED STATES BANKRUPTCY JUDGE