**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 15 |
| Pride Group Holdings Inc., *et al.*[1] | Case No. 24-10632 (CTG) |
| Debtors in Foreign Proceedings. | Jointly Administered |

## REGION BANK'S LIMITED OBJECTION AND RESERVATION OF RIGHTS TO THE MOTION OF THE FOREIGN REPRESENTATIVE FOR ENTRY OF AN ORDER GRANTING PROVISIONAL RELIEF IN CONNECTION WITH DEBTOR IN POSSESSION FINANCING AND CERTAIN PROTOCOLS PURSUANT TO SECTIONS 105(a) AND 1519 OF THE BANKRUPTCY CODE

Regions Bank  ("Regions") hereby files this limited objection and reservation of rights (the "Limited Objection") with respect to the *Motion of the Foreign Representative for Entry of an Order Granting Provisional Relief in Connection with Debtor in Possession Financing and Certain Protocols Pursuant to Sections 105(A) and 1519 of the Bankruptcy Code  Debtors' Motion for Entry of Interim and Final Orders (a) Authorizing the Debtors to Obtain Postpetition Financing, (b) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (c) Granting Adequate Protection to the Prepetition Secured Parties, (d) Modifying the Automatic Stay, (e) Authorizing the Debtors to Use Cash Collateral, (f) Scheduling a Final Hearing and (g) Granting Related Relief* [D.I. 70] (the "DIP Motion") filed by the foreign representative (the Foreign Representative") of the above-captioned debtors (the "Debtors").[2]  In support of this Limited Objection, Regions hereby states as follows:

---

[1] The last four digits of Debtor Pride Group Holdings Inc.'s Canadian business number are 6399. Due to the large number of debtors in these chapter 15 cases, a complete list of the debtor entities and the last four digits of their unique identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' noticing agent at https://dm.epiq11.com/pridegroup. The Debtors' service address for the purposes of these chapter 15 cases is 1450 Meyerside, Suite 401, Mississauga, Ontario, L5T 2N5, Canada.

[2] Capitalized terms not defined herein are defined in the DIP Motion or Proposed Order, as applicable.

## RELEVANT BACKGROUND

1.     Prior to the Petition Date Regions and certain non-Debtor entities entered into that certain Receivables Loan and Security Agreement, dated as of February 11, 2022, (as amended, restated, supplemented, or otherwise modified from time to time) by and among TPine USA Funding II LLC, as borrower, TPine Leasing Capital L.P., as initial servicer and originator, GreatAmerica Portfolio Services Group LLC as successor backup servicer, Regions as administrative agent and lender, and certain performance guarantors, pursuant to which certain non-Debtor entities granted security interests in non-Debtor assets.  The DIP Motion includes TPine Leasing Capital L.P., in the definition of "Pride Entities" and therefore the proposed Recognition Order purports to authorize encumbering the assets of such entity with super-priority priming liens in favor of the DIP Lenders.  However, TPine Leasing Capital L.P. is not a Debtor hereunder.

## LIMITED OBJECTION

2.     Under the DIP Motion and pursuant to the proposed Recognition Order, the Debtors seek to extend the substantive protections of Section 364 not only to the Debtors and their property, but also to the other Pride Entities and/or members of the Pride Group that are not debtors herein. Section 1521(a)(7) of the Bankruptcy Code – made applicable at this stage of the proceedings pursuant to Section 1519(a)(3) – allows bankruptcy courts in Chapter 15 proceedings to grant relief that would otherwise be available to the trustee (and, by extension, debtor-in-possession) in a case under other chapters of the Bankruptcy Code.  While Section 364 authorizes trustees (or debtors in possession) to obtain credit, and to grant priming liens under certain circumstances, nothing in the Bankruptcy Code authorizes the Court to authorize incurrence of indebtedness by non-debtors, or the granting (or recognition) of liens—whether priming or otherwise—on non-estate property

owned by such non-debtor parties.  *See* 11 U.S.C. § 364(d) ("The Court . . . may authorize the obtaining of credit or the incurring of debt secured by a senior or equal lien ***on property of the estate*** . . . .").  And in turn, any protections under Section 364(e) are limited to any borrowings that could be and are so authorized Section 364 generally.

