## Exhibit A

Revised Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>Pride Group Holdings Inc., *et al.*[1]<br><br>Debtors in Foreign Proceedings. | Chapter 15<br><br>Case No. 24-10632 (CTG)<br><br>Jointly Administered |

**ORDER GRANTING PROVISIONAL RELIEF IN CONNECTION
WITH DEBTOR IN POSSESSION FINANCING AND CERTAIN PROTOCOLS
PURSUANT TO SECTIONS 105(a) AND 1519 OF THE BANKRUPTCY CODE**

Upon the motion (the "Motion")[2] filed by Randall Benson, solely in his capacity as the foreign representative (the "Foreign Representative") of the above-captioned debtors (collectively, the "Debtors")[3] seeking entry of a provisional relief order (this "Order") under the Bankruptcy Code to authorize the Debtors and certain of their non-Debtor affiliates (collectively, the "Pride Group")[4] to obtain DIP financing, grant the DIP Charge, and enforce the A&R Initial Order and Protocols Order pending recognition of the Debtors' Canadian proceedings (the "CCAA Proceedings") commenced under the Companies' Creditors Arrangement Act (the "CCAA"), pending before the Ontario Superior Court of Justice (Commercial List) in Ontario,

---

[1] The last four digits of Debtor Pride Group Holdings Inc.'s Canadian business number are 6399. Due to the large number of debtors in these chapter 15 cases, a complete list of the debtor entities and the last four digits of their unique identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' noticing agent at https://dm.epiq11.com/pridegroup. The Debtors' service address for the purposes of these chapter 15 cases is 1450 Meyerside, Suite 401, Mississauga, Ontario, L5T 2N5, Canada.

[2] Capitalized terms not defined herein are used as defined in the Motion.

[3] A list of the Debtors is set forth on Schedule A hereto.

[4] As used herein, "Pride Group" includes: (i) each of the Debtors; (ii) Pride Truck Sales L.P., TPine Leasing Capital L.P., and Sweet Home Hospitality L.P. ((i) and (ii) together, the "Pride Entities"); and (iii) Block 6 Holding Inc., 2500819 Ontario Inc., Pergola Holdings, Corp., and Pride Global Insurance Company Ltd. (the "Additional Stay Parties"). "Pride Group" does not include the following affiliated special-purpose securitization vehicles that do not engage in any business or activity other than acting as purchasers of securitized assets or issuers of asset-backed obligations under various securitization agreements: TPine USA Funding I LLC, TPine USA Funding II LLC, TPine USA Funding III LLC, TPine USA Funding IV LLC, TPine Canada Securitization L.P, and TPine Canada GP L.P. (collectively, the "Securitization SPVs"). The Securitization SPVs are not applicants in the CCAA Proceedings, are not Debtors in these Chapter 15 Cases, and no relief is sought with respect to these entities.

Canada, Court File No. CV-24-00717340-00CL (the "Canadian Court"); and upon this Court's review and consideration of the Motion and the Second Benson Declaration; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 109 and 1501; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P); and venue being proper before this Court pursuant to 28 U.S.C. § 1410(1) and (3); and appropriate, sufficient and timely notice of the Motion and the hearings thereon having been given pursuant to Bankruptcy Rules 1011(b) and 2002(q); and upon the record established at such hearings; and it appearing that the relief requested in the Motion is necessary to preserve the value of the Pride Group's assets and business and in the best interests of the Debtors' estates, their creditors and other parties in interest; and the Court having determined that the relief requested in the Motion is consistent with the purpose of chapter 15 of the Bankruptcy Code and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and no objections or other responses having been filed that have not been overruled, withdrawn or otherwise resolved; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**

    A.    The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

    B.    Subject to the objection of any creditors to entry of the Recognition Order, there is a substantial likelihood that the Foreign Representative will successfully demonstrate that the

CCAA Proceedings constitute "foreign main proceedings" as defined in section 1502(4) of the Bankruptcy Code and that the Court will determine the additional relief sought herein is necessary to effectuate the purpose of chapter 15 and to protect the assets of the Pride Group and the interests of creditors as contemplated by section 1521 of the Bankruptcy Code.

