IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Pride Group Holdings Inc., *et al.*[1]<br><br>Debtors in Foreign Proceedings. | Chapter 15<br><br>Case No. 24-10632 (CTG)<br><br>Jointly Administered<br><br>**Hearing Date:**<br>May 10, 2024 at 3:00 p.m. (ET)<br><br>**Objection Deadline:**<br>May 3, 2024 at 4:00 p.m. (ET) |

**MOTION OF THE FOREIGN REPRESENTATIVE
FOR ENTRY OF AN ORDER (I) AUTHORIZING THE
SALE OF PROPERTY OF DEBTOR FRONTAGE ROAD HOLDING
CORP. FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES
AND OTHER INTERESTS AND (II) GRANTING RELATED RELIEF**

Randall Benson, solely in his capacity as the duly authorized foreign representative (the "Foreign Representative") of the above-captioned debtors (collectively, the "Debtors") in the Canadian proceedings (the "CCAA Proceedings") commenced under the Companies' Creditors Arrangement Act (the "CCAA"), pending before the Ontario Superior Court of Justice (Commercial List) in Ontario, Canada, Court File No. CV-24-00717340-00CL (the "Canadian Court"), respectfully submits this motion (the "Motion"), pursuant to sections 105(a), 363, 1501, 1507, 1514, 1520 and 1521 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 6004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order (the "Sale

---

[1] The last four digits of Debtor Pride Group Holdings Inc.'s Canadian business number are 6399. Due to the large number of debtors in these chapter 15 cases, a complete list of the debtor entities and the last four digits of their unique identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' noticing agent at https://dm.epiq11.com/pridegroup. The Debtors' service address for the purposes of these chapter 15 cases is 1450 Meyerside, Suite 401, Mississauga, Ontario, L5T 2N5, Canada.

Order"), substantially in the form attached hereto as **Exhibit A**, (i) authorizing the sale of certain property owned by Debtor Frontage Road Holding Corp. ("Frontage") pursuant to the sale agreement attached as **Exhibit B** hereto (the "Sale Agreement"), free and clear of liens, claims, encumbrances and other interests and (ii) granting related relief.

In support of the requested relief, the Foreign Representative respectfully refers the Court to and incorporates by reference the *Declaration of Amrinder Johal in Support of Motion of the Foreign Representative for Entry of an Order (I) Authorizing the Sale of Property of Debtor Frontage Road Holding Corp. Free and Clear of Liens, Claims, Encumbrances and Other Interests and (II) Granting Related Relief* (the "Johal Declaration") filed contemporaneously herewith.

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. Recognition of a foreign proceeding and other matters under chapter 15 of the Bankruptcy Code are core matters under 28 U.S.C. § 157(b)(2)(P).

2. The Foreign Representative, solely in his capacity as such, consents to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3. Venue is proper in this Court and this District pursuant to 28 U.S.C. § 1410.

4. The statutory predicates for the relief requested herein are section 105(a), 363, 1501, 1507, 1514, 1520, and 1521 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, and 9014, and Local Rule 6004-1.

**BACKGROUND**

**I.    Commencement of the CCAA Proceedings and the Chapter 15 Cases**

5.      The Debtors and their non-Debtor affiliates (collectively, the "Pride Group") operate a trucking and logistics conglomerate based in Canada with operations in Canada and the United States. The Pride Group's businesses are managed from their headquarters in Mississauga, Ontario, and they maintain facilities and operations in both Canada and the United States. The Pride Group own substantial assets within the territorial jurisdiction of the United States, including, among other things, real estate properties, bank accounts, equipment, and trucks.

6.      On March 27, 2024, the Debtors commenced the CCAA Proceedings in the Canadian Court, and the Canadian Court issued the initial order on the following day (the "Initial Order,") authorizing, among other things, Randall Benson to act as the Foreign Representative for the Debtors and file these chapter 15 cases (collectively, the "Chapter 15 Cases").

