**Exhibit "B"**

**Declaration of Daniel Mourning**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 15 |
| Pride Group Holdings Inc., et al.[1] | Case No. 24-10632 |
| Debtors in Foreign Proceedings. | |

**DECLARATION OF DANIEL MOURNING**

I, **Daniel Mourning**, hereby declare as follows under penalty of perjury pursuant to 28 U.S.C. § 1746, and make this declaration to the best of my knowledge and belief:

1.      I am a Senior Vice President and Associate General Counsel of Triumph Financial Services LLC formerly known as Advance Business Capital LLC d.b.a. Triumph Business Capital ("Triumph") and as such have knowledge of the matters I depose to herein, save and except where matters are stated to be on information and belief, in which case I state the source of the information and I verily believe it to be true.

2.      This Declaration supplements the Affidavit of Daniel Mourning dated April 5, 2024 which is attached as Exhibit "A" to Triumph's *Motion to Dismiss or Terminate Chapter 15 Case of Arnold Transportation Services, Inc. and Vacate Provisional Orders as to Arnold Transportation Services, Inc. or, in the Alternative, for Relief from Such Orders to the Extent Necessary or Appropriate*.

3.      As of April 26, 2024, the aggregate amount outstanding and owing to Triumph by Arnold customers in respect of customer receivables purchased by Triumph from Arnold

---

[1] The last four digits of Debtor Pride Group Holdings Inc.'s Canadian business number are 6399. Due to the large number of debtors in these chapter 15 cases, a complete list of the debtor entities and the last four digits of their unique identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' noticing agent at https://dm.epiq11.com/pridegroup. The Debtors' service address for the purposes of these chapter 15 cases is 1450 Meyerside, Suite 401, Mississauga, Ontario, L5T 2N5, Canada.

(collectively, the "Purchased Accounts Receivable") is approximately U.S. $1.3 million.

4.      In midst of collections, Triumph learned that Arnold had instructed or was continuing to instruct account debtors to make payment of Triumph Purchased Accounts Receivable directly to Arnold and not to Triumph.  As of April 26, 2024, Triumph believes that Arnold collected and retained approximately $80,000.00 of Purchased Accounts Receivable.

5.      Upon discovering this problem, Triumph, through outside counsel, reached out to counsel to the foreign representative in the Chapter 15 case advising of the problem and requesting an immediate resolution.

6.      Having not heard back substantively by Friday, April 26, 2024, Triumph's outside counsel followed up on the inquiry and requested that Arnold cooperate with Triumph on a joint direction letter to account debtors to ensure that the Purchased Accounts Receivable are no longer misdirected to Arnold.  The foreign representative's counsel agreed to discuss such a request with the company, and thereafter Triumph's outside counsel forwarded a proposed form of joint direction letter for review and consideration.

7.      As of the signing of this Declaration, the parties are attempting to work out the form of a joint direction letter but have not come to an agreement due to complications which are likely to arise from alternating remittance address changes in accounts payable departments. Triumph's outside counsel has not heard back from the foreign representative's counsel as to the timing and process for remittance to Triumph of misdirected Purchased Accounts Receivable.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 28th day of April, 2024 in the City of Dallas, Texas

_____
Daniel Mourning