```
                       UNITED STATES BANKRUPTCY COURT
                            DISTRICT OF DELAWARE

                                         .  Chapter 15
  IN RE:                                 .
                                         .  Case No. 24-10632(CTG)
  PRIDE GROUP HOLDINGS, INC.,            .
  et al,                                 .
                                         .  824 Market Street
                                         .  Wilmington, Delaware 19801
       Debtors in a Foreign              .
              Proceeding.                .
  . . . . . . . . . . . . . . . . .         Tuesday, April 30, 2024

                 TRANSCRIPT OF VIDEO STATUS CONFERENCE RE:
          MOTION OF TRIUMPH FINANCIAL SERVICES, LLC TO DISMISS OR
       TERMINATE CHAPTER 15 CASE OF ARNOLD TRANSPORTATION SERVICES,
               INC. AND VACATE PROVISIONAL ORDERS AS TO ARNOLD
           TRANSPORTATION SERVICES, INC.; OR, IN THE ALTERNATIVE, FOR
              RELIEF FROM SUCH ORDERS TO THE EXTENT NECESSARY OR
                                   APPROPRIATE
                    BEFORE THE HONORABLE CRAIG T. GOLDBLATT
                         UNITED STATES BANKRUPTCY JUDGE

  APPEARANCES VIA ZOOM:   (On the Record)

  For the Foreign
  Representative:                 Derek C. Abbott, Esq.
                                  MORRIS, NICHOLS, ARSHT
                                   & TUNNELL, LLP
                                  1201 North Market Street
                                  16th Floor
                                  Wilmington, Delaware 19899


  For Triumph Financial
  Services, LLC:                  Jami B. Nimeroff, Esq.
                                  BROWN MCGARRY NIMEROFF, LLC
                                  919 North Market Street
                                  Suite 420
                                  Wilmington, Delaware 19801


  Audio Operator:                 Electronically Recorded
                                  by Ian Willoughby, ECRO

  Transcription Company:          Reliable
                                  1007 N. Orange Street
                                  Wilmington, Delaware 19801
                                  (302)654-8080
                                  Email: gmatthews@reliable-co.com

  Proceedings recorded by electronic sound recording,
  transcript produced by transcription service.
```

1   (Proceedings commence at 3:00 p.m.)

2   THE COURT: Good afternoon, all. This is Judge
3   Goldblatt. We're on the record in In Re Pride Group
4   Holdings, Inc., et al, Case Number 24-10632.

5   Thanks very much to all for hopping on this Zoom
6   conference on quite short notice. The reason I asked folks
7   to hop on is, essentially, after reviewing the motion to
8   shorten notice, it occurred to me that I don't know what I
9   don't know and thought it made sense to better understand the
10  circumstances before entering an order, one way or the other,
11  on the motion to shorten notice.

12  I guess the two concerns -- maybe those should be
13  in scare quotes. The "two concerns" I have -- and again, not
14  knowing whether this is an issue or not -- are:

15  One, we're starting at nine o'clock on Thursday.
16  I've got a hard stop at 11:30 and don't know if what we're
17  talking about here, between the recognition hearing already
18  set, plus the new motion, whether that was going to cause an
19  issue.

20  And second, I don't know whether the relief sought
21  is going to be contested. Obviously, the motion was filed,
22  you know, very -- yesterday, for a hearing on Thursday. I
23  did see the -- that the motion to shorten was opposed and
24  thought, before I acted precipitously, I should understand
25  the parties' respective positions.

1          So happy to hear, you know, either from the foreign
2   representative or for the movant.  Mr. Abbott, I see you've
3   got your camera on.  I'm happy to hear from you or your
4   colleagues.
5          MR. ABBOTT:  I do, Your Honor.  And what you don't
6   know, Your Honor, is that I think the relief sought in this
7   motion will largely be moot by next week -- well, not next
8   week, in a couple of days, actually.
9          We sought and obtained, as set forth in -- well,
10  Mr. Benson's amended declaration indicated that we'd be
11  seeking authority to put the Arnold entities, if appropriate,
12  into Chapter 7.  Your Honor, that process is underway.  The
13  petitions have not been filed, but there are four Arnold
14  entities that will, you know, candidly, shortly be the
15  subject of Chapter 7 proceedings in this court.
16         And while we had scrambled and hoped that we might
17  even get that done before the three o'clock call today, Your
18  Honor, there are a couple of I's yet to be dotted and T's
19  crossed, so that we can leave the assets in good shape and
20  ready for a trustee.
21         We have consulted with the Office of the United
22  States Trustee, they are aware of that.
23         And so, in short, I think the relief requested by
24  Ms. Nimeroff's clients in her motion will probably be moot or
25  may, in fact, be in a position to be agreed to by a Chapter 7

