**Exhibit B**

Proposed Sale Procedures Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Pride Group Holdings Inc., et al.[1]<br><br>Debtors in Foreign Proceedings. | Chapter 15<br><br>Case No. 24-10632 (CTG)<br><br>Jointly Administered |

**ORDER (I) APPROVING THE SALE PROCEDURES AND SALE NOTICE,
(II) AUTHORIZING THE SALE OF THE DEBTORS' U.S. ASSETS
FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES
AND OTHER INTERESTS, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of Randall Benson, solely in his capacity as the duly authorized foreign representative (the "Foreign Representative") of the above-captioned debtors (the "Debtors") in the Canadian proceedings (the "CCAA Proceedings") commenced under the Companies' Creditors Arrangement Act (the "CCAA"), pending before the Ontario Superior Court of Justice (Commercial List) in Ontario, Canada, Court File No. CV-24-00717340-00CL (the "Canadian Court"), pursuant to sections 105(a), 363, 1501, 1507, 1514, 1520 and 1521 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 6004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order (the "Sale Procedures Order"): (i) approving (a) procedures (the "Sale Procedures") for the sale of the Debtors' assets located within the territorial jurisdiction of the United States (each such sale, a "Sale") and (b) the form and manner

---

[1] The last four digits of Debtor Pride Group Holdings Inc.'s Canadian business number are 6399. Due to the large number of debtors in these chapter 15 cases, a complete list of the debtor entities and the last four digits of their unique identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' noticing agent at https://dm.epiq11.com/pridegroup. The Debtors' service address for the purposes of these chapter 15 cases is 1450 Meyerside, Suite 401, Mississauga, Ontario, L5T 2N5, Canada.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

of notice of a Sale attached as **Exhibit 1** to this Sale Procedures Order (the "Sale Notice"); (ii) authorizing the sale of the Debtors' assets located within the territorial jurisdiction of the United States free and clear of liens, claims, encumbrances and other interests (collectively, the "Liens"); and (iii) granting related relief, all as more fully set forth in the Motion; and this Court having held a hearing to consider the relief requested in the Motion (the "Hearing"); and due and proper notice of the Motion and all pleadings in support of the Motion having been provided and no other or further notice being necessary or required; and no objections or other responses having been filed that have not been overruled, withdrawn, or otherwise resolved; and all interested parties having had an opportunity to be heard at the Hearing; and after due deliberation and sufficient cause appearing therefor, **THIS COURT HEREBY FINDS AND DETERMINES THAT:**

A. The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.

C. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

D. Venue is proper in this district pursuant to 28 U.S.C. § 1410.

E. Good and sufficient notice of the relief granted by this Sale Procedures Order has been given, and no other or further notice is required. A reasonable opportunity to object or be

heard regarding the relief granted by this Sale Procedures Order has been afforded to parties entitled to notice pursuant to the Bankruptcy Rules and the Local Rules.

F. The Sale Procedures are fair, reasonable and appropriate and are designed to maximize the value of the Available U.S. Assets for the benefit of the Debtors, their creditors and other parties in interest.

G. The proposed form and manner of notice of the Sales of Available U.S. Assets pursuant to the Sale Notice as set forth in the Motion, is good, appropriate, sufficient and reasonably calculated to provide all interested parties with timely and proper notice, and no other or further notice is required.

H. The Foreign Representative has demonstrated good and sufficient cause for this Court to grant the relief requested in the Motion, including the Sale Procedures and the form and manner of service of the Sale Notice.

I. The relief granted herein is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the U.S. and warranted pursuant to sections 1507 and 1521 of the Bankruptcy Code.

J. The entry of this Sale Procedures Order is in the best interests of the Debtors, their creditors and all other parties in interest in these Chapter 15 Cases.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. The following Sale Procedures, which are approved in all respects, shall govern any Sale of Available U.S. Assets:

   a. **Marketing of the Available U.S. Assets**. The Debtors will publicly list, or have already publicly listed, for sale the Available U.S. Assets to solicit offers for the purchase of such assets in accordance with, and subject to, the Canadian Orders and any other applicable order of the Canadian Court.

