# EXHIBIT A

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
7/14/2020 11:31 AM
JAMIE SMITH
DISTRICT CLERK
A-205999

CAUSE NO. _____

| | | |
|---|---|---|
| **PAUL TORRES** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| | § | |
| **V.** | § | **JEFFERSON COUNTY, TX** |
| | § | |
| **ARNOLD TRANSPORTATION** | § | |
| **SERVICES, INC. and LAUREL LEBEOUF** | § | **_____ th JUDICIAL STRICT** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Paul Torres ("Plaintiff") and files his Original Petition complaining of Arnold Transportation Services, Inc. and Laurel LeBeouf (collectively, "Defendants"), and in support thereof would show as follows:

### I.    DISCOVERY CONTROL PLAN

Plaintiff intends to conduct discovery under Level 3 of Texas Rules of Civil Procedure 190.3.

### II.    JURISDICTION

This Court has jurisdiction over the parties to this suit and has subject matter jurisdiction over the controversies between the parties. Plaintiff makes a claim for damages for a monetary amount in controversy within the jurisdiction of this Court. Plaintiff seeks monetary relief over $1,000,000.

### III.    PARTIES

Plaintiff is an individual residing in Jefferson County, Texas.

Defendant, Arnold Transportation Services, Inc., is a foreign for-profit corporation who may be served by serving its registered agent, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3136.

Defendant, Laurel LeBeouf, is an individual residing in Terrebonne Parish, Louisiana and may be served with citation at her residence located at 210 St. Patrick, Houma, Louisiana 70364.

## IV.    VENUE

Venue is proper in Jefferson County because Jefferson County is the county in which all or a substantial part of the events or omissions giving rise to these claims occurred. *See* TEX. CIV. PRAC. & REM. CODE § 15.002.

## V.    FACTS

On or about May 4, 2020, Plaintiff was traveling northbound in the 100 block of South MLK in Beaumont, Texas, in the outside lane. At the same time, Defendant LeBeouf was driving an 18-wheeler owned by Defendant Arnold Transportation Services, Inc., was exiting a private drive in the northbound lanes of MLK. Suddenly and without warning to Plaintiff, Defendant LeBeouf attempted to cross all northbound lanes of traffic to turn into a private drive in the southbound lanes of MLK and slammed into the side of Plaintiff's vehicle. The impact was so forceful that is caused Plaintiff's vehicle to spin out of control. At all pertinent times, Defendant LeBeouf was in the course and scope of his employment with Defendant Arnold Transportation Services, Inc. Plaintiff sustained personal injuries to his neck, back, and body in general as a result of the collision.

The collision was caused by one or more negligent acts and/or omissions on the part of the Defendants. The negligent acts were the proximate cause of Plaintiff's personal injuries. The collision and all damages and injuries resulting therefrom were not caused by or contributed to by Plaintiff or an innocent third party; nor did same occur through any fault or negligence on the part of Plaintiff, but were caused solely by the acts, wrongs, and/or omissions of the Defendants, which

said acts, wrongs, and/or omissions were the proximate cause of the injuries and damages sustained by Plaintiff.

## VI.  NEGLIGENCE

Defendant LeBeouf is liable for Plaintiff's injures and damages because of numerous negligent acts and omissions; including, but not limited to the following:

a. Failure to yield the right-of-way;

b. In failing to operate a motor vehicle at a speed that was reasonable and prudent under the conditions and with regard to the actual and potential hazards then existing;

c. In failing to maintain a safe distance between the motor vehicle he was operating and Plaintiffs' vehicle;

d. In failing to maintain a proper lookout as a person of ordinary prudence would have kept under the same or similar circumstances;

e. In failing to stay alert;

f. In failing to properly and timely apply the brakes;

g. In failing to turn, swerve, or otherwise maneuver the vehicle in order to avoid the collision made the basis of this suit; and

h. Various other acts of negligence and negligence per se to be specified at the time of trial.

Each of these acts and omissions, singularly, or in combination with others, constitutes negligence, which proximately caused the occurrence made the basis of this action and the Plaintiff's injuries and damages.

