**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 15 |
| Pride Group Holdings Inc., *et al.*, | Case No. 24-10632 (CTG) |
| | (Jointly Administered) |
| Debtors in Foreign Proceedings. | **Re: Docket No. 178** |

**PRECAUTIONARY LIMITED OBJECTION TO FOREIGN REPRESENTATIVE'S
PROPOSED SALE OF 131 AND 139 INDUSTRIAL BLVD, LA VERGNE, TENNESSEE
OWNED BY DEBTOR 131 INDUSTRIAL BLVD HOLDING CORP.**

Caraustar Recovered Fiber Group, Inc. ("Caraustar"), by and through its undersigned counsel, submits this Precautionary Limited Objection (the "Objection") to Randall Benson's, solely in his capacity as the duly authorized foreign representative (the "Foreign Representative") proposed sale of certain real property commonly known as 131 and 139 Industrial Blvd., La Vergne, Tennessee, owned by Debtor 131 Industrial Blvd. Holding Corp, and as more particularly described in the Lease Agreement (as defined below) (the "Property"). The Foreign Representative has stated his intent to sell the Property (the "Proposed Sale") pursuant to certain sale procedures (the "Sale Procedures") via his *Motion of the Foreign Representative for Entry of an Order (I) Approving the Sale Procedures and Sale Notice, (II) Authorizing the Sale of the Debtors' U.S. Assets Free and Clear of Liens, Claims, Encumbrances and Other Interests, and (III) Granting Related Relief* [D.I. 178] (the "Sale Procedures Motion"). This Court has not yet ruled on the Sale Procedures Motion. Nevertheless, due to the very limited notice procedures for sale of real property proposed by the Sale Procedures Motion, and to place the Foreign Representative and the Debtors on notice now, Caraustar objects to the Proposed Sale to the extent that Debtors intend to

1

sell the Property free and clear of Caraustar's Lease Agreement (as defined below).  In support of this Objection, Caraustar states as follows:

I.    **Background**

    A.    **Prime Group Bankruptcy**

    1.    On April 1, 2024, and April 15, 2024, the Foreign Representative filed petitions for the Pride Group's Canadian and U.S. operating companies and non-real estate holding companies, thereby commencing these Chapter 15 Cases.  On April 1, 2024, the Foreign Representative filed the *Verified Petition for (I) Recognition of Foreign Main Proceedings, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* [D.I. 2] (the "Verified Petition") seeking, among other things, recognition of the CCAA Proceedings as "foreign main proceedings" under section 1517 of the Bankruptcy Code and certain related relief.

    2.    On May 2, 2024, this Court entered an order [D.I. 152] (the "Recognition Order") granting recognition of the CCAA Proceedings.

    3.    On May 21, 2024, the Foreign Representative filed the Sale Procedures Motion. The Sale Procedures Motion seeks authority to, among other things, sell various pieces of real property located within the territorial jurisdiction of the United States, including, but not limited to, the Property, "free and clear of liens, claims, encumbrances and other interests".  The Sale Procedures Motion does not specify whether the Foreign Representative's request for authorization to sell the Property free and clear of "other interests" includes leasehold interests.

    4.    Pursuant to the proposed Sale Procedures, if the Property sells for less than $7,000,000, parties in interest have no more than seven calendar days following the date that a property sale notice is filed with the Court to file an objection to the Property sale.  If the Property sells for $7,000,000 or more, parties in interest have no more than 21 calendar days to object under

this framework.[1]   The Sale Procedures Motion is set for hearing before this Court on June 11, 2024.

**B.     The Property**

5.     The Property is the subject to that certain Lease Agreement dated July 14, 1995, by and between Jimmy E. Allen and Donna Allen (collectively, "Original Lessors"), and Champion Recycling Corporation (the "Original Lessee") (as amended and assigned, the "Lease Agreement").   Caraustar is the current Lessee of the Lease Agreement pursuant to that certain Assignment, Assumption and Amendment of Lease dated June 5, 2014.   The original 31,025 square foot Property space was expanded by an additional 40,000 square feet pursuant to the First Amendment to Lease Agreement dated September 30, 2021.   Pursuant to the Lease Agreement, Caraustar was granted various rights, including, but not limited to, the right to maintain possession of the Property and use the Property for receiving, sorting, bailing and distribution of material. The Lease expires December 15, 2025.   Tennessee state law governs the Lease Agreement.

