**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>Pride Group Holdings Inc., et al.² <br><br>Debtors in Foreign Proceedings. | Chapter 15<br><br>Case No. 24-10632 (CTG)<br><br>Jointly Administered |

**ORDER (I) APPROVING THE SALE PROCEDURES AND SALE NOTICE,
(II) AUTHORIZING THE SALE OF THE DEBTORS' U.S. ASSETS
FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES
AND OTHER INTERESTS, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")³ of Randall Benson, solely in his capacity as the duly authorized foreign representative (the "Foreign Representative") of the above-captioned debtors (the "Debtors") in the Canadian proceedings (the "CCAA Proceedings") commenced under the Companies' Creditors Arrangement Act (the "CCAA"), pending before the Ontario Superior Court of Justice (Commercial List) in Ontario, Canada, Court File No. CV-24-00717340-00CL (the "Canadian Court"), pursuant to sections 105(a), 363, 1501, 1507, 1514, 1520 and 1521 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 6004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order (the "Sale Procedures Order"): (i) approving

---

²     The last four digits of Debtor Pride Group Holdings Inc.'s Canadian business number are 6399. Due to the large number of debtors in these chapter 15 cases, a complete list of the debtor entities and the last four digits of their unique identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' noticing agent at https://dm.epiq11.com/pridegroup. The Debtors' service address for the purposes of these chapter 15 cases is 1450 Meyerside, Suite 401, Mississauga, Ontario, L5T 2N5, Canada.

³     Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

-2-

(a) procedures (the "Sale Procedures") for the sale of the Debtors' assets located within the territorial jurisdiction of the United States (each such sale, a "Sale") and (b) the form and manner of notice of a Sale attached as **Exhibit 1** to this Sale Procedures Order (the "Sale Notice"); (ii) authorizing the sale of the Debtors' assets located within the territorial jurisdiction of the United States free and clear of liens, claims, encumbrances and other interests (collectively, the "Liens"); and (iii) granting related relief, all as more fully set forth in the Motion; and this Court having held a hearing to consider the relief requested in the Motion (the "Hearing"); and due and proper notice of the Motion and all pleadings in support of the Motion having been provided and no other or further notice being necessary or required; and no objections or other responses having been filed that have not been overruled, withdrawn, or otherwise resolved; and all interested parties having had an opportunity to be heard at the Hearing; and after due deliberation and sufficient cause appearing therefor, **THIS COURT HEREBY FINDS AND DETERMINES THAT:**

    A.    The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

    B.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.

    C.    This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

    D.    Venue is proper in this district pursuant to 28 U.S.C. § 1410.

E.  Good and sufficient notice of the relief granted by this Sale Procedures Order has been given, and no other or further notice is required.  A reasonable opportunity to object or be heard regarding the relief granted by this Sale Procedures Order has been afforded to parties entitled to notice pursuant to the Bankruptcy Rules and the Local Rules.

F.  The Sale Procedures are fair, reasonable and appropriate and are designed to maximize the value of the Available U.S. Assets for the benefit of the Debtors, their creditors and other parties in interest.

G.  The proposed form and manner of notice of the Sales of Available U.S. Assets pursuant to the Sale Notice as set forth in the Motion, is good, appropriate, sufficient and reasonably calculated to provide all interested parties with timely and proper notice, and no other or further notice is required.

H.  The Foreign Representative has demonstrated good and sufficient cause for this Court to grant the relief requested in the Motion, including the Sale Procedures and the form and manner of service of the Sale Notice.

I.  The relief granted herein is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the U.S. and warranted pursuant to sections 1507 and 1521 of the Bankruptcy Code.

J.  The entry of this Sale Procedures Order is in the best interests of the Debtors, their creditors and all other parties in interest in these Chapter 15 Cases.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

1.  The Motion is granted as set forth herein.

2.  The following Sale Procedures, which are approved in all respects, shall govern any Sale of Available U.S. Assets:

a. **Marketing of the Available U.S. Assets**. The Debtors will publicly list, or have already publicly listed, for sale the Available U.S. Assets to solicit offers for the purchase of such assets in accordance with, and subject to, the Canadian Orders and any other applicable order of the Canadian Court.

b. **Superior Bid**. The Debtors will review all offers submitted for any of the Available U.S. Assets and discuss those bids with the applicable offeror. If there is more than one acceptable offer for any of the Available U.S. Assets, the Debtors, having consulted with the Consultation Parties, will determine the offer that, in the Debtors' view, is superior (the "Superior Offer") by considering, among other things:

   i. the total value offered;

   ii. the terms and conditions of the offer; and

   iii. the Debtors' opinion of the likelihood of successfully completing the transaction contemplated by the offer.

