**Exhibit A**

Proposed Stipulation and Order

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br>Pride Group Holdings Inc., *et al.*[1]<br>Debtors in Foreign Proceedings. | Chapter 15<br>Case No. 24-10632 (CTG)<br>Jointly Administered |

**AGREED ORDER AMONG THE FOREIGN
REPRESENTATIVE, THE PRIDE GROUP, THE MONITOR
AND DAIMLER WITH RESPECT TO RELIEF FROM THE INJUNCTION**

The Court having considered the Stipulation Among the Foreign Representative, the Pride Group, the Monitor, and Daimler with Respect to Relief from the Injunction (the "Stipulation")[2] presented to the Court and attached hereto as **Exhibit 1** and good and sufficient cause having been shown:

IT IS HEREBY ORDERED THAT:

1. The Stipulation, and the terms of the Stipulation, are approved.

2. The Injunction, to the extent applicable, pursuant to 11 U.S.C. § 1521(a), is lifted solely to allow Daimler to take possession of and sell the Surrendered Equipment.

3. The fourteen (14) day stay provided under Federal Rule of Bankruptcy Procedure 4001(a)(3) shall not apply.

4. The Foreign Representative, the Pride Group, Monitor, and Daimler are authorized to take all actions necessary to effectuate the relief requested in this Stipulation.

---

[1] The last four digits of Debtor Pride Group Holdings Inc.'s Canadian business number are 6399. Due to the large number of debtors in these chapter 15 cases, a complete list of the debtor entities and the last four digits of their unique identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' noticing agent at https://dm.epiq11.com/pridegroup. The Debtors' service address for the purposes of these chapter 15 cases is 1450 Meyerside, Suite 401, Mississauga, Ontario, L5T 2N5, Canada.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Stipulation.

5. This Order is a Final Order within the meaning of 28 U.S.C. § 158(a)(1) and is effective immediately upon entry.

6. This Order shall be binding on and inure to the benefit of the Parties and their respective heirs, executors, administrators, successors, and permitted assigns.

7. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the interpretation and/or implementation of this Order and the Stipulation.

Wilmington, Delaware
Dated: _____, 2024

_____
THE HONORABLE CRAIG T. GOLDBLATT
UNITED STATES BANKRUPTCY JUDGE

**Exhibit 1**

Stipulation

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Pride Group Holdings Inc., *et al.*<sup>1</sup><br><br>Debtors in Foreign Proceedings. | Chapter 15<br><br>Case No. 24-10632 (CTG)<br><br>Jointly Administered |

### STIPULATION AMONG THE FOREIGN REPRESENTATIVE, THE PRIDE GROUP, THE MONITOR AND DAIMLER WITH RESPECT TO RELIEF FROM THE INJUNCTION

This Stipulation (the "Stipulation") is entered into by and among (i) Randall Benson, solely in his capacity as the duly authorized foreign representative (the "Foreign Representative") of the above-captioned debtors (collectively, the "Debtors"), in the Canadian proceedings (the "CCAA Proceedings") commenced under the Companies' Creditors Arrangement Act (the "CCAA"), pending before the Ontario Superior Court of Justice (Commercial List) in Ontario, Canada, Court File No. CV-24-00717340-00CL (the "Canadian Court"), (ii) the Pride Group,[2] (iii) Ernst & Young Inc., the Debtors' Canadian Court-appointed monitor (in such capacity, the "Monitor"), and (iv) Daimler Truck Financial Services USA LLC ("Daimler") (each of (i)-(iv), a "Party," and collectively, the "Parties").

**WHEREAS**, TPine Leasing Capital L.P. ("TPine Leasing"), an affiliate of the Debtors, entered into certain credit facility, note, conditional sale and security agreements (collectively,

---

[1] The last four digits of Debtor Pride Group Holdings Inc.'s Canadian business number are 6399. Due to the large number of debtors in these chapter 15 cases, a complete list of the debtor entities and the last four digits of their unique identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' noticing agent at https://dm.epiq11.com/pridegroup. The Debtors' service address for the purposes of these chapter 15 cases is 1450 Meyerside, Suite 401, Mississauga, Ontario, L5T 2N5, Canada.

