# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Pride Group Holdings Inc., *et al.*[1]<br><br>Debtors in Foreign Proceedings. | Chapter 15<br><br>Case No. 24-10632 (CTG)<br><br>Jointly Administered<br><br>**Hearing Date:**<br>July 24, 2024 at 9:30 a.m. (ET) [Requested]<br><br>**Objection Deadline:**<br>July 19, 2024 at 4:00 p.m. (ET) [Requested] |

## MOTION OF THE FOREIGN REPRESENTATIVE
## FOR ENTRY OF AN ORDER (I) ENFORCING THE
## DIP AMENDMENT ORDER AND (II) GRANTING RELATED RELIEF

Randall Benson, solely in his capacity as the duly authorized foreign representative (the "Foreign Representative") of the above-captioned debtors (collectively, the "Debtors")[2], in the Canadian proceedings (the "CCAA Proceedings") commenced under the Companies' Creditors Arrangement Act (the "CCAA"), pending before the Ontario Superior Court of Justice (Commercial List) in Ontario, Canada, Court File No. CV-24-00717340-00CL (the "Canadian Court"), respectfully submits this motion (the "Motion") for entry of an order (the "Proposed Order"), substantially in the form attached hereto as **Exhibit A**, granting relief under section 1521(a)(7) of Title 11 of the United States Code (the "Bankruptcy Code"), including relief available pursuant to section 364 of the Bankruptcy Code with respect to the amended debtor-in-possession financing (the "Amended DIP Facility").

---

[1] The last four digits of Debtor Pride Group Holdings Inc.'s Canadian business number are 6399. Due to the large number of debtors in these chapter 15 cases, a complete list of the debtor entities and the last four digits of their unique identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' noticing agent at https://dm.epiq11.com/pridegroup. The Debtors' service address for the purposes of these chapter 15 cases is 1450 Meyerside, Suite 401, Mississauga, Ontario, L5T 2N5, Canada.

[2] The term "Debtors" does not include: 1000089137 Ontario Inc., DVP Holdings, Corp., Parker Global Enterprises, Inc., Parker Transport Co., and Arnold Transportation Services, Inc. (collectively, the "Arnold Entities").

In support of the requested relief, the Foreign Representative respectfully refers the Court to and incorporates by reference the (a) *Declaration of Randall Benson in Support of Motion of the Foreign Representative for Entry of an Order Granting Provisional Relief in Connection with Debtor in Possession Financing and Certain Protocols Pursuant to Sections 105(a) and 1519 of the Bankruptcy Code* [D.I. 71] (the "Benson DIP Declaration") and (b) *Declaration of Randall Benson in Support of Motion of the Foreign Representative for Entry of an Order (I) Enforcing the DIP Amendment Order and (II) Granting Related Relief* (the "Benson DIP Amendment Declaration") filed contemporaneously herewith.

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

2. Venue is proper in this Court and this District pursuant to 28 U.S.C. § 1410.

3. The Foreign Representative, in his capacity as authorized foreign representative, has properly commenced these chapter 15 cases pursuant to sections 1504, 1509, and 1515 of the Bankruptcy Code and rules 2002 and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

4. The statutory predicates for the relief requested herein are section 105(a), 364, and 1521 of the Bankruptcy Code.

**BACKGROUND**

**I.    Commencement of the CCAA Proceedings and the Chapter 15 Cases**

5.      The Debtors and certain of their non-Debtor affiliates (collectively, the "Pride Group")[3] operate a trucking and logistics conglomerate based in Canada with operations in Canada and the United States. The Pride Group's businesses are managed from their headquarters in Mississauga, Ontario, and they maintain facilities and operations in both Canada and the United States. The Pride Group owns substantial assets located within the territorial jurisdiction of the United States, including, among other things, real estate properties, bank accounts, equipment, and trucks.

6.      On March 27, 2024, the Debtors commenced the CCAA Proceedings in the Canadian Court, and the Canadian Court issued the initial order on the following day (the "Initial Order") authorizing, among other things, Randall Benson of RC Benson Consulting Inc. to act as the Foreign Representative and file these chapter 15 cases (collectively, the "Chapter 15 Cases").

