# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Pride Group Holdings Inc., *et al.*[1]<br><br>Debtors in Foreign Proceedings. | Chapter 15<br><br>Case No. 24-10632 (CTG)<br><br>Jointly Administered |

### DECLARATION OF RANDALL BENSON
### IN SUPPORT OF MOTION OF THE FOREIGN
### REPRESENTATIVE FOR ENTRY OF AN ORDER (I) ENFORCING
### THE DIP AMENDMENT ORDER AND (II) GRANTING RELATED RELIEF

I, Randall Benson, pursuant to 28 U.S.C. § 1746, hereby declare (this "Declaration") under penalty of perjury under the laws of the United States, as follows:

1. I am the founder of RC Benson Consulting Inc, which was engaged on February 26, 2024 as the Chief Restructuring Officer of the Pride Group, a group of related companies comprising a trucking and logistics conglomerate that operates in Canada and the United States headquartered in Mississauga, Ontario, Canada (the "Pride Group").[2] I have over 20 years of experience managing complex restructuring situations. The Pride Group includes Pride Group Holdings Inc. and its affiliates that are debtors (the "Debtors")[3] in these chapter 15 cases (the "Chapter 15 Cases"). The Debtors and certain of their affiliates are the subject of proceedings (the

---

[1] The last four digits of Debtor Pride Group Holdings Inc.'s Canadian business number are 6399. Due to the large number of debtors in these chapter 15 cases, a complete list of the debtor entities and the last four digits of their unique identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' noticing agent at https://dm.epiq11.com/pridegroup. The Debtors' service address for the purposes of these chapter 15 cases is 1450 Meyerside, Suite 401, Mississauga, Ontario, L5T 2N5, Canada.

[2] As used herein, "Pride Group" includes: (i) each of the "Applicants" listed in Schedule "A" to the A&R Initial Order; (ii) Pride Truck Sales L.P., TPine Leasing Capital L.P., and Sweet Home Hospitality L.P. ((i) and (ii) together, the "Pride Entities"); and (iii) Block 6 Holding Inc., 2500819 Ontario Inc., Pergola Holdings, Corp., and Pride Global Insurance Company Ltd.

[3] The term "Debtors" does not include: 1000089137 Ontario Inc., DVP Holdings, Corp., Parker Global Enterprises, Inc., Parker Transport Co., and Arnold Transportation Services, Inc. (collectively, the "Arnold Entities"). Further, as noted in the Recognition Order, the Foreign Representative is not seeking relief with respect to the Arnold Entities. As a result, the terms "Pride Group" and "Pride Entities" do not include the Arnold Entities.

"CCAA Proceedings") under the Companies' Creditors Arrangement Act, pending before the Ontario Superior Court of Justice (Commercial List) in Ontario, Canada, Court File No. CV-24-00717340-00CL (the "Canadian Court"). I was appointed as the foreign representative of the Debtors (the "Foreign Representative") by the Canadian Court pursuant to the preliminary initial order dated March 27, 2024 (the "Initial Order").

2. Since my engagement on February 26, 2024, I have become familiar with the Pride Group's businesses, operations, and financial affairs, and I am ultimately responsible for the Debtors' restructuring, including the CCAA Proceedings and these Chapter 15 Cases. I am an individual over the age of 18 and, if called upon, could and would testify to the facts set forth in this Declaration. Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge, information supplied to me by members of the Pride Group's management and professionals or learned from my review of relevant documents, or my opinion based upon my experience and knowledge of the Pride Group's industry, operations, and financial condition that I have acquired since my engagement.

3. I submit this Declaration in support of the *Motion of the Foreign Representative for Entry of an Order (I) Enforcing the DIP Amendment Order and (II) Granting Related Relief* (the "Motion").[4]

4. I previously submitted the *Declaration of Randall Benson in Support of Motion of the Foreign Representative for Entry of an Order Granting Provisional Relief in Connection with Debtor in Possession Financing and Certain Protocols Pursuant to Sections 105(a) and 1519 of*

---

[4] Capitalized terms used in this Declaration but not otherwise defined shall have the meanings ascribed to them in the Motion.

2

*the Bankruptcy Code* [D.I. 71], filed on April 9, 2024, which I fully incorporate herein by reference.

## THE AMENDED DIP FACILITY AND THE DIP AMENDMENT ORDER

5. Following entry of the Recognition Order, the Pride Entities entered into a term sheet for an amendment to the DIP Facility, dated July 2, 2024, with the DIP Lenders and the DIP Agent (the "DIP Amendment Term Sheet"). A copy of the DIP Amendment Term Sheet is attached to the Motion as Exhibit B. Pursuant to the terms of the DIP Amendment Term Sheet, the DIP Lenders have agreed to, among other things: (i) extend the outside maturity date under the DIP Credit Agreement and the deadlines for satisfaction of the conditions for a further extension, to July 31, 2024, subject to further extension in accordance with the terms of the DIP Credit Agreement; and (ii) increase the aggregate principal amount available under the DIP Facility from CAD$30 million to CAD$36.3 million. The Amended DIP Facility is subject to definitive documentation that will be substantially on the same terms as the DIP Amendment Term Sheet (the "Amended DIP Documentation").

6. Set forth on the table below are certain key terms of the DIP Amendment Term Sheet, including modifications made thereto by the DIP Amendment Order (as defined below).[5]

| Category | Summary Term |
|---|---|
| *Amended DIP Facility* | • The DIP Facility under the DIP Credit Agreement shall be increased to a total aggregate principal amount not to exceed CAD$36.3 million and shall be made available to the DIP Borrowers on a multiple-draw non-revolving basis on the terms set forth in the DIP Credit Agreement. |

---

[5] Capitalized terms used in this table but not otherwise defined shall have the meanings ascribed to them in the DIP Amendment Term Sheet. In the event of any inconsistency between the summary set forth herein and the DIP Amendment Term Sheet, the DIP Amendment Term Sheet shall govern.

