**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>Pride Group Holdings Inc., *et al.*[1]<br><br>Debtors in Foreign Proceedings. | Chapter 15<br><br>Case No. 24-10632 (CTG)<br><br>Jointly Administered |

**MOTION OF THE FOREIGN REPRESENTATIVE
TO SHORTEN NOTICE OF MOTION OF THE FOREIGN
REPRESENTATIVE FOR ENTRY OF AN ORDER (I) ENFORCING
THE DIP AMENDMENT ORDER AND (II) GRANTING RELATED RELIEF**

Randall Benson, solely in his capacity as the duly authorized foreign representative (the "Foreign Representative") of the above-captioned debtors (collectively, the "Debtors"), in the Canadian proceedings (the "CCAA Proceedings") commenced under the Companies' Creditors Arrangement Act (the "CCAA"), pending before the Ontario Superior Court of Justice (Commercial List) in Ontario, Canada, Court File No. CV-24-00717340-00CL (the "Canadian Court"), respectfully submits this *Motion of the Foreign Representative to Shorten Notice of Motion of the Foreign Representative for Entry of an Order (I) Enforcing the DIP Amendment Order and (II) Granting Related Relief* (this "Motion to Shorten"), and respectfully states as follows:

**Relief Requested**

1.      By this Motion to Shorten, and pursuant to sections 102 and 105 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and 9006-1(e) of the Local Rules for the United States

---

[1]     The last four digits of Debtor Pride Group Holdings Inc.'s Canadian business number are 6399. Due to the large number of debtors in these chapter 15 cases, a complete list of the debtor entities and the last four digits of their unique identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' noticing agent at https://dm.epiq11.com/pridegroup. The Debtors' service address for the purposes of these chapter 15 cases is 1450 Meyerside, Suite 401, Mississauga, Ontario, L5T 2N5, Canada.

Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), shortening notice of the *Motion the Foreign Representative for Entry of an Order (I) Enforcing the DIP Amendment Order and (II) Granting Related Relief* [D.I. 209] (the "DIP Amendment Motion").[2] The Debtors request that the Court hear the DIP Amendment Motion on **July 24, 2024, at 9:30 a.m. (Eastern Time)**, with any objections due on or before **July 19, 2024, at 4:00 p.m. (Eastern Time)**.

## Jurisdiction, Venue, and Authority

2. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Motion to Shorten pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.

3. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). In addition, the Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of a final order by the Court in connection with this Motion to Shorten to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment in connection herewith consistent with Article III of the United States Constitution.

4. Venue of the Chapter 11 Cases and related proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory bases for the relief requested herein are sections 102(1) and 105(a) of the Bankruptcy Code, as supplemented by Bankruptcy Rule 9006 and Local Rule 9006-1(e).

---

[2] Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to them in the DIP Amendment Motion [D.I. 209]

**Background**

A.  **Commencement of the CCAA Proceedings and the Chapter 15 Cases**

6.  The Debtors and certain of their non-Debtor affiliates (collectively, the "Pride Group")[3] operate a trucking and logistics conglomerate based in Canada with operations in Canada and the United States. The Pride Group's businesses are managed from their headquarters in Mississauga, Ontario, and they maintain facilities and operations in both Canada and the United States. The Pride Group owns substantial assets located within the territorial jurisdiction of the United States, including, among other things, real estate properties, bank accounts, equipment, and trucks.

7.  On March 27, 2024, the Debtors commenced the CCAA Proceedings in the Canadian Court, and the Canadian Court issued the initial order on the following day (the "Initial Order") authorizing, among other things, Randall Benson of RC Benson Consulting Inc. to act as the Foreign Representative and file these chapter 15 cases (collectively, the "Chapter 15 Cases").

