## Exhibit 1

Stipulation

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>Pride Group Holdings Inc., *et al.*[1]<br><br>Debtors in Foreign Proceedings. | Chapter 15<br><br>Case No. 24-10632 (CTG)<br><br>Jointly Administered |

**STIPULATION AMONG THE FOREIGN
REPRESENTATIVE, THE PRIDE GROUP, THE MONITOR
AND VFS WITH RESPECT TO RELIEF FROM THE INJUNCTION**

This Stipulation (the "Stipulation") is entered into by and among (i) Randall Benson, solely in his capacity as the duly authorized foreign representative (the "Foreign Representative") of the above-captioned debtors (collectively, the "Debtors"), in the Canadian proceedings (the "CCAA Proceedings") commenced under the Companies' Creditors Arrangement Act (the "CCAA"), pending before the Ontario Superior Court of Justice (Commercial List) in Ontario, Canada, Court File No. CV-24-00717340-00CL (the "Canadian Court"), (ii) the Pride Group,[2] (iii) Ernst & Young Inc., the Debtors' Canadian Court-appointed monitor (in such capacity, the "Monitor"), and (iv) VFS US LLC ("VFS") (each of (i)-(iv), a "Party," and collectively, the "Parties").

**WHEREAS**, TPine Leasing Capital L.P. ("TPine Leasing"), an affiliate of the Debtors, entered into two (2) master loan and security agreements dated February 7, 2020 and June 16,

---

[1] The last four digits of Debtor Pride Group Holdings Inc.'s Canadian business number are 6399. Due to the large number of debtors in these chapter 15 cases, a complete list of the debtor entities and the last four digits of their unique identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' noticing agent at https://dm.epiq11.com/pridegroup. The Debtors' service address for the purposes of these chapter 15 cases is 1450 Meyerside, Suite 401, Mississauga, Ontario, L5T 2N5, Canada.

[2] As used herein, "Pride Group" includes: (i) each of the Debtors; (ii) Pride Truck Sales L.P., TPine Leasing Capital L.P., and Sweet Home Hospitality L.P.; and (iii) Block 6 Holding Inc., 2500819 Ontario Inc., Pergola Holdings, Corp., and Pride Global Insurance Company Ltd.

2023 (collectively with all schedules, addenda, exhibits and ancillary documents thereto, the "Loan and Security Agreements") with VFS pursuant to which VFS provided financing for certain tractor-trailer trucks acquired by TPine Leasing (which serve as collateral (the "Collateral") under the Loan and Security Agreements);

WHEREAS, prior to the commencement of the CCAA Proceedings, TPine Leasing consensually relinquished possession of 25 units of Collateral to VFS (the "Surrendered Collateral") that TPine Leasing had not been using and does not require for TPine Leasing's future operations, which are set forth, along with their Vehicle Identification Numbers, on **Exhibit A** hereto;

WHEREAS, on March 27, 2024, the Debtors commenced the CCAA Proceedings in the Canadian Court, and the Canadian Court issued the initial order on the following day (as amended and restated from time to time, the "Initial Order") granting certain relief in connection with the CCAA Proceedings including, among other things, staying the commencement or continuation of any proceeding or enforcement process in any court or tribunal against the Debtors and certain of its non-Debtor affiliates, including TPine Leasing;

WHEREAS, on April 1, 2024, the Foreign Representative commenced the above-captioned chapter 15 cases in the United States Bankruptcy Court for the District of Delaware (the "Court"), and sought provisional relief on the same day requesting, among other things, enforcement of the Initial Order in the United States on a provisional basis, including application of section 362 of Title 11 of the United States Code (the "Bankruptcy Code") over the Pride Group and their property located within the territorial jurisdiction of the United States (the "Provisional Relief");

**WHEREAS**, on April 3, 2024, the Court entered the *Order Granting Motion of the Foreign Representative for Provisional Relief Pursuant to Sections 105(a) and 1519 of the Bankruptcy Code* [D.I. 49] (the "<u>Provisional Relief Order</u>") granting the Provisional Relief;

**WHEREAS**, on May 2, 2024, the Court entered the *Order Granting Amended Verified Petition for (i) Recognition of Foreign Main Proceedings, (ii) Recognition of Foreign Representative, and (iii) Related Relief Under Chapter 15 of the Bankruptcy Code* [D.I. 152] (the "<u>Recognition Order</u>"), which, among other things, (i) extends all relief granted pursuant to the Provisional Relief Order on a final basis; and (ii) enjoins all persons and entities pursuant to section 1521(a)(1)-(3) of the Bankruptcy Code from, among other things, executing against the assets of the Pride Group; commencing or continuing any action or proceedings against the Pride Group; and transferring, relinquishing or disposing of any property of the Pride Group to any person or entity other than the Foreign Representative (the "<u>Injunction</u>");

