**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re<br><br>Pride Group Holdings Inc., *et al.*[1]<br><br>Debtors in Foreign Proceedings. | Chapter 15<br><br>Case No. 24-10632 (CTG)<br><br>(Jointly Administered)<br><br>**Hearing Date:    To be determined**<br>**Obj. Deadline:    To be determined** |

**MOTION OF MITSUBISHI HC CAPITAL AMERICA INC. F/K/A
HITACHI CAPITAL AMERICA CORP. FOR AN ORDER GRANTING
(I) RELIEF FROM THE AUTOMATIC STAY PURSUANT TO
11 U.S.C. § 362(d) AND (II) RELATED RELIEF**

Mitsubishi HC Capital America Inc. f/k/a Hitachi Capital America Corp. ("MHCA"),

through its undersigned counsel, respectfully submits this motion (this "Motion") for entry of an

order in the above-captioned chapter 15 cases (these "Chapter 15 Cases") of Pride Group Holdings

Inc. and its affiliated debtors (collectively, the "Debtors"),[2] substantially in the form attached as

**Exhibit A** (the "Proposed Order"), pursuant to sections 105(a) and 362(d) of title 11 of the United

States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4001-1 of the Local Rules of

Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of

Delaware (the "Local Rules"):  (i) granting MHCA relief from the automatic stay to pursue its *in*

*rem* rights and remedies, including those under Article 9 of the Uniform Commercial Code, with

---

[1]  The last four digits of Debtor Pride Group Holdings Inc.'s Canadian business number are 6399.  Due to the large number of debtors in these chapter 15 cases, a complete list of the debtor entities and the last four digits of their unique identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' noticing agent at https://dm.epiq11.com/pridegroup.  The Debtors' service address for the purposes of these chapter 15 cases is 1450 Meyerside, Suite 401, Mississauga, Ontario, L5T 2N5, Canada.

[2]  The Debtors are also debtors in the Canadian proceedings (the "CCAA Proceedings") commenced under the Companies' Creditors Arrangement Act (the "CCAA"), pending before the Ontario Superior Court of Justice (Commercial List) in Ontario, Canada, Court File No. CV-24-00717340-00CL (the "Canadian Court").

respect to its Collateral[3] under the Floorplan Agreement (as defined herein); (ii) waiving the 14-day stay provided for in Bankruptcy Rule 4001(a)(3); and (iii) granting such further relief to MHCA as is appropriate.  In support of this Motion, MHCA respectfully states as follows:

## PRELIMINARY STATEMENT[4]

1.      The issue here is straightforward:  in an obvious attempt to shift the burden of funding these Chapter 15 Cases and the related CCAA Proceedings onto secured lenders such as MHCA, the Debtors and their non-debtor affiliates (collectively, the "Pride Group") plan to retain and sell secured creditors' collateral (for less than the secured debt and in which there is no equity for junior creditors and the Pride Group), surcharge the proceeds of such sales by extracting a 12% sales commission, thereby forcing secured creditors into the position of an involuntary post-petition lender in proceedings spiraling toward inevitable liquidation.  Specifically with respect to MHCA, the Debtors (through non-debtor counterparty Pride Truck Sales L.P.)[5] plan to sell MHCA's Floorplan Collateral.  Of course, all of this would benefit the DIP Lenders, which would otherwise fund the administrative costs that Debtors hope to fund with the proceeds of secured creditors' collateral.

2.      MHCA is thus constrained to ask this Court for relief from the automatic stay so that it can (i) protect its *in rem* and other rights with respect to its Floorplan Collateral, including by exercising its rights under Article 9 of the Uniform Commercial Code, and (ii) move forward

---

[3] Capitalized terms not otherwise defined in this Motion have the meanings given to such terms in the Floorplan Agreement, the Second A&R Initial Order, or the A&R Protocols Order (each term as defined herein), as the context requires.

[4] Capitalized terms not otherwise defined in this *Preliminary Statement* have the meaning given to such terms in the body of the Motion.

[5] Pride Truck Sales L.P. ("Pride Truck") is a Delaware limited partnership and therefore is ineligible to seek relief under the CCAA.  Because Pride Truck is not a debtor in the CCAA Proceedings, it is not a debtor in these Chapter 15 Cases.

with its own sale transaction, cap its losses, and minimize further involvement in these Chapter 15 Cases.

