# **EXHIBIT 3**

UCC-1 Financing Statement and No Interest Letter

(Attached)

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)
LIEN SOLUTIONS 800-331-3282

B. E-MAIL CONTACT AT FILER (optional)
UCCFILINGRETURN@WOLTERSKLUWER.COM

C. SEND ACKNOWLEDGMENT TO: (Name and Address)

P.O. BOX 29071
GLENDALE, CA 91209-9071
US

Delaware Department of State
U.C.C. Filing Section
Filed: 04:16 PM 10/09/2020
U.C.C. Initial Filing No: 2020 7000690

Service Request No: 20207753599

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S NAME:** Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| PRIDE TRUCK SALES L.P. | | | | |
| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 8 THE GREEN | STE R | DE | 19901 | US |

**2. DEBTOR'S NAME:** Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

**3. SECURED PARTY'S NAME** (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| HITACHI CAPITAL AMERICA CORP. | | | | |
| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 800 CONNECTICUT AVENUE | NORWALK | CT | 06854 | US |

**4. COLLATERAL:** This financing statement covers the following collateral:
SCHEDULE Security Interest. Debtor/Dealer hereby grants to Secured Party an absolute and cross-collateralized security interest in and to all of the Collateral hereby or otherwise pledged as security for all of the obligation of Debtor/Dealer to Secured Party. The term "Collateral" is defined as: All personal property of Debtor/Dealer, whether such property or Debtor/Dealer's right, title or interest therein or thereto is now owned or existing or hereafter acquired or arising, and wherever located, including without limitation, any and all motor vehicles, equipment, machinery or other inventory and all parts thereof and all accessions and additions thereto acquired by virtue of any extensions of credit from Secured Party as well as any and all Accounts, Inventory, Equipment, Fixtures, other Goods, General Intangibles (including Payment Intangibles), Chattel Paper (whether tangible or electronic), Instruments (including Promissory Notes), Insurance (and Insurance proceeds), Deposit Accounts, Investment Property, choses in action, causes of action, all other intangible personal property of Debtor/Dealer and all Proceeds and Products of the foregoing. The Collateral includes all books and records, electronic or otherwise, which evidence or relate to the foregoing personal property, and all computers, disks, media and other devices in which such records are stored.

**5.** Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

**6a.** Check only if applicable and check only one box: ☐ Public-Finance Transaction ☐ Manufactured-Home Transaction ☐ A Debtor is a Transmitting Utility

**6b.** Check only if applicable and check only one box: ☐ Agricultural Lien ☐ Non-UCC Filing

**7. ALTERNATIVE DESIGNATION** (if applicable): ☐ Lessee/Lessor ☐ Consignee/Consignor ☐ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor

**8. OPTIONAL FILER REFERENCE DATA:**
DE-0-77133062-59962204

International Association of Commercial Administrators

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)

 **Royal Bank**

Royal Bank of Canada
Corporate Client Group
Royal Bank Plaza
200 Bay St, 4th Floor North Tower
Toronto, ON M5J 2W7

October 30, 2020

Hitachi Capital America Corp.
800 Connecticut Avenue
Norwalk, CT 06854
Attn: Wholesale

Re:    Pride Truck Sales L.P. ("Debtor") - No Interest in Inventory (as defined herein)

Royal Bank of Canada, in its own capacity, and in any capacity for which it is currently or hereafter acting as secured party of record, and/or as agent, for any third parties, "Secured Party") has or may have a security interest or other lien ("Secured Party's Security Interest") in certain of Debtor's assets. To induce Hitachi Capital America Corp. ("Hitachi Capital") to extend financing to Debtor and provide other financial accommodations to Debtor, Secured Party hereby confirms that Secured Party does not claim, and shall not claim during the term of Hitachi Capital's financing of Debtor, a security interest in, other lien upon, or any other right, title or interest in any Inventory (as defined in Section 9-102(a)(48) of the Uniform Code or proceeds of such Inventory in each case financed prior to or subsequent to the date of this letter by Hitachi Capital pursuant to that certain Floorplan and Security Agreement dated November 21, 2018, between Hitachi Capital and the Debtor, together with all schedules and riders thereto, in each case, as amended or otherwise modified from time to time (the "Hitachi Capital Collateral"). To the extent that a security interest or other lien in favor of Secured Party exists, or may hereafter exist during the term of' Hitachi Capital's financing of Debtor, with respect to the Hitachi Capital Collateral, Secured Party hereby subordinates any such security interest, lien or other right, title or interest in any such Hitachi Capital Collateral in favour of Hitachi Capital. In furtherance of the foregoing, Secured Party agrees that: (i) it will not take any action to bar, restrain or otherwise prevent Hitachi Capital from inspecting, removing or taking possession of all or any portion of the Hitachi Capital Collateral, (ii) if Secured Party obtains possession of any Hitachi Capital Collateral, Secured Party shall turn over such Hitachi Capital Collateral upon Hitachi Capital's written request therefor, (iii) the above release and disclaimer shall apply irrespective of the time or order of attachment or perfection of security interests, and (iv) if requested in writing by Hitachi Capital, Secured Party will, at the expense of Debtor, execute and deliver, in form and substance satisfactory to Secured Party, such other documents as may be reasonably requested by Hitachi Capital to evidence the above subordination.

It is expressly understood and agreed that the release set forth herein shall not apply to any assets of Debtor other than the Hitachi Capital Collateral and all existing security interests in favor of Secured Party in such assets (other than the Hitachi Capital Collateral) of Debtor and all obligations owing by each Debtor to Secured Party shall remain in full force and effect. The subordination set forth herein is not effective to subordinate any rights in the Hitachi Capital Collateral re-acquired by any Debtor upon termination of the Hitachi Capital financing agreements.

Secured Party represents to Hitachi Capital that Secured Party has not heretofore assigned Secured Party's Security Interest to any third-party assignee, and covenants to Hitachi Capital that Secured Party shall not assign Secured Party's Security Interest to any third-party assignee without concurrently notifying any such assignee of the existence of this agreement, delivering a true copy of same to any such assignee and obtaining the agreement of such assignee to be bound, in the same manner as Secured Party, to the terms of this agreement. This agreement shall be binding upon Secured Party's successors and assigns.

This letter agreement shall remain in full force and effect notwithstanding that Hitachi Capital or Secured Party modifies or amends, by agreement or otherwise, any of their respective agreements with Debtor. This agreement shall be governed and construed in accordance with the laws of the State of New York (without regard to the conflict of laws principles thereof).

Yours truly

*Jason Clay*

Jason Clay
Vice President, Corporate Client Group
Royal Bank of Canada