## **Exhibit B**

Redline of Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re | Chapter 15 |
| Pride Group Holdings Inc., *et al.*[1] | Case No. 24-10632 (CTG) |
| Debtors in Foreign Proceedings. | Jointly Administered |

**ORDER (I) ENFORCING THE DIP
AMENDMENT ORDER AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] filed by Randall Benson, solely in his capacity as the foreign representative (the "Foreign Representative") of the above-captioned debtors (collectively, the "Debtors")[3] seeking entry of an order (this "Order") under the Bankruptcy Code authorizing the Debtors and certain of their non-Debtor affiliates (collectively, the "Pride Group")[4] to obtain and borrow under the Amended DIP Facility and enforce in the United States the DIP Amendment Order entered in the Canadian proceedings (the "CCAA Proceedings") commenced under the Companies' Creditors Arrangement Act (the "CCAA"), pending before the Ontario Superior Court of Justice (Commercial List) in Ontario, Canada, Court File No. CV-24-00717340-00CL

---

[1]    The last four digits of Debtor Pride Group Holdings Inc.'s Canadian business number are 6399.  Due to the large number of debtors in these chapter 15 cases, a complete list of the debtor entities and the last four digits of their unique identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' noticing agent at https://dm.epiq11.com/pridegroup.  The Debtors' service address for the purposes of these chapter 15 cases is 1450 Meyerside, Suite 401, Mississauga, Ontario, L5T 2N5, Canada.

[2]    Capitalized terms not defined herein are used as defined in the Motion.

[3]    The term "Debtors" does not include: 1000089137 Ontario Inc., DVP Holdings, Corp., Parker Global Enterprises, Inc., Parker Transport Co., and Arnold Transportation Services, Inc. (collectively, the "Arnold Entities").

[4]    As used herein, "Pride Group" includes: (i) each of the "Applicants" listed in Schedule "A" to the A&R Initial Order; (ii) Pride Truck Sales L.P., TPine Leasing Capital L.P., and Sweet Home Hospitality L.P. (i) and (ii) together, the "Pride Entities"); and (iii) Block 6 Holding Inc., 2500819 Ontario Inc., Pergola Holdings, Corp., and Pride Global Insurance Company Ltd. Further, as noted in the Recognition Order, the Foreign Representative is not seeking relief with respect to the Arnold Entities. As a result, the terms "Pride Group" and "Pride Entities" do not include the Arnold Entities.

(the "Canadian Court"); and upon this Court's review and consideration of the Motion and the Benson DIP Amendment Declaration; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 109 and 1501; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P); and venue being proper before this Court pursuant to 28 U.S.C. § 1410(1) and (3); and appropriate, sufficient and timely notice of the Motion and the hearing thereon having been given; and upon the record established at such hearing; and it appearing that the relief requested in the Motion is necessary to preserve the value of the Pride Group's assets and business and in the best interests of the Debtors' creditors and other parties in interest; and the Court having determined that the relief requested in the Motion is consistent with the purpose of chapter 15 of the Bankruptcy Code and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and no objections or other responses having been filed that have not been overruled, withdrawn or otherwise resolved; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A.      The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.      On April 5, 2024, the Canadian Court entered the A&R Initial Order, which authorized the Pride Entities to obtain and borrow under the DIP Facility in accordance with the terms of the DIP Term Sheet to finance their ordinary working capital and other general

corporate purposes and granted the DIP Charge to the DIP Agent for and on behalf of the DIP Lenders on the property of the Pride Entities.

C.      On April 17, 2024, the Court entered the Second Provisional Relief Order, which enforced on a provisional basis pursuant to section 1519 of the Bankruptcy Code and principles of comity, the A&R Initial Order in the United States pending recognition of the CCAA Proceedings.

D.      On May 2, 2024, the Court entered the Recognition Order granting recognition of the CCAA Proceedings and the related relief sought in the Chapter 15 Petitions, including, among other things, extending the relief granted in the Second Provisional Relief Order in the United States on a final basis and granting certain protections to the DIP Agent and DIP Lenders under section 364 of the Bankruptcy Code.

