**<u>Exhibit A</u>**

Proposed Stipulation and Order

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re | Chapter 15 |
| Pride Group Holdings Inc., *et al.*[1] | Case No. 24-10632 (CTG) |
| Debtors in Foreign Proceedings. | Jointly Administered |

## AGREED ORDER AMONG THE FOREIGN REPRESENTATIVE, THE PRIDE GROUP, THE MONITOR AND REGIONS WITH RESPECT TO RELIEF FROM THE INJUNCTION

The Court having considered the Stipulation Among the Foreign Representative, the Pride Group, the Monitor, and Regions with Respect to Relief from the Injunction (the "Stipulation")[2] presented to the Court and attached hereto as **Exhibit 1** and good and sufficient cause having been shown:

IT IS HEREBY ORDERED THAT:

1.      The Stipulation, and the terms of the Stipulation, are approved.

2.      The Injunction, to the extent applicable, pursuant to 11 U.S.C. § 1521(a), is lifted solely to allow Regions or its representatives, as applicable, to possess and sell the Surrendered Equipment.

3.      The fourteen (14) day stay provided under Federal Rule of Bankruptcy Procedure 4001(a)(3) shall not apply.

---

[1]      The last four digits of Debtor Pride Group Holdings Inc.'s Canadian business number are 6399.  Due to the large number of debtors in these chapter 15 cases, a complete list of the debtor entities and the last four digits of their unique identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' noticing agent at https://dm.epiq11.com/pridegroup.  The Debtors' service address for the purposes of these chapter 15 cases is 1450 Meyerside, Suite 401, Mississauga, Ontario, L5T 2N5, Canada.

[2]      Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Stipulation.

4.      The Foreign Representative, the Pride Group, the Monitor, and Regions are authorized to take all actions necessary to effectuate the relief requested in this Stipulation.

5.      This Order is a Final Order within the meaning of 28 U.S.C. § 158(a)(1) and is effective immediately upon entry.

6.      This Order shall be binding on and inure to the benefit of the Parties and their respective heirs, executors, administrators, successors, and permitted assigns.

7.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the interpretation and/or implementation of this Order and the Stipulation.

## **Exhibit 1**

Stipulation

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re | Chapter 15 |
| Pride Group Holdings Inc., *et al.*[1] | Case No. 24-10632 (CTG) |
| Debtors in Foreign Proceedings. | Jointly Administered |

## STIPULATION AMONG THE FOREIGN
## REPRESENTATIVE, THE PRIDE GROUP, THE MONITOR
## AND REGIONS WITH RESPECT TO RELIEF FROM THE INJUNCTION

This Stipulation (the "Stipulation") is entered into by and among (i) Randall Benson,

solely in his capacity as the duly authorized foreign representative (the "Foreign

Representative") of the above-captioned debtors (collectively, the "Debtors"), in the Canadian

proceedings (the "CCAA Proceedings") commenced under the Companies' Creditors

Arrangement Act (the "CCAA"), pending before the Ontario Superior Court of Justice

(Commercial List) in Ontario, Canada, Court File No. CV-24-00717340-00CL (the "Canadian

Court"), (ii) the Pride Group,[2] (iii) Ernst & Young Inc., the Debtors' Canadian Court-appointed

monitor (in such capacity, the "Monitor"), and (iv) Regions Equipment Financing Corporation

("REFCO") and Regions Commercial Equipment Financing, LLC ("RCEF," and together with

REFCO, "Regions") (each of (i)-(iv), a "Party," and collectively, the "Parties").

---

[1]    The last four digits of Debtor Pride Group Holdings Inc.'s Canadian business number are 6399.  Due to the large number of debtors in these chapter 15 cases, a complete list of the debtor entities and the last four digits of their unique identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' noticing agent at https://dm.epiq11.com/pridegroup.  The Debtors' service address for the purposes of these chapter 15 cases is 1450 Meyerside, Suite 401, Mississauga, Ontario, L5T 2N5, Canada.

[2]    As used herein, "Pride Group" includes: (i) each of the Debtors; (ii) Pride Truck Sales L.P., TPine Leasing Capital L.P., and Sweet Home Hospitality L.P.; and (iii) Block 6 Holding Inc., 2500819 Ontario Inc., Pergola Holdings, Corp., and Pride Global Insurance Company Ltd.

**WHEREAS**, TPine Leasing Capital L.P. ("TPine Leasing"), an affiliate of the Debtors, entered into that certain Master Agreement, dated March 30, 2022, with REFCO and RCEF (together with all schedules, addenda, exhibits and ancillary documents, the "Master Agreement"), which Master Agreement includes twelve schedules pursuant to which Regions provided financing for certain trucks and trailers acquired by TPine Leasing (which serve as collateral under the Master Agreement);

**WHEREAS**, on February 19, 2024, Regions delivered a Notice of Default (the "Notice of Default") to TPine Leasing notifying it that defaults existed and were continuing under the Master Agreement;

**WHEREAS**, on March 8, 2024, Regions filed a lawsuit against TPine Leasing in the United States District Court for the Northern District of Texas (captioned *Regions Equipment Financing Corp. et al v. Tpine Leasing Capital L.P.*, Case No. 3:24-cv-00583) (the "Lawsuit"), which remains pending as of the date of this Stipulation;

**WHEREAS**, on March 27, 2024, the Debtors commenced the CCAA Proceedings in the Canadian Court, and the Canadian Court issued the initial order on the following day (as amended and restated from time to time, the "Initial Order") granting certain relief in connection with the CCAA Proceedings including, among other things, staying the commencement or continuation of any proceeding or enforcement process in any court or tribunal against the Debtors and certain of its non-Debtor affiliates, including TPine Leasing;

**WHEREAS**, on April 1, 2024, the Foreign Representative commenced the above-captioned chapter 15 cases in the United States Bankruptcy Court for the District of Delaware (the "Court"), and sought provisional relief on the same day requesting, among other things, enforcement of the Initial Order in the United States on a provisional basis, including

2

application of section 362 of Title 11 of the United States Code (the "Bankruptcy Code") over the Pride Group and their property located within the territorial jurisdiction of the United States (the "Provisional Relief");

WHEREAS, on April 3, 2024, the Court entered the *Order Granting Motion of the Foreign Representative for Provisional Relief Pursuant to Sections 105(a) and 1519 of the Bankruptcy Code* [D.I. 49] (the "Provisional Relief Order") granting the Provisional Relief;

