## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 15 |
| Pride Group Holdings Inc., *et al.*[1] | Case No. 24-10632 (CTG) |
| Debtors in Foreign Proceedings. | Jointly Administered |

## ORDER (I) ENFORCING THE COMBINED TURN-OVER
## AND RETRIEVAL ORDER AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] filed by Randall Benson, solely in his capacity as the foreign representative (the "Foreign Representative") of the above-captioned debtors (collectively, the "Debtors,"[3] and together with certain of their non-Debtor affiliates, the "Pride Group")[4] seeking entry of an order (this "Order") enforcing in the United States the Order Re: Turnover of Securitized Assets (the "Combined Turn-Over and Retrieval Order") entered in the Canadian proceedings (the "CCAA Proceedings") commenced under the Companies' Creditors Arrangement Act (the "CCAA"), pending before the Ontario Superior Court of Justice (Commercial List) in Ontario, Canada, Court File No. CV-24-00717340-00CL (the "Canadian Court"); and upon this Court's review and consideration of the Motion; and this Court having jurisdiction to consider the Motion

---

[1] The last four digits of Debtor Pride Group Holdings Inc.'s Canadian business number are 6399. Due to the large number of debtors in these chapter 15 cases, a complete list of the debtor entities and the last four digits of their unique identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' noticing agent at https://dm.epiq11.com/pridegroup. The Debtors' service address for the purposes of these chapter 15 cases is 1450 Meyerside, Suite 401, Mississauga, Ontario, L5T 2N5, Canada.

[2] Capitalized terms not defined herein are used as defined in the Motion.

[3] The term "Debtors" does not include: 1000089137 Ontario Inc., DVP Holdings, Corp., Parker Global Enterprises, Inc., Parker Transport Co., and Arnold Transportation Services, Inc. (collectively, the "Arnold Entities").

[4] As used herein, "Pride Group" includes: (i) each of the "Applicants" listed in Schedule "A" to each of the Turn-Over and Retrieval Orders; (ii) Pride Truck Sales L.P., TPine Leasing Capital L.P., and Sweet Home Hospitality L.P. ((i) and (ii) together, the "Pride Entities"); and (iii) Block 6 Holding Inc., 2500819 Ontario Inc., Pergola Holdings, Corp., and Pride Global Insurance Company Ltd. Further, as noted in the Recognition Order, the Foreign Representative is not seeking relief with respect to the Arnold Entities. As a result, the terms "Pride Group" and "Pride Entities" do not include the Arnold Entities.

and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 109 and 1501; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P); and venue being proper before this Court pursuant to 28 U.S.C. § 1410(1) and (3); and appropriate, sufficient and timely notice of the Motion and the hearing thereon having been given; and upon the record established at such hearing; and it appearing that the relief requested in the Motion is necessary to preserve the value of the Pride Group's assets and business and in the best interests of the Debtors' creditors and other parties in interest; and the Court having determined that the relief requested in the Motion is consistent with the purpose of chapter 15 of the Bankruptcy Code and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and no objections or other responses having been filed that have not been overruled, withdrawn or otherwise resolved; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A.     The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.     On April 5, 2024, the Canadian Court granted the A&R Initial Order, which directed and empowered the Monitor to assist the Pride Entities and the Canadian Court in assessing the validity, enforceability and relative priority of any security, ownership or other interest which any person (including a Securitization Counterparty) may assert in or to any property.

C.      On April 17, 2024, the Court granted the Second Provisional Relief Order, which enforced on a provisional basis pursuant to section 1519 of the Bankruptcy Code and principles of comity, the A&R Initial Order in the United States pending recognition of the CCAA Proceedings.

D.      On May 2, 2024, the Court granted the Recognition Order granting recognition of the CCAA Proceedings and the related relief sought in the Chapter 15 Petitions, including, among other things, extending the relief granted in the Second Provisional Relief Order in the United States on a final basis.

E.      On August 9, 2024, the Canadian Court granted the Combined Turn-Over and Retrieval Order, which, among other things, (i) enables each Securitization Party under a Specified Securitization Program to exercise all rights and take any and all steps or actions, in each case that are permitted under the applicable Securitization Documents, in order to effectuate a Turn-Over of the Subject Assets for the Specified Securitization Program to, or as directed by, the Securitization Counterparty, together with the proceeds thereof, including to replace a Pride Entity as the servicer thereunder and to appoint a Replacement Servicer and (ii) sets forth the terms and conditions for the retrieval of the Subject Assets consisting of motor vehicles and trailers without a related performing lease and in the possession of a Pride Entity.

F.      The Foreign Representative has demonstrated that the relief granted under the Combined Turn-Over and Retrieval Order is necessary to settle the Pride Group's ongoing disputes with the Securitization Parties and continue to operate the Pride Group's businesses and effectuate its restructuring efforts.

G.      The Foreign Representative has demonstrated that, in the interest of comity, the purpose of chapter 15 is carried out by giving effect to the Combined Turn-Over and Retrieval Order.

H.      All creditors and other parties in interest are sufficiently protected by the grant of the relief ordered hereby in compliance with section 1522(a) of the Bankruptcy Code.

**BASED ON THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted as set forth herein.

2.      The Combined Turn-Over and Retrieval Order is hereby given full force and effect within the territorial jurisdiction of the United States.

3.      Pursuant to section 1521 of the Bankruptcy Code, the Combined Turn-Over and Retrieval Order, and the powers and duties of any Securitization Party, the Monitor, or the Pride Entities thereunder shall be enforceable and given full force and effect in the United States to the same extent that they are enforceable and given effect in Canada and shall be binding on all creditors of the Pride Group and any of its successors or assigns within the territorial jurisdiction of the United States.

4.      Notwithstanding any stay, injunction or similar relief granted in these Chapter 15 Cases, the Securitization Parties, the Monitor, and the Pride Entities are authorized to exercise all remedies and take any and all actions permitted under the Combined Turn-Over and Retrieval Order, subject to the provisions of the Combined Turn-Over and Retrieval Order.

5.      Notwithstanding anything in this Order to the contrary, any relief or protections granted by this Order with respect to the non-Debtor Pride Entities shall be solely pursuant to sections 1519 and 1521 of the Bankruptcy Code and the principles of comity.

6.      The Foreign Representative is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

7.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8.     This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through these Chapter 15 Cases, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

**Dated: August 13th, 2024**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**