# EXHIBIT B
## (AFFIDAVIT OF JAMES SCHENK SWORN JULY 23, 2024)

Court File No. CV-24-00717340-00CL

## ONTARIO
## SUPERIOR COURT OF JUSTICE (COMMERCIAL LIST)

IN THE MATTER OF THE COMPANIES' CREDITORS ARRANGEMENT ACT,
R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF
**PRIDE GROUP HOLDINGS INC.** and those Applicants listed on Schedule "A" hereto
(each, an "**Applicant**", and collectively, the "**Applicants**")

### AFFIDAVIT OF JAMES SCHENK

(sworn July 23, 2024)

I, James Schenk, of the City of Mississauga, in the Province of Ontario, **MAKE OATH AND SAY AS FOLLOWS:**

1.    I am the Vice President and General Manager of PACCAR Financial Services Ltd. ("PFSL") and as such have knowledge of the matters I depose to herein, save and except where matters are stated to be on information and belief, in which case I state the source of the information and I verily believe it to be true.

**Background**

2.    PACCAR Financial Ltd. ("PFL") is a corporation incorporated pursuant to the laws of Canada which carries on business facilitating the conditional sale and sale of the trucks and related products manufactured by PACCAR Inc and related corporations, in Canada.

3.    PACCAR Financial Services Ltd. ("PFSL") is a corporation incorporated pursuant to the

Docusign Envelope ID: B9EC85C6-E232-409F-99BF-EE32B07A63E0

2

laws of Canada which carries on business as a finance company facilitating the lease of the trucks and related products manufactured by PACCAR Inc and related corporations, in Canada.

4.    PACCAR Financial Corp. ("PFC") is a corporation incorporated pursuant to the laws of Washington, in the United States of America and carries out a business similar to PFL and PFSL in the United States.

5.    PFL is wholly owned subsidiary of its parent corporation, PFSL. PFSL is a wholly owned subsidiary of PACCAR of Canada Ltd. ("PCL"). PCL is in turn wholly owned by PACCAR Inc.

6.    PACCAR Inc is a global technology leader in the design, manufacture, and customer support of premium light, medium, and heavy-duty trucks. The PACCAR group's history traces back to 1905.  PACCAR entered the heavy-duty truck market in 1945. The PACCAR companies have considerable resources and experience in the trucking industry. PACCAR's group of companies have established a dealer and aftermarket parts network spanning over 2,200 locations globally selling their products in more than 100 countries.

7.    PACCAR Inc designs and manufactures advanced diesel engines, provides financial services through subsidiary corporations, develops information technology, and distributes aftermarket truck parts related to its principal business.

8.    PACCAR's dealer network is represented in all States in the United States and in all Provinces in Canada. There are approximately 70 dealers groups across over 600 locations in the United States and approximately 21 dealer groups across approximately100 locations in Canada.

9.    PFC also owns four retail used truck centers used for the purposes of remarketing lease returns and repossessed vehicles.

10.    In addition to PACCAR's own sizeable presence in the trucking industry, many of PACCAR's dealers are major companies. PACCAR's largest dealer in the United States,

Rush Enterprises Inc., is listed on the NYSE and generated total revenues of over $7.9 billion (US) in 2023.

11.     The sales and servicing teams employed by PACCAR's dealers are expert in marketing, selling, and servicing PACCAR's trucks and are able to rely on the resources and expertise of PACCAR Inc for assistance in doing so.

12.     The dealer groups which have agreements with PACCAR Inc are licensed to use the "Kenworth", "Peterbilt", and "DAF" trademarked names to sell and service the trucks manufactured by PACCAR Inc (and related corporations), and to repair and service those trucks. The Applicants had purchased trucks manufactured by PACCAR Inc under the "Kenworth" and "Peterbilt" trademarks.

**Agreements with TPine Entities**

13.     Tpine Leasing Capital Corporation ("TLCC") and Tpine Leasing Capital L.P. ("TLCL") (TLCC and TLCL are hereinafter collectively referred to as "Tpine Entities"), procured leaseline facilities from PFL in Canada and PFC in the United States (PFL and PFC are hereinafter collectively referred to as "PACCAR") on a secured credit basis in the initial principal amount of approximately $50 million (US).

14.     The Tpine Entities entered into security agreements with PACCAR (hereinafter individually referred to as a "Security Agreement", and collectively as "Security Agreements") in Canada and the United States.

15.     The Security Agreements grant PACCAR first-ranking security interests in collateral (trucks bought through the Security Agreements, including all accessories, attachments, accessions, and replacements thereto) and the proceeds of such collateral. Attached to this my affidavit as Exhibits "A" and "B", respectively, are samples of the security agreements entered into between TLCC and PACCAR, and between TLCL and Paccar, dated October 27, 2023 and July 6, 2022, respectively. These forms of agreement were used with respect

Docusign Envelope ID: B9EC83C6-E232-409F-99BF-EE32B07A63E0

4

to the acquisition by the TPine Entities of the PACCAR trucks in Canada and the United States which remain in possession of the Tpine Entities following the filing of the *CCAA* proceedings on March 27, 2024.

16.    As of March 27, 2024, the TPine Entities had approximately 374 PACCAR trucks and 1 charging station in their possession of which, as of May 27, 2024 approximately 151 PACCAR trucks were on lease to third party truck operators and approximately 204 were on truck lots owned or operated by Tpine Entities to be sold to end users. Attached to this my Affidavit as Exhibits "C", "D" and "E", are spreadsheets listing the trucks in the possession of the TPine Entities as of March 27, 2024; the trucks leased to third parties as of May 27, 2024; and the trucks sold by Tpine to end users since the commencement of these proceedings as of July 9, 2024.

**Prejudice if PACCAR Unable to Re-Possess and Sell its Trucks**

17.    To this point, PACCAR had been content that the TPine Entities continue to sell PACCAR's trucks and manage the leases with respect to the PACCAR trucks leased by the Tpine Entities to third parties following the filing of the *CCAA* proceedings based on representations by Applicant that its financial difficulties were as result of an anomaly, and that it intended to and would be able to restructure its business. However, the Tpine Entities have not been successful in selling PACCAR's trucks in a timely fashion or for prices which PACCAR believes are reasonable.

18.    PACCAR has lost confidence in the Applicants' ability to sell its trucks in a reasonable period of time for prices which will minimize PACCAR's losses.

19.    As of July 9, 2024 since the filing of these proceedings on March 27, 2024, the TPine Entities have sold only 33 of the 374 trucks in their possession as of date of the filing. Attached to this my Affidavit at Exhibit "F" is a spreadsheet setting out the VINs of the trucks sold, the sales prices, the amounts which were owed on each truck, and the shortfall as of July 9, 2024.

Docusign Envelope ID: B9EC85C6-E232-409F-99BF-EE32B07A63E0

5

20.     The very slow pace of the sales undertaken by the Applicants is of significant concern to PACCAR. As of July 9, 2024 , the Applicants have sold an average of approximately 9 trucks per month in approximately 3.5 months since the commencement of these CCAA proceedings. At this rate of sale, the Applicants would require close to 3.5 years to dispose of the 374 trucks in their possession as of the date of filing.

21.     PACCAR is also concerned about the significant depreciation in the value of its "idle" unsold trucks. Based on usual market factors, I believe that the trucks would be expected to suffer an average depreciation rate of around 1% to 2% per month. This depreciation is significant and will substantially erode the value of the trucks as they continue to sit on the Applicants' lots.

22.     I also believe that the manufacturing cycle may further increase the rate of depreciation. The manufacturing of new models of trucks similar to those held by Tpine is initiated at the beginning of each calendar year. The models succeeding the trucks held by Tpine were put into production in January, 2024.  When the newer models of the trucks "hit the sales floor", the older models will suffer additional depreciation as end users are  less likely to opt for the older models. Depreciation of the models in the possession of TPine could, in my view, approach 4% to 5% per month.

23.     In addition to the slow rates of sale and continuous depreciation in the value of the trucks, PACCAR is also concerned about the low prices being realized through the sales being currently undertaken by the Applicants. This is evidenced by the fact that out of the 33 sales made after the filing of these proceedings in March, 2024, to date only 8 transactions have resulted in PACCAR recovering the amount of the debt on the vehicle. All the other transactions have resulted in losses. PACCAR has suffered a loss of approximately $650,000 (US) on the trucks sold by the Applicants - with an average loss of $ 19,700.00 (US) per truck. See Exhibit "F". PACCAR is concerned about the pattern of increasingly consistent losses on sales.

24.     PACCAR faces  additional losses and costs  on account of the 12% sale commission being

deducted by the Applicants from the vehicle sale proceeds.

**PACCAR in Better Position than Applicants Maximize Values on Sales**

25.     PACCAR is of the view that it is in a better position than the Applicants to sell its trucks for maximum values as a result of its ability to reach a wider range of potential customers and users given its position in the industry and its extensive dealer network. PACCAR is of course incentivised to sell the trucks for maximum values and will not be under pressure to accept "low ball" offers for cash flow purposes and simply to move inventory.

26.     As far as PACCAR is aware, the Applicants have not proposed any finalized formal plan of restructuring—including any plan that would require the use of the unsold idle trucks on the Applicants' lots.

27.     Based on the information provided in the Affidavit of Randall Benson of RC Benson Consulting Inc. (the "**CRO**") sworn on April 2, 2024, the Applicants had over 4,500 trucks in its inventory as of that date. In the CRO's Affidavit sworn June 12, 2024 Mr. Benson deposed that the Applicants had repossessed a further 540 trucks and those trucks are sitting idle on the lots owned or leased by the Applicants, adding to the excess of their truck inventory.

28.     Given the apparent significant excess of inventory at the hands of the Applicants, PACCAR believes that that repossession of its "idle" trucks and those truck in the possession of third parties who are not paying their leases would not impact the restructuring plans of the Applicants negatively.

29.     I have attached to this my affidavit as Exhibit "G" a spreadsheet setting out a list of the PACCAR trucks which PACCAR understands, based on the Monitor's Database are sitting idle and unsold on the Applicants' lots. Attached to this my affidavit as Exhibit "H" is a listing of trucks on leases which are in default.

30.     I make this order and support of a motion to recover the trucks conditionally sold to TPine

which have not been sold or subject to non-performing leases, and for no other or improper purpose.

SWORN REMOTELY BY JAMES
SCHENK at the City of Boston in the
State of Massachusetts in the United
States of America, before me on July 23,
2024 at the City of Toronto, in the
Province of Ontario, in accordance with
O. Reg 431/20, Administering Oath
Remotely.

_____
Commissioner for Taking Affidavits
(or as may be)

NIKITA TANWAR
(LSO # 88053K)

_____
**JAMES SCHENK**

This is Exhibit....."A".................referred to in the
affidavit of ......James....Schenk............
sworn before me, this ....23 nd..........................
day of ........July.......................................20..24

....Nikita Tanwar....
A COMMISSIONER FOR TAKING AFFIDAVITS



DocuSign Envelope ID: 65DC5071-18A3-45E6-9691-87AE6C3BC338

# PACCAR
## FINANCIAL

FLEX RATE – CONDITIONAL SALE CONTRACT
SECURITY AGREEMENT

| Buyer(s) Name | Address (Street,City,Province, Postal Code) | BirthDate (MM/DD/YYYY) | Phone(H) | Phone(B) |
|---|---|---|---|---|
| TPine Leasing Capital Corporation | 6050 Dixie Road, Mississauga, Ontario. L5T1A6 | | | (905) 555-5555 |

| SELLER: | ADDRESS: | |
|---|---|---|
| Brandt Tractor Ltd | 1257 Eglinton Ave. East | |
| CITY: | PROVINCE: | POSTAL CODE: |
| Mississauga | Ontario | L4W 1K7 |

The Buyer(s) identified above (collectively referred to as "Buyer" in this agreement) hereby purchases (jointly and severally if more than one) from the Seller identified above (referred to as "Seller" in this agreement) and agrees to pay for the following equipment complete with all attachments and accessories (collectively called "Goods" in this agreement) upon the terms and conditions set out below and on the reverse of this agreement  ALL CURRENCY AMOUNTS ARE IN USD

## DESCRIPTION OF GOODS

| NEW/ USED | YEAR | MAKE | MODEL | OPTIONS AND ACCESSORIES | VIN | DELIVERED CASH PRICE |
|---|---|---|---|---|---|---|
| N | 2024 | Peterbilt | 579 | | 1XPBD49X9RD655802 | $162,913.50 |
| N | 2024 | Peterbilt | 579 | | 1XPBD49X6RD655806 | $162,913.50 |
| N | 2024 | Peterbilt | 579 | | 1XPBD49X0RD655817 | $162,913.50 |
| N | 2024 | Peterbilt | 579 | | 1XPBD49X2RD655821 | $162,913.50 |
| N | 2024 | Peterbilt | 579 | | 1XPBD49X9RD655833 | $162,913.50 |
| N | 2024 | Peterbilt | 579 | | 1XPBD49X0RD655834 | $162,913.50 |
| N | 2024 | Peterbilt | 579 | | 1XPBD49X6RD655837 | $162,913.50 |
| N | 2024 | Peterbilt | 579 | | 1XPBD49X8RD655838 | $162,913.50 |
| N | 2024 | Peterbilt | 579 | | 1XPBD49X9RD655841 | $162,913.50 |
| N | 2024 | Peterbilt | 579 | | 1XPBD49X1RD655843 | $162,913.50 |
| N | 2024 | Peterbilt | 579 | | 1XPBD49X5RD655845 | $162,913.50 |
| N | 2024 | Peterbilt | 579 | | 1XPBD49X0RD655851 | $162,913.50 |

Insurance Premiums                                       $0.00

TOTAL:                   $1,954,962.00

## DESCRIPTION OF TRADE-IN EQUIPMENT

| YEAR | MAKE | MODEL | VEHICLE ID NUMBER (VIN) | ALLOWANCE | PAYOFF | PAYOFF DUE TO |
|---|---|---|---|---|---|---|
| | | | | | | |

TOTAL:          $0.00          $0.00

BUYER'S INITIALS

RS

DocuSign Envelope ID: 65DC5071-18A3-45E6-8691-87AE6C3BC338



FLEX RATE – CONDITIONAL SALE CONTRACT
SECURITY AGREEMENT

| | ITEMIZATION OF AMOUNT FINANCED | | |
|---|---|---|---|
| (a) | CASH PRICE | TOTAL CASH PRICE | $1,954,962 00 |
| | DOWN PAYMENT | Net Trade-in | $0.00 |
| | | Cash | $0.00 |
| (b) | | TOTAL DOWN PAYMENT | $0.00 |
| | SALES TAX | | |
| | | Harmonized Sales Tax | $254,145 06 |
| (c) | | TOTAL SALES TAX | $254,145 06 |
| (d) | UNPAID CASH PRICE – (a minus b plus c) | | $2,209,107 06 |
| | OTHER CHARGES | | |
| | | Documentation Fee | $500 00 |
| (e) | | TOTAL OTHER CHARGES | $500.00 |
| (f) | PRINCIPAL BALANCE (Basic Time Price) – (d plus e) | | $2,209,607 06 |
| (g) | FINANCE CHARGE (Time Price Differential) | | $417,047 92 |
| (h) | VARIABLE ANNUAL PERCENTAGE RATE | PRIME RATE (AS DEFINED BELOW) Plus | 0 94% |
| (i) | AMOUNT FINANCED (Time Balance) – (f plus g) | | $2,626,654 98 |
| (j) | TIME PRICE (i plus b) | | $2,626,654 98 |

| INSTALLMENT SCHEDULE |
|---|

Buyer agrees (jointly and severally if more than one) to pay to Seller, or Seller's assignee, the PRINCIPAL BALANCE (item f) together with interest on the amount outstanding from time to time at the interest rate specified in this agreement in the installments and on the dates set out below  Payments shall be applied first to interest and second to the principal balance then outstanding. THE INTEREST RATE PAYABLE HEREUNDER SHALL BE THE VARIABLE ANNUAL PERCENTAGE RATE SHOWN ABOVE (item h), AS IN EFFECT FROM MONTH TO MONTH; PROVIDED, BUYER SHALL NOT BE REQUIRED TO PAY INTEREST IN EXCESS OF THE MAXIMUM RATE ALLOWED BY THE APPLICABLE PROVINCIAL LAW  INTEREST SHALL BE CALCULATED DAILY AND PAID AND COMPOUNDED MONTHLY ON THE BALANCE OUTSTANDING FROM TIME TO TIME FROM THE DATE THIS AGREEMENT IS SIGNED BY BUYER UNTIL ALL AMOUNTS OWING HEREUNDER HAVE BEEN PAID IN FULL AND SHALL ACCRUE BOTH BEFORE AND AFTER DEFAULT OR MATURITY  THE AMOUNTS SHOWN ABOVE AS THE FINANCE CHARGE, AMOUNT FINANCED AND TIME PRICE ARE ESTIMATES BASED UPON THE CURRENTLY EFFECTIVE VARIABLE ANNUAL PERCENTAGE RATE SHOWN ABOVE (item h)  THE ACTUAL FINANCE CHARGE, AMOUNT FINANCED AND TIME PRICE WILL DEPEND UPON THE PRIME RATE FROM TIME TO TIME.

