# EXHIBIT C
## (SUPPLEMENTARY AFFIDAVIT OF JAMES SCHENK SWORN AUGUST 26, 2024)

Court File No. CV-24-00717340-00CL

**ONTARIO**

**SUPERIOR COURT OF JUSTICE (COMMERCIAL LIST)**

IN THE MATTER OF THE COMPANIES' CREDITORS ARRANGEMENT ACT,

R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF **PRIDE GROUP HOLDINGS INC.** and those Applicants listed on Schedule "A" hereto (each, an "**Applicant**", and collectively, the "**Applicants**")

**SUPPLEMENTARY AFFIDAVIT OF JAMES SCHENK**

(sworn August 26, 2024)

I, James Schenk, of the City of Mississauga, in the Province of Ontario, **MAKE OATH AND SAY AS FOLLOWS:**

1.    I am the Vice President and General Manager of PACCAR Financial Services Ltd. and as such have knowledge of the matters I depose to herein, save and except where matters are stated to be on information and belief, in which case I state the source of the information and I verily believe it to be true.

2.    I previously affirmed an Affidavit in this matter on July 23, 2024, which was included in the moving record of the moving parties, PACCAR Financial Ltd. ("**PFL**") , PACCAR Financial Services Ltd. ("**PFSL**"), and PACCAR Financial Corp. ("**PFC**") (collectively referred to as "**PACCAR**"), dated July 12, 2024.

3.    PACCAR understands that a restructuring of the of the Applicants and those entities listed in Schedule "A" hereto (the "**Pride Group**") as a going-concern is no longer feasible and that the Monitor proposes a wind-up of the remaining assets of the Pride Group, as stated in its Thirteenth Report dated August 8, 2024. PACCAR accordingly seeks that the original relief requested by PACCAR in this motion be amended to include all the PACCAR trucks financed by the Tpine Entities through Security Agreements executed with PFC or PFL ("**PACCAR Trucks**"), whether in the possession of the Pride Group or leased out to third

2

parties (the "**Leased Trucks**") (and whether subject to performing or non-performing leases). A list of the PACCAR Trucks is attached hereto as Exhibit "**A**".

4.    With respect to the PACCAR Trucks subject to a competing claim (the "**PACCAR MCV Trucks**" ) and the 31 US PACCAR Trucks which, as of August 2, 2024, the Monitor advised that PACCAR had not produced sufficient evidence of priority, PACCAR proposes to recover and sell those trucks with the proceeds to be paid into trust or into Court pending resolution of the priority claims in accordance with, in the case of the PACCAR MCV Trucks, the MCV protocol and with respect to the 31 US trucks, pending resolution of the priority issues among the affected parties. Attached to this my Affidavit as Exhibits "**B**" and "**C**", respectively, are true copies of the list of the PACCAR MCV Trucks and the 31 US trucks taken from the Monitors 11th report.

5.    For completeness of the record with respect to PACCAR's motion, I have attached to this my Affidavit as Exbibit "**D**", a true copy of the Canadian assignment of lease (the "**Canadian Assignment of Lease**") provided by TLCC as part of the granting of security in favour of PACCAR.

6.    Pursuant to the Canadian Assignment of Lease, TLCC provided PFL and PFSL with an undated executed notice of the assignment of leases where PFL and PFSL have a right to deliver such notice to a lessee if TLCC is in default under any Security Agreement (the "**Executed Notice of TLCC Assignment**"). Attached to this my Affidavit as Exhibit "**E**" is a true copy of the Executed Notice of TLCC Assignment is attached hereto

7.    The Canadian Assignment of Lease obliges TLCC to immediately provide PFL and PFSL with any information that they may request regarding any leases and relevant collateral, including without limitation, a copy of the leases, terms thereof, contact information for the lessees, and the location of the collateral.

8.    TLCL also executed addendums to the Security Agreements entered into between TLCL and relevant PACCAR entities, whereby it has assigned to PFC any leases then existing or thereinafter entered into between TLCL and any third-party lessee with respect to the collateral subject to the relevant Security Agreement related to such addendums (the "**US Assignment of Lease**"). A true copy of an example of one of those Security Agreements executed by TLCL along with the relevant addendum is attached to this my Affidavit as Exhibit "**F**".

9.      TLCL has represented in the US Assignment of Lease that each lease executed between TLCL and any third-party lessee with respect to the collateral subject to the relevant Security Agreement, includes an acknowledgment whereby the relevant third-party lessee acknowledges that TLCL has granted PFC a security interest in the collateral of such lease and that the lessee's rights to the collateral shall be subordinate to the rights and interests of PFC.

10.     The US Assignment of Lease also provides that upon occurrence and during the continuation of any default by TLCL under a Security Agreement, PFC has the right to: (a) require TLCL to notify the relevant third-party lessee to make payments to PFC of any amounts which are due or to become due under relevant third-party leases; or (b) contact the relevant third-party lessee for the purpose of having such lessee pay its obligations under the relevant third-party leases directly to PFC.

11.     PACCAR remains concerned that it is suffering significant prejudice by the delay in recovering and selling its unsold "idle" units (and trucks subject to non-performing leases) as a result of the ongoing depreciation of those units.

12.     As well, PACCAR is now concerned that its idle units are not being properly cared for and are suffering physical damage. PACCAR arranged to have photographs taken of some of its idle units located at one Pride Group's lots (in Fontana, California). Attached to this my Affidavit as Exhibit "**G**" are true copies of photographs taken by PACCAR's personnel on or about August 21, 2024 showing some PACCAR Trucks sitting idle in the Applicants' lots.

13.     PACCAR is concerned that the trucks on the Applicant's lots are suffering from what is known in the industry as "lot rot", including deterioration of the plastic components and tires, drainage of batteries, corrosion of metal components, and worsening fluid quality. PACCAR's dealerships have processes to prevent "lot rot" through measures like undertaking regular checks of the trucks components and using trickle chargers to prevent battery failures. Also, the trucks are regularly started by these dealerships to ensure the movement of fluids.

14.     I swear this Affidavit in support of a motion to recover the PACCAR Trucks which are in the possession of the Pride Group, to recover PACCAR Trucks subject to non-performing leases, and to take over servicing

of trucks subject to performing leases, and for no other or improper purpose.

SWORN REMOTELY BY JAMES
SCHENK at the City of Mississauga in
the Province of Ontario in Canada, before
me on August 26, 2024 at the City of
Toronto, in the Province of Ontario, in
accordance with O. Reg 431/20,
Administering Oath Remotely.

_Nikita Tanwar_
Commissioner for Taking Affidavits
(or as may be)

NIKITA TANWAR
(LSO # 88053W)

DocuSigned by:

_James Schenk_
D37712AEFD0F416
**JAMES SCHENK**

Docusign Envelope ID: E92DBC20-EC9B-463E-85B0-9CE6FEC80976

5

# SCHEDULE "A"

## A. APPLICANTS

### Operating Entities
*Canadian Operating Entities*
- PRIDE TRUCK SALES LTD.
- TPINE TRUCK RENTAL INC.
- PRIDE GROUP LOGISTICS LTD.
- PRIDE GROUP LOGISTICS INTERNATIONAL LTD.
- TPINE LEASING CAPITAL CORPORATION
- DIXIE TRUCK PARTS INC.
- PRIDE FLEET SOLUTIONS INC.
- TPINE FINANCIAL SERVICES INC.
- PRIDE GROUP EV SALES LTD.

*U.S. Operating Entities*
- TPINE RENTAL USA, INC.
- PRIDE GROUP LOGISTICS USA, CO.
- ARNOLD TRANSPORTATION SERVICES, INC.
- DIXIE TRUCK PARTS INC.
- TPINE FINANCIAL SERVICES CORP.
- PARKER TRANSPORT CO.
- PRIDE FLEET SOLUTIONS USA INC.

### Real Estate Holding Companies
*Canadian Real Estate Holding Companies*
- 2029909 ONTARIO INC.
- 2076401 ONTARIO INC.
- 1450 MEYERSIDE HOLDING INC.
- 933 HELENA HOLDINGS INC.
- 30530 MATSQUI ABBOTSFORD HOLDING INC.
- 2863283 ONTARIO INC.
- 2837229 ONTARIO INC.
- 2108184 ALBERTA LTD.
- 12944154 CANADA INC.
- 13184633 CANADA INC.
- 13761983 CANADA INC.
- 102098416 SASKATCHEWAN LTD.
- 177A STREET SURREY HOLDING INC.
- 52 STREET EDMONTON HOLDING INC.
- 84 ST SE CALGARY HOLDINGS INC.
- 68TH STREET SASKATOON HOLDING INC.
- 3000 PITFIELD HOLDING INC.

*U.S. Real Estate Holding Companies*
- PGED HOLDING, CORP.
- HIGH PRAIRIE TEXAS HOLDING CORP.
- 131 INDUSTRIAL BLVD HOLDING CORP.
- 59TH AVE PHOENIX HOLDING CORP.
- DI MILLER DRIVE BAKERSFIELD HOLDING CORP.
- FRONTAGE ROAD HOLDING CORP.
- ALEXIS INVESTMENTS, LLC
- TERNES DRIVE HOLDING CORP.
- VALLEY BOULEVARD FONTANA HOLDING CORP.
- HIGHWAY 46 MCFARLAND HOLDING CORP.
- TERMINAL ROAD HOLDING, CORP.
- BISHOP ROAD HOLDING CORP.
- OLD NATIONAL HIGHWAY HOLDING CORP.
- 11670 INTERSTATE HOLDING, CORP.
- 401 SOUTH MERIDIAN OKC HOLDING CORP.
- 8201 HWY 66 TULSA HOLDING CORP.
- EASTGATE MISSOURI HOLDING CORP.
- FRENCH CAMP HOLDING CORP.
- 87TH AVENUE MEDLEY FL HOLDING CORP.
- LOOP 820 FORT WORTH HOLDING CORP.
- 162 ROUTE ROAD TROY HOLDING CORP.
- CRESCENTVILLE ROAD CINCINNATI HOLDING CORP.
- MANHEIM ROAD HOLDING CORP.
- 13TH STREET POMPANO BEACH FL HOLDING CORP.
- EAST BRUNDAGE LANE BAKERSFIELD HOLDING CORP.
- CORRINGTON MISSOURI HOLDING CORP.
- 963 SWEETWATER HOLDING CORP.
- OAKMONT DRIVE IN HOLDING CORP.

