IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Pride Group Holdings Inc., *et al.*[1]<br><br>Debtors in Foreign Proceedings. | Chapter 15<br><br>Case No. 24-10632 (CTG)<br><br>(Jointly Administered)<br><br>RE: Dkt. No. _____ |

**ORDER GRANTING MOTION OF PACCAR FINANCIAL CORP.
FOR AN ORDER GRANTING (I) RELIEF FROM THE AUTOMATIC STAY
PURSUANT TO 11 U.S.C. § 362(d) AND (II) RELATED RELIEF**

Upon the motion (the "Motion") of PACCAR FINANCIAL CORP ("PFC") for entry of an order granting PFC relief from the automatic stay, as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. § 1410; and the Court having found that notice of the Motion was sufficient under the circumstances and that no further notice need be given; and the Court having reviewed the Motion and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation, the Court having found that "cause" exists to lift the automatic stay under 11 U.S.C. § 362;

**IT IS HEREBY ORDERED THAT:**

1. The relief requested in the Motion is **GRANTED** as set forth herein.

---

[1] The last four digits of Debtor Pride Group Holdings Inc.'s Canadian business number are 6399. Due to the large number of debtors in these chapter 15 cases, a complete list of the debtor entities and the last four digits of their unique identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' noticing agent at https://dm.epiq11.com/pridegroup. The Debtors' service address for the purposes of these chapter 15 cases is 1450 Meyerside, Suite 401, Mississauga, Ontario, L5T 2N5, Canada

2. The automatic stay of section 362(a) of the Bankruptcy Code is hereby modified for cause pursuant to Sections 362(d) and 1520 of the Bankruptcy Code to permit PFC to exercise its *in rem* rights and remedies, including those under Article 9 of the Uniform Commercial Code with respect to its U.S. Trucks[2] under its agreements with TPine Leasing Capital L.P. ("TLCL").  For the avoidance of doubt, and without limitation, PFC, its agents, and/or assigns are hereby authorized to (i) enter, retrieve, and take possession and control of the U.S. Trucks from any of the Debtors' or TLCL's owned premises, from any other location leased by the Debtors or TLCL, or from any other location where the U.S. Trucks may be located, and (ii) sell, transfer, or otherwise liquidate the U.S. Trucks and, to the extent required under the parties' applicable agreements, to apply the proceeds of said disposition to Debtors' and TLCL's indebtedness under the applicable agreements, all without further notice or order of the Court.

3. Notwithstanding any contrary provision in the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure: (a) this Order shall be effective and enforceable immediately upon its entry; (b) any stay imposed by Federal Rule of Bankruptcy Procedure 4001(a)(3) or otherwise, to the extent applicable, is hereby waived; and (c) PFC and the Debtors are authorized and empowered, and may in their discretion and without further delay, take any and all action necessary or appropriate to implement the relief granted in this Order, including without limitation all steps necessary for PFC to retrieve and take possession of the U.S. Trucks wherever located.

4. This Order is without prejudice to PFC's right to seek other or further relief from the automatic stay in appropriate circumstances.

5. Nothing in this Order shall preclude PFC from seeking payment, or the return of, additional amounts that it may determine are due pursuant to the terms of its agreements with the TPine Entities.

6. Notwithstanding anything herein to the contrary, this Court shall retain

---

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Motion.

jurisdiction to hear and determine all matters arising from or related to the implementation, enforcement, or interpretation of the terms and provisions of this Order.