## **EXHIBIT B**

**Endorsement**



SUPERIOR COURT OF JUSTICE
COMMERCIAL LIST

# COUNSEL/ENDORSEMENT SLIP

**COURT FILE NO.:** CV-24-00717340-00CL          **DATE:** October 3, 2024

**NO. ON LIST:** 5

**TITLE OF PROCEEDING:** IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF PRIDE GROUP HOLDINGS INC et al

**BEFORE:** JUSTICE OSBORNE

## PARTICIPANT INFORMATION

**For Plaintiff, Applicant:**

| Name of Person Appearing | Name of Party | Contact Info |
|---|---|---|
| Leanne Williams | Counsel for the Applicants | lwilliams@tgf.ca |
| Raj Sahni | Counsel for the Directors and Officers | sahnir@bennettjones.com |

**For Defendant, Respondent:**

| Name of Person Appearing | Name of Party | Contact Info |
|---|---|---|
| John Russo | Counsel for Meridian OneCap Credit Corp | jrusso@pallettvalo.com |
| Valerie Cross<br>Robert Kennedy | Counsel for HSBC Canada | valerie.cross@dentons.com<br>Robert.kennedy@dentons.com |
| Andrew Hatnay<br>Abir Shamim | Counsel for the employees | ahatnay@kmlaw.ca<br>ashamim@kmlaw.ca |

**For Other, Self-Represented:**

| Name of Person Appearing | Name of Party | Contact Info |
|---|---|---|
| Daniel Richer | Counsel for The Lending Syndicate | dricher@fasken.com |
| Chris Burr | Counsel for the Monitor | Chris.burr@blakes.com |

| Caroline Descours | Counsel for Regions Bank | cdescours@goodmans.ca |
| Trevor Courtis | Counsel for Bennington Financial Corp. | tcourtis@mccarthy.ca |
| Nick Hollard<br>Alex MacFarlane | Counsel for RBC Bilat Lender | nhollard@blg.com<br>amacfarlane@blg.com |
| Matilda Lici | TD Equipment Finance Canada | mlici@airdberlis.com |
| John Salmas | Counsel to Bank of Montreal | John.salmas@dentons.com |
| Heather Meredith | National Bank of Canada | lmeredith@mccarthy.ca |
| Mark Freake | Daimler Truck Finance Co | Mark.freake@dentons.com |

**ENDORSEMENT OF JUSTICE OSBORNE:**

[1] This case conference was requested to address issues arising out of my Endorsement released September 26, 2024 relating to the approval of the PGL Transaction and issues related to the Closing Date of that transaction.

[2] First, National Bank request a correction in my earlier Endorsement to reflect the fact that it did not oppose the motion on the basis of an agreement reached with the Monitor. My earlier Endorsement noted that National Bank supported the motion and it is hereby amended to reflect the non-opposition of that party.

[3] That agreement is to the effect that the Monitor has committed to National Bank that all trucks and trailers not owned by 1000927605 Ontario Inc. will be removed from the Dorval Property by October 31, 2024. A motion to lift the stay and a receivership application in respect of the four National Bank real properties has been scheduled to be heard on November 18, 2024. The Monitor and the Applicants have advised that they do not object to the scheduling of such motion and application although they do not presently consent to the relief sought. My order dated September 26, 2024 approving the PGL Transaction is without prejudice to National Bank's lift stay motion and receivership application and the positions to be taken by any party in respect of such motion/application.

[4] Second, the Equipment Lenders raised concerns, as they did at the hearing of the motion, that the closing of the PGL Transaction proceed as quickly as possible, and they sought clarification with respect to the definition of "Outside Date" in the APA. That defined term contemplates closing to occur in mid-October.

[5] The PGL Transaction is conditional on three critical leases being assigned, or if necessary an assignment order being sought and granted. The Monitor reports that discussions with the relevant counterparties to obtain those contents are well advanced. The Monitor will advise the affected parties and the Court as soon as possible, but in any event no later than October 11 whether the consents have been granted or will be granted such that closing will not be impacted, or that such a motion for an assignment order will be necessary. The APA as approved contemplates an extension of the Closing Date if the Monitor and Purchaser agree, or as the Court may direct. If a motion is required, I will do my best to accommodate that on an urgent basis.

[6]  I have scheduled a case conference to be conducted on **<u>Tuesday, October 15, 2024 at 8:30 AM via Zoom</u>** at which time the Monitor can report on progress and the anticipated closing of the PGL Transaction and further directions can be sought and given as necessary at that time.

[7]  Attached to this endorsement are the PGL Transaction approval order dated September 26 and the stay extension order dated September 30. Both orders are effective as of the dates thereof without the necessity of issuing and entering.

*Osborne, J.*