IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Pride Group Holdings Inc., *et al.*[1]<br><br>Debtors in Foreign Proceedings. | Chapter 15<br><br>Case No. 24-10632 (CTG)<br><br>(Jointly Administered) |

## NOTICE OF PROPOSED SALE OF AVAILABLE U.S. ASSETS

**PLEASE TAKE NOTICE** that on March 27, 2024, Randall Benson, solely in his capacity as the duly authorized foreign representative (the "Foreign Representative") of the above-captioned debtors (collectively, the "Debtors") in the Canadian proceedings (the "CCAA Proceedings") commenced under the Companies' Creditors Arrangement Act, R.S.C. 1985 c. C-36, pending before the Ontario Superior Court of Justice (Commercial List) in Ontario, Canada, Court File No. CV-24-00717340-00CL (the "Canadian Court"), and that on April 1, 2024 filed the *Verified Petition for (I) Recognition of Foreign Main Proceedings, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* [D.I. 2] (as amended on April 23, 2024 [D.I. 120], the "Amended Verified Motion") and the form chapter 15 petitions for the Initial Debtors (together with the form chapter 15 petitions for the Additional Debtors filed on April 15, 2024 and the Amended Verified Petition, the "Chapter 15 Petitions") pursuant to chapter 15 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Court").

**PLEASE TAKE FURTHER NOTICE** that on May 2, 2024, the Court entered an order granting recognition of the CCAA Proceedings and related relief sought in the Chapter 15 Petitions [D.I. 152] (the "Recognition Order").

**PLEASE TAKE FURTHER NOTICE** that on June 7, 2024, the Court entered the *Order (I) Approving the Sale Procedures and Sale Notice, (II) Authorizing the Sale of the Debtors' U.S. Assets Free and Clear of Liens, Claims, Encumbrances and Other Interests, and (III) Granting Related Relief* [D.I. 197] (the "Sale Procedures Order"),[2] which authorizes the sale of the Debtors' assets located within the territorial jurisdiction of the United States pursuant to the procedures set forth in the Sale Procedures Order.

---

[1] The last four digits of Debtor Pride Group Holdings Inc.'s Canadian business number are 6399. Due to the large number of debtors in these chapter 15 cases, a complete list of the debtor entities and the last four digits of their unique identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' noticing agent at https://dm.epiq11.com/pridegroup. The Debtors' service address for the purposes of these chapter 15 cases is 1450 Meyerside, Suite 401, Mississauga, Ontario, L5T 2N5, Canada.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Sale Procedures Order or, if not defined therein, the *Motion of the Foreign Representative for Entry of an Order (I) Enforcing the PGL Vesting Order and (II) Granting Related Relief* [D.I. 266].

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Sale Procedures Order, the Foreign Representative seeks authority from the Court for the Debtors to consummate the *de minimis* sale of the Debtors' assets located within the territorial jurisdiction of the United States (the "Sale") pursuant to the asset purchase agreement (the "APA") attached to this Sale Notice as **Exhibit A**. The material terms of the APA are described below:

- **Available U.S. Assets Being Sold**: a subset of the (i) Acquired AR Amount, (ii) Tangible Property, and (iii) Intangibles (each as defined in the APA).

- **Purchaser**: 1000927605 Ontario Inc.[3]

- **Purchase Price**: CAD$52,458,838 (the "Purchase Price"), of which approximately US$803,932 is attributable to the Available U.S. Assets being sold with the following allocation:

    - Acquired AR Amount: US$763,194.
    - Tangible Property: US$37,035.
    - Intangibles: US$3,703.

- **Terms of Payment**: Purchaser has deposited CAD$3,000,000 of the Purchase Price in cash with the Monitor and will pay the balance of the Purchase Price in cash at closing (subject to adjustments).

- **Marketing Efforts**:

    - The Monitor, in consultation with CRO, prepared a list of potential bidders for all or part of the PGL Assets pursuant to the PGL Sale Process, including (i) parties that had approached the PGL Entities, any other members of the Pride Group, or the Monitor and (ii) strategic and financial parties that the Monitor identified as potential bidders. Further, the Monitor, in consultation with the CRO, prepared: (i) a letter summarizing the PGL Sale Process and inviting interested parties to express their interest in the PGL Assets and (ii) a non-disclosure agreement in form and substance satisfactory to the CRO, the Monitor and the PGL Entities and their respective counsel, each of which the Monitor caused to be distributed to potential bidders on the PGL Assets.

    - EY's Corporate Finance Group distributed confidential information to interested parties that executed a non-disclosure agreement and subsequently held calls, discussions, and email exchanges with various parties that expressed interest in the PGL Assets.

