**<u>Exhibit B</u>**

Redline of Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>Pride Group Holdings Inc., *et al.*[1]<br><br>Debtors in Foreign Proceedings. | Chapter 15<br><br>Case No. 24-10632 (CTG)<br><br>(Jointly Administered) |

**ORDER (I) ENFORCING THE WIND-DOWN
ORDERS AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] filed by Randall Benson, solely in his capacity as the foreign representative (the "Foreign Representative") of the above-captioned debtors (collectively, the "Debtors,"[3] and together with certain of their non-Debtor affiliates, the "Pride Group")[4] seeking entry of an order (this "Order") enforcing in the United States the Wind-Down Orders granted in the Canadian proceedings (the "CCAA Proceedings") commenced under the Companies' Creditors Arrangement Act (the "CCAA"), pending before the Ontario Superior Court of Justice (Commercial List) in Ontario, Canada, Court File No. CV-24-00717340-00CL (the "Canadian Court"); and upon this Court's review and consideration of the Motion; and this

---

[1] The last four digits of Debtor Pride Group Holdings Inc.'s Canadian business number are 6399. Due to the large number of debtors in these chapter 15 cases, a complete list of the debtor entities and the last four digits of their unique identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' noticing agent at https://dm.epiq11.com/pridegroup. The Debtors' service address for the purposes of these chapter 15 cases is 1450 Meyerside, Suite 401, Mississauga, Ontario, L5T 2N5, Canada.

[2] Capitalized terms not defined herein are used as defined in the Motion.

[3] The term "Debtors" does not include: 1000089137 Ontario Inc., DVP Holdings, Corp., Parker Global Enterprises, Inc., Parker Transport Co., and Arnold Transportation Services, Inc. (collectively, the "Arnold Entities").

[4] As used herein, "Pride Group" includes: (i) each of the "Applicants" listed in Schedule "A" to the PGL Vesting Order; (ii) Pride Truck Sales L.P., TPine Leasing Capital L.P., and Sweet Home Hospitality L.P. ((i) and (ii) together, the "Pride Entities"); and (iii) Block 6 Holding Inc., 2500819 Ontario Inc., Pergola Holdings, Corp., and Pride Global Insurance Company Ltd. Further, as noted in the Recognition Order, the Foreign Representative is not seeking relief with respect to the Arnold Entities. As a result, the terms "Pride Group" and "Pride Entities" do not include the Arnold Entities.

Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 109 and 1501; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P); and venue being proper before this Court pursuant to 28 U.S.C. § 1410(1) and (3); and appropriate, sufficient and timely notice of the Motion and the hearing thereon having been given; and upon the record established at such hearing; and it appearing that the relief requested in the Motion is necessary to maximize the value of the Pride Group's assets and business and in the best interests of the Debtors' creditors and other parties in interest; and the Court having determined that the relief requested in the Motion is consistent with the purpose of chapter 15 of the Bankruptcy Code and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and no objections or other responses having been filed that have not been overruled, withdrawn or otherwise resolved; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A. The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B. On May 2, 2024, the Court granted the Recognition Order granting recognition of the CCAA Proceedings and the related relief sought in the Chapter 15 Petitions, including, among other things, extending the relief granted in the Second Provisional Relief Order in the United States on a final basis.

C.  On October 10, 2024, the Canadian Court granted the Wind-Down and Turn-Over Order and the KERP Order, which, among other things, (i) approved the Wind-Down Plan, budget and the timetable contemplated therein and (ii) approved the KERP, in the maximum amount of CAD$1.8 million, on the terms described therein.

D.  On October 17, 2024, the Canadian Court granted the Collateral Management Order and the Sale Approval Order, which, among other things, serve to facilitate and operationalize the relief granted in the Wind-Down and Turn-Over Order.

E.  The Foreign Representative has demonstrated that the relief granted under the Wind-Down Orders is necessary to effectuate the wind down of the Pride Entities' operations, turnover the Pride Entities' remaining assets to their secured creditors and bring the CCAA Proceedings and these Chapter 15 Cases to their conclusion.

F.  The Foreign Representative has demonstrated that, in the interest of comity, the purpose of chapter 15 is carried out by giving effect to the Wind-Down Orders.

G.  All creditors and other parties in interest are sufficiently protected by the grant of the relief ordered hereby in compliance with section 1522(a) of the Bankruptcy Code.

