**EXHIBIT 2**

Joint Continuing Guaranty

(See attached)

## Guaranty

This Guaranty, made this 21st day of July, 2014 by **SULAKHAN JOHAL** _____, and **JASVIR JOHAL** _____, (separately and together, the "Guarantor");

To:  HITACHI CAPITAL AMERICA CORP.  (hereinafter, "Hitachi")
     800 Connecticut Ave
     Norwalk, CT 06854

Each Guarantor severally requests Hitachi to extend credit to or to purchase security agreements, leases, notes, accounts and/or other obligations (herein generally termed, "Paper") of or from or otherwise to do business with:

Company:  PRIDE TRUCK SALES L.P.  (hereinafter, the "Company")
          345 Grand Island Blvd.
          Tonawanda, NY 14150

1.  To induce Hitachi to extend such credit or to make such purchase, and in consideration thereof and of benefits to accrue to each Guarantor there from, each Guarantor, as a primary obligor, irrevocably and unconditionally, jointly and severally guarantees to Hitachi that the Company will fully and promptly pay and perform all of its present and future obligations to Hitachi, whether direct or indirect, joint or several, absolute or contingent, secured or unsecured, matured or unmatured and whether originally contracted with Hitachi or otherwise acquired by Hitachi, irrespective of any invalidity or unenforceability of any such obligation or the insufficiency, invalidly or unenforceability of any security therefor, whether now existing or hereinafter incurred.

Each Guarantor also agrees as follows: (1) to pay on demand all sums due and to become due to Hitachi from the Company and all losses, costs, attorneys' fees and expenses which may be suffered by Hitachi by reason of the Company's default or default of any Guarantor without Hitachi first having to proceed against the Company or to liquidate Paper or any security therefore; and (2) to be bound by and on demand to pay any deficiency established by a sale of Paper and/or security held with or without notice to any Guarantor.

2.  This Guaranty is an unconditional guaranty of payment and performance. No Guarantor shall be released or discharged, either in whole or in part, by Hitachi's failure or delay to perfect or continue the perfection of any security interest in any property which secures the obligations of the Company or any Guarantor to Hitachi, or to protect the property covered by such security interest. The obligations of each Guarantor under this Guaranty shall remain in full force and effect until all sums due to Hitachi from the Company have been paid in full and all costs and expenses, if any, referred to in Paragraph 1 herein shall have been paid in full.

3.  Each Guarantor hereby represents and warrants that: (1) it has the power to enter into and perform this Guaranty; (2) neither this Guaranty, the execution, delivery and performance hereof, the performance of the agreements herein contained nor the consummation of the transactions herein contemplated will violate any statute, ordinance, regulation, court order or decree or order or decree of any other governmental authority or agency or any other agreement to which said Guarantor is subject; and (3) this Guaranty constitutes the valid and binding obligation of each Guarantor enforceable against each Guarantor in accordance with its terms.

4.  Each Guarantor waives: (1) notice of acceptance hereof; (2) presentment, demand, protest and notice of nonpayment or protest as to any note or obligation signed, accepted, endorsed or assigned to Hitachi by the Company; (3) any and all rights of subrogation, reimbursement, indemnity, exoneration, contribution or any other claim which any Guarantor may now or hereafter have against the Company or any other person directly or contingently liable for the obligations guaranteed hereunder, or with respect to the Company's property (including, without limitation, property collateralizing the Company's obligations to Hitachi ), arising from the existence or performance of this Guaranty; (4) all exemptions and homestead laws and any other demands and notices required by law; all setoffs and counterclaims; and (5) any and all defenses based on suretyship or any other applicable law, including without limitation all rights and defenses arising out of (i) an election of remedies by Hitachi even though that election of remedies may have destroyed rights of subrogation and reimbursement against the Company by operation of law or otherwise, (ii) protections afforded to the Company pursuant to anti-deficiency or similar laws limiting or discharging the Company's obligations to Hitachi, (iii) the invalidity or unenforceability of this Guaranty, (iv) the failure to notify any Guarantor of the disposition of any property securing the obligations of the Company, (v) the requirement, if any, that Hitachi marshal assets (vi) the commercial reasonableness of such disposition or the impairment, however caused, of the value of such property, and (vii) any duty on



Hitachi's part (should such duty exist) to disclose to any Guarantor any matter, fact or thing related to the business operations or condition (financial or otherwise) of the Company or its affiliates or property, whether now or hereafter known by Hitachi.

5. Hitachi may at any time and from time to time, without the consent of any Guarantor, without notice to any Guarantor and without affecting or impairing the obligation of any Guarantor hereunder, do any of the following:

(a) renew, extend (including extensions beyond the original term of the respective item of Paper), modify (including changes in interest rates), release or discharge any obligations of the Company, of its customers, of co-guarantors (whether hereunder or under a separate instrument) or of any other party at any time directly or contingently liable for the payment of any of said obligations;

(b) accept partial payments of said obligations;

(c) accept new or additional documents, instruments or agreements relating to or in substitution of said obligations;

(d) settle, release (by operation of law or otherwise), compound, compromise, collect or liquidate any of said obligations and the security therefore in any manner;

(e) consent to the transfer or return of the security, and take hold additional security or guaranties for said obligations;

(f) amend, exchange, release or waive any security or guaranty; or

(g) bid and purchase at any sale of Paper or security and apply any proceeds or security, and direct the order and manner of sale.

