**EXHIBIT 3**

Guaranty Reaffirmance

(See attached)

## FORBEARANCE, WAIVER AND REAFFIRMATION AGREEMENT

THIS FORBEARANCE, WAIVER AND REAFFIRMATION AGREEMENT (this "**Agreement**") is dated as of November 10 2020, and is by and between Hitachi Capital America Corp. ("**Secured Party**") and Pride Truck Sales L.P., a Delaware limited partnership ("**Dealer**") and the Guarantors listed on <u>Schedule 1</u> hereto, the "**Guarantors**" and together with Dealer, the "**Obligors**").

## RECITALS:

**WHEREAS,** Secured Party and Dealer are parties to that certain Floorplan and Security Agreement dated November 21, 2018 (the "**Floorplan Agreement**") pursuant to which Secured Party agreed from time to time to extend credit to or on behalf of Dealer to purchase inventory.

**WHEREAS,** under Section 4(d)(3) of the Floorplan Agreement, Dealer agreed it would not without Secured Party's prior written consent "change its … organizational structure … or change its registration to a registered organization other than as specified above …."

**WHEREAS,** under Section 4(d)(5) of the Floorplan Agreement, Dealer agreed that it would not without Secured Party's prior written consent "change the state in which it is incorporated or otherwise organized (except upon thirty (30) days' prior written notice to Secured Party) …."

**WHEREAS,** as of the date of the Floorplan Agreement, Dealer was organized as a New York limited partnership.

**WHEREAS,** without notice to Secured Party, on July 24, 2019, Dealer and its affiliate TP Leasing Capital L.P. submitted notices of conversion in Delaware, which, according to Delaware law, allows for the conversion of another entity into a Delaware limited partnership.

**WHEREAS,** pursuant to the filed notices of conversion and applicable Delaware law, Dealer converted from a New York limited partnership to a Delaware limited partnership.

**WHEREAS,** as a result of Dealer's conversion from a New York limited partnership to a Delaware limited partnership, a Default (as defined in the Floorplan Agreement) occurred (the "**Dealer Default**").

**WHEREAS,** Obligors request that Secured Party forbear from exercising its remedies on account of the Dealer Default and then waive the Dealer Default, which Secured Party is willing to do, subject to the terms and conditions set forth herein.

**NOW, THEREFORE,** in consideration of the foregoing Recitals and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the parties hereto, the parties hereby agree as follows:

1. <u>Defined Terms.</u> Capitalized terms not otherwise defined herein shall have the meanings ascribed thereto in the Floorplan Agreement.

2. <u>Acknowledgements.</u>

(a) The Recitals to this Agreement are true and correct and are an integral part of this Agreement and are hereby incorporated into and made a part hereof.

(b) Secured Party has and shall continue to have a valid and enforceable security interest in the Collateral heretofore granted to Secured Party pursuant to the Floorplan Agreement and nothing contained in this Agreement shall waive, modify, impair, or otherwise impact Secured Party's security interests in, and/or claims against, the Collateral.

(c) (i) Each of the Floorplan Agreement and Guaranties to which Dealer or Guarantors are a party has been duly executed and delivered to Secured Party by them, and each is in full force and effect as of the date hereof, (ii) the agreements and obligations of Dealer and Guarantors contained in such documents and in this Agreement constitute the legal, valid and binding obligations of Dealer and Guarantors, enforceable against them in accordance with their respective terms, and Dealer and Guarantors have no valid defense to the enforcement of such obligations, and (iii) Secured Party is and shall be entitled to the rights, remedies and benefits provided for in the Floorplan Agreement and applicable law.

(d) The Dealer Default exists and is continuing, and constitutes a material default under the Floorplan Agreement, which entitles Secured Party to exercise its rights and remedies, or any of them, under the Floorplan Agreement, applicable law and otherwise. Except as otherwise expressly provided herein, Secured Party has not waived, and specifically reserves, its rights and remedies under the Floorplan Agreement with respect to the Dealer Default, and except as otherwise expressly provided herein, nothing contained herein shall be deemed to constitute any such waiver.

