# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Pride Group Holdings Inc., *et al.*[1]<br><br>Debtors in Foreign Proceedings. | Chapter 15<br><br>Case No. 24-10632 (CTG)<br><br>Jointly Administered |

### AGREED ORDER AMONG THE FOREIGN REPRESENTATIVE, THE PRIDE GROUP, THE MONITOR AND DAIMLER WITH RESPECT TO RELIEF FROM THE INJUNCTION

The Court having considered the Additional Stipulation Among the Foreign Representative, the Pride Group, the Monitor, and Daimler with Respect to Relief from the Injunction (the "Additional Stipulation")[2] presented to the Court and attached hereto as **Exhibit 1** and good and sufficient cause having been shown:

IT IS HEREBY ORDERED THAT:

1. The Additional Stipulation, and the terms of the Additional Stipulation, are approved.

2. The Injunction, to the extent applicable, pursuant to 11 U.S.C. § 1521(a), is lifted solely to allow Daimler to take possession of and sell the Additional Surrendered

---

[1] The last four digits of Debtor Pride Group Holdings Inc.'s Canadian business number are 6399. Due to the large number of debtors in these chapter 15 cases, a complete list of the debtor entities and the last four digits of their unique identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' noticing agent at https://dm.epiq11.com/pridegroup. The Debtors' service address for the purposes of these chapter 15 cases is 1450 Meyerside, Suite 401, Mississauga, Ontario, L5T 2N5, Canada.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Stipulation.

Equipment and any notice requirements under Section 9-611 of the UCC or any applicable state version thereof are waived with respect to sales of the Additional Surrendered Equipment.

3. The fourteen (14) day stay provided under Federal Rule of Bankruptcy Procedure 4001(a)(3) shall not apply.

4. The Foreign Representative, the Pride Group, the Monitor, and Daimler are authorized to take all actions necessary to effectuate the relief requested in the Additional Stipulation.

5. This Order is a Final Order within the meaning of 28 U.S.C. § 158(a)(1) and is effective immediately upon entry.

6. This Order shall be binding on and inure to the benefit of the Parties and their respective heirs, executors, administrators, successors, and permitted assigns.

7. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the interpretation and/or implementation of this Order and the Additional Stipulation.

Dated: November 26th, 2024  
Wilmington, Delaware

**CRAIG T. GOLDBLATT**  
**UNITED STATES BANKRUPTCY JUDGE**