IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Pride Group Holdings Inc., *et al.*[1]<br><br>Debtors in Foreign Proceedings. | Chapter 15<br><br>Case No. 24-10632 (CTG)<br><br>Jointly Administered<br><br>**Re: D.I. 197** |

## NOTICE OF PROPOSED SALE OF AVAILABLE U.S. ASSETS

**PLEASE TAKE NOTICE** that on March 27, 2024, Randall Benson, solely in his capacity as the duly authorized foreign representative (the "Foreign Representative") of the above-captioned debtors (collectively, the "Debtors") in the Canadian proceedings (the "CCAA Proceedings") commenced under the Companies' Creditors Arrangement Act, R.S.C. 1985 c. C-36, pending before the Ontario Superior Court of Justice (Commercial List) in Ontario, Canada, Court File No. CV-24-00717340-00CL (the "Canadian Court"), and that on April 1, 2024 filed the *Verified Petition for (I) Recognition of Foreign Main Proceedings, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* [D.I. 2] (as amended on April 23, 2024 [D.I. 120], the "Amended Verified Petition") and the form chapter 15 petitions for the Initial Debtors (together with the form chapter 15 petitions for the Additional Debtors filed on April 15, 2024 and the Amended Verified Petition, the "Chapter 15 Petitions") pursuant to chapter 15 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Court").

**PLEASE TAKE FURTHER NOTICE** that on May 2, 2024, the Court entered an order granting recognition of the CCAA Proceedings and related relief sought in the Chapter 15 Petitions [D.I. 152] (the "Recognition Order").

**PLEASE TAKE FURTHER NOTICE** that on June 7, 2024, the Court entered the *Order (I) Approving the Sale Procedures and Sale Notice, (II) Authorizing the Sale of the Debtors' U.S. Assets Free and Clear of Liens, Claims, Encumbrances and Other Interests, and (III) Granting Related Relief* [D.I. 197] (the "Sale Procedures Order"),[2] which authorizes the sale of the Debtors' assets located within the territorial jurisdiction of the United States pursuant to the procedures set forth in the Sale Procedures Order.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Sale Procedures Order, the Foreign Representative seeks authority from the Court for the Debtors to consummate the sale of

---

[1] The last four digits of Debtor Pride Group Holdings Inc.'s Canadian business number are 6399. Due to the large number of debtors in these chapter 15 cases, a complete list of the debtor entities and the last four digits of their unique identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' noticing agent at https://dm.epiq11.com/pridegroup. The Debtors' service address for the purposes of these chapter 15 cases is 1450 Meyerside, Suite 401, Mississauga, Ontario, L5T 2N5, Canada.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Sale Procedures Order.

the Debtors' assets located within the territorial jurisdiction of the United States (the "Sale") pursuant to the asset purchase agreement (the "APA") attached to this Sale Notice as **Exhibit A**. The material terms of the APA are described below:

- **Available U.S. Assets Being Sold**: all rights, title and interests of Debtor High Prairie Texas Holding Corp. (the "Seller") in and to the real property located at 3375 High Prairie Road, Grand Prairie, TX 75050 and all other property described in Section 1.01 of the APA (collectively referred to as the "Property"):

- **Purchaser**: Alterra IOS Acquisitions III, LLC (the "Purchaser").

- **Purchase Price**: US$15,850,000 (the "Purchase Price").

- **Terms of Payment**: Purchaser has made an earnest money deposit of US$500,000 to First American Title Insurance Company, as Escrow Agent for Ernst & Young Inc., the Debtors' Canadian Court-appointed monitor (the "Monitor"), to be held in trust within two business days after execution of the APA and will pay the balance of the Purchase Price in cash at closing (subject to adjustments).

- **Marketing Efforts**:

    o As set forth in the Foreign Representative Declaration, on May 1, 2024, the Seller, as directed by the CRO in consultation with the Monitor, retained CBRE Limited to publicly list the Property for sale. The Seller received several indications of interest and ultimately five written offers for the Property over the course of its listing.

    o After reviewing all offers submitted on the Property, the Seller determined that the Purchaser's offer of $15,850,000 was the highest and best offer based on (i) total value offered, (ii) the terms and conditions of the offer and (iii) Purchaser's assurances that the Sale would close, which culminated in the APA between the Seller and Purchaser.

    o The Seller, in consultation with the CRO and the Monitor, determined that additional marketing efforts would be unlikely to yield an offer that is a higher and better offer than the Purchaser's offer under the circumstances.

- **Known Liens**: As of the date hereof, Royal Bank of Canada, in its capacities as administrative agent for the Syndicated Lenders and the DIP Lenders (each as defined in the Recognition Order), has liens on the Property. There are no other known liens on the Property.

- **Consent by Known Holders of Liens**: Royal Bank of Canada, in its capacities as administrative agent for the Syndicated Lenders and the DIP Lenders, has consented to the Sale of the Property.

- **Other Material Terms**: N/A.

**PLEASE TAKE FURTHER NOTICE** that the Foreign Representative requests entry of the proposed order attached to this notice as **Exhibit B** (the "Proposed Order") authorizing the consummation of the Sale and granting relief pursuant to sections 363(f) and 363(m) of the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE** that in support of the relief requested in the Proposed Order, the Foreign Representative submits the *Declaration of Foreign Representative* attached to this Sale Notice as **Exhibit C** (the "Foreign Representative Declaration").

**PLEASE TAKE FURTHER NOTICE** that consistent with the Sale Procedures Order and the Foreign Representative Declaration, if the Court enters an order granting relief under section 363(f) of the Bankruptcy Code, upon closing of the Sale, the Available U.S. Assets shall be transferred free and clear of all liens, claims, encumbrances and other interests, with such liens, claims, encumbrances and other interests attaching to the sale proceeds with the same validity, priority, force, and effect such liens, claims, encumbrances and other interests had on the property immediately prior to the Sale.

**PLEASE TAKE FURTHER NOTICE** that any party in interest wishing to submit a response, answer, or objection to the Sale must do so pursuant to the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, and such response, answer, or objection must (i) be in writing, (ii) set forth in detail the factual and legal bases therefor, (iii) be filed with the United States Bankruptcy Court for the District of Delaware, Office of the Clerk of the Court, 824 Market Street, Wilmington, Delaware 19801, and (iv) served upon counsel for the Foreign Representative, Linklaters LLP, 1290 Avenue of the Americas, New York, New York 10104 (Attention: Penelope J. Jensen, Esq. and Christopher J. Hunker, Esq.) and Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market St., 16th Floor, P.O. Box 1347, Wilmington, Delaware 19801 (Attention: Derek C. Abbott, Esq. and Andrew R. Remming, Esq.), so as to be actually received on or before December 18, 2024.[3]

**PLEASE TAKE FURTHER NOTICE** that if no response or objection is timely filed and served as provided above, the Proposed Order may be entered by the Court without further notice or a hearing.

*[Remainder of Page Intentionally Left Blank]*

---

[3] In accordance with the Sale Procedures Order, the Foreign Representative must provide: (i) seven (7) days' notice with respect to any Sale with an aggregate sale price less than US$7,000,000 and (ii) twenty-one (21) days' notice with respect to any Sale with an aggregate sale price greater than or equal to US$7,000,000.

| | |
|---|---|
| Dated: November 27, 2024<br>Wilmington, Delaware | **MORRIS, NICHOLS, ARSHT & TUNNELL LLP**<br><br>*/s/ Austin T. Park*<br>Derek C. Abbott (No. 3376)<br>Andrew R. Remming (No. 5120)<br>Clint M. Carlisle (No. 7313)<br>Austin T. Park (No. 7247)<br>1201 N. Market Street, 16th Floor<br>P.O. Box 1347<br>Wilmington, Delaware 19899-1347<br>Telephone: (302) 658-9200<br>Facsimile: (302) 658-3989<br>Email: dabbott@morrisnichols.com<br>            aremming@morrisnichols.com<br>            ccarlisle@morrisnichols.com<br>            apark@morrisnichols.com<br><br>- and -<br><br>**LINKLATERS LLP**<br><br>Penelope J. Jensen, Esq. (admitted *pro hac vice*)<br>Christopher J. Hunker, Esq. (admitted *pro hac vice*)<br>Clark L. Xue, Esq. (admitted *pro hac vice*)<br>1290 Avenue of the Americas<br>New York, NY 10104<br>Telephone: (212) 903-9000<br>Facsimile: (212) 903-9100<br>Email: penelope.jensen@linklaters.com<br>            christopher.hunker@linklaters.com<br>            clark.xue@linklaters.com<br><br>*Attorneys for the Foreign Representative* |