## Exhibit A

Revised Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>Pride Group Holdings Inc., et al.[1]<br><br>    Debtors in Foreign Proceedings. | Chapter 15<br><br>Case No. 24-10632 (CTG)<br><br>(Jointly Administered) |

**ORDER AUTHORIZING AND APPROVING SALE OF AVAILABLE**
**U.S. ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND**
**OTHER INTERESTS IN ACCORDANCE WITH THE SALE PROCEDURES ORDER**

Upon the *Notice of Proposed Sale of Available U.S. Assets* (the "Sale Notice") and the *Declaration of Foreign Representative* attached to the Sale Notice as Exhibit C (the "Foreign Representative Declaration") in support of entry of an order (this "Order") authorizing the sale of the Available U.S. Assets (the "Sale") under the asset purchase agreement dated October 2, 2024 (as may be amended from time to time, the "APA") by and between High Prairie Texas Holding Corp., as seller, and Alterra IOS Acquisitions, LLC, as purchaser (the "Purchaser"), pursuant to the *Order (I) Approving the Sale Procedures and Sale Notice, (II) Authorizing the Sale of the Debtors' U.S. Assets Free and Clear of Liens, Claims, Encumbrances and Other Interests, and (III) Granting Related Relief* [D.I. 197] (the "Sale Procedures Order");[2] and upon this Court's review and consideration of the Foreign Representative Declaration; and, if necessary, this Court having held a hearing to consider the relief requested in this Order (the "Hearing"); and due and proper notice of the Sale Notice having been provided and no other or further notice being necessary or

---

[1]    The last four digits of Debtor Pride Group Holdings Inc.'s Canadian business number are 6399. Due to the large number of debtors in these chapter 15 cases, a complete list of the debtor entities and the last four digits of their unique identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' noticing agent at https://dm.epiq11.com/pridegroup. The Debtors' service address for the purposes of these chapter 15 cases is 1450 Meyerside, Suite 401, Mississauga, Ontario, L5T 2N5, Canada.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Sale Procedures Order.

required; and no objections or other responses having been filed that have not been overruled, withdrawn, or otherwise resolved; and all interested parties having had an opportunity to be heard at the Hearing, if any; and after due deliberation and sufficient cause appearing therefor,

**THIS COURT HEREBY FINDS AND DETERMINES THAT:**

A.       The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.       This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.

C.       This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

D.       Venue is proper in this district pursuant to 28 U.S.C. § 1410.

E.       Good and sufficient notice of the relief granted by this Order has been given in accordance with the Sale Procedures Order.  Notice of the Sale was good, sufficient and appropriate under the circumstances and provided a reasonable opportunity to object or be heard regarding the relief granted by this Order to parties entitled to notice pursuant to the Bankruptcy Rules and the Local Rules.  No further notice of the Sale is required.

F.       The Foreign Representative has demonstrated that the Sale is a reasonable exercise of the Foreign Representative's business judgment and is in the best interests of the Debtors, their creditors and other parties in interest. Sound business reasons exist for the Sale.

G.      The transfer of the Available U.S. Assets to the Purchaser pursuant to the APA shall be legal, valid and effective and shall vest the Purchaser with all right, title and interest of the Debtors to the Available U.S. Assets free and clear of all liens, claims, encumbrances and other interests. One or more of the standards set forth in sections 363(f)(1)-(5) of the Bankruptcy Code have been satisfied.

H.      The Purchaser is a good faith purchaser for value, is entitled to all of the protections afforded under section 363(m) of the Bankruptcy Code and has otherwise acted in good faith in connection with the Sale. Specifically, (a) the Purchaser is not an "insider" of the Debtors, as that term is defined in the Bankruptcy Code; (b) the Sale was negotiated at arm's-length and in good faith; (c) the Purchaser did not in any way induce or cause the filing of these Chapter 15 Cases; (d) the consideration provided by the Purchaser under the Sale is fair and reasonable; and (e) the Sale is not the result of fraud or collusion.  Neither the Foreign Representative nor the Purchaser has engaged in any conduct that would cause or permit the Sale to be avoided or result in the imposition of any costs or damages under section 363(n) of the Bankruptcy Code.

I.      The entry of this Order is in the best interests of the Debtors, their creditors and all other parties in interest in these Chapter 15 Cases;

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

1.      The Sale is approved as set forth herein.

2.      Pursuant to sections 363(b) and 363(f) of the Bankruptcy Code, the Foreign Representative is authorized to transfer the Available U.S. Assets to the Purchaser pursuant to the terms of the APA with all right, title and interest in the Available U.S. Assets free and clear of all liens, claims, encumbrances and other interests. Any liens, claims, encumbrances and other interests in the Available U.S. Assets shall attach to the proceeds of the Sale in the order of priority and with the same validity, force and effect that they have as against the Available U.S. Assets

immediately prior to the Sale. The APA is hereby approved, and the Foreign Representative is authorized to take all actions necessary to consummate the Sale.

3.      The Purchaser is a good faith buyer within the meaning of section 363(m) of the Bankruptcy Code and is entitled to the full protections of section 363(m) of the Bankruptcy Code. The reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale, unless such authorization and consummation of the Sale is duly and properly stayed pending such appeal.

4.      The proceeds of the Sale will be held in trust by the Monitor in the CCAA Proceedings in accordance with the Protocols Order and pending further order of the Canadian Court, as to the distribution of such proceeds.

5.      Notwithstanding Bankruptcy Rule 6004(h) or any other provision in the Bankruptcy Rules or Local Rules to the contrary: (i) the terms of this Order shall be immediately effective and enforceable upon its entry; (ii) the Foreign Representative is not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order and (iii) the Foreign Representative may, in its discretion and without further delay, take any action and perform any act authorized under this Order, the Canadian Orders, or other order of the Canadian Court, including, without limitation, taking any actions or executing any documents the Foreign Representative (acting on behalf of the Debtors) believes appropriate in furtherance of, or in connection with, the consummation of the Sale or the implementation of this Order.

6.      This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation of this Order.