## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 15 |
| Pride Group Holdings Inc., *et al.* | Case No. 24-10632 (CTG) |
| Debtors in Foreign Proceedings. | (Jointly Administered) |
| | **Hearing Date: To be Determined**<br>**Objection Deadline: March 26, 2025 at 4 p.m. (ET)** |

### MOTION OF GIGG EXPRESS, INC. FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO SECTION 362(D) OF THE BANKRUPTCY CODE

Gigg Express, Inc. ("Gigg Express"), through its undersigned counsel, respectfully submits this motion (this "Motion") for entry of an order in the above-captioned chapter 15 cases (these "Chapter 15 Cases") of Pride Group Holdings Inc. and its affiliated debtors (collectively, the "Debtors"), substantially in the form attached hereto (the "Proposed Order"), pursuant to sections 105(a) and 362(d) of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4001-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") granting Gigg Express relief from the automatic stay to commence and prosecute a property damage action against debtor Arnold Transportation Services, Inc. and to proceed to collect any award against the Debtors' applicable insurance policies. In support of this Motion, Gigg Express respectfully represents as follows:

### JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (this "Court") has jurisdiction over these Chapter 15 Cases under 28 U.S.C. §§ 157 and 1334 and the Amended

Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012.

2. This is and other proceedings under chapter 15 of the Bankruptcy Code are core matters within the meaning of 28 U.S.C. § 157(b)(2)(P).

3. Pursuant to Local Rule 9013-1(f), Gigg Express consents to the entry of a final judgment or order with respect to this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

4. Venue of these Chapter 15 Cases is proper in the Court pursuant to 28 U.S.C. § 1410. 7. The statutory predicates for the relief requested in this Motion are sections 362(d) and 1520 of the Bankruptcy Code. The requested relief is warranted under Bankruptcy Rule 4001(a) and Local Rule 4001-1.

## BACKGROUND

5. On March 27, 2024, the Debtors commenced the CCAA Proceedings in the Canadian Court, which thereafter issued an initial order (a) authorizing (among other things) Randall Benson (the "Foreign Representative") to act as the foreign representative for the Debtors and file these Chapter 15 Cases and (b) appointing Ernst & Young Inc. as the monitor and RC Benson Consulting Inc. as Chief Restructuring Officer of the Debtors.

6. On April 1, 2024, the Foreign Representative filed petitions for relief under chapter 15 of the Bankruptcy Code for 26 Canadian and U.S. operating companies and non-real estate holding companies and sought recognition of the CCAA Proceedings as "foreign main proceedings" under Bankruptcy Code section 1517. See Verified Petition for (I) Recognition of Foreign Main Proceedings, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code [D.I. 2] (the "Verified Petition").

7.   On April 15, 2024, the Foreign Representative filed petitions for relief under chapter 15 of the Bankruptcy Code for 45 Canadian and U.S. single-asset real estate holding companies.

8.   On April 23, 2024, the Debtors filed an amended version of the Verified Petition [D.I. 121] seeking recognition of the CCAA Proceedings as "foreign main proceedings" under Bankruptcy Code section 1517 and related relief.

9.   On May 2, 2024, the Court granted recognition of the CCAA Proceedings (the "Recognition Order"), enforcement of the A&R Initial Order and Canadian Protocols Order in the United States on a final basis, and related relief. See D.I. 152.

10.   The Recognition Order extends the protection afforded by the automatic stay under section 362(a) of the Bankruptcy Code to the Debtors and their property. See D.I. No. 152, ¶ 5-6.

11.   Prior to entry of the Recognition Order, on or about June 10, 2023, Steve Taylor was operating a tractor trailer on highway I-57 in Jefferson County, Illinois when he struck a vehicle owned and operated by Gigg Express causing severe damage to that vehicle and its cargo (the "Accident").

12.   Upon information and belief, the time of the Accident and at all times relevant to this matter, Steve Taylor was an employe or agent of debtor Arnold Transportation Services, Inc., operating a vehicle owned by one or more of the Debtors and acting within the scope of his employment with the Debtors.

13.   Gigg Express files this Motion in order to liquidate its property damage claims (the "Property Damage Action") against the Debtors and to collect any judgment or settlement from the Debtors' available insurance proceeds.

3

14. The filing, prosecution and liquidation of Gigg Express's claims against debtor Arnold Transportation Services, Inc. have been delayed as a consequence of the Debtors' chapter 15 filings, the Recognition Order and the automatic stay provisions set forth in 11 U.S.C. § 362(a).

15. Upon information and belief, the Debtors are covered by insurance policies issued by American Trucking and Transportation Insurance Co. applicable to Gigg Express's claims.

## RELIEF REQUESTED

16. Through this Motion, Gigg Express seeks the entry of an order pursuant to § 362(d) of the Bankruptcy Code and 4001 of the Federal Rules of Bankruptcy Procedure, granting relief from the automatic stay so that it may prosecute its claims to judgment in the Property Damage Action and satisfy any award or other resolution it may obtain against the Debtors' applicable insurance policies and any other responsible individual or entity

## BASIS FOR RELIEF REQUESTED

17. Gigg Express is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1).

18. The Bankruptcy Code provides:

> On request of a party in interest and after notice and a hearing, the Court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay….

11 U.S.C. §362(d)(1).

19. The term "cause" is not defined in the Code, but rather must be determined on a case-by-case basis. *In re Rexene Prods. Co.,* 141 B.R. 574, 576 (Bankr. D. Del. 1992) (internal citations and quotations omitted). "Cause is a flexible concept and courts often…examin[e] the totality of the circumstances to determine whether sufficient cause exists to lift the stay." *In re SCO Group, Inc.*, 395 B.R. 852, 856 (Bankr. D. Del. 2007).

20. At a hearing for relief from automatic stay under Section 362(d), the party opposing stay relief bears the burden of proof on all issues with the exception of the debtors' equity in property. *See In re Domestic Fuel Corp.,* 70 B.R. 455, 462-463 (Bankr. S.D.N.Y. 1987); 11 U.S.C. §362(g). If a creditor seeking relief from the automatic say makes a *prima facie* case of "cause" for lifting the stay, the burden of going forward shifts to the trustee pursuant to Bankruptcy Code Section 362(g). *See In re 234-6 West 22nd Street Corp.*, 214 B.R. 751, 756 (Bankr. S.D.N.Y. 1997).

21. Courts often follow the logic of the intent behind §362(d) which is that it is most often appropriate to allow litigation to proceed in a non-bankruptcy forum, if there is no prejudice to the estate, "in order to leave the parties to their chosen forum and to relieve the bankruptcy court from duties that may be handled elsewhere." *In re Tribune Co.,* 418 B.R. 116, 126 (Bankr. D. Del. 2009) (quoting legislative history of §362(d)) (internal citations omitted).

22. Courts in this District rely upon a three-pronged balancing test in determining whether "cause" exists for granting relief from the automatic stay to continue litigation:

(1) Whether prejudice to either the bankrupt estate or the debtor will result from continuation of the civil suit;

(2) Whether the hardship to the non-bankrupt party by maintenance of the stay outweighs the debtor's hardship; and

(3) The creditor's probability of success on the merits.

*See In re Tribune Co.,* 418 B.R. at 126.

23. Here, the facts weigh in Gigg Express's favor on each of these three prongs. First, the Debtors will not suffer prejudice should the stay be lifted because Gigg Express's claims must eventually be liquidated before it can recover from the bankruptcy estate or its insurers. Furthermore, Gigg Express is entitled to a jury trial in the Property Damage Action and a jury trial is not available in this Court.

24. Upon information and belief, the Debtors' liability in this matter is covered by insurance. As such, any recovery by Gigg Express will not greatly impact the Debtors' estates. *See In re 15375 Memorial Corp.,* 382 B.R. 652, 687 (Bankr. D. Del. 2008), *rev'd on other grounds,* 400 B.R. 420 (D. Del. 2009) ("when a payment by an insurer cannot inure to the debtor's pecuniary interest, then that payment should neither enhance nor decrease the bankruptcy estate" (quoting *In re Edgeworth*, 993 F.2d 51, 55-56 (5th Cir. 1993)); *see also In re Allied Digital Tech Corp.,* 306 B.R. 505, 510 (Bankr. D. Del 2004) (ownership by a bankruptcy estate is not necessarily determinative of the ownership of the proceeds of that policy. "[W]hen the debtor has no legally cognizable claim to the insurance proceeds, those proceeds are not property of the estate." *In re Edgeworth,* 993 F.2d 51, 55-56 (5th Cir. 1993).

25. Conversely, Gigg Express will face substantial hardship if the stay is not lifted. Gigg Express incurred significant damages as a result of the Accident. Gigg Express will be prejudiced by the continued delay resulting from the automatic stay due to the possibility of witnesses moving to unknown locations, witnesses who may pass away and the memory of events becoming less clear. Further, the events which form the basis of Gigg Express's claims occurred exclusively in Illinois. If Gigg Express is forced to litigate its claims in Delaware, it would incur the increased expense of bringing attorneys, witnesses, and physical evidence to Delaware. "[O]ne of the primary purposes in granting relief from the stay to permit claim liquidation is to conserve economic judicial resources." *In re Peterson,* 116 B.R. 247, 250 (D. Colo. 1990). Here, judicial economy would be served by lifting the automatic stay and allowing Gigg Express's claims to be liquidated in the forum where they are postured to be adjudicated quickly.

26. Neither the Debtors nor their estates will suffer any hardship if Gigg Express's claims in the Property Damage Action are allowed to proceed. Its claims are property damage

claims which do not present any factual or legal issues which will impact or distract the Debtors from their liquidation process.

27. Lastly, the likelihood of success on the merits prong is satisfied by "even a slight probability of success on the merits may be sufficient to support lifting an automatic stay." *In re Continental Airlines, Inc.,* 152 B.R. 420, 426 (D. Del. 1993). This prong also weighs in Gigg Express's favor. The facts regarding Mr. Taylor and the Debtors' actions that resulted in the Accident speak for themselves. No defenses, much less strong defenses, appear to exist here. "Only strong defenses to state court proceedings can prevent a bankruptcy court from granting relief from the stay in cases where…the decision-making process should be relegated to bodies other than [the bankruptcy] court." *In re Fonseca v. Philadelphia Housing Authority,* 110 B.R. 191, 196 (Bankr. E.D. Pa. 1990).

28. When weighing the above factors, the Court should lift the automatic stay, in order to permit Gigg Express to prosecute its claims against the Debtors and any other responsible individual or entity to judgment in the Property Damage Action and satisfy any award or other resolution they may obtain against the Debtors' applicable insurance policies and any other individuals or entities that are responsible for the damages sustained.

*[Signature Page to Follow]*

WHEREFORE, Gigg Express respectfully requests that the Court enter an Order lifting the automatic stay, substantially in the form attached hereto, and for such further additional relief as may be just and proper under the circumstances.

Dated: March 12, 2025

/s/ *Michael J. Joyce*
Michael J. Joyce (No. 4563)
**JOYCE, LLC**
1225 King Street
Suite 800
Wilmington, DE 19801
(302)-388-1944
mjoyce@mjlawoffices.com

*Counsel to Gigg Express, Inc.*