3.      Accordingly, to the extent that the Proposed Order or any other order seeks to impermissibly extend any Section 364 protections with respect to any Pride Entity that is not a Debtor, or to any non-estate assets, Regions objects to such relief as impermissible under the Bankruptcy Code and proposes the modifications to the Proposed Order as set forth on **Exhibit A** hereto.

WHEREFORE, Regions respectfully requests that this Court (i) sustain this Limited Objection; (ii) modify the Proposed Order as set forth on **Exhibit A**; and (iii) enter any such other and further relief in favor of Regions as this Court deems just and proper.

Respectfully submitted,

Dated: April 11, 2024
Wilmington, Delaware

*s/ Ryan M. Bartley*
Ryan M. Bartley (No. 4985)
YOUNG CONAWAY STARGATT &
TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  302-571-6600
Email:  rbartley@ycst.com

-and-

Sean T. Scott (*pro hac vice* pending)
Joshua R. Gross (*pro hac vice* forthcoming)
Jade M. Edwards (*pro hac vice* pending)
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 782-0600
Email: STScott@mayerbrown.com
        JGross@mayerbrown.com
        JMEdwards@mayerbrown.com

*Counsel to Regions Bank*

**<u>Exhibit A</u>**

**Proposed Modifications to Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 15 |
| Pride Group Holdings Inc., *et al.*[1] | Case No. 24-10632 (CTG) |
| Debtors in Foreign Proceedings. | Jointly Administered |

**ORDER GRANTING PROVISIONAL RELIEF IN CONNECTION
WITH DEBTOR IN POSSESSION FINANCING AND CERTAIN PROTOCOLS
PURSUANT TO SECTIONS 105(a) AND 1519 OF THE BANKRUPTCY CODE**

Upon the motion (the "Motion")[2] filed by Randall Benson, solely in his capacity as the foreign representative (the "Foreign Representative") of the above-captioned debtors (collectively, the "Debtors") seeking entry of a provisional relief order (this "Order") under the Bankruptcy Code to authorize the Debtors and certain of their non-Debtor affiliates (collectively, the "Pride Group")[3] to obtain DIP financing, grant the DIP Charge, and enforce the A&R Initial Order and Protocols Order pending recognition of the Debtors' Canadian proceedings (the "CCAA Proceedings") commenced under the Companies' Creditors Arrangement Act (the "CCAA"), pending before the Ontario Superior Court of Justice (Commercial List) in Ontario,

---

[1]  The last four digits of Debtor Pride Group Holdings Inc.'s Canadian business number are 6399. Due to the large number of debtors in these chapter 15 cases, a complete list of the debtor entities and the last four digits of their unique identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' noticing agent at  https://dm.epiq11.com/pridegroup. The Debtors' service address for the purposes of these chapter 15 cases is 1450 Meyerside, Suite 401, Mississauga, Ontario, L5T 2N5, Canada.

[2]  Capitalized terms not defined herein are used as defined in the Motion.

[3]  As used herein, "Pride Group" includes: (i) each of the "Applicants" listed in Schedule "A" to the A&R Initial Order; (ii) Pride Truck Sales L.P., TPine Leasing Capital L.P., and Sweet Home Hospitality L.P. ((i) and (ii) together, the "Pride Entities"); and (iii) Block 6 Holding Inc., 2500819 Ontario Inc., Pergola Holdings, Corp., and Pride Global Insurance Company Ltd. (the "Additional Stay Parties"). "Pride Group" does not include the following affiliated special-purpose securitization vehicles that do not engage in any business or activity other than acting as purchasers of securitized assets or issuers of asset-backed obligations under various securitization agreements: TPine USA Funding I LLC, TPine USA Funding II LLC, TPine USA Funding III LLC, TPine USA Funding IV LLC, TPine Canada Securitization L.P, and TPine Canada GP L.P. (collectively, the "Securitization SPVs"). The Securitization SPVs are not applicants in the CCAA Proceedings, are not Debtors in these Chapter 15 Cases, and no relief is sought with respect to these entities.

Canada, Court File No. CV-24-00717340-00CL (the "Canadian Court"); and upon this Court's review and consideration of the Motion and the Second Benson Declaration; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 109 and 1501; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P); and venue being proper before this Court pursuant to 28 U.S.C. § 1410(1) and (3); and appropriate, sufficient and timely notice of the Motion and the hearing thereon having been given pursuant to Bankruptcy Rules 1011(b) and 2002(q); and upon the record established at such hearing; and it appearing that the relief requested in the Motion is necessary to preserve the value of the Pride Group's assets and business and in the best interests of the Debtors' estates, their creditors and other parties in interest; and the Court having determined that the relief requested in the Motion is consistent with the purpose of chapter 15 of the Bankruptcy Code and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and no objections or other responses having been filed that have not been overruled, withdrawn or otherwise resolved; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A.     The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.     There is a substantial likelihood that the Foreign Representative will successfully demonstrate that the CCAA Proceedings constitute "foreign main proceedings" as

defined in section 1502(4) of the Bankruptcy Code and that the Court will determine the additional relief sought herein is necessary to effectuate the purpose of chapter 15 and to protect the assets of the Pride Group and the interests of creditors as contemplated by section 1521 of the Bankruptcy Code.

C.      The Foreign Representative has demonstrated to the Canadian Court that the incurrence of indebtedness under the DIP Facility and granting of the DIP Charge, as authorized by the A&R Initial Order, is necessary to prevent irreparable harm to the Pride Group because, absent such financing, it will be unable to continue operations and fund its restructuring, which will significantly impair the value of the Pride Group's assets.

D.      The Foreign Representative has demonstrated that the terms of the DIP Term Sheet, as approved in the A&R Initial Order, are fair and reasonable and were entered into in good faith by the DIP Borrowers, the DIP Agent, and the DIP Lenders, and that the DIP Lenders would not extend financing without the protections provided by sections 364 of the Bankruptcy Code, made applicable through section 1519(a)(3) of the Bankruptcy Code, or without the provisions of this Order and the Court's provisional enforcement of the protections set forth in the A&R Initial Order relating to the DIP Facility in the United States.

E.      The Foreign Representative has demonstrated that the enforcement of the Protocols Order on a provisional basis in the United States is proper under the circumstances, as the Protocols are intended to promote fairness, transparency and oversight among the Pride Entities' stakeholders, and the DIP Lenders would not extend financing without the provisions of this Order and the Court's provisional enforcement of the Protocols Order in the United States.

F.      The Foreign Representative has demonstrated that, in the interest of comity, the purpose of chapter 15 is carried out by giving effect to the A&R Initial Order and the Protocols Order.

G.      All creditors and other parties in interest are sufficiently protected by the grant of the relief ordered hereby in compliance with section 1522(a) of the Bankruptcy Code.

H.      The Foreign Representative and the Pride Group are entitled to the full protections and rights available pursuant to section 1519(a)(1)-(3) of the Bankruptcy Code.

**BASED ON THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted as set forth herein.

2.      The A&R Initial Order is hereby given full force and effect on a provisional basis with respect to the ~~Pride Group~~Debtors, the Personal Guarantors (as applicable) and their property located within the territorial jurisdiction of the United States, including, without limitation, the provisions of the A&R Initial Order (i) authorizing and empowering the ~~DIP Borrowers~~Debtors to obtain credit under the DIP Facility pursuant to the terms of the DIP Term Sheet; (ii) authorizing and empowering the ~~DIP Borrowers~~Debtors to execute and deliver the DIP Documentation as contemplated under the DIP Term Sheet or as reasonably required by the DIP Agent; (iii) authorizing and empowering the ~~DIP Borrowers~~Debtors to pay and perform all their indebtedness, interest, fees, liabilities, and obligations to the DIP Agent and the DIP Lenders under the DIP Documentation as they become due; (iv) granting the DIP Charge on the assets, undertakings, and properties of the ~~Pride Group~~Debtors to the DIP Agent for and on behalf of the DIP Lenders and in the priorities set out in the A&R Initial Order; and (v) increasing the size of the Administration Charge and the Directors' and Officers' Charge over the ~~Pride Entities'~~Debtors' assets.

4

3.      The Protocols Order is hereby given full force and effect on a provisional basis with respect to the ~~Pride Group~~Debtors and ~~its~~ their property located within the territorial jurisdiction of the United States, including, without limitation, the provisions of the Protocols Order approving (i) the Governance Protocol; (ii) the Real Estate Monetization Plan; and (iii) the Intercompany and Unsecured Claims Preservation Protocol.

4.      Pursuant to sections 1519 and 1521 of the Bankruptcy Code, the A&R Initial Order, the Protocols Order, and the transactions consummated by the Debtors or to be consummated by the Debtors thereunder, including, without limitation, entry into and performance under the DIP Term Sheet and other DIP Documentation, shall be enforceable and given full force and effect in the United States, on a provisional basis, to the same extent that they are enforceable and given effect in Canada and shall be binding on all creditors of the ~~Pride Group~~Debtors and any of ~~its~~ their successors or assigns within the territorial jurisdiction of the United States.

5.      Pursuant to sections 1519 and 364 of the Bankruptcy Code, to the extent authorized under the A&R Initial Order, the DIP Charge on all of the ~~Pride Entity's~~Debtors' assets, undertakings, and properties located in the territorial jurisdiction of the United States shall be enforceable and given full force and effect in the United States, on a provisional basis, with the same priority as granted under the A&R Initial Order.

6.      This Order shall serve, on a provisional basis, as sufficient and conclusive notice and evidence of the grant, validity, perfection, and priority of the liens and charges granted in the CCAA Proceedings as they apply to the ~~Pride Entities~~Debtors and their assets, undertakings, and properties located in the territorial jurisdiction of the United States in respect of the DIP Charge without the necessity of filing or recording this Order or any financing statement, mortgage, or other instrument or document which may otherwise be required under the law of any jurisdiction.

7.    Pending entry by this Court of the Recognition Order, the Foreign Representative and the ~~DIP Borrowers~~Debtors are entitled, on a provisional basis, to the benefits of, and may comply with, the terms and conditions of the DIP Term Sheet and other DIP Documentation, including, but not limited to, the payment of fees and expenses as they come due without further notice or order of this Court.

8.    Any interim advances made to the ~~DIP Borrowers~~ Debtors by the DIP Lenders pursuant to the A&R Initial Order and the DIP Term Sheet or the other DIP Documentation prior to this Court's determination on the relief requested in the Verified Petition seeking recognition of the CCAA Proceedings as "foreign main proceedings," shall, pursuant to sections 1507, 1519(a)(3), and 105(a) of the Bankruptcy Code, be deemed to have been made by the DIP Lenders in good faith, as that term is used in section 364(e) of the Bankruptcy Code.

9.    The validity of the indebtedness and the priority of the liens authorized by the A&R Initial Order made enforceable with respect to the Debtors in the United States by this Order, shall not be affected by any reversal or modification of this Order on appeal or the entry of any order denying recognition of the CCAA Proceedings pursuant to section 1517 of the Bankruptcy Code.

10.    No action, inaction, or acquiescence by the DIP Agent or the DIP Lenders, including, without limitation, funding the Pride Entities' ongoing operations under this Order, shall be deemed to be or shall be considered as evidence of any alleged consent by the DIP Agent or the DIP Lenders to a charge against the collateral pursuant to sections 506(c), 552(b), or 105(a) of the Bankruptcy Code. The DIP Agent and the DIP Lenders shall not be subject in any way whatsoever to the equitable doctrine of "marshaling" or any similar doctrine with respect to the collateral.

11.    Effective on a provisional basis upon entry of this Order, to the extent precluded by or provided for under the A&R Initial Order, no person or entity shall be entitled, directly or

indirectly, whether by operation of sections 506(c), 552(b), or 105 of the Bankruptcy Code or otherwise, to direct the exercise of remedies or seek (whether by order of this Court or otherwise) to marshal or otherwise control the disposition of any collateral or property after a breach under the DIP Facility, the DIP Documentation, the A&R Initial Order, or this Order.

12.     Notwithstanding any stay, injunction or similar relief granted in these Chapter 15 Cases, the DIP Agent and DIP Lenders are authorized to exercise all remedies and take any and all enforcement actions against the Debtors permitted under the A&R Initial Order, subject to the provisions of the A&R Initial Order.

13.     The Foreign Representative is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

14.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

15.     This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through these Chapter 15 Cases, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

15.16.  Notwithstanding anything herein to the contrary, nothing in this order shall grant any protections or relief under Section 364 of the Bankruptcy Code with respect to the property of any non-Debtor.

Wilmington, Delaware
Dated: _____ , 2024

                                        _____

                                        THE HONORABLE CRAIG T. GOLDBLATT
                                        UNITED STATES BANKRUPTCY JUDGE

7