  C. The Foreign Representative has demonstrated to the Canadian Court that the incurrence of indebtedness under the DIP Facility and granting of the DIP Charge and the other Charges (as defined in the A&R Initial Order), as authorized by the A&R Initial Order, is necessary to prevent irreparable harm to the Pride Group because, absent such financing, it will be unable to continue operations and fund its restructuring, which will significantly impair the value of the Pride Group's assets.

  D. The Foreign Representative has demonstrated that the terms of the DIP Term Sheet, as approved in the A&R Initial Order, are fair and reasonable and were entered into in good faith by the DIP Borrowers, the DIP Agent, and the DIP Lenders, and that the DIP Lenders would not extend financing without the provisions of this Order and the Court's provisional enforcement of the protections set forth in the A&R Initial Order relating to the DIP Facility in the United States.

  E. The Foreign Representative has demonstrated that the enforcement of the Protocols Order on a provisional basis in the United States is proper under the circumstances, as the Protocols are intended to promote fairness, transparency and oversight among the Pride Entities' stakeholders, and the DIP Lenders would not extend financing without the provisions of this Order and the Court's provisional enforcement of the Protocols Order in the United States.

F. The Foreign Representative has demonstrated that, in the interest of comity, the purpose of chapter 15 is carried out by giving effect to the A&R Initial Order and the Protocols Order.

G. All creditors and other parties in interest are sufficiently protected by the grant of the relief ordered hereby in compliance with section 1522(a) of the Bankruptcy Code.

H. The Foreign Representative and the Pride Group are entitled to the full protections and rights available pursuant to section 1519(a)(1)-(3) of the Bankruptcy Code.

**BASED ON THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. The A&R Initial Order is hereby given full force and effect on a provisional basis with respect to the Pride Group, the Personal Guarantors (as applicable) and their property located within the territorial jurisdiction of the United States, including, without limitation, the provisions of the A&R Initial Order (i) authorizing and empowering the DIP Borrowers to obtain credit under the DIP Facility pursuant to the terms of the DIP Term Sheet; (ii) authorizing and empowering the DIP Borrowers to execute and deliver the DIP Documentation as contemplated under the DIP Term Sheet or as reasonably required by the DIP Agent; (iii) authorizing and empowering the DIP Borrowers to pay and perform all their indebtedness, interest, fees, liabilities, and obligations to the DIP Agent and the DIP Lenders under the DIP Documentation as they become due; (iv) granting the DIP Charge on the assets, undertakings, and properties of the Pride Entities to the DIP Agent for and on behalf of the DIP Lenders and in the priorities set out in the A&R Initial Order; (v) granting the Intercompany Advances Charge (as defined in the A&R Initial Order) as set forth in and in the priorities set out in the A&R Initial Order; and (vi) increasing the size of the Administration Charge and the Directors' and Officers' Charge over the Pride Entities' assets.

3. The Protocols Order is hereby given full force and effect on a provisional basis with respect to the Pride Group and its property located within the territorial jurisdiction of the United States, including, without limitation, the provisions of the Protocols Order approving (i) the Governance Protocol; (ii) the Real Estate Monetization Plan; and (iii) the Intercompany and Unsecured Claims Preservation Protocol.

4. Pursuant to sections 1519 and 1521 of the Bankruptcy Code and the principles of comity, the A&R Initial Order, the Protocols Order, and the transactions consummated or to be consummated thereunder, including, without limitation, entry into and performance under the DIP Term Sheet and other DIP Documentation, shall be enforceable and given full force and effect in the United States, on a provisional basis, to the same extent that they are enforceable and given effect in Canada and shall be binding on all creditors of the Pride Group and any of its successors or assigns within the territorial jurisdiction of the United States.[5]

5. Pursuant to section 1519 of the Bankruptcy Code and the principles of comity, to the extent authorized under the A&R Initial Order, the Charges (as defined in the A&R Initial Order) on all of the Pride Entities' assets, undertakings, and properties located within the territorial jurisdiction of the United States shall be enforceable and given full force and effect in the United States, on a provisional basis, with the same priority as granted under the A&R Initial Order.

6. This Court shall have jurisdiction to enforce the A&R Initial Order to the extent that any party violates or seeks to enforce the A&R Initial Order with respect to any assets, undertakings, and properties of the Pride Entities located within the territorial jurisdiction of the United States.

---

[5] The Pride Entities shall not make any intercompany advances to TPine Leasing Capital L.P. pending entry by this Court of the Recognition Order.

7. None of the protections or relief granted herein are granted under section 364 of the Bankruptcy Code.

8. This Order shall serve, on a provisional basis, as sufficient and conclusive notice and evidence of the grant, validity, perfection, and priority of the liens and charges granted in the CCAA Proceedings as they apply to the Pride Entities and their assets, undertakings, and properties located in the territorial jurisdiction of the United States in respect of the DIP Charge and the other Charges (as defined in the A&R Initial Order), without the necessity of filing or recording this Order or any financing statement, mortgage, or other instrument or document which may otherwise be required under the law of any jurisdiction. Notwithstanding the foregoing, the DIP Agent may, in its discretion, file or record this Order, the A&R Initial Order, or any financing statement, mortgage, or other instrument or document.

9. Pending entry by this Court of the Recognition Order, the Foreign Representative and the DIP Borrowers are entitled, on a provisional basis, to the benefits of, and may comply with, the terms and conditions of the DIP Term Sheet and other DIP Documentation, including, but not limited to, the payment of fees and expenses as they come due without further notice or order of this Court.

10. Any interim advances made to the DIP Borrowers by the DIP Lenders pursuant to the A&R Initial Order and the DIP Term Sheet or the other DIP Documentation prior to this Court's determination on the relief requested in the Verified Petition seeking recognition of the CCAA Proceedings as "foreign main proceedings," shall, pursuant to sections 1507, 1519(a)(3), and 105(a) of the Bankruptcy Code, be deemed to have been made by the DIP Lenders in good faith.

11. Without limiting paragraph 2 of this Order, the relief granted in paragraph 57 of the A&R Initial Order is expressly incorporated herein and applied hereto, *mutatis mutandis*, and given effect by the Court including with respect to the Pride Entities and any property of the Pride Entities located in the United States; *provided that*, for purposes of this Order the term "Variation" as used in paragraph 57 of the A&R Initial Order shall include the entry of an order by this Court denying recognition of the CCAA Proceedings pursuant to section 1517 of the Bankruptcy Code.

12. Notwithstanding any stay, injunction or similar relief granted in these Chapter 15 Cases, the DIP Agent and DIP Lenders are authorized to exercise all remedies and take any and all enforcement actions permitted under the A&R Initial Order, subject to the provisions of the A&R Initial Order.

13. Nothing herein shall impact the rights of any parties-in-interest to object to entry of the Recognition Order.

14. The Foreign Representative is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

15. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

16. This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through these Chapter 15 Cases, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

**Schedule A**
**List of Debtors**[1]

**Operating Companies**

*Canadian Operating Entities*

1. PRIDE TRUCK SALES LTD.
2. TPINE TRUCK RENTAL INC.
3. PRIDE GROUP LOGISTICS LTD.
4. PRIDE GROUP LOGISTICS INTERNATIONAL LTD.
5. TPINE LEASING CAPITAL CORPORATION
6. DIXIE TRUCK PARTS INC.
7. PRIDE FLEET SOLUTIONS INC.
8. TPINE FINANCIAL SERVICES INC.
9. PRIDE GROUP EV SALES LTD.

*U.S. Operating Entities*

1. TPINE RENTAL USA, INC.
2. PRIDE GROUP LOGISTICS USA, CO.
3. ARNOLD TRANSPORTATION SERVICES, INC.
4. DIXIE TRUCK PARTS INC.
5. TPINE FINANCIAL SERVICES CORP.
6. PARKER TRANSPORT CO.
7. PRIDE FLEET SOLUTIONS USA INC.

**Other Holding Companies**

*Other Canadian Holding Companies*

1. 2692293 ONTARIO LTD.
2. 2043002 ONTARIO INC.
3. PRIDE GROUP HOLDINGS INC.
4. 2554193 ONTARIO INC.
5. 2554194 ONTARIO INC.
6. PRIDE GROUP REAL ESTATE HOLDINGS INC.
7. 1000089137 ONTARIO INC.

*Other U.S. Holding Companies*

1. COASTLINE HOLDINGS, CORP.
2. PARKER GLOBAL ENTERPRISES, INC.

---

[1] Each of the "Operating Companies" and "Other Holding Companies" set forth below filed chapter 15 petitions on April 1, 2024. Each of the "Real Estate Holding Companies" set forth below filed chapter 15 petitions on [April 15], 2024.

3. DVP HOLDINGS, CORP.

**Real Estate Holding Companies**

*Canadian Real Estate Holding Companies*

1. 2029909 ONTARIO INC.
2. 2076401 ONTARIO INC.
3. 1450 MEYERSIDE HOLDING INC.
4. 933 HELENA HOLDINGS INC.
5. 30530 MATSQUI ABBOTSFORD HOLDING INC.
6. 2863283 ONTARIO INC.
7. 2837229 ONTARIO INC.
8. 2108184 ALBERTA LTD.
9. 12944154 CANADA INC.
10. 13184633 CANADA INC.
11. 13761983 CANADA INC.
12. 102098416 SASKATCHEWAN LTD.
13. 177A STREET SURREY HOLDING INC.
14. 52 STREET EDMONTON HOLDING INC.
15. 84 ST SE CALGARY HOLDINGS INC.
16. 68TH STREET SASKATOON HOLDING INC.
17. 3000 PITFIELD HOLDING INC.

*U.S. Real Estate Holding Companies*

1. PGED HOLDING, CORP.
2. HIGH PRAIRIE TEXAS HOLDING CORP.
3. 131 INDUSTRIAL BLVD HOLDING CORP.
4. 59TH AVE PHOENIX HOLDING CORP.
5. DI MILLER DRIVE BAKERSFIELD HOLDING CORP.
6. FRONTAGE ROAD HOLDING CORP.
7. ALEXIS INVESTMENTS, LLC
8. TERNES DRIVE HOLDING CORP.
9. VALLEY BOULEVARD FONTANA HOLDING CORP.
10. HIGHWAY 46 MCFARLAND HOLDING CORP.
11. TERMINAL ROAD HOLDING, CORP.
12. BISHOP ROAD HOLDING CORP.
13. OLD NATIONAL HIGHWAY HOLDING CORP.
14. 11670 INTERSTATE HOLDING, CORP.
15. 401 SOUTH MERIDIAN OKC HOLDING CORP.
16. 8201 HWY 66 TULSA HOLDING CORP.
17. EASTGATE MISSOURI HOLDING CORP.
18. FRENCH CAMP HOLDING CORP.
19. 87TH AVENUE MEDLEY FL HOLDING CORP.
20. LOOP 820 FORT WORTH HOLDING CORP.

2

21. 162 ROUTE ROAD TROY HOLDING CORP.
22. CRESCENTVILLE ROAD CINCINNATI HOLDING CORP.
23. MANHEIM ROAD HOLDING CORP.
24. 13TH STREET POMPANO BEACH FL HOLDING CORP.
25. EAST BRUNDAGE LANE BAKERSFIELD HOLDING CORP.
26. CORRINGTON MISSOURI HOLDING CORP.
27. 963 SWEETWATER HOLDING CORP.
28. OAKMONT DRIVE IN HOLDING CORP.