7.      On April 1, 2024 (the "Initial Petition Date"), the Foreign Representative filed form petitions for the Pride Group's 26 Canadian and U.S. operating companies and non-real estate holding companies (the "Initial Debtors"), thereby commencing the Initial Debtors' Chapter 15 Cases. On the same day, the Foreign Representative filed the *Verified Petition for (I) Recognition of Foreign Main Proceedings, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* [D.I. 2] (as may be amended from time to time, the "Verified Petition") seeking, among other things, recognition of the CCAA Proceedings as "foreign main proceedings" under section 1517 of the Bankruptcy Code, and certain related relief. The Verified Petition is scheduled to be heard by the Court at the recognition hearing scheduled for May 2, 2024 (the "Recognition Hearing").

8. On April 15, 2024, the Foreign Representative filed additional form petitions for the Pride Group's 45 Canadian and U.S. single-asset real estate holding companies (the "Additional Debtors"), thereby commencing the Additional Debtors' Chapter 15 Cases.

9. Additional factual background regarding the Pride Group, including their history and business operations, their capital structure, and the events leading to the filing of the CCAA Proceedings and these Chapter 15 Cases, is set forth in detail in the *Declaration of Randall Benson in Support of the (A) Debtors' Verified Petition for (I) Recognition of Foreign Main Proceedings, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code and (B) Motion for Provisional Relief* [D.I. 2] (as may be amended from time to time, the "Foreign Representative Declaration").

## II. The Sale Process for the Frontage Property

10. Prior to Frontage's acquisition of the parcel of real property located at 225 West South Frontage Road, Bolingbrook, Illinois (the "Property") approximately two years ago, the prior owner operated the Property as a hotel establishment. Frontage acquired the Property with the intention of developing it as a truck dealership. After Frontage acquired the Property, it obtained a variance from the relevant municipality to develop the Property for that purpose. However, Frontage never developed the Property for that purpose and instead used the site as a parking lot and for other operational purposes. Frontage no longer intends to use the Property for those purposes and has decided to sell the Property.

11. Accordingly, Frontage's in-house commercial real estate broker publicly listed the Property for sale. Frontage received several indications of interest and ultimately three offers in writing to purchase the Property. Following several rounds of negotiations, Frontage ultimately accepted the offer submitted by Hardik Patel (the "Purchaser"), which culminated in the Sale Agreement between the parties thereto. Frontage believes that entry into, and consummation of the

transactions contemplated by, the Sale Agreement represents the highest and best value for the Purchased Assets (defined below) under the circumstances in its business judgement and is in the best interests of the Debtors, their creditors, and other stakeholders.

### III. The Sale Agreement and Local Rule 6004-1 Disclosures

12. On March 11, 2024, Frontage, as seller, and the Purchaser entered into the Sale Agreement pursuant to which the Purchaser agreed to purchase from Frontage all of Frontage's right, title and interest in the Property, along with all buildings, fixtures, inventory and other tangible and intangible personal property located thereon (the "Purchased Assets").

13. The Foreign Representative submits this Motion on the date hereof to provide notice to parties in interest as required by Local Rule 9006-1 to enable Frontage to close the transactions contemplated by the Sale Agreement by the Closing Date, scheduled to occur on May 10, 2024, which is after the Recognition Hearing.

14. The following is a summary of certain material provisions of the Sale Agreement,[2] including certain disclosures as required by Local Rule 6004-1.[3]

| Provision | Description | Location in Sale Agreement |
|---|---|---|
| **Purchased Assets** | Subject to the terms of the Sale Agreement, Seller agrees to sell to Purchaser, and Purchaser agrees to purchase from Seller, all of Seller's right, title and interest in and to the following property:<br><br>a. the "Real Property" located at 225 West South Frontage Road, Bolingbrook, Illinois, consisting of approximately 2.64 acres of land, together | Sale Agreement ¶ 1.2 |

---

[2] Capitalized terms used in this table but not otherwise defined herein shall have the meanings ascribed to them in the Sale Agreement.

[3] Pursuant to Local Rule 6004-1(b)(iv), a Sale Motion (as defined in the Local Rules) must highlight certain provisions contained in the proposed form of sale order and/or the underlying sale agreement. The Foreign Representative has highlighted below the relevant provisions of the Sale Agreement that implicate Local Rule 6004-1(b)(iv) by providing a citation to the relevant sections of the Sale Agreement. In addition, the Foreign Representative highlights that, pursuant to the Sale Order, it is requesting (i) that the sale be approved under section 363(f) of the Bankruptcy Code, free and clear of any interests and (ii) a waiver of Bankruptcy Rule 6004(h).

5

| Provision | Description | Location in Sale Agreement |
|---|---|---|
|  | with (i) all building and structures, paving, lighting and fencing improvements located thereon ("Improvements"), (ii) all and singular the rights, benefits, privileges, easements, tenements, hereditaments, and appurtenances thereon or in any way appertaining to such real property, and (iii) without warranty, all right, title, and interest of Seller in and to all strips and gores and any land lying in the bed of any street, road or alley, open or proposed, adjoining such real property; and<br><br>b. the "Personal Property," being all of Seller's rights and interests in (i) items of tangible personal property consisting of all furniture, fixtures, equipment, machinery, and other tangible personal property located at the Hotel, including all in-use or stock of linens and terry (1.5 turns), china, glassware, silver, uniforms, and towels, paper goods, stationery, soaps, cleaning supplies and the like with respect to the Hotel on hand as of the Closing Date (5 day supply) (the "Inventory"), and (ii) "Intangible Personal Property" including Seller's right, title and interest in and to all intangible personal property owned or possessed by Seller and used exclusively in connection with the ownership or operation of the Hotel, including, without limitation, (1) trade names and general intangibles pertaining to the Real Property and the Personal Property related to the Hotel, (2) all licenses, permits, concessions and approvals required by any Governmental Authority, as defined in Section 7.1(c) of the Sale Agreement, or otherwise appropriate with respect to the construction, ownership, operation, leasing, maintenance, or use of the Property or any part thereof (the "Authorizations"), (3) all websites, domain names, social media accounts and similar items and (4) any warranties and guaranties relating to the Improvements and Personal Property. |  |
| ***Purchase Price*** | $6,300,000.000 | Sale Agreement ¶ 1.1 |
| ***Sale to Insider*** *Local Bankr. R. 6004-1(b)(iv)(A)* | The Purchaser is not an insider as defined by section 101(31) of the Bankruptcy Code. | N/A |
| ***Agreements with Management*** *Local* | N/A | N/A |

| Provision | Description | Location in Sale Agreement |
|---|---|---|
| *Bankr. R. 6004-1(b)(iv)(B)* | | |
| **Releases**  *Local Bankr. R. 6004-1(b)(iv)(C)* | The sale of the Purchased Assets to the Purchaser will be free and clear of all liens, claims, encumbrances, and other interests. | Sale Agreement ¶ 1.2 |
| **Private Sale/No Competitive Bidding**  *Local Bankr. R. 6004-1(b)(iv)(D)* | The sale of the Purchased Assets is fair and reasonable under the circumstances, is the result of good-faith, arm's length negotiations, and is in the best interests of the Debtors, their creditors, and other stakeholders. | N/A |
| **Closing and Other Deadlines**  *Local Bankr. R. 6004-1(b)(iv)(E)* | The Closing Date is scheduled to occur on May 10, 2024, which date may be extended by Purchaser for up to three (3) additional periods of fifteen (15) days each subject to the terms of the Sale Agreement. | Sale Agreement ¶ 6.1 |
| **Good Faith Deposit**  *Local Bankr. R. 6004-1(b)(iv)(F)* | Under the Sale Agreement, the Purchaser is required to deposit with the Escrow Agent $500,000.00 and any interest thereon (the "Earnest Money"), which shall be applied to the Purchase Price at Closing. Otherwise, the Earnest Money shall be delivered to the party entitled to receive the Earnest Money in accordance with the terms and conditions of the Sale Agreement. | Sale Agreement ¶ 1.3 |
| **Interim Arrangements with Purchaser**  *Local Bankr. R. 6004-1(b)(iv)(G)* | N/A | N/A |
| **Use of Proceeds**  *Local Bankr. R. 6004-1(b)(iv)(H)* | N/A | N/A |
| **Tax Exemption**  *Local Bankr. R. 6004-1(b)(iv)(I)* | N/A | N/A |
| **Record Retention**  *Local Bankr. R. 6004-1(b)(iv)(J)* | N/A | N/A |
| **Sale of Avoidance Actions**  *Local Bankr. R. 6004-1(b)(iv)(K)* | N/A | N/A |
| **Requested Findings as to Successor Liability**  *Local Bankr. R. 6004-1(b)(iv)(L)* | No constituent partner or member in, or agent of Purchaser, nor any present or future partner, member, manager, trustee, beneficiary, director, officer, shareholder, employee, advisor, affiliate or agent of any partnership, limited liability company, corporation, trust or other entity that has or acquires a direct or indirect interest in Purchaser or any affiliate of Purchaser shall | Sale Agreement ¶ 12(b) |

| Provision | Description | Location in Sale Agreement |
|---|---|---|
| | have any personal liability, directly or indirectly, under or in connection with this Agreement or any agreement made and entered into under or in connection with the provisions of this Agreement, or any amendment or amendments to any of the foregoing made at any time or times, heretofore or hereafter, and Seller and its successors and assigns and, without limitation, all other persons and entities, shall look solely to the Earnest Money, the assets of Purchaser, and the proceeds therefrom for the payment of any claim or for any performance, and Seller on behalf of itself and its successors and assigns hereby waives any and all such personal liability. | |
| ***Sale Free and Clear of Unexpired Leases*** Local Bankr. R. 6004-1(b)(iv)(M) | N/A | N/A |
| ***Credit Bid*** Local Bankr. R. 6004-1(b)(iv)(N) | N/A | N/A |
| ***Relief from Bankruptcy Rule 6004(h)*** Local Bankr. R. 6004-1(b)(iv)(O) | Time is of the essence given the Closing Date. Accordingly, the Foreign Representative requests that the Court waive the fourteen-day stay period under Bankruptcy Rules 6004(h). | N/A |

## **RELIEF REQUESTED**

15. By this Motion, the Foreign Representative respectfully requests entry of the Sale Order, substantially in the form attached hereto as **Exhibit A**, pursuant to sections 105(a), 363, 1501, 1507, 1514, 1520 and 1521 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, and 9014, and Local Rule 6004-1: (i) authorizing the sale of Frontage's right, title, and interest in and to the Purchased Assets pursuant to the Sale Agreement, free and clear of liens, claims, encumbrances and other interests, and (ii) granting certain related relief.

**BASIS FOR RELIEF REQUESTED**

**I.    The Court Should Authorize the Sale of the Purchased Assets Pursuant to Section 363 of the Bankruptcy Code.**

16.    Upon a bankruptcy court's granting recognition of a foreign proceeding as a foreign main proceeding, relief is available to the petitioner under section 1520 of the Bankruptcy Code. *See* 11 U.S.C. § 1520.[4] Section 1520(a)(2) of the Bankruptcy Code provides, in relevant part, that, "upon recognition of a foreign proceeding that is a foreign main proceeding . . . section[] 363 appl[ies] to a transfer of an interest of the debtor in property that is within the territorial jurisdiction of the United States to the same extent that the section[] would apply to property of an estate." 11 U.S.C. § 1520(a)(2). Moreover, section 1520(a)(3) provides that upon recognition of a foreign main proceeding, "unless the court orders otherwise, the foreign representative may operate the debtor's business and may exercise the rights and powers of a trustee under and to the extent provided by section[] 363." 11 U.S.C § 1520(a)(3); *see also In re Elpida Memory, Inc.*, 2012 Bankr. LEXIS 5367, at *18 (CSS) (Bankr. D. Del. Nov. 16, 2012) (holding that section 363 of the Bankruptcy Code applies to transfers of assets located within the United States outside of the ordinary course of business in connection with cases commenced under chapter 15 of the Bankruptcy Code); *In re Atrimm, S.r.L.*, 335 B.R. 149, 159 (Bankr. C.D. Cal. 2005) ("[U]nder chapter 15, § 363 (governing sale, use or lease of property of the estate) . . . appl[ies] to any transfer of an interest of the debtor in property within

---

[4]    Although the Recognition Hearing has not yet occurred as of the date of filing of this Motion, given the timing of the Closing Date shortly after the Recognition Hearing, the Foreign Representative files this Motion out of an abundance of caution to ensure compliance with section 363 of the Bankruptcy Code in the event the Court grants recognition.

the territorial jurisdiction of the United States to the same extent that the sections would apply to property of a domestic bankruptcy estate.") (citing 11 U.S.C. § 1520(a)(2)).

17. Section 363(b) of the Bankruptcy Code provides that a debtor, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). To approve a sale under section 363(b)(1) of the Bankruptcy Code, the Third Circuit requires a debtor to show that the decision to sell the property outside of the ordinary course of business was based on a sound exercise of the debtor's business judgment and that there is a sound business purpose for the proposed transaction. *See, e.g.*, *In re Martin*, 91 F.3d 389, 395 (3d Cir. 1996) ("Under Section 363, the debtor in possession can sell property of the estate . . . if he has an 'articulated business justification' . . . ."); *see also In re Schipper*, 933 F.2d 513, 515 (7th Cir. 1991) (same); *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (2d Cir. 1983) (requiring "some articulated business justification" to approve the use, sale or lease of property outside of the ordinary course of business).

18. In determining whether a sale is a sound exercise of a debtor's business judgment, Delaware Bankruptcy Courts require that the sale satisfy four requirements: "(1) a sound business reason exists for the sale; (2) the sale price is fair; (3) the debtor has provided adequate and reasonable notice; and (4) the purchaser has acted in good faith." *In re Decora Indus., Inc.*, 2002 WL 32332749, at *7−8 (D. Del. May 20, 2002) (citing *In re Delaware & Hudson Railway Co.*, 124 B.R. 169, 176 (D. Del. 1991)); *see also In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 143, 150 (3d Cir. 1986); *In re Exaeris Inc.*, 380 B.R. 741, 744 (Bankr. D. Del. 2008); *Titusville Country Club v. Pennbank (In re Titusville Country Club)*, 128 B.R. 396, 399 (Bankr. W.D. Pa. 1991); *In re Sovereign Estates, Ltd.*, 104 B.R. 702, 704 (Bankr. E.D. Pa. 1989). The Foreign Representative submits that all of these requirements have been met.

19.  ***First***, the "sound business reason" factor is similar to the 'business judgment rule,' which provides significant deference to a debtor's determination of its own best interests. *In re W.A. Mallory Co., Inc.*, 214 B.R. 834, 836 (Bankr. E.D. Va. 1997). Additionally, a showing of a sound business purpose is determined on the facts and circumstances of each case and need not be unduly exhaustive, but rather, "simply required to justify the proposed disposition with sound business reasons." *See In re Lionel Corp.*, 722 F.2d at 1071 (2d Cir. 1983); *In re Baldwin United Corp.*, 43 B.R. 888, 906 (Bankr. S.D. Ohio 1984). Here, there is a sound business reason to consummate the Sale Agreement. Frontage originally acquired the Property with the intention of using the site for purposes of developing and operating a truck dealership. Frontage no longer intends to use the Property for that purpose or any other purposes and therefore no longer requires the Property. Accordingly, Frontage marketed the Property for sale and engaged parties that were interested in purchasing the Purchased Assets. Frontage ultimately accepted Purchaser's offer and believes that entry into, and consummation of the transactions contemplated by, the Sale Agreement represents the highest and best value for such assets under the circumstances in its business judgment. Accordingly, the Foreign Representative believes there is a sound business reason justifying the sale of the Purchased Assets to the Purchaser pursuant to the Sale Agreement.

20.  ***Second***, the Purchase Price provided in the Sale Agreement is fair and reasonable. The Purchased Assets were publicly listed for sale by Frontage's in-house commercial real estate broker, and the Purchase Price was the result of several rounds of negotiations between Frontage and the Purchaser, and is the highest and best offer received to date. Thus, the consideration provided constitutes a fair and reasonable price for the Purchased Assets.

21. **Third**, fair and reasonable notice of the sale has been provided to all parties in interest in accordance with the Bankruptcy Code, Bankruptcy Rules and Local Rules. All parties in interest will have an opportunity to object and be heard at a hearing to consider the Motion.

22. **Fourth**, the Sale Agreement is the product of arm's-length and good-faith negotiations between the parties thereto. As such, the Foreign Representative contends that the Purchaser is a "good faith" purchaser within the meaning of section 363(m) of the Bankruptcy Code.

23. For the foregoing reasons, the Foreign Representative submits that the sale of the Purchased Assets pursuant to the Sale Agreement is in the best interests of their estates, creditors and other parties in interest, and is a sound exercise of Foreign Representative's business judgment. Accordingly, the Foreign Representative respectfully requests that this Court approve the sale of the Purchased Assets.

24. Courts in this district routinely grant relief similar to that requested in this Motion. *See, e.g.*, *In re Nextpoint Fin. Inc.*, No. 23-10983 (TMH) (Bankr. D. Del. Dec. 11, 2023) (authorizing and approving the sale free and clear of any and all liens, claims, encumbrances and other interests under section 363 of the Bankruptcy Code); *In re Thane Int'l, Inc.*, No. 15-12186 (KG) (Bankr. D. Del. Dec. 1, 2015) (same); *In re Xchange Tech. Group LLC*, No. 13-12809 (KG) (Bankr. D. Del. Nov. 25, 2013) (same); *Arctic Glacier Int'l Inc.*, No. 12-10605 (KG) (Bankr. D. Del. July 17, 2012) (same); *In re EarthRenew IP Holdings LLC*, No. 10-13363 (CSS) (Bankr. D. Del. Feb. 18, 2011) (same); *In re Grant Forest Prods.*, No. 10-11132 (PJW) (Bankr. D. Del. April 26, 2010) (same); *In re Destinator Techs. Inc.*, No. 08-11003 (CSS) (Bankr. D. Del. July 8, 2008) (same).

II. **The Court Should Authorize and Approve the Sale of the Purchased Assets Free and Clear of Interests and Successor Liability Pursuant to Section 363(f) of the Bankruptcy Code.**

25. Under section 363(f) of the Bankruptcy Code, a trustee or a debtor in possession may sell all or any part of a debtor's property free and clear of any and all liens, claims, encumbrances, and other interests in such property if: (a) such a sale is permitted under applicable non-bankruptcy law; (b) the party asserting such a lien, claim or interest consents to such sale; (c) the interest is a lien and the purchase price for the property is greater than the aggregate amount of all liens on the property; (d) the interest is the subject of a bona fide dispute; or (e) the party asserting the lien, claim or interest could be compelled, in a legal or equitable proceeding, to accept a money satisfaction for such interest. See 11 U.S.C. § 363(f); *In re P.K.R. Convalescent Ctrs.*, Inc., 189 B.R. 90, 93–94 (Bankr. E.D. Va. 1995) ("[Section] 363 covers more situations than just sales involving liens. . . . Section 363(f) addresses sales free and clear of any interest . . . ."). In addition, a court may authorize the sale of a debtor's assets free and clear of any liens, claims or encumbrances under section 105 of the Bankruptcy Code. *See Volvo White Truck Corp. v. Chambersburg Beverage, Inc. (In re White Motor Credit Corp.)*, 75 B.R. 944, 948 (Bankr. N.D. Ohio 1987) ("Authority to conduct such sales [free and clear of liens] is within the court's equitable powers when necessary to carry out the provisions of Title 11.").

26. The Foreign Representative submits that at least one of the subsections of 363(f) of the Bankruptcy Code is satisfied here. No party holding a lien, claim, encumbrance or other interest has objected to the sale of the Purchased Assets (in fact, the Foreign Representative believes that no party has a lien on the Purchased Assets other than the DIP Lenders[5]), and all such

---

[5] The "DIP Lenders" are the prepetition lenders under that certain Third Amended and Restated Credit Agreement dated as of November 4, 2022, by and among: TPine Truck Rental Inc., TPine Leasing Capital Corporation, Pride Truck Sales Ltd., 2076401 Ontario Inc., TPine Leasing Capital L.P., PGED Holding, Corp., High Prairie Texas

parties will have an opportunity to object at the hearing on the Motion. To the extent any liens, claims, encumbrances, or other interests exist, those liens, claims, encumbrances and other interests shall attach to the proceeds of the Purchased Assets in the order of priority and with the same validity, force and effect that they have as against the Purchased Assets immediately prior to the Sale Agreement. Accordingly, the Foreign Representative submits that the sale of the Purchased Assets free and clear of all liens, claims, encumbrances and other interests satisfies the statutory requirements of section 363(f) of the Bankruptcy Code.

### III. The Court Should Afford Purchasers All Protections under Sections 363(m) of the Bankruptcy Code

27. The Foreign Representative also requests that the Purchaser receive the protections set forth in sections 363(m) and (n) of the Bankruptcy Code. Specifically, section 363(m) of the Bankruptcy Code provides:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m). While the Bankruptcy Code does not define "good faith," courts have stated that "the phrase encompasses one who purchases in 'good faith' and for 'value.'" *In re Abbots Dairies of Pa.*, 788 F.2d at 147. Courts have held that in order to demonstrate a lack of good faith, a party would have to show "fraud or collusion between the purchaser and [seller] or an attempt to take grossly unfair advantage [of other potential purchasers.]" *Id*.

---

Holding Corp, 131 Industrial Blvd Holding Corp, 59th Ave Phoenix Holding Corp., Di Miller Drive Bakersfield Holding Corp. and 1450 Meyerside Holding Inc., as borrower (the "Borrower Parties"); various guarantors including each of the Borrower Parties and Pride Truck Sales L.P., TPine Rental USA, Inc., Coastline Holdings, Corp., Pride Group Holdings Inc., Pride Group Logistics Ltd., 2043002 Ontario Inc., Pride Fleet Solutions Inc., and Frontage Road Holding Corp.; Royal Bank of Canada, as administrative agent; and the lenders from time to time party thereto.

28. Here, the Sale Agreement was entered into without fraud or collusion, and is the result of a marketing process undertaken by Frontage and the product of arm's-length, good-faith negotiations between the parties thereto. Frontage also did not enter into the Sale Agreement for the purpose of hindering, delaying, or defrauding present or future creditors of Frontage. Accordingly, the Foreign Representative seeks a finding that the Purchaser is a good faith purchaser under section 363(m) of the Bankruptcy Code and has not violated section 363(n) of the Bankruptcy Code.

## WAIVER OF BANKRUPTCY RULE 6004(h)

29. The Foreign Representative also requests that the Court waive the stay imposed by Bankruptcy Rule 6004(h), which provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). As described above, the anticipated closing date under the Sale Agreement is May 10, 2024, and time is of the essence with respect to closing. Accordingly, the Foreign Representative respectfully requests that the Court waive the fourteen-day stay imposed by Bankruptcy Rule 6004(h).

## NOTICE

30. The Foreign Representative has provided notice of this Motion consistent with the Bankruptcy Code, Bankruptcy Rules and Local Rule 9006-1. The Foreign Representative submits that such notice is sufficient in view of the facts and circumstances, and no other or further notice need be provided.

*[Remainder of page left intentionally blank]*

**CONCLUSION**

WHEREFORE, the Foreign Representative respectfully requests that the Court enter the Sale Order, substantially in the form attached as **Exhibit A**, granting the requested relief and such other and further relief as may be just and proper.

Dated: April 19, 2024
       Wilmington, Delaware

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/ Derek Abbott*
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Austin T. Park (No. 7247)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
dabbott@morrisnichols.com
aremming@morrisnichols.com
apark@morrisnichols.com

-and-

**LINKLATERS LLP**
Penelope J. Jensen
Christopher J. Hunker
Clark L. Xue
1290 Avenue of the Americas
New York, NY 10104
Telephone: (212) 903-9000
Facsimile: (212) 903-9100
penelope.jensen@linklaters.com
christopher.hunker@linklaters.com
clark.xue@linklaters.com

*Attorneys for the Foreign Representative*