1 Trustee.

2 In speaking with the United States Trustee's
3 Office, while they didn't express a strong preference,
4 they've suggested that they thought it might be appropriate
5 to allow the Chapter 7 Trustee to weigh in or have an
6 opportunity to consider how the Chapter 15 with respect to
7 those four Arnold entities would be disposed, and that
8 certainly made sense to us, Your Honor.

9 We -- we're comfortable doing it on a procedurally
10 accelerated basis, but again, it's not us that are going to
11 be the relevant decision-makers within the next, probably,
12 you know, 12 to 24 hours.

13 THE COURT: Got it.  Okay.  So your expect --
14 again, not to hold you to it, I -- and I understand there are
15 forces outside anyone's control.  But your expectation is
16 that, before we gather on Thursday morning, these entities
17 will be the subject of Chapter 7 petitions?

18 MR. ABBOTT: That is our best guess about how this
19 will unfold, Your Honor.

20 THE COURT: Okay.

21 MR. ABBOTT: And in fact --

22 THE COURT: Fair enough.

23 MR. ABBOTT: -- more than that, it's not a guess,
24 it's the plan.

25 THE COURT: Understood.

1     MR. ABBOTT: As you said, something could derail
2 it, but --
3     THE COURT: Got it.
4     MR. ABBOTT: -- unlikely, I think.
5     THE COURT: So, Ms. Nimeroff, in light of what
6 you've heard, how -- what's your suggestion?
7     MS. NIMEROFF: Good afternoon, Your Honor. Jami
8 Nimeroff, counsel for Triumph Financial Services.
9     Your Honor, I -- while I appreciate that, as best I
10 can tell from the amended recognition petition that was filed
11 late at night on the 23rd, all requests for relief as to --
12 what I care about is Arnold Transportation. I know that
13 there are other Arnold entities, but I'm going to focus my
14 comments as it relates to our factoring customer.
15     All requests for relief was withdrawn, Your Honor.
16 And there is a recognition petition that's going to be going
17 forward on Thursday as to other parties in this Pride Group,
18 and there are legacy provisional orders that sit out there
19 that, respectfully, we believe -- because we think the
20 admissions of the foreign representative are such that Arnold
21 should never have been part of the Pride Group proceedings to
22 begin with, whether in Canada or here. But you have legacy
23 orders that the -- as part of the relief being sought on
24 Thursday, there is some request for extension of provisional
25 relief.

1          And Your Honor, I had some discussions with counsel
2  for the foreign representative about putting some language in
3  the order that is -- will be before Your Honor on Thursday,
4  if he -- if you grant recognition, to try ensure that nothing
5  is ordered on Thursday that burdens, impacts, or has anything
6  to do with Arnold.  I saw an amended order was filed, I still
7  haven't -- I still need to look at it.  I haven't had a
8  chance to go through that yet, Your Honor.
9          But as -- so what I'm not quite understanding is
10  what there is for a Chapter 7 Trustee to do now with respect
11  to a Chapter 15 that the foreign representative has admitted
12  last week is not proceeding as to the Arnold --
13          THE COURT:  Okay.
14          MS. NIMEROFF:  -- entities.
15          THE COURT:  So, Ms. Nimeroff, I -- let me -- can I
16  slow you down and back it up a bit?  Because --
17          MS. NIMEROFF:  You can do whatever you want.
18          THE COURT:  Because what I want to do for the
19  purposes of this Zoom hearing is to separate the question of
20  what relief should I enter on Thursday from should this be
21  set on an emergency basis.  And so I guess I'm interested in
22  hearing -- right.  Because I -- look, if the motion to
23  shorten notice were not objected to, I'd shorten notice and
24  we would just deal with this on Thursday.
25          But the reason I set this was that you, you know,

1  as the rules require, asked opposing if he objects, and the
2  response was it was objected to. And so I'm trying to figure
3  out, for now, just the procedural question of what's the fair
4  and appropriate time to set the hearing.
5      MS. NIMEROFF: I understand, Your Honor. And I
6  guess, in some respects, I view those issues as a little bit
7  of conflate -- being conflated because there is, arguably,
8  relief going forward or requests for relief going forward
9  that would impact Arnold --
10     THE COURT: Okay. And --
11     MS. NIMEROFF: -- on Thursday.
12     THE COURT: And to the extent you want to file an
13 opposition to that relief, you're welcome to oppose the
14 relief they seek on any basis you want, and that doesn't
15 require shortening notice of everything.
16     MS. NIMEROFF: Well, and I did ask, to the extent
17 that their -- we cannot get appropriate language in their
18 form of order, that preserves those issues. I did include
19 that sort of as an objection in my motion.
20     The -- I guess what I'm struggling a little bit
21 with, Your Honor, is -- and I appreciate that Mr. Abbott --
22 that they object to the shortened notice. What I'm
23 struggling a little bit with is what's the --
24     THE COURT: All right.
25     MS. NIMEROFF: -- basis to --

1    THE COURT:  Well, that's --

2    MS. NIMEROFF:  -- to the form --

3    THE COURT:  -- a fair question.  And I didn't ask
4    Mr. Abbot that question.  So why don't I turn to that?

5    So -- okay.  So, Mr. Abbott, from your perspective
6    -- I understand you say it might be mooted.  And look, to the
7    extent a Chapter 7 Trustee shows up on Thursday -- look, I --
8    before I ask Mr. Abbott, let me ask you this question, Ms.
9    Nimeroff.

10   Imagine it's the case that the case is in a Chapter
11   7 before Thursday at 9, but we don't yet have a Chapter 7
12   Trustee appointed.  Don't you think, before I were to dismiss
13   -- you're asking that I dismiss these Chapter 15 cases.
14   Don't you think it would be only appropriate, if I were going
15   to consider a motion to dismiss the Chapter 15 cases of an
16   entity that is a Chapter 7 Trustee debtor, to give the
17   Chapter 7 Trustee the opportunity to be heard on that
18   question?

19   MS. NIMEROFF:  Your Honor, I guess I'll answer it
20   this way.  I certainly would understand, in that scenario,
21   that Your Honor would want to give a Chapter 7 Trustee the
22   opportunity to weigh in on that.

23   What I continue to struggle with, though, Your
24   Honor, is that why -- what is this Chapter 15 that is left,
25   as far as Arnold is concerned, when it has been effectively

1  withdrawn?  And so you -- we've been -- we are in this limbo
2  period.
3          And I have no reason to doubt what Mr. Abbott is
4  saying about a -- that petitions are forthcoming.  But Your
5  Honor, here we sit --
6          THE COURT:  Okay.  I hear that.
7          MS. NIMEROFF:  -- and --
8          THE COURT:  So mister --
9          MS. NIMEROFF:  -- being in (indiscernible) period.
10         THE COURT:  Okay.  Mr. Abbott, can I ask you this
11 question?  And apologies for as ever being the dimmest one in
12 the room.  But are we having a fight about something or a
13 fight about nothing?
14         MR. ABBOTT:  Your Honor, that's -- it's a good
15 question.  I think it's probably about nothing.
16         I had actually -- when Ms. Nimeroff and I spoke
17 yesterday, I explained what I explained to the Court to her
18 and said why -- don't even file the motion, just give it a
19 day or two and this will all work itself out.  For reasons I
20 don't understand, but I'm sure there are legitimate reasons,
21 that was not acceptable to her client, so they went ahead and
22 filed their motions.
23         But particularly now, given that the U.S. Trustee
24 has asked to have the Chapter 7 Trustee have a chance to
25 weigh in, we just thought this was all -- obviously all sort

1    of a --

2            THE COURT: Okay.

3            MR. ABBOTT: -- largely, a tempest in a teapot and,
4    as you said, you know, maybe about nothing.

5            THE COURT: So, Ms. Nimeroff, let me ask you this
6    question because -- right? You appreciate you've asked to
7    shorten time, and I -- look, I get it. It's a time when
8    related relief is before the Court and it's the next hearing
9    and all of that, and I understand that. So I'm -- I ascribe
10   to everyone the best of faith here.

11           But let me put it this way. My inclination is, at
12   the moment, not to shorten time on your motion, but instead,
13   to allow this to be filed, to allow a Chapter 7 Trustee to
14   come in, to give you the chance to talk to the Chapter 7
15   Trustee. Sorry. If you and the Chapter 7 Trustee -- sorry,
16   spring allergies, my apologies.

17           If you and the Chapter 7 Trustee were to present a
18   certification -- you know, present an order under
19   certification, that would solve the problem. If the Chapter
20   7 Trustee were, for some reason, to disagree with the relief
21   you seek, I would set the hearing at an appropriate time that
22   would give the Chapter 7 Trustee the opportunity to be heard.
23   But that seems more appropriate than jamming everyone.

24           And again, if this were to go away of its own
25   accord because no one -- there is not a matter of substance

1  that's actually in dispute, that's fine. But that seems more
2  procedurally -- well, let me ask the question this -- a more
3  focused way.
4       Assuming that this case will be a Chapter 7 in
5  short order and you'll then have the opportunity to talk to a
6  Chapter 7 Trustee, what is the concrete prejudice you would
7  suffer in the period between Thursday and the time you can
8  have that conversation that warrants having this motion go
9  forward on, you know, three days' notice? Is that a fair
10 question?
11      MS. NIMEROFF: Your Honor, you get to ask all the
12 questions --
13      THE COURT: I know.
14      MS. NIMEROFF: -- whether fair --
15      THE COURT: But if they're --
16      MS. NIMEROFF: -- or (indiscernible)
17      THE COURT: -- unfair, I'd like to know about that,
18 so I ask a better --
19      MS. NIMEROFF: No, it's not.
20      THE COURT: -- question next time.
21      MS. NIMEROFF: It's not unfair. Let me make a
22 couple of comments, and then I will specifically answer your
23 question.
24      I asked that the foreign representative -- I asked
25 for them to consent to my relief about dismissal. So, you

1  know, if we are fighting about nothing, it seems to me then

2  that you could just as easy say the foreign representative

3  should have consented --

4          THE COURT: Yeah, I --

5          MS. NIMEROFF: -- to (indiscernible)

6          THE COURT: Anyone I'm not ascribing fault here to

7  anyone.

8          MS. NIMEROFF: (Indiscernible)

9          THE COURT: And I understand the position isn't no,

10 it shouldn't be dismissed.  It was we're going to convert the

11 case and, therefore, it makes sense to let the Chapter 7

12 Trustee make that decision, not us.  That, on its face,

13 strikes me as pretty reasonable.

14         MS. NIMEROFF: Perhaps.  Perhaps, Your Honor.

15         I'm not sure you can convert this case, I'm not

16 sure it's something that's capable of being converted.

17         THE COURT: Okay.  Not -- "convert" is the wrong

18 term.  I understand.

19         MS. NIMEROFF: But I'll set that aside.

20         As to your question, Your Honor, surely, if Chapter

21 7 petitions are filed in the next day or so, and Your Honor,

22 if I am left with making the case before Your Honor on

23 Thursday without prejudice to -- you know, that -- to --

24 without any prejudice that nothing should happen as to

25 Arnold, no relief of any sort should be entered, whether it's

1      extension of the provisional orders or otherwise, on
2      Thursday, then, Your Honor, I would agree with you or I'm
3      willing to live with the idea that there is no substantial
4      prejudice to my client, provided that those things happen:
5      That the Chapter 7s are filed, a trustee comes into play
6      shortly, and we can, you know, engage in the colloquy at that
7      time and perhaps present a stipulation; or, if not, my motion
8      can be heard be heard in short order.  I would certainly
9      agree with you about that, Your Honor.  You know, but what
10     we're left with is:  Are those things going to happen?
11            So I understand what Your Honor has said and I
12     appreciate it.  And you know, I'm willing to come with those
13     parameters, if --
14            THE COURT:  Okay.  Look --
15            MS. NIMEROFF:  -- if that --
16            THE COURT:  -- if you were to explain to me that
17     the sky were going to fall and your client would suffer a
18     tremendous prejudice in -- over the passage of a few days,
19     I'd want -- I didn't want to deny your motion without giving
20     you a chance to explain that to me.
21            I'll say this:  To the extent your piece of paper
22     for the purposes of Thursday should be deemed a limited
23     opposition to recognition, I'm happy to review it and give
24     you a chance to be heard on Thursday and make whatever
25     arguments to that effect you want to make.

1  MS. NIMEROFF: Your Honor, all I would -- I guess -
2  - I'm sorry. I cut you off and --
3  THE COURT: No. Go ahead. No.
4  MS. NIMEROFF: All I would say, Your Honor, is we -
5  - I submitted a factual declarations -- there are two actual
6  -- factual declarations submitted with the motion. And I
7  know we're not talking about the substance of the motion.
8  But there is a pending dispute with -- relating to what we
9  believe is redirection of our client's -- and this isn't
10 collateral, Your Honor, this is our client's ownership
11 interest in factor receivables. We've been trying to work
12 through that with counsel to the foreign representative.
13 But there is -- I guess I didn't want to just leave
14 it out there that there is not urgency to these issues being
15 resolved. There are -- there is. Am I in a position to
16 argue to Your Honor that the sky will fall over a period of
17 three days? I'm not going to do that.
18 THE COURT: Okay. I hear you. That's fine.
19 MS. NIMEROFF: But there is definitely urgency to
20 this because, once you have an insolvency situation and then,
21 particularly, a Chapter 7, you know, the concept of
22 receivable collections, you know, experience tells us that
23 there are --
24 THE COURT: I understand.
25 MS. NIMEROFF: -- there will be difficulties. And

1     again, we're already dealing with redirected receivables and
2     so there is urgency to this, Your Honor.
3              THE COURT:  Okay.  So --
4              MR. ABBOTT:  Your Honor, may I be --
5              THE COURT:  Yeah --
6              MR. ABBOTT:  -- heard briefly on that?
7              THE COURT:  Of course.
8              MR. ABBOTT:  Number one, Your Honor, we've been
9     looking into this.  We don't understand that there was any
10    redirection whatsoever.  We understand that certain entities
11    have paid receivables to the wrong parties, and that's both
12    sides.
13             Account debtors have paid Arnold amounts, perhaps,
14    due Ms. Nimeroff's client.  And we are led to believe that a
15    greater amount have been paid to Ms. Nimeroff's client
16    erroneously, that should have been paid to other Pride
17    entities.  So there is some reconciliation, by all means,
18    intending to be done.
19             But remember, Your Honor, we're operating under the
20    CCAA umbrella with responsible parties, a monitor in place.
21    And while we recognize that these things need to get
22    resolved, we don't think that the sky is falling and are just
23    trying to sort of give the Chapter 7 Trustee a chance to
24    weigh in here.
25             THE COURT:  Okay.  So here's where I am.  I'm going

1    to essentially deny the motion to shorten without prejudice.

2    And Ms. Nimeroff, on Thursday, first of all, you
3    can make whatever arguments you want to make in opposition to
4    the relief that's sought.

5    And second, if -- we'll know then where we are with
6    respect to the Chapter 7 filing.  And if you want to renew
7    your motion to shorten to be heard sometime next week, you
8    know, we'll address that, if that's where we are on Thursday.

9    If -- obviously, if there's a Chapter 7 Trustee --
10   if there's a Chapter 7 filing, but not yet a trustee -- which
11   sounds -- you know, if things go according to Mr. Abbott's
12   plan, perhaps -- well, who knows how quickly a trustee is
13   appointed?  That -- in any event, if there's a Chapter 7
14   filing, I would incline to not, you know, jam a Chapter 7
15   Trustee by setting a hearing for moments after the trustee is
16   appointed.

17   But why don't we see where we are on Thursday.
18   Everyone's rights then, on Thursday, would then be fully
19   preserved.  But I wouldn't do anything now that would be
20   precipitous.  And so we'll come back to this on Thursday, we
21   can talk then about whether there's a need for a hearing and,
22   if so, when it should be.

23   Is that -- anyone want to be heard to the contrary?
24   MR. ABBOTT:  Your Honor, I do have one thing to
25   add, certainly not to the contrary.  But the amended proposed

1     order on recognition for Thursday, Your Honor, as I
2     understand it, contains Ms. Nimeroff's comments.
3              And in Paragraph 19, in particular, it says:
4              "Notwithstanding anything in this order to the
5              contrary, this order does not grant any relief with
6              respect to any of the Arnold entities, including,
7              without limitation, with respect to recognition of
8              the CCAA proceedings, enforcement of the Canadian
9              orders, and extension of the first provisional
10             relief order or the second provisional relief
11             order."
12             So I think she doesn't have, really, anything to
13    worry about on Thursday, and this will ultimately resolve
14    itself and truly is an argument on nothing, Your Honor.
15             THE COURT:  Okay.  Well, look, to the extent folks
16    work things out so I don't have anything to decide, you've
17    heard me say before that very much reduces the likelihood
18    that I'll do something wrong.  So happy to give you the
19    opportunity to talk.  If the issues are resolved and everyone
20    agrees on language, that's terrific.  And if, on Thursday, we
21    find ourselves with a dispute you need me to resolve, I'll,
22    you know, do my best to try to get it right.
23             Ms. Nimeroff, from your perspective, anything
24    further?
25             MS. NIMEROFF:  No, Your Honor.

1  THE COURT: Okay. Thank you, all, for hopping on.
2  I do appreciate this and I know a lot more. It's good that I
3  didn't try to decide this without talking to all of you, so
4  this has been very helpful to me, so thank you for this.
5  Does anyone think it's necessary for me to issue an
6  order on the motion to shorten notice, or is what we've just
7  said sufficient and we'll come back to it on Thursday, if
8  necessary?
9  MS. NIMEROFF: Your Honor, from my perspective, my
10 preference would be if we could just wait to see what happens
11 for two days. My motion has been set without a hearing date,
12 so I would appreciate it if I wouldn't have to go through the
13 burden of --
14 THE COURT: That makes eminent --
15 MR. ABBOTT: Yeah, we --
16 THE COURT: -- sense to me.
17 MR. ABBOTT: Yes, Your Honor. We're fine just
18 carrying the motion to shorten to Thursday.
19 THE COURT: Fine. Okay. That's what we'll do.
20 We'll -- instead of denying it without prejudice, we'll carry
21 it and we'll consider it on Thursday, if circumstances
22 warrant.
23 Okay. Anything else I can do to be helpful to the
24 parties while we're all here this afternoon?
25     (No verbal response)

1    THE COURT: Okay. And just so I understand the
2  state of play on Thursday -- I understand a little bit about
3  this issue. But is starting at 9 with a hard stop at 11:30
4  likely to give the parties enough time to present the issues
5  that are before us on Thursday?
6    MR. ABBOTT: Your Honor, Derek Abbott for the
7  foreign representative.
8    I think that should be enough. There's still a
9  live dispute with Regions. Hopefully that will be -- we'll
10 have some time between now and then to see if we can work it
11 out. If we can't, I would think that two and a half hours
12 ought to be sufficient.
13   THE COURT: All right. Okay. I just want to
14 apprise folks that that's what we're dealing with.
15 Obviously, we'll do our best. And I'm not telling you that
16 I'm not available to resolve disputes that -- you know,
17 obviously, I just wanted to let folks know about the -- you
18 know, the limitations. And we'll all do our best to use the
19 time we have as effectively as we can.
20   Okay. Anything else that I can do to be useful?
21 Okay.
22   MR. ABBOTT: No, sir.
23   THE COURT: If not --
24   MR. ABBOTT: Thank you.
25   THE COURT: -- thank you all.

1    (Proceedings concluded at 3:24 p.m.)

2                          *****

3                       CERTIFICATION

4        I certify that the foregoing is a correct

5    transcript from the electronic sound recording of the

6    proceedings in the above-entitled matter to the best of my

7    knowledge and ability.

12   _____        April 29, 2024

13   Coleen Rand, AAERT Cert. No. 341

14   Certified Court Transcriptionist

15   For Reliable