3

b. **Superior Bid**. The Debtors will review all offers submitted for any of the Available U.S. Assets and discuss those bids with the applicable offeror. If there is more than one acceptable offer for any of the Available U.S. Assets, the Debtors, having consulted with the Consultation Parties, will determine the offer that, in the Debtors' view, is superior (the "Superior Offer") by considering, among other things:

   i. the total value offered;

   ii. the terms and conditions of the offer; and

   iii. the Debtors' opinion of the likelihood of successfully completing the transaction contemplated by the offer.

   The Debtors will (i) inform the offeror of the Superior Offer that its offer has been selected as the Superior Offer; (ii) negotiate and execute a form asset purchase agreement (the "APA") with the offeror of the Superior Offer that will be contingent on Canadian Court approval; and (iii) subject to the Sale Procedures and approval by the Canadian Court, close the transaction.

c. **Sale Notice**. Once a Debtor has successfully entered into an APA with a Purchaser in respect of any Available U.S. Assets, the Foreign Representative will file on the docket and serve a copy of the applicable Sale Notice on (i) the United States Trustee; (ii) any party known to have asserted a Lien on the Available U.S. Assets for the applicable Sale; and (iii) any party that has filed a notice of appearance in these Chapter 15 Cases (collectively, the "Sale Notice Parties"). The Sale Notice will provide the following information for the applicable Sale of Available U.S. Assets: (i) identification of the Available U.S. Assets being sold; (ii) identification of the Purchaser; (iii) the purchase price and other material terms of the Sale; (iv) a copy of the APA evidencing the Sale; (v) the material terms of any marketing or sales process undertaken with respect to the applicable Available U.S. Assets; (vi) a statement regarding any party known to have asserted a Lien on the applicable Available U.S. Assets; and (vii) the applicable objection deadline.

d. **Proposed Sale Order**. For Sales with an aggregate sale price greater than US$1,000,000, the Foreign Representative will attach to the applicable Sale Notice a proposed form of sale order (the "Sale Order") for the Sale of the applicable Available U.S. Assets. For *de minimis* Sales with an aggregate sale price less than or equal to US$1,000,000, the Debtors are authorized to consummate such Sales without further order of the Court following the expiration of the applicable objection deadline.

e. **Declaration**. The Foreign Representative will attach to the applicable Sale Notice a declaration in support of the Sale containing statements sufficient for the Court to find that: (i) the Sale constitutes a prudent exercise of the applicable Debtor's business judgment; (ii) the Sale may be consummated free and clear

4

of all Liens under section 363(f) of the Bankruptcy Code; and (iii) the purchaser is a good faith purchaser entitled to the protections of section 363(m) of the Bankruptcy Code; *provided*, *however*, that this paragraph (e) will not apply to any *de minimis* Sale with an aggregate sale price less than or equal to US$1,000,000 (which the Debtors are authorized to consummate without further order of the Court following the expiration of the applicable objection deadline) unless a finding of (i)-(iii) in this paragraph (e) is requested by the Debtors as a condition in the relevant APA.

f. **Objection Deadlines**.

   i. Objections, if any, with respect to a *de minimis* Sale with an aggregate sale price less than or equal to US$1,000,000 must be filed with this Court and served on the Foreign Representative and his counsel so as to be actually received on or before the date that is seven (7) calendar days following the date that the applicable Sale Notice is filed on the docket and served on the parties as required herein. If no written objection is filed with the Court and served in accordance with this paragraph (f)(i) on or before the objection deadline, the Debtors may close the transaction without further order of the Court, notice or a hearing.

   ii. Objections, if any, with respect to a Sale with an aggregate sale price greater than US$1,000,000 but less than US$7,000,000 must be filed with this Court and served on the Foreign Representative and his counsel so as to be actually received on or before the date that is seven (7) calendar days following the date that the applicable Sale Notice is filed on the docket and served on the parties as required herein. If no written objection is filed with the Court and served in accordance with this paragraph (f)(ii) on or before the objection deadline, the applicable Sale Order may be entered by the Court without further notice or a hearing.

   iii. Objections, if any, with respect to a Sale with an aggregate sale price greater than or equal to US$7,000,000 must be filed with this Court and served on the Foreign Representative and his counsel so as to be actually received on or before the date that is twenty-one (21) calendar days following the date that the applicable Sale Notice is filed on the docket and served on the parties as required herein. If no written objection is filed with the Court and served in accordance with this paragraph (f)(iii) on or before the objection deadline, the applicable Sale Order may be entered by the Court without further notice or a hearing.

g. **Sale Hearing**. In the event an objection to a Sale is filed and served in accordance with paragraph (f) by the applicable objection deadline, a hearing to consider the applicable Sale (the "Sale Hearing") will be held at a date and time established by the Court.

      h. **As is, Where is**. All Sales pursuant to these Sale Procedures shall be on an "as is, where is" basis and without representations or warranties of any kind or nature by the Debtors, their agents and advisors, unless otherwise provided in the applicable APA.

3. Pursuant to section 363(f) of the Bankruptcy Code, the Debtors are hereby authorized to consummate all *de minimis* Sales of Available U.S. Assets with an aggregate sale price less than or equal to US$1,000,000 free and clear of all Liens, if any, with any and all such Liens attaching to proceeds of the applicable Sale with the same validity, priority, force, and effect such Liens had on the property immediately prior to the Sale. All Sales of Available U.S. Assets with an aggregate purchase price greater than US$1,000,000 shall be subject to a further order of this Court as set forth in the Sale Procedures.

4. The Foreign Representative is authorized to take any and all actions necessary or appropriate to implement the Sale Procedures.

5. The Foreign Representative, in consultation with the Monitor, is authorized to impose additional terms and conditions on the Sales of the Available U.S. Assets in his reasonable business judgment in any manner that will best promote the goals of the sale process, including, without limitation, (i) extending the deadlines set forth in this Sale Procedures Order and the Sale Procedures, (ii) adding procedural rules that are reasonably necessary or advisable to effectuate the Sales, and (iii) terminating the sale process with respect to any Available U.S. Assets; *provided*, that the Foreign Representative shall not waive compliance with or shorten any deadlines set forth in the Sale Procedures with respect to any Sales.

6. If required, any Sale Hearing shall be held before the Honorable Craig T. Goldblatt at the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Courtroom 7, Wilmington, Delaware, 19801 at a date and time to be determined by the Court, and

a Sale Hearing notice (if necessary) will be filed on the docket and served on the applicable Sale Notice Parties.

7. Notwithstanding any provision in the Bankruptcy Rules or Local Rules to the contrary: (i) the terms of this Sale Procedures Order shall be immediately effective and enforceable upon its entry; (ii) the Foreign Representative is not subject to any stay in the implementation, enforcement or realization of the relief granted in this Sale Procedures Order and (iii) the Foreign Representative may, in its discretion and without further delay, take any action and perform any act authorized under this Order, the Canadian Orders or other order of the Canadian Court.

8. The Sale Procedures and any transactions undertaken pursuant to the Sale Procedures shall remain subject in all respects to, and the Debtors and the Foreign Representative shall comply with: (i) the Canadian Orders, (ii) the Amended and Restated Protocols Order issued by the Canadian Court on May 15, 2024; (iii) all other orders of the Canadian Court and this Court; and (iv) that certain Fourth Amended and Restated Credit Agreement, dated as of May 10, 2024 (the "Credit Agreement"), by and among certain entities within the Pride Group as borrowers and guarantors, the DIP Agent, and the lenders from time to time party thereto. Notwithstanding anything in this Sale Procedures Order, nothing in the Sale Procedures shall alter or override the Debtors' obligations under the Credit Agreement.

9. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Sale Procedures Order.

## **Exhibit 1**

Sale Notice

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Pride Group Holdings Inc., *et al.*[1]<br><br>Debtors in Foreign Proceedings. | Chapter 15<br><br>Case No. 24-10632 (CTG)<br><br>Jointly Administered |

### NOTICE OF PROPOSED SALE OF AVAILABLE U.S. ASSETS

**PLEASE TAKE NOTICE** that on March 27, 2024, Randall Benson, solely in his capacity as the duly authorized foreign representative (the "Foreign Representative") of the above-captioned debtors (collectively, the "Debtors") in the Canadian proceedings (the "CCAA Proceedings") commenced under the Companies' Creditors Arrangement Act, R.S.C. 1985 c. C-36, pending before the Ontario Superior Court of Justice (Commercial List) in Ontario, Canada, Court File No. CV-24-00717340-00CL (the "Canadian Court"), and that on April 1, 2024 filed the *Verified Petition for (I) Recognition of Foreign Main Proceedings, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* [D.I. 2] (as amended on April 23, 2024 [D.I. 120], the "Amended Verified Motion") and the form chapter 15 petitions for the Initial Debtors (together with the form chapter 15 petitions for the Additional Debtors filed on April 15, 2024 and the Amended Verified Petition, the "Chapter 15 Petitions") pursuant to chapter 15 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Court").

**PLEASE TAKE FURTHER NOTICE** that on May 2, 2024, the Court entered an order granting recognition of the CCAA Proceedings and related relief sought in the Chapter 15 Petitions [D.I. 152].

**PLEASE TAKE FURTHER NOTICE** that on [●], 2024, the Court entered the *Order (I) Approving the Sale Procedures and Sale Notice, (II) Authorizing the Sale of the Debtors' U.S. Assets Free and Clear of Liens, Claims, Encumbrances and Other Interests, and (III) Granting Related Relief* (the "Sale Procedures Order"),[2] which authorizes the sale of the Debtors' assets located within the territorial jurisdiction of the United States pursuant to the procedures set forth in the Sale Procedures Order.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Sale Procedures Order, the Foreign Representative seeks authority from the Court for the Debtors to consummate the sale of

---

[1] The last four digits of Debtor Pride Group Holdings Inc.'s Canadian business number are 6399. Due to the large number of debtors in these chapter 15 cases, a complete list of the debtor entities and the last four digits of their unique identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' noticing agent at https://dm.epiq11.com/pridegroup. The Debtors' service address for the purposes of these chapter 15 cases is 1450 Meyerside, Suite 401, Mississauga, Ontario, L5T 2N5, Canada.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Sale Procedures Order.

the Debtors' assets located within the territorial jurisdiction of the United States (the "Sale") pursuant to the asset purchase agreement (the "APA") attached to this Sale Notice as **Exhibit A**. The material terms of the APA are described below:

- **Available U.S. Assets Being Sold**:

- **Purchaser**:

- **Purchase Price**:

- **Terms of Payment**:

- **Marketing Efforts**:

- **Known Liens**:

- **Consent by Known Holders of Liens**:

- **Other Material Terms**:

[**PLEASE TAKE FURTHER NOTICE** that the Foreign Representative requests entry of the proposed order attached to this notice as **Exhibit B** (the "Proposed Order") authorizing the consummation of the Sale and granting relief pursuant to sections 363(f) and 363(m) of the Bankruptcy Code.]³

[**PLEASE TAKE FURTHER NOTICE** that in support of the relief requested in the Proposed Order, the Foreign Representative submits the *Declaration of Foreign Representative* attached to this Sale Notice as **Exhibit C** (the "Foreign Representative Declaration").]⁴

**PLEASE TAKE FURTHER NOTICE** that consistent with the Sale Procedures Order and the Foreign Representative Declaration, if the Court enters an order granting relief under section 363(f) of the Bankruptcy Code, upon closing of the Sale, the Available U.S. Assets shall be transferred free and clear of all liens, claims, encumbrances and other interests, with such liens, claims, encumbrances and other interests attaching to the sale proceeds with the same validity, priority, force, and effect such liens, claims, encumbrances and other interests had on the property immediately prior to the Sale.

**PLEASE TAKE FURTHER NOTICE** that any party in interest wishing to submit a response, answer, or objection to the Sale must do so pursuant to the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, and such response, answer, or

---

³ In accordance with the Sale Procedures Order, the Debtors are authorized to consummate any *de minimis* Sale with an aggregate sale price less than or equal to US$1,000,000 without further order of the Court following the expiration of the applicable objection deadline.

⁴ In accordance with the Sale Procedures Order, the Foreign Representative is not required to submit a Foreign Representative Declaration for any *de minimis* Sale with an aggregate sale price less than or equal to US$1,000,000.

objection must (i) be in writing, (ii) set forth in detail the factual and legal bases therefor, (iii) be filed with the United States Bankruptcy Court for the District of Delaware, Office of the Clerk of the Court, 824 Market Street, Wilmington, Delaware 19801, and (iv) served upon counsel for the Foreign Representative, Linklaters LLP, 1290 Avenue of the Americas, New York, New York 10104 (Attention: Penelope J. Jensen, Esq. and Christopher J. Hunker, Esq.) and Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market St., 16th Floor, P.O. Box 1347, Wilmington, Delaware 19801 (Attention: Derek C. Abbott, Esq. and Andrew R. Remming, Esq.), so as to be actually received on or before the date that is [seven (7)/twenty-one (21)][5] days following the date that this Sale Notice is served on the Sale Notice Parties.

**PLEASE TAKE FURTHER NOTICE** that if no response or objection is timely filed and served as provided above, the Debtors the Proposed Order may be entered by the Court without further notice or a hearing.

*[Remainder of Page Intentionally Left Blank]*

---

[5] In accordance with the Sale Procedures Order, the Foreign Representative must provide: (i) seven (7) days' notice with respect to any Sale with an aggregate sale price less than US$7,000,000 and (ii) twenty-one (21) days' notice with respect to any Sale with an aggregate sale price greater than or equal to US$7,000,000.

3

Dated: [●], 2024
       Wilmington, Delaware

       **MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

       _____
       Derek C. Abbott (No. 3367)
       Andrew R. Remming (No. 5120)
       Austin T. Park (No. 7247)
       1201 North Market Street
       P.O. Box 1347
       Wilmington, DE 19899-1347
       Telephone:  (302) 658-9200
       Facsimile:  (302) 658-3989
       dabbott@morrisnichols.com
       aremming@morrisnichols.com
       apark@morrisnichols.com

       -and-

       **LINKLATERS LLP**
       Penelope J. Jensen
       Christopher J. Hunker
       Clark L. Xue
       1290 Avenue of the Americas
       New York, NY 10104
       Telephone:  (212) 903-9000
       Facsimile:  (212) 903-9100
       penelope.jensen@linklaters.com
       christopher.hunker@linklaters.com
       clark.xue@linklaters.com

       _Attorneys for the Foreign Representative_

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Pride Group Holdings Inc., et al.[1]<br><br>Debtors in Foreign Proceedings. | Chapter 15<br><br>Case No. 24-10632 (CTG)<br><br>Jointly Administered |

### ORDER AUTHORIZING AND APPROVING SALE OF AVAILABLE U.S. ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS IN ACCORDANCE WITH THE SALE PROCEDURES ORDER

Upon the *Notice of Proposed Sale of Available U.S. Assets* (the "Sale Notice") and [the *Declaration of Foreign Representative* attached to the Sale Notice as Exhibit C (the "Foreign Representative Declaration") in support of entry of an order (this "Order") authorizing the sale of the Available U.S. Assets (the "Sale") to _____ (the "Purchaser")][2] pursuant to the *Order (I) Approving the Sale Procedures and Sale Notice, (II) Authorizing the Sale of the Debtors' U.S. Assets Free and Clear of Liens, Claims, Encumbrances and Other Interests, and (III) Granting Related Relief* [D.I. [●]] (the "Sale Procedures Order");[3] and upon this Court's review and consideration of the Foreign Representative Declaration; and this Court having held a hearing to consider the relief requested in this Order (the "Hearing"); and due and proper notice of the Sale Notice having been provided and no other or further notice being necessary or required; and no objections or other responses having been filed that have not been overruled, withdrawn, or

---

[1] The last four digits of Debtor Pride Group Holdings Inc.'s Canadian business number are 6399. Due to the large number of debtors in these chapter 15 cases, a complete list of the debtor entities and the last four digits of their unique identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' noticing agent at https://dm.epiq11.com/pridegroup. The Debtors' service address for the purposes of these chapter 15 cases is 1450 Meyerside, Suite 401, Mississauga, Ontario, L5T 2N5, Canada.

[2] In accordance with the Sale Procedures Order, the Foreign Representative is not required to submit a Foreign Representative Declaration for any *de minimis* Sale with an aggregate sale price less than or equal to US$1,000,000.

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Sale Procedures Order.

otherwise resolved; and all interested parties having had an opportunity to be heard at the Hearing; and after due deliberation and sufficient cause appearing therefor,

**THIS COURT HEREBY FINDS AND DETERMINES THAT:**

A. The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.

C. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

D. Venue is proper in this district pursuant to 28 U.S.C. § 1410.

E. Good and sufficient notice of the relief granted by this Order has been given in accordance with the Sale Procedures Order. Notice of the Sale was good, sufficient and appropriate under the circumstances and provided a reasonable opportunity to object or be heard regarding the relief granted by this Order to parties entitled to notice pursuant to the Bankruptcy Rules and the Local Rules. No further notice of the Sale is required.

F. The Foreign Representative has demonstrated that the Sale is a reasonable exercise of the Foreign Representative's business judgment and is in the best interests of the Debtors, their creditors and other parties in interest. Sound business reasons exist for the Sale.

G. The transfer of the Available U.S. Assets to the Purchaser pursuant to the APA shall be legal, valid and effective and shall vest the Purchaser with all right, title and interest of the

Debtors to the Available U.S. Assets free and clear of all liens, claims, encumbrances and other interests. One or more of the standards set forth in sections 363(f)(1)-(5) of the Bankruptcy Code have been satisfied.

H. The Purchaser is a good faith purchaser for value, is entitled to all of the protections afforded under section 363(m) of the Bankruptcy Code and has otherwise acted in good faith in connection with the Sale. Specifically, (a) the Purchaser is not an "insider" of the Debtors, as that term is defined in the Bankruptcy Code; (b) the Sale was negotiated at arm's-length and in good faith; (c) the Purchaser did not in any way induce or cause the filing of these Chapter 15 Cases; (d) the consideration provided by the Purchaser under the Sale is fair and reasonable; and (e) the Sale is not the result of fraud or collusion. Neither the Foreign Representative nor the Purchaser has engaged in any conduct that would cause or permit the Sale to be avoided or result in the imposition of any costs or damages under section 363(n) of the Bankruptcy Code.

I. The entry of this Order is in the best interests of the Debtors, their creditors and all other parties in interest in these Chapter 15 Cases;

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Sale is approved as set forth herein.

2. Pursuant to sections 363(b) and 363(f) of the Bankruptcy Code, the Foreign Representative is authorized to transfer the Available U.S. Assets to the Purchaser pursuant to the terms of the APA with all right, title and interest in the Available U.S. Assets free and clear of all liens, claims, encumbrances and other interests. The APA is hereby approved, and the Foreign Representative is authorized to take all actions necessary to consummate the Sale.

3. The Purchaser is a good faith buyer within the meaning of section 363(m) of the Bankruptcy Code and is entitled to the full protections of section 363(m) of the Bankruptcy Code. The reversal or modification on appeal of the authorization provided herein to consummate the

Sale shall not affect the validity of the Sale, unless such authorization and consummation of the Sale is duly and properly stayed pending such appeal.

4. Notwithstanding any provision in the Bankruptcy Rules or Local Rules to the contrary: (i) the terms of this Order shall be immediately effective and enforceable upon its entry; (ii) the Foreign Representative is not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order and (iii) the Foreign Representative may, in its discretion and without further delay, take any action and perform any act authorized under this Order, the Canadian Orders, or other order of the Canadian Court.

5. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation of this Order.

Wilmington, Delaware
Dated: _____, 2024

_____
THE HONORABLE CRAIG T. GOLDBLATT
UNITED STATES BANKRUPTCY JUDGE