## VII.  NEGLIGENT ENTRUSTMENT

Defendant Arnold Transportation Services, Inc. entrusted its vehicle to Defendant LeBeouf. Defendant LeBeouf was an incompetent and reckless driver. Defendant Arnold Transportation Services, Inc.  knew or should have known that Defendant LeBeouf was incompetent and reckless at the time of the collision. Defendant LeBeouf was negligent at the time

of the Plaintiff's injury. These acts of negligence are laid out in the negligence paragraph above. Defendant Arnold Transportation Services, Inc. could reasonably have anticipated that entrusting a vehicle to an incompetent and reckless driver would result in an injury. Furthermore, the likelihood of catastrophic damage is far greater with an incompetent and reckless driver behind the wheel of an 18-wheeler. Defendant LeBeouf's negligence proximately caused injury to Plaintiff, which resulted in serious bodily injury.

## VIII. <u>NEGLIGENT HIRING/NEGLIGENCE PER SE</u>

Defendant Arnold Transportation Services, Inc. negligently hired, supervised, trained, and/or retained Defendant LeBeouf to drive an 18-wheeler tractor trailer for Defendant Arnold Transportation Services, Inc. by employing an incompetent and reckless driver.

## IX. <u>RESONDEAT SUPERIOR</u>

Defendant Arnold Transportation Services, Inc. is liable for the negligent acts of Defendant LeBeouf through the doctrine of respondeat superior. At all times material, Defendant LeBeouf was an agent or employee acting within the course and scope of his employment Defendant Arnold Transportation Services, Inc. Defendant LeBeouf was under the direct control of Defendant Arnold Transportation Services, Inc. Specifically, Defendant LeBeouf was operating Defendant Arnold Transportation Services, Inc.'s vehicle with actual expressed authority intentionally conferred upon Defendant LeBeouf by Defendant Arnold Transportation Services, Inc. Defendant LeBeouf was acting in furtherance of Defendant Arnold Transportation Services, Inc.'s business and for the accomplishment of the object for which Defendant LeBeouf was employed.

## VII. DAMAGES

As a result of the injuries sustained by Plaintiff as a result of the collision made the basis of this suit, Plaintiff hereby sue for the following items of damage:

   a. Physical pain and suffering in the past;

   b. Physical pain and suffering the Plaintiff will experience in the future;

   c. Mental anguish suffered in the past;

   d. Mental anguish the Plaintiff will experience in the future;

   e. Medical expenses incurred in the past;

   f. Medical expenses the Plaintiff will incur in the future;

   g. Physical impairment suffered in the past; and

   h. Physical impairment the Plaintiff will suffer in the future.

By reason of the facts hereinabove alleged, Plaintiff has been made to suffer and sustain at the hands of the Defendants damages within the jurisdictional requirements of this Court and in such amount as the evidence may show proper at the time of trial.

## VIII. PREJUDGMENT AND POSTJUDGMENT INTEREST

Plaintiff seeks prejudgment and post judgment interest as allowed by law.

## IX. COURT COSTS

Plaintiff sues to recover court costs as allowed by law.

Plaintiff sues Defendants for all of the causes of action pled in this petition jointly and severally, for all of the damages Defendants caused Plaintiff herein.

## X. DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial and has tendered the appropriate fee.

## XI. REQUEST FOR DISCLOSURE

Under the authority of Texas Rule of Civil Procedure 194, Plaintiffs request that each of the Defendants disclose the information or material described in Rule 194.2 within fifty (50) days of the service of this request.

## XII. RULE 193.7 NOTICE

Plaintiff intend to use Defendant's discovery responses as evidence at trial in accordance with such right and privileges established by Texas Rule of Civil Procedure 193.7.

## XIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff pray that Defendants be cited to appear and answer herein, and that upon final hearing hereof, Plaintiff have judgment against Defendants for actual damages, economic damages, and prejudgment and post judgment interest. Plaintiff additionally requests that the Court award reasonable and necessary costs pursuant to the Texas Civil Practice & Remedies Code, and for such other and further relief, at law or in equity, general or special, to which Plaintiffs may be justly entitled.

Respectfully submitted,

**REES LAW FIRM**

/s/ Cody Rees
Cody Rees
State Bar No. 24083719
215 Orleans Street, Suite 100
Beaumont, Texas 77701
P: 409-291-5119
F: 409-600-2196
crees@reeslawfirm.com

**ATTORNEY FOR PLAINTIFF**