6.     Caraustar operates a recycling business at the Property where it collects and recycles cardboard boxes and other paper/fiber waste to be used as feedstock for making new paper products (collectively, the "Operations").   On an annual basis, Caraustar collects and recycles nearly 150,000 tons of fiber products at the Property.   These Operations require significant machinery and Caraustar employs a local workforce to run the Operations at the Property.   Moving the Operations to a different location on short notice would be burdensome to Caraustar.

---

[1] Due to the proposed shortened notice procedure and the interests at stake for Caraustar due to its Operations at the Property, Caraustar is submitting this Objection now to place the Foreign Representative and Debtors on notice of its Objection.

**II.    Any Sale of the Property Must Be Subject to the Lease Agreement.**

7.    If the Foreign Representative intends to sell the Property free and clear of Caraustar's leasehold interest under the Lease Agreement, then this Court should either (i) deny any request by the Foreign Representative sell the Property, or (ii) approve the Property sale, but order that the sale be subject to the Lease Agreement.

8.    Section 363(f) of the Bankruptcy Code permits a trustee to sell assets free and clear only if:

(1)    applicable nonbankruptcy law permits sale of such property free and clear of such interest;

(2)    such entity consents;

(3)    such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(4)    such interest is in bona fide dispute; or

(5)    such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

9.    In the Sale Procedures Motion, the Foreign Representative fails to address Caraustar's interests in the Property.  In fact, the Foreign Representative's only statements in the Sale Procedures Motion with respect to the Section 363(f) standard are: (a) an ambiguous and unsatisfactory argument that the Foreign Representative will satisfy "one or more of the standards set forth in sections 363(f)(1)-(5)" for the sale of the Property; and (b) "that section 363(f)(5) will be satisfied because (i) any entity holding a valid and perfected Lien on the applicable Available U.S. Assets could be compelled to accept a money satisfaction of its Lien and (ii) the Lien on the Available U.S. Assets will attach to the sale proceeds."

10.    Section 363(f)(5) is not an appropriate vehicle to sell property free and clear of a leasehold interest, where, as here, the Lease Agreement does not contain a specific provision

obligating the lessee to accept money in exchange for its leasehold interest. *See, e.g., In re Patriot Place* 486 B.R. 773, 815-16 (Bankr. W.D. Tex. 2013) (holding that Section 363(f)(5) is not an appropriate vehicle for a debtor to sell property free and clear of a leasehold interest where the lease does not state that lessee can be compelled to accept money for its leasehold interest); *In re Haskell L.P.*, 321 B.R. 1, 9 (D. Mass. 2005) (holding that Section 363(f)(5) was inapplicable in part because the debtor's tenant could not be compelled to accept money in satisfaction of its leasehold interest).

11.     The Debtor also cannot establish the requirements to sell the Property free and clear of the Lease Agreement under Sections 363(f)(1), (2), (3), and (4).   As to Section 363(f)(1), applicable non-bankruptcy law does not permit the Foreign Representative to sell the Property free and clear of the Lease Agreement.   Under Tennessee law, a purchaser of property takes title subject to a lease covering the property. *See Harris v. Dobson-Tankard Co.*, 298 S.W.2d 28, 31 (Tenn. Ct. App. 1956) ("It is well settled that where one purchases property which is occupied by a lessee, such purchases takes the property subject to the lease"); *Walgreen Co. v. Walton*, 64 S.W.2d 44, 48 (Tenn. Ct. App. 1932) ("Where the lessee is in possession, the purchaser takes subject to the lease").   Therefore, a seller of real property in Tennessee sells its real property subject to, and not free and clear of, leasehold interests.

12.     Even under Tennessee foreclosure law, which Caraustar does not concede applies to Section 363(f)(1), a creditor can only discharge "all rights, claims, mortgages or other encumbrances against the mortgaged land **acquired subsequent to the creation of the [interest] being foreclosed**." *See Bolerjack v. Fid. Fed. S&L Ass'n*, 1988 Tenn. App. LEXIS 752, at *21 (Tenn. Ct. App. Nov. 30, 1988) (emphasis added).   In contrast, interests that predate the mortgage are not extinguished by a foreclosure sale. *See Davidson v. Bank of Friendship, Inc.*, No. W2003-

01887-COA-R3-CV, 2004 Tenn. App. LEXIS 727, at *7 (Tenn. Ct. App. Nov. 5, 2004).  The Foreign Representative has not, and cannot, point to any interest that he holds existing prior to the 1995 Lease Agreement permitting the Foreign Representative to extinguish the Lease Agreement under Tennessee state foreclosure law, further rendering Section 363(f)(1) as an inappropriate vehicle to sell the Property free and clear of the Lease Agreement.

13.     As to Section 363(f)(2), Caraustar has not consented to the sale of the Property free and clear of its interests under the Lease Agreement.  Caraustar's interests under the Lease Agreement do not constitute a lien, rendering Section 363(f)(3) inapplicable.  *See* 11 U.S.C. §101(37) (defining "lien" as a "charge against or interest in property ***to secure payment of a debt or performance of an obligation***.") (emphasis added); *see also in re Patriot Place, Ltd.*, 486 B.R. at 815–16 ("§363(f)(3) basically authorizes a sale free and clear if the interest is a lien; this subsection has no applicability because 3LM's leasehold interest is not a lien").  Finally, Caraustar's interests under the Lease Agreement are not subject to a bona fide dispute, rendering Section 363(f)(4) inapplicable to any attempt by the Foreign Representative to sell the Property free and clear of the Lease Agreement.

14.     The Foreign Representative cannot sell the Property free and clear of the Lease Agreement, as it cannot meet any of Section 363(f)'s requirements necessary to do so.  However, even if the Foreign Representative was able to meet a Section 363(f) requirement, the Bankruptcy Code does not authorize the Foreign Representative to sell the real property free and clear of a lessee's leasehold interest, where, as here, the lessee objects to such a sale. Section 365(h) of the Bankruptcy Code entitles a lessee to retain its rights under its lease, including, but not limited to, any right of use, possession, or quiet enjoyment, regardless of a debtor's interest (or lack thereof) in continuing to perform under the lease.  *See* 11 U.S.C. §365(h).  Therefore, even if the Foreign

Representative were able to overcome Section 363(f)'s hurdles to sell the Property free and clear of the Lease Agreement, which it cannot, Section 365(h) specifically authorizes Caraustar to maintain possession of the Property for the duration of the Lease Agreement notwithstanding the Foreign Representative's generic ability to sell the Property "free and clear" pursuant to Section 363(f). *See In re Zota Petroleums, LLC*, 482 B.R. 154, 163 (Bankr. E.D. Va. 2012) ("The rights of the tenant [under Section 365(h)] may not be extinguished by a § 363 sale; to hold to the contrary would give open license to debtors to dispossess tenants by utilizing the § 363 sale mechanism"); *see also in re Haskell L.P.*, 321 B.R. 1, 9 (Bankr. Mass 3005) (holding same).

15.    Therefore, this Court should only approve the Foreign Representative's request to sell the Property free and clear of liens, claims, encumbrances and interests with a specific carveout clarifying that the Foreign Representative may not sell the Property free and clear of Caraustar's leasehold interest or the Lease Agreement.

### III.    Notice

16.    Notice of the Objection has been provided to: (a) the Office of the United States Trustee; (b) counsel to the Debtors; (c) counsel to the Debtors' lenders; and (d) all known parties requesting notice in these cases pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, Caraustar submits that no further or other notice is required.

### IV.    Reservation of Rights

17.    Caraustar reserves all rights, claims, remedies and defenses available under applicable law with respect to the Foreign Representative, The Debtors, the Sale Procedures Motion, the Lease Agreement, and any attempt by the Foreign Representative to sell the Property free and clear of Caraustar's leasehold interest or the Lease Agreement.  Nothing contained herein

shall constitute a waiver by Caraustar of any rights, claims or defenses by or against any non-Debtor third parties.

Dated:  June 4, 2024

**FOX ROTHSCHILD LLP**

*/s/ Howard A. Cohen*
Howard A. Cohen (DE 4082)
Stephanie J. Slater (DE 6922)
1201 North Market Street, Suite 1200
Wilmington, DE 19801
Telephone: (302) 427-5507
Facsimile: (302) 656-8920
Email: hcohen@foxrothschild.com
        sward@foxrothschild.com

-and-

Robert A. Bell, Jr.
Thomas J. Loeb
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216
Telephone: (614) 464-5469
Facsimile: (614) 719-5169
rabell@vorys.com

*Attorneys for Caraustar Recovered*
*Fiber Group, Inc.*

## <u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on June 4, 2024, a true and correct copy of the foregoing was served via the Electronic Case Filing System for the United States Bankruptcy Court for the District of Delaware to all parties registered to receive such notice.

<u>*/s/ Howard A. Cohen*</u>
Howard A. Cohen (DE 4082)