   The Debtors will (i) inform the offeror of the Superior Offer that its offer has been selected as the Superior Offer; (ii) negotiate and execute a form asset purchase agreement (the "APA") with the offeror of the Superior Offer that will be contingent on Canadian Court approval; and (iii) subject to the Sale Procedures and approval by the Canadian Court, close the transaction.

c. **Sale Notice**. Once a Debtor has successfully entered into an APA with a Purchaser in respect of any Available U.S. Assets, the Foreign Representative will file on the docket and serve a copy of the applicable Sale Notice on (i) the United States Trustee; (ii) any party known to have asserted a Lien on the Available U.S. Assets for the applicable Sale; and (iii) any party that has filed a notice of appearance in these Chapter 15 Cases (collectively, the "Sale Notice Parties"). The Sale Notice will provide the following information for the applicable Sale of Available U.S. Assets: (i) identification of the Available U.S. Assets being sold; (ii) identification of the Purchaser; (iii) the purchase price and other material terms of the Sale; (iv) a copy of the APA evidencing the Sale; (v) the material terms of any marketing or sales process undertaken with respect to the applicable Available U.S. Assets; (vi) a statement regarding any party known to have asserted a Lien on the applicable Available U.S. Assets; and (vii) the applicable objection deadline.

d. **Proposed Sale Order**. For Sales with an aggregate sale price greater than US$1,000,000, the Foreign Representative will attach to the applicable Sale Notice a proposed form of sale order (the "Sale Order") for the Sale of the applicable Available U.S. Assets. For *de minimis* Sales with an aggregate sale price less than or equal to US$1,000,000, the Debtors are authorized to consummate such Sales without further order of the Court following the expiration of the applicable objection deadline.

e. **Declaration**. The Foreign Representative will attach to the applicable Sale Notice a declaration in support of the Sale containing statements sufficient for the Court to find that: (i) the Sale constitutes a prudent exercise of the applicable Debtor's business judgment; (ii) the Sale may be consummated free and clear of all Liens under section 363(f) of the Bankruptcy Code; and (iii) the purchaser is a good faith purchaser entitled to the protections of section 363(m) of the Bankruptcy Code; *provided*, *however*, that this paragraph (e) will not apply to any *de minimis* Sale with an aggregate sale price less than or equal to US$1,000,000 (which the Debtors are authorized to consummate without further order of the Court following the expiration of the applicable objection deadline) unless a finding of (i)-(iii) in this paragraph (e) is requested by the Debtors as a condition in the relevant APA.

f. **Objection Deadlines**.
   i. Objections, if any, with respect to a *de minimis* Sale with an aggregate sale price less than or equal to US$1,000,000 must be filed with this Court and served on the Foreign Representative and his counsel so as to be actually received on or before the date that is seven (7) calendar days following the date that the applicable Sale Notice is filed on the docket and served on the parties as required herein. If no written objection is filed with the Court and served in accordance with this paragraph (f)(i) on or before the objection deadline, the Debtors may close the transaction without further order of the Court, notice or a hearing.
   ii. Objections, if any, with respect to a Sale with an aggregate sale price greater than US$1,000,000 but less than US$7,000,000 must be filed with this Court and served on the Foreign Representative and his counsel so as to be actually received on or before the date that is seven (7) calendar days following the date that the applicable Sale Notice is filed on the docket and served on the parties as required herein. If no written objection is filed with the Court and served in accordance with this paragraph (f)(ii) on or before the objection deadline, the applicable Sale Order may be entered by the Court without further notice or a hearing.
   iii. Objections, if any, with respect to a Sale with an aggregate sale price greater than or equal to US$7,000,000 must be filed with this Court and served on the Foreign Representative and his counsel so as to be actually received on or before the date that is twenty-one (21) calendar days following the date that the applicable Sale Notice is filed on the docket and served on the parties as required herein. If no written objection is filed with the Court and served in accordance with this paragraph (f)(iii) on or before the objection deadline, the applicable Sale Order may be entered by the Court without further notice or a hearing.

g. **Sale Hearing**. In the event an objection to a Sale is filed and served in accordance with paragraph (f) by the applicable objection deadline, a hearing to consider the applicable Sale (the "Sale Hearing") will be held at a date and time established by the Court.

       h. **As is, Where is**. All Sales pursuant to these Sale Procedures shall be on an "as is, where is" basis and without representations or warranties of any kind or nature by the Debtors, their agents and advisors, unless otherwise provided in the applicable APA.

3.    Pursuant to section 363(f) of the Bankruptcy Code, the Debtors are hereby authorized to consummate all *de minimis* Sales of Available U.S. Assets with an aggregate sale price less than or equal to US$1,000,000 free and clear of all Liens, if any, with any and all such Liens attaching to proceeds of the applicable Sale with the same validity, priority, force, and effect such Liens had on the property immediately prior to the Sale. All Sales of Available U.S. Assets with an aggregate purchase price greater than US$1,000,000 shall be subject to a further order of this Court as set forth in the Sale Procedures.

4.    The Foreign Representative is authorized to take any and all actions necessary or appropriate to implement the Sale Procedures.

5.    The Foreign Representative, in consultation with the Monitor, is authorized to impose additional terms and conditions on the Sales of the Available U.S. Assets in his reasonable business judgment in any manner that will best promote the goals of the sale process, including, without limitation, (i) extending the deadlines set forth in this Sale Procedures Order and the Sale Procedures, (ii) adding procedural rules that are reasonably necessary or advisable to effectuate the Sales, and (iii) terminating the sale process with respect to any Available U.S. Assets; *provided*, that the Foreign Representative shall not waive compliance with or shorten any deadlines set forth in the Sale Procedures with respect to any Sales.

6.    For any Sales of properties owned by the U.S. Real Estate HoldCos on which there is an outstanding lease (each, an "Outstanding Lease"), the Sale Notice shall indicate whether the Purchaser in such Sale has agreed to assume such Outstanding Lease pursuant to the applicable APA or otherwise. If an Outstanding Lease is not assumed by the Purchaser, the tenant under such

Outstanding Lease reserves all rights to object to such Sale, and the Foreign Representative reserves the right to respond to such objection.

7. The Foreign Representative and Debtors acknowledge and agree that the *Precautionary Limited Objection to Foreign Representative's Proposed Sale of 131 and 139 Industrial Blvd., La Vergne, Tennessee Owned by Debtor 131 Industrial Blvd. Holding Corp.* [D.I. 188] (the "Caraustar Objection"), filed by Caraustar Recovered Fiber Group, Inc. ("Caraustar"), shall serve as a timely objection to any Sale of the real estate property owned by Debtor 131 Industrial Blvd. Holding Corp. (the "131 Industrial Property") free and clear of Caraustar's lease and/or interest as tenant on the 131 Industrial Property under Section 363(f) of the Bankruptcy Code. Unless the Caraustar Objection is resolved on a consensual basis, any proposed Sale of the 131 Industrial Property free and clear of Caraustar's lease and/or interest as tenant on the 131 Industrial Property under Section 363(f) of the Bankruptcy Code shall not be consummated until a hearing is held by the Court.

8. If required, any Sale Hearing shall be held before the Honorable Craig T. Goldblatt at the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Courtroom 7, Wilmington, Delaware, 19801 at a date and time to be determined by the Court, and a Sale Hearing notice (if necessary) will be filed on the docket and served on the applicable Sale Notice Parties.

9. Notwithstanding any provision in the Bankruptcy Rules or Local Rules to the contrary: (i) the terms of this Sale Procedures Order shall be immediately effective and enforceable upon its entry; (ii) the Foreign Representative is not subject to any stay in the implementation, enforcement or realization of the relief granted in this Sale Procedures Order and (iii) the Foreign

Representative may, in its discretion and without further delay, take any action and perform any act authorized under this Order, the Canadian Orders or other order of the Canadian Court.

10. The Sale Procedures and any transactions undertaken pursuant to the Sale Procedures shall remain subject in all respects to, and the Debtors and the Foreign Representative shall comply with: (i) the Canadian Orders, (ii) the Amended and Restated Protocols Order issued by the Canadian Court on May 15, 2024; (iii) all other orders of the Canadian Court and this Court; and (iv) that certain Fourth Amended and Restated Credit Agreement, dated as of May 10, 2024 (the "Credit Agreement"), by and among certain entities within the Pride Group as borrowers and guarantors, the DIP Agent, and the lenders from time to time party thereto. Notwithstanding anything in this Sale Procedures Order, nothing in the Sale Procedures shall alter or override the Debtors' obligations under the Credit Agreement.

11. This Sale Procedures Order and the Sale Procedures shall not apply to (i) the sale of any asset owned by a party that is not a Debtor (including TPine Leasing Capital L.P. and the Securitization SPVs[4]) or (ii) the sale of any vehicle, tractor, truck, trailer, or similar equipment over which (a) Regions Bank; (b) Regions Equipment Financing Corp. ("REFCO"); or (c) Regions Commercial Equipment Financing LLC ("RCEF") ((a)-(c) collectively, the "Regions Entities") assert a security interest (collectively, the "Regions Collateral")[5] without the written consent of the applicable Regions Entity.

---

[4] The "Securitization SPVs" are the following affiliated special-purpose securitization vehicles that do not engage in any business or activity other than acting as purchasers of securitized assets or issuers of asset-backed obligations under various securitization agreements: TPine USA Funding I LLC, TPine USA Funding II LLC, TPine USA Funding III LLC, TPine USA Funding IV LLC, TPine Canada Securitization L.P, and TPine Canada GP L.P.

[5] The Regions Collateral include the vehicles, tractors, trucks, trailers, and similar equipment (i) financed by REFCO and/or RCEF as evidenced by Equipment Finance Schedules Nos. EFA-1 through EFA-12 to the Master Agreement dated March 30, 2022 and (ii) the vehicles and vehicle leases identified by

-10-

12. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Sale Procedures Order.

**Dated: June 7th, 2024**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**

---

Regions Bank in the "Final Borrowing Schedule" as defined in and provided pursuant to Regions Bank's May 7, 2024 letter to the Monitor's counsel.