[2] As used herein, "Pride Group" includes: (i) each of the Debtors; (ii) Pride Truck Sales L.P., TPine Leasing Capital L.P., and Sweet Home Hospitality L.P.; and (iii) Block 6 Holding Inc., 2500819 Ontario Inc., Pergola Holdings, Corp., and Pride Global Insurance Company Ltd.

the "Loan and Security Agreements") with Daimler pursuant to which Daimler provided financing for certain trucks acquired by TPine Leasing (which serve as collateral (the "Collateral") under the Loan and Security Agreements);

WHEREAS, on March 26, 2024, TPine Leasing and Daimler entered into a voluntary surrender agreement (the "Surrender Agreement"), pursuant to which TPine Leasing agreed to consensually relinquish possession of a portion of the Collateral that TPine Leasing had identified as "idle units" to Daimler;

WHEREAS, as of the date hereof, TPine Leasing has consensually relinquished possession of 134 units[3] of Collateral to Daimler (the "Surrendered Equipment"), which are set forth, along with their Vehicle Identification Numbers, on **Exhibit A** hereto;

WHEREAS, on March 27, 2024, the Debtors commenced the CCAA Proceedings in the Canadian Court, and the Canadian Court issued the initial order on the following day (as amended and restated from time to time, the "Initial Order") granting certain relief in connection with the CCAA Proceedings including, among other things, staying the commencement or continuation of any proceeding or enforcement process in any court or tribunal against the Debtors and certain of its non-Debtor affiliates, including TPine Leasing (the "Pride Group");

WHEREAS, on April 1, 2024, the Foreign Representative commenced the above-captioned chapter 15 cases in the United States Bankruptcy Court for the District of Delaware (the "Court"), and sought provisional relief on the same day requesting, among other things, enforcement of the Initial Order in the United States on a provisional basis, including

---

[3] The Parties understand that two units of Surrendered Equipment, with VINs 3AKJHHDR5PSNU8621 and 3AKJHHDR3PSNU8455, were purchased and proceeds were remitted to Daimler. These two units are therefore excluded from Exhibit A hereto.

application of section 362 of Title 11 of the United States Code (the "Bankruptcy Code") over the Pride Group and their property located within the territorial jurisdiction of the United States (the "Provisional Relief");

**WHEREAS**, on April 3, 2024, the Court entered the *Order Granting Motion of the Foreign Representative for Provisional Relief Pursuant to Sections 105(a) and 1519 of the Bankruptcy Code* [D.I. 49] (the "Provisional Relief Order") granting the Provisional Relief;

**WHEREAS**, on May 2, 2024, the Court entered the *Order Granting Amended Verified Petition for (i) Recognition of Foreign Main Proceedings, (ii) Recognition of Foreign Representative, and (iii) Related Relief Under Chapter 15 of the Bankruptcy Code* [D.I. 152] (the "Recognition Order"), which, among other things, (i) extends all relief granted pursuant to the Provisional Relief Order on a final basis; and (ii) enjoins all persons and entities pursuant to section 1521(a)(1)-(3) of the Bankruptcy Code from, among other things, executing against the assets of the Pride Group; commencing or continuing any action or proceedings against the Pride Group; and transferring, relinquishing or disposing of any property of the Pride Group to any person or entity other than the Foreign Representative (the "Injunction");

**WHEREAS**, pursuant to paragraph 12 of the Recognition Order, secured parties with a valid, perfected, and enforceable security interest in collateral may not sell such collateral unless (i) the Monitor and the Debtors' chief restructuring officer (the "CRO") have determined that such secured party's security interest in the collateral is senior to the DIP Charge (as defined in the Recognition Order) and is not subject to competing security interests from other third-party creditors; (ii) the Monitor and CRO have agreed to transfer possession in respect of such collateral to such secured party; and (iii) this Court or the Canadian Court has entered an order authorizing such sale (the "Sale Order");

3

**WHEREAS**, Daimler has requested that the Pride Group, the Monitor, and CRO consent to the sale of the Surrendered Equipment by Daimler;

**WHEREAS,** the Monitor and CRO have determined that (i) Daimler's security interest in the Surrendered Equipment is senior to the DIP Charge and is not subject to competing security interests from other third-party creditors; (ii) the Surrendered Equipment is no longer required for the Debtors' ongoing operations; and (iii) the Surrendered Equipment was surrendered to Daimler with the consent of the Debtors;

**WHEREAS**, on June 27, 2024, an order was granted in the CCAA Proceedings authorizing the possession and sale by or on behalf of Daimler of the Surrendered Equipment and associated relief from the stays applicable in the CCAA Proceedings; and

**WHEREAS**, the Monitor and CRO have agreed to permit Daimler to sell the Surrendered Equipment on the terms contained in this Stipulation.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and between the Parties, through their undersigned counsel, as follows**:**

1. The foregoing recitals are hereby incorporated by reference into this Stipulation with the same force and effect as if set forth fully hereinafter.

2. The Foreign Representative and Monitor hereby authorize Daimler to sell the Surrendered Equipment (the "<u>Surrendered Equipment Sales</u>," and each, a "<u>Surrendered Equipment Sale</u>").

3. The Injunction, to the extent applicable, pursuant to 11 U.S.C. § 1521(a), is lifted as of the date this Stipulation is approved by the Court (the "<u>Effective Date</u>") solely to allow Daimler, as applicable, to sell the Surrendered Equipment and apply proceeds as provided herein.

4. By no later than ten (10) business days following Daimler's receipt of proceeds from the sale of any Surrendered Equipment, Daimler shall provide a detailed accounting to the Monitor and CRO with respect to such Surrendered Equipment Sale, including: (i) the total amount of all proceeds and other consideration received on account of such Surrendered Equipment Sales ("Gross Surrendered Equipment Proceeds"), (ii) direct costs to Daimler associated with such Surrendered Equipment Sales (the "Costs of Disposition"), (iii) the outstanding amount (including all principal, interest, fees, costs, and reimbursable expenses) owing pursuant to the loan advanced by Daimler to the Pride Group to finance the acquisition of the applicable Surrendered Equipment, taking into account a proportional amount of applicable and reasonable attorney's fees (the "Unit Financed Amount"), (iv) the amount of any indebtedness owing to Daimler by the Pride Group other than the Unit Financed Amount that is secured by the applicable Surrendered Equipment (the "Cross-Collateralized Indebtedness"), (v) a reasonable description of the process for each Surrendered Equipment Sale, and (vi) confirmation that each Surrendered Equipment Sale was conducted at arm's length.

5. In the event that Daimler claims Cross-Collateralized Indebtedness in respect of any Surrendered Equipment Sale, the reporting with respect to such Surrendered Equipment Sale referenced in paragraph 4 of this Stipulation shall include Daimler's factual and legal support for its entitlement to the Cross-Collateralized Indebtedness, and for the Cross-Collateralized Indebtedness being secured against the applicable unit of Surrendered Equipment.

6. To the extent applicable, Daimler shall remit to the Monitor the amount equal to (i) the Gross Surrendered Equipment Proceeds, less (ii) the Costs of Disposition, and less (iii)

5

the Unit Financed Amount (the "Net Surrendered Equipment Proceeds") within ten (10) business days following receipt of such Gross Surrendered Equipment Proceeds by Daimler. To the extent that Daimler asserts a claim to any Net Surrendered Equipment Proceeds as a result of Cross-Collateralized Indebtedness, Daimler shall advise the Monitor and CRO of such claim upon remittance of such applicable Net Surrendered Equipment Proceeds. Any entitlement of Daimler to any Net Surrendered Equipment Proceeds shall be subject to confirmation by the Monitor (with the consent of the DIP Agent (as defined in the Recognition Order)), and/or further order of the Canadian Court or the Court, and once confirmed, such Net Surrendered Equipment Proceeds shall be distributed to Daimler by the Monitor.

7. The Debtors shall, within two (2) business days of the date of this Order, (i) provide Daimler, in writing, with the address of each unit of Surrendered Equipment (the "Surrendered Equipment Location"), together with the contact information of the individual(s) who will grant Daimler access to each Surrendered Equipment Location (the "Contact Information"), and (ii) make the Surrendered Equipment available to Daimler at the Surrendered Equipment Location by July 11, 2024, or such later date as may be reasonably agreed in writing by Daimler, the Pride Group and the Monitor. The Pride Group shall give Daimler written notice when each unit of Surrendered Equipment is available for possession. Daimler shall retrieve and remove the Surrendered Equipment from the applicable Surrendered Equipment Location within fourteen (14) calendar days from the later of (i) receipt of the applicable Surrendered Equipment Location and Contact Information, and (ii) the applicable Surrendered Equipment being made available to Daimler for possession (the latest of such dates, the "Retrieval Deadline"). If Daimler does not retrieve the Surrendered Equipment by

the applicable Retrieval Deadline, Daimler shall pay to the Pride Group CAD$35.00 per unit of Surrendered Equipment per day for storage costs.

8.  Daimler shall pay any actual, documented out-of-pocket costs incurred by the Pride Group or the Monitor, or their respective counsel or agents, associated with the retrieval or relocation of the Surrendered Equipment, provided that such costs (i) result from actions by the Pride Group and/or the Monitor that are requested in writing by Daimler, and (ii) are in an amount that is approved in advance by Daimler, in writing.

9.  In addition to authorizing Daimler to sell the Surrendered Equipment upon the terms outlined in this Stipulation, the Foreign Representative hereby authorizes Daimler to take possession of and sell the vehicles with the following VINs: 3AKJHHDR0PSNU8462, 1FVACWFC7PHNU9002,[4] 3AKJHHDR4NSNC3380, 3AKJHHDR5PSNU8571, and 3AKJHHDR2PSNU8835 (the "At-Risk Units") notwithstanding the Injunction. If Daimler elects to sell the At-Risk Units, Daimler shall apply proceeds and provide a detailed accounting to the Monitor and CRO with respect to the sales as set forth in paragraph 4 of this Stipulation.

10. The Foreign Representative shall cause TPine Leasing to comply with the terms of this Stipulation as applicable, including by returning and/or transferring to Daimler any vehicle titles to any Surrendered Equipment held by TPine Leasing.

11. This Stipulation shall constitute the Sale Order with respect to the Surrendered Equipment required pursuant to paragraph 12 of the Recognition Order; and no other or further order from this Court shall be required prior to Daimler conducting the Surrendered Equipment Sales.

---

[4] The Foreign Representative understands that this unit was impounded in Texas and may have been auctioned prior to the date of this Stipulation. If this is the case, the Foreign Representative shall remit to Daimler any excess proceeds returned to TPine Leasing from such auction.

12. This Stipulation shall not be construed as authorizing any relief from the Injunction imposed under section 1521(a) of the Bankruptcy Code other than as specifically set out in this Stipulation.

13. Notwithstanding Section 9-624(a) of the Uniform Commercial Code (the "UCC") or any applicable state version thereof, the Pride Group hereby waives any requirement for notice prior to Daimler's disposition of the Surrendered Equipment and the At-Risk Units pursuant to Section 9-611 of the UCC or any applicable state version thereof.

14. This Stipulation may be signed in counterpart originals. Evidence of the execution of this Stipulation may be exchanged by facsimile or electronic transmission of a scanned copy of the signature pages or by exchange of an originally signed document, each of which shall be as fully binding on the Party as a signed original.

15. Each person who executes the Stipulation on behalf of a Party hereto represents that he or she is duly authorized to execute the Stipulation on behalf of such Party.

16. This Stipulation shall be effective and enforceable immediately upon entry by the Court, and the fourteen (14) day stay provided under Federal Rule of Bankruptcy Procedure 4001(a)(3) shall not apply.

17. This Stipulation shall be binding on and inure to the benefit of the Parties and their respective heirs, executors, administrators, successors, and permitted assigns.

18. The Foreign Representative, Monitor, and Daimler are authorized to take all actions necessary to effectuate the relief requested in this Stipulation.

19. Nothing in this Stipulation, whether express or implied, shall be construed to give to any person or entity other than the Parties any legal or equitable right, remedy, interest, or claim under or in respect of this Stipulation.

20. This Stipulation represents the Parties' mutual understandings and supersedes all prior agreements, whether in oral or written form.

21. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation, interpretation and/or enforcement of this Stipulation.

Dated: July 2, 2024

*/s/ Austin T. Park*

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Austin T. Park (No. 7247)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
dabbott@morrisnichols.com
aremming@morrisnichols.com
apark@morrisnichols.com

and

**LINKLATERS LLP**
Penelope J. Jensen
Christopher J. Hunker
Clark L. Xue

LINKLATERS LLP
1290 Avenue of the Americas
New York, NY 10104
Telephone: (212) 903-9000
Facsimile: (212) 903-9100
penelope.jensen@linklaters.com
christopher.hunker@linklaters.com
clark.xue@linklaters.com

*Attorneys for the Foreign Representative and the Pride Group*

Dated: July 2, 2024

*/s/ Kim Gage*

**COOKSEY TOOLEN GAGE DUFFY & WOOG P.C.**
Kim Gage
535 Anton Blvd. 10th Floor
Costa Mesa CA 92626
Telephone: (714) 431-1090
Facsimile: (714) 431-1119
kgage@cookseylaw.com

*Attorney for Daimler Truck Financial Services USA LLC*

Dated: July 2, 2024

*/s/ David R. Hurst*

**MCDERMOTT WILL & EMERY LLP**
David R. Hurst (I.D. No. 3743)
1000 N. West Street, Suite 1400
Wilmington, DE 19801
Telephone: (302) 485-3900
Fax: (302) 351-8711
dhurst@mwe.com

Bradley Thomas Giordano
Carmen Dingman
444 West Lake Street, Suite 4000
Chicago, IL 60606-0029
Telephone: (312) 372-2000
Fax: (312) 984-7700
bgiordano@mwe.com
cdingman@mwe.com

Stacy A. Lutkus
One Vanderbilt Avenue
New York, NY 10017-3852
Telephone: (212) 547-5400
Fax: (212) 547-5444
salutkus@mwe.com

*Counsel to Ernst & Young Inc., in its capacity as Court-Appointed Monitor*

## Exhibit A

## Surrendered Equipment

| No | VIN |
|---|---|
| 1. | 3AKJHHDR8RSVJ9892 |
| 2. | 3AKJHHDR9RSVH9711 |
| 3. | 1FUJH4F71RPUL2750 |
| 4. | 3AKJHHDR4RSUU6519 |
| 5. | 3AKJHHDR5RSUU6528 |
| 6. | 3AKJHHDR7RSUU6532 |
| 7. | 3AKJHHDRXRSUU6525 |
| 8. | 3AKJHHDR0RSVA7523 |
| 9. | 3AKJHHDR4RSVA7511 |
| 10. | 3AKJHHDR1RSUZ0123 |
| 11. | 3AKJHHDR3RSUZ0124 |
| 12. | 3AKJHHDR7RSUZ0126 |
| 13. | 3AKJHHDR5RSUZ0125 |
| 14. | 3AKJHHDR9RSUZ0127 |
| 15. | 3ALACWFC1RDUV3018 |
| 16. | 3AKJHHDR6RSUV0734 |
| 17. | 3AKJHHDR2RSUZ0115 |
| 18. | 3AKJHHDR4RSUZ0116 |
| 19. | 3AKJHHDR6RSUZ0117 |
| 20. | 3AKJHHDR6RSUZ0120 |
| 21. | 3AKJHHDR8RSUZ0118 |
| 22. | 3AKJHHDR8RSUZ0121 |
| 23. | 3AKJHHDRXRSUZ0119 |
| 24. | 3AKJHHDR1RSUV2519 |
| 25. | 3AKJHHDR1PSUM7852 |
| 26. | 3AKJHHDR2PSUM7858 |
| 27. | 3AKJHHDR0PSUM7843 |
| 28. | 3AKJHHDR3PSNU8634 |
| 29. | 3AKJHHDR0PSUM7857 |
| 30. | 3AKJHHDR9PSUM7856 |
| 31. | 3AKJHHDR1PSNU8762 |
| 32. | 3AKJHHDR4PSNU8660 |
| 33. | 3AKJHHDR6PSNU8661 |
| 34. | 3AKJHHDR6PSNU8708 |
| 35. | 3AKJHHDR7PSNU8765 |
| 36. | 3AKJHHDR9PSNU8637 |

| 37. | 3AKJHHDR5PSNU8652 |
|---|---|
| 38. | 3AKJHHDRXPSNU8730 |
| 39. | 3AKJHHDR4PSUM7859 |
| 40. | 3AKJHHDR0PSNU8560 |
| 41. | 3AKJHHDR0PSNU8638 |
| 42. | 3AKJHHDR3PSNU8567 |
| 43. | 3AKJHHDR3PSNU8651 |
| 44. | 3AKJHHDR4PSNU8593 |
| 45. | 3AKJHHDR5PSNU8585 |
| 46. | 3AKJHHDR9PSNU8654 |
| 47. | 3AKJHHDR0PSNU8641 |
| 48. | 3AKJHHDR3PSNU8648 |
| 49. | 3AKJHHDR5PSNU8702 |
| 50. | 3AKJHHDR6PSNU8594 |
| 51. | 3AKJHHDR1PSUM7849 |
| 52. | 3AKJHHDR2PSUM7844 |
| 53. | 3AKJHHDR3PSUM7853 |
| 54. | 3AKJHHDR4PSUM7845 |
| 55. | 3AKJHHDR5PSUM7840 |
| 56. | 3AKJHHDR5PSUM7854 |
| 57. | 3AKJHHDR6PSUM7846 |
| 58. | 3AKJHHDR7PSUM7841 |
| 59. | 3AKJHHDR7PSUM7855 |
| 60. | 3AKJHHDR8PSUM7847 |
| 61. | 3AKJHHDR9PSUM7842 |
| 62. | 3AKJHHDRXPSUM7848 |
| 63. | 3AKJHHDRXPSUM7851 |
| 64. | 3AKJHHDR3PSNU8603 |
| 65. | 3AKJHHDR3PSNU8617 |
| 66. | 3AKJHHDR4PSNU8612 |
| 67. | 3AKJHHDR4PSNU8626 |
| 68. | 3AKJHHDR7PSNU8619 |
| 69. | 3AKJHHDR6PSNU8613 |
| 70. | 3AKJHHDR7PSNU8507 |
| 71. | 3AKJHHDR9PSNU8525 |
| 72. | 3AKJHHDRXPSNU8534 |
| 73. | 3AKJHHDR4PSNU8545 |
| 74. | 3AKJHHDR8PSNU8547 |
| 75. | 3AKJHHDR9PSNU8542 |
| 76. | 3AKJHHDR1PSNU8518 |
| 77. | 3AKJHHDR3PSNU8519 |

| | |
|---|---|
| 78. | 3AKJHHDR5PSNU8537 |
| 79. | 3AKJHHDR6PSNU8515 |
| 80. | 3AKJHHDR9PSNU8556 |
| 81. | 3AKJHHDR0PSNU8607 |
| 82. | 3AKJHHDR6PSNU8496 |
| 83. | 3AKJHHDR6PSNU8627 |
| 84. | 3AKJHHDR7PSNU8488 |
| 85. | 3AKJHHDR9PSNU8573 |
| 86. | 3AKJHHDRXPSNU8517 |
| 87. | 3AKJHHDRXPSNU8601 |
| 88. | 3AKJHHDR1PSNU8485 |
| 89. | 3AKJHHDR4PSNU8478 |
| 90. | 3AKJHHDR4PSNU8481 |
| 91. | 3AKJHHDR2PSNU8480 |
| 92. | 3AKJHHDR9PSNU8475 |
| 93. | 3AKJHHDR3PSNU8469 |
| 94. | 3AKJHHDR8PSNU8452 |
| 95. | 3AKJHHDR6NSNC3350 |
| 96. | 3AKJHHDR0NSNC3425 |
| 97. | 3AKJHHDR3NSNC3418 |
| 98. | 3AKJHHDR3NSNC3399 |
| 99. | 1FUJHHDR2NLMW8864 |
| 100. | 1FUJHHDR8NLMW8867 |
| 101. | 3AKJHHDR6NSNC3378 |
| 102. | 3AKJHHDR8NSNC3415 |
| 103. | 3AKJHHDR9NSNC3388 |
| 104. | 3AKJHHDRXNSNC3416 |
| 105. | 3AKJHHDR2NSNC3412 |
| 106. | 3AKJHHDR4NSNC3413 |
| 107. | 3AKJHHDR7NSNC3406 |
| 108. | 3AKJHHDR7NSNA6377 |
| 109. | 3AKJHHDR8NSNA6372 |
| 110. | 3AKJHHDRXNSMZ3662 |
| 111. | 3AKJHHDR1NSMX5941 |
| 112. | 3AKJHHDR8NSMX5953 |
| 113. | 3AKJHHDR2NSMX5902 |
| 114. | 3AKJHHDR3NSMX5939 |
| 115. | 3AKJHHDR9NSMX5847 |
| 116. | 3AKJHHDR9NSMX5895 |
| 117. | 3AKJHHDR9NSMX5931 |
| 118. | 3AKJHHDR9NSMX5959 |

| 119. | 3AKJHHDR9NSMX6044 |
|---|---|
| 120. | 3AKJHHDR8MSMY3453 |
| 121. | 3AKJHHDR2MSMH9006 |
| 122. | 3AKJHHDR4MSMH8889 |
| 123. | 3AKJHHDR9MSMH8869 |
| 124. | 1FUJHHDR0MLMA7393 |
| 125. | 1FUJHHDR0MLMA7412 |
| 126. | 3AKJHHDR5LSKW9244 |
| 127. | 3AKJHHDR7LSKW9178 |
| 128. | 3AKJHHDR1LSKW9158 |
| 129. | 3AKJHHDR8LSKW9142 |
| 130. | 3AKJHHDR2KSJX1299 |
| 131. | 3AKJHHDR8PSUM7850 |
| 132. | 3AKJHHDR4RSVA6410[1] |

---

[1] Notwithstanding anything to the contrary in the Stipulation, this unit may only be sold with the further consent of the Monitor.

4