7.      On April 1, 2024 (the "Petition Date"), and on April 15, 2024, the Foreign Representative filed petitions for the Pride Group's Canadian and U.S. operating companies, single-asset real estate holding companies, and non-real estate holding companies (the "Petitions"), thereby commencing the Debtors' Chapter 15 Cases. Also on the Petition Date, the Foreign Representative filed the *Verified Petition for (I) Recognition of Foreign Main Proceedings, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* [D.I. 2] (the

---

[3] As used herein, "Pride Group" includes: (i) each of the "Applicants" listed in Schedule "A" to the DIP Amendment Order (as defined below); (ii) Pride Truck Sales L.P., TPine Leasing Capital L.P., and Sweet Home Hospitality L.P. ((i) and (ii) together, the "Pride Entities"); and (iii) Block 6 Holding Inc., 2500819 Ontario Inc., Pergola Holdings, Corp., and Pride Global Insurance Company Ltd. Further, as noted in the Recognition Order (as defined below), the Foreign Representative is not seeking relief with respect to the Arnold Entities. As a result, the terms "Pride Group" and "Pride Entities" do not include the Arnold Entities.

3

"Verified Petition") seeking, among other things, recognition of the CCAA Proceedings as "foreign main proceedings" under section 1517 of the Bankruptcy Code and certain related relief.

8. Following entry of the Initial Order, the Pride Entities entered into that certain debtor-in-possession facility term sheet (the "DIP Term Sheet"), dated April 1, 2024, with their prepetition lenders under the Syndicated Facility (as defined in the Recognition Order) (in such capacities, the "DIP Lenders") and Royal Bank of Canada, as administrative agent (in such capacity, the "DIP Agent"), which was superseded by that certain Fourth Amended and Restated Credit Agreement, dated May 10, 2024, among the same parties (as may be amended from time to time, the "DIP Credit Agreement"). Pursuant to the terms of the DIP Credit Agreement, the DIP Lenders agreed to make available to the Pride Entities a new term loan facility in an aggregate principal amount not to exceed CAD$30 million (the "DIP Facility").

9. On April 5, 2024, the Canadian Court held a further hearing and granted an Amended and Restated Initial Order (the "A&R Initial Order"). Among other things, the A&R Initial Order (i) authorized the Pride Entities to obtain and borrow under the DIP Facility in accordance with the terms of the DIP Term Sheet to finance their ordinary working capital and other general corporate purposes and (ii) granted a superpriority charge (the "DIP Charge") to the DIP Agent for and on behalf of the DIP Lenders on the property of the Pride Entities. Following the Canadian Court's signing of the A&R Initial Order, the Foreign Representative sought and obtained enforcement of that order in the United States on a provisional basis pursuant to this Court's *Order Granting Provisional Relief in Connection with Debtors-In-Possession Financing and Certain Protocols Pursuant to Sections 105(a) and 1519 of the Bankruptcy Code* [D.I. 110] (the "Second Provisional Relief Order").

10. On April 23, 2024, the Debtors filed an amended Verified Petition [D.I. 121] (the "<u>Amended Verified Petition</u>, and together with the Petitions, the "<u>Chapter 15 Petitions</u>") seeking, among other things, recognition of the CCAA Proceedings as "foreign main proceedings" under section 1517 of the Bankruptcy Code, enforcement of the A&R Initial Order in the United States on a final basis, and related relief.

11. On April 30, 2024, the Arnold Entities (except for 1000089137 Ontario Inc.) filed cases under chapter 7 of the Bankruptcy Code pending in the United States Bankruptcy Court for the District of Delaware.[4] As described in the Amended Verified Petition, the Foreign Representative is not seeking further relief with respect to the Arnold entities in the Chapter 15 Cases.

12. On May 2, 2024, the Court entered an order [D.I. 152] (the "<u>Recognition Order</u>") granting recognition of the CCAA Proceedings and the related relief sought in the Chapter 15 Petitions, including, among other things, extending the relief granted in the Second Provisional Relief Order on a final basis and granting certain protections to the DIP Agent and DIP Lenders under section 364 of the Bankruptcy Code.

**II.    The Amended DIP Facility and DIP Amendment Order**

13. Following entry of the Recognition Order, the Pride Entities entered into a term sheet for an amendment to the DIP Facility, dated July 2, 2024, with the DIP Lenders and the DIP Agent (the "<u>DIP Amendment Term Sheet</u>"). A copy of the DIP Amendment Term Sheet is attached hereto as **Exhibit B**. Pursuant to the terms of the DIP Amendment Term Sheet, the DIP Lenders have agreed to, among other things: (i) extend the outside maturity date under the DIP

---

[4] *See In re Arnold Transportation Services, Inc.*, Case No. 24-10928 (CTG) (Bankr. D. Del. 2024); *In re DVP Holdings Corp.*, Case No. 24-10931 (CTG) (Bankr. D. Del. 2024); *In re Parker Global Enterprises, Inc.*, Case No. 24-10929 (CTG) (Bankr. D. Del. 2024); *In re Parker Transport Co.*, Case No. 24-10930 (CTG) (Bankr. D. Del. 2024).

5

Credit Agreement and the deadlines for satisfaction of the conditions for a further extension, to July 31, 2024, subject to further extension in accordance with the terms of the DIP Credit Agreement; and (ii) increase the aggregate principal amount available under the DIP Facility from CAD$30 million to CAD$36.3 million. The Amended DIP Facility is subject to definitive documentation that will be substantially on the same terms as the DIP Amendment Term Sheet (the "Amended DIP Documentation").

14. Set forth on the table below are certain key terms of the DIP Amendment Term Sheet, including modifications made thereto by the DIP Amendment Order (as defined below).[5]

| Category | Summary Term |
|---|---|
| **Amended DIP Facility** | • The DIP Facility under the DIP Credit Agreement shall be increased to a total aggregate principal amount not to exceed CAD$36.3 million and shall be made available to the DIP Borrowers on a multiple-draw non-revolving basis on the terms set forth in the DIP Credit Agreement. |
| **Maturity Date** | • Extended from June 30, 2024 to July 31, 2024, subject to further extension as provided for in Section 2.6(e) of the DIP Credit Agreement, except: (a) the deadline for Lender approval of a restructuring plan in Section 2.6(e)(i) of the DIP Credit Agreement shall be extended from June 15, 2024 to July 15, 2024; and (b) the reference date as of which no Event of Default shall have occurred under Section 2.6(e)(ii) of the DIP Credit Agreement shall be July 31, 2024, and the Extension Period during which no event of default shall be anticipated to occur shall be July 31, 2024 through September 30, 2024. |
| **Other Key Terms** | • The DIP Borrowers shall have established with the DIP Agent in Canada and with BMO Harris in the United States (i) a segregated trust account for financier lease payments (together, the "Segregated Lease Payment Accounts") and (ii) the Monitor shall have established the Monitor's Trust Accounts in respect of Multiple Collateral Vehicle (Sales) and Multiple Collateral |

---

[5] Capitalized terms used in this table but not otherwise defined shall have the meanings ascribed to them in the DIP Amendment Term Sheet. In the event of any inconsistency between the summary set forth herein and the DIP Amendment Term Sheet, the DIP Amendment Term Sheet shall govern.

| Category | Summary Term |
|---|---|
| | Vehicle (Leases) (as such terms are defined in the Governance Protocol).<br>• The DIP Borrowers shall have deposited into the Segregated Lease Payment Account an amount no less than 85% of the net payment amount from leases (being the collected amount (inclusive of sales tax) less any payments returned for insufficient funds), less total disbursements to financiers and lease payments deposited into the Monitor's Trust Accounts with respect to Multiple Collateral Vehicles (Leases) up to the day of the Segregated Lease Payment Accounts are established;<br>• The DIP Borrowers shall have delivered an Updated DIP Budget, including accruals, certified by the CRO in form and substance satisfactory to the DIP Agent, which Updated DIP Budget shall have been substituted for the then current DIP Budget with the written agreement of the Lenders;<br>• Commencing July 2, 2024, the DIP Borrowers shall provide a written update to the DIP Agent on a bi-weekly basis regarding the position of each financier with respect to the terms of any restructuring plan presented to or discussed with them, and their lease and vehicle collateral; and<br>• The Obligors under the DIP Credit Agreement must at all times maintain a Cash Reserve of not less than CAD$10 million. |

15. On July 3, 2024, the Canadian Court signed the DIP Amendment Order (the "<u>DIP Amendment Order</u>"), a copy of which is attached hereto as **<u>Exhibit C</u>**. Among other things, the DIP Amendment Order (i) authorizes the DIP Borrowers to obtain and borrow under the Amended DIP Facility in accordance with the terms of the DIP Amendment Term Sheet; and (ii) grants the DIP Agent the continued benefit of the DIP Charge for and on behalf of the DIP Lenders on the property of the Pride Entities.

16. The DIP Borrowers will not have access to additional funds under the Amended DIP Facility until the amendment is executed and the conditions precedent thereto are satisfied, which include entry of an order by this Court enforcing the DIP Amendment Order. As such, the Pride Group urgently requires the relief requested herein.

**RELIEF REQUESTED**

17. By this Motion, the Foreign Representative seeks entry of the Proposed Order:

    a. Enforcing in the United States the DIP Amendment Order, including, without limitation, the terms, conditions, and provisions that, among other things:

        i. authorizes and empowers the DIP Borrowers to obtain and borrow pursuant to the Amended DIP Facility subject to the terms of the DIP Amendment Term Sheet;

        ii. authorizes and empowers the DIP Borrowers to execute and deliver the Amended DIP Documentation as contemplated under the DIP Amendment Term Sheet or as reasonably required by the DIP Agent;

        iii. authorizes and directs the DIP Borrowers to pay and perform all their indebtedness, interest, fees, liabilities, and obligations to the DIP Agent and the DIP Lenders under the Amended DIP Documentation as they become due; and

        iv. grants the continued benefit of the DIP Charge on the property of the Pride Entities to the DIP Agent for and on behalf of the DIP Lenders with the same priority as set out in the DIP Amendment Order;

    b. granting the DIP Agent and DIP Lenders certain protections afforded by the Bankruptcy Code, including under section 364 of the Bankruptcy Code, made applicable pursuant to section 1521(a)(7) of the Bankruptcy Code; and

    c. granting such other and further relief as the Court deems just and proper.

**BASIS FOR RELIEF REQUESTED**

18. Upon recognition of a foreign proceeding, section 1521(a) of the Bankruptcy Code authorizes the Court to grant "any appropriate relief" at the request of the recognized foreign representative "where necessary to effectuate the purpose of [chapter 15] and to protect the assets of the debtor or the interests of the creditors." Such relief may include "granting any additional relief that may be available to a trustee, except for relief available under sections 522, 544, 545, 547, 548, 550, and 724(a) of the Bankruptcy Code." 11 U.S.C. § 1521(a)(7). The Court may grant relief under section 1521(a) of the Bankruptcy Code if the interests of "the creditors and other interested entities, including the debtor, are sufficiently protected." 11 U.S.C. § 1522(a).

19. Therefore, the Foreign Representative may seek relief through the application of section 364 of the Bankruptcy Code made applicable through section 1521(a)(7) of the Bankruptcy Code with respect to approval by this Court of the Amended DIP Facility and the DIP Agent's continued entitlement to the DIP Charge to the extent and in the priorities set forth in the DIP Amendment Order with respect to the Pride Entities' property in the United States.

20. Here, the Pride Entities urgently require an extension of the maturity date through to July 31, 2024 and an increase in the maximum principal amount under the Amended DIP Facility from CAD$30 million to CAD$36.3 million to accommodate anticipated increased costs of the CCAA Proceedings and these Chapter 15 Cases as the Pride Group continues to develop a consensual restructuring plan in the CCAA Proceedings with the cooperation and support of the DIP Lenders and to preserve the value of the Debtors' business. The DIP Lenders have agreed to provide the Amended DIP Facility on the terms outlined in the DIP Amendment Term Sheet to provide the DIP Borrowers with such additional liquidity to operate their businesses as the parties work to formulate a restructuring solution. The terms of the Amended DIP Facility were negotiated, proposed and entered into by the DIP Borrowers and the DIP Lenders without collusion, in good faith and at arm's length. The Amended DIP Facility will preserve and maintain the going concern value of the Pride Group, which, in turn, is integral to maximizing recoveries for the Pride Group's stakeholders.

21. Further, the Amended DIP Facility authorized under the DIP Amendment Order generally aligns with the U.S. process for obtaining debtor-in-possession financing under section 364 of the Bankruptcy Code. On notice to creditors, the Canadian Court reviewed the DIP Amendment Term Sheet, held a hearing, and approved the Amended DIP Facility. By granting the relief requested herein, the Court would enforce the Canadian Court's order that approves the

Amended DIP Facility, which will allow the Pride Group to operate its businesses, continue its restructuring efforts, and finance the CCAA Proceedings and these Chapter 15 Cases.

22. Moreover, it is a condition precedent to the availability of increased funding under the Amended DIP Facility that this Court enter an order enforcing the DIP Amendment Order. Absent entry of an order by this Court enforcing the DIP Amendment Order in the United States, the DIP Borrowers will be unable to access additional funding under the Amended DIP Facility to fund their operations and restructuring, resulting in value destruction for all stakeholders.

23. Granting the requested relief is also in the public interest because it will facilitate the Foreign Representative's efforts to complete a court-supervised restructuring process (i.e., the CCAA Proceedings) for the benefit of all creditors and other stakeholders (including those in the United States). Additionally, granting the relief is in the public interest because it promotes cooperation between jurisdictions in cross-border insolvencies, which is an express purpose of chapter 15 of the Bankruptcy Code. *See* 11 U.S.C. § 1501(a).

24. The relief sought herein is of a type frequently granted in chapter 15 cases. Bankruptcy courts in this district and others have authorized relief pursuant to section 364 of the Bankruptcy Code or ordered similar relief to allow debtors access to debtor-in-possession financing to finance their operations and restructuring under chapter 15 of the Bankruptcy Code. *See*, *e.g.*, *In re Xebec Holding USA Inc.*, Case No. 22-10934 (KBO) (Bankr. D. Del. Nov. 11, 2022) (granting final relief in connection with debtor-in-possession financing in debtors' chapter 15 case); *In re Yatsen Grp. of Cos. Inc.*, Case No. 21-10073 (BLS) (Bankr. D. Del. Feb. 24, 2021) (same); *In re Hematite Holdings Inc.*, No. 20-12387 (Bankr. D. Del. Oct. 15, 2020) (same); *In re The Aldo Grp. Inc.*, No. 20-11060 (Bankr. D. Del. June 3, 2020) (same); *In re Cinram Int'l Inc.*, No. 12-11882 (Bankr. D. Del. July 25, 2012); *In re Arctic Glacier Int'l Inc.*, Case No. 12-

10605 (KG) (Bankr. D. Del. Mar. 16, 2012) (same); *In re Catalyst Paper Corp.*, Case No. 12-10221 (PJW) (Bankr. D. Del. Mar. 5, 2012) (same). The relief sought herein is consistent with the relief already granted in the Recognition Order with respect to the DIP Facility.

## **NOTICE**

25.     The Foreign Representative has provided notice of this Motion consistent with the *Motion of the Foreign Representative to Shorten Notice of Motion of the Foreign Representative for Entry of an Order (I) Enforcing the DIP Amendment Order and (II) Granting Related Relief* (filed contemporaneously herewith), the Bankruptcy Code, the Bankruptcy Rules and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").  The Foreign Representative submits that such notice is sufficient in view of the facts and circumstances, and no other or further notice need be provided.

[*Remainder of page left intentionally blank*]

**CONCLUSION**

WHEREFORE, the Foreign Representative respectfully requests that the Court enter an order, substantially in the form attached as **Exhibit A**, granting the requested relief and such other and further relief as may be just and proper.

Dated:  July 15, 2024
  Wilmington, Delaware

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/ Austin T. Park*
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Austin T. Park (No. 7247)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
dabbott@morrisnichols.com
aremming@morrisnichols.com
apark@morrisnichols.com

-and-

**LINKLATERS LLP**
Penelope J. Jensen
Christopher J. Hunker
Clark L. Xue
1290 Avenue of the Americas
New York, NY 10104
Telephone: (212) 903-9000
Facsimile: (212) 903-9100
penelope.jensen@linklaters.com
christopher.hunker@linklaters.com
clark.xue@linklaters.com

*Attorneys for the Foreign Representative*