3

| Category | Summary Term |
|---|---|
| *Maturity Date* | • Extended from June 30, 2024 to July 31, 2024, subject to further extension as provided for in Section 2.6(e) of the DIP Credit Agreement, except: (a) the deadline for Lender approval of a restructuring plan in Section 2.6(e)(i) of the DIP Credit Agreement shall be extended from June 15, 2024 to July 15, 2024; and (b) the reference date as of which no Event of Default shall have occurred under Section 2.6(e)(ii) of the DIP Credit Agreement shall be July 31, 2024, and the Extension Period during which no event of default shall be anticipated to occur shall be July 31, 2024 through September 30, 2024. |
| *Other Key Terms* | • The DIP Borrowers shall have established with the DIP Agent in Canada and with BMO Harris in the United States (i) a segregated trust account for financier lease payments (together, the "<u>Segregated Lease Payment Accounts</u>") and (ii) the Monitor shall have established the Monitor's Trust Accounts in respect of Multiple Collateral Vehicle (Sales) and Multiple Collateral Vehicle (Leases) (as such terms are defined in the Governance Protocol).<br>• The DIP Borrowers shall have deposited into the Segregated Lease Payment Account an amount no less than 85% of the net payment amount from leases (being the collected amount (inclusive of sales tax) less any payments returned for insufficient funds), less total disbursements to financiers and lease payments deposited into the Monitor's Trust Accounts with respect to Multiple Collateral Vehicles (Leases) up to the day of the Segregated Lease Payment Accounts are established;<br>• The DIP Borrowers shall have delivered an Updated DIP Budget, including accruals, certified by the CRO in form and substance satisfactory to the DIP Agent, which Updated DIP Budget shall have been substituted for the then current DIP Budget with the written agreement of the Lenders;<br>• Commencing July 2, 2024, the DIP Borrowers shall provide a written update to the DIP Agent on a bi-weekly basis regarding the position of each financier with respect to the terms of any restructuring plan presented to or discussed with them, and their lease and vehicle collateral; and<br>• The Obligors under the DIP Credit Agreement must at all times maintain a Cash Reserve of not less than CAD$10 million. |

7.     On July 3, 2024, the Canadian Court signed the DIP Amendment Order (the "DIP Amendment Order"), a copy of which is attached to the Motion as Exhibit C. Among other things, the DIP Amendment Order (i) authorizes the DIP Borrowers to obtain and borrow under the Amended DIP Facility in accordance with the terms of the DIP Amendment Term Sheet; and (ii) grants the DIP Agent the continued benefit of the DIP Charge for and on behalf of the DIP Lenders on the property of the Pride Entities.

8.     The DIP Borrowers will not have access to additional funds under the Amended DIP Facility until the amendment is executed and the conditions precedent thereto are satisfied, which include entry of an order by this Court enforcing the DIP Amendment Order. As such, the Pride Group urgently requires the relief requested herein.

**THE NEED FOR RELIEF IN CONNECTION WITH THE AMENDED DIP FACILITY**

9.     The Pride Entities urgently require an require an extension of the maturity date through to July 31, 2024 and an increase in the maximum principal amount under the Amended DIP Facility from CAD$30 million to CAD$36.3 million to accommodate anticipated increased costs of the CCAA Proceedings and these Chapter 15 Cases as the Pride Group continues to develop a consensual restructuring plan in the CCAA Proceedings with the cooperation and support of the DIP Lenders and to preserve the value of the Debtors' business. The DIP Lenders have agreed to provide the Amended DIP Facility on the terms outlined in the DIP Amendment Term Sheet to provide the DIP Borrowers with such additional liquidity to operate their businesses as the parties work to formulate a restructuring solution. The terms of the Amended DIP Facility were negotiated, proposed and entered into by the DIP Borrowers and the DIP Lenders without collusion, in good faith and at arm's length. The Amended DIP Facility will preserve and maintain

the going concern value of the Pride Group, which, in turn, is integral to maximizing recoveries for the Pride Group's stakeholders.

10. Further, I understand that the Amended DIP Facility authorized under the DIP Amendment Order generally aligns with the U.S. process for obtaining debtor-in-possession financing under section 364 of the Bankruptcy Code. On notice to creditors, the Canadian Court reviewed the DIP Amendment Term Sheet, held a hearing, and approved the Amended DIP Facility. By granting the relief requested in the Motion, the Court would enforce the Canadian Court's order that approves the Amended DIP Facility, which will allow the Pride Group to operate its businesses, continue its restructuring efforts, and finance the CCAA Proceedings and these Chapter 15 Cases.

11. Moreover, it is a condition precedent to the availability of increased funding under the Amended DIP Facility that this Court enter an order enforcing the DIP Amendment Order. Absent entry of an order by this Court enforcing the DIP Amendment Order in the United States, the DIP Borrowers will be unable to access additional funding under the Amended DIP Facility to fund their operations and restructuring, resulting in value destruction for all stakeholders.

12. I also submit that granting the requested relief is in the public interest because it will facilitate my efforts to complete a court-supervised restructuring process (i.e., the CCAA Proceedings) for the benefit of all creditors and other stakeholders (including those in the United States).

*[Remainder of page left intentionally blank]*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: July 15, 2024
      Toronto, Canada

                              */s/ Randall Benson*
                              Randall Benson