8.  On April 1, 2024 (the "Petition Date"), and on April 15, 2024, the Foreign Representative filed petitions for the Pride Group's Canadian and U.S. operating companies, single-asset real estate holding companies, and non-real estate holding companies (the "Petitions"), thereby commencing the Debtors' Chapter 15 Cases. Also on the Petition Date, the Foreign Representative filed the *Verified Petition for (I) Recognition of Foreign Main Proceedings, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* [D.I. 2] (the

---

[3] As used herein, "Pride Group" includes: (i) each of the "Applicants" listed in Schedule "A" to the DIP Amendment Order (as defined below); (ii) Pride Truck Sales L.P., TPine Leasing Capital L.P., and Sweet Home Hospitality L.P. ((i) and (ii) together, the "Pride Entities"); and (iii) Block 6 Holding Inc., 2500819 Ontario Inc., Pergola Holdings, Corp., and Pride Global Insurance Company Ltd. Further, as noted in the Recognition Order (as defined below), the Foreign Representative is not seeking relief with respect to the Arnold Entities. As a result, the terms "Pride Group" and "Pride Entities" do not include the Arnold Entities.

"Verified Petition") seeking, among other things, recognition of the CCAA Proceedings as "foreign main proceedings" under section 1517 of the Bankruptcy Code and certain related relief.

9. Following entry of the Initial Order, the Pride Entities entered into that certain debtor-in-possession facility term sheet (the "DIP Term Sheet"), dated April 1, 2024, with their prepetition lenders under the Syndicated Facility (as defined in the Recognition Order) (in such capacities, the "DIP Lenders") and Royal Bank of Canada, as administrative agent (in such capacity, the "DIP Agent"), which was superseded by that certain Fourth Amended and Restated Credit Agreement, dated May 10, 2024, among the same parties (as may be amended from time to time, the "DIP Credit Agreement"). Pursuant to the terms of the DIP Credit Agreement, the DIP Lenders agreed to make available to the Pride Entities a new term loan facility in an aggregate principal amount not to exceed CAD$30 million (the "DIP Facility").

10. On April 5, 2024, the Canadian Court held a further hearing and granted an Amended and Restated Initial Order (the "A&R Initial Order"). Among other things, the A&R Initial Order (i) authorized the Pride Entities to obtain and borrow under the DIP Facility in accordance with the terms of the DIP Term Sheet to finance their ordinary working capital and other general corporate purposes and (ii) granted a superpriority charge (the "DIP Charge") to the DIP Agent for and on behalf of the DIP Lenders on the property of the Pride Entities. Following the Canadian Court's signing of the A&R Initial Order, the Foreign Representative sought and obtained enforcement of that order in the United States on a provisional basis pursuant to this Court's *Order Granting Provisional Relief in Connection with Debtors-In-Possession Financing and Certain Protocols Pursuant to Sections 105(a) and 1519 of the Bankruptcy Code* [D.I. 110] (the "Second Provisional Relief Order").

11. On April 23, 2024, the Debtors filed an amended Verified Petition [D.I. 121] (the "Amended Verified Petition, and together with the Petitions, the "Chapter 15 Petitions") seeking, among other things, recognition of the CCAA Proceedings as "foreign main proceedings" under section 1517 of the Bankruptcy Code, enforcement of the A&R Initial Order in the United States on a final basis, and related relief.

12. On April 30, 2024, the Arnold Entities (except for 1000089137 Ontario Inc.) filed cases under chapter 7 of the Bankruptcy Code pending in the United States Bankruptcy Court for the District of Delaware.[4] As described in the Amended Verified Petition, the Foreign Representative is no longer seeking any relief with respect to the Arnold entities in the Chapter 15 Cases.

13. On May 2, 2024, the Court entered an order [D.I. 152] (the "Recognition Order") granting recognition of the CCAA Proceedings and the related relief sought in the Chapter 15 Petitions, including, among other things, extending the relief granted in the Second Provisional Relief Order on a final basis and granting certain protections to the DIP Agent and DIP Lenders under section 364 of the Bankruptcy Code.

**B.    The Amended DIP Facility and DIP Amendment Order**

14. Following entry of the Recognition Order, the Pride Entities entered into a term sheet for an amendment to the DIP Facility, dated July 2, 2024, with the DIP Lenders and the DIP Agent (the "DIP Amendment Term Sheet"). A copy of the DIP Amendment Term Sheet is attached as Exhibit B to the DIP Amendment Motion. Pursuant to the terms of the DIP Amendment

---

[4]   *See In re Arnold Transportation Services, Inc.*, Case No. 24-10928 (CTG) (Bankr. D. Del. 2024); *In re DVP Holdings Corp.*, Case No. 24-10931 (CTG) (Bankr. D. Del. 2024); *In re Parker Global Enterprises, Inc.*, Case No. 24-10929 (CTG) (Bankr. D. Del. 2024); *In re Parker Transport Co.*, Case No. 24-10930 (CTG) (Bankr. D. Del. 2024).

Term Sheet, the DIP Lenders have agreed to, among other things: (i) extend the outside maturity date under the DIP Credit Agreement and the deadlines for satisfaction of the conditions for a further extension, to July 31, 2024, subject to further extension to September 30, 2024 in accordance with the terms of the DIP Credit Agreement; and (ii) increase the aggregate principal amount available under the DIP Facility from CAD$30 million to CAD$36.3 million.

15. On July 3, 2024, the Canadian Court signed the DIP Amendment Order (the "DIP Amendment Order"), a copy of which is attached as Exhibit C to the DIP Amendment Motion. Among other things, the DIP Amendment Order (i) authorizes the DIP Borrowers to obtain and borrow under the Amended DIP Facility in accordance with the terms of the DIP Amendment Term Sheet and (ii) grants the DIP Agent the continued benefit of the DIP Charge for and on behalf of the DIP Lenders on the property of the Pride Entities.

16. The Pride Entities urgently require an extension of the maturity date through to July 31, 2024 and an increase in the maximum principal amount under the Amended DIP Facility from CAD$30 million to CAD$36.3 million to accommodate anticipated increased costs of the CCAA Proceedings and these Chapter 15 Cases as the Pride Group continues to develop a consensual restructuring plan in the CCAA Proceedings with the cooperation and support of the DIP Lenders and to preserve the value of the Debtors' business.

17. It is a condition precedent to the availability of increased funding under the Amended DIP Facility that this Court enter an order enforcing the DIP Amendment Order.

18. Absent entry of an order by this Court enforcing the DIP Amendment Order in the United States, the DIP Borrowers will be unable to access additional funding under the Amended DIP Facility to fund their operations and restructuring, resulting in value destruction for all stakeholders.

**Basis for Relief**

19.     Section 102(1) of the Bankruptcy Code provides that the phrase "after notice and a hearing" requires only such notice and opportunity for a hearing as may be appropriate under the circumstances. 11 U.S.C. § 102(1). Section 105(a) of the Bankruptcy Code, in turn, provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

20.     Furthermore, section 105(a) of the Bankruptcy Code confers the Court with broad equitable powers to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Accordingly, the Court has expansive equitable powers to fashion any order or decree that is in the interest of preserving or protecting the value of the Debtors' assets. *See In re Nixon*, 404 F. App'x 575, 578 (3d Cir. 2010) ("It is well settled that the court's power under § 105(a) is broad." (citation omitted)); *In re Nortel Networks, Inc.*, 532 B.R. 494, 554 (Bankr. D. Del. 2015) ("The Third Circuit has construed [section 105 of the Bankruptcy Code] to give bankruptcy courts 'broad authority' to provide appropriate equitable relief to assure the orderly conduct of reorganization proceedings, and to 'craft flexible remedies that, while not expressly authorized by the Code, effect the result the Code was designed to obtain.'" (citations omitted)); *Patrick v. Dell Fin. Servs. (In re Patrick)*, 344 B.R. 56, 58 (Bankr. M.D. Pa. 2005) ("There is no doubt that § 105(a) is a 'powerful [and] versatile tool' designed to empower bankruptcy courts to fashion orders in furtherance of the Bankruptcy Code." (quoting *Joubert v. ABN AMRO Mortg. Grp., Inc. (In re Joubert)*, 411 F.3d 452, 455 (3d Cir. 2005))).

21.     Pursuant to Bankruptcy Rule 9006(c), "the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c)(1). In exercising such discretion, the court should "consider prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis." *In re*

*Phila. Newspapers, LLC*, 690 F.3d 161, 172 (3d Cir. 2012) (noting the commonality of such motions "given the accelerated time frame of bankruptcy proceedings"). Local Rule 9006-1(e) likewise provides for shortened notice "by order of the Court, on written motion . . . specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e).

22. The Debtors respectfully submit that good cause exists to warrant expedited consideration of the DIP Amendment Motion, and that a prompt hearing is in the best interests of the Debtors and all stakeholders. Absent the Court granting the relief requested in the DIP Amendment Motion in an expedited fashion, the DIP Borrowers will be unable to access additional funding under the Amended DIP Facility to fund their operations and restructuring, resulting in value destruction for all stakeholders.

23. Parties will not be prejudiced by the shortened notice period. The Foreign Representative provided a draft of the DIP Amendment Motion to the DIP Agent, acting for and on behalf of the DIP Lenders, and the DIP Agent has consented to the relief sought therein. Other creditors and parties in interest will have an opportunity to object to the DIP Amendment Motion. Under ordinary non-exigent circumstances, fourteen (14) days' notice is required for a motion, unless the Court for cause shown shortens the time of giving notice. Del. Bankr. L.R. 9006-1(c)(i). The Debtors request that all objections be filed and served no later than **July 19, 2024, at 4:00 p.m**. **(Eastern Time).**

24. The DIP Amendment Motion should be heard on shortened notice because its approval is in the best interests of the Debtors' and all stakeholders and is appropriate under the circumstances. Absent enforcement of the DIP Amendment Order in the United States, the DIP Borrowers will be unable to access additional funding under the Amended DIP Facility to fund their operations and restructuring, resulting in value destruction for all stakeholders. The Foreign

Representative respectfully submits that good cause exists to warrant expedited consideration of the DIP Amendment Motion, and that a prompt hearing is in the best interests of the Debtors and all stakeholders.

**Averment Pursuant to Local Rule 9006-1(e)**

25. Pursuant to Local Rule 9006-1(e), the Foreign Representative hereby states that he has contacted the U.S. Trustee prior to filing the DIP Amendment Motion and this Motion to Shorten regarding the respective relief sought therein. The U.S. Trustee informed counsel for the Foreign Representative that, after review, the U.S. Trustee does not take a position on the DIP Amendment and request for shortened notice.

**Notice**

26. Notice of this Motion to Shorten will be provided to the following parties or their counsel: (a) the U.S. Trustee; (b) the DIP Lenders; (c) the Debtors' counsel in the Canadian proceeding; and (d) all other parties that have requested notice in these cases. The Foreign Representative submits that such notice is sufficient in view of the facts and circumstances, and no other or further notice need be provided.

**CONCLUSION**

27. WHEREFORE, the Foreign Representative respectfully requests that the Court enter an order, substantially in the form attached as **Exhibit A**, granting the requested relief and such other and further relief as may be just and proper.

Dated: July 15, 2024
Wilmington, Delaware

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/ Austin T. Park*
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Austin T. Park (No. 7247)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
dabbott@morrisnichols.com
aremming@morrisnichols.com
apark@morrisnichols.com

-and-

**LINKLATERS LLP**
Penelope J. Jensen
Christopher J. Hunker
Clark L. Xue
1290 Avenue of the Americas
New York, NY 10104
Telephone: (212) 903-9000
Facsimile: (212) 903-9100
penelope.jensen@linklaters.com
christopher.hunker@linklaters.com
clark.xue@linklaters.com

*Attorneys for the Foreign Representative*