**WHEREAS**, pursuant to paragraph 12 of the Recognition Order, secured parties with a valid, perfected, and enforceable security interest in collateral may not sell such collateral unless (i) the Monitor and the Debtors' chief restructuring officer (the "<u>CRO</u>") have determined that such secured party's security interest in the collateral is senior to the DIP Charge (as defined in the Recognition Order) and is not subject to competing security interests from other third-party creditors; (ii) the Monitor and CRO have agreed to transfer possession in respect of such collateral to such secured party; and (iii) this Court or the Canadian Court has entered an order authorizing such sale (the "<u>Sale Order</u>");

**WHEREAS**, VFS has requested that the Pride Group, the Monitor, and CRO consent to the sale of the Surrendered Collateral by VFS;

3

**WHEREAS,** the Monitor and CRO have determined that (i) VFS's security interest in the Surrendered Collateral is senior to the DIP Charge and is not subject to competing security interests from other third-party creditors; (ii) the Surrendered Collateral is no longer required for the Debtors' ongoing operations; and (iii) the Surrendered Collateral was returned to VFS with the consent of the CRO;

**WHEREAS**, on June 19, 2024, VFS filed the *Motion Record of VFS Canada Inc. and VFS U.S. LLC (Returnable July 3, 2024)* in the Canadian Court;

**WHEREAS**, on July 3, 2024, an order was granted in the CCAA Proceedings authorizing the sale by or on behalf of VFS of the Surrendered Collateral and associated relief from the stays applicable in the CCAA Proceedings (the "Canadian Relief Order"); and

**WHEREAS**, the Monitor and CRO have agreed to permit VFS to sell the Surrendered Collateral on the terms contained in this Stipulation, and as permitted under the Canadian Relief Order, with this Stipulation reflecting their written consent to do so;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and between the Parties, through their undersigned counsel, as follows**:**

1. The foregoing recitals are hereby incorporated by reference into this Stipulation with the same force and effect as if set forth fully hereinafter.

2. The Foreign Representative and Monitor hereby authorize VFS to sell the Surrendered Collateral (the "Surrendered Collateral Sales," and each, a "Surrendered Collateral Sale").

3. The Injunction, to the extent applicable, pursuant to 11 U.S.C. § 1521(a), is lifted as of the date this Stipulation is approved by the Court (the "Effective Date") solely to allow VFS to sell the Surrendered Collateral and apply proceeds as provided herein.

4. On the fifteenth (15th) day of each month (or the next business day if such date is not a business day), VFS shall provide a detailed written accounting to the Monitor and CRO with respect all Surrendered Collateral Sales in the preceding calendar month, including: (i) the total amount of all proceeds and other consideration received on account of such Surrendered Collateral Sales (the "Surrendered Collateral Proceeds"), together with an allocation thereof for each item of Surrendered Collateral subject to each Surrendered Collateral Sale; (ii) the direct costs to VFS associated with such Surrendered Collateral Sales, (iii) a reasonable description of the sale process for each Surrendered Collateral Sale, (iv) the amount of VFS Obligations (as defined below) outstanding at such time, and (v) confirmation that each Surrendered Collateral Sale was conducted at arm's length.

5. To the extent applicable, VFS shall remit to the Monitor all Surrendered Collateral Proceeds that are in excess of the aggregate amounts due and owing to VFS under the applicable Loan and Security Agreement, including on account of all principal, interest, fees, costs, reimbursable expenses and attorney's fees pursuant to the Loan and Security Agreement for which the relevant Surrendered Collateral stand as collateral under a first ranking security interest (collectively, the "VFS Obligations") by no later than ten (10) business days following full and final payment of the VFS Obligations.

6. VFS shall pay any actual, documented out-of-pocket costs incurred by the Pride Group or the Monitor, or their respective counsel or agents, after the date of the Canadian Relief Order, associated with the retrieval or relocation of the Surrendered Collateral, provided that such costs (i) result from actions by the Pride Group and/or the Monitor that are requested in writing by VFS, and (ii) are in an amount that is approved in advance by VFS, in writing.

1414-3846-4013.2

7. This Stipulation shall constitute the Sale Order with respect to the Surrendered Collateral required pursuant to paragraph 12 of the Recognition Order; and no other or further order from this Court shall be required prior to VFS conducting the Surrendered Collateral Sales.

8. This Stipulation shall not be construed as authorizing any relief from the Injunction imposed under section 1521(a) of the Bankruptcy Code other than as specifically set out in this Stipulation.

9. Notwithstanding Section 9-624(a) of the Uniform Commercial Code (the "UCC") or any applicable state version thereof, the Pride Group hereby waives any requirement for notice prior to VFS's disposition of the Surrendered Collateral pursuant to Section 9-611 of the UCC or any applicable state version thereof.

10. This Stipulation may be signed in counterpart originals. Evidence of the execution of this Stipulation may be exchanged by facsimile or electronic transmission of a scanned copy of the signature pages or by exchange of an originally signed document, each of which shall be as fully binding on the Party as a signed original.

11. Each person who executes the Stipulation on behalf of a Party hereto represents that he or she is duly authorized to execute the Stipulation on behalf of such Party.

12. This Stipulation shall be effective and enforceable immediately upon entry by the Court, and the fourteen (14) day stay provided under Federal Rule of Bankruptcy Procedure 4001(a)(3) shall not apply.

13. This Stipulation shall be binding on and inure to the benefit of the Parties and their respective heirs, executors, administrators, successors, and permitted assigns.

1414-3846-4013.2

14. The Foreign Representative, Monitor, and VFS are authorized to take all actions necessary to effectuate the relief requested in this Stipulation.

15. Nothing in this Stipulation, whether express or implied, shall be construed to give to any person or entity other than the Parties any legal or equitable right, remedy, interest, or claim under or in respect of this Stipulation.

16. This Stipulation represents the Parties' mutual understandings and supersedes all prior agreements, whether in oral or written form.

17. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation, interpretation and/or enforcement of this Stipulation.

Dated: July 16, 2024

*/s/ Austin T. Park*

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Austin T. Park (No. 7247)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
dabbott@morrisnichols.com
aremming@morrisnichols.com
apark@morrisnichols.com

and

**LINKLATERS LLP**
Penelope J. Jensen
Christopher J. Hunker
Clark L. Xue

LINKLATERS LLP
1290 Avenue of the Americas
New York, NY 10104
Telephone: (212) 903-9000
Facsimile: (212) 903-9100
penelope.jensen@linklaters.com
christopher.hunker@linklaters.com
clark.xue@linklaters.com

*Attorneys for the Foreign Representative and the Pride Group*

Dated: July 16, 2024

*/s/ Morgan L. Patterson*

**WOMBLE BOND DICKINSON (US) LLP**
Morgan L. Patterson (No. 5388)
1313 North Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 252-4320
Facsimile: (302) 252-4330
morgan.patterson@wbd-us.com

*Attorney for VFS US LLC*

Dated: July 16, 2024

*/s/ David R. Hurst*

**MCDERMOTT WILL & EMERY LLP**
David R. Hurst (I.D. No. 3743)
1000 N. West Street, Suite 1400
Wilmington, DE 19801
Telephone: (302) 485-3900
Fax: (302) 351-8711
dhurst@mwe.com

Bradley Thomas Giordano
Carmen Dingman
444 West Lake Street, Suite 4000
Chicago, IL 60606-0029
Telephone: (312) 372-2000
Fax: (312) 984-7700
bgiordano@mwe.com
cdingman@mwe.com

Stacy A. Lutkus
One Vanderbilt Avenue
New York, NY 10017-3852
Telephone: (212) 547-5400
Fax: (212) 547-5444
salutkus@mwe.com

*Counsel to Ernst & Young Inc., in its capacity as Court-Appointed Monitor*

1414-3846-4013.2

## Exhibit A

## Surrendered Collateral

| No | VIN |
|---|---|
| 1. | 4V4NC9EH7NN603431 |
| 2. | 4V4NC9EH0NN310955 |
| 3. | 4V4NC9EG0KN898973 |
| 4. | 4V4NC9EHXNN305133 |
| 5. | 4V4NC9EHXNN310977 |
| 6. | 1M1AN4GY5PM033085 |
| 7. | 4V4NC9EH9RN340073 |
| 8. | 4V4NC9EH8NN603468 |
| 9. | 1M1AN4GY8PM033081 |
| 10. | 4V4NC9EH9RN650417 |
| 11. | 4V4NC9EH0RN340074 |
| 12. | 1M1AN4GY6PM033130 |
| 13. | 4V4NC9EH0RN653917 |
| 14. | 1M1AN4GY0PM033141 |
| 15. | 4V4NC9EH7PN603416 |
| 16. | 4V4NC9EG9KN898941 |
| 17. | 4V4NC9EH0PN603418 |
| 18. | 4V4NC9EH2RN653918 |
| 19. | 4V4NC9EG9KN898955 |
| 20. | 4V4NC9EH7RN653915 |
| 21. | 4V4NC9EH7RN628982 |
| 22. | 1M1AN4GY0PM036329 |
| 23. | 4V4NC9EH9NN603298 |
| 24. | 1M1AN4GY8PM033971 |
| 25. | 4V4NC9EH9RN653916 |