3.      Relief from the automatic stay is warranted under either subsection of Bankruptcy Code 362(d) under the present circumstances. Both the CCAA Proceedings and the Chapter 15 Cases are liquidating cases; the Debtors have not proposed a formal restructuring plan, and there are zero feasible prospects for any reorganization. Importantly, Debtors have no equity in MHCA's Collateral—and the delta between MHCA's claim and the value of the Floorplan Collateral will only widen if Pride Truck and the Debtors have their way and extract up to a 12% commission from sales of MHCA's Floorplan Collateral. Absent any realistic prospect for reorganization and given the lack of any equity in the Floorplan Collateral, relief from the automatic stay is appropriate under section 362(d)(2) of the Bankruptcy Code.

4.      Cause also exists to grant MHCA relief from the automatic stay under Bankruptcy Code section 362(d)(1). MHCA is negotiating with a buyer for the purchase of substantially all of its assets. The sale would allow MHCA to realize the highest net sales proceeds for the Floorplan Collateral, to establish its losses, and minimize its role in the CCAA Proceedings and these Chapter 15 Cases.

5.      Finally, this Court should grant MHCA relief from the automatic stay independent of any decision regarding the automatic stay in the CCAA Proceedings. MHCA negotiated the right to pursue stay relief in this Court regardless of any relief granted in the CCAA Proceedings. While MHCA believes this Court has ample authority to grant the requested relief against non-debtor (and non-CCAA Proceedings applicant) Pride Truck, out of an abundance of caution, MHCA and its Canadian affiliate are proceeding in parallel by filing complementary papers in the CCAA Proceedings.

**JURISDICTION AND VENUE**

6.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over these Chapter 15 Cases under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is and other proceedings under chapter 15 of the Bankruptcy Code are core matters within the meaning of 28 U.S.C. § 157(b)(2)(P).

7.      Pursuant to Local Rule 9013-1(f), MHCA consents to the entry of a final judgment or order with respect to this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

8.      Venue of these Chapter 15 Cases is proper in the Court pursuant to 28 U.S.C. § 1410.

9.      The statutory predicates for the relief requested in this Motion are sections 362(d) and 1520 of the Bankruptcy Code.  The requested relief is warranted under Bankruptcy Rule 4001(a) and Local Rule 4001-1.

**BACKGROUND**

**A.    The Floorplan Agreement**

10.     MHCA provides customized financing solutions to businesses to help meet their capital needs.  MHCA offers vehicles, trading, structure, and commercial vehicle finance services. Prior to the commencement of the CCAA Proceedings and these Chapter 15 Cases, MHCA provided such financing to non-debtor entity Pride Truck.

11.     Pursuant to that certain *Floorplan and Security Agreement* (the "Floorplan Agreement"), dated as of November 21, 2018, by and between MHCA and Pride Truck, MHCA agreed to finance Pride Truck's purchase of inventory in the ordinary course of Pride Truck's

business in the United States.  A true and correct copy of the Floorplan Agreement is attached to the Angelo Declaration[6] as **Exhibit 1**.

12.     Under the Floorplan Agreement, Pride Truck granted MHCA an "absolute and cross-collateralized security interest in and to all of the Collateral[7] hereby or otherwise pledged as security for all of the Obligations."  *See* Ex. C § 2(a).  Additionally, the Obligations under the Floorplan Agreement are guaranteed by, among others (including other Debtor entities), Pride Group, Sulakhan Johal, and Jasvir Johal.

13.     Pride Truck also is (i) obligated to "keep all Collateral at permitted locations and keep all tangible Collateral safe and secure, in good order, repair and operating condition and insured as required by" MHCA, *id.* at § 4(c), and (ii) prohibited from using (except for demonstration of sale), renting, leasing, selling, transferring, consigning, licensing, encumbering, or otherwise disposing of the Floorplan Collateral without prior written consistent (and with only certain limited exceptions), *id.* at § 4(d).

14.     MHCA perfected its first-priority security interest in the Floorplan Collateral pursuant to the UCC-1 Financing Statement filed with the Delaware Department of State on October 9, 2020, at Filing No. 20207000690, and pursuant to that certain "No Interest" letter dated October 30, 2020, from the Royal Bank of Canada to MHCA.  True and correct copies of the UCC-1 Financing Statement and "No Interest" letter are attached to the Angelo Decl. as **Exhibit 3**.

15.     Pride Truck defaulted under the Floorplan Agreement by mid-December 2023. Specifically, on December 21, 2023, Pride Truck notified MHCA that it had sold or assigned

---

[6] *See Transmittal Declaration of Jason D. Angelo, Esq. in Support of Motion of Mitsubishi HC Capital America Inc. f/k/a Hitachi Capital America Corp. for an Order Granting (I) Relief From the Automatic Stay Pursuant to 11 U.S.C. § 362(d) and (II) Related Relief* ("Angelo Declaration"), filed contemporaneously herewith.

[7] While the term "Collateral" is defined broadly in the Floorplan Agreement, for purposes of this Motion, the Collateral is limited to the inventory more particularly described in **Exhibit 2** to the Angelo Declaration (such Collateral, the "Floorplan Collateral").

certain Floorplan Collateral to another third-party purchaser or lender, thereby triggering a Default under Section 7(n) of the Floorplan Agreement.[8]

16.    On December 21, 2023, MHCA issued a *Notice of Defaults and Reservation of Rights* ("Notice of Default") to Pride Truck and their non-party companies that the Default under the Floorplan Agreement was continuing and remain uncured.  A true and correct copy of the Notice of Default is attached to the Angelo Declaration as **Exhibit 4**.

17.    As of March 25, 2024, the amount due and owing to MHCA under the express terms of the Floorplan Agreement (exclusive of attorneys' fees and costs and appraisal costs) was not less than $88,920,679.27 (the "Indebtedness").  The Indebtedness includes interest and fees and expenses, which amounts continue to accrue and remain subject to further revision by MHCA.

**B.    Pride Group's CCAA Proceedings and Chapter 15 Cases**

18.    On March 27, 2024, the Debtors commenced the CCAA Proceedings in the Canadian Court, which thereafter issued an initial order (the "Initial Order") authorizing (among other things) Randall Benson (the "Foreign Representative") to act as the foreign representative for the Debtors and file these Chapter 15 Cases.

19.    On April 1, 2024, the Foreign Representative commenced chapter 15 cases for 26 Canadian and U.S. operating companies and non-real estate holding companies by filing petitions for relief under chapter 15 of the Bankruptcy Code.  That same day, the Foreign Representative filed the *Verified Petition for (I) Recognition of Foreign Main Proceedings, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the*

---

[8]  A Default occurs under Section 7(n) of the Floorplan Agreements if MHCA in good faith believes the prospect of payment of any Obligations is impaired or it deems itself insecure.

*Bankruptcy Code* [D.I. 2] (the "<u>Verified Petition</u>") seeking recognition of the CCAA Proceedings as "foreign main proceedings" under Bankruptcy Code section 1517 and related relief.

20.    On April 5, 2024, the Canadian Court signed an amended and restated version of the Initial Order (the "<u>A&R Initial Order</u>") and an order regarding protocols for real estate sale transactions *(*the "Canadian Protocols Order"). The Foreign Representative thereafter sought and obtained enforcement of such orders in the United States on a provisional basis pursuant to this Court's *Order Granting Provisional Relief in Connection with Debtors-In-Possession Financing and Certain Protocols Pursuant to Sections 105(a) and 1519 of the Bankruptcy Code* [D.I. 110].

21.    On April 15, 2024, the Foreign Representative commenced chapter 15 cases for the 45 Canadian and U.S. single-asset real estate holding companies by filing additional petitions for relief under chapter 15 of the Bankruptcy Code.

22.    On April 23, 2024, the Debtors filed an amended version of the Verified Petition [D.I. 121] seeking recognition of the CCAA Proceedings as "foreign main proceedings" under Bankruptcy Code section 1517 and related relief.

23.    On May 2, 2024, the Court entered an order [D.I. 152] (the "<u>Recognition Order</u>") granting recognition of the CCAA Proceedings, enforcement of the A&R Initial Order and Canadian Protocols Order in the United States on a final basis, and related relief.

24.    On May 6, 2024, the Canadian Court entered the *Second Amended and Restated Initial Order* (the "<u>Second A&R Initial Order</u>") authorizing the Debtors (subject to the Canadian Protocols Order) to list for sale all their vehicles, trailers, equipment, and other personal property. *See* Second A&R Initial Order ¶ 13.

25.     On May 15, 2024, the Canadian Court entered the *Amended and Restated Protocols Order* (the "A&R Protocols Order," and together with the Second A&R Initial Order, the "Canadian Orders").

26.     On July 5, 2024, MHCA, Mitsubishi HC Capital Canada, Inc. ("MHCCC"), and Mitsubishi HC Capital Canada Leasing, Inc. ("MHCCCL" and together with MHCA and MHCCC, "Mitsubishi Capital") filed their *Motion to Amend the Amended and Restated Protocols Order, Release Funds, and Transfer Certain Leases in the CCAA Proceedings* (the "Motion to Amend"), a copy of which is attached to the Angelo Declaration as **Exhibit 5**.

### C.    The Proposed Sale of Collateral

27.     The Canadian Orders contemplate the sale of Debtors' personal property (including the Floorplan Collateral) subject to a priming surcharge of 12% (the "Surcharge") of the purchase price to pay various administrative expenses associated with the cost of administering the CCAA Proceedings and these Chapter 15 Cases (including, without limitation, the Administration Charge and Intercompany Advances Charge).  *See* Second A&R Initial Order ¶ 59; A&R Protocols Order § 6.  The A&R Protocols Order also restricts Debtors from selling Multiple Collateral Vehicles except on 48-hours' notice to the applicable Financiers and only then if the relevant Financiers approve the sale within the 48-hour time period (or fail to respond).

28.     The A&R Protocols Order sets forth a highly structured, administratively burdensome process that delays and reduces recoveries to MHCA and other similarly situated secured financers.  Specifically, following any sale of MHCA's Floorplan Collateral, the proceeds thereof must be escrowed and may be distributed to secured parties only after the Debtors conduct a complete review of the sale and MHCA's related security interests.  *See* A&R Protocols Order

§ 7.  This needlessly cumbersome arrangement deprives MHCA from realizing the full benefit of its security interest in its Floorplan Collateral.

29.     MHCA's realization of even the diminished interests in its own Floorplan Collateral is already severely delayed due to the processes imposed under the Canadian Orders. Indeed, none of the sales contemplated under the A&R Protocols Order have commenced.  In the interim, MHCA has received an expression of interest from a third-party buyer interested in purchasing all of MHCA's Floorplan Collateral—if provided the opportunity to do so.

30.     As detailed in the Motion to Amend, it is appropriate, fair, and reasonable that, upon confirmation of its first-priority security interest in its collateral, a secured party should be permitted to opt-out of the Canadian Orders and collect such collateral for direct sale.  Pride Group would suffer no prejudice under this framework.  In fact, allowing secured parties to sell their own collateral independently (and without Pride Group's interference) will benefit Pride Group by allowing them to focus on the administration of the CCAA Proceedings and these Chapter 15 Cases (rather than on selling individual vehicles).  Moreover, Pride Group will bear no costs when a secured party sells its own collateral, and therefore would have no need to charge any commissions (which Pride Group charges solely to cover its own management costs in connection with vehicle sales).

**RELIEF REQUESTED**

31.     MHCA respectfully requests entry of the Proposed Order:  (i) granting MHCA relief from the automatic stay pursuant to section 362(d) of the Bankruptcy Code to pursue its *in rem* rights and remedies with respect to its Floorplan Collateral; (ii) waiving the stay of such order under Bankruptcy Rule 4001(a)(3); and (iii) granting such further relief to MHCA as is appropriate.

**BASIS FOR REQUESTED RELIEF**

32.    Upon this Court's recognition of the CCAA Proceedings as a foreign main proceeding, the automatic stay of Bankruptcy Code section 362 became applicable with respect to the Debtors' property within the territorial jurisdiction of the United States.    11 U.S.C. § 1520(a)(1); *In re ABC Learning Centres Ltd.*, 445 B.R. 318, 337 (Bankr. D. Del. 2010), *on reconsideration in part*, 445 B.R. 318 (Bankr. D. Del. Jan. 21, 2011), *aff'd* 728 F.3d 301 (3d Cir. 2013); *see also In re Agrokor d.d.*, 591 B.R. 163, 187 (Bankr. S.D.N.Y. 2018) ("Section 1520(a)(1) provides that the automatic stay will apply to all the debtor's property that is located within the territorial jurisdiction of the United States. The statute refers specifically to the property of the debtor, as opposed to the property of the estate, since there is no estate in a Chapter 15 case . . . Despite this difference, the automatic effect of recognition of a foreign main proceeding under section 1520(a) is an imposition of a stay on any action regarding the debtor's property located in the United States." (citations omitted)).

33.    "The procedure for obtaining a court order for relief from the U.S. automatic stay under subsections (d) through (g) of § 362 applies in a chapter 15 case." *In re Manley Toys Ltd.*, No. 16-15374 (JNP), 2020 Bankr. LEXIS 902, at *5 (Bankr. D.N.J. Mar. 31, 2020).

34.    Section 362(g) places an initial burden on the moving party to establish its *prima facie* case for relief from the automatic stay which must then be rebutted by the party opposing such relief.    *See Izzarelli v. Rexene (In re Rexene Prods. Co.)*, 141 B.R. 574, 577 (Bankr. D. Del. 1992); *In re Eatman*, 182 B.R. 386, 390 (Bankr. S.D.N.Y. 1995) ("[T]he movant must [] make a prima facie showing that it is entitled to the relief that it seeks."). A *prima facie* case requires a showing by the movant of a factual and legal right to the relief that it seeks. *In re Eatman*¸ 182 B.R. at 390 (citations omitted).  "After the moving party establishes a *prima facie*

case, the burden of producing evidence, as well as the ultimate burden of proof, *i.e.*, risk of non-persuasion, shifts to the debtor." *In re Planned Systems, Inc.*, 78 B.R. 852, 859 (Bankr. S.D. Ohio 1987).

**A.    MHCA is Entitled to Relief from the Automatic Stay Under Bankruptcy Code Section 362(d)(2) Because Debtors Lack Equity in the Floorplan Collateral and Are Not Pursuing a Reorganization.**

35.    Section 362(d)(2) of the Bankruptcy Code provides that relief from stay "shall" be granted where a debtor does not have any equity in the property in question and such property is not necessary to an effective reorganization.  11 U.S.C. § 362(d)(2).

36.    "A secured creditor seeking relief from the stay under section 362(d)(2) must show (1) the amount of its claim; (2) that its claim is secured by a valid, perfected lien in property of the estate; and (3) that the debtor lacks equity in the property."  *In re Kaplan Breslaw Ash, LLC*, 264 B.R. 309, 322 (Bankr. S.D.N.Y. 2001); *see also In re Cont'l Airlines*, 134 B.R. 536, 542 (Bankr. D. Del. 1991).

37.    MHCA is a secured creditor with a valid, perfected security interest in its Floorplan Collateral.  The total amount due and owing to MHCA under the Floorplan Agreement is at least $88,920,679.27.  As of February 2024, based upon a comprehensive desktop valuation by a third-party vendor,[9] in a *best-case* scenario, the fair market value of the Floorplan Collateral is no more than $77,286,875.  The pending CCAA Proceedings and Chapter 15 Cases warrant use of the "orderly liquidation" valuation method as opposed to the fair-market valuation method.  The orderly liquidation value of MHCA's Floorplan Collateral is $65,200,854—significantly below the amount owed to MHCA under the Floorplan Agreement.  Application of either method reveals

---

[9]  Specifically, the valuation is derived by analyzing over $17 billion in equipment sales transaction data annual and applied (on a monthly basis) at a make / model / spec / year level across approximately 70,000 standardized equipment models to develop values.

that the Debtors lack equity in the Floorplan Collateral.  The delta between the value of the

Floorplan Collateral and MHCA's claim under the Floorplan Agreement even greater when

subjected to the contemplated 12% Surcharge.

38.    Debtors also cannot satisfy their burden of proving that the Floorplan Collateral is

"essential for an effective reorganization that is in prospect."  *In re Swedeland Dev. Grp., Inc.*,

16 F.3d 552, 567 (3d Cir. 1994) (citing *United Savings Ass'n of Texas v. Timbers of Inwood Forest*

*Assocs., Ltd.*, 484 U.S. 365, 375 (1988)); *see also In re Bovino*, 496 B.R. 492, 507

(Bankr. N.D. Ill. 2013) (debtor opposing request for relief from stay under section 362(d)(2)  must

demonstrate that reorganization is impossible without the property and that it can propose a

feasible plan within a reasonable time).  Here, the Debtors are not seeking to reorganize their

business, but instead are winding down their operations, liquidating all assets, and attempting to

realize an "orderly distribution of assets" through the CCAA Proceedings and these Chapter 15

Cases.  *See* D.I. 6, ¶ 4;[10] *see also In re Mullock*, 404 B.R. 800, 805 (Bankr. E.D. Pa. 2009); *In re*

*Diversified Energy Ventures*, 11 B.R. 712, 717 (Bankr. W.D. Pa. 2004).

39.    Because Pride Truck and the Debtors lack any equity in the Floorplan Collateral,

and are winding down their operations and liquidating their assets, the Floorplan Collateral is not

necessary for an effective reorganization.  Accordingly, MHCA is entitled to the requested relief

from the automatic stay.

**B.    Ample Cause Exists to Lift the Automatic Stay Pursuant to Section 362(d)(1).**

40.    Section 362(d)(1) of the Bankruptcy Code authorizes the Court to grant relief from

the stay "for cause, including the lack of adequate protection of an interest in property of such

---

[10] Recently, MHCA was advised that Debtors may *attempt* to propose a restructuring plan providing for (among other things) a reduction of inventory through the return of collateral to lenders.  MHCA will oppose any plan that does not include the release of all or substantially all of MHCA's Floorplan Collateral.

property in interest[.]"  11 U.S.C. § 362(d)(1).  In the absence of adequate protection of a secured

creditor's interest in its collateral, the court "shall" grant relief from the automatic stay.  *See*

11 U.S.C. § 362(d); *In re Phoenix Steel Corp.*, 39 B.R. 218, 234 (D. Del. 1984) (granting relief

from automatic stay where there was "no equity cushion or offer of substitute collateral in

sufficient amount").

42.     Debtors have the burden of proving the absence of "cause" for relief from the

automatic stay.  *See Wilmington Trust Co. v. Aardvark, Inc. (In re Aardvark, Inc.)*,

1997 U.S. Dist. LEXIS 3304 (D. Del. Mar. 4, 1997) (quoting *In re Phoenix Pipe & Tube, L.P.*,

154 B.R. 197, 198 (Bankr. E.D. Pa. 1993)); *Partee v. White (In re White)*, 2004 Bankr. LEXIS 478

(Bankr. D. Colo. Mar. 12, 2004); *see also* 11 U.S.C. § 362(g).  Bankruptcy courts evaluate "cause"

based on the totality of the circumstances in each particular case.  *Baldino v. Wilson (In re Wilson)*,

116 F.3d 87, 90 (3d Cir. 1997) *(citing Trident Assocs. Ltd. P'ship v. Metropolitan Life Ins. Co.*

*(In re Trident Assocs. Ltd. P'ship),* 52 F.3d 127, 131 (6th Cir. 1995)).

42.     Under the totality of circumstances standard, courts often consider the hardship or

prejudice to the non-debtor in determining whether to lift the automatic stay.  *See In re Bock*

*Laundry Mach. Co.*, 37 B.R. 564, 566 (Bankr. N.D. Ohio 1984).  The court in *Bock* noted that

"[c]ourts have developed a balancing test, whereby the interests of the estate are weighed against

the hardships that will be incurred by the creditor-plaintiff."  *Id*. at 566; *see also Milne v. Johnson*

*(In re Milne)*, 185 B.R. 280, 283 (N.D. Ill. 1995) (court should look into whether, *inter alia,* there

will be injury to the debtor and other creditors if the stay is modified, injury to the movant if the

stay is not modified and weigh the proportionality of harms).

43.     Any attempt by the Debtors to show the absence of "cause" under these

circumstances must necessarily fail because MHCA's interest in its Floorplan Collateral is not

adequately protected and, absent payment by Pride Truck and the Debtors, the value of the Floorplan Collateral is decreasing with each passing day. *See JII Liquidating*, 344 B.R. at 890 (terminating the automatic stay because the creditor "has not received any adequate protection for its security interest.").

44.     Cause also exists because MHCA must have relief from the automatic stay to complete the sale of substantially all of its Floorplan Collateral to the prospective buyer. Without such relief, MHCA cannot complete the sale to a ready and willing purchaser, and Pride Truck and the Debtors will have effectively held MHCA's Floorplan Collateral hostage for their own benefit while further deepening MHCA's losses. These circumstances make it abundantly clear that any hardship the Debtors would experience by granting the requested relief would be far outweighed by the hardship MHCA would suffer if not allowed to sell substantially all of its Floorplan Collateral. Simply put, without relief from the stay, the Debtors would receive an unjust financial windfall at MHCA's expense.

45.     Additionally, the continued possession of the Floorplan Collateral by Pride Truck and the Debtors inures only to the benefit of the DIP Lenders and other creditors holding administrative expense claims payable from the proceeds of Debtors' proposed sale of the Floorplan Collateral. In this way, MHCA's Floorplan Collateral is unwillingly subsidizing the cost of the CCAA Proceedings and these Chapter 15 Cases. By contrast, allowing MHCA to dispose of its Floorplan Collateral on its own accord would permit MHCA to realize the benefit of its security interest and, ultimately, reduce Debtors' extensive liabilities to MHCA. Plus, the benefits to MHCA are concrete rather than speculative or hopeful: with a prospective third-party at the ready, disposition of the Floorplan Collateral could occur without delay.

46.      Lifting the stay to permit a bulk sale to a third party would allow Mitsubishi Capital to significantly reduce its losses and claims in these Chapter 15 Cases and the CCAA Proceedings. But time is of the essence here: trucking assets can depreciate rapidly, and the resale market for these assets is volatile. Any further delay in the release of the Floorplan Collateral will result in further and otherwise preventable losses by Mitsubishi Capital and a corresponding increase in its claim in both the CCAA Proceedings and these Chapter 15 Cases.

**C.    MHCA is Entitled to Stay Relief Regardless of the Relief Granted or Denied in the CCAA Proceedings.**

47.      As discussed above, through this Motion and the Motion to Amend, Mitsubishi Capital is proceeding on parallel paths in these Chapter 15 Cases and the CCAA Proceedings. Without a doubt, entry of an order approving the Motion to Amend in the CCAA Proceedings necessarily requires granting the relief requested by this Motion. However, the opposite is not true: denial of the Motion to Amend in the CCAA Proceedings is not fatal to the relief sought by this Motion.

48.      The Recognition Order provides that nothing therein prevents "a secured party from seeking relief from the automatic stay under section 362 of the Bankruptcy Code to exercise its rights and remedies with respect to its collateral, including disposition thereof…." Recognition Order ¶12. In requesting certain revisions in the various iterations of the Recognition Order, MHCA specifically contemplated the preservation of an independent avenue to seek stay relief in these Chapter 15 Cases.

49.      MHCA's independent ability to seek relief from the automatic stay against a non-debtor is a form of adequate protection—a unique concept under the Bankruptcy Code that is not recognized in a CCAA proceeding. Secured creditors are entitled to adequate protection of their interests in property located in the United States as understood under the Bankruptcy Code. Since

- 15 -

there is no such similar concept in Canada, this Court must have independent jurisdiction to determine whether the interests of secured creditors are adequately protected.  Absent this critical safeguard of constitutionally protected property rights, the Canadian Orders cannot be recognized or enforced in the United States vis-à-vis the non-debtor U.S. operating limited partnerships under chapter 15 of the Bankruptcy Code, principles of international comity, or otherwise.

50.    The Second Circuit has recognized that secured creditors enjoy special protections under U.S. law that those protections do not disappear in the context of a cross-border insolvency case.  *In re Hamilton*, 240 F.3d 148 (2d Cir. 2000) ("[O]ur observation that security interests enjoy constitutional protection supports our conclusion that United States law affords strong protection to secured creditors and treats those protections very seriously, a conclusion that, in turn, amplifies the significance of the difference in the way secured claims are treated under Bahamian law.").

51.    Here, the Court's recognition of the CCAA Proceedings as "foreign main proceedings" does not excuse Pride Truck or the Debtors from complying with applicable U.S. bankruptcy law.  As the Second Circuit recognized in *Hamilton,* secured creditors have special status under U.S. law.  In light of this reality, secured creditors like MHCA should receive adequate protection payments to account for the diminution in value of the collateral securing their interests.  Because no similar concept exists in Canada, this Court must have independent jurisdiction to determine whether the adequate protection requirement has been satisfied in the context of these Chapter 15 Cases.

52.    Finally, the bankruptcy court in this district have granted parties relief from the automatic stay in the context of chapter 15 cases.  *See, e.g.*, *In re Pope & Talbot, Inc., et al.,* Case No. 08-11933(CSS) [D.I. 152] (Bankr. D. Del. Jan. 13, 2012); *In re Toshiba Samsung*

*Storage Technology Korea Corporation*, Case No. 16-11602(CSS) [D.I. 93] (Bankr. D. Del. Aug. 8, 2016).

### WAIVER OF BANKRUPTCY RULE 4001(a)(3)

53.     MHCA respectfully requests waiver of the 14-day stay of under Bankruptcy Rule 4001(a)(3).  There is no reason to delay effectiveness of an order granting stay relief because the Debtors will not suffer any significant prejudice from the granting of stay relief.  In contrast, because the contemplated third-party purchaser will not delay its purchase indefinitely and the value of the Floorplan Collateral continues to decrease each day, MHCA would be prejudiced by a delay in the effectiveness of an order granting stay relief.  Accordingly, MHCA respectfully requests that this Court grant such relief effective immediately.

54.     MHCA further requests that the first hearing on this Motion be treated as a final hearing under 11 U.S.C. § 362(e)(1).

### NOTICE

55.     Notice of this Motion will be provided to:  (i) the Foreign Representative; (ii) counsel to the Debtors; (iii) the Office of the United States Trustee for the District of Delaware; and (iv) those parties entitled to receive notice pursuant to Bankruptcy Rule 2002.  MHCA submits that no other or further notice is necessary or required.

### RESERVATION OF RIGHTS

56.     MHCA reserves all of its rights to amend, modify, or supplement this Motion in any manner, at any time, and for any purpose, and to assert and file any and all additional claims of whatever kind or nature that it has or may hereafter have against the Debtors, which may be based on the respective rights and obligations arising under the relationship and agreements discussed in this Motion or the same events and circumstances described in this Motion.  MHCA further reserves the right to bring forth additional documentation supporting all of its claims

including, but not limited to, any documents that may become available after further investigation and discovery.

WHEREFORE, MHCA respectfully requests entry of the Proposed Order, substantially in the form attached as **Exhibit A**, granting MHCA: (i) relief from the automatic stay pursuant to section 362(d)(1) of the Bankruptcy Code to take any and all actions necessary to terminate the MHCA immediately; (ii) a waiver of the stay of such order under Bankruptcy Rule 4001(a)(3); and (iii) such further relief as is appropriate.

Dated: July 16, 2024                                Respectfully submitted,
       Wilmington, Delaware

**REED SMITH LLP**

By:     */s/ Jason D. Angelo*
      Jason D. Angelo (No. 6009)
      1201 North Market Street, Suite 1500
      Wilmington, DE 19801
      Telephone:  (302) 778-7500
      Facsimile:   (302) 778-7575
      E-mail:  jangelo@reedsmith.com

      - and -

      Aaron G. Javian, Esq.(admitted *pro hac vice*)
      REED SMITH LLP
      599 Lexington Avenue, 22nd Floor
      New York, NY 10022
      Telephone:  +1.212.521.5400
      Facsimile:  +1.121.521.5450
      E-mail:  ajavian@reedsmith.com

      *Counsel to Mitsubishi HC Capital America Inc.*
      *f/k/a Hitachi Capital America Corp.*