E.      On July 3, 2024, the Canadian Court signed the DIP Amendment Order, which (i) authorizes the DIP Borrowers to obtain and borrow under the Amended DIP Facility in accordance with the terms of the DIP Amendment Term Sheet and (ii) grants the DIP Agent the continued benefit of the DIP Charge for and on behalf of the DIP Lenders on the property of the Pride Entities, including in respect of the indebtedness, interest, fees, liabilities and obligations of the Pride Entities under the DIP Amendment Term Sheet and the DIP Credit Agreement.

F.      The Foreign Representative has demonstrated that the incurrence of additional indebtedness under the Amended DIP Facility, as authorized by the DIP Amendment Order, is necessary to preserve the value of the Debtors' business.

G.      The Foreign Representative has demonstrated that the terms of the DIP Amendment Term Sheet, as approved in the DIP Amendment Order, are fair and reasonable and were entered into in good faith by the DIP Borrowers, the DIP Agent, and the DIP Lenders, and that the DIP Lenders would not extend financing without the protections provided by sections

364 of the Bankruptcy Code, made applicable through section 1521(a)(7) of the Bankruptcy Code, or without the provisions of this Order and the Court's enforcement of the protections set forth in the DIP Amendment Order relating to the Amended DIP Facility in the United States.

H.      The Foreign Representative has demonstrated that, in the interest of comity, the purpose of chapter 15 is carried out by giving effect to the DIP Amendment Order.

I.      All creditors and other parties in interest are sufficiently protected by the grant of the relief ordered hereby in compliance with section 1522(a) of the Bankruptcy Code.

**BASED ON THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted as set forth herein.

2.      The DIP Amendment Order is hereby given full force and effect within the territorial jurisdiction of the United States, including, without limitation, the provisions of the DIP Amendment Order (i) authorizing and empowering the DIP Borrowers to obtain and borrow pursuant to the Amended DIP Facility subject to the terms of the DIP Amendment Term Sheet; (ii) authorizing and empowering the DIP Borrowers to execute and deliver the Amended DIP Documentation as contemplated under the DIP Amendment Term Sheet or as reasonably required by the DIP Agent; (iii) authorizing and directing the DIP Borrowers to pay and perform all their indebtedness, interest, fees, liabilities, and obligations to the DIP Agent and the DIP Lenders under the Amended DIP Documentation as they become due; and (iv) granting the continued benefit of the DIP Charge on the property of the Pride Entities to the DIP Agent for and on behalf of the DIP Lenders with the same priority as set out in the DIP Amendment Order.

3.      Pursuant to sections 1521 of the Bankruptcy Code, the DIP Amendment Order, and the transactions consummated or to be consummated thereunder, including, without limitation, entry into and performance under the DIP Amendment Term Sheet and other

Amended DIP Documentation, shall be enforceable and given full force and effect in the United States to the same extent that they are enforceable and given effect in Canada and shall be binding on all creditors of the Pride Group and any of its successors or assigns within the territorial jurisdiction of the United States.

4.     Pursuant to sections 1521 and 364 of the Bankruptcy Code, to the extent authorized under the DIP Amendment Order, the DIP Charge on all of the Pride Entities' assets, undertakings, and properties located in the territorial jurisdiction of the United States shall continue to be enforceable and given full force and effect in the United States with the same priority as granted under the DIP Amendment Order.

5.     This Order shall serve as sufficient and conclusive notice and evidence of the grant, validity, perfection, and priority of the liens and charges granted in the CCAA Proceedings as they apply to the Pride Entities and their assets, undertakings, and properties located in the territorial jurisdiction of the United States in respect of the DIP Charge without the necessity of filing or recording this Order or any financing statement, mortgage, or other instrument or document which may otherwise be required under the law of any jurisdiction.

6.     The Foreign Representative and the DIP Borrowers are entitled to the benefits of, and shall comply with, the terms and conditions of the DIP Amendment Term Sheet and other Amended DIP Documentation, including, but not limited to, the payment of fees and expenses as they come due without further notice or order of this Court.

7.     Any advances made to the DIP Borrowers by the DIP Lenders pursuant to this Order, the DIP Amendment Order, the DIP Amendment Term Sheet or the Amended DIP Documentation shall, pursuant to sections 1507, 1521 and 105(a) of the Bankruptcy Code, be deemed to have been made by the DIP Lenders in good faith. Notwithstanding (a) any stay,

modification, amendment, supplement, vacatur, revocation or reversal of this Order, the DIP Amendment Term Sheet, the Amended DIP Documentation or any term hereunder or thereunder, or (b) the dismissal of one or more of the Chapter 15 Cases or the commencement of a case by any of the Debtors under another chapter of the Bankruptcy Code or the conversion of a case of any of the Debtors from a case under one chapter of the Bankruptcy Code to a case under another chapter of the Bankruptcy Code (each, a "Subject Event"), (x) the acts taken by the DIP Agent and the DIP Lenders in accordance with this Order, and (y) the indebtedness incurred or arising prior to the DIP Agent's and the DIP Lenders' actual receipt of written notice from Debtors expressly describing the occurrence of such Subject Event shall, in each instance, be governed in all respects by the original provisions of this Order, and the acts taken by the DIP Agent and the DIP Lenders in accordance with this Order, and the liens granted to the DIP Agent for the benefit of the DIP Lenders, and all other rights, remedies, privileges, and benefits in favor of the DIP Agent and the DIP Lenders pursuant to this Order and the DIP Amendment Term Sheet and the Amended DIP Documentation shall remain valid and in full force and effect to the extent provided in to section 364(e) of the Bankruptcy Code.

8.      ~~Without limiting paragraph 2 of this Order~~<u>Notwithstanding anything in this Order to the contrary, any relief or protections granted by this Order with respect to the non-Debtor Pride Entities shall be solely pursuant to sections 1519 and 1521 of the Bankruptcy Code and the principles of comity, and expressly shall not be granted under section 364 of the Bankruptcy Code; *provided*, that</u>, the relief granted in paragraph 7 of the DIP Amendment Order is expressly incorporated herein and applied hereto, *mutatis mutandis*, and given effect by the Court including with respect to the Pride Entities and any <u>of their </u>property ~~of the Pride Entities ~~located in the United States.

9.      No action, inaction, or acquiescence by the DIP Agent or the DIP Lenders, or the Prepetition Syndicated Agent (as defined in the Recognition Order) or the Prepetition Syndicated Lenders (as defined in the Recognition Order), including, without limitation, funding the Pride Entities' ongoing operations under this Order, shall be deemed to be or shall be considered as evidence of any alleged consent by the DIP Agent or the DIP Lenders or the Prepetition Syndicated Agent or the Prepetition Syndicated Lenders to a charge against the collateral pursuant to sections 506(c), 552(b), or 105(a) of the Bankruptcy Code. None of the DIP Agent, the DIP Lenders, the Prepetition Syndicated Agent, or the Prepetition Syndicated Lenders shall be subject in any way whatsoever to the equitable doctrine of "marshaling" or any similar doctrine with respect to their collateral.

10.     No person or entity shall be entitled, directly or indirectly, whether by operation of sections 506(c), 552(b), or 105 of the Bankruptcy Code or otherwise, to direct the exercise of remedies or seek (whether by order of this Court or otherwise) to marshal or otherwise control the disposition of any collateral or property by the DIP Agent, the DIP Lenders, the Prepetition Syndicated Agent, or the Prepetition Syndicated Lenders, after a breach under the Amended DIP Facility, the Amended DIP Documentation, the DIP Amendment Order, or this Order, and in no event shall the "equities of the case" exception of section 552(b) of the Bankruptcy Code apply to the secured claims of the DIP Agent, the DIP Lenders, the Prepetition Syndicated Agent, or the Prepetition Syndicated Lenders.

11.     Notwithstanding any stay, injunction or similar relief granted in these Chapter 15 Cases, the DIP Agent and DIP Lenders are authorized to exercise all remedies and take any and all enforcement actions permitted under the DIP Amendment Order, subject to the provisions of the DIP Amendment Order.

12.     The Foreign Representative is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

13.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

14.     This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through these Chapter 15 Cases, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.