WHEREAS, on May 2, 2024, the Court entered the *Order Granting Amended Verified Petition for (i) Recognition of Foreign Main Proceedings, (ii) Recognition of Foreign Representative, and (iii) Related Relief Under Chapter 15 of the Bankruptcy Code* [D.I. 152] (the "Recognition Order"), which, among other things, (i) extends all relief granted pursuant to the Provisional Relief Order on a final basis; and (ii) enjoins all persons and entities pursuant to section 1521(a)(1)-(3) of the Bankruptcy Code from, among other things, executing against the assets of the Pride Group; commencing or continuing any action or proceedings against the Pride Group; and transferring, relinquishing or disposing of any property of the Pride Group to any person or entity other than the Foreign Representative (the "Injunction");

WHEREAS, pursuant to paragraph 12 of the Recognition Order, nothing in the Recognition Order authorized any secured parties with a valid, perfected, and enforceable security interest in collateral to sell such collateral unless (i) the Monitor and the Debtors' chief restructuring officer (the "CRO") have determined that such secured party's security interest in the collateral is senior to the DIP Charge (as defined in the Recognition Order) and is not subject to competing security interests from other third-party creditors; (ii) the Monitor and CRO have agreed to transfer possession in respect of such collateral to such secured party; and (iii) this Court or the Canadian Court has entered an order authorizing such sale (the "Sale Order");

**WHEREAS**, Regions has requested that the Monitor and CRO consent to the possession and sale of the vehicles identified (or to be identified) as "Surrendered Vehicles" under the Canadian Relief Order (as defined below) as such term is used therein (such vehicles referred to herein as the "Surrendered Equipment");

**WHEREAS,** the Monitor and CRO have determined that (i) other than with respect to those vehicles listed on Schedule "E" to the Canadian Relief Order bearing vehicle identification numbers 3HSDZAPR0KN101851, 3HSDZAPR1KN102796, 3HSDZAPR0KN102806, 3HSDZAPRXKN110752, 3HSDZAPR1KN110753, 3HSDZAPR1KN360879, 3HSDZAPR3KN360883, 3HSDZAPR0KN360887, 3HSDZAPR3KN360902, 3HSDZAPR5KN390094, 3HSDZAPR1KN560970, and 3HSDZAPR4KN390085, which vehicles, in accordance with paragraph 14(c) of the Canadian Relief Order, are to be identified as Surrendered Vehicles upon consent of the Monitor, CRO and the DIP Agent (as defined in the Recognition Order), which shall not be unreasonably withheld, Regions' security interest in the Surrendered Equipment is senior to the DIP Charge and is not subject to competing perfected security interests from other third-party creditors; and (ii) the Surrendered Equipment is no longer required for the Debtors' ongoing operations;

**WHEREAS**, on July 16, 2024, an order was granted in the CCAA Proceedings authorizing the possession and sale by or on behalf of Regions of the Surrendered Equipment and associated relief from the stays applicable in the CCAA Proceedings (the "Canadian Relief Order"), a copy of which is attached hereto as **Schedule A** and incorporated herein by reference; and

**WHEREAS**, the Pride Group, Monitor and CRO have agreed to permit Regions to possess and sell the Surrendered Equipment on the terms contained in this Stipulation, and as

permitted under the Canadian Relief Order, with this Stipulation reflecting their written consent to do so;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and between the Parties, through their undersigned counsel, as follows:

1.      The foregoing recitals and the Canadian Relief Order are hereby incorporated by reference into this Stipulation with the same force and effect as if set forth fully hereinafter, and the parties hereto agree to abide by the terms and provisions of the Canadian Relief Order.

2.      The Canadian Relief Order shall govern the Parties with respect to the Surrendered Equipment.

3.      The Foreign Representative and Monitor hereby authorize Regions (or its representatives) to take possession of and sell the Surrendered Equipment (the "Surrendered Equipment Sales," and each, a "Surrendered Equipment Sale").

4.      The Injunction, to the extent applicable, pursuant to 11 U.S.C. § 1521(a), is lifted as of the date this Stipulation is approved by the Court (the "Effective Date") solely to allow Regions (or its representatives) to sell the Surrendered Equipment and carry out the other terms of the Canadian Relief Order.

5.      The Foreign Representative shall cause TPine Leasing to comply with the terms of this Stipulation and the Canadian Relief Order, as applicable, including by returning and/or transferring to Regions any vehicle titles to any Surrendered Equipment held by TPine Leasing.

6.      This Stipulation shall constitute the Sale Order with respect to the Surrendered Equipment required pursuant to paragraph 12 of the Recognition Order; and no other or further order from this Court shall be required prior to Regions (or its representatives) conducting the Surrendered Equipment Sales.

7.    This Stipulation shall not be construed as authorizing any relief from the Injunction imposed under section 1521(a) of the Bankruptcy Code other than as specifically set out in this Stipulation and the Canadian Relief Order.

8.    Notwithstanding Section 9-624(a) of the Uniform Commercial Code (the "UCC") or any applicable state version thereof, TPine Leasing and each Guarantor (as defined in the Master Agreement) hereby waive any requirement for notice prior to Regions' disposition of the Surrendered Equipment pursuant to Section 9-611 of the UCC or any applicable state version thereof.

9.    This Stipulation may be signed in counterpart originals.  Evidence of the execution of this Stipulation may be exchanged by facsimile or electronic transmission of a scanned copy of the signature pages or by exchange of an originally signed document, each of which shall be as fully binding on the Party as a signed original.

10.    Each person who executes the Stipulation on behalf of a Party hereto represents that he or she is duly authorized to execute the Stipulation on behalf of such Party.

11.    This Stipulation shall be effective and enforceable immediately upon entry by the Court, and the fourteen (14) day stay provided under Federal Rule of Bankruptcy Procedure 4001(a)(3) shall not apply.

12.    This Stipulation shall be binding on and inure to the benefit of the Parties and their respective heirs, executors, administrators, successors, and permitted assigns.

13.    The Foreign Representative, Monitor, and Regions are authorized to take all actions necessary to effectuate the relief requested in this Stipulation and the Canadian Relief Order.

14.     Nothing in this Stipulation or the Canadian Relief Order, whether express or implied, shall be construed to give to any person or entity other than the Parties any legal or equitable right, remedy, interest, or claim under or in respect of this Stipulation or the Canadian Relief Order.

15.     This Stipulation (taken together with the Canadian Relief Order) represents the Parties' mutual understandings and supersedes all prior agreements, whether in oral or written form.

16.     The Court shall retain jurisdiction to hear and determine all matters arising from the implementation, interpretation and/or enforcement of this Stipulation.

Dated: July 26, 2024

*/s/ Austin T. Park*

**MORRIS, NICHOLS, ARSHT
& TUNNELL LLP**
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Austin T. Park (No. 7247)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
dabbott@morrisnichols.com
aremming@morrisnichols.com
apark@morrisnichols.com

        and

**LINKLATERS LLP**
Penelope J. Jensen
Christopher J. Hunker
Clark L. Xue
1290 Avenue of the Americas
New York, NY 10104
Telephone: (212) 903-9000
Facsimile: (212) 903-9100
penelope.jensen@linklaters.com
christopher.hunker@linklaters.com
clark.xue@linklaters.com

*Attorneys for the Foreign Representative and
the Pride Group*

Dated: July 26, 2024

*/s/ Joseph J. Trad*

**LEWIS RICE LLC**
Joseph J. Trad
600 Washington Avenue
Suite 2500
St. Louis, MO 63101
Telephone: (314) 444-7600
Facsimile: (212) 612-7600
jtrad@lewisrice.com

*Attorney for Regions Equipment Financing
Corp. and Regions Commercial Equipment
Financing LLC*

Dated: July 26, 2024

*/s/ David R. Hurst*

**MCDERMOTT WILL & EMERY LLP**
David R. Hurst (I.D. No. 3743)
1000 N. West Street, Suite 1400
Wilmington, DE 19801
Telephone: (302) 485-3900
Fax: (302) 351-8711
dhurst@mwe.com

Bradley Thomas Giordano
Carmen Dingman
444 West Lake Street, Suite 4000
Chicago, IL 60606-0029
Telephone: (312) 372-2000
Fax: (312) 984-7700
bgiordano@mwe.com
cdingman@mwe.com

Stacy A. Lutkus
One Vanderbilt Avenue
New York, NY 10017-3852
Telephone: (212) 547-5400
Fax: (212) 547-5444
salutkus@mwe.com

*Counsel to Ernst & Young Inc., in its capacity*
*as Court-Appointed Monitor*

## Schedule A

**Canadian Relief Order**

Court File No. CV-24-00717340-00CL

**ONTARIO**
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

| THE HONOURABLE | ) | TUESDAY, THE 16TH |
|---|---|---|
| | ) | |
| JUSTICE OSBORNE | ) | DAY OF JULY, 2024 |

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF **PRIDE GROUP HOLDINGS INC.** and those Applicants listed on Schedule "A" hereto (each, an "**Applicant**", and collectively, the "**Applicants**")

**ORDER RE ADDITIONAL REGIONS VEHICLES**

**THIS MOTION**, made by the Applicants, pursuant to the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. c-36, as amended (the "**CCAA**") for an order, *inter alia*, authorizing the Pride Entities (as defined below) to make available the Surrendered Vehicles (as defined below) for possession and sale by or on behalf of Regions (as defined below), was heard this day at 330 University Avenue, Toronto, Ontario.

**ON READING** the Affidavit of Randall Benson sworn July 13, 2024, the Ninth Report of Ernst & Young Inc., in its capacity as monitor (the "**Monitor**"), to be filed, and on hearing the submissions of respective counsel for the Applicants and those limited partnerships set out in Schedule "A" hereto (collectively, the "**Pride Entities**"), Regions (as defined below), the Monitor, the DIP Agent (as defined in the Second Amended and Restated Initial Order dated May 6, 2024 (as may be amended and/or restated from time to time, the "**Initial Order**")) and such other counsel as were present, no one else appearing although duly served as appears from the Affidavit of Service of Puya Fesharaki sworn July 15, 2024:

**SERVICE**

1.      **THIS COURT ORDERS** that the time for service of the Notice of Motion and the Motion Record herein is hereby abridged and validated so that this Motion is properly returnable today and hereby dispenses with further service thereof.

**SURRENDERED VEHICLES**

2.      **THIS COURT ORDERS** that the stay of proceedings in respect of the Pride Entities pursuant to the Initial Order (the "**Stay of Proceedings**") is hereby lifted with respect to, and the Pride Entities, CRO and the Monitor are deemed to have consented to, the possession and sale by or on behalf of Regions Equipment Financing Corporation and Regions Commercial Equipment Financing, LLC (together, "**Regions**"), as may be applicable, the vehicles listed on Schedule "B" hereto (collectively, the "**Initial Surrendered Vehicles**"), in accordance with the terms of this Order.

3.      **THIS COURT ORDERS** that the sale, turn-over or other treatment of the units listed on Schedule "C" hereto is and shall be governed by the Entitlement Claims Process Order dated June 14, 2024, including paragraph 25 thereof.

4.      **THIS COURT ORDERS** that:

(a)      the Stay of Proceedings is hereby lifted with respect to the vehicles listed on Schedule "D" hereto (the "**Wrecked Vehicles**" and together with the Initial Surrendered Vehicles, the "**Surrendered Vehicles**");

(b)      within seven (7) business days of the date of this Order, for each of the Wrecked Vehicles, Tpine shall provide to Regions (i) the complete address and, where available, GPS coordinates of the location of any such Wrecked Vehicle, (ii) a detailed description of the condition of any such Wrecked Vehicle, and (iii) all information regarding insurance coverage regarding any such Wrecked Vehicle, as well as the information on any past or pending claims pursuant to such insurance and any proceeds issued in respect thereof; and

(c)      Regions may, at its sole option, determine whether to pick up and subsequently sell any of the Wrecked Vehicles, provided that such determination has been made in

writing to the CRO and Monitor within thirty (30) calendar days from the later of (i) the date of this Order, and (ii) the date Regions is provided with the information required to be provide by Tpine pursuant to this paragraph 4.

5.      **THIS COURT ORDERS** that Tpine shall convert all Active Units to Idle Units within seven (7) business days of the date of this Order. "**Idle Unit**" means, with respect to any Surrendered Vehicles, (A) for a power unit, one that is not attached to a trailer, or (B) for a trailer, one that is not attached to a power unit, and (C) not currently engaged in transport and which shall not be moved.  "**Active Unit**" means, with respect to any Surrendered Vehicles, (A) for a power unit, one that is attached to a trailer, or (B) for a trailer, one that is attached to a power unit, and (C) currently engaged in transport.  Tpine shall not put any Idle Unit back into service or move it from the location where it became idle.

6.      **THIS COURT ORDERS** that the Pride Entities shall provide Regions, in writing and at no cost to Regions: (a) on the date of this Order, with the municipal address (if one exists) and, where available, GPS coordinates of all Active Units and Idle Units that are Initial Surrendered Vehicles as of the date of this Order; and (b) within seven (7) business days of the date of this Order, with the municipal address (if one exists) and, where available, GPS coordinates of the Initial Surrendered Vehicles that are Idle Units that were Active Units as of the date of this Order (the "**Surrendered Vehicle Locations**"), together with the contact information of the individual(s) who will grant Regions access to each Surrendered Vehicle Location (the "**Contact Information**"); provided that, for certainty, in order to have satisfied their obligations hereunder, the Pride Entities must have, in each case, with respect to each Initial Surrendered Vehicle, and the Surrendered Vehicle Locations, provided to Regions at least one of the municipal address or the GPS coordinates (and both where both are available).

7.      **THIS COURT ORDERS** that within seven (7) business days from the date of the Order (or such later date as may be reasonably agreed in writing by Regions, the CRO and the Monitor), the Pride Entities shall make the Initial Surrendered Vehicles (which, for greater certainty, shall all be Idle Units), along with all keys and/or codes necessary to access such Surrendered Vehicles (including any piece of technology, equipment, or other item on board the Surrendered Vehicles at the time that such Surrendered Vehicle is made available to Regions) available to Regions as

directed by Regions.  The Pride Entities shall, at no cost to Regions, give Regions written notice when each Surrendered Vehicle is available for possession.

8.      **THIS COURT ORDERS** that Regions shall retrieve and remove the Initial Surrendered Vehicles from the applicable Surrendered Vehicle Location within thirty (30) calendar days from the later of the date of (i) receipt of the applicable Surrendered Vehicle Location and Contact Information, and (ii) the applicable Surrendered Vehicle being made available to Regions for possession at the applicable Surrendered Vehicle Location (the latest of such dates, the "**Retrieval Deadline**").

9.      **THIS COURT ORDERS** that Regions shall pay to the Pride Entities $35.00 per Surrendered Vehicle per day for storage costs in respect of any Surrendered Vehicle that is not retrieved or removed by Regions by the Retrieval Deadline.

10.      **THIS COURT ORDERS** that, on the fifteenth (15th) day of each month (or the next business day if such date is not a business day), Regions shall provide a detailed written accounting to the Monitor and CRO with respect to all sales of, or other transactions involving, any Surrendered Vehicles (the "**Surrendered Vehicles Sales**" and each, a "**Surrendered Vehicle Sale**") in the preceding calendar month, as applicable, which accounting shall include: (i) the total amount of all proceeds and other consideration received on account of such Surrendered Vehicle Sales (collectively, the "**Surrendered Vehicles Proceeds**"), together with an allocation thereof for each item of Surrendered Vehicles subject to each Surrendered Vehicle Sale, (ii) the direct costs to Regions associated with each Surrendered Vehicle Sale, (iii) a reasonable description of the process by which each Surrendered Vehicle Sale was arrived at, (iv) the amount of Regions Obligations (as defined below) outstanding at such time, and (v) confirmation whether the counterparty to each Surrendered Vehicle Sale is at arm's length to Regions.

11.      **THIS COURT ORDERS** that, to the extent applicable, Regions shall remit to the Monitor all Surrendered Vehicles Proceeds that are in excess of the aggregate amounts due and owing to Regions under the master agreement dated March 30, 2022 between Regions and Tpine Leasing Capital L.P. ("**Tpine**"), one of the Pride Entities (collectively with all schedules, addenda, exhibits and ancillary documents thereto, the "**Master Agreement**") , including on account of all principal, interest, fees, costs, reimbursable expenses and attorney's fees pursuant to the Master Agreement, for which the relevant Surrendered Vehicles stand as collateral under a first ranking security

interest (collectively, the "**Regions Obligations**") by no later than ten (10) business days following full and final payment of the Regions Obligations.

12.     **THIS COURT ORDERS** that Regions shall pay any actual, documented out-of-pocket costs incurred by the Pride Entities (including, for greater certainty, Arnold Transportation Services, Inc. and its appointed trustee under Chapter 7 of Title 11 of the United States Bankruptcy Code) or the Monitor, or their respective counsel or agents, after the date of this Order, associated with the retrieval or relocation of the Surrendered Vehicles, provided that such costs (i) result from actions by the Pride Entities and/or the Monitor that are requested in writing by Regions, and (ii) are in an amount that is approved in advance by Regions, in writing.  Regions shall deal directly with the trustee appointed in the Arnold Transportation Services, Inc. chapter 7 case with respect to any costs the trustee may seek to charge with respect to preserving the Surrendered Vehicles located on the property that is subject to the Arnold Transportation Services, Inc. chapter 7 case and the retrieval by Regions of such Surrendered Vehicles that in each case the trustee is entitled to charge pursuant to the chapter 7 proceedings, and Regions shall be solely responsible for any and all such costs charged by the trustee (for greater certainty, only with respect to such actual, documented out-of-pocket costs incurred after the date of this Order).

13.     **THIS COURT ORDERS** that Tpine shall return and/or transfer to Regions any vehicle titles to any Surrendered Vehicles as soon as practicable following the date of this Order.

14.     **THIS COURT ORDERS** that within seven (7) business days of the date of this Order, Tpine shall advise Regions of the date of the sales, the sale price, and the identity of the party that received the sale proceeds with respect to the vehicles listed in Schedule "E" (the "**Sold Vehicles**"), which Tpine has confirmed were sold by Tpine prior to the date of this Order, and provide to Regions copies of the documentation pursuant to which such sales were completed.  To the extent it is determined that any of the Sold Vehicles were not actually sold, they shall be treated as follows pursuant to this Order:

(a)     the vehicles listed on Schedule "E" with VINs 3HSDZAPR4KN360892 and 3HSDZAPR4KN360889 shall be deemed to form part of the Surrendered Vehicles under this Order and deemed added to Schedule "B" hereto;

(b)    the vehicle listed on Schedule "E" with VIN 3HSDZAPR6KN101868 shall be deemed added to Schedule "C" hereto; and

(c)    each of the remaining vehicles listed on Schedule "E" shall, upon the consent of the Monitor, CRO and DIP Agent, which shall not be unreasonably withheld, be deemed to form part of the Surrendered Vehicles under this Order and deemed added to Schedule "B" hereto.

For certainty, nothing in this Order waives or otherwise affects the liens, rights or remedies of Regions with respect to any of the Sold Vehicles.

**MISCELLANEOUS**

15.    **THIS COURT ORDERS** that Regions, the Monitor or the Pride Entities may from time to time apply to this Court for advice and directions concerning the discharge of their respective powers and duties under this Order or the interpretation or application of this Order.

16.    **THIS COURT HEREBY REQUESTS** the aid and recognition of any court, tribunal, regulatory or administrative body or agency having jurisdiction in Canada or in the United States of America, including the United States Bankruptcy Court for the District of Delaware, or in any other foreign jurisdiction, to give effect to this Order and to assist the Pride Entities, the Monitor and their respective agents in carrying out the terms of this Order. All courts, tribunals, regulatory and administrative bodies and agencies are hereby respectfully requested to make such orders and to provide such assistance to the Pride Entities and to the Monitor, as an officer of this Court, as may be necessary or desirable to give effect to this Order or to assist the Pride Entities and the Monitor and their respective agents in carrying out the terms of this Order.



2024.07.17
18:12:40 -04'00'

## SCHEDULE "A"

### A.  APPLICANTS

**Operating Entities**
*Canadian Operating Entities*
- PRIDE TRUCK SALES LTD.
- TPINE TRUCK RENTAL INC.
- PRIDE GROUP LOGISTICS LTD.
- PRIDE GROUP LOGISTICS INTERNATIONAL LTD.
- TPINE LEASING CAPITAL CORPORATION
- DIXIE TRUCK PARTS INC.
- PRIDE FLEET SOLUTIONS INC.
- TPINE FINANCIAL SERVICES INC.
- PRIDE GROUP EV SALES LTD.

*U.S. Operating Entities*
- TPINE RENTAL USA, INC.
- PRIDE GROUP LOGISTICS USA, CO.
- ARNOLD TRANSPORTATION SERVICES, INC.
- DIXIE TRUCK PARTS INC.
- TPINE FINANCIAL SERVICES CORP.
- PARKER TRANSPORT CO.
- PRIDE FLEET SOLUTIONS USA INC.

**Real Estate Holding Companies**
*Canadian Real Estate Holding Companies*
- 2029909 ONTARIO INC.
- 2076401 ONTARIO INC.
- 1450 MEYERSIDE HOLDING INC.
- 933 HELENA HOLDINGS INC.
- 30530 MATSQUI ABBOTSFORD HOLDING INC.
- 2863283 ONTARIO INC.
- 2837229 ONTARIO INC.
- 2108184 ALBERTA LTD.
- 12944154 CANADA INC.
- 13184633 CANADA INC.
- 13761983 CANADA INC.
- 102098416 SASKATCHEWAN LTD.
- 177A STREET SURREY HOLDING INC.
- 52 STREET EDMONTON HOLDING INC.
- 84 ST SE CALGARY HOLDINGS INC.
- 68TH STREET SASKATOON HOLDING INC.
- 3000 PITFIELD HOLDING INC.

*U.S. Real Estate Holding Companies*
- PGED HOLDING, CORP.
- HIGH PRAIRIE TEXAS HOLDING CORP.
- 131 INDUSTRIAL BLVD HOLDING CORP.
- 59TH AVE PHOENIX HOLDING CORP.
- DI MILLER DRIVE BAKERSFIELD HOLDING CORP.
- FRONTAGE ROAD HOLDING CORP.
- ALEXIS INVESTMENTS, LLC
- TERNES DRIVE HOLDING CORP.
- VALLEY BOULEVARD FONTANA HOLDING CORP.
- HIGHWAY 46 MCFARLAND HOLDING CORP.
- TERMINAL ROAD HOLDING, CORP.
- BISHOP ROAD HOLDING CORP.
- OLD NATIONAL HIGHWAY HOLDING CORP.
- 11670 INTERSTATE HOLDING, CORP.
- 401 SOUTH MERIDIAN OKC HOLDING CORP.
- 8201 HWY 66 TULSA HOLDING CORP.
- EASTGATE MISSOURI HOLDING CORP.
- FRENCH CAMP HOLDING CORP.
- 87TH AVENUE MEDLEY FL HOLDING CORP.
- LOOP 820 FORT WORTH HOLDING CORP.
- 162 ROUTE ROAD TROY HOLDING CORP.
- CRESCENTVILLE ROAD CINCINNATI HOLDING CORP.
- MANHEIM ROAD HOLDING CORP.
- 13TH STREET POMPANO BEACH FL HOLDING CORP.
- EAST BRUNDAGE LANE BAKERSFIELD HOLDING CORP.
- CORRINGTON MISSOURI HOLDING CORP.
- 963 SWEETWATER HOLDING CORP.
- OAKMONT DRIVE IN HOLDING CORP.

**Other Holding Companies**
*Other Canadian Holding Companies*
- 2692293 ONTARIO LTD.
- 2043002 ONTARIO INC.
- PRIDE GROUP HOLDINGS INC.
- 2554193 ONTARIO INC.
- 2554194 ONTARIO INC.
- PRIDE GROUP REAL ESTATE HOLDINGS INC.
- 1000089137 ONTARIO INC.

*Other U.S. Holding Companies*
- COASTLINE HOLDINGS, CORP.
- PARKER GLOBAL ENTERPRISES, INC.
- DVP HOLDINGS, CORP.

**B. LIMITED PARTNERSHIPS**

*U.S. Limited Partnerships*
- PRIDE TRUCK SALES L.P.
- TPINE LEASING CAPITAL L.P.
- SWEET HOME HOSPITALITY L.P.

**C. ADDITIONAL STAY PARTIES**

*Canadian Additional Stay Parties*
- BLOCK 6 HOLDING INC.
- 2500819 ONTARIO INC.

*U.S. and Other Additional Stay Parties*
- PERGOLA HOLDINGS, CORP.
- PRIDE GLOBAL INSURANCE COMPANY LTD.

- 10 -

**SCHEDULE "B"**

|  | EQUIPMENT DESCRIPTION | MODEL | YEAR | VIN |
|---|---|---|---|---|
| 1. | INTERNATIONAL LT625 TASC TRACTOR | LT625 6X4 | 2019 | 3HSDZAPR9KN560974 |
| 2. | INTERNATIONAL LT625 TASC TRACTOR | LT625 6X4 | 2019 | 3HSDZAPR0KN089605 |
| 3. | INTERNATIONAL LT625 TASC TRACTOR | LT625 6X4 | 2019 | 3HSDZAPR6KN093335 |
| 4. | INTERNATIONAL LT625 TASC TRACTOR | LT625 6X4 | 2019 | 3HSDZAPR7KN095420 |
| 5. | INTERNATIONAL LT625 TASC TRACTOR | LT625 6X4 | 2019 | 3HSDZAPR7KN090833 |
| 6. | INTERNATIONAL LT625 TASC TRACTOR | LT625 6X4 | 2019 | 3HSDZAPR8KN089612 |
| 7. | INTERNATIONAL LT625 TASC TRACTOR | LT625 6X4 | 2019 | 3HSDZAPR4KN092765 |
| 8. | INTERNATIONAL LT625 TASC TRACTOR | LT625 6X4 | 2019 | 3HSDZAPR8KN105792 |
| 9. | INTERNATIONAL LT625 TASC TRACTOR | LT625 6X4 | 2019 | 3HSDZAPRXKN100075 |
| 10. | INTERNATIONAL LT625 TASC TRACTOR | LT625 6X4 | 2019 | 3HSDZAPR3KN094720 |
| 11. | INTERNATIONAL LT625 TASC TRACTOR | LT625 6X4 | 2019 | 3HSDZAPR3KN087024 |
| 12. | INTERNATIONAL LT625 TASC TRACTOR | LT625 6X4 | 2019 | 3HSDZAPR3KN100452 |
| 13. | INTERNATIONAL LT625 TASC TRACTOR | LT625 6X4 | 2019 | 3HSDZAPR2KN121017 |
| 14. | INTERNATIONAL LT625 TASC TRACTOR | LT625 6X4 | 2019 | 3HSDZAPRXKN113019 |
| 15. | INTERNATIONAL LT625 TASC TRACTOR | LT625 6X4 | 2019 | 3HSDZAPR9KN092762 |
| 16. | INTERNATIONAL LT625 TASC TRACTOR | LT625 6X4 | 2019 | 3HSDZAPRXKN701714 |
| 17. | INTERNATIONAL LT625 TASC TRACTOR | LT625 6X4 | 2019 | 3HSDZAPR9KN100391 |
| 18. | INTERNATIONAL LT625 TASC TRACTOR | LT625 6X4 | 2019 | 3HSDZAPR5KN113848 |
| 19. | INTERNATIONAL LT625 TASC TRACTOR | LT625 6X4 | 2019 | 3HSDZAPR3KN087797 |
| 20. | INTERNATIONAL LT625 TASC TRACTOR | LT625 6X4 | 2019 | 3HSDZAPRXKN116700 |
| 21. | VANGUARD (CIMC) TRAILER | S600 | 2023 | 527SR5325PL031450 |
| 22. | VANGUARD (CIMC) TRAILER | S600 | 2023 | 527SR5327PL031451 |
| 23. | VANGUARD (CIMC) TRAILER | S600 | 2023 | 527SR5329PL031452 |
| 24. | VANGUARD (CIMC) TRAILER | S600 | 2023 | 527SR5320PL031453 |
| 25. | VANGUARD (CIMC) TRAILER | S600 | 2023 | 527SR5324PL031455 |
| 26. | VANGUARD (CIMC) TRAILER | S600 | 2023 | 527SR5326PL031456 |
| 27. | VANGUARD (CIMC) TRAILER | S600 | 2023 | 527SR5328PL031457 |
| 28. | VANGUARD (CIMC) TRAILER | S600 | 2023 | 527SR532XPL031458 |
| 29. | VANGUARD (CIMC) TRAILER | S600 | 2023 | 527SR5321PL031459 |
| 30. | VANGUARD (CIMC) TRAILER | S600 | 2023 | 527SR5328PL031460 |
| 31. | VANGUARD (CIMC) TRAILER | S600 | 2023 | 527SR532XPL031461 |
| 32. | CIMC TRAILER | REEFER | 2023 | 527SR5321PM031245 |
| 33. | CIMC TRAILER | REEFER | 2023 | 527SR5323PM031246 |
| 34. | CIMC TRAILER | REEFER | 2023 | 527SR5329PM031249 |
| 35. | CIMC TRAILER | REEFER | 2023 | 527SR5324PM031255 |
| 36. | CIMC TRAILER | REEFER | 2023 | 527SR5326PM031256 |
| 37. | CIMC TRAILER | REEFER | 2023 | 527SR5328PM031257 |
| 38. | CIMC TRAILER | REEFER | 2023 | 527SR532XPM031258 |
| 39. | CIMC TRAILER | REEFER | 2023 | 527SR5321PM031259 |
| 40. | CIMC TRAILER | REEFER | 2023 | 527SR5328PM031260 |

- 11 -

| 41. | CIMC TRAILER | REEFER | 2023 | 527SR5321PM031262 |
|---|---|---|---|---|
| 42. | CIMC TRAILER | REEFER | 2023 | 527SR5323PM031263 |
| 43. | CIMC TRAILER | REEFER | 2023 | 527SR5325PM031264 |
| 44. | CIMC TRAILER | REEFER | 2023 | 527SR5329PM031266 |
| 45. | CIMC TRAILER | REEFER | 2023 | 527SR5322PM031268 |
| 46. | CIMC TRAILER | REEFER | 2023 | 527SR5328PM031193 |
| 47. | CIMC TRAILER | REEFER | 2023 | 527SR5321PM031195 |
| 48. | CIMC TRAILER | REEFER | 2023 | 527SR5323PM031201 |
| 49. | CIMC REEFER TRAILER | COOL GLOBE R8000B | 2023 | 527SR5328PL030339 |
| 50. | CIMC REEFER TRAILER | COOL GLOBE R8000B | 2023 | 527SR5326PL030341 |
| 51. | CIMC REEFER TRAILER | COOL GLOBE R8000B | 2023 | 527SR5321PL030344 |
| 52. | CIMC REEFER TRAILER | COOL GLOBE R8000B | 2023 | 527SR5323PL030345 |
| 53. | CIMC REEFER TRAILER | COOL GLOBE R8000B | 2023 | 527SR5325PL030346 |
| 54. | CIMC REEFER TRAILER | COOL GLOBE R8000B | 2023 | 527SR5327PL030350 |
| 55. | CIMC REEFER TRAILER | COOL GLOBE R8000B | 2023 | 527SR5329PL030351 |
| 56. | CIMC REEFER TRAILER | COOL GLOBE R8000B | 2023 | 527SR532XPL030357 |
| 57. | CIMC REEFER TRAILER | COOL GLOBE R8000B | 2023 | 527SR5323PL030359 |
| 58. | CIMC REEFER TRAILER | COOL GLOBE R8000B | 2023 | 527SR532XPL030360 |
| 59. | CIMC REEFER TRAILER | COOL GLOBE R8000B | 2023 | 527SR5321PL030361 |
| 60. | CIMC REEFER TRAILER | COOL GLOBE R8000B | 2023 | 527SR5323PL030393 |
| 61. | CIMC REEFER TRAILER | COOL GLOBE R8000B | 2023 | 527SR5325PL030394 |
| 62. | CIMC REEFER TRAILER | COOL GLOBE R8000B | 2023 | 527SR5327PL030395 |
| 63. | UTILITY DRY VAN | VS2DX | 2023 | 1UYVS2530P3937701 |
| 64. | UTILITY DRY VAN | VS2DX | 2023 | 1UYVS2532P3937702 |
| 65. | UTILITY DRY VAN | VS2DX | 2023 | 1UYVS2534P3937703 |
| 66. | UTILITY DRY VAN | VS2DX | 2023 | 1UYVS2536P3937704 |
| 67. | UTILITY DRY VAN | VS2DX | 2023 | 1UYVS2538P3937705 |
| 68. | UTILITY DRY VAN | VS2DX | 2023 | 1UYVS253XP3937706 |
| 69. | UTILITY DRY VAN | VS2DX | 2023 | 1UYVS2535P3937709 |
| 70. | UTILITY DRY VAN | VS2DX | 2023 | 1UYVS2535P3937712 |
| 71. | UTILITY DRY VAN | VS2DX | 2023 | 1UYVS2537P3937713 |
| 72. | UTILITY DRY VAN | VS2DX | 2023 | 1UYVS2530P3937715 |

| 73. | UTILITY DRY VAN | VS2DX | 2023 | 1UYVS2534P3937717 |
|---|---|---|---|---|
| 74. | UTILITY DRY VAN | VS2DX | 2023 | 1UYVS2534P3937720 |
| 75. | UTILITY DRY VAN | VS2DX | 2023 | 1UYVS2536P3937721 |
| 76. | UTILITY DRY VAN | VS2DX | 2023 | 1UYVS2538P3937722 |
| 77. | UTILITY DRY VAN | VS2DX | 2023 | 1UYVS253XP3937723 |
| 78. | UTILITY TRAILER | REEFER | 2017 | 1UYVS2532HU891171 |
| 79. | UTILITY TRAILER | REEFER | 2017 | 1UYVS2537HU891277 |
| 80. | UTILITY TRAILER | REEFER | 2017 | 1UYVS2536HU891299 |
| 81. | INTERNATIONAL TRACTOR TRUCK | NAVISTAR LT625 | 2024 | 3HSDZAPR3RN533294 |
| 82. | INTERNATIONAL TRACTOR TRUCK | NAVISTAR LT625 | 2024 | 3HSDZAPR9RN533297 |
| 83. | INTERNATIONAL TRACTOR TRUCK | NAVISTAR LT625 | 2024 | 3HSDZAPR0RN563630 |
| 84. | INTERNATIONAL TRACTOR TRUCK | NAVISTAR LT625 | 2024 | 3HSDZAPR2RN563631 |
| 85. | INTERNATIONAL TRACTOR TRUCK | NAVISTAR LT625 | 2024 | 3HSDZAPR6RN563633 |
| 86. | INTERNATIONAL TRACTOR TRUCK | NAVISTAR LT625 | 2024 | 3HSDZAPR8RN563634 |
| 87. | INTERNATIONAL TRACTOR TRUCK | NAVISTAR LT625 | 2024 | 3HSDZAPR6RN569125 |
| 88. | INTERNATIONAL TRUCK/TRACTOR | LT625 6 x 4 | 2024 | 3HSDZAPR3RN279036 |
| 89. | INTERNATIONAL TRUCK/TRACTOR | LT625 6 x 4 | 2024 | 3HSDZAPR5RN279037 |
| 90. | INTERNATIONAL TRUCK/TRACTOR | LT625 6 x 4 | 2024 | 3HSDZAPR7RN279038 |
| 91. | INTERNATIONAL TRUCK/TRACTOR | LT625 6 x 4 | 2024 | 3HSDZAPR9RN279039 |
| 92. | INTERNATIONAL TRUCK/TRACTOR | LT625 6 x 4 | 2024 | 3HSDZAPR5RN279040 |
| 93. | INTERNATIONAL TRUCK/TRACTOR | LT625 6 x 4 | 2024 | 3HSDZAPR7RN279041 |
| 94. | INTERNATIONAL TRUCK/TRACTOR | LT625 6 x 4 | 2024 | 3HSDZAPR9RN279042 |
| 95. | INTERNATIONAL TRUCK/TRACTOR | LT625 6 x 4 | 2024 | 3HSDZAPR0RN279043 |
| 96. | INTERNATIONAL TRUCK/TRACTOR | LT625 6 x 4 | 2024 | 3HSDZAPR2RN279044 |
| 97. | INTERNATIONAL TRUCK/TRACTOR | LT625 6 x 4 | 2024 | 3HSDZAPRXRN281186 |
| 98. | INTERNATIONAL TRUCK/TRACTOR | LT625 6 x 4 | 2024 | 3HSDZAPR1RN281190 |
| 99. | INTERNATIONAL TRUCK/TRACTOR | LT625 6 x 4 | 2024 | 3HSDZAPRXRN781607 |
| 100. | INTERNATIONAL TRUCK/TRACTOR | LT625 6x4 | 2024 | 3HSDZAPR3RN281188 |
| 101. | INTERNATIONAL TRUCK/TRACTOR | LT625 6x4 | 2024 | 3HSDZAPR5RN281189 |
| 102. | INTERNATIONAL TRUCK/TRACTOR | LT625 6x4 | 2024 | 3HSDZAPR3RN281191 |
| 103. | INTERNATIONAL TRUCK/TRACTOR | LT625 6x4 | 2024 | 3HSDZAPR5RN281192 |
| 104. | INTERNATIONAL TRUCK/TRACTOR | LT625 6x4 | 2024 | 3HSDZAPR1RN781608 |
| 105. | INTERNATIONAL TRUCK/TRACTOR | LT625 6x4 | 2024 | 3HSDZAPR3RN781609 |
| 106. | INTERNATIONAL TRUCK/TRACTOR | LT625 6x4 | 2024 | 3HSDZAPRXRN781610 |
| 107. | INTERNATIONAL TRUCK/TRACTOR | LT625 6x4 | 2024 | 3HSDZAPR1RN781611 |
| 108. | INTERNATIONAL TRUCK/TRACTOR | LT625 6x4 | 2024 | 3HSDZAPR3RN781612 |
| 109. | INTERNATIONAL TRUCK/TRACTOR | LT625 6x4 | 2024 | 3HSDZAPR5RN781613 |

| 110. | INTERNATIONAL TRUCK/TRACTOR | LT625 6x4 | 2024 | 3HSDZAPR7RN781614 |
|------|------------------------------|-----------|------|-------------------|
| 111. | INTERNATIONAL TRUCK/TRACTOR | LT625 6x4 | 2024 | 3HSDZAPR9RN781615 |

- 14 -

**SCHEDULE "C"**

|  | EQUIPMENT DESCRIPTION | MODEL | YEAR | VIN |
|---|---|---|---|---|
| 1. | INTERNATIONAL TRACTOR TRUCK | NAVISTAR LT625 | 2024 | 3HSDZAPR4RN563632 |
| 2. | CIMC TRAILER | REEFER | 2023 | 527SR5327PM031198 |

- 15 -

**SCHEDULE "D"**

|     | EQUIPMENT DESCRIPTION | MODEL | YEAR | VIN |
|-----|----------------------|-------|------|-----|
| 1.  | INTERNATIONAL LT625 TASC TRACTOR | LT625 6X4 | 2019 | 3HSDZAPR7KN110756 |
| 2.  | INTERNATIONAL LT625 TASC TRACTOR | LT625 6X4 | 2019 | 3HSDZAPR0KN110761 |
| 3.  | INTERNATIONAL LT625 TASC TRACTOR | LT625 6X4 | 2019 | 3HSDZAPRXKN109682 |
| 4.  | INTERNATIONAL LT625 TASC TRACTOR | LT625 6X4 | 2019 | 3HSDZAPR5KN098185 |
| 5.  | INTERNATIONAL TRACTOR TRUCK | NAVISTAR LT625 | 2024 | 3HSDZAPR0RN533298 |
| 6.  | INTERNATIONAL TRUCK/TRACTOR | LT625 6 x 4 | 2024 | 3HSDZAPR8RN281185 |

**SCHEDULE "E"**

| | EQUIPMENT DESCRIPTION | MODEL | YEAR | VIN |
|---|---|---|---|---|
| 1. | INTERNATIONAL LT625 TASC TRACTOR | LT625 6X4 | 2019 | 3HSDZAPR0KN101851 |
| 2. | INTERNATIONAL LT625 TASC TRACTOR | LT625 6X4 | 2019 | 3HSDZAPR1KN102796 |
| 3. | INTERNATIONAL LT625 TASC TRACTOR | LT625 6X4 | 2019 | 3HSDZAPR0KN102806 |
| 4. | INTERNATIONAL LT625 TASC TRACTOR | LT625 6X4 | 2019 | 3HSDZAPRXKN110752 |
| 5. | INTERNATIONAL LT625 TASC TRACTOR | LT625 6X4 | 2019 | 3HSDZAPR1KN110753 |
| 6. | INTERNATIONAL LT625 TASC TRACTOR | LT625 6X4 | 2019 | 3HSDZAPR1KN360879 |
| 7. | INTERNATIONAL LT625 TASC TRACTOR | LT625 6X4 | 2019 | 3HSDZAPR3KN360883 |
| 8. | INTERNATIONAL LT625 TASC TRACTOR | LT625 6X4 | 2019 | 3HSDZAPR0KN360887 |
| 9. | INTERNATIONAL LT625 TASC TRACTOR | LT625 6X4 | 2019 | 3HSDZAPR3KN360902 |
| 10. | INTERNATIONAL LT625 TASC TRACTOR | LT625 6X4 | 2019 | 3HSDZAPR5KN390094 |
| 11. | INTERNATIONAL LT625 TASC TRACTOR | LT625 6X4 | 2019 | 3HSDZAPR1KN560970 |
| 12. | INTERNATIONAL LT625 TASC TRACTOR | LT625 6X4 | 2019 | 3HSDZAPR4KN390085 |
| 13. | INTERNATIONAL LT625 TASC TRACTOR | LT625 6X4 | 2019 | 3HSDZAPR6KN101868 |
| 14. | INTERNATIONAL LT625 TASC TRACTOR | LT625 6X4 | 2019 | 3HSDZAPR4KN360892 |
| 15. | INTERNATIONAL LT625 TASC TRACTOR | LT625 6X4 | 2019 | 3HSDZAPR4KN360889 |

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF **PRIDE GROUP HOLDINGS INC.** et al (each, an "**Applicant**", and collectively, the "**Applicants**")

Court File No.: CV-24-00717340-00CL

|  |  |
|---|---|
|  | ***ONTARIO***<br>**SUPERIOR COURT OF JUSTICE**<br>**(COMMERCIAL LIST)**<br>Proceedings commenced at Toronto, Ontario |
|  | **ORDER RE ADDITIONAL REGIONS VEHICLES** |
|  | **THORNTON GROUT FINNIGAN LLP**<br>TD West Tower, Toronto-Dominion Centre<br>100 Wellington Street West, Suite 3200<br>Toronto, ON  M5K 1K7<br><br>**Leanne Williams (LSO #41877E)**<br>Tel:  (416) 304-0060 / Email:  lwilliams@tgf.ca<br><br>**Rachel Nicholson (LSO #68348V)**<br>Tel:  (416) 304-1153 / Email:  rnicholson@tgf.ca<br><br>**Puya Fesharaki (LSO #70588L)**<br>Tel:  (416) 304-7979 / Email:  pfesharaki@tgf.ca<br><br>**Ines Ferreira (LSO #81472A)**<br>Tel:  (416) 304-0461 / Email:  iferreira@tgf.ca<br><br>Lawyers for the Applicants |