For purposes of this Contract, the "Prime Rate" shall mean the U S  prime rate as reported in the Money Rates section of *The Wall Street Journal* or, in the absence of such publication, the prime interest rate as published by the U S  Federal Reserve or publicly posted by one of the 10 largest (by assets in domestic offices) U S  commercial banks, as reasonably determined by PACCAR Financial Ltd  The Prime Rate reported on the first business day of each calendar month shall be used to determine the variable annual percentage rate during the month  If Seller reasonably determines that the Prime Rate has been discontinued, then Seller shall, in consultation with Buyer, select a comparable successor rate and any adjustments thereto in its reasonable discretion (and thereafter all references to the Prime Rate in this Agreement and any Exhibits and Schedules hereto shall refer to such successor rate and adjustments)

Any change in the finance charge, amount financed and time price resulting from changes in the Prime Rate will be reflected as an increase or decrease in the final installment due under this agreement, except as provided herein  If the amount of any reduction to the finance charge would be equal to or greater than the amount of the scheduled final installment, then the scheduled final installment will not be due and the next preceding installment(s) will be reduced accordingly  IN ADDITION, THE AMOUNT OF THE INSTALLMENTS SET OUT BELOW MAY BE INCREASED IN THE EVENT THAT THE AMOUNT OF ANY INCREASE TO THE FINANCE CHARGE RESULTING FROM CHANGES TO THE PRIME RATE WOULD RESULT IN THE AMOUNT DUE AS THE FINAL INSTALLMENT BEING GREATER THAN TEN PERCENT (10%) OF THE PRINCIPAL BALANCE  IN SUCH CASE, THE AMOUNT OF THE REMAINING INSTALLMENTS SHALL BE INCREASED TO THE AMOUNT REQUIRED IN ORDER TO REDUCE THE AMOUNT DUE AS THE FINAL INSTALLMENT TO TEN PERCENT (10%) OF THE PRINCIPAL BALANCE  THE AMOUNT OF SUCH INCREASED

| BUYER S INITIALS |
|---|
| RS |

DocuSign Envelope ID: 65DC5071-18A3-45E6-8691-87AE6C3BC338



**FLEX RATE – CONDITIONAL SALE CONTRACT**
**SECURITY AGREEMENT**

INSTALLMENT SHALL BE CALCULATED AT THE INTEREST RATE IN EFFECT ON THE DATE OF SUCH INCREASE FOR THE THEN REMAINING NUMBER OF SCHEDULED INSTALLMENTS AND THE SAME TIME INTERVALS AS SCHEDULED  SELLER OR SELLER'S ASSIGNEE SHALL PROVIDE BUYER WITH PRIOR WRITTEN NOTICE OF ANY SUCH INCREASE IN INSTALLMENTS.

| First Installment | No. of Installments | Amount Each | Payment Frequency |
|---|---|---|---|
| 1  December 11, 2023 | 2 | $49,427.29 | Monthly |
| 2. February 11, 2024 | 1 | $303,572.35 | Monthly |
| 3  March 11, 2024 | 45 | $49,427.29 | Monthly |

Upon the occurrence of any event referred to in Terms and Conditions, Section 7, all amounts then remaining unpaid shall become immediately due and payable and shall bear interest both before and after judgement at the interest rate in effect under this agreement from time to time from the date of default until the date of payment in cash.

Page 3 of 5 of Security Agreement dated on or about October 27  2023 between TPine Leasing Capital Corporation (Buyer) and Brandt Tractor Ltd (Seller) which includes  without limitation  an item of collateral with the following Vehicle Identification Number: 1XPBD49X9RD655802
PFL CAT  No  1046 All (Except Quebec) FSCS 02/2021                    PRINTED 10/17/2023 1:26:10 PM

BUYER'S INITIALS

RS

DocuSign Envelope ID: 65DC5071-18A3-45E6-8691-87AE6C3BC338


FINANCIAL

FLEX RATE – CONDITIONAL SALE CONTRACT
SECURITY AGREEMENT

## CONDITIONAL SALE CONTRACT - TERMS AND CONDITIONS

1  The Goods shall include all accessories, additions, attachments, and accessions thereto and replacements thereof from time to time without exception

2.  Title to and ownership of the Goods shall remain in Seller until all amounts owing hereunder have been paid in full. To secure payment of such amounts and the performance of the other obligations contained in this agreement, Buyer grants to Seller a security interest in the Goods and any proceeds thereof

3  Buyer shall not part with possession or control of the goods or sell or transfer any interest in the Goods without Seller's express written consent, and Buyer shall inform Seller of all permanent changes in location of the Goods and shall not remove or cause or permit the Goods to be permanently removed from such location without Seller's express written consent.

4  The Goods are held and used by Buyer at Buyer's risk and expense and without abatement in Buyer's obligation hereunder on account of loss or damage to the Goods  Buyer shall maintain the Goods in fit and proper condition and shall, at Buyer's expense, make all necessary repairs and replacements thereto and shall permit Seller to inspect the Goods at all times  If Buyer fails to make any necessary repair or replacement, Seller may, at its option, effect the said repair or replacement at Buyer's expense

5  Buyer shall keep the Goods insured with an insurer(s) acceptable to Seller for the full insurable value thereof at all times against all risks including, without limitation, total loss, fire and theft, and all proceeds of loss or other monies payable under such insurance are hereby assigned to Seller  Buyer shall immediately deliver to Seller a certified copy of the policy insuring the Goods and any and all renewals or replacement policies therefor  Buyer shall ensure that Seller is shown as a loss payee under any such insurance policies and such policies shall provide for 30 days notice to Seller of any cancellation or material alteration thereof  If Buyer fails to maintain insurance as required herein, Seller may, at its option, purchase such insurances as it deems necessary to protect its interest in the Goods, at Buyer's expense.

6.  Buyer shall promptly pay all taxes, assessments, license fees and other charges levied or assessed against the Goods and shall keep the Goods free and clear of all liens, charges, encumbrances and security interests and shall at all times use and operate the Goods and cause the Goods to be used and operated strictly in accordance with applicable laws

7  This agreement shall be in default if Buyer shall fail to pay any amount due hereunder on its due date or any amount charged to Buyer hereunder on demand, or if Buyer institutes or has instituted against it proceedings under any bankruptcy or insolvency law, has a receiver or receiver-manager appointed for any part of Buyer's assets, makes an assignment for the benefit of creditors or if any seizure, attachment, execution, writ or other process is levied against any of Buyer's property or if Buyer defaults in the observance of any obligation owed by Buyer under this agreement or any other agreement between Buyer and Seller or Seller's assignee or if the Goods are lost, damaged or destroyed or, if for any reason, Seller deems the amounts due hereunder or the Goods unsafe or in jeopardy and in any such event of default, at Seller's option and without notice, all amounts

owing under this agreement shall become due and payable together with all expenses of collection or repossession by suit or otherwise including, without limitation, legal fees and disbursements on a solicitor-client basis and Seller shall have the right to sell the Goods.

In the event of default hereunder, Buyer shall surrender possession of the Goods on demand and Seller may enter upon any premises where the Goods are located to the full extent permitted by law and take possession of the Goods. Seller shall have the rights and remedies provided by law, equity and this agreement, including, without limitation, the rights and remedies of a secured party under any applicable personal property security legislation or uniform commercial code. If Seller sells, leases or otherwise disposes of the Goods, the proceeds of any such sale, lease or disposition less all expenses incurred by Seller in repossessing, storing, preparing for sale, lease or disposition and selling, leasing or disposing of the Goods, including, without limitation, legal fees on a solicitor-client basis, shall be applied toward the balance due from the Buyer hereunder and all amounts charged to the Buyer hereunder  Buyer shall be paid the surplus remaining, if any, or shall continue to be liable for the deficiency and pay the same if any, forthwith, after the proceeds of disposition have been so applied

8  Buyer acknowledges that this agreement is entered into with a view that it will be immediately assigned by Seller to PFL and by execution of this agreement, Buyer waives signification and delivery of a copy the assignment of this agreement to PFL  Buyer agrees to settle all claims of any kind against Seller directly with Seller  Buyer shall not use any such claims as a defense, set-off or counterclaim against any effort by PFL to collect the amount due hereunder or to repossess the Goods

9  No representation, collateral agreement, condition, warranty or guarantee, expressed or implied by legislation or otherwise with respect to the Goods, or to this agreement or affecting any rights and obligations of Buyer or Seller under this agreement other than those contained herein or attached hereto have been made by Seller, its officers, agents or assigns  Without restricting the generality of the foregoing, there are no warranties as to the condition of the Goods sold hereunder and every implied condition, warranty and guarantee under the Sale of Goods Act or other applicable legislation is specifically excluded  This exclusion includes fundamental terms, representations, conditions and warranties.

10  If any provision of the agreement is void, prohibited or unenforceable by law, that provision shall be ineffective and deemed deleted to that extent but shall not invalidate any other provision hereof

11 In this agreement, words importing the singular number shall include the plural and vice versa, and words importing genders shall include all genders  If more than one Buyer signs this agreement, all representations, agreements and covenants herein contained shall be joint and several

12 This agreement shall enure to the benefit of and be binding upon the parties hereto and their respective heirs, executors, administrators, successors and assigns

BUYER'S INITIALS

RS

DocuSign Envelope ID: 65DC5071-18A3-45E6-8691-87AE6C3BC338



FLEX RATE – CONDITIONAL SALE CONTRACT
SECURITY AGREEMENT

13 IF THE LAWS OF SASKATCHEWAN APPLY TO THIS AGREEMENT AND BUYER IS A CORPORATION, IT AGREES THAT THE LIMITATION OF CIVIL RIGHTS ACT, OR ANY LEGISLATION IN REPLACEMENT THEREOF, IS HEREBY EXPRESSLY WAIVED AND SHALL HAVE NO APPLICATION TO THIS AGREEMENT OR ANY AGREEMENTS OR INSTRUMENTS RENEWING OR EXTENDING OR COLLATERAL TO THE SAME

16 Buyer acknowledges that the relationship between Seller and PFL is that of assignor and assignee, and that nothing contained herein shall operate to constitute Seller the agent of PFL for any purpose whatsoever

17 Buyer shall execute and deliver to Seller any documents or instruments or perform any other act or thing necessary to give effect of this Agreement

14 This agreement shall be governed by and construed in accordance with the laws of the province in which Seller is situate on the date this agreement is signed by Buyer and for the purposes of this agreement, the Seller is situate at the address of the Seller designated herein

18 Waiver or condonation by Seller of any breach or default shall not constitute a waiver of any other or subsequent breach or default

15 Time shall be of the essence in all respects hereof

19 Buyer shall only have the right to prepay the amount owing hereunder or any portion hereof upon payment of an amount determined by Seller

Buyer acknowledges that the information set out in this agreement and any information provided by Buyer in any application for credit relative to this agreement is made to induce PACCAR Financial Ltd ("PFL") to purchase this agreement and to induce Seller to enter into this agreement and Buyer represents that all such information is true.

SELLER AND BUYER AGREE THAT THE TERMS AND CONDITIONS SET FORTH ABOVE ARE PART OF THIS AGREEMENT AND SHALL BIND THE PARTIES HERETO  BUYER ACKNOWLEDGES RECEIPT FROM SELLER OF A COMPLETED COPY OF THIS CONTRACT AND ACKNOWLEDGES THAT THE GOODS WERE DELIVERED ON THE DATE THIS AGREEMENT IS SIGNED BY BUYER  BUYER ACCEPTS THE GOODS AND ACKNOWLEDGES THAT THE GOODS WERE IN GOOD CONDITION AND AS ORDERED UPON DELIVERY TO BUYER

FOR VALUE RECEIVED, Seller hereby assigns and transfers to  PACCAR Financial Ltd , under the terms and conditions of the applicable PACCAR Financial Ltd  Finance Plan Dealer Agreement now in effect between Seller and PFL, all Seller's interest in this agreement and all monies due or to become due under this agreement and all right, title and interest in and to the Goods described in this agreement

THE PARTIES AGREE THAT THIS AGREEMENT BE WRITTEN IN THE ENGLISH LANGUAGE  LES PARTIES CONSENTENT A CE QUE CETTE ENTENTE SOIT ECRITE EN ANGLAIS

SELLER:   Brandt Tractor Ltd

BY:   *Patrick Schauerte*
   95BFC31BA34SAA4

SELLER SIGNER'S NAME PRINTED:
Patrick Schauerte

TITLE:   Director of Commercial Finance

DATE:   October 27, 2023

BUYER:   TPine Leasing Capital Corporation

BY:   ⟨signature⟩

BUYER SIGNER'S NAME PRINTED:
Rupinder Singh

TITLE:   VP- SALES AND OPERATIONS

DATE:   October 27, 2023

| ACCEPTED BY PACCAR FINANCIAL LTD AT ITS OFFICE AT:<br><br>Mississauga, ON<br><br>BY:   *Denice Langley*<br>   57AD88D2D4E7A27<br><br>PFL REPRESENTATIVE'S NAME (PRINTED):<br>   Denice Langley | TITLE:<br><br>Sr. Contract administrator<br><br>DATE: |
| --- | --- |

Page 5 of 5 of Security Agreement dated on or about October 27  2023 between TPine Leasing Capital Corporation (Buyer) and Brandt Tractor Ltd  (Seller) which includes without limitation  an item of collateral with the following Vehicle Identification Number: 1XPBD49X9RD655802
PFL CAT  No  1046 All (Except Quebec) FSCS 02/2021

PRINTED 10/17/2023 1:26:10 PM



**FINANCIAL**                                    PRE-AUTHORIZED DEBIT PROGRAMME

As a PACCAR Financial Ltd. Customer, you are invited to use our pre-authorized debit programme for making your monthly payments. Please complete the authorization agreement and return it with your next payment. You will receive an acknowledgment when your authorization has been processed. *Thank you.*

**Instructions:** *Please print clearly.*

1) Your name and address
2) Your Financial Institution's name and address
3) Your account number
4) Sign the authorization
5) Your name and address

6) Return your signed agreement to PACCAR Financial Ltd with either:
   A specimen cheque marked "VOID"
   OR
   Your cheque covering your next payment

### AUTHORIZATION AGREEMENT FOR PACCAR FINANCIAL LTD PRE-AUTHORIZED DEBIT PROGRAMME

The undersigned ("Payor") hereby authorizes PACCAR Financial Ltd. to issue pre-authorized debits (PAD) prepared by paper or electronic entry, to my (our) account indicated below at the Financial Institution named below, covering all amounts due by the undersigned to PACCAR Financial Ltd. as per the terms of contract # 1159411. This authority is to remain in force and effect until the schedule of contract payments is completed and any other amounts due under the terms and conditions of the contract are paid.
The Payor authorizes and requests the Financial Institution to honour the PAD entries initiated by PACCAR Financial Ltd. and debit the same to the Payor's account.

We (the Payor) may dispute a pre-authorized debit only under the following conditions: 1.) the PAD was not drawn in accordance with the Authorization 2.) the Authorization was revoked in writing; or 3.) written pre-notification of a change in payment amount was not received by the Payor at least 10 calendar days before payment date. We acknowledge that in order to be reimbursed, a declaration must be completed and presented to the Processing Institution up to and including 10 calendar days after the date on which the PAD in dispute was posted to the Payor's account.

Revocation of the Authorization does not terminate any contract for goods or services that exists between the Payor and PACCAR Financial Ltd. The Authorization applies only to the method of payment and does not otherwise have any bearing on the contract for goods or services exchanged.

We warrant and guarantee that the following information is accurate and all persons whose signatures are required to authorize withdrawals from the account have signed this agreement and are empowered to enter into this agreement.

NAME OF PAYOR:          TPine Leasing Capital Corporation
ADDRESS OF PAYOR:       6050 Dixie Road
                        Mississauga, Ontario, L5T1A6
NAME OF FINANCIAL INSTITUTION:
ADDRESS OF FINANCIAL INSTITUTION:
PAYOR'S ACCOUNT NUMBER AT FINANCIAL INSTITUTION

We understand and accept the terms of participating in this PAD programme.

PAYOR NAME:  TPine Leasing Capital Corporation

SIGNATURE OF PAYOR:

PAYOR SIGNER NAME:  Rupinder Singh
PAYOR'S TITLE: VP- SALES AND OPERATIONS
DATE: October 27, 2023



*Provided for accounting purposes only, not valid for payout purposes*

AMORTIZATION SCHEDULE
QUOTE ID: 157311-1

FOR:  TPine Leasing Capital Corporation
      6050 Dixie Road
      Mississauga, Ontario L5T1A6

BY:   Brandt Tractor Ltd.
      1257 Eglinton Ave. East
      Mississauga, Ontario L4W 1K7

*This amortization schedule is provided for illustrative purposes only. It is based on simple interest and assumes receipt of all payments on the due dates stated. The actual amortization will vary based on payment amounts made, payment receipt dates, and the actual terms of the loan. This schedule is not a commitment to finance.*

| | | | |
|---|---|---|---|
| Contract date: | October 27, 2023 | Amount Financed: | 2,209,607.06 |
| First payment due date: | December 11, 2023 | Term in months: | 48 |
| Annual Percentage Rate: | 9.4400 % | Payment frequency: | Monthly |

CASH FLOW DATA

| EVENT | DATE | AMOUNT | NUMBER |
|---|---|---|---|
| Regular | 12/11/2023 | $49,427.29 | 2 |
| Irregular | 02/11/2024 | $303,572.35 | 1 |
| Regular | 03/11/2024 | $49,427.29 | 45 |

AMORTIZATION SCHEDULE

| PMT NO | DATE | PAYMENT AMOUNT | AMOUNT TO INTEREST | AMOUNT TO PRINCIPAL | BALANCE |
|---|---|---|---|---|---|
| 1 | 12/11/2023 | 49,427.29 | 25,716.19 | 23,711.10 | 2,185,895.96 |
| 2 | 01/11/2024 | 49,427.29 | 17,508.50 | 31,918.79 | 2,153,977.17 |
| 3 | 02/11/2024 | 303,572.35 | 17,222.40 | 286,349.95 | 1,867,627.22 |
| 4 | 03/11/2024 | 49,427.29 | 13,969.44 | 35,457.85 | 1,832,169.37 |
| 5 | 04/11/2024 | 49,427.29 | 14,649.35 | 34,777.94 | 1,797,391.43 |
| 6 | 05/11/2024 | 49,427.29 | 13,907.68 | 35,519.61 | 1,761,871.82 |
| 7 | 06/11/2024 | 49,427.29 | 14,087.27 | 35,340.02 | 1,726,531.80 |
| 8 | 07/11/2024 | 49,427.29 | 13,359.39 | 36,067.90 | 1,690,463.90 |
| 9 | 08/11/2024 | 49,427.29 | 13,516.32 | 35,910.97 | 1,654,552.93 |
| 10 | 09/11/2024 | 49,427.29 | 13,229.19 | 36,198.10 | 1,618,354.83 |
| 11 | 10/11/2024 | 49,427.29 | 12,522.35 | 36,904.94 | 1,581,449.89 |
| 12 | 11/11/2024 | 49,427.29 | 12,644.69 | 36,782.60 | 1,544,667.29 |
| 13 | 12/11/2024 | 49,427.29 | 11,952.18 | 37,475.11 | 1,507,192.18 |
| 14 | 01/11/2025 | 49,427.29 | 12,062.66 | 37,364.63 | 1,469,827.55 |
| 15 | 02/11/2025 | 49,427.29 | 11,784.39 | 37,642.90 | 1,432,184.65 |
| 16 | 03/11/2025 | 49,427.29 | 10,371.37 | 39,055.92 | 1,393,128.73 |
| 17 | 04/11/2025 | 49,427.29 | 11,169.46 | 38,257.83 | 1,354,870.90 |
| 18 | 05/11/2025 | 49,427.29 | 10,512.31 | 38,914.98 | 1,315,955.92 |
| 19 | 06/11/2025 | 49,427.29 | 10,550.72 | 38,876.57 | 1,277,079.35 |
| 20 | 07/11/2025 | 49,427.29 | 9,908.74 | 39,518.55 | 1,237,560.80 |
| 21 | 08/11/2025 | 49,427.29 | 9,922.19 | 39,505.10 | 1,198,055.70 |
| 22 | 09/11/2025 | 49,427.29 | 9,605.45 | 39,821.84 | 1,158,233.86 |
| 23 | 10/11/2025 | 49,427.29 | 8,986.63 | 40,440.66 | 1,117,793.20 |
| 24 | 11/11/2025 | 49,427.29 | 8,961.95 | 40,465.34 | 1,077,327.86 |
| 25 | 12/11/2025 | 49,427.29 | 8,358.88 | 41,068.41 | 1,036,259.45 |
| 26 | 01/11/2026 | 49,427.29 | 8,308.25 | 41,119.04 | 995,140.41 |
| 27 | 02/11/2026 | 49,427.29 | 7,978.57 | 41,448.72 | 953,691.69 |
| 28 | 03/11/2026 | 49,427.29 | 6,906.30 | 42,520.99 | 911,170.70 |
| 29 | 04/11/2026 | 49,427.29 | 7,305.34 | 42,121.95 | 869,048.75 |
| 30 | 05/11/2026 | 49,427.29 | 6,742.87 | 42,684.42 | 826,364.33 |
| 31 | 06/11/2026 | 49,427.29 | 6,625.40 | 42,801.89 | 783,562.44 |
| 32 | 07/11/2026 | 49,427.29 | 6,079.59 | 43,347.70 | 740,214.74 |



*Provided for accounting purposes only, not valid for payout purposes*

AMORTIZATION SCHEDULE
QUOTE ID: 157311-1

| PMT NO | DATE | PAYMENT AMOUNT | AMOUNT TO INTEREST | AMOUNT TO PRINCIPAL | BALANCE |
|---|---|---|---|---|---|
| 33 | 08/11/2026 | 49,427.29 | 5,934.70 | 43,492.59 | 696,722.15 |
| 34 | 09/11/2026 | 49,427.29 | 5,585.99 | 43,841.30 | 652,880.85 |
| 35 | 10/11/2026 | 49,427.29 | 5,065.64 | 44,361.65 | 608,519.20 |
| 36 | 11/11/2026 | 49,427.29 | 4,878.82 | 44,548.47 | 563,970.73 |
| 37 | 12/11/2026 | 49,427.29 | 4,375.79 | 45,051.50 | 518,919.23 |
| 38 | 01/11/2027 | 49,427.29 | 4,160.45 | 45,266.84 | 473,652.39 |
| 39 | 02/11/2027 | 49,427.29 | 3,797.52 | 45,629.77 | 428,022.62 |
| 40 | 03/11/2027 | 49,427.29 | 3,099.59 | 46,327.70 | 381,694.92 |
| 41 | 04/11/2027 | 49,427.29 | 3,060.25 | 46,367.04 | 335,327.88 |
| 42 | 05/11/2027 | 49,427.29 | 2,601.78 | 46,825.51 | 288,502.37 |
| 43 | 06/11/2027 | 49,427.29 | 2,313.08 | 47,114.21 | 241,388.16 |
| 44 | 07/11/2027 | 49,427.29 | 1,872.91 | 47,554.38 | 193,833.78 |
| 45 | 08/11/2027 | 49,427.29 | 1,554.07 | 47,873.22 | 145,960.56 |
| 46 | 09/11/2027 | 49,427.29 | 1,170.24 | 48,257.05 | 97,703.51 |
| 47 | 10/11/2027 | 49,427.29 | 758.07 | 48,669.22 | 49,034.29 |
| 48 | 11/11/2027 | 49,427.29 | 393.13 | 49,034.16 | 0.13 |

| Loan Totals | $2,626,654.98 | $417,047.92 | $2,209,607.06 |
|---|---|---|---|

This is Exhibit.......*"B"*.............referred to in the
affidavit of ....*James Schenk*....................
sworn before me, this ....*2 3 rd*...........................
day of ...........*July*.............................20.*24*

...........*Nikita Tanwar*....................
A COMMISSIONER FOR TAKING AFFIDAVITS

DocuSign Envelope ID: 5856BE37-B00B-4587-8EF4-D9D1B3B03D88



## PACCAR FINANCIAL

# SECURITY AGREEMENT
# RETAIL INSTALLMENT CONTRACT

| SELLER | |
|---|---|
| NAME | Rush Truck Centers of Texas, L.P. |
| PLACE OF BUSINESS | 515 North Loop 12 Irving, TX 75061 |
| MAILING ADDRESS | 515 North Loop 12 Irving, TX 75061 |

| BUYER | |
|---|---|
| NAME | TPine Leasing Capital LP |
| STREET ADDRESS | 1125 E. Alexis Rd Toledo, OH 43612 |
| MAILING ADDRESS | 1125 E. Alexis Rd Toledo, OH 43612 |

Seller hereby sells, and Buyer (meaning all undersigned buyers, jointly and severally) hereby purchases, subject to the terms set forth below and on any attachments hereto, the following described vehicle(s) (the "Vehicle(s)"), delivery and acceptance of which in good order Buyer hereby acknowledges.

Buyer hereby grants a security interest in the Vehicle(s) and any additional collateral (collectively the "Collateral"), and any Additions and Accessions thereto (as defined below), to Seller and its assigns to secure prompt payment of the indebtedness herein and performance of Buyer's other obligations, including any additional indebtedness incurred as provided by this Contract and any extensions and renewals of the obligations and future advances and is subject to paragraph 16 "Cross Collateral" and the other provisions below. The security interest extends to the proceeds of the Collateral and the proceeds of any insurance policy.

Buyer also acknowledges that Seller has offered to sell the Vehicle(s) for the cash price indicated, but that the Buyer has chosen to purchase on the terms and conditions of this Contract.

### DESCRIPTION OF VEHICLE(S) - COLLATERAL (for security purposes only)

| YEAR | MAKE | MODEL | VEHICLE ID NUMBER (VIN) | NEW/USED | PRICE OF VEHICLE |
|---|---|---|---|---|---|
| 2023 | Peterbilt | 579 | 1XPBD49X7PD890003 | New | $160,567.00 |
| 2023 | Peterbilt | 579 | 1XPBD49X9PD890004 | New | $160,567.00 |
| 2023 | Peterbilt | 579 | 1XPBD49X0PD890005 | New | $160,567.00 |
| 2023 | Peterbilt | 579 | 1XPBD49X2PD890006 | New | $160,567.00 |
| 2023 | Peterbilt | 579 | 1XPBD49X4PD890007 | New | $160,567.00 |
| | | | | Total: | $802,835.00 |

### DESCRIPTION OF TRADE-IN EQUIPMENT

| YEAR | MAKE | MODEL | VEHICLE ID NUMBER (VIN) | ALLOWANCE | PAYOFF | PAYOFF DUE TO |
|---|---|---|---|---|---|---|
| | | | Total: | $0.00 | $0.00 | |

### ITEMIZATION OF AMOUNT FINANCED

| | | | | |
|---|---|---|---|---|
| | CASH PRICE | Cash Price | $802,835.00 | |
| | | Sales Tax | $0.00 | |
| | | FET | $0.00 | |
| (a) | | TOTAL CASH PRICE | | $802,835.00 |
| | DOWN PAYMENT | Net Trade-in | $0.00 | |
| | | Cash | $0.00 | |
| (b) | | TOTAL DOWN PAYMENT | | $0.00 |
| (c) | UNPAID CASH PRICE – (a minus b) | | | $802,835.00 |
| | OTHER CHARGES | | | |
| | | Total Insurance Amount | $0.00 | |
| | | Document Preparation Fee | $450.00 | |
| | | Title Fee | $0.00 | |
| (d) | | TOTAL OTHER CHARGES | | $450.00 |
| (e) | PRINCIPAL BALANCE (Basic Time Price) – (c plus d) | | | $803,285.00 |
| (f) | FINANCE CHARGE (Time Price Differential – See Section 17) (Estimated) | | | $126,419.20 |
| (g) | CONTRACT BALANCE (Time Balance – See Section 17) – (Estimated) (e plus f) | | | $929,704.20 |

### PAYMENT SCHEDULE

**The Contract Balance (Item g) is payable to the Seller or his assignee based on the following schedule:**

| First Installment | No. of Installments | Amount Each | Payment Frequency |
|---|---|---|---|
| 1. August 20, 2022 | 60 | $15,495.07 | Monthly |

Page 1 of Security Agreement dated on or about July 06, 2022 between TPine Leasing Capital LP (Buyer) and Rush Truck Centers of Texas, L.P. (Seller) which includes, without limitation, an item of collateral with the following Vehicle Identification Number: 1XPBD49X7PD890003.

BUYER'S INITIALS
SJ

DocuSign Envelope ID: 5856BE37-B00B-4587-8EF4-D9D1B3B03D68



# SECURITY AGREEMENT
# RETAIL INSTALLMENT CONTRACT

## INSURANCE

1.   PHYSICAL DAMAGE INSURANCE is required as set forth in section 3 (Insurance) of this Contract. Buyer may provide such insurance through any insurance company authorized to do business in this state, although Seller, as to dual interest insurance, may reject any insurer for reasonable cause.

| INSURANCE COMPANY | | TERM |
|---|---|---|
| | | |

| COVERAGES | DEDUCTIBLE | COVERAGE FEE |
|---|---|---|
| COLLISION | $0.00 | $0.00 |
| COMPREHENSIVE | $0.00 | $0.00 |
| OTHER | | $0.00 |

2.   CREDIT LIFE, CREDIT ACCIDENT AND HEALTH are not required by Seller, are not a factor in approval of credit, and are not included.

| I DESIRE | INSURANCE COMPANY | TERM | COVERAGE FEE |
|---|---|---|---|
| CREDIT LIFE INSURANCE | | | |
| CREDIT ACCIDENT AND HEALTH INSURANCE | | | |

Buyer acknowledges disclosure of insurance charges above and requests and authorizes Seller to obtain insurance coverage checked and include the cost in the Total Insurance Amount.

| | TOTAL INSURANCE AMOUNT (1 plus 2) | $0.00 |
|---|---|---|

## BUYER REPRESENTS AND WARRANTS

The Collateral is to be used for business and commercial purposes, and not for agricultural purposes or for personal, family or household use. The Collateral will be titled in the State of California.

Buyer's chief place of business is located at

| STREET | 1125 E. Alexis Rd |
|---|---|
| CITY | Toledo |
| COUNTY | Lucas |
| STATE | OH |
| ZIP CODE | 43612 |

Buyer will immediately notify Seller in writing of any change in the above address or location. This contract is entered into in the State of Texas and is governed by its laws.

## DELINQUENCY CHARGE

For each installment not paid in full on the fifteenth day after its due date, Buyer agrees to pay Seller a delinquency charge calculated thereon at the rate of 1½% per month for the period of delinquency or, at Seller's option, 5% of such installment, provided that such a delinquency charge is not prohibited by law, otherwise at the highest rate Buyer can legally obligate itself to pay and/or Seller can legally collect.

---

Page 2 of Security Agreement dated on or about July 06, 2022 between TPine Leasing Capital LP (Buyer) and Rush Truck Centers of Texas, L.P. (Seller) which includes, without limitation, an item of collateral with the following Vehicle Identification Number: 1XPBD49X7PD890003.

| BUYER'S INITIALS |
|---|
| DS |
| SJ |

CAT. NO. 1288 TEXAS RUSH  FSCS 02/2021                                    PRINTED Jul-06-2022 1:55 PM PT



SECURITY AGREEMENT
RETAIL INSTALLMENT CONTRACT

**1. CERTIFICATE OF TITLE - LIENS.**

Buyer agrees that any Certificate of Title for the Collateral will show Seller's security interest (lien) and will be delivered promptly to Seller. Seller has the right to hold the Certificate of Title until Buyer pays all indebtedness and performs all other obligations under this Contract. Buyer promises not to give any other party a lien or security interest in the Collateral without Seller's written consent. Buyer promises not to part with possession of, sell or lease the Collateral without Seller's written consent. Buyer hereby:

(a) agrees that from time to time, at the expense of the Buyer, Buyer will promptly execute and deliver all further instruments and documents, and take all further action that may be necessary or desirable, or that Seller may request, in order to perfect or protect any security interest granted or purported to be granted hereby or to enable Seller to exercise and enforce its rights and remedies hereunder with respect to any Collateral, and

(b) grants to Seller the power to sign Buyer's name and on behalf of Buyer to execute and file applications for title, transfers of title, financing statements, notices of lien and other documents pertaining to any or all of the Collateral.

**2. ASSIGNMENT.**

Seller has the right to assign this Contract to PACCAR Financial Corp. If Seller does assign it, PACCAR Financial Corp. will take all of the Seller's right, title and interest under this Contract (including Seller's interest in the Collateral). Thereafter, the term "Seller" in this contract shall mean PACCAR Financial Corp. This means, among other things, that Buyer will be required to make the payments under this Contract directly to PACCAR Financial Corp. Buyer agrees that if Seller assigns this Contract, and PACCAR Financial Corp. sues Buyer to collect any amount Buyer owes to PACCAR Financial Corp. or to enforce any of Buyer's other obligations to PACCAR Financial Corp., Buyer will not assert any claim or defense Buyer has against Seller as a claim, defense, or setoff against PACCAR Financial Corp.

**3. INSURANCE.**

Buyer agrees to keep the Collateral continuously insured against fire, theft, collision, and any other hazard Seller specifies by an insurance company Seller has approved. The amount of insurance shall be the full insurable value of the Collateral or the full amount of all obligations this Contract secures, whichever is greater. The insurance policy shall provide, in a form acceptable to Seller, for payment of any loss to Seller. Buyer shall deliver promptly to Seller certificates or, if requested, policies of insurance satisfactory to Seller, each with a loss-payable endorsement naming Seller or its assigns as loss- payee as their interests may appear. The insurance policy shall provide that it can be canceled only after written notice of intention to cancel has been delivered to Seller at least ten (10) days before the cancellation date. If the Collateral is lost or damaged, Seller shall have full power to collect any or all insurance proceeds and to apply them as Seller chooses either to satisfy any obligation secured by this Contract (whether or not due or otherwise matured), or to repair the Collateral. If Buyer obtains insurance from a company Seller has not approved, or fails to obtain any insurance, Seller may (but does not have to) obtain any insurance Seller desires to protect its interests. If Seller does so, Buyer shall reimburse Seller upon demand for its expenses.

Seller shall have no liability at all for any losses which occur because no insurance has been obtained or the coverage of the insurance which has been obtained is incomplete.

**4. TAXES.**

Buyer agrees to pay before delinquency all sales and other taxes, license fees and other governmental charges imposed on the Collateral or its sale or use.

**5. USE OF COLLATERAL.**

Buyer agrees to keep the Collateral in good repair; to prevent any waste, loss, damage, or destruction of or to the Collateral; to prevent any unlawful use of the Collateral; and not to make or allow to be made any significant change in the Collateral or in its chassis, body or special equipment, without Seller's written consent. Buyer assumes all risk of damage, loss or destruction of or to the Collateral, whether or not insured against. Seller may examine the Collateral wherever located at any time, and Buyer will inform Seller of the Collateral's location upon Seller's request.

**6. EXPENSES PAID BY SELLER.**

Buyer agrees to reimburse Seller upon demand for any expenses paid by Seller such as taxes, insurance premiums, repair bills, title fees, or in the event of a default, to the fullest extent permitted by law, the expense of retaking, holding, preparing for sale, selling and the like including, (i) the fees of any attorneys retained by Seller, and (ii) all other legal expenses incurred by Seller. Buyer's obligation to pay the expenses shall be secured by this Contract.

**7. TRADE-INS.**

If Buyer has traded in any property, Buyer represents and warrants that the description of it on the front of this Contract is accurate, that the title conveyed is good and its transfer rightful, and that the property is delivered free from any security interest or other lien or encumbrance.

**8. NO WARRANTY.**

If the Vehicle is new, there is no warranty other than that of the manufacturer. If the Vehicle is used, it is sold "AS IS" and "WITH ALL FAULTS."

**SELLER MAKES NO WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. UNLESS SET OUT IN WRITING AND SIGNED BY THE SELLER, THERE ARE NO OTHER WARRANTIES EXPRESS OR IMPLIED.**

**9. ADDITIONS TO COLLATERAL.**

Anything added to the Collateral, including but not limited to engines, transmissions, tires, wheels, fifth wheels, radios and electrical equipment, tanks and any other body or structure that becomes part of the Collateral, shall constitute "Additions and Accessions" and shall be subject to Seller's security interest. All Additions and Accessions must stay with the Collateral if it is repossessed or returned to Seller.

**10. DEFAULT.**

Time is of the essence in this Contract. The due dates for payments and the performance of the other obligations under this contract are among its most crucial provisions. Buyer shall be in default under this Contract upon the occurrence of any of the following:

Page 3 of Security Agreement dated on or about July 06, 2022 between TPine Leasing Capital LP (Buyer) and Rush Truck Centers of Texas, L.P. (Seller) which includes, without limitation, an item of collateral with the following Vehicle Identification Number: 1XPBD49X7PD890003.

CAT. NO. 1288 TEXAS RUSH  FSCS 02/2021                                                    PRINTED Jul-06-2022 1:55 PM PT

BUYER'S INITIALS
DS
SJ

DocuSign Envelope ID: 5856BE37-B00B-4587-8EF4-D9D1B3B03D68



SECURITY AGREEMENT
RETAIL INSTALLMENT CONTRACT

(a) Buyer fails to pay on or before the due date the full amount of any scheduled payment, taxes, insurance premium, or other obligation secured by this Contract or under any other instrument or agreement;

(b) Buyer fails to perform any of Buyer's obligations under this Contract;

(c) Any representation Buyer has made in this Contract or in any credit application or financial statement Buyer has given in connection with the credit secured by the Contract turns out to be false;

(d) Any check, note or other instrument given for a payment is dishonored when presented for payment;

(e) The Collateral is seized or levied upon under any legal or governmental process or proceeding against Buyer or the Collateral;

(f) Buyer's death or subject to insolvency proceedings as defined in the Uniform Commercial Code or becomes subject to bankruptcy;

(g) Buyer defaults in the payment or performance of any other agreement in connection with any other obligation owed to PACCAR Financial Corp. or for borrowed money;

(h) Any merger of the borrower with or into any person, or any sale, conveyance, transfer, lease or other disposition (whether in one transaction or a series of transactions) of all or substantially all of the buyer's assets without the prior approval of PACCAR Financial Corp.;

(i) Any change in the Chief Executive Officer and/or the Chief Financial Officer of the Buyer without prior notification to PACCAR Financial Corp.; or

(j) Seller reasonably deems the Collateral in danger of misuse, confiscation, damage, or destruction.

## 11. REMEDIES.

If Buyer defaults under this Contract, Seller may, at its option, with or without notice to Buyer:

(a) Declare this Contract to be in default;

(b) Declare the entire amount of the unpaid Time Balance, after deducting unearned Time Price Differential in accordance with the applicable state law, and other charges and indebtedness secured by this Contract immediately due and payable, without protest, presentment demand or notice (including but not limited to notice of intent to accelerate and notice of acceleration), all of which Buyer waives; and

(c) Exercise all of the rights and remedies of a secured party under the Uniform Commercial Code and any other applicable laws.

In addition to the foregoing and any other rights Seller has under the law in effect at the time of default, the following provisions shall apply:

(a) On Seller's demand, Buyer shall deliver possession of the Collateral to Seller at a place Seller designates reasonably convenient to both parties.

(b) Seller may enter any premises where the Collateral may be found and take possession of it without notice, demand, or legal proceedings, provided such entry is in compliance with law.

(c) Seller shall give Buyer at least ten (10) days written notice of any sale of the Collateral, which Buyer agrees to be reasonable notice. Notice shall be given at the address specified

in this Contract or other such address as Buyer may specify in writing to Seller. Notice shall be effective when deposited in the mails, postage prepaid, addressed as provided above.

(d) Buyer agrees that it is liable for and will promptly pay any deficiency resulting from any disposition of the Collateral after default.

## 12. NO WRONGFUL POSSESSION.

Buyer agrees that if Seller repossesses the Collateral or otherwise obtains possession of it, Seller will not be in wrongful possession of any property contained in the Collateral or attached to it in which Seller does not have a security interest. Seller agrees to make any such property available for Buyer to take back at a place reasonably convenient to both parties.

## 13. VARIATIONS OF CONTRACT.

No provision of this Contract may be changed or amended unless by a written contract signed by Seller. Seller's acceptance of late payments does not mean that Seller is obligated to accept any late payments in the future. No waiver of any default shall operate as a waiver of any other default.

## 14. ENTIRE AGREEMENT – SEVERABILITY.

This Contract and the attached Exhibits and Addenda is the complete and exclusive statement of rights and duties between Seller and Buyer. If any provision is held unenforceable, it shall be deemed omitted without affecting the enforceability of the remaining provisions.

## 15. BAD CHECKS.

Whenever a check, draft or order given by or on behalf of Buyer for the purpose of payment of any obligation arising under this Contract has been dishonored for lack of funds or credit to pay the item, or because the account has been closed, or for any other reason, Seller or its assigns will assess and Buyer will promptly pay a $50 fee per dishonored item, or the maximum amount allowed by applicable law, if lower.

## 16. CROSS COLLATERAL.

Buyer grants to Seller and any assignee of Seller a security interest in the Collateral to secure the payment and performance of all obligations and liabilities of Buyer to Seller or to such assignee of Seller, now existing or hereafter arising, whether under this Contract or any other agreement and whether due directly or by assignment; provided, however, upon any assignment of the Contract by Seller, the assignee shall be deemed, for the purpose of this paragraph, the only party with a security interest in the Collateral.

## 17. TIME PRICE DIFFERENTIAL.

The effective daily Time Price Differential ("TPD") shall be based on and shall vary with fluctuations in the Prime Rate. The applicable rate of interest ("Buyer's Rate") shall be equal to the Prime Rate applicable to that date Plus **1.06** percent per annum, accrued daily on the unpaid balance. The TPD due each month shall be equal to the sum of the daily TPDs for the month. As used in this calculation, the "Prime Rate" shall mean the U.S. prime rate as reported in the Money Rates section of *The Wall Street Journal* or, in the absence of such publication, the prime interest rate as published by the U.S. Federal Reserve or publicly posted by one of the 10 largest (by assets in domestic offices) U.S. commercial banks, as reasonably

Page 4 of Security Agreement dated on or about July 06, 2022 between TPine Leasing Capital LP (Buyer) and Rush Truck Centers of Texas, L.P. (Seller) which includes, without limitation, an item of collateral with the following Vehicle Identification Number: 1XPBD49X7PD890003.

CAT. NO. 1288 TEXAS RUSH  FSCS 02/2021                                                    PRINTED Jul-06-2022 1:55 PM PT

BUYER'S INITIALS
DS
SJ

DocuSign Envelope ID: 5856BE37-B00B-4587-8EF4-D9D1B3B03D88



SECURITY AGREEMENT
RETAIL INSTALLMENT CONTRACT

determined by PACCAR Financial Corp.. The Prime Rate reported on the first business day of each calendar month shall be used to determine the Buyer's Rate during the month. Based on the initial Buyer's Rate and assuming that all payments are timely made, the aggregate TPD will be **$126,419.20**. Fluctuations in the Prime Rate, as well as early or late payments over the term of the Contract will cause the actual aggregate TPD, the Time Balance and the Total Time Sale Price to be different than disclosed. Any delay in payment or increase in the Prime Rate could cause those amounts to be more than disclosed, resulting in a larger final or "balloon" payment. Conversely, any early payment or decrease in the Prime Rate could cause those amounts to be less than disclosed, resulting in a smaller final or "balloon" payment. If Seller reasonably determines that the Prime Rate has been discontinued, then Seller shall, in consultation with Buyer, select a comparable successor rate and any adjustments thereto in its reasonable discretion (and thereafter all references to the Prime Rate in this Agreement and any Exhibits and Schedules hereto shall refer to such successor rate and adjustments). If Buyer has requested a fixed payment schedule, the amount of the periodic payments will be based upon an interest rate fixed solely for that purpose. In no event shall Buyer be required to pay interest in excess of the maximum rate allowed by law of the state having jurisdiction over the transaction. The intention of the parties is to conform strictly to applicable state usury laws, which may reduce the Buyer's Rate to the maximum amount allowed under such usury laws now or hereafter in effect.

### 18. FINANCIAL INFORMATION.

Buyer agrees to furnish Seller promptly with any financial statements or other information which Seller may reasonably request from time to time. Any and all financial statements will be prepared on a basis of generally accepted accounting principles, and will be complete and correct and fairly present Buyer's financial condition as of the date thereof. Seller may at any reasonable time examine the books and records of Buyer and make copies thereof.

### 19. CHATTEL PAPER.

This Contract is to be sold only to PACCAR Financial Corp. and is subject to the security interest of PACCAR Financial Corp. The only copy of this Contract which constitutes "chattel paper" under the Uniform Commercial Code is the copy which is delivered to and held by PACCAR Financial Corp. No assignee or secured party other than PACCAR Financial Corp. will under any circumstances acquire any rights in, under or to this Contract or any sums due hereunder, except that PACCAR Financial Corp. may, by a separate written assignment signed by PACCAR Financial Corp., assign its interest received hereunder.

### 20. PREPAYMENT.

~~Upon prepayment in full or acceleration, Buyer is entitled to a rebate of the unearned finance charge computed in accordance with the "Sum of the Balances Method". An acquisition charge of $150.00 may be deducted in determining the amount of the rebate. No rebate less than $1 will be paid.~~ DS **\*PPP has been waived**

### 21. MISCELLANEOUS. [SJ]  [TB]

(a)  This Contract shall be binding, jointly and severally, upon all parties described as the "Buyer" and their respective heirs, executors, representatives, successors and assigns and shall inure to the benefit of Seller, its successors and assigns.

(b)  This Contract and any other evidence of the indebtedness given in connection herewith may be assigned by Seller to a third party without notice to Buyer and Buyer hereby waives any defense, counterclaim or cross- complaint by Buyer against any assignee, agreeing that Seller shall be solely responsible therefor.

(c)  Buyer acknowledges receipt of a true copy of this Contract, and waives acceptance hereof.

(d)  This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same agreement. A photocopy or electronic signed copy of any such counterpart shall have the same force and effect as an original (ink) signature.

### 22. WAIVER OF JURY TRIAL.

Except as otherwise provided by applicable law Buyer and Seller each waive any right to have a jury participate in resolving any dispute, whether sounding in contract, tort, or otherwise, between Buyer and Seller arising out of, connected with, related to or incidental to the relationship established between them in connection with this Contract or other instrument, document or agreement executed or delivered in connection therewith or the transactions related thereto. Buyer and Seller each hereby agree and consent that any such claim, demand, action or cause of action shall be decided by court trial without a jury and that either may file an original counterpart or a copy of this Contract with any court as written evidence of the consent of the parties hereto to the waiver of their right to trial by jury.

### 23. CHOICE OF LAW.

Buyer agrees this Contract will be governed by the laws of the State of Texas, including Chapter 353, Subtitle B, Title 4 of the Texas Finance Code.

BUYER'S INITIALS
DS
[SJ]

DocuSign Envelope ID: 5856BE37-B00B-4567-8EF4-D9D1B3B03D88



**PACCAR**
**FINANCIAL**

SECURITY AGREEMENT
RETAIL INSTALLMENT CONTRACT

### NOTICE - SEE ALL PAGES FOR IMPORTANT TERMS WHICH ARE PART OF THIS CONTRACT.

**WARNING: LIABILITY INSURANCE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS NOT INCLUDED UNDER THIS CONTRACT.**

### NOTICE TO BUYER

1.  DO NOT SIGN THIS CONTRACT BEFORE YOU HAVE READ IT OR IF IT CONTAINS ANY BLANK SPACES.

2.  YOU ARE ENTITLED TO AN EXACT COPY OF THE CONTRACT YOU SIGN.

3.  UNDER THE LAW YOU HAVE THE RIGHT TO PAY OFF IN ADVANCE THE FULL AMOUNT DUE AND UNDER CERTAIN CONDITIONS MAY OBTAIN A PARTIAL REFUND OF THE FINANCE CHARGE (TIME PRICE DIFFERENTIAL). KEEP THIS CONTRACT TO PROTECT YOUR LEGAL RIGHTS.

BUYER ACKNOWLEDGES THAT A TRUE COPY OF THIS CONTRACT HAS BEEN RECEIVED, READ, AND WAS COMPLETELY FILLED IN BEFORE BEING SIGNED.

SELLER:    Rush Truck Centers of Texas, L.P.

BY:

*Ryan Grandy*

Ryan Grandy, F&I Manager
DATE:        July 06, 2022

BUYER:    TPine Leasing Capital LP

BY:

*Sulakhan Johal*

Sulakhan Johal, President
DATE:        July 06, 2022

**To contact PACCAR Financial Corp. about this account call (940) 484-8100. This Contract will be governed by the law of the State of Texas which is enforced by the Consumer Credit Commissioner, 2601 North Lamar Boulevard, Austin, Texas 78705-4207; (800) 538-1579; and can be contacted relative to any inquiries or complaints.**

Page 6 of Security Agreement dated on or about July 06, 2022 between TPine Leasing Capital LP (Buyer) and Rush Truck Centers of Texas, L.P. (Seller) which includes, without limitation, an item of collateral with the following Vehicle Identification Number: 1XPBD49X7PD890003.

CAT. NO. 1288 TEXAS RUSH  FSCS 02/2021                                                                      PRINTED Jul-06-2022 1:55 PM PT

DocuSign Envelope ID: 5856BE37-B00B-4587-8EF4-D9D1B3B03D68

 **PACCAR FINANCIAL**

**SECURITY AGREEMENT**
**RETAIL INSTALLMENT CONTRACT**

DATE:   July 06, 2022

TO:   PACCAR Financial Corp.

Check <u>one</u> of the following:

☐   Yes, I want to access PACCAR Financial Online Services to make payments online.
(You will receive an email welcome letter with instructions on how to sign up.)

Email Address: _____

☑   I am an existing PACCAR Financial Online Services customer, currently making payments online.

Email Address:   *email address are on file* _____

☐   No, I do not want to access PACCAR Financial Online Services. I prefer to receive a Coupon Book and understand that I will be subject to a one-time, non-refundable Administration Fee of $250.00 for choosing this option.

Reason: _____

By signing below, I understand that if payments are not made through PACCAR Financial Online Services, I am subject to a one-time, non-refundable Administration Fee of $250.00 to be added to my account.

BUYER: TPine Leasing Capital LP

BY:

_Sulakhan Johal_
Sulakhan Johal, President
DATE:   July 06, 2022

To register to make your payments online and to view our latest product offerings, please visit www.paccarfinancial.com.

**PACCAR Financial Corp.**
**(800) 777-8525**
**www.paccarfinancial.com**

---

Page 7 of Security Agreement dated on or about July 06, 2022 between TPine Leasing Capital LP (Buyer) and Rush Truck Centers of Texas, L.P. (Seller) which includes, without limitation, an item of collateral with the following Vehicle Identification Number: 1XPBD49X7PD890003.

CAT. NO. 1288 TEXAS RUSH  FSCS 02/2021                                    PRINTED Jul-06-2022 1:55 PM PT

DocuSign Envelope ID: 5856BE37-B00B-4587-8EF4-D9D1B3B03D88

 **FINANCIAL**

SECURITY AGREEMENT—RETAIL
INSTALLMENT CONTRACT
CONSENT TO LEASE ADDENDUM

THIS SECURITY AGREEMENT – RETAIL INSTALLMENT CONTRACT CONSENT TO LEASE ADDENDUM (this "**Addendum**") is made and entered into as of the **July 6, 2022** by and between **TPine Leasing Capital L.P.**, a Delaware limited partnership ("**Buyer**"), and PACCAR Financial Corp., a Washington corporation ("**PFC**").

## RECITALS

ßò     Buyer purchased the inventory of truck(s) listed on Schedule A (collectively, the "**Vehicles**") to that certain Security Agreement Retail Installment Contract dated as of **July 6, 2022** between Buyer and **Rush Truck Centers of Texas, L.P.** (the "**Retail Contract**"), which Retail Contract was assigned to PFC.

Þò     In furtherance of Buyer's business, Buyer wishes to lease some or all of the Vehicles to third-party lessees ("**Lessees**").

## AGREEMENTS

1.     **Recitals**.  The parties agree that the foregoing Recitals are true and correct, and are hereby incorporated in and made a part of this Addendum.

2.     **Waiver of Event of Default.**  In Section 1 of the Retail Contract, Buyer promises not to lease the Vehicles without PFC's written consent.  PFC hereby consents to Buyer's leasing of the Vehicles to the Lessees, subject to the terms and conditions of this Addendum. Notwithstanding anything to the contrary in this Addendum or any Lease (as defined below), Buyer may not sell or otherwise transfer legal title of any Vehicle(s) to any person without PFC's express and prior written consent.

3.     **Assignment and Grant of Security Interest.**  Buyer hereby assigns and grants to PFC a security interest in (i) any leases now existing or hereafter entered into between Buyer and any Lessee relative to the Vehicles (each a "**Lease**" and collectively, the "**Leases**"); and (ii) all proceeds of the Leases in whatever form, including without limitation accounts receivable, contract rights, chattel paper, general intangibles, rents, cash, cash equivalents, insurance proceeds, documents or instruments.  This assignment and grant of security interest are for collateral and security purposes only.  PFC does not, by reason of this Addendum or the Retail Contract, undertake and shall not be liable for the performance of any obligations or duties of Buyer as lessor under the Leases or assume any other liabilities of Buyer arising thereunder.

4.     **Representations, Warranties and Agreements**.  Buyer represents, warrants and agrees as follows:

(a)     Buyer will promptly notify PFC in writing of any corporate restructuring or reorganization or any change in its name, of any new place of business, or of any change in the location of the Collateral or any records pertaining thereto.

(b)     Each Lease and any guaranty thereof conform to all applicable laws and regulations and will be legally enforceable in full in the states or provinces where the applicable Lessee and the equipment covered thereby are or may be located.

(c)     Each Lease and the equipment covered thereby are and shall remain free from all liens (other than the security interest created hereby), including without limitation landlords' liens and repairman's liens, set-offs, counterclaims and other defenses, including defense of breach of warranty either express or implied.

(d)     Each Lease contains an acknowledgment by the Lessee in substantially the following form:

> **This Lease and all amounts due hereunder may be assigned at any time by Lessor without Lessee's consent. Upon notice of any assignment from Lessor or its assignee, Lessee shall make all payments coming due thereafter to the assignee without offset, counterclaim or defense of any kind.  LESSEE ACKNOWLEDGES THAT LESSOR HAS GRANTED PACCAR FINANCIAL CORP. (TOGETHER WITH ITS SUCCESSORS AND ASSIGNS, "PFC") A SECURITY INTEREST IN THE EQUIPMENT AND AGREES THAT ALL OF LESSEE'S RIGHTS IN AND TO THE EQUIPMENT SHALL BE SUBJECT AND SUBORDINATE TO ANY AND ALL INTERESTS AND RIGHTS OF PFC, INCLUDING THE RIGHT OF POSSESSION, WHETHER NOW EXISTING OR ARISING HEREAFTER.**

5.     **PFC's Rights.**  Upon the occurrence and during the continuation of any default under the Retail Contract, Buyer shall, upon demand by PFC (and without any grace or cure period), notify each Lessee to make payment to PFC of any amounts due or to become due.  Buyer authorizes PFC to contact each Lessee for the purpose of having the Lessee pay its obligations directly to PFC.

6.     **UCC Financing Statements.**  Buyer hereby authorizes PFC to file one or more financing or continuation statements, and amendments thereto, relating to the Vehicles, without the signature of Buyer where permitted by law.  Buyer will execute and file such financing or continuation statements, or amendments thereto, and such other instruments or notices, as PFC may request in order to perfect and protect the security interests granted under this Addendum and the Retail Contract.

7.     **Enforceability.**  PFC shall have the right to demand that Buyer enforce its rights under any Lease and if Buyer fails or refuses to take timely action to enforce such rights, PFC may proceed against Buyer or any Lessee to enforce its rights under such Lease.  PFC is a third-party beneficiary under each Lease and is entitled to the rights and benefits thereunder and may enforce the provisions thereof as if it were a party thereto.

IN WITNESS WHEREOF, the parties, intending to be legally bound hereby, have duly executed this Addendum as of the day and year first above written.

| TPINE LEASING CAPITAL L.P. | PACCAR FINANCIAL CORP. |
|---|---|
| By *Sulakhan Johal* | By *Evelyn Corum* |
| Sulakhan Johal, President | Name: Evelyn Corum |
| | Title: Contract Admin. III |

Retail Contract Consent To Lease Addendum – Page 2

**DocuSign**

## Certificate Of Completion

Envelope Id: 5856BE37B00B45878EF4D9D1B3B03D68                          Status: Completed
Subject: Please DocuSign: TPINE - Retail (#22-13) 60m 7.6.22
SenderNameFromFSCSDealer:
ClickUserNameSenderFromFSCSDealer:
DealerNameFromFSCSDealer:
AreaOfficeName:
AreaOfficeCode:
Source Envelope:
Document Pages: 13                    Signatures: 7                      Envelope Originator:
Certificate Pages: 3                  Initials: 8                        Kimberly Slater
AutoNav: Enabled                                                         750 Houser Way N
EnvelopeId Stamping: Enabled                                            Renton, WA  98058
Time Zone: (UTC-08:00) Pacific Time (US & Canada)                       kimberly.slater@paccar.com
                                                                        IP Address: 71.14.148.40

## Record Tracking

Status: Original                      Holder: Kimberly Slater           Location: DocuSign
        7/6/2022 2:04:06 PM                   kimberly.slater@paccar.com

| Signer Events | Signature | Timestamp |
|---|---|---|
| Sulakhan Johal<br>sam@pridegroupenterprises.com<br>President<br>Security Level: Email, Account Authentication<br>(None) | *Sulakhan Johal*<br>—DocuSigned by:<br>—E6077F3DDA13463...<br><br>Signature Adoption: Pre-selected Style<br>Using IP Address: 184.151.190.197<br>Signed using mobile | Sent: 7/6/2022 2:06:19 PM<br>Viewed: 7/6/2022 2:17:30 PM<br>Signed: 7/6/2022 2:18:18 PM |
| **Electronic Record and Signature Disclosure:**<br>    Not Offered via DocuSign | | |
| Ryan Grandy<br>GrandyM@RushEnterprises.com<br>Ryan Grandy F&I MGR<br>Security Level: Email, Account Authentication<br>(None) | *Ryan Grandy*<br>—DocuSigned by:<br>—FB4F00B83E3024B8...<br><br>Signature Adoption: Pre-selected Style<br>Using IP Address: 155.190.8.7 | Sent: 7/6/2022 2:18:21 PM<br>Viewed: 7/6/2022 2:25:35 PM<br>Signed: 7/6/2022 2:25:50 PM |
| **Electronic Record and Signature Disclosure:**<br>    Not Offered via DocuSign | | |
| Tyson Brockett<br>Tyson.Brockett@PACCAR.com<br>Security Level: Email, Account Authentication<br>(None) | —DS<br>TB<br><br>Signature Adoption: Pre-selected Style<br>Using IP Address: 71.14.148.40 | Sent: 7/6/2022 2:25:52 PM<br>Viewed: 7/7/2022 7:46:16 AM<br>Signed: 7/7/2022 7:46:25 AM |
| **Electronic Record and Signature Disclosure:**<br>    Not Offered via DocuSign | | |

| Signer Events | Signature | Timestamp |
|---|---|---|
| Evelyn Corum<br>evelyn.corum@paccar.com<br>Contract Admin. III<br>PACCAR Financial Corp<br>Signing Group: Southwest Area Contract Admin Signing Group<br>Security Level: Email, Account Authentication (None)<br>**Electronic Record and Signature Disclosure:**<br>   Not Offered via DocuSign | *Evelyn Corum*<br>DocuSigned by:<br>7FC5249BECA34CD...<br><br>Signature Adoption: Pre-selected Style<br>Using IP Address: 71.14.148.40 | Sent: 7/7/2022 7:46:26 AM<br>Viewed: 7/7/2022 8:31:31 AM<br>Signed: 7/13/2022 11:42:53 AM |

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| Mohit Kumar Dhir<br>mohit@tpinecapital.com<br>Security Level: Email, Account Authentication (None)<br>**Electronic Record and Signature Disclosure:**<br>   Not Offered via DocuSign | COPIED | Sent: 7/6/2022 2:06:20 PM<br>Viewed: 7/7/2022 12:59:40 PM |
| Chris Petersen<br>chris@pridegroupenterprises.com<br>Security Level: Email, Account Authentication (None)<br>**Electronic Record and Signature Disclosure:**<br>   Not Offered via DocuSign | COPIED | Sent: 7/6/2022 2:06:19 PM |
| Jasvir Johal<br>inderjit@pridegroupenterprises.com<br>Security Level: Email, Account Authentication (None)<br>**Electronic Record and Signature Disclosure:**<br>   Not Offered via DocuSign | COPIED | Sent: 7/6/2022 2:06:19 PM<br>Viewed: 7/6/2022 2:15:28 PM |
| Nicholas Haddad<br>Nicholas.Haddad@PACCAR.com<br>Region Manager<br>PACCAR Financial Corp<br>Security Level: Email, Account Authentication (None)<br>**Electronic Record and Signature Disclosure:**<br>   Not Offered via DocuSign | COPIED | Sent: 7/6/2022 2:06:20 PM<br>Viewed: 7/6/2022 2:07:55 PM |

| Witness Events | Signature | Timestamp |
|---|---|---|

| Notary Events | Signature | Timestamp |
|---|---|---|

| Envelope Summary Events | Status | Timestamps |
|---|---|---|
| Envelope Sent | Hashed/Encrypted | 7/6/2022 2:06:20 PM |
| Certified Delivered | Security Checked | 7/7/2022 8:31:31 AM |

| Envelope Summary Events | Status | Timestamps |
|---|---|---|
| Signing Complete | Security Checked | 7/13/2022 11:42:53 AM |
| Completed | Security Checked | 7/13/2022 11:42:53 AM |

| Payment Events | Status | Timestamps |
|---|---|---|

## EXHIBIT "C"

## TRUCKS IN TPINE'S POSSESSION AS OF MARCH 27, 2024

- **CANADA**

| S. No. | VIN |
|--------|-----|
| 1. | 1NPCX4TX7RD655697 |
| 2. | 1NPCX4TX3RD655700 |
| 3. | 1NPCX4TX5RD655701 |
| 4. | 1NPCX4TX7RD655702 |
| 5. | 1NPCX4TX9RD655703 |
| 6. | 1NPCX4TX2RD655705 |
| 7. | 1NPCX4TXXRD655709 |
| 8. | 1NPCX4TX9RD655717 |
| 9. | 1NPCX4TX9RD655720 |
| 10. | 1NPCX4TX0RD655721 |
| 11. | 1NPCX4TX2RD655722 |
| 12. | 1NPCX4TX4RD655723 |
| 13. | 1NPCX4TX6RD655724 |
| 14. | 1NPCX4TX8RD655725 |
| 15. | 1NPCX4TXXRD655726 |
| 16. | 1NPCX4TX1RD655727 |
| 17. | 1NPCX4TX3RD655728 |
| 18. | 1NPCX4TX5RD655732 |
| 19. | 1NPCX4TX7RD655733 |
| 20. | 1NPCX4TX9RD655734 |
| 21. | 1XPBD49X0RD655753 |
| 22. | 1XPBD49X4RD655769 |
| 23. | 1XPBD49X5RD655778 |
| 24. | 1XPBD49X5RD655800 |
| 25. | 1XPBD49X7RD655801 |
| 26. | 1XPBD49X9RD655802 |
| 27. | 1XPBD49X4RD655805 |
| 28. | 1XPBD49X6RD655806 |
| 29. | 1XPBD49X8RD655807 |
| 30. | 1XPBD49XXRD655808 |

This is Exhibit............"C"............referred to in the
affidavit of ...... James  Scheure ..........
sworn before me, this ....... 23 nd ...............
day of ...... July ..................................20..24

........Nikita Tewoso........
A COMMISSIONER FOR TAKING AFFIDAVITS

| | |
|---|---|
| 31. | 1XPBD49XXRD655811 |
| 32. | 1XPBD49X1RD655812 |
| 33. | 1XPBD49X3RD655813 |
| 34. | 1XPBD49X7RD655815 |
| 35. | 1XPBD49X0RD655817 |
| 36. | 1XPBD49X2RD655818 |
| 37. | 1XPBD49X4RD655819 |
| 38. | 1XPBD49X0RD655820 |
| 39. | 1XPBD49X2RD655821 |
| 40. | 1XPBD49X8RD655824 |
| 41. | 1XPBD49X5RD655828 |
| 42. | 1XPBD49X3RD655830 |
| 43. | 1XPBD49X5RD655831 |
| 44. | 1XPBD49X7RD655832 |
| 45. | 1XPBD49X9RD655833 |
| 46. | 1XPBD49X0RD655834 |
| 47. | 1XPBD49X4RD655836 |
| 48. | 1XPBD49X6RD655837 |
| 49. | 1XPBD49X8RD655838 |
| 50. | 1XPBD49XXRD655839 |
| 51. | 1XPBD49X8RD655841 |
| 52. | 1XPBD49XXRD655842 |
| 53. | 1XPBD49X1RD655843 |
| 54. | 1XPBD49X3RD655844 |
| 55. | 1XPBD49X5RD655845 |
| 56. | 1XPBD49X7RD655846 |
| 57. | 1XPBD49X0RD655848 |
| 58. | 1XPBD49X9RD655850 |
| 59. | 1XPBD49X0RD655851 |
| 60. | 1XPBD49X2RD655852 |
| 61. | 1XPBD49X6RD655854 |
| 62. | 1XPBD49X8RD655855 |
| 63. | 1XPBD49XXRD655856 |
| 64. | 1XPBD49X1RD655857 |
| 65. | 1XPBD49X3RD655858 |
| 66. | 1XPBD49X1RD655860 |
| 67. | 1XPBD49X3RD655861 |
| 68. | 1XPBD49X5RD655862 |
| 69. | 1XPBD49X7RD655863 |
| 70. | 1XPBD49X9RD655864 |
| 71. | 1XPBD49X0RD655865 |

| 72. | 1XPBD49X2RD655866 |
| 73. | 1XPBD49X4RD655867 |
| 74. | 1XPBD49X6RD655868 |
| 75. | 1XPBD49X8RD655869 |
| 76. | 1XPBD49X4RD655870 |
| 77. | 1XPBD49X6RD655871 |
| 78. | 1XPBDP9X1PD873490 |
| 79. | 3BKDX4TX4PF951218 |
| 80. | 3BKDX4TX6PF951219 |
| 81. | 1NKZX4TX8RJ974818 |
| 82. | 1NPCX4TX0RD655718 |
| 83. | 1NPCX4TX0RD655719 |
| 84. | 1XPBD49X4RD655853 |
| 85. | 1NKZX4TX8RJ974819 |
| 86. | 3BKDX4TX4PF951220 |
| 87. | 1XPBD49X5RD655859 |

- **UNITED STATES**

| S. No. | VIN |
| --- | --- |
| 1. | 1XKYD49X8GJ491697 |
| 2. | 1XKYD49X4KJ242385 |
| 3. | 1XKYD49X8LJ344824 |
| 4. | 1XKYD49X2KJ242420 |
| 5. | 1XKYD49X8KJ242485 |
| 6. | 1XKYD49X1KJ242568 |
| 7. | 1XKYD49X1NJ101035 |
| 8. | 1XKYD49X3NJ467014 |
| 9. | 1XKYD49X5NJ467032 |
| 10. | 1XKYD49X6NJ489847 |
| 11. | 1XKYD49X6NJ499813 |
| 12. | 1XKYD49X7NJ101041 |
| 13. | 1XKYD49X8NJ479143 |
| 14. | 1XKYD49XXNJ467012 |
| 15. | 1XKYD49X1NJ148713 |
| 16. | 1XKYD49X1NJ482661 |
| 17. | 1XKYD49X3NJ172740 |

| | |
|---|---|
| 18. | 1XKYD49X4NJ489880 |
| 19. | 1XKYD49X6NJ123595 |
| 20. | 1XKYD49X7NJ172742 |
| 21. | 1XKYD49X8NJ489879 |
| 22. | 1XKYD49X8NJ489882 |
| 23. | 1XKYD49XXNJ151089 |
| 24. | 1XPBD49X0ND789804 |
| 25. | 1XKYD49X4HJ132543 |
| 26. | 1XKYDP9X7KJ239191 |
| 27. | 1XKYD49X0KJ220285 |
| 28. | 1XKYDP9X8KJ233013 |
| 29. | 1XKYD49X1KJ253487 |
| 30. | 1XKYD49X4KJ225506 |
| 31. | 1XKYDP9X9LJ421735 |
| 32. | 1XKYD49X5MJ461861 |
| 33. | 1XKYD49X2MJ460053 |
| 34. | 1XKYD49X2MJ447206 |
| 35. | 1XKYD49X6MJ447192 |
| 36. | 1XKYD49X4RJ368918 |
| 37. | 1XKYD49X6RJ368919 |
| 38. | 1XKYD49X8RJ368923 |
| 39. | 1XPBD49X8RD639526 |
| 40. | 1XPBD49XXRD639527 |
| 41. | 1XPBD49X1RD639528 |
| 42. | 1XPBD49XXRD639530 |
| 43. | 1XPBD49X0RD639536 |
| 44. | 1XPBD49X2RD639537 |
| 45. | 1XPBD49X4RD639538 |
| 46. | 1XPBD49X6RD639539 |
| 47. | 1XPBD49X2RD639540 |
| 48. | 1XPBD49X0PD789787 |
| 49. | 1XPBD49X4PD789789 |
| 50. | 1XPBD49X0PD789790 |
| 51. | 1XPBD49X2PD789791 |
| 52. | 1XPBD49X2PD841436 |
| 53. | 1XKYD49X4PJ246539 |
| 54. | 1XPBD49X7PD890003 |
| 55. | 1XPBD49X9PD890004 |
| 56. | 1XPBD49X0PD890005 |
| 57. | 1XPBD49X2PD890006 |
| 58. | 1XPBD49X4PD890007 |

| | |
|---|---|
| 59. | 1XPBD49X6PD890008 |
| 60. | 1XPBD49X8PD890009 |
| 61. | 1XPBD49X4PD890010 |
| 62. | 1XPBD49X6PD890011 |
| 63. | 1XPBD49X6PD889988 |
| 64. | 1XPBD49X8PD889989 |
| 65. | 1XPBD49X4PD889990 |
| 66. | 1XPBD49X6PD889991 |
| 67. | 1XPBD49X8PD889992 |
| 68. | 1XPBD49X9PD889998 |
| 69. | 1XPBD49X0PD889999 |
| 70. | 1XPBD49X1PD890000 |
| 71. | 1XPBD49X3PD890001 |
| 72. | 1XPBD49X5PD890002 |
| 73. | 1XPBD49XXPD889993 |
| 74. | 1XPBD49X1PD889994 |
| 75. | 1XPBD49X3PD889995 |
| 76. | 1XPBD49X7PD889997 |
| 77. | 1XPBD49X8PD890012 |
| 78. | 1XPBD49X5PD889996 |
| 79. | 1XPBD49XXPD890013 |
| 80. | 1XPBD49X1PD890014 |
| 81. | 1XPBD49X3PD890015 |
| 82. | 1XPBD49X5PD890016 |
| 83. | 1XPBD49X7PD890017 |
| 84. | 1XKYD49X1KJ226919 |
| 85. | 1XKYD49X8RJ326591 |
| 86. | 1XKYD49X3RJ358221 |
| 87. | 1XKYD49X5RJ358222 |
| 88. | 1XKYD49X7RJ358223 |
| 89. | 1XKYD49X5RJ326595 |
| 90. | 1XKYD49X7RJ326596 |
| 91. | 1XKYD49X9RJ326597 |
| 92. | 1XKYD49X0RJ326598 |
| 93. | 1XKYD49X9RJ358224 |
| 94. | 1XKYD49X0RJ358225 |
| 95. | 1XKYD49X2RJ358226 |
| 96. | 1XKYD49X4RJ358227 |
| 97. | 1XKYD49X6RJ358228 |
| 98. | 1XKYD49X8RJ358229 |
| 99. | 1XKYD49X4RJ358230 |

| | |
|---|---|
| 100. | 1XKYD49X6RJ358231 |
| 101. | 1XKYD49X8RJ358232 |
| 102. | 1XKYD49XXRJ358233 |
| 103. | 1XKYD49X1RJ358234 |
| 104. | 1XKYD49X3RJ358235 |
| 105. | 1XKYD49X1KJ238388 |
| 106. | 1XKYD49X1KJ240268 |
| 107. | 1XKYD49X5KJ242167 |
| 108. | 1XKYD49X8KJ242387 |
| 109. | 1XPBD49X0KD610673 |
| 110. | 1XPBD49X2KD610657 |
| 111. | 1XPBD49X5KD610670 |
| 112. | 3AKJHHDR0KSKG4284 |
| 113. | 3AKJHHDR7KSKG4296 |
| 114. | 3AKJHHDR9KSKG4350 |
| 115. | 1XKYD49X0LJ344784 |
| 116. | 1XKYD49X0LJ344798 |
| 117. | 1XKYD49X2LJ344849 |
| 118. | 1XKYD49XXKJ242150 |
| 119. | 1XKYD49X1KJ242201 |
| 120. | 1XKYD49XXKJ242228 |
| 121. | 1XKYD49X0KJ242254 |
| 122. | 1XKYD49X4KJ242340 |
| 123. | 1XKYD49X2KJ242353 |
| 124. | 1XKYD49X2KJ242403 |
| 125. | 1XKYD49XXKJ242424 |
| 126. | 1XKYD49X2KJ242479 |
| 127. | 1XKYD49XXKJ242486 |
| 128. | 1XKYD49X0KJ242528 |
| 129. | 1XKYD49X5KJ242556 |
| 130. | 1XPBD49X3KD610604 |
| 131. | 1XPBD49X4LD610693 |
| 132. | 1XKYD49X7NJ479117 |
| 133. | 1XKYDP9X2LJ421737 |
| 134. | 1XKYD49X9NJ148703 |
| 135. | 1XKYDP9X5PJ217892 |
| 136. | 1XKYD49X7MJ460047 |
| 137. | 1XKYD49X8NJ467011 |
| 138. | 1XKYD49X5NJ151095 |
| 139. | 1XKYDP9X5PJ233879 |
| 140. | 1XKYD49X2JJ190009 |

| | |
|---|---|
| 141. | 1XPBD49X1ND801491 |
| 142. | 1XPBD49X5ND801493 |
| 143. | 1XPBD49X3ND801492 |
| 144. | 1XPBD49X7ND801494 |
| 145. | 1XPBD49X4ND801498 |
| 146. | 1XKYD49X4KJ248395 |
| 147. | 1XKYD49X6KJ242498 |
| 148. | 1XKYD49X7KJ238427 |
| 149. | 1XKYD49X1KJ242263 |
| 150. | 1XKYD49X7KJ242459 |
| 151. | 1XKYD49X9KJ242351 |
| 152. | 1XKYD49X8KJ242292 |
| 153. | 1XKYDP9X8KJ236574 |
| 154. | 1XKYD49X3LJ220928 |
| 155. | 1XKYDP9X9MJ460276 |
| 156. | 1XKYD49X7LJ344801 |
| 157. | 1XKYD49X1LJ344728 |
| 158. | 1XKYD49X2LJ344818 |
| 159. | 1XKYD49X9LJ374804 |
| 160. | 1XKYDP9X1LJ358131 |
| 161. | 1XKYD49X0MJ466353 |
| 162. | 1XKYD49XXLJ357512 |
| 163. | 1XKYD49X7KJ250920 |
| 164. | 1XKYD49XXKJ253326 |
| 165. | 1XKYD49X4KJ256688 |
| 166. | 1XKYD49X6KJ256479 |
| 167. | 1XKYD49X9KJ256671 |
| 168. | 3AKJHHDR9KSKJ0499 |
| 169. | 1FUJHHDR8KLKG9504 |
| 170. | 1XKYD49X2LJ413698 |
| 171. | 1XKYDP9X9LJ307878 |
| 172. | 1XKYDP9X4LJ360777 |
| 173. | 1XKYD49X1NJ101018 |
| 174. | 1XKYD49X6NJ479156 |
| 175. | 1XKYD49X2NJ489862 |
| 176. | 1XKYD49X4NJ479138 |
| 177. | 1XKYD49X0NJ489925 |
| 178. | 1XKYD49X6NJ482560 |
| 179. | 1XKYD49X8NJ499912 |
| 180. | 1XKYD49XXNJ482559 |
| 181. | 1XKYD49X9NJ479118 |

| | |
|---|---|
| 182. | 1XKYD49XXNJ489849 |
| 183. | 1XPBD49X7PD875453 |
| 184. | 1XPBD49X5PD875502 |
| 185. | 1XPBD49X6PD875590 |
| 186. | 1XPBD49X5PD875600 |
| 187. | 1XPBD49X1PD875626 |
| 188. | 1XPBD49X7PD875632 |
| 189. | 1XPBD49X6PD875637 |
| 190. | 1XKYD49X4KJ242337 |
| 191. | 1XKYD49X3KJ242183 |
| 192. | 1XKYD49X0KJ242545 |
| 193. | 1XKYD49X3KJ242264 |
| 194. | 1XKYD49X7KJ242445 |
| 195. | 1XKYD49X5KJ242539 |
| 196. | 1XKYD49X3KJ242345 |
| 197. | 1XKYD49X9KJ242446 |
| 198. | 1XPBD49X4KD610627 |
| 199. | 1XKYD49X4KJ242435 |
| 200. | 1XKYD49X3KJ242300 |
| 201. | 1XKYD49X2KJ242546 |
| 202. | 1XKYD49X5KJ242329 |
| 203. | 1XPBD49X4KD610577 |
| 204. | 1XPBD49X6LD690143 |
| 205. | 1XKYD49X6KJ242341 |
| 206. | 1XKYD49X5KJ242217 |
| 207. | 1XKYD49X3KJ242359 |
| 208. | 1XKYD49X8KJ242423 |
| 209. | 1XKYD49X0KJ242481 |
| 210. | 1XKYD49X6KJ242484 |
| 211. | 1XPBD49X2KD610674 |
| 212. | 1XKYD49X6LJ344806 |
| 213. | 1XKYD49X5KJ242170 |
| 214. | 1XKYD49X9KJ242317 |
| 215. | 1XKYD49XXKJ242357 |
| 216. | 1XKYD49X3KJ242426 |
| 217. | 1XKYD49X3KJ242443 |
| 218. | 1XKYD49X2KJ242496 |
| 219. | 1XKYD49X6KJ242534 |
| 220. | 1XKYD49X9KJ242561 |
| 221. | 1XKYD49XXLJ344839 |
| 222. | 1XKYD49X5LJ344733 |

| | |
|---|---|
| 223. | 1XKYD49X6LJ344742 |
| 224. | 1XPBD49X8KD610579 |
| 225. | 1XPBD49X9KD610588 |
| 226. | 1XPBD49X9KD610641 |
| 227. | 1XPBD49X6LD610713 |
| 228. | 1XKYD49X7RJ372395 |
| 229. | 1XKYD49X8RJ372390 |
| 230. | 1XKYD49X9RJ372396 |
| 231. | 1XKYD49X5RJ372394 |
| 232. | 1XKYD49X1RJ372389 |
| 233. | 1XKYD49X1RJ383442 |
| 234. | 1XKYD49X3RJ383443 |
| 235. | 1XKYD49XXRJ372391 |
| 236. | 1XKYD49XXRJ383441 |
| 237. | 1XKYD49X7RJ383445 |
| 238. | 1XKYD49X2RJ385183 |
| 239. | 1XKYD49X0RJ385182 |
| 240. | 1XKYD49X4RJ386030 |
| 241. | 1XKYD49X6RJ386028 |
| 242. | 1XKYD49X8RJ386029 |
| 243. | 1XKYD49X8RJ386032 |
| 244. | 1XKYD49X2RJ386026 |
| 245. | 1XKYD49X0RJ386025 |
| 246. | 1XKYD49X9RJ386024 |
| 247. | 1XKYD49X7RJ386023 |
| 248. | 1XKYD49X6RJ386031 |
| 249. | 1XKYD49X7RJ383476 |
| 250. | 1XKYD49X6RJ383470 |
| 251. | 1XKYD49X7RJ383462 |
| 252. | 1XKYD49X3RJ383460 |
| 253. | 1XKYD49X5RJ383461 |
| 254. | 1XKYDP9X2PJ233869 |
| 255. | 1XKYDP9XXPJ233876 |
| 256. | 1XPBD49X1PD850452 |
| 257. | 1XPBDP9X2PD850509 |
| 258. | 1XPBDP9X9PD850510 |
| 259. | 1XPBDP9X2PD850512 |
| 260. | 1XPBDP9X4PD850513 |
| 261. | 1XKYD49X3NJ499803 |
| 262. | 1XKYD49X5KJ240323 |
| 263. | 1XPBD49X3RD639529 |

| 264. | 1XKYD49X5NJ482551 |
| 265. | 1XPBD49X5PD875452 |
| 266. | 1XKYD49X9KJ242477 |
| 267. | 1XKYD49XXJJ211155 |
| 268. | 1XPBD49X1KD610665 |
| 269. | 1XKYD49X4LJ344755 |
| 270. | 1XKYD49X5NJ466981 |
| 271. | 1XKYD49X8KJ242342 |
| 272. | 1XKYD49X5KJ221206 |
| 273. | 1XKYD49X5JJ214688 |
| 274. | 1XKYD49X1KJ240299 |
| 275. | 1XKYD49X1LJ403499 |
| 276. | 1XPBD49X4PD861039 |
| 277. | 1XKYDP9X4KJ229864 |
| 278. | 1XKYD49X7KJ242347 |
| 279. | 1XKYD49X9LJ344833 |
| 280. | 1XKYD49X4LJ344741 |
| 281. | 1XKYD49X0NJ482571 |
| 282. | 1XPBD49X9LD610706 |
| 283. | 1XKYD49X6KJ242551 |
| 284. | 1XPBD49X1PD875593 |
| 285. | 1XKYD49XXNJ482545 |
| 286. | 1XPBD49X2ND789786 |
| 287. | 1XKYDP9X0PJ218089 |

EXHIBIT "D"

LEASED TRUCKS AS ON MAY 27, 2024

| S. No. | VIN |
|--------|-----|
| 1. | 1XPBD49X4RD655836 |
| 2. | 1XPBD49XXRD655839 |
| 3. | 1XPBD49X0RD655848 |
| 4. | 1NPCX4TX5RD655732 |
| 5. | 1XPBD49X8RD655841 |
| 6. | 1XPBD49X6RD655868 |
| 7. | 1XKYDP9XXPJ233876 |
| 8. | 1XPBD49X0PD789787 |
| 9. | 1XKYD49XXNJ151089 |
| 10. | 1XKYD49X6NJ489847 |
| 11. | 1XKYD49X6NJ499813 |
| 12. | 1XKYD49X4HJ132543 |
| 13. | 1XKYDP9X8KJ233013 |
| 14. | 1XKYD49X2MJ460053 |
| 15. | 1XKYD49X8KJ242387 |
| 16. | 1XPBD49X0KD610673 |
| 17. | 3AKJHHDR9KSKG4350 |
| 18. | 1XKYD49XXKJ242150 |
| 19. | 1XKYD49XXKJ242228 |
| 20. | 1XKYD49X0KJ242254 |
| 21. | 1XKYD49X4KJ242340 |
| 22. | 1XKYD49XXKJ242486 |
| 23. | 1XKYD49X5KJ242556 |
| 24. | 1XPBD49X4LD610693 |
| 25. | 1XPBD49X3ND801492 |
| 26. | 1XKYDP9X2LJ421737 |
| 27. | 1XKYD49X9NJ148703 |
| 28. | 1XKYD49X5NJ151095 |
| 29. | 1XKYD49X7KJ238427 |
| 30. | 1XKYD49X9KJ242351 |
| 31. | 1XKYD49X8KJ242292 |
| 32. | 1XKYD49X3LJ220928 |
| 33. | 1XKYD49X9KJ256671 |
| 34. | 3AKJHHDR9KSKJ0499 |
| 35. | 1FUJHHDR8KLKG9504 |

This is Exhibit.........D....... referred to in the
affidavit of .......James Schedan.........
sworn before me, this .......23rd......
day of ......July.........................20..24

......Nikita Tanwar......
A COMMISSIONER FOR TAKING AFFIDAVITS

| 36. | 1XKYD49X6NJ482560 |
| 37. | 1XKYD49X8NJ499912 |
| 38. | 1XKYD49X4KJ242337 |
| 39. | 1XKYD49X0KJ242545 |
| 40. | 1XKYD49X3KJ242345 |
| 41. | 1XKYD49X9KJ242446 |
| 42. | 1XPBD49X4KD610627 |
| 43. | 1XKYD49X3KJ242300 |
| 44. | 1XPBD49X4KD610577 |
| 45. | 1XKYD49X6KJ242341 |
| 46. | 1XKYD49X5KJ242217 |
| 47. | 1XKYD49X3KJ242359 |
| 48. | 1XKYD49X8KJ242423 |
| 49. | 1XKYD49X0KJ242481 |
| 50. | 1XKYD49X1KJ242568 |
| 51. | 1XPBD49X2KD610674 |
| 52. | 1XKYD49X5KJ242170 |
| 53. | 1XKYD49XXKJ242357 |
| 54. | 1XKYD49X3KJ242443 |
| 55. | 1XKYD49X2KJ242496 |
| 56. | 1XKYD49X9KJ242561 |
| 57. | 1XKYD49X5LJ344733 |
| 58. | 1XKYD49X6LJ344742 |
| 59. | 1XPBD49X9KD610588 |
| 60. | 1XPBD49X9KD610641 |
| 61. | 1XPBD49X6LD610713 |
| 62. | 1XKYD49X8RJ372390 |
| 63. | 1XKYD49X4RJ386030 |
| 64. | 1XKYD49X6RJ386028 |
| 65. | 1XKYD49X8RJ386029 |
| 66. | 1XKYD49X8RJ386032 |
| 67. | 1XKYD49X2RJ386026 |
| 68. | 1XKYD49X0RJ386025 |
| 69. | 1XKYD49X9RJ386024 |
| 70. | 1XKYD49X7RJ386023 |
| 71. | 1XKYD49X6RJ386031 |
| 72. | 1XPBD49X8RD655824 |
| 73. | 1XPBD49X5RD655831 |
| 74. | 1XPBD49X2RD655818 |
| 75. | 1XKYD49XXNJ467012 |
| 76. | 1XKYD49X3NJ467014 |

| | |
|------|-------------------|
| 77. | 1XKYD49X1KJ240268 |
| 78. | 1XPBD49X5KD610670 |
| 79. | 1XKYD49X0LJ344784 |
| 80. | 1XKYD49X0LJ344798 |
| 81. | 1XKYD49X2LJ344849 |
| 82. | 1XKYD49X2KJ242403 |
| 83. | 1XKYD49X0KJ242528 |
| 84. | 1XPBD49X3KD610604 |
| 85. | 1XPBD49X5ND801493 |
| 86. | 1XKYD49X6KJ242498 |
| 87. | 1XKYD49X1NJ101018 |
| 88. | 1XKYD49X4NJ479138 |
| 89. | 1XKYD49XXNJ482559 |
| 90. | 1XKYD49X3KJ242183 |
| 91. | 1XKYD49X7KJ242445 |
| 92. | 1XKYD49X4KJ242435 |
| 93. | 1XKYD49X5KJ242329 |
| 94. | 1XPBD49X6LD690143 |
| 95. | 1XKYD49X6LJ344806 |
| 96. | 1XKYD49X8RJ326591 |
| 97. | 1XKYD49X9KJ242317 |
| 98. | 1XKYD49X2RJ385183 |
| 99. | 1XPBD49X1PD850452 |
| 100. | 1XPBDP9X2PD850509 |
| 101. | 1XPBDP9X2PD850512 |
| 102. | 1XPBDP9X4PD850513 |
| 103. | 1XPBDP9X9PD850510 |
| 104. | 1XKYD49X8NJ489882 |
| 105. | 3AKJHHDR0KSKG4284 |
| 106. | 1XKYD49X2KJ242353 |
| 107. | 1XKYDP9X5PJ217892 |
| 108. | 1XKYD49X2JJ190009 |
| 109. | 1XKYD49X2NJ489862 |
| 110. | 1XKYD49X8NJ479143 |
| 111. | 3AKJHHDR7KSKG4296 |
| 112. | 1XKYD49X5KJ242539 |
| 113. | 1XPBD49X0PD890005 |
| 114. | 1XPBD49X2PD890006 |
| 115. | 1XPBD49X4PD890007 |
| 116. | 1XPBD49X7PD890003 |
| 117. | 1XPBD49X9PD890004 |

| | |
|---|---|
| 118. | 1XPBD49X4PD890010 |
| 119. | 1XPBD49X6PD890008 |
| 120. | 1XPBD49X6PD890011 |
| 121. | 1XPBD49X8PD890009 |
| 122. | 1XPBD49X3PD890001 |
| 123. | 1XPBD49X4PD889990 |
| 124. | 1XPBD49X6PD889988 |
| 125. | 1XPBD49X6PD889991 |
| 126. | 1XPBD49X8PD889989 |
| 127. | 1XPBD49X8PD889992 |
| 128. | 1XPBD49X7PD889997 |
| 129. | 1XPBD49X8PD890012 |
| 130. | 1XPBD49XXPD889993 |
| 131. | 1XPBD49X5PD889996 |
| 132. | 1XPBD49X1PD890014 |
| 133. | 1XPBD49X3PD890015 |
| 134. | 1XPBD49X5PD890016 |
| 135. | 1XPBD49X7PD890017 |
| 136. | 1XPBD49XXPD890013 |
| 137. | 1XKYD49X1LJ403499 |
| 138. | 1XPBDP9X1PD873490 |
| 139. | 1XPBD49X5RD655778 |
| 140. | 1XPBD49X0RD655820 |
| 141. | 1XPBD49X0RD655817 |
| 142. | 1XPBD49X0RD655834 |
| 143. | 1XPBD49X6RD655837 |
| 144. | 1XPBD49X8RD655838 |
| 145. | 1XPBD49X0RD655851 |
| 146. | 1XKYDP9X2PJ233869 |
| 147. | 1XPBD49X2PD789791 |
| 148. | 1XPBD49X4PD789789 |
| 149. | 1XPBD49X0ND789804 |
| 150. | 1XKYD49X8GJ491697 |
| 151. | 1XKYD49X4KJ242385 |

EXHIBIT "E"

**TRUCKS SOLD AS OF JULY 9, 2024**

- **CANADA**

| S. No. | VIN |
|--------|-----|
| 1. | 1NPCX4TX0RD655718 |
| 2. | 1NPCX4TX0RD655719 |
| 3. | 1XPBD49X4RD655853 |
| 4. | 1NKZX4TX8RJ974819 |
| 5. | 3BKDX4TX4PF951220 |
| 6. | 1XPBD49X5RD655859 |

- **UNITED STATES**

| S. No. | VIN |
|--------|-----|
| 1. | 1XKYD49X3NJ499803 |
| 2. | 1XKYD49X5KJ240323 |
| 3. | 1XPBD49X3RD639529 |
| 4. | 1XKYD49X5NJ482551 |
| 5. | 1XPBD49X5PD875452 |
| 6. | 1XKYD49X9KJ242477 |
| 7. | 1XKYD49XXJJ211155 |
| 8. | 1XPBD49X1KD610665 |
| 9. | 1XKYD49X4LJ344755 |
| 10. | 1XKYD49X5NJ466981 |
| 11. | 1XKYD49X8KJ242342 |
| 12. | 1XKYD49X5KJ221206 |
| 13. | 1XKYD49X5JJ214688 |
| 14. | 1XKYD49X1KJ240299 |
| 15. | 1XKYD49X1LJ403499 |

This is Exhibit............" E "............referred to in the
affidavit of ......_James  Schram_......
sworn before me, this ......23 rd............
day of ......_July_......................20._24_

......_Nikita Tanwar_......
A COMMISSIONER FOR TAKING AFFIDAVITS

| | |
|---|---|
| 16. | 1XPBD49X4PD861039 |
| 17. | 1XKYDP9X4KJ229864 |
| 18. | 1XKYD49X7KJ242347 |
| 19. | 1XKYD49X9LJ344833 |
| 20. | 1XKYD49X4LJ344741 |
| 21. | 1XKYD49X0NJ482571 |
| 22. | 1XPBD49X9LD610706 |
| 23. | 1XKYD49X6KJ242551 |
| 24. | 1XPBD49X1PD875593 |
| 25. | 1XKYD49XXNJ482545 |
| 26. | 1XPBD49X2ND789786 |
| 27. | 1XKYDP9X0PJ218089 |

This is Exhibit "F" referred to in the
affidavit of James Schene
sworn before me, this 23rd
day of Feahy 2024

A COMMISSIONER FOR TAKING AFFIDAVITS

**EXHIBIT "F"**

**SALE PRICES, AMOUNTS OWED, LOSSES AS OF JULY 9, 2024**

- **CANADA**

| S. No. | VIN | Amount Owed | Tpine Sale's Price | Amount Short Paid |
|:---:|:---:|:---:|:---:|:---:|
| 1. | 1NPCX4TX0RD655718 | $208,843.77 | 188,992.05 | -$19,851.72 |
| 2. | 1NPCX4TX0RD655719 | $208,843.77 | 188,992.05 | -$19,851.72 |
| 3. | 1XPBD49X4RD655853 | $182,862.96 | 165,878.82 | -$16,984.14 |
| 4. | 1NKZX4TX8RJ974819 | $201,924.98 | 165,878.82 | -$36,046.16 |
| 5. | 3BKDX4TX4PF951220 | $160,562.55 | 166,649.49 | $6,086.94 |
| 6. | 1XPBD49X5RD655859 | $182,862.96 | 125,281.95 | -$57,581.01 |
| | | | Loss to date | **-$144,227.82** |

- **UNITED STATES**

| S. No. | VIN | Amount Owed | Tpine Sale's Price | Amount Short Paid |
|:---:|:---:|:---:|:---:|:---:|
| 1. | 1XKYD49X3NJ499803 | $131,304.21 | 96,795.60 | -$34,508.61 |
| 2. | 1XKYD49X5KJ240323 | $19,217.45 | 39,060.00 | $19,842.55 |
| 3. | 1XPBD49X3RD639529 | $179,249.60 | 153,995.60 | -$25,254.00 |
| 4. | 1XKYD49X5NJ482551 | $119,125.43 | 61,595.00 | -$57,530.43 |
| 5. | 1XPBD49X5PD875452 | $152,442.23 | 114,395.60 | -$38,046.63 |
| 6. | 1XKYD49X9KJ242477 | $54,290.79 | 39,595.60 | -$14,695.19 |
| 7. | 1XKYD49XXJJ211155 | $43,655.68 | 21,995.60 | -$21,660.08 |
| 8. | 1XPBD49X1KD610665 | $46,734.87 | 39,595.60 | -$7,139.27 |
| 9. | 1XKYD49X4LJ344755 | $41,390.62 | 41,702.74 | 312.12 |
| 10. | 1XKYD49X5NJ466981 | $119,125.43 | 64,235.60 | -$54,889.83 |
| 11. | 1XKYD49X8KJ242342 | $42,036.10 | 42,109.26 | 73.16 |
| 12. | 1XKYD49X5KJ221206 | $47,452.23 | 29,035.60 | -$18,416.63 |
| 13. | 1XKYD49X5JJ214688 | $38,747.97 | 35,195.60 | -$3,552.37 |

| | | | | |
|---|---|---|---|---|
| 14. | 1XKYD49X1KJ240299 | $58,087.34 | 48,395.60 | -$9,691.74 |
| 15. | 1XKYD49X1LJ403499 | $51,576.74 | 53,297.14 | 1,720.40 |
| 16. | 1XPBD49X4PD861039 | $152,442.23 | 118,795.60 | -$33,646.63 |
| 17. | 1XKYDP9X4KJ229864 | $55,319.63 | 30,795.60 | -$24,524.03 |
| 18. | 1XKYD49X7KJ242347 | $84,030.82 | 39,595.60 | -$44,435.22 |
| 19. | 1XKYD49X9LJ344833 | $49,699.63 | 47,498.02 | -$2,201.61 |
| 20. | 1XKYD49X4LJ344741 | $47,460.12 | 43,995.60 | -$3,464.52 |
| 21. | 1XKYD49X0NJ482571 | $105,664.21 | 64,235.60 | -$41,428.61 |
| 22. | 1XPBD49X9LD610706 | $41,390.62 | 42,174.69 | 784.07 |
| 23. | 1XKYD49X6KJ242551 | $41,325.80 | 42,177.31 | 851.51 |
| 24. | 1XPBD49X1PD875593 | $152,442.23 | 127,595.60 | -$24,846.63 |
| 25. | 1XKYD49XXNJ482545 | $131,304.21 | 74,800 | -$56,504.21 |
| 26. | 1XPBD49X2ND789786 | $70,094.11 | 55,377.62 | -$14,716.49 |
| 27. | 1XKYDP9X0PJ218089 | $51,601.64 | 53,141.31 | 1,539.67 |
| | | | | |
| | | | Loss to date | -$506,029.24 |

**Total Loss: $650,257.06**

EXHIBIT "G"

**LIST OF TRUCKS ON APPLICANT'S LOTS AS OF MAY 27, 2024**

| S. NO. | VINS |
|--------|------|
| 1. | 3BKDX4TX4PF951218 |
| 2. | 3BKDX4TX6PF951219 |
| 3. | 3BKDX4TX2PF951220 |
| 4. | 1NKZX4TX8RJ974818 |
| 5. | 1NPCX4TX7RD655697 |
| 6. | 1NPCX4TX2RD655705 |
| 7. | 1NPCX4TXXRD655709 |
| 8. | 1XPBD49X0RD655753 |
| 9. | 1NPCX4TX3RD655700 |
| 10. | 1NPCX4TX7RD655702 |
| 11. | 1NPCX4TX9RD655703 |
| 12. | 1NPCX4TX5RD655701 |
| 13. | 1XPBD49X4RD655769 |
| 14. | 1XPBD49X3RD655830 |
| 15. | 1XPBD49X5RD655828 |
| 16. | 1NPCX4TX9RD655717 |
| 17. | 1NPCX4TX9RD655720 |
| 18. | 1NPCX4TX0RD655721 |
| 19. | 1NPCX4TX2RD655722 |
| 20. | 1NPCX4TX4RD655723 |
| 21. | 1NPCX4TX6RD655724 |
| 22. | 1NPCX4TX8RD655725 |
| 23. | 1NPCX4TXXRD655726 |
| 24. | 1NPCX4TX3RD655728 |
| 25. | 1NPCX4TX1RD655727 |
| 26. | 1XPBD49X8RD655807 |
| 27. | 1XPBD49X7RD655801 |
| 28. | 1XPBD49X5RD655800 |
| 29. | 1XPBD49X3RD655813 |
| 30. | 1XPBD49X4RD655819 |
| 31. | 1XPBD49X7RD655832 |
| 32. | 1NPCX4TX9RD655734 |
| 33. | 1XPBD49X4RD655805 |
| 34. | 1XPBD49XXRD655808 |

This is Exhibit............"G"............referred to in the
affidavit of ......James Schenu...................
sworn before me, this ............23ed
day of ............July.......................20.24

............Nikita Tanwar...................
A COMMISSIONER FOR TAKING AFFIDAVITS

| | |
|---|---|
| 35. | 1XPBD49XXRD655811 |
| 36. | 1XPBD49X1RD655812 |
| 37. | 1XPBD49X7RD655815 |
| 38. | 1XPBD49XXRD655842 |
| 39. | 1XPBD49X3RD655844 |
| 40. | 1XPBD49X7RD655846 |
| 41. | 1XPBD49X9RD655850 |
| 42. | 1NPCX4TX7RD655733 |
| 43. | 1XPBD49X9RD655802 |
| 44. | 1XPBD49X6RD655806 |
| 45. | 1XPBD49X2RD655821 |
| 46. | 1XPBD49X9RD655833 |
| 47. | 1XPBD49X1RD655843 |
| 48. | 1XPBD49X5RD655845 |
| 49. | 1XPBD49X2RD655852 |
| 50. | 1XPBD49X6RD655854 |
| 51. | 1XPBD49X8RD655855 |
| 52. | 1XPBD49XXRD655856 |
| 53. | 1XPBD49X1RD655857 |
| 54. | 1XPBD49X3RD655858 |
| 55. | 1XPBD49X5RD655859 |
| 56. | 1XPBD49X1RD655860 |
| 57. | 1XPBD49X3RD655861 |
| 58. | 1XPBD49X5RD655862 |
| 59. | 1XPBD49X7RD655863 |
| 60. | 1XPBD49X0RD655865 |
| 61. | 1XPBD49X2RD655866 |
| 62. | 1XPBD49X6RD655871 |
| 63. | 1XPBD49X9RD655864 |
| 64. | 1XPBD49X4RD655867 |
| 65. | 1XPBD49X8RD655869 |
| 66. | 1XPBD49X4RD655870 |
| 67. | 1XKYD49X4PJ246539 |
| 68. | 1XKYDP9X0PJ218089 |
| 69. | 1XPBD49X0PD889999 |
| 70. | 1XPBD49X1PD890000 |
| 71. | 1XPBD49X5PD890002 |
| 72. | 1XPBD49X9PD889998 |
| 73. | 1XPBD49X1PD889994 |
| 74. | 1XPBD49X3PD889995 |
| 75. | 1XPBD49X0PD789790 |

| 76. | 1XPBD49X2PD841436 |
|---|---|
| 77. | 1XKYD49X1NJ482661 |
| 78. | 1XKYD49X6NJ123595 |
| 79. | 1XKYD49X3NJ172740 |
| 80. | 1XKYD49X7NJ172742 |
| 81. | 1XKYD49X4NJ489880 |
| 82. | 1XKYD49X1NJ148713 |
| 83. | 1XKYD49X8NJ489879 |
| 84. | 1XPBD49X2ND789786 |
| 85. | 1XKYD49X1KJ226919 |
| 86. | 1XKYD49X7NJ101041 |
| 87. | 1XKYD49X5NJ467032 |
| 88. | 1XKYD49X1NJ101035 |
| 89. | 1XKYDP9X7KJ239191 |
| 90. | 1XKYD49X0KJ220285 |
| 91. | 1XKYDP9X4KJ229864 |
| 92. | 1XKYD49X1KJ253487 |
| 93. | 1XKYD49X4KJ225506 |
| 94. | 1XKYDP9X9LJ421735 |
| 95. | 1XKYD49X5MJ461861 |
| 96. | 1XKYD49X2MJ447206 |
| 97. | 1XKYD49X6MJ447192 |
| 98. | 1XKYD49X1KJ238388 |
| 99. | 1XKYD49X5KJ242167 |
| 100. | 1XKYD49X6KJ242551 |
| 101. | 1XPBD49X2KD610657 |
| 102. | 1XKYD49X1KJ242201 |
| 103. | 1XKYD49XXKJ242424 |
| 104. | 1XKYD49X2KJ242479 |
| 105. | 1XPBD49X9LD610706 |
| 106. | 1XPBD49X1ND801491 |
| 107. | 1XPBD49X7ND801494 |
| 108. | 1XPBD49X4ND801498 |
| 109. | 1XKYD49X7NJ479117 |
| 110. | 1XKYD49X0NJ482571 |
| 111. | 1XKYD49X7MJ460047 |
| 112. | 1XKYD49X8NJ467011 |
| 113. | 1XKYDP9X5PJ233879 |
| 114. | 1XKYD49X4KJ248395 |
| 115. | 1XKYD49X1KJ242263 |
| 116. | 1XKYD49X1KJ240299 |

| 117. | 1XKYD49X7KJ242459 |
| 118. | 1XKYDP9X8KJ236574 |
| 119. | 1XKYDP9X9MJ460276 |
| 120. | 1XKYD49X7LJ344801 |
| 121. | 1XKYD49X1LJ344728 |
| 122. | 1XKYD49X2LJ344818 |
| 123. | 1XKYD49X9LJ374804 |
| 124. | 1XKYDP9X1LJ358131 |
| 125. | 1XKYD49X0MJ466353 |
| 126. | 1XKYD49XXLJ357512 |
| 127. | 1XKYD49X7KJ250920 |
| 128. | 1XKYD49XXKJ253326 |
| 129. | 1XKYD49X4KJ256688 |
| 130. | 1XKYD49X6KJ256479 |
| 131. | 1XKYD49X2LJ413698 |
| 132. | 1XKYDP9X9LJ307878 |
| 133. | 1XKYDP9X4LJ360777 |
| 134. | 1XKYD49X6NJ479156 |
| 135. | 1XKYD49X0NJ489925 |
| 136. | 1XKYD49X9NJ479118 |
| 137. | 1XKYD49XXNJ489849 |
| 138. | 1XKYD49XXNJ482545 |
| 139. | 1XPBD49X4PD861039 |
| 140. | 1XPBD49X7PD875453 |
| 141. | 1XPBD49X5PD875502 |
| 142. | 1XPBD49X6PD875590 |
| 143. | 1XPBD49X1PD875593 |
| 144. | 1XPBD49X5PD875600 |
| 145. | 1XPBD49X1PD875626 |
| 146. | 1XPBD49X7PD875632 |
| 147. | 1XPBD49X6PD875637 |
| 148. | 1XKYD49X3KJ242264 |
| 149. | 1XKYD49X2KJ242546 |
| 150. | 1XKYD49X9LJ344833 |
| 151. | 1XKYD49X7KJ242347 |
| 152. | 1XKYD49X6KJ242484 |
| 153. | 1XKYD49X8KJ242485 |
| 154. | 1XKYD49X4RJ368918 |
| 155. | 1XKYD49X6RJ368919 |
| 156. | 1XKYD49X8RJ368923 |
| 157. | 1XKYD49X3KJ242426 |

| 158. | 1XKYD49X6KJ242534 |
| 159. | 1XKYD49XXLJ344839 |
| 160. | 1XKYD49X4LJ344741 |
| 161. | 1XPBD49X8KD610579 |
| 162. | 1XKYD49X3RJ358221 |
| 163. | 1XKYD49X5RJ358222 |
| 164. | 1XKYD49X7RJ358223 |
| 165. | 1XKYD49X5RJ326595 |
| 166. | 1XKYD49X7RJ326596 |
| 167. | 1XKYD49X9RJ326597 |
| 168. | 1XKYD49X0RJ326598 |
| 169. | 1XKYD49X9RJ358224 |
| 170. | 1XKYD49X0RJ358225 |
| 171. | 1XKYD49X2RJ358226 |
| 172. | 1XKYD49X4RJ358227 |
| 173. | 1XKYD49X6RJ358228 |
| 174. | 1XKYD49X8RJ358229 |
| 175. | 1XKYD49X4RJ358230 |
| 176. | 1XKYD49X6RJ358231 |
| 177. | 1XKYD49X8RJ358232 |
| 178. | 1XKYD49XXRJ358233 |
| 179. | 1XKYD49X1RJ358234 |
| 180. | 1XKYD49X3RJ358235 |
| 181. | 1XPBD49X8RD639526 |
| 182. | 1XPBD49XXRD639527 |
| 183. | 1XPBD49X1RD639528 |
| 184. | 1XPBD49XXRD639530 |
| 185. | 1XPBD49X0RD639536 |
| 186. | 1XPBD49X2RD639537 |
| 187. | 1XPBD49X4RD639538 |
| 188. | 1XPBD49X6RD639539 |
| 189. | 1XPBD49X2RD639540 |
| 190. | 1XKYD49X7RJ372395 |
| 191. | 1XKYD49X9RJ372396 |
| 192. | 1XKYD49X5RJ372394 |
| 193. | 1XKYD49X1RJ372389 |
| 194. | 1XKYD49X1RJ383442 |
| 195. | 1XKYD49X3RJ383443 |
| 196. | 1XKYD49XXRJ372391 |
| 197. | 1XKYD49XXRJ383441 |
| 198. | 1XKYD49X7RJ383445 |

| | |
|---|---|
| 199. | 1XKYD49X0RJ385182 |
| 200. | 1XKYD49X7RJ383476 |
| 201. | 1XKYD49X6RJ383470 |
| 202. | 1XKYD49X7RJ383462 |
| 203. | 1XKYD49X3RJ383460 |
| 204. | 1XKYD49X5RJ383461 |

## SCHEDULE "H"

## LIST OF TRUCKS LEASED TO PARTIES WITH PAYMENT DEFAULTS

| S. No. | VIN |
|--------|-----|
| 1. | 1XPBD49X1PD850452 |
| 2. | 1XPBDP9X2PD850509 |
| 3. | 1XPBDP9X2PD850512 |
| 4. | 1XPBDP9X4PD850513 |
| 5. | 1XPBDP9X9PD850510 |
| 6. | 1XKYD49X8NJ489882 |
| 7. | 3AKJHHDR0KSKG4284 |
| 8. | 1XKYD49X2KJ242353 |
| 9. | 1XKYDP9X5PJ217892 |
| 10. | 1XKYD49X2JJ190009 |
| 11. | 1XKYD49X2NJ489862 |
| 12. | 1XKYD49X8NJ479143 |
| 13. | 3AKJHHDR7KSKG4296 |
| 14. | 1XKYD49X5KJ242539 |
| 15. | 1XPBD49X0PD890005 |
| 16. | 1XPBD49X2PD890006 |
| 17. | 1XPBD49X4PD890007 |
| 18. | 1XPBD49X7PD890003 |
| 19. | 1XPBD49X9PD890004 |
| 20. | 1XPBD49X4PD890010 |
| 21. | 1XPBD49X6PD890008 |
| 22. | 1XPBD49X6PD890011 |
| 23. | 1XPBD49X8PD890009 |
| 24. | 1XPBD49X3PD890001 |
| 25. | 1XPBD49X4PD889990 |
| 26. | 1XPBD49X6PD889988 |
| 27. | 1XPBD49X6PD889991 |
| 28. | 1XPBD49X8PD889989 |
| 29. | 1XPBD49X8PD889992 |
| 30. | 1XPBD49X7PD889997 |
| 31. | 1XPBD49X8PD890012 |
| 32. | 1XPBD49XXPD889993 |
| 33. | 1XPBD49X5PD889996 |
| 34. | 1XPBD49X1PD890014 |
| 35. | 1XPBD49X3PD890015 |
| 36. | 1XPBD49X5PD890016 |
| 37. | 1XPBD49X7PD890017 |
| 38. | 1XPBD49XXPD890013 |
| 39. | 1XKYD49X1LJ403499 |

This is Exhibit "H" referred to in the affidavit of _James Schenk_ sworn before me, this 23rd day of _July_ 20 24

_Nibha Tanwar_

A COMMISSIONER FOR TAKING AFFIDAVITS

| | |
|---|---|
| 40. | 1XPBDP9X1PD873490 |
| 41. | 1XPBD49X5RD655778 |
| 42. | 1XPBD49X0RD655820 |
| 43. | 1XPBD49X0RD655817 |
| 44. | 1XPBD49X0RD655834 |
| 45. | 1XPBD49X6RD655837 |
| 46. | 1XPBD49X8RD655838 |
| 47. | 1XPBD49X0RD655851 |
| 48. | 1XKYDP9X2PJ233869 |
| 49. | 1XPBD49X2PD789791 |
| 50. | 1XPBD49X4PD789789 |
| 51. | 1XPBD49X0ND789804 |
| 52. | 1XKYD49X8GJ491697 |
| 53. | 1XKYD49X4KJ242385 |