**Other Holding Companies**
*Other Canadian Holding Companies*
- 2692293 ONTARIO LTD.
- 2043002 ONTARIO INC.
- PRIDE GROUP HOLDINGS INC.
- 2554193 ONTARIO INC.
- 2554194 ONTARIO INC.
- PRIDE GROUP REAL ESTATE HOLDINGS INC.
- 1000089137 ONTARIO INC.

*Other U.S. Holding Companies*
- COASTLINE HOLDINGS, CORP.
- PARKER GLOBAL ENTERPRISES, INC.
- DVP HOLDINGS, CORP.

## B. LIMITED PARTNERSHIPS

*U.S. Limited Partnerships*
- PRIDE TRUCK SALES L.P.
- TPINE LEASING CAPITAL L.P.
- SWEET HOME HOSPITALITY L.P.

## C. ADDITIONAL STAY PARTIES

*Canadian Additional Stay Parties*
- BLOCK 6 HOLDING INC.
- 2500819 ONTARIO INC.

*U.S. and Other Additional Stay Parties*
- PERGOLA HOLDINGS, CORP.
- PRIDE GLOBAL INSURANCE COMPANY LTD.

EXHIBIT "A"

LIST OF PACCAR TRUCKS

1. **List of PACCAR Trucks in United States**

| S. NO. | VIN |
|--------|-----|
| 1. | 1XKYD49X8GJ491697 |
| 2. | 1XKYD49X4KJ242385 |
| 3. | 1XKYD49X8LJ344824 |
| 4. | 1XKYD49X2KJ242420 |
| 5. | 1XKYD49X8KJ242485 |
| 6. | 1XKYD49X1KJ242568 |
| 7. | 1XKYD49X3NJ467014 |
| 8. | 1XKYD49X5NJ467032 |
| 9. | 1XKYD49X6NJ489847 |
| 10. | 1XKYD49X6NJ499813 |
| 11. | 1XKYD49X7NJ101041 |
| 12. | 1XKYD49X8NJ479143 |
| 13. | 1XKYD49XXNJ467012 |
| 14. | 1XKYD49X1NJ482661 |
| 15. | 1XKYD49X3NJ172740 |
| 16. | 1XKYD49X4NJ489880 |
| 17. | 1XKYD49X6NJ123595 |
| 18. | 1XKYD49X7NJ172742 |
| 19. | 1XKYD49X8NJ489879 |
| 20. | 1XKYD49X8NJ489882 |
| 21. | 1XKYD49XXNJ151089 |
| 22. | 1XPBD49X0ND789804 |
| 23. | 1XKYD49X4HJ132543 |
| 24. | 1XKYDP9X7KJ239191 |
| 25. | 1XKYDP9X8KJ233013 |
| 26. | 1XKYD49X1KJ253487 |
| 27. | 1XKYD49X4KJ225506 |
| 28. | 1XKYDP9X9LJ421735 |
| 29. | 1XKYD49X5MJ461861 |
| 30. | 1XKYD49X2MJ460053 |
| 31. | 1XKYD49X2MJ447206 |
| 32. | 1XKYD49X6MJ447192 |
| 33. | 1XKYD49X4RJ368918 |
| 34. | 1XKYD49X6RJ368919 |
| 35. | 1XKYD49X8RJ368923 |
| 36. | 1XPBD49X8RD639526 |
| 37. | 1XPBD49XXRD639527 |
| 38. | 1XPBD49X1RD639528 |
| 39. | 1XPBD49XXRD639530 |

This is Exhibit "A" referred to in the affidavit of James Schenk sworn before me, this 26th day of August 20.24

Nikita Tanwar
A COMMISSIONER FOR TAKING AFFIDAVITS

| 40. | 1XPBD49X0RD639536 |
|-----|-------------------|
| 41. | 1XPBD49X2RD639537 |
| 42. | 1XPBD49X4RD639538 |
| 43. | 1XPBD49X6RD639539 |
| 44. | 1XPBD49X2RD639540 |
| 45. | 1XPBD49X0PD789787 |
| 46. | 1XPBD49X4PD789789 |
| 47. | 1XPBD49X0PD789790 |
| 48. | 1XPBD49X2PD789791 |
| 49. | 1XPBD49X2PD841436 |
| 50. | 1XKYD49X4PJ246539 |
| 51. | 1XPBD49X7PD890003 |
| 52. | 1XPBD49X9PD890004 |
| 53. | 1XPBD49X0PD890005 |
| 54. | 1XPBD49X2PD890006 |
| 55. | 1XPBD49X4PD890007 |
| 56. | 1XPBD49X6PD890008 |
| 57. | 1XPBD49X8PD890009 |
| 58. | 1XPBD49X4PD890010 |
| 59. | 1XPBD49X6PD890011 |
| 60. | 1XPBD49X6PD889988 |
| 61. | 1XPBD49X8PD889989 |
| 62. | 1XPBD49X4PD889990 |
| 63. | 1XPBD49X6PD889991 |
| 64. | 1XPBD49X8PD889992 |
| 65. | 1XPBD49X9PD889998 |
| 66. | 1XPBD49X0PD889999 |
| 67. | 1XPBD49X1PD890000 |
| 68. | 1XPBD49X3PD890001 |
| 69. | 1XPBD49X5PD890002 |
| 70. | 1XPBD49XXPD889993 |
| 71. | 1XPBD49X1PD889994 |
| 72. | 1XPBD49X3PD889995 |
| 73. | 1XPBD49X7PD889997 |
| 74. | 1XPBD49X8PD890012 |
| 75. | 1XPBD49X5PD889996 |
| 76. | 1XPBD49XXPD890013 |
| 77. | 1XPBD49X1PD890014 |
| 78. | 1XPBD49X3PD890015 |
| 79. | 1XPBD49X5PD890016 |
| 80. | 1XPBD49X7PD890017 |
| 81. | 1XKYD49X1KJ226919 |
| 82. | 1XKYD49X8RJ326591 |
| 83. | 1XKYD49X3RJ358221 |
| 84. | 1XKYD49X5RJ358222 |
| 85. | 1XKYD49X7RJ358223 |
| 86. | 1XKYD49X5RJ326595 |
| 87. | 1XKYD49X7RJ326596 |
| 88. | 1XKYD49X9RJ326597 |

| 89. | 1XKYD49X0RJ326598 |
|------|-------------------|
| 90. | 1XKYD49X9RJ358224 |
| 91. | 1XKYD49X0RJ358225 |
| 92. | 1XKYD49X2RJ358226 |
| 93. | 1XKYD49X4RJ358227 |
| 94. | 1XKYD49X6RJ358228 |
| 95. | 1XKYD49X8RJ358229 |
| 96. | 1XKYD49X4RJ358230 |
| 97. | 1XKYD49X6RJ358231 |
| 98. | 1XKYD49X8RJ358232 |
| 99. | 1XKYD49XXRJ358233 |
| 100. | 1XKYD49X1KJ238388 |
| 101. | 1XKYD49X1KJ240268 |
| 102. | 1XKYD49X5KJ242167 |
| 103. | 1XKYD49X8KJ242387 |
| 104. | 1XPBD49X0KD610673 |
| 105. | 1XPBD49X2KD610657 |
| 106. | 1XPBD49X5KD610670 |
| 107. | 3AKJHHDR0KSKG4284 |
| 108. | 3AKJHHDR7KSKG4296 |
| 109. | 3AKJHHDR9KSKG4350 |
| 110. | 1XKYD49X0LJ344784 |
| 111. | 1XKYD49X0LJ344798 |
| 112. | 1XKYD49X2LJ344849 |
| 113. | 1XKYD49XXKJ242150 |
| 114. | 1XKYD49X1KJ242201 |
| 115. | 1XKYD49XXKJ242228 |
| 116. | 1XKYD49X0KJ242254 |
| 117. | 1XKYD49X4KJ242340 |
| 118. | 1XKYD49X2KJ242353 |
| 119. | 1XKYD49X2KJ242403 |
| 120. | 1XKYD49XXKJ242424 |
| 121. | 1XKYD49X2KJ242479 |
| 122. | 1XKYD49XXKJ242486 |
| 123. | 1XKYD49X0KJ242528 |
| 124. | 1XKYD49X5KJ242556 |
| 125. | 1XPBD49X3KD610604 |
| 126. | 1XPBD49X4LD610693 |
| 127. | 1XKYD49X7NJ479117 |
| 128. | 1XKYDP9X2LJ421737 |
| 129. | 1XKYD49X9NJ148703 |
| 130. | 1XKYDP9X5PJ217892 |
| 131. | 1XKYD49X7MJ460047 |
| 132. | 1XKYD49X8NJ467011 |
| 133. | 1XKYD49X5NJ151095 |
| 134. | 1XKYDP9X5PJ233879 |
| 135. | 1XKYD49X2JJ190009 |
| 136. | 1XPBD49X1ND801491 |
| 137. | 1XPBD49X5ND801493 |

| 138. | 1XPBD49X3ND801492 |
|------|-------------------|
| 139. | 1XPBD49X7ND801494 |
| 140. | 1XPBD49X4ND801498 |
| 141. | 1XKYD49X4KJ248395 |
| 142. | 1XKYD49X6KJ242498 |
| 143. | 1XKYD49X7KJ238427 |
| 144. | 1XKYD49X7KJ242459 |
| 145. | 1XKYD49X9KJ242351 |
| 146. | 1XKYD49X8KJ242292 |
| 147. | 1XKYDP9X8KJ236574 |
| 148. | 1XKYD49X3LJ220928 |
| 149. | 1XKYD49X7LJ344801 |
| 150. | 1XKYD49X1LJ344728 |
| 151. | 1XKYD49X9LJ374804 |
| 152. | 1XKYD49X0MJ466353 |
| 153. | 1XKYD49XXLJ357512 |
| 154. | 1XKYD49X7KJ250920 |
| 155. | 1XKYD49XXKJ253326 |
| 156. | 1XKYD49X6KJ256479 |
| 157. | 1XKYD49X9KJ256671 |
| 158. | 3AKJHHDR9KSKJ0499 |
| 159. | 1FUJHHDR8KLKG9504 |
| 160. | 1XKYD49X2LJ413698 |
| 161. | 1XKYDP9X9LJ307878 |
| 162. | 1XKYDP9X4LJ360777 |
| 163. | 1XKYD49X1NJ101018 |
| 164. | 1XKYD49X6NJ479156 |
| 165. | 1XKYD49X2NJ489862 |
| 166. | 1XKYD49X4NJ479138 |
| 167. | 1XKYD49X0NJ489925 |
| 168. | 1XKYD49X6NJ482560 |
| 169. | 1XKYD49X8NJ499912 |
| 170. | 1XKYD49XXNJ482559 |
| 171. | 1XKYD49X9NJ479118 |
| 172. | 1XKYD49XXNJ489849 |
| 173. | 1XPBD49X5PD875502 |
| 174. | 1XPBD49X6PD875590 |
| 175. | 1XPBD49X5PD875600 |
| 176. | 1XPBD49X1PD875626 |
| 177. | 1XPBD49X6PD875637 |
| 178. | 1XKYD49X4KJ242337 |
| 179. | 1XKYD49X3KJ242183 |
| 180. | 1XKYD49X0KJ242545 |
| 181. | 1XKYD49X3KJ242264 |
| 182. | 1XKYD49X7KJ242445 |
| 183. | 1XKYD49X5KJ242539 |
| 184. | 1XKYD49X3KJ242345 |
| 185. | 1XKYD49X9KJ242446 |
| 186. | 1XPBD49X4KD610627 |

| | |
|---|---|
| 187. | 1XKYD49X4KJ242435 |
| 188. | 1XKYD49X3KJ242300 |
| 189. | 1XKYD49X2KJ242546 |
| 190. | 1XKYD49X5KJ242329 |
| 191. | 1XPBD49X4KD610577 |
| 192. | 1XPBD49X6LD690143 |
| 193. | 1XKYD49X6KJ242341 |
| 194. | 1XKYD49X5KJ242217 |
| 195. | 1XKYD49X3KJ242359 |
| 196. | 1XKYD49X8KJ242423 |
| 197. | 1XKYD49X0KJ242481 |
| 198. | 1XPBD49X2KD610674 |
| 199. | 1XKYD49X6LJ344806 |
| 200. | 1XKYD49X5KJ242170 |
| 201. | 1XKYD49X9KJ242317 |
| 202. | 1XKYD49XXKJ242357 |
| 203. | 1XKYD49X3KJ242426 |
| 204. | 1XKYD49X3KJ242443 |
| 205. | 1XKYD49X2KJ242496 |
| 206. | 1XKYD49X6KJ242534 |
| 207. | 1XKYD49X9KJ242561 |
| 208. | 1XKYD49XXLJ344839 |
| 209. | 1XKYD49X5LJ344733 |
| 210. | 1XKYD49X6LJ344742 |
| 211. | 1XPBD49X9KD610588 |
| 212. | 1XPBD49X9KD610641 |
| 213. | 1XPBD49X6LD610713 |
| 214. | 1XKYD49X7RJ372395 |
| 215. | 1XKYD49X8RJ372390 |
| 216. | 1XKYD49X9RJ372396 |
| 217. | 1XKYD49X5RJ372394 |
| 218. | 1XKYD49X1RJ372389 |
| 219. | 1XKYD49X1RJ383442 |
| 220. | 1XKYD49X3RJ383443 |
| 221. | 1XKYD49XXRJ372391 |
| 222. | 1XKYD49XXRJ383441 |
| 223. | 1XKYD49X7RJ383445 |
| 224. | 1XKYD49X2RJ385183 |
| 225. | 1XKYD49X0RJ385182 |
| 226. | 1XKYD49X4RJ386030 |
| 227. | 1XKYD49X6RJ386028 |
| 228. | 1XKYD49X8RJ386029 |
| 229. | 1XKYD49X8RJ386032 |
| 230. | 1XKYD49X2RJ386026 |
| 231. | 1XKYD49X0RJ386025 |
| 232. | 1XKYD49X9RJ386024 |
| 233. | 1XKYD49X7RJ386023 |
| 234. | 1XKYD49X6RJ386031 |
| 235. | 1XKYD49X7RJ383476 |

| | |
|------|---------------------|
| 236. | 1XKYD49X6RJ383470 |
| 237. | 1XKYD49X7RJ383462 |
| 238. | 1XKYD49X3RJ383460 |
| 239. | 1XKYD49X5RJ383461 |
| 240. | 1XKYDP9X2PJ233869 |
| 241. | 1XKYDP9XXPJ233876 |
| 242. | 1XPBD49X1PD850452 |
| 243. | 1XPBDP9X2PD850509 |
| 244. | 1XPBDP9X9PD850510 |
| 245. | 1XPBDP9X2PD850512 |
| 246. | 1XPBDP9X4PD850513 |

2. **List of PACCAR Trucks and Charging Station in Canada**

| S. NO. | VIN |
|---|---|
| 1. | CHARGEMAX – EV CHARGING STATION |
| 2. | 1NPCX4TX7RD655697 |
| 3. | 1NPCX4TX3RD655700 |
| 4. | 1NPCX4TX5RD655701 |
| 5. | 1NPCX4TX7RD655702 |
| 6. | 1NPCX4TX9RD655703 |
| 7. | 1NPCX4TX2RD655705 |
| 8. | 1NPCX4TXXRD655709 |
| 9. | 1NPCX4TX9RD655717 |
| 10. | 1NPCX4TX9RD655720 |
| 11. | 1NPCX4TX0RD655721 |
| 12. | 1NPCX4TX2RD655722 |
| 13. | 1NPCX4TX4RD655723 |
| 14. | 1NPCX4TX6RD655724 |
| 15. | 1NPCX4TX8RD655725 |
| 16. | 1NPCX4TXXRD655726 |
| 17. | 1NPCX4TX1RD655727 |
| 18. | 1NPCX4TX3RD655728 |
| 19. | 1NPCX4TX5RD655732 |
| 20. | 1NPCX4TX7RD655733 |
| 21. | 1NPCX4TX9RD655734 |
| 22. | 1XPBD49X0RD655753 |
| 23. | 1XPBD49X4RD655769 |
| 24. | 1XPBD49X5RD655778 |
| 25. | 1XPBD49X5RD655800 |
| 26. | 1XPBD49X7RD655801 |
| 27. | 1XPBD49X9RD655802 |
| 28. | 1XPBD49X4RD655805 |
| 29. | 1XPBD49X8RD655807 |
| 30. | 1XPBD49XXRD655808 |
| 31. | 1XPBD49XXRD655811 |
| 32. | 1XPBD49X1RD655812 |
| 33. | 1XPBD49X3RD655813 |
| 34. | 1XPBD49X7RD655815 |
| 35. | 1XPBD49X0RD655817 |
| 36. | 1XPBD49X2RD655818 |
| 37. | 1XPBD49X4RD655819 |
| 38. | 1XPBD49X0RD655820 |
| 39. | 1XPBD49X2RD655821 |
| 40. | 1XPBD49X8RD655824 |
| 41. | 1XPBD49X5RD655828 |
| 42. | 1XPBD49X3RD655830 |
| 43. | 1XPBD49X5RD655831 |

| 44. | 1XPBD49X7RD655832 |
| --- | --- |
| 45. | 1XPBD49X9RD655833 |
| 46. | 1XPBD49X0RD655834 |
| 47. | 1XPBD49X4RD655836 |
| 48. | 1XPBD49X6RD655837 |
| 49. | 1XPBD49X8RD655838 |
| 50. | 1XPBD49XXRD655839 |
| 51. | 1XPBD49X8RD655841 |
| 52. | 1XPBD49X1RD655843 |
| 53. | 1XPBD49X3RD655844 |
| 54. | 1XPBD49X5RD655845 |
| 55. | 1XPBD49X7RD655846 |
| 56. | 1XPBD49X0RD655848 |
| 57. | 1XPBD49X0RD655851 |
| 58. | 1XPBD49X2RD655852 |
| 59. | 1XPBD49X8RD655855 |
| 60. | 1XPBD49XXRD655856 |
| 61. | 1XPBD49X3RD655861 |
| 62. | 1XPBD49X5RD655862 |
| 63. | 1XPBD49X7RD655863 |
| 64. | 1XPBD49X9RD655864 |
| 65. | 1XPBD49X0RD655865 |
| 66. | 1XPBD49X2RD655866 |
| 67. | 1XPBD49X4RD655867 |
| 68. | 1XPBD49X6RD655868 |
| 69. | 1XPBD49X4RD655870 |
| 70. | 1XPBD49X6RD655871 |
| 71. | 1XPBDP9X1PD873490 |
| 72. | 3BKDX4TX4PF951218 |
| 73. | 3BKDX4TX6PF951219 |
| 74. | 1NKZX4TX8RJ974818 |

# EXHIBIT "B"

## LIST OF PACCAR MCV TRUCKS

| S. No. | VIN |
|--------|-----|
| 1. | 1XKYD49X8KJ242485 |
| 2. | 1XKYD49X4KJ242385 |
| 3. | 1XPBD49X0RD655817 |
| 4. | 1XPBD49X0RD655834 |
| 5. | 1XPBD49X6RD655837 |
| 6. | 1XPBD49X8RD655838 |
| 7. | 1XPBD49X0RD655851 |
| 8. | 1XPBD49X5RD655778 |
| 9. | 1XPBDP9X1PD873490 |
| 10. | 1XPBD49X0RD655820 |
| 11. | 1XPBD49X4RD655836 |
| 12. | 1XPBD49XXRD655839 |
| 13. | 1XKYD49X1KJ242568 |
| 14. | 1XKYDP9X9LJ421735 |
| 15. | 1XKYD49XXLJ357512 |
| 16. | 1XKYDP9X7KJ239191 |
| 17. | 1XKYDP9X9LJ307878 |
| 18. | 1XKYD49X7NJ101041 |
| 19. | 1XKYD49XXNJ482545 |
| 20. | 1XKYD49X9NJ148703 |
| 21. | 1XKYD49X5NJ151095 |
| 22. | 1XKYDP9X5PJ233879 |
| 23. | 1XKYDP9X9MJ460276 |
| 24. | 1XKYD49X7LJ344801 |

This is Exhibit........."B".........referred to in the
affidavit of .......James Schenk...................
sworn before me, this .........2.6.th...................
day of ......August.................................20..24

.......Nikita Tanwar.............................
A COMMISSIONER FOR TAKING AFFIDAVITS

## EXHIBIT "C"

### LIST OF US TRUCKS

#### (Priority Subject to Further Information)

| S. No. | VIN |
|--------|-----|
| 1. | 1XPBD49X4KD610577 |
| 2. | 1XKYD49X2KJ242420 |
| 3. | 1XKYD49X3KJ242443 |
| 4. | 1XKYD49X5NJ482551 |
| 5. | 1XKYD49X5KJ240323 |
| 6. | 1XKYD49X4KJ242340 |
| 7. | 1XKYD49X2KJ242403 |
| 8. | 1XKYD49X2KJ242479 |
| 9. | 1XKYD49X4LJ344755 |
| 10. | 1XKYD49X8GJ491697 |
| 11. | 1XKYD49XXJJ211155 |
| 12. | 1XKYD49X5KJ221206 |
| 13. | 1XKYD49X9KJ242477 |
| 14. | 1XKYD49X3NJ499803 |
| 15. | 1XKYD49X2NJ489862 |
| 16. | 1XKYD49X0NJ489925 |
| 17. | 1XKYD49X8NJ499912 |
| 18. | 1XPBD49X7PD875632 |
| 19. | 1XPBD49X4PD861039 |
| 20. | 1XPBD49X5PD875452 |
| 21. | 1XPBD49X7PD875453 |
| 22. | 1XPBD49X5PD875502 |
| 23. | 1XPBD49X6PD875590 |
| 24. | 1XPBD49X1PD875593 |
| 25. | 1XPBD49X5PD875600 |
| 26. | 1XPBD49X1PD875626 |
| 27. | 1XPBD49X6PD875637 |
| 28. | 1XKYD49X8LJ344824 |
| 29. | 1XKYD49X4KJ242435 |
| 30. | 1XKYD49X8KJ242342 |
| 31. | 1XPBD49X3RD639529 |

This is Exhibit............"C"...........referred to in the
affidavit of .......James Schreur...........
sworn before me, this .........26th...........
day of .......August..........................2024

.......Nikita Tanwar.........
A COMMISSIONER FOR TAKING AFFIDAVITS

## GENERAL ASSIGNMENT OF LEASES

This General Assignment of Leases is made as of this 28th day of ___December___, 2022 (the "**Assignment**") for the benefit of Paccar Financial Ltd. and Paccar Financial Services Ltd. ("**Paccar**") by TPine Leasing Capital Corporation ("**TPine**").

**WHEREAS** Paccar finances certain equipment from time to time (the "**Equipment**") for and on behalf of TPine pursuant to conditional sales contracts wherein Paccar reserves title to the Equipment (the "**Finance Contracts**");

**AND WHEREAS** TPine intends to lease the Equipment to various third party lessees (each a "**Lessee**") from time to time (the "**Leases**");

**AND WHEREAS** TPine has agreed, as collateral security for its obligations under the Finance Contracts, to assign to Paccar all present and future Leases of the Equipment.

**NOW THEREFORE** in consideration of Paccar consenting to the Leases and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, TPine hereby agrees as follows:

1.  The Leases and all related documents pertaining to the lease of the Equipment will be in a form acceptable to Paccar.  TPine represents and warrants to Paccar that the Leases:

    (a)  will be genuine and will not contain any information that is untrue or incorrect;

    (b)  will contain a prohibition against any further subleasing;

    (c)  will not be assigned, sold, pledged, or conveyed to any third party unless any balance owing under the related Finance Contract is paid in full;

    (d)  will not be subject to any liens, encumbrances, security interests, hypothecs, or other claims other than in our favour or other than arising by operation of law, including any applicable repair and/or storage liens;

    (e)  will contain language ensuring that the Equipment is properly insured; will comply with all applicable laws; and

    (f)  electronic signatures on a Lease shall be accepted if the terms and conditions of the applicable Lease specifically allow for electronic signatures and if such Lease is electronically signed and a copy of the related certificate of completion audit trail created by DocuSign Inc. or such other verification software is available.

*This is Exhibit* "*8* " *referred to in the*
*affidavit of* James Schenk
*sworn before me, this* 26th
*day of* August 20 24

Nikita Toumos
A COMMISSIONER FOR TAKING AFFIDAVITS

- 2 -

2.    TPine hereby assigns and transfers to Paccar, and grants a security interest to Paccar in, all right, title and interest in and to the Leases and all rental revenue derived therefrom and all benefits and advantages thereunder.  Provided that there is no event of default under the Finance Contracts, TPine may continue to bill and collect the rental revenue (the "**Lease Payments**") from the Lessees, provided that the Lease Payments are held in trust by TPine for Paccar.  TPine will provide Paccar with an undated executed notice of the assignment of the Lease which Paccar may deliver to a Lessee if TPine is in default under any Finance Contract;

3.    TPine hereby will indemnifies Paccar, upon demand, for any and all damages, losses, deficiencies, costs, or expenses of whatever kind (including, without limitation, all reasonable legal fees and expenses) that Paccar may incur directly or indirectly in connection with a Lease and the Equipment related thereto.

4.    TPine will continue to perform all of its obligations under the Leases, and TPine's rights and benefits under the Leases shall remain free and clear of any defense, right of offset, and/or counterclaim.  TPine will immediately provide any information that Paccar may request regarding any Lease and the Equipment related thereto including without limitation a copy of the Leases, the terms of the Leases, contact information for the Lessees and the location of the Equipment.  Paccar may take any action necessary to verify the accuracy of the Leases and of any information provided in connection therewith.  TPine will take all actions and execute all agreements and documents that we reasonably request in order to carry out the intent of this Assignment.

5.    TPine will maintain insurance acceptable to Paccar in its sole discretion on the Equipment including without limitation liability and property insurance on such the Equipment with a loss payable and additional insured endorsement in favour of Paccar, as set out in the Finance Contracts, and ensure that the Customer also be properly insured and that you are designated as Additional Insured and first loss payee in the Customer's insurance policy.

Acknowledged and agreed this __28th__ day of __December__, 2022.


TPINE LEASING CAPITAL CORPORATION

Per:_____
Name:
Title:



HST # 839309333 RT0001

NOTICE OF ASSIGNMENT

TO: _____

Address:

RE:    Lease with TPine Leasing Capital Corporation

Take notice that your lease with TPine Leasing Capital Corporation has been assigned to PACCAR FINANCIAL LTD. and you are hereby directed, effective immediately, to make all future lease payments falling due under your lease to:

PACCAR FINANCIAL LTD.
[address]

Any lease payments made to TPine after the date hereof, will not extinguish your obligations under the lease.

Dated this   28th   day of   December   , 2022.

                    TPINE LEASING CAPITAL CORPORATION

Per: _____
Title:

*This is Exhibit ........... "E" ........... referred to in the affidavit of ..... James Shenu ........... sworn before me, this ..... 26th ........... day of ..... August ........... 20 24*

*Nikita Tanwar*
A COMMISSIONER FOR TAKING AFFIDAVI...

6050 DIXIE RD., MISSISSAUGA. ON. L5T 1A6, ☎416-913-9602, www.tpinecapital.com.



# SECURITY AGREEMENT
## RETAIL INSTALLMENT CONTRACT

| SELLER | | BUYER | |
|---|---|---|---|
| NAME | SSMB Pacific Holding Company, Inc. dba NorCal Kenworth | NAME | TPine Leasing Capital LP |
| PLACE OF BUSINESS | 707 Display Way Sacramento, CA 95838 | STREET ADDRESS | 1125 E. Alexis Rd Toledo, OH 43612 |
| MAILING ADDRESS | 707 Display Way Sacramento, CA 95838 | MAILING ADDRESS | 1125 E. Alexis Rd Toledo, OH 43612 |

Seller hereby sells, and Buyer (meaning all undersigned buyers, jointly and severally) hereby purchases, subject to the terms set forth below and on any attachments hereto, the following described vehicle(s) (the "Vehicle(s)"), delivery and acceptance of which in good order Buyer hereby acknowledges.

Buyer hereby grants a security interest in the Vehicle(s) and any additional collateral (collectively the "Collateral"), and any Additions and Accessions thereto (as defined below), to Seller and its assigns to secure prompt payment of the indebtedness herein and performance of Buyer's other obligations, including any additional indebtedness incurred as provided by this Contract and any extensions and renewals of the obligations and future advances and is subject to paragraph 16 "Cross Collateral" and the other provisions below. The security interest extends to the proceeds of the Collateral and the proceeds of any insurance policy.

Buyer also acknowledges that Seller has offered to sell the Vehicle(s) for the cash price indicated, but that the Buyer has chosen to purchase on the terms and conditions of this Contract.

### DESCRIPTION OF VEHICLE(S) - COLLATERAL (for security purposes only)

| YEAR | MAKE | MODEL | VEHICLE ID NUMBER (VIN) | NEW/USED | PRICE OF VEHICLE |
|---|---|---|---|---|---|
| 2023 | Kenworth | T680 | 1XKYDP9X7PJ218087 | New | $168,466.10 |
| 2023 | Kenworth | T680 | 1XKYDP9X0PJ218089 | New | $168,466.10 |
| 2023 | Kenworth | T680 | 1XKYDP9X0PJ218092 | New | $168,466.10 |
| 2023 | Kenworth | T680 | 1XKYDP9X2PJ218093 | New | $168,466.10 |
| 2023 | Kenworth | T680 | 1XKYDP9X4PJ218094 | New | $168,466.10 |
| 2023 | Kenworth | T680 | 1XKYDP9X6PJ218095 | New | $168,466.10 |
| 2023 | Kenworth | T680 | 1XKYDP9X8PJ218096 | New | $168,466.10 |
| 2023 | Kenworth | T680 | 1XKYDP9XXPJ218097 | New | $168,466.10 |
| 2023 | Kenworth | T680 | 1XKYDP9X3PJ218099 | New | $168,466.10 |
| 2023 | Kenworth | T680 | 1XKYDP9XXPJ218102 | New | $168,466.10 |
| | | | | Total: | $1,684,661.00 |

### DESCRIPTION OF TRADE-IN EQUIPMENT

| YEAR | MAKE | MODEL | VEHICLE ID NUMBER (VIN) | ALLOWANCE | PAYOFF | PAYOFF DUE TO |
|---|---|---|---|---|---|---|
| | | | Total: | $0.00 | $0.00 | |

*This is Exhibit "F" referred to in the affidavit of James Schenk sworn before me, this 26th day of August 20.24*

*Nikita Tamunta*

*A COMMISSIONER FOR TAKING AFFIDAVITS*

Page 1 of Security Agreement dated on or about February 03, 2022 between TPine Leasing Capital LP (Buyer) and SSMB Pacific Holding Company, Inc. dba NorCal Kenworth (Seller) which includes, without limitation, an item of collateral with the following Vehicle Identification Number: 1XKYDP9X7PJ218087.

BUYER'S INITIALS
DS
SJ

CAT. NO. 1258A  FSCS 02/2021

DocuSign Envelope ID: 63F4AA80-E864-4D60-A342-6FEA3E3D4000



**PACCAR**
**FINANCIAL**

SECURITY AGREEMENT
RETAIL INSTALLMENT CONTRACT

| ITEMIZATION OF AMOUNT FINANCED | | | |
|---|---|---|---|
| | CASH PRICE | Cash Price | $1,684,661.00 | |
| | | Sales Tax | $0.00 | |
| | | FET | $0.00 | |
| (a) | | TOTAL CASH PRICE | | $1,684,661.00 |
| | DOWN PAYMENT | Net Trade-in | $0.00 | |
| | | Cash | $0.00 | |
| (b) | | TOTAL DOWN PAYMENT | | $0.00 |
| (c) | UNPAID CASH PRICE – (a minus b) | | | $1,684,661.00 |
| | OTHER CHARGES | | | |
| | | PFC Doc Preparation Fee | $450.00 | |
| | | Title Fee | $0.00 | |
| (d) | | TOTAL OTHER CHARGES | | $450.00 |
| (e) | PRINCIPAL BALANCE (Basic Time Price) – (c plus d) | | | $1,685,111.00 |
| (f) | FINANCE CHARGE (Time Price Differential – See Section 17) (Estimated) | | | $174,073.00 |
| (g) | CONTRACT BALANCE (Time Balance – See Section 17) – (Estimated) (e plus f) | | | $1,859,184.00 |

| PAYMENT SCHEDULE |
|---|

**The Contract Balance (Item g) is payable to the Seller or his assignee based on the following schedule:**

| First Installment | No. of Installments | Amount Each | Payment Frequency |
|---|---|---|---|
| 1. March 20, 2022 | 60 | $30,986.40 | Monthly |

| BUYER REPRESENTS AND WARRANTS |
|---|

The Collateral is to be used for business and commercial purposes, and not for agricultural purposes or for personal, family or household use. The Collateral will be titled in the State of California.

Buyer's chief place of business is located at

| | |
|---|---|
| STREET | 1125 E. Alexis Rd |
| CITY | Toledo |
| COUNTY | Lucas |
| STATE | OH |
| ZIP CODE | 43612 |

Buyer will immediately notify Seller in writing of any change in the above address or location. This contract is entered into in the State of California and is governed by its laws.

| DELINQUENCY CHARGE |
|---|

For each installment not paid when due, Buyer agrees to pay Seller a delinquency charge calculated thereon at the rate of 1½% per month for the period of delinquency or, at Seller's option, 5% of such installment, provided that such a delinquency charge is not prohibited by law, otherwise at the highest rate Buyer can legally obligate itself to pay and/or Seller can legally collect.

---

BUYER'S INITIALS
DS
SJ

CAT. NO. 1258A  FSCS 02/2021

PRINTED Feb-04-2022 12:56 PM PT



# SECURITY AGREEMENT
## RETAIL INSTALLMENT CONTRACT

**1. CERTIFICATE OF TITLE - LIENS.**

Buyer agrees that any Certificate of Title for the Collateral will show Seller's security interest (lien) and will be delivered promptly to Seller. Seller has the right to hold the Certificate of Title until Buyer pays all indebtedness and performs all other obligations under this Contract. Buyer promises not to give any other party a lien or security interest in the Collateral without Seller's written consent. Buyer promises not to part with possession of, sell or lease the Collateral without Seller's written consent. Buyer hereby:

(a) agrees that from time to time, at the expense of the Buyer, Buyer will promptly execute and deliver all further instruments and documents, and take all further action that may be necessary or desirable, or that Seller may request, in order to perfect or protect any security interest granted or purported to be granted hereby or to enable Seller to exercise and enforce its rights and remedies hereunder with respect to any Collateral, and

(b) grants to Seller the power to sign Buyer's name and on behalf of Buyer to execute and file applications for title, transfers of title, financing statements, notices of lien and other documents pertaining to any or all of the Collateral.

**2. ASSIGNMENT.**

Seller has the right to assign this Contract to PACCAR Financial Corp. If Seller does assign it, PACCAR Financial Corp. will take all of the Seller's right, title and interest under this Contract (including Seller's interest in the Collateral). Thereafter, the term "Seller" in this contract shall mean PACCAR Financial Corp. This means, among other things, that Buyer will be required to make the payments under this Contract directly to PACCAR Financial Corp. Buyer agrees that if Seller assigns this Contract, and PACCAR Financial Corp. sues Buyer to collect any amount Buyer owes to PACCAR Financial Corp. or to enforce any of Buyer's other obligations to PACCAR Financial Corp., Buyer will not assert any claim or defense Buyer has against Seller as a claim, defense, or setoff against PACCAR Financial Corp.

**3. INSURANCE.**

Buyer agrees to keep the Collateral continuously insured against fire, theft, collision, and any other hazard Seller specifies by an insurance company Seller has approved. The amount of insurance shall be the full insurable value of the Collateral or the full amount of all obligations this Contract secures, whichever is greater. The insurance policy shall provide, in a form acceptable to Seller, for payment of any loss to Seller. Buyer shall deliver promptly to Seller certificates or, if requested, policies of insurance satisfactory to Seller, each with a loss-payable endorsement naming Seller or its assigns as loss- payee as their interests may appear. The insurance policy shall provide that it can be canceled only after written notice of intention to cancel has been delivered to Seller at least ten (10) days before the cancellation date. If the Collateral is lost or damaged, Seller shall have full power to collect any or all insurance proceeds and to apply them as Seller chooses either to satisfy any obligation secured by this Contract (whether or not due or otherwise matured), or to repair the Collateral. If Buyer obtains insurance from a company Seller has not approved, or fails to obtain any insurance, Seller may (but does not have to) obtain any insurance Seller desires to protect its interests. If Seller does

so, Buyer shall reimburse Seller upon demand for its expenses. Seller shall have no liability at all for any losses which occur because no insurance has been obtained or the coverage of the insurance which has been obtained is incomplete.

**4. TAXES.**

Buyer agrees to pay before delinquency all sales and other taxes, license fees and other governmental charges imposed on the Collateral or its sale or use.

**5. USE OF COLLATERAL.**

Buyer agrees to keep the Collateral in good repair; to prevent any waste, loss, damage, or destruction of or to the Collateral; to prevent any unlawful use of the Collateral; and not to make or allow to be made any significant change in the Collateral or in its chassis, body or special equipment, without Seller's written consent. Buyer assumes all risk of damage, loss or destruction of or to the Collateral, whether or not insured against. Seller may examine the Collateral wherever located at any time, and Buyer will inform Seller of the Collateral's location upon Seller's request.

**6. EXPENSES PAID BY SELLER.**

Buyer agrees to reimburse Seller upon demand for any expenses paid by Seller such as taxes, insurance premiums, repair bills, title fees, or in the event of a default, to the fullest extent permitted by law, the expense of retaking, holding, preparing for sale, selling and the like including, (i) the fees of any attorneys retained by Seller, and (ii) all other legal expenses incurred by Seller. Buyer's obligation to pay the expenses shall be secured by this Contract.

**7. TRADE-INS.**

If Buyer has traded in any property, Buyer represents and warrants that the description of it on the front of this Contract is accurate, that the title conveyed is good and its transfer rightful, and that the property is delivered free from any security interest or other lien or encumbrance.

**8. NO WARRANTY.**

If the Vehicle is new, there is no warranty other than that of the manufacturer. If the Vehicle is used, it is sold "AS IS" and "WITH ALL FAULTS."

**SELLER MAKES NO WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. UNLESS SET OUT IN WRITING AND SIGNED BY THE SELLER, THERE ARE NO OTHER WARRANTIES EXPRESS OR IMPLIED.**

**9. ADDITIONS TO COLLATERAL.**

Anything added to the Collateral, including but not limited to engines, transmissions, tires, wheels, fifth wheels, radios and electrical equipment, tanks and any other body or structure that becomes part of the Collateral, shall constitute "Additions and Accessions" and shall be subject to Seller's security interest. All Additions and Accessions must stay with the Collateral if it is repossessed or returned to Seller.

**10. DEFAULT.**

Time is of the essence in this Contract. The due dates for payments and the performance of the other obligations under this contract are among its most crucial provisions. Buyer shall be in

---

BUYER'S INITIALS
SJ



default under this Contract upon the occurrence of any of the following:

(a) Buyer fails to pay on or before the due date the full amount of any scheduled payment, taxes, insurance premium, or other obligation secured by this Contract or under any other instrument or agreement;

(b) Buyer fails to perform any of Buyer's obligations under this Contract;

(c) Any representation Buyer has made in this Contract or in any credit application or financial statement Buyer has given in connection with the credit secured by the Contract turns out to be false;

(d) Any check, note or other instrument given for a payment is dishonored when presented for payment;

(e) The Collateral is seized or levied upon under any legal or governmental process or proceeding against Buyer or the Collateral;

(f) Buyer's death or subject to insolvency proceedings as defined in the Uniform Commercial Code or becomes subject to bankruptcy;

(g) Buyer defaults in the payment or performance of any other agreement in connection with any other obligation owed to PACCAR Financial Corp. or for borrowed money;

(h) Any merger of the borrower with or into any person, or any sale, conveyance, transfer, lease or other disposition (whether in one transaction or a series of transactions) of all or substantially all of the buyer's assets without the prior approval of PACCAR Financial Corp.;

(i) Any change in the Chief Executive Officer and/or the Chief Financial Officer of the Buyer without prior notification to PACCAR Financial Corp.; or

(j) Seller reasonably deems the Collateral in danger of misuse, confiscation, damage, or destruction.

## 11. REMEDIES.

If Buyer defaults under this Contract, Seller may, at its option, with or without notice to Buyer:

(a) Declare this Contract to be in default;

(b) Declare the entire amount of the unpaid Time Balance, after deducting unearned Time Price Differential in accordance with the applicable state law, and other charges and indebtedness secured by this Contract immediately due and payable, without protest, presentment demand or notice (including but not limited to notice of intent to accelerate and notice of acceleration), all of which Buyer waives; and

(c) Exercise all of the rights and remedies of a secured party under the Uniform Commercial Code and any other applicable laws.

In addition to the foregoing and any other rights Seller has under the law in effect at the time of default, the following provisions shall apply:

(a) On Seller's demand, Buyer shall deliver possession of the Collateral to Seller at a place Seller designates reasonably convenient to both parties.

(b) Seller may enter any premises where the Collateral may be found and take possession of it without notice, demand, or legal proceedings, provided such entry is in compliance with law.

(c) Seller shall give Buyer at least ten (10) days written notice of any sale of the Collateral, which Buyer agrees to be reasonable notice. Notice shall be given at the address specified in this Contract or other such address as Buyer may specify in writing to Seller. Notice shall be effective when deposited in the mails, postage prepaid, addressed as provided above.

(d) Buyer agrees that it is liable for and will promptly pay any deficiency resulting from any disposition of the Collateral after default.

## 12. NO WRONGFUL POSSESSION.

Buyer agrees that if Seller repossesses the Collateral or otherwise obtains possession of it, Seller will not be in wrongful possession of any property contained in the Collateral or attached to it in which Seller does not have a security interest. Seller agrees to make any such property available for Buyer to take back at a place reasonably convenient to both parties.

## 13. VARIATIONS OF CONTRACT.

No provision of this Contract may be changed or amended unless by a written contract signed by Seller. Seller's acceptance of late payments does not mean that Seller is obligated to accept any late payments in the future. No waiver of any default shall operate as a waiver of any other default.

## 14. ENTIRE AGREEMENT – SEVERABILITY.

This Contract and the attached Exhibits and Addenda is the complete and exclusive statement of rights and duties between Seller and Buyer. If any provision is held unenforceable, it shall be deemed omitted without affecting the enforceability of the remaining provisions.

## 15. BAD CHECKS.

Whenever a check, draft or order given by or on behalf of Buyer for the purpose of payment of any obligation arising under this Contract has been dishonored for lack of funds or credit to pay the item, or because the account has been closed, or for any other reason, Seller or its assigns will assess and Buyer will promptly pay a $50 fee per dishonored item, or the maximum amount allowed by applicable law, if lower.

## 16. CROSS COLLATERAL.

Buyer grants to Seller and any assignee of Seller a security interest in the Collateral to secure the payment and performance of all obligations and liabilities of Buyer to Seller or to such assignee of Seller, now existing or hereafter arising, whether under this Contract or any other agreement and whether due directly or by assignment; provided, however, upon any assignment of the Contract by Seller, the assignee shall be deemed, for the purpose of this paragraph, the only party with a security interest in the Collateral.

## 17. TIME PRICE DIFFERENTIAL.

The effective daily Time Price Differential ("TPD") shall be based on and shall vary with fluctuations in the Prime Rate. The applicable rate of interest ("Buyer's Rate") shall be equal to the Prime Rate applicable to that date Plus **0.62** percent per annum, accrued daily on the unpaid balance. The TPD due each month shall be equal to the sum of the daily TPDs for the month. As used in this calculation, the "Prime Rate" shall mean the U.S. prime rate as reported in the

---

Page 4 of Security Agreement dated on or about February 03, 2022 between TPine Leasing Capital LP (Buyer) and SSMB Pacific Holding Company, Inc. dba NorCal Kenworth (Seller) which includes, without limitation, an item of collateral with the following Vehicle Identification Number: 1XKYDP9X7PJ218087.

BUYER'S INITIALS
DS
SJ

DocuSign Envelope ID: 63F4AA80E864-4D9C-A24E-6FEA3E3D4C9D



SECURITY AGREEMENT
RETAIL INSTALLMENT CONTRACT

Money Rates section of *The Wall Street Journal* or, in the absence of such publication, the prime interest rate as published by the U.S. Federal Reserve or publicly posted by one of the 10 largest (by assets in domestic offices) U.S. commercial banks, as reasonably determined by PACCAR Financial Corp.. The Prime Rate reported on the first business day of each calendar month shall be used to determine the Buyer's Rate during the month. Based on the initial Buyer's Rate and assuming that all payments are timely made, the aggregate TPD will be **$174,073.00**. Fluctuations in the Prime Rate, as well as early or late payments over the term of the Contract will cause the actual aggregate TPD, the Time Balance and the Total Time Sale Price to be different than disclosed. Any delay in payment or increase in the Prime Rate could cause those amounts to be more than disclosed, resulting in a larger final or "balloon" payment. Conversely, any early payment or decrease in the Prime Rate could cause those amounts to be less than disclosed, resulting in a smaller final or "balloon" payment. If Seller reasonably determines that the Prime Rate has been discontinued, then Seller shall, in consultation with Buyer, select a comparable successor rate and any adjustments thereto in its reasonable discretion (and thereafter all references to the Prime Rate in this Agreement and any Exhibits and Schedules hereto shall refer to such successor rate and adjustments). If Buyer has requested a fixed payment schedule, the amount of the periodic payments will be based upon an interest rate fixed solely for that purpose. In no event shall Buyer be required to pay interest in excess of the maximum rate allowed by law of the state having jurisdiction over the transaction. The intention of the parties is to conform strictly to applicable state usury laws, which may reduce the Buyer's Rate to the maximum amount allowed under such usury laws now or hereafter in effect.

### 18. FINANCIAL INFORMATION.

Buyer agrees to furnish Seller promptly with any financial statements or other information which Seller may reasonably request from time to time. Any and all financial statements will be prepared on a basis of generally accepted accounting principles, and will be complete and correct and fairly present Buyer's financial condition as of the date thereof. Seller may at any reasonable time examine the books and records of Buyer and make copies thereof.

### 19. CHATTEL PAPER.

This Contract is to be sold only to PACCAR Financial Corp. and is subject to the security interest of PACCAR Financial Corp. The only copy of this Contract which constitutes "chattel paper" under the Uniform Commercial Code is the copy which is delivered to and held by PACCAR Financial Corp. No assignee or secured party other than PACCAR Financial Corp. will under any circumstances acquire any rights in, under or to this Contract or any sums due hereunder, except that PACCAR Financial Corp.

may, by a separate written assignment signed by PACCAR Financial Corp., assign its interest received hereunder.

### 20. PREPAYMENT.

Buyer shall have the right to prepay all or part of the principal indebtedness due under this Contract at any ~~time. In consideration of such prepayment right, and as compensation to Seller for the loss of the benefit of its bargain, unless prohibited by applicable law, Buyer shall also pay to Seller a percentage of the amount of the principal indebtedness being prepaid equal to 1/12 of 1% (.00083) multiplied by the number of full months remaining in the term of the Contract, or the maximum rate allowed under applicable law, if lower.~~

### 21. MISCELLANEOUS.

(a)  This Contract shall be binding, jointly and severally, upon all parties described as the "Buyer" and their respective heirs, executors, representatives, successors and assigns and shall inure to the benefit of Seller, its successors and assigns.

(b)  This Contract and any other evidence of the indebtedness given in connection herewith may be assigned by Seller to a third party without notice to Buyer and Buyer hereby waives any defense, counterclaim or cross- complaint by Buyer against any assignee, agreeing that Seller shall be solely responsible therefor.

(c)  Buyer acknowledges receipt of a true copy of this Contract, and waives acceptance hereof.

(d)  This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same agreement. A photocopy or electronic signed copy of any such counterpart shall have the same force and effect as an original (ink) signature.

### 22. WAIVER OF JURY TRIAL.

Except as otherwise provided by applicable law Buyer and Seller each waive any right to have a jury participate in resolving any dispute, whether sounding in contract, tort, or otherwise, between Buyer and Seller arising out of, connected with, related to or incidental to the relationship established between them in connection with this Contract or other instrument, document or agreement executed or delivered in connection therewith or the transactions related thereto. Buyer and Seller each hereby agree and consent that any such claim, demand, action or cause of action shall be decided by court trial without a jury and that either may file an original counterpart or a copy of this Contract with any court as written evidence of the consent of the parties hereto to the waiver of their right to trial by jury.



Prepayment Penalty is waived.

Customer initial:_____

PFC approval initial:_____

Page 5 of Security Agreement dated on or about February 03, 2022 between TPine Leasing Capital LP (Buyer) and SSMB Pacific Holding Company, Inc. dba NorCal Kenworth (Seller) which includes, without limitation, an item of collateral with the following Vehicle Identification Number: 1XKYDP9X7PJ218087.

CAT. NO. 1258A  FSCS 02/2021                                                         PRINTED Feb-04-2022 12:56 PM PT

BUYER'S INITIALS
SJ



**SECURITY AGREEMENT**
**RETAIL INSTALLMENT CONTRACT**

**NOTICE - SEE ALL PAGES FOR IMPORTANT TERMS WHICH ARE PART OF THIS CONTRACT.**
**WARNING: LIABILITY INSURANCE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS**
**NOT INCLUDED UNDER THIS CONTRACT.**

### NOTICE TO BUYER

1. **DO NOT SIGN THIS CONTRACT BEFORE YOU HAVE READ IT OR IF IT CONTAINS ANY BLANK SPACES.**

2. **YOU ARE ENTITLED TO AN EXACT COPY OF THE CONTRACT YOU SIGN.**

3. **UNDER THE LAW YOU HAVE THE RIGHT TO PAY OFF IN ADVANCE THE FULL AMOUNT DUE AND OBTAIN A PARTIAL REFUND OF THE FINANCE CHARGE (TIME PRICE DIFFERENTIAL).**

4. **KEEP THIS CONTRACT TO PROTECT YOUR LEGAL RIGHTS.**

**BUYER ACKNOWLEDGES THAT A TRUE COPY OF THIS CONTRACT HAS BEEN RECEIVED, READ, AND WAS COMPLETELY FILLED IN BEFORE BEING SIGNED.**

SELLER:    SSMB Pacific Holding Company, Inc. dba NorCal Kenworth          BUYER:    TPine Leasing Capital LP

BY:                                                                                                       BY:

*Jeff Bist*                                                                                         *Sulakhan Johal*
—AF3639132E4F4F2                                                                        —E6677E3DDA13463
Jeff Bist, F & I Manager                                                                   Sulakhan Johal, President
DATE:      February 03, 2022                                                             DATE:      February 03, 2022

Page 6 of Security Agreement dated on or about February 03, 2022 between TPine Leasing Capital LP (Buyer) and SSMB Pacific Holding Company, Inc. dba NorCal Kenworth (Seller) which includes, without limitation, an item of collateral with the following Vehicle Identification Number: 1XKYDP9X7PJ218087.

CAT. NO. 1258A   FSCS 02/2021                                                                                      PRINTED Feb-04-2022 12:56 PM PT



## SECURITY AGREEMENT
## RETAIL INSTALLMENT CONTRACT

DATE:   February 03, 2022

TO:     PACCAR Financial Corp.

Check <u>one</u> of the following:

☐   Yes, I want to access PACCAR Financial Online Services to make payments online.
     (You will receive an email welcome letter with instructions on how to sign up.)

     Email Address: _____

☑   I am an existing PACCAR Financial Online Services customer, currently making payments online.

     Email Address:   aman@pridegroupenterprises.com

☐   No, I do not want to access PACCAR Financial Online Services. I prefer to receive a Coupon Book and
     understand that I will be subject to a one-time, non-refundable Administration Fee of $250.00 for
     choosing this option.

     Reason: _____

By signing below, I understand that if payments are not made through PACCAR Financial Online Services, I am subject to a one-time,
non-refundable Administration Fee of $250.00 to be added to my account.

BUYER: TPine Leasing Capital LP

BY:
┌ DocuSigned by:
│ *Sulakhan Johal*
└ E6677F3DBA43463
Sulakhan Johal, President
DATE:   February 03, 2022

To register to make your payments online and to view our latest product offerings, please visit www.paccarfinancial.com.

**PACCAR Financial Corp.**
**(800) 777-8525**
**www.paccarfinancial.com**

---

Page 7 of Security Agreement dated on or about February 03, 2022 between TPine Leasing Capital LP (Buyer) and SSMB Pacific Holding Company, Inc. dba NorCal Kenworth
(Seller) which includes, without limitation, an item of collateral with the following Vehicle Identification Number: 1XKYDP9X7PJ218087.

CAT. NO. 1258A   FSCS 02/2021                                          PRINTED Feb-04-2022 12:56 PM PT



SECURITY AGREEMENT—RETAIL
INSTALLMENT CONTRACT
CONSENT TO LEASE ADDENDUM

THIS SECURITY AGREEMENT – RETAIL INSTALLMENT CONTRACT CONSENT TO LEASE ADDENDUM (this "**Addendum**") is made and entered into as of the **February 03, 2022** by and between **TPine Leasing Capital L.P.**, a Delaware limited partnership ("**Buyer**"), and PACCAR Financial Corp., a Washington corporation ("**PFC**").

## RECITALS

A.  Buyer purchased the inventory of truck(s) listed on Schedule A (collectively, the "**Vehicles**") to that certain Security Agreement Retail Installment Contract dated as of **February 03, 2022** between Buyer and **SSMB Pacific Holding Company, Inc. dba NorCal Kenworth** (the "**Retail Contract**"), which Retail Contract was assigned to PFC.

B.  In furtherance of Buyer's business, Buyer wishes to lease some or all of the Vehicles to third-party lessees ("**Lessees**").

## AGREEMENTS

1.  **Recitals.**  The parties agree that the foregoing Recitals are true and correct, and are hereby incorporated in and made a part of this Addendum.

2.  **Waiver of Event of Default.**  In Section 1 of the Retail Contract, Buyer promises not to lease the Vehicles without PFC's written consent.  PFC hereby consents to Buyer's leasing of the Vehicles to the Lessees, subject to the terms and conditions of this Addendum. Notwithstanding anything to the contrary in this Addendum or any Lease (as defined below), Buyer may not sell or otherwise transfer legal title of any Vehicle(s) to any person without PFC's express and prior written consent.

3.  **Assignment and Grant of Security Interest.**  Buyer hereby assigns and grants to PFC a security interest in (i) any leases now existing or hereafter entered into between Buyer and any Lessee relative to the Vehicles (each a "**Lease**" and collectively, the "**Leases**"); and (ii) all proceeds of the Leases in whatever form, including without limitation accounts receivable, contract rights, chattel paper, general intangibles, rents, cash, cash equivalents, insurance proceeds, documents or instruments.  This assignment and grant of security interest are for collateral and security purposes only.  PFC does not, by reason of this Addendum or the Retail Contract, undertake and shall not be liable for the performance of any obligations or duties of Buyer as lessor under the Leases or assume any other liabilities of Buyer arising thereunder.

4.  **Representations, Warranties and Agreements**.  Buyer represents, warrants and agrees as follows:

    (a)  Buyer will promptly notify PFC in writing of any corporate restructuring or reorganization or any change in its name, of any new place of business, or of any change in the location of the Collateral or any records pertaining thereto.

    (b)  Each Lease and any guaranty thereof conform to all applicable laws and regulations and will be legally enforceable in full in the states or provinces where the applicable Lessee and the equipment covered thereby are or may be located.

    (c)     Each Lease and the equipment covered thereby are and shall remain free from all liens (other than the security interest created hereby), including without limitation landlords' liens and repairman's liens, set-offs, counterclaims and other defenses, including defense of breach of warranty either express or implied.

    (d)     Each Lease contains an acknowledgment by the Lessee in substantially the following form:

> **This Lease and all amounts due hereunder may be assigned at any time by Lessor without Lessee's consent. Upon notice of any assignment from Lessor or its assignee, Lessee shall make all payments coming due thereafter to the assignee without offset, counterclaim or defense of any kind. LESSEE ACKNOWLEDGES THAT LESSOR HAS GRANTED PACCAR FINANCIAL CORP. (TOGETHER WITH ITS SUCCESSORS AND ASSIGNS, "PFC") A SECURITY INTEREST IN THE EQUIPMENT AND AGREES THAT ALL OF LESSEE'S RIGHTS IN AND TO THE EQUIPMENT SHALL BE SUBJECT AND SUBORDINATE TO ANY AND ALL INTERESTS AND RIGHTS OF PFC, INCLUDING THE RIGHT OF POSSESSION, WHETHER NOW EXISTING OR ARISING HEREAFTER.**

5.    **PFC's Rights.** Upon the occurrence and during the continuation of any default under the Retail Contract, Buyer shall, upon demand by PFC (and without any grace or cure period), notify each Lessee to make payment to PFC of any amounts due or to become due. Buyer authorizes PFC to contact each Lessee for the purpose of having the Lessee pay its obligations directly to PFC.

6.    **UCC Financing Statements.** Buyer hereby authorizes PFC to file one or more financing or continuation statements, and amendments thereto, relating to the Vehicles, without the signature of Buyer where permitted by law. Buyer will execute and file such financing or continuation statements, or amendments thereto, and such other instruments or notices, as PFC may request in order to perfect and protect the security interests granted under this Addendum and the Retail Contract.

7.    **Enforceability.** PFC shall have the right to demand that Buyer enforce its rights under any Lease and if Buyer fails or refuses to take timely action to enforce such rights, PFC may proceed against Buyer or any Lessee to enforce its rights under such Lease. PFC is a third-party beneficiary under each Lease and is entitled to the rights and benefits thereunder and may enforce the provisions thereof as if it were a party thereto.

IN WITNESS WHEREOF, the parties, intending to be legally bound hereby, have duly executed this Addendum as of the day and year first above written.

| TPINE LEASING CAPITAL L.P. | PACCAR FINANCIAL CORP. |
|---|---|
| By: _Sulakhan Johal_      E6677F3DDA13463 | By: _Evelyn Corum_      7FC5249BEC... |
| Sulakhan Johal, President | Name: Evelyn Corum |
| | Title: Contract Admin. III |

Retail Contract Consent To Lease Addendum – Page 2

**DocuSign**

## Certificate Of Completion

Envelope Id: 63F4AA0CE8644D6CA24E6FEA8E3D4CBD                                          Status: Completed
Subject: Please DocuSign:  TPine Leasing Capital LP (60 mo PRIME plus Retail-10 units B420) 2.2022  sc
SenderNameFromFSCSDealer: Jeannene Walterscheid
ClickUserNameSenderFromFSCSDealer: Jeannene Walterscheid
DealerNameFromFSCSDealer:
AreaOfficeName: West
AreaOfficeCode: 693
Source Envelope:

| | | |
|---|---|---|
| Document Pages: 13 | Signatures: 7 | Envelope Originator: |
| Certificate Pages: 3 | Initials: 8 | Jeannene Walterscheid |
| AutoNav: Enabled | | 750 Houser Way N |
| EnvelopeId Stamping: Enabled | | Renton, WA  98058 |
| Time Zone: (UTC-08:00) Pacific Time (US & Canada) | | j.walterscheid@paccar.com |
| | | IP Address: 71.14.148.40 |

## Record Tracking

| | | |
|---|---|---|
| Status: Original | Holder: Jeannene Walterscheid | Location: DocuSign |
| 2/4/2022 1:06:03 PM | j.walterscheid@paccar.com | |

| Signer Events | Signature | Timestamp |
|---|---|---|
| Sulakhan Johal<br>sam@pridegroupenterprises.com<br>President<br>Security Level: Email, Account Authentication (None) | DocuSigned by:<br>Sulakhan Johal<br>E6677F3DDA13463... | Sent: 2/4/2022 1:09:37 PM<br>Viewed: 2/4/2022 1:56:27 PM<br>Signed: 2/4/2022 1:57:11 PM |
| | Signature Adoption: Pre-selected Style<br>Using IP Address: 67.69.76.96<br>Signed using mobile | |
| **Electronic Record and Signature Disclosure:**<br>Not Offered via DocuSign | | |
| Jeff Bist<br>Jeff.Bist@norcalkw.com<br>Finance Manager<br>Security Level: Email, Account Authentication (None) | DocuSigned by:<br>Jeff Bist<br>AE3639132E4F4E2... | Sent: 2/4/2022 1:57:13 PM<br>Viewed: 2/4/2022 2:21:29 PM<br>Signed: 2/4/2022 2:21:39 PM |
| | Signature Adoption: Pre-selected Style<br>Using IP Address: 107.77.228.185<br>Signed using mobile | |
| **Electronic Record and Signature Disclosure:**<br>Not Offered via DocuSign | | |
| Wouter de Rooij<br>Wouter.de.Rooij@PACCAR.com<br>Director of Kenworth National Accounts<br>PACCAR Financial<br>Security Level: Email, Account Authentication (None) | DS<br>WDR | Sent: 2/4/2022 2:21:40 PM<br>Viewed: 2/4/2022 4:33:45 PM<br>Signed: 2/4/2022 4:34:06 PM |
| | Signature Adoption: Pre-selected Style<br>Using IP Address: 160.69.1.132 | |
| **Electronic Record and Signature Disclosure:**<br>Not Offered via DocuSign | | |

| Signer Events | Signature | Timestamp |
|---|---|---|
| Evelyn Corum<br>evelyn.corum@paccar.com<br>Contract Admin. III<br>PACCAR Financial Corp<br>Signing Group: Southwest Area Contract Admin<br>Signing Group<br>Security Level: Email, Account Authentication (None)<br><br>**Electronic Record and Signature Disclosure:**<br>Not Offered via DocuSign | **Signed**<br><br>Using IP Address: 71.14.148.40 | Sent: 2/4/2022 4:34:08 PM<br>Viewed: 2/7/2022 6:11:35 AM<br>Signed: 2/7/2022 1:45:48 PM |

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| Gurpreet Kaur<br>gurpreet@pridegroupenterprises.com<br>Security Level: Email, Account Authentication (None)<br><br>**Electronic Record and Signature Disclosure:**<br>Not Offered via DocuSign | **COPIED** | Sent: 2/4/2022 1:09:36 PM<br>Viewed: 2/4/2022 1:39:33 PM |
| Chris Petersen<br>chris@pridegroupenterprises.com<br>Security Level: Email, Account Authentication (None)<br><br>**Electronic Record and Signature Disclosure:**<br>Not Offered via DocuSign | **COPIED** | Sent: 2/4/2022 1:09:37 PM |
| Jasvir Johal<br>jjohal@pridegroupenterprises.com<br>Security Level: Email, Account Authentication (None)<br><br>**Electronic Record and Signature Disclosure:**<br>Not Offered via DocuSign | **COPIED** | Sent: 2/4/2022 1:09:37 PM |
| Kirk Newman<br>kirk.newman@Paccar.com<br>National Account Manager<br>Security Level: Email, Account Authentication (None)<br><br>**Electronic Record and Signature Disclosure:**<br>Not Offered via DocuSign | **COPIED** | Sent: 2/4/2022 1:09:38 PM |
| Jeannene Walterscheid<br>j.walterscheid@paccar.com<br>KW - Senior National Accts Asst<br>PACCAR Finance<br>Security Level: Email, Account Authentication (None)<br><br>**Electronic Record and Signature Disclosure:**<br>Not Offered via DocuSign | **COPIED** | Sent: 2/4/2022 1:09:38 PM<br>Resent: 2/7/2022 1:45:54 PM |

| Witness Events | Signature | Timestamp |
|---|---|---|

| Notary Events | Signature | Timestamp |
|---|---|---|

| Envelope Summary Events | Status | Timestamps |
|---|---|---|
| Envelope Sent | Hashed/Encrypted | 2/4/2022 1:09:38 PM |
| Certified Delivered | Security Checked | 2/7/2022 6:11:35 AM |
| Signing Complete | Security Checked | 2/7/2022 1:45:48 PM |
| Completed | Security Checked | 2/7/2022 1:45:48 PM |

| Payment Events | Status | Timestamps |
|---|---|---|

DocuSign Envelope ID: 63F4AA0C-E864-4D6C-A24E-6FEA8E3D4C8B



**SELLER'S ASSIGNMENT**

## SELLER'S ASSIGNMENT

FOR VALUE RECEIVED, Seller identified on the face of this Security Agreement -- Retail Installment Contract (the "Contract") hereby sells, transfers, and assigns to PACCAR Financial Corp., its successors and assigns (collectively "Assignee") all of Seller's right, title and interest under, in and to the Contract (including Collateral therein described), guaranties of Buyer's obligations, and insurance policies and proceeds thereunder. This Assignment is subject to acceptance by Assignee at its offices, as indicated, and is further subject to the provisions of any underlying agreement between Seller and Assignee respecting acquisition of installment paper (the "Limited Liability Agreement").

In any event, if any of the following representations or warranties is untrue, Seller unconditionally agrees to repurchase from Assignee, upon demand, the Contract, and pay Assignee in cash the balance remaining unpaid thereunder plus any expenses of collection, repossession, transportation and storage, and attorney's fees and court costs incurred by Assignee, less any customary refund by Assignee of unearned finance charges. In addition, Seller agrees to indemnify Assignee for any loss or expense sustained by reason of any claim or defense Buyer may have against Seller.

Seller represents and warrants to Assignee that:

(1) The property or services described in the Contract are accurately described therein, have been delivered to and accepted by Buyer under a bona fide deferred payment transaction as indicated in the Contract, and that all obligations of Seller to Buyer respecting sale and delivery of property or services have been fully performed;

(2) The full amount of any down payment described in the Contract has been received, and that the Time Balance is absolutely owing and payment thereof is not subject to any Buyer defense, counterclaim, setoff or deduction known to Seller;

(3) Seller has no reason to believe that any statement, representation or warranty of the Buyer or any guarantor, whether made in the Contract or in connection with Seller's extension of credit, is incorrect in any material respect, nor has Seller any knowledge of any facts impairing the validity of the Contract or diminishing its value;

(4) Insurance in such amounts and of such coverage as is required by the Contract is effective in respect of property described in the Contract, and that Assignee's lienholder interest is fully protected by such insurance;

(5) The Contract is the entire agreement of Seller and the Buyer thereunder, has been acquired in the regular course of Seller's business, and that it and any guaranty thereof each is valid and genuine in all respects and is legally enforceable against all entities and all persons by whom it purports to have been executed; and that Seller has good and valid title thereto and full right and authority to sell the Contract and the security interest created thereby to Assignee hereunder;

(6) The security interest granted in the Contract constitutes a first priority security interest upon the property described therein; that such security interest and this Assignment thereof to Assignee have been duly perfected as required by applicable law (except insofar as issuance of any Certificate of Title with Assignee's lien notation thereon is presently pending. Seller representing and warranting that due application has been made therefor); and that the Contract and property therein described are free of all other liens or encumbrances;

(7) The Contract has been validly transferred to Assignee, that no part of the indebtedness represented thereby is past due, and that no default exists on the part of the obligor thereunder; and that all legal requirements of any jurisdiction applicable to the transaction from which the Contract originated, and applicable to the Contract and the Assignment, have been satisfied.

---

Page 1 of Seller's Assignment for Security Agreement dated on or about February 03, 2022 between TPine Leasing Capital LP (Buyer) and SSMB Pacific Holding Company, Inc. dba NorCal Kenworth (Seller) which includes, without limitation, an item of collateral with the following Vehicle Identification Number: 1XKYDP9X7PJ218087

SELLER'S INITIALS

DS
JB

CAT. NO. 1033   FSCS 12/2015                                    PRINTED Feb-04-2022 12:56 PM PT

DocuSign Envelope ID: 63F4AA0C-E864-4D6C-A24E-8FEA8E3D4C8D



**PACCAR**
FINANCIAL

SELLER'S ASSIGNMENT

In addition to any liability of Seller under the foregoing Assignment, Seller shall have the following liability to Assignee under the Limited Liability Agreement:

X        Non-Recourse

___     Limited Liability -- Percentage of Contract Payoff ____%

___     Limited Liability, Other

___     Full Recourse:  If Buyer fails to pay any payment on the Contract when due, or if Buyer is otherwise in default under the terms of the Contract, or if Buyer or Seller becomes insolvent or makes assignment for the benefit of creditors, or if a petition for a receiver or in bankruptcy is filed by or against Buyer or Seller, then in any of such events Seller will, without requiring Assignee to proceed against Buyer or any other person or any security, repurchase the Contract on demand and pay Assignee in cash the balance remaining unpaid thereunder plus any expenses of collection, repossession, transportation and storage, and reasonable attorney's fees and court costs incurred by Assignee, less any customary refund by Assignee of unearned finance charges. Seller waives all rights arising under the Limited Liability Agreement relating to any failure on the part of Assignee to obtain possession within 180 days.

| ASSIGNMENT: The foregoing contract is hereby assigned under the terms of the "Seller's Assignment" above.<br>**SSMB Pacific Holding Company, Inc. dba NorCal Kenworth**<br>SELLER | ACCEPTANCE: The foregoing assignment is hereby accepted.<br>**PACCAR Financial Corp.**<br>777 106th Avenue N.E.<br>Bellevue, WA 98004 |
|---|---|
| BY:<br><br>DocuSigned by:<br>*Jeff Bist*<br>AE3638132E4F4E2...<br>Jeff Bist, F & I Manager | BY:<br><br>DocuSigned by:<br>*Evelyn Corum*<br>7FC5249BECA34CD...<br><br>DATE:    2/7/2022 |

Page 2 of Seller's Assignment for Security Agreement dated on or about February 03, 2022 between TPine Leasing Capital LP (Buyer) and SSMB Pacific Holding Company, Inc. dba NorCal Kenworth (Seller) which includes, without limitation, an item of collateral with the following Vehicle Identification Number: 1XKYDP9X7PJ218087.

CAT. NO. 1033   FSCS 12/2015                                                                    PRINTED Feb-04-2022 12:56 PM PT

This is Exhibit..........."G".............referred to in the
affidavit of ......... James Scheue ..........
sworn before me, this .............26 h..................
day of .............August.....................20..24

Nikila Tanioto
A COMMISSIONER FOR TAKING AFFIDAVITS