    - The Monitor ultimately received three offers on the PGL Assets. Of the three offers received, one was for the purchase of certain trailers and a pool

---

[3] The Purchaser is an "insider" of the Debtors, as that term is defined in the Bankruptcy Code.

    of certain customers, and two were for the PGL Entities' business as a going concern but one was significantly lower in value than the highest and best offer submitted by the Purchaser to purchase the PGL Entities' business as a going concern, which was ultimately selected as the successful bid.

- **Known Liens**: As of the date hereof, the DIP Lenders and Prepetition Syndicated Lenders (each as defined in the Recognition Order) have Liens on the Available U.S. Assets being sold. There are no other known Liens on the Available U.S. Assets being sold.

- **Consent by Known Holders of Liens**: On September 23, 2024, counsel for the DIP Lenders and Prepetition Syndicated Lenders appeared at the hearing before the Canadian Court in the CCAA Proceedings on the PGL Sale Motion and objected to the relief sough therein. Following that hearing, on October 3, 2024, the Canadian Court granted the PGL Vesting Order,[4] which approved the transactions contemplated by the APA and expunged and discharged all Encumbrances (as defined in the PGL Vesting Order), including all Liens that the DIP Lenders and Prepetition Syndicated Lenders have on the Available U.S. Assets being sold.

- **Other Material Terms**: At or before closing, the Vendors (as defined in the APA) shall deliver or cause to be delivered to the Purchaser all conveyances, bills of sale, assignments, powers of attorney, transfers, registrable transfers of land and other documents or instruments that are reasonably required or desirable to convey, assign and transfer the Vendors' respective title to and/or interest in and to the Available U.S. Assets being sold, as applicable.

  **PLEASE TAKE FURTHER NOTICE** that any party in interest wishing to submit a response, answer, or objection to the Sale must do so pursuant to the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, and such response, answer, or objection must (i) be in writing, (ii) set forth in detail the factual and legal bases therefor, (iii) be filed with the United States Bankruptcy Court for the District of Delaware, Office of the Clerk of the Court, 824 Market Street, Wilmington, Delaware 19801, and (iv) served upon counsel for the Foreign Representative, Linklaters LLP, 1290 Avenue of the Americas, New York, New York 10104 (Attention: Penelope J. Jensen, Esq. and Christopher J. Hunker, Esq.) and Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market St., 16th Floor, P.O. Box 1347, Wilmington, Delaware 19801 (Attention: Derek C. Abbott, Esq. and Andrew R. Remming, Esq.), so as to be actually received on or before **October 16, 2024**.[5]

---

[4]  The PGL Vesting Order is attached to the *Notice of Entry of PGL Vesting Order in the CCAA Proceedings* [D.I. 271] as Exhibit A.

[5]  In accordance with the Sale Procedures Order, the Foreign Representative must provide: (i) seven (7) days' notice with respect to any Sale with an aggregate sale price less than US$7,000,000 and (ii) twenty-one (21) days' notice with respect to any Sale with an aggregate sale price greater than or equal to US$7,000,000.

**PLEASE TAKE FURTHER NOTICE** that if no response or objection is timely filed and served as provided above, the Debtors may consummate the Sale without further order of the Court following the expiration of the objection deadline.

*[Remainder of Page Intentionally Left Blank]*

| | |
|---|---|
| Dated: October 8, 2024<br>Wilmington, Delaware | **MORRIS, NICHOLS, ARSHT & TUNNELL LLP**<br><br>*/s/ Austin T. Park*<br>Derek C. Abbott (No. 3376)<br>Andrew R. Remming (No. 5120)<br>Clint M. Carlisle (No. 7313)<br>Austin T. Park (No. 7247)<br>1201 N. Market Street, 16th Floor<br>P.O. Box 1347<br>Wilmington, Delaware 19899-1347<br>Telephone: (302) 658-9200<br>Facsimile: (302) 658-3989<br>Email: dabbott@morrisnichols.com<br>     aremming@morrisnichols.com<br>     ccarlisle@morrisnichols.com<br>     apark@morrisnichols.com<br><br>- and -<br><br>**LINKLATERS LLP**<br><br>Penelope J. Jensen, Esq. (admitted *pro hac vice*)<br>Christopher J. Hunker, Esq. (admitted *pro hac vice*)<br>Clark L. Xue, Esq.<br>1290 Avenue of the Americas<br>New York, NY 10104<br>Telephone: (212) 903-9000<br>Facsimile: (212) 903-9100<br>Email: penelope.jensen@linklaters.com<br>     christopher.hunker@linklaters.com<br>     clark.xue@linklaters.com<br><br>*Attorneys for the Foreign Representative* |