**BASED ON THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS HEREBY ORDERED THAT:**

1.  The Motion is granted as set forth herein.

2.  Pursuant to section 1521 of the Bankruptcy Code, the Wind-Down Orders, and the powers and duties of the Pride Entities, the Monitor, the CRO, NCI, the Recourse Lenders, and the Manager, thereunder, shall be enforceable and given full force and effect within the territorial jurisdiction of the United States to the same extent that they are enforceable and given effect in Canada and shall be binding on all creditors of the Pride Group and any of their successors or assigns within the territorial jurisdiction of the United States.

3. Notwithstanding any stay, injunction or similar relief granted in these Chapter 15 Cases, the Pride Entities, the Monitor, the CRO, NCI, the Recourse Lenders, and the Manager are authorized to exercise all remedies and take any and all actions permitted under the Wind-Down Orders, subject to the provisions of the Wind-Down Orders.

4. Notwithstanding anything to the contrary in the Recognition Order, and effective as of the date of the Wind-Down and Turn-Over Order, the Pride Entities are authorized to make any intercompany advances to TPine Leasing Capital L.P. and Pride Truck Sales L.P. as necessary to effectuate the Wind-Down Orders.

5. Notwithstanding the delivery of any Management Property to, and disposition of any such Management Property by or on behalf of, the Pride Entities or the Manager or any agent, representative, professional, dealer, auctioneer or other party retained by the Pride Entities or the Manager, and notwithstanding any provision of the Uniform Commercial Code (the "UCC") to the contrary, the Pride Entities or the Manager shall not be required to file any UCC financing statement, deliver any notices, or take any other actions with respect to such Management Property to preserve the validity, enforceability and priority of the Manager's interests over any third-party creditor's interest (if any) in such Management Property as prior to such delivery and disposition.

6. Notwithstanding Section 9-624(a) of the UCC or any applicable state version thereof, each of (i) the Pride Group and (ii) Sulakhan Johal, Jasvir Johal and Amrinder Johal, in their capacity as personal guarantors on certain of the Pride Group's credit facilities, hereby waives any requirement for notice pursuant to Section 9-611 of the UCC, or any applicable state version thereof, prior to the disposition of property by any Recourse Lender, in each case only to the extent such disposition has been approved by this Order or prior order of this Court.

7. The Manager and counsel to the Manager shall be paid their reasonable fees and disbursements from the proceeds of Management Property or the Manager's borrowings in accordance with the Collateral Management Order, the Manager and counsel to the Manager shall be entitled to and are hereby granted the Manager's Charge on the Management Property, as security for such fees and disbursements, and the Manager's Charge shall form a first charge on the Management Property in priority to all security interests, trusts, liens, charges and encumbrances, statutory or otherwise, in favor of any Person, upon the turn-over of the Management Property in accordance with the Wind-Down and Turn-Over Order.

8. In accordance with the Collateral Management Order, the Manager is authorized to borrow by way of a revolving credit or otherwise, such monies from time to time as it may consider necessary or desirable, provided that the outstanding principal amount does not exceed CAD$6 million at any time, at such rate or rates of interest as it deems advisable for such period or periods of time as it may arrange, for the purpose of funding the exercise of the powers and duties conferred upon the Manager by the Collateral Management Order, including interim expenditures. The whole of the Management Property shall be and is hereby subject to the Manager's Borrowings Charge as security for the payment of the monies borrowed, together with interest and charges thereon, in priority to all security interests, trusts, liens, charges and encumbrances, statutory or otherwise, in favor of any Person, upon the turn-over of the Management Property in accordance with the Wind-Down and Turn-Over Order.

9. For the avoidance of doubt, "Management Property" as used herein and as defined in the Collateral Management Order does not include any real property owned by the Pride Entities (including the real property located at 131 and 139 Industrial Blvd., La Vergne,

<ins>Tennessee owned by Debtor 131 Industrial Blvd. Holding Corp.). This Order does not grant any relief or impact any rights of parties-in-interest with respect to the Debtors' real property.</ins>

<ins>10.</ins> ~~9.~~ The Foreign Representative is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

<ins>11.</ins> ~~10.~~ The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

<ins>12.</ins> ~~11.~~ This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through these Chapter 15 Cases, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.