6. If a claim is made upon Hitachi at any time for repayment or recovery of any amount(s) or otherwise received by Hitachi, from any source, in payment of or on account of any of the obligations of the Company guaranteed hereunder and Hitachi repays or otherwise becomes liable for all or any part of such claim by reason of:

(a) any judgment, decree or order of any court or administrative body having competent jurisdiction; or

(b) any settlement or compromise of any such claim,

each Guarantor shall remain jointly and severally liable to Hitachi hereunder for the amount so repaid or for which Hitachi is otherwise liable to the same extent as if such amount(s) had never been received by Hitachi, notwithstanding any termination hereof or the cancellation of any note or other agreement evidencing any of the obligations of the Company. This Guaranty shall bind each Guarantor's respective heirs, administrators, representatives, successors, and assigns and shall inure to the benefit of Hitachi's successors and assigns including, but not limited to, any party to whom Hitachi may assign any item or items of Paper. Each Guarantor hereby waives notice of any such assignment. All of Hitachi's rights are cumulative and not alternative.

7. The invalidity or unenforceability of any one or more phrases, sentences, clauses or section of this Guaranty shall not affect the validity or enforceability of the remaining portions of this Guaranty, or any part thereof.

8. This Guaranty shall be interpreted under and governed by the laws of the State of Connecticut, without regard to conflicts of laws principles. Each Guarantor agrees that the negotiation and acceptance of this Guaranty has taken place in the State of Connecticut. The parties consent and agree that all actions or proceedings arising out of, relating to or pertaining to this Guaranty may be tried and litigated in the state and federal courts located in the State of Connecticut provided, however, that any suit seeking enforcement against the property securing the Paper may be brought, at Hitachi's option, in the courts of any jurisdiction where Secured Party elects to bring such action or where such property may be found.

9. **Nothing contained in this Guaranty shall preclude Hitachi from commencing any action in any court having jurisdiction thereof with respect to any matter arising out of, relating to or pertain to this Guaranty.** However, at the sole option of Hitachi, any controversy, claim or dispute arising out of, relating to or pertaining to this Guaranty or the interpretation, breach, enforcement or subject matter thereof, that cannot be settled by mutual agreement of the parties, may: (i) be submitted to arbitration by one (1) arbitrator (unless Hitachi determines to have multiple arbitrators) in Norwalk, Connecticut, or such other location chosen by Hitachi, conducted by the American Arbitration Association, in accordance with its Commercial Arbitration Rules then in effect or conducted by any other recognized arbitration association or entity in accordance with like rules ("Arbitration"); or (ii) be determined through any alternative dispute resolution ("ADR") procedure provided for under the Laws of the State of Connecticut or the Guarantor's state of incorporation; with said governing law and ADR procedure to be selected by Hitachi. Judgment upon any arbitration award or ADR determination may be entered in any



court of any state or county or application may be made to such court for judicial acceptance of the award or determination and an order of enforcement, as the law of the jurisdiction may require or allow. The arbitration award or ADR determination shall be final and no appeal shall be taken by either party. The costs of any such arbitration or ADR shall be borne equally by the Guarantor and Hitachi, unless the arbitrator(s) or ADR decision-maker deems such division of costs to be inequitable, in which event the arbitrator(s) or ADR decision-maker may allocate the costs of arbitration or ADR among the parities thereto as s/he deems just and equitable under the circumstances.

10. THE GUARANTOR AND HITACHI HEREBY WAIVE TRIAL BY JURY IN ANY ACTION, PROCEEDING OR COUNTERCLAIM BROUGHT BY OR AGAINST EACH OTHER ON, OR IN RESPECT OF, ANY MATTER ARISING OUT OF, RELATING TO OR PERTAINING TO THIS GUARANTY OR THE INTERPRETATION, BREACH, ENFORCEMENT OR SUBJECT MATTER THEREOF, THE RELATIONSHIP BETWEEN THE COMPANY AND THE SECURED PARTY AND/OR ANY CLAIM OF INJURY OR DAMAGE FROM ANY OTHER RELATIONSHIP BETWEEN THE PARTIES HERETO.

**IN WITNESS WHEREOF,** each Guarantor has executed this Guaranty as of the date first above written.

ATTEST:

_____
Print Name: Amrinder Johal

X _____
**SULAKHAN JOHAL**

97 Coastline Drive
Address
Brampton    ON    L6Y 0S4
City        State      Zip


ATTEST:

_____
Print Name: Amrinder Johal

X _____
**JASVIR JOHAL**

4 Pergola Way
Address
Brampton    ON    L6Y 5M6
City        State      Zip

ORIGINAL