3. <u>Forbearance and Waiver.</u>

(a) Commencing on the date hereof and continuing through the Forbearance Termination Date (as defined herein), Secured Party shall forbear from exercising its rights and remedies on account of the Dealer Default.

(b) As used herein, the term "**Forbearance Termination Date**" means the earlier of (i) the date all executed No Interest Letters (as defined herein) required by Secured Party are received by Secured Party, (ii) the date of the occurrence of an additional Default or a default under this Agreement, or (iii) November 30, 2020.

(c) Upon the delivery of the No Interest Letters to Secured Party prior to November 30, 2020 and so long as no additional Default occurred and no default occurred under this Agreement, then the Dealer Default shall be deemed waived.



(d) As used herein, the term "**No Interest Letters**" mean those certain letters in substantially the form attached hereto as Exhibit 1 or as otherwise accepted by Secured Party, from the lenders listed on Schedule 2 hereto, providing that each such lender has no security interest in, other lien upon, or any other right, title or interest in the Hitachi Capital Collateral (as defined therein).

4. Forbearance and Waiver Fee. As additional consideration for the agreements of Secured Party under this Agreement and as a condition to the effectiveness of this Agreement, Dealer shall pay to Secured Party a forbearance and waiver fee (the "**Fee**") in the amount of $16,000.00. The Fee shall be due and payable by November 20, 2020.

5. Reaffirmation.

(a) Dealer hereby reaffirms that all of its agreements, obligations and liabilities owing to Secured Party under the Floorplan Agreement are in full force and effect and that the conversion of Dealer from a New York Limited Partnership to a Delaware Limited Partnership did not, in any way, affect or diminish such agreements, obligations and liabilities.

(b) Each of the Guarantors hereby acknowledges the terms and conditions set forth in the Floorplan Agreement and this Agreement and hereby expressly ratifies and reaffirms its agreements, liabilities and obligations as set forth in the Guaranties as of the date hereof, to and for the benefit of Secured Party.

6. No Defenses. Obligors hereby represent and warrant to Secured Party that they possess no claims, defenses, offsets, recoupment or counterclaims of any kind or nature against Secured Party or with respect to the enforcement of the Floorplan Agreement or any Guaranty (collectively, "**Claims**"), nor do Obligors have any knowledge of any facts that would or might give rise to any Claims. If facts now exist which would or could give rise to any Claim against or with respect to the enforcement of the Floorplan Agreement or any Guaranty, then each of the Obligors hereby unconditionally, irrevocably and unequivocally waives and fully releases any and all such Claims as if such Claims were the subject of a lawsuit, adjudicated to final judgment from which no appeal could be taken and therein dismissed with prejudice.

7. Supplemental Agreements.

(a) Obligors shall either pay directly or reimburse Secured Party for all of its costs and expenses, including legal fees, incurred in connection with the Dealer Default and in connection with the preparation of this Agreement. In addition, Obligors shall pay or reimburse Secured Party for all reasonable legal fees and other costs and expenses incurred by Lender in connection with the administration, amendment, modification or enforcement of this Agreement and the collection of the of all amounts owing under the Floorplan Agreement and the Guaranties.

(b) At any time and from time to time after the date hereof, the parties shall upon request by the other and without further consideration, do, perform, execute, acknowledge and deliver all such further acts, deeds, assignments, assumptions, transfers, conveyances, powers of attorney, certificates and assurances as may be reasonably required in order to fully consummate the transactions contemplated hereby in accordance with this Agreement or to carry out and perform any undertaking made by the parties hereunder, including without limitation, obtaining the executed No Interest Letters.

8. <u>Representations, Warranties and Covenants</u>. Dealer and each Guarantor hereby represents, warrants and covenants to Secured Party as follows:

(a) other than with respect to the state of organization of Dealer, the representations and warranties of Dealer in the Floorplan Agreement are true and correct as of the date hereof;

(b) Dealer is a Limited Partnership organized under the laws of the State of Delaware and is in good standing;

(c) the representations and warranties of each Guarantor set forth in its Guaranty are true and correct as of the date hereof; and

(d) this Agreement has been duly authorized, executed and delivered on behalf of Dealer and Guarantors, and this Agreement constitutes the legal, valid and binding obligation of Dealer and Guarantors, enforceable in accordance with its terms.

9. <u>Conditions Precedent</u>. The obligation of Secured Party to enter into this Agreement and the agreements of Secured Party contained herein are subject to the following conditions precedent:

(a) Dealer and Guarantors shall have entered into, executed, and delivered to Secured Party a fully executed original of this Agreement; and

(b) Dealer shall have paid to Secured Party the Fee and all costs and expenses, including legal fees, incurred by Dealer through the date of this Agreement. Chemical Bank and Dealer and Guarantors shall have entered into, executed and delivered to Secured Party a copy of an agreement on substantially the same terms as this Agreement.

10. <u>Representation by Counsel</u>. Dealer and each Guarantor hereby represents that it has been represented by competent counsel of its choice in the negotiation and execution of this Agreement; that it has read and fully understands the terms hereof, that Dealer and such Guarantor and its counsel have been afforded an opportunity to review, negotiate and modify the terms of this Agreement, and that they intend to be bound hereby.

11. <u>Consents</u>. Dealer and each Guarantor represents that this Agreement does not violate any provision of any instrument, document, contract or agreement to which Dealer or such Guarantor is a party, or Dealer and each Guarantor hereby represents that it has obtained all requisite consents under those third party instruments prior to entering into this Agreement.



- 4 -

- 5 -

12. <u>Entire Agreement</u>.  This Agreement together with the Floorplan Agreement and the Guaranties constitutes the entire agreement of the parties hereto with respect to the subject matter hereof and supersedes all other understandings, oral, written or imputed.  This Agreement shall not be charged or terminated orally or by course of conduct, but only by a writing signed by all parties.

13. <u>Counterparts</u>.  This Agreement may be executed in any number of counterparts, and by the different parties hereto and thereto on the same or separate counterparts, each of which, when so executed and delivered, shall be deemed to be an original; all the counterparts for this Agreement shall together constitute one and the same agreement.

NO FURTHER TEXT ON THIS PAGE
SIGNATURE PAGE FOLLOWS

**IN WITNESS WHEREOF,** the parties hereto have caused this Forbearance Agreement and Reaffirmation of Guaranties to be executed and delivered.

### SECURED PARTY:

**Hitachi Capital America Corp.**

By: _____
Name: _____
Title: _____

### DEALER:

**Pride Truck Sales L.P.**

By: *S. Johal*
Name: *Sulakhan Johal*
Title: *Partner*

### GUARANTORS:

**Pride Truck Sales Ltd.**

By: *S. Johal*
Name: *Sulakhan Johal*
Title: *President*

**Pride Hospitality, Ltd.**

By: *S. Johal*
Name: *Sulakhan Johal*
Title: *President*

**Pride Group Holdings, Inc.**

By: *S. Johal*
Name: *Sulakhan Johal*
Title: *President*

**Pride Group Logistics Ltd.**

By: *S. Johal*
Name: *Sulakhan Johal*
Title: *President*

Signature Page Continued

**TPine Leasing Capital Corporation**

By: *S. Johal*
Name: Sulakhan Johal
Title: President

**TPine Truck Rental Inc.**

By: *S. Johal*
Name: Sulakhan Johal
Title: President

**2043002 Ontario Inc.**

By: *S. Johal*
Name: Sulakhan Johal
Title: President

**Sulakhan Johal**

By: *S. Johal*
Name: _____
Title: _____

**Jasvir Johal**

By: *J. Johal*
Name: _____
Title: _____

- 7 -

## SCHEDULE 1

**Guarantors**

Pride Truck Sales Ltd.
Pride Hospitality, Ltd.
Pride Group Holdings, Inc.
Pride Group Logistics Ltd.
TPine Leasing Capital Corporation
TPine Truck Rental Inc.
2043002 Ontario Inc.

## SCHEDULE 2

**Lenders from which No Interest Letters are required**

## EXHIBIT 1

### No Interest Letter Form

ON BANK LETTERHEAD

Hitachi Capital America Corp.
800 Connecticut Avenue
Norwalk, CT 06854_____
Attn: _____

Re:   Pride Truck Sales L.P. ("Debtor") - No Interest in Inventory (as defined herein)

_____ [*insert name of Bank*], in its own capacity, and in any capacity for which it is currently or hereafter acting as secured party of record, and/or as agent, for any third parties, "Secured Party") has or may have a security interest or other lien ("Secured Party's Security Interest") in certain of Debtor's assets. To induce Hitachi Capital America Corp. ("Hitachi Capital") to extend financing to Debtor and provide other financial accommodations to Debtor, Secured Party hereby confirms that Secured Party does not claim, and shall not claim during the term of Hitachi Capital's financing of Debtor, a security interest in, other lien upon, or any other right, title or interest in that certain Inventory (as defined in Section 9-102(a)(48) of the Uniform Code manufactured and/or distributed by _____ (*if too many manufacturers or distributors, then add a schedule*) and all proceeds of such Inventory. financed prior to or subsequent to the date of this letter by Hitachi Capital pursuant to that certain Floorplan and Security Agreement dated November 21, 2018, between Hitachi Capital and the Debtor, together with all schedules and riders thereto, in each case, as amended or otherwise modified from time to time (the "Hitachi Capital Collateral"). To the extent that a security interest or other lien in favor of Secured Party exists, or may hereafter exist during the term of Hitachi Capital's financing of Debtor, with respect to the Hitachi Capital Collateral, Secured Party hereby disclaims, terminates and releases any such security interest, other lien or other right, title or interest. In furtherance of the foregoing, Secured Party agrees that: (i) it will not take any action to bar, restrain or otherwise prevent Hitachi Capital from inspecting, removing or taking possession of all or any portion of the Hitachi Capital Collateral, (ii) if Secured Party obtains possession of any Hitachi Capital Collateral, Secured Party shall turn over such Hitachi Capital Collateral upon Hitachi Capital's written request therefor, (iii) the above release and disclaimer shall apply irrespective of the time or order of attachment or perfection of security interests, and (iv) if requested in writing by Hitachi Capital, Secured Party will, at the expense of Debtor, execute and deliver, in form and substance satisfactory to Secured Party, such other documents as may be reasonably requested by Hitachi Capital to evidence the above termination, release and disclaimer.

It is expressly understood and agreed that the release set forth herein shall not apply to any assets of Debtor other than the Hitachi Capital Collateral and all existing security interests in favor of Secured Party in such assets (other than the Hitachi Capital Collateral) of Debtor and all obligations owing by each Debtor to Secured Party shall remain in full force and effect. The release set forth herein is not effective to release any rights in the Hitachi Capital Collateral re-acquired by any Debtor upon termination of the Hitachi Capital financing agreements.

Secured Party represents to Hitachi Capital that Secured Party has not heretofore assigned Secured Party's Security Interest to any third-party assignee, and covenants to Hitachi Capital that Secured Party shall not assign Secured Party's Security Interest to any third-party assignee without concurrently notifying any such assignee of the existence of this agreement, delivering a true copy of same to any such assignee and obtaining the agreement of such assignee to be bound, in the same manner as Secured Party, to the terms of this agreement. This agreement shall be binding upon Secured Party's successors and assigns.

This letter agreement shall remain in full force and effect notwithstanding that Hitachi Capital or Secured Party modifies or amends, by agreement or otherwise, any of their respective agreements with Debtor. This agreement shall be governed and construed in accordance with the laws of the State of New York (without regard to the conflict of laws principles thereof).

Yours truly

_____