**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>Pride Group Holdings Inc., *et al.*[1]<br><br>Debtors in Foreign Proceedings. | Chapter 15<br><br>Case No. 24-10632 (CTG)<br><br>(Jointly Administered)<br><br>**Hearing Date**<br>TBD<br><br>**Objection Deadline**<br>April 23, 2025 at 4:00 p.m. (ET) |

**FOREIGN REPRESENTATIVE'S (I) FINAL REPORT AND (II) MOTION**
**FOR AN ORDER CLOSING CERTAIN CHAPTER 15 CASES**

Randall Benson, solely in his capacity as the authorized foreign representative (the "Foreign Representative") of the above-captioned debtors (collectively, the "Debtors"), hereby submits (i) this report (the "Final Report") with respect to the chapter 15 cases of: (a) *In re Arnold Transportation Services, Inc.*, Case No. 24-10639 (CTG); (b) *In re DVP Holdings, Corp.*, Case No. 24-10644 (CTG); (c) *In re Parker Global Enterprises, Inc.*, Case No. 24-10645 (CTG); and (d) *In re Parker Transport Co.*, Case No. 24-10646 (CTG) (collectively, the "Arnold Chapter 15 Cases") and (ii) this motion (the "Motion," and together with the Final Report, the "Final Report and Motion") under sections 105, 350, 1517(d), and 1518(1) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 5009(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 5009-2 of the Local Rules of Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order

---

[1] The last four digits of Debtor Pride Group Holdings Inc.'s Canadian business number is 6399. Due to the large number of debtors in these chapter 15 cases, a complete list of the debtor entities and the last four digits of their unique identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' noticing agent at https://dm.epiq11.com/pridegroup. The Debtors' service address for the purposes of these chapter 15 cases is 1450 Meyerside, Suite 401, Mississauga, Ontario, L5T 2N5, Canada.

closing the Arnold Chapter 15 Cases. In support thereof, the Foreign Representative respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Final Report and Motion under 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

2. The Foreign Representative consents to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3. Venue in this district is proper under 28 U.S.C. §§ 1410.

4. The statutory predicates for the relief requested herein are sections 105(a), 350, 1517(d) and 1518(1) of the Bankruptcy Code.

## FINAL REPORT

5. On March 27, 2024, the Debtors, including Arnold Transportation Services, Inc., DVP Holdings, Corp., Parker Global Enterprises, Inc., and Parker Transport Co. (collectively, the "Arnold Entities") commenced Canadian proceedings (the "CCAA Proceedings") under the Companies' Creditors Arrangement Act (the "CCAA"), pending before the Ontario Superior Court of Justice (Commercial List) in Ontario, Canada, Court File No. CV-24-00717340-00CL (the "Canadian Court"), and the Canadian Court issued an initial order on the following day, authorizing, among other things, Randall Benson of RC Benson Consulting Inc. to act as the Foreign Representative.

6. On April 1, 2024 (the "Petition Date"), and on April 15, 2024, the Foreign Representative filed petitions for the Pride Group's Canadian and U.S. operating companies, single-asset real estate holding companies, and non-real estate holding companies, including the Arnold Entities (the "Petitions"), thereby commencing the Debtors' chapter 15 cases. Also on the Petition Date, the Foreign Representative filed the *Verified Petition for (I) Recognition of Foreign Main Proceedings, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* [D.I. 2] (the "Verified Petition") seeking, among other things, recognition of the CCAA Proceedings as "foreign main proceedings" under section 1517 of the Bankruptcy Code and certain related relief.

7. As described in the Debtors' *Amended Verified Petition for (I) Recognition of Foreign Main Proceedings, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* [D.I. 121-1] ("the Amended Verified Petition"), the Arnold Entities had not been profitable since their acquisition by the Pride Group, and, since the commencement of the CCAA Proceedings, the liquidity position of the Arnold Entities had been deteriorating rapidly, certain large customers had ceased doing business with the Arnold Entities, and the Arnold Entities were no longer capable of continuing to operate their businesses. Accordingly, the Foreign Representative, following consultation with the Debtors' Canadian Court appointed monitor, made the decision that it was no longer appropriate or prudent to seek recognition of the CCAA Proceedings with respect to the Arnold Entities and instead pursued the liquidation of the Arnold Entities under chapter 7 of the Bankruptcy Code. The Debtors' Canadian counsel also ceased pursuing any relief in the CCAA Proceedings with respect to the Arnold Entities.

8. On April 30, 2024, the Arnold Entities filed cases under chapter 7 of the Bankruptcy Code pending in the United States Bankruptcy Court for the District of Delaware (the "Chapter 7 Cases").[2] On or about the same date, the United States Trustee appointed Jeoffrey L. Burtch as the chapter 7 trustee for the Arnold Entities (the "Chapter 7 Trustee").

9. On May 2, 2024, this Court entered an order [D.I. 152] (the "Recognition Order") granting recognition of the CCAA Proceedings on a final basis for the Pride Entities other than the Arnold Entities.

10. On November 21, 2024, the Arnold Entities and the Chapter 7 Trustee entered into a stipulation (the "Stipulation") in the Chapter 7 Cases, whereby, among other things, the Foreign Representative agreed that he would "take all actions necessary to provide for the dismissal of the currently pending chapter 15 cases" of the Arnold Entities.[3] On December 16, 2024, this Court subsequently entered an order in the Chapter 7 Cases approving the Stipulation.[4]

11. Given that the Chapter 7 Trustee has been appointed to administer the Arnold Entities' Chapter 7 Cases, the principal purposes of the Arnold Chapter 15 Cases have been fulfilled, and the Foreign Representative believes that it is appropriate to close the Arnold Chapter 15 Cases at this time.

**RELIEF REQUESTED**

12. The Foreign Representative respectfully seeks entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (i) finding that the

---

[2] *See In re Arnold Transportation Services, Inc.*, Case No. 24-10928 (CTG) (Bankr. D. Del. 2024); *In re DVP Holdings Corp.*, Case No. 24-10931 (CTG) (Bankr. D. Del. 2024); *In re Parker Global Enterprises, Inc.*, Case No. 24-10929 (CTG) (Bankr. D. Del. 2024); *In re Parker Transport Co.*, Case No. 24-10930 (CTG) (Bankr. D. Del. 2024).

[3] *See In re Parker Global Enterprises, Inc.*, No. 24-10929 (CTG) (Bankr. D. Del. 2024), D.I. 103-1 at ¶ 9.

[4] *See In re Parker Global Enterprises, Inc.*, No. 24-10929 (CTG) (Bankr. D. Del. 2024), D.I. 110.

Arnold Chapter 15 Cases are fully administered, (ii) approving the Final Report, and (iii) closing the Arnold Chapter 15 Cases pursuant to sections 105, 350, 1517(d), and 1518(1) of the Bankruptcy Code, Bankruptcy Rule 5009(c), and Local Rule 5009-2.

## BASIS FOR RELIEF

13.    Section 1517(d) of the Bankruptcy Code provides that "[a] case under this chapter may be closed in the manner prescribed under section 350." 11 U.S.C. § 1517(d). Section 350 of the Bankruptcy Code provides that a case may be closed "[a]fter an estate is fully administered." Bankruptcy Rule 5009(c) provides:

> (1) ***Foreign Representative's Final Report.*** In a proceeding recognized[5] under § 1517, when the purpose of a foreign representative's appearance is completed, the representative must file a final report describing the nature and results of the representative's activities in the court.
>
> (2) ***Giving Notice of the Report.*** The representative must send a copy of the report to the United States trustee, give notice of its filing, and file a certificate indicating that the notice has been given to: (A) the debtor; (B) all persons or bodies authorized to administer the debtor's foreign proceedings; (C) all parties to litigation pending in the United States in which the debtor was a party when the petition was filed; and (D) any other entity the court designates.
>
> (3) ***Presumption of Full Administration.*** If the United States trustee or a party in interest does not file an objection within 30 days after the certificate is filed, the case is presumed to have been fully administered.

Fed. R. Bankr. P. 5009(c). Further, Local Rule 5009-2 provides that "a foreign representative… may seek the entry of a final decree when the purpose of the representative's appearance in the Court is completed . . . ." Del. Bankr. L.R. 5009-2.

14.    As of the date hereof, the Foreign Representative has fulfilled the purposes of his appearance before the Court with respect to the Arnold Chapter 15 Cases. At the time the

---

[5] Although the CCAA Proceedings with respect to the Arnold Entities were never recognized under Section 1517 of the Bankruptcy Code, the Foreign Representative nevertheless has prepared and will serve this Final Report in accordance with Bankruptcy Rule 5009(c) out of a desire for transparency and full disclosure.

Chapter 7 Cases were filed, there was no prospect of restructuring for the Arnold Entities, and a liquidation under Chapter 7 of the Bankruptcy Code was the only viable path forward for those entities. Further, the CCAA Proceedings with respect to the Arnold Entities are no longer being pursued before the Canadian Court. Accordingly, there is no need for the Arnold Chapter 15 Cases to continue given that the Arnold Entities are being liquidated under the supervision of the Chapter 7 Trustee.

15. In accordance with Bankruptcy Rule 5009(c), the Final Report describes the nature and results of the Debtor's activities before this Court. A copy of this Final Report and Motion has been served on (i) the United States Trustee for the District of Delaware, (ii) the Debtors, (iii) the Chapter 7 Trustee, and (iv) all parties in interest in the Arnold Chapter 15 Cases (collectively, the "Notice Parties"). Contemporaneously with this Final Report and Motion, the Foreign Representative has filed the certification of service regarding the Final Report and Motion (the "Certification of Service") and notice of the same (the "Notice"), certifying that the Notice Parties were served with this Final Report and Motion and that they have until April 23, 2025, at 4:00 p.m. (ET) to object to the closure of the Arnold Chapter 15 Cases. In the event that no objections are timely filed and served, Bankruptcy Rule 5009(c) provides that there shall be a presumption that the Arnold Chapter 15 Cases have been fully administered.

16. In accordance with section 1517(d) of the Bankruptcy Code, the Foreign Representative respectfully submits that it is appropriate to close the Arnold Chapter 15 Cases because: (i) the Chapter 7 Trustee has been appointed to administer the Arnold Entities' Chapter 7 Cases; (ii) the Foreign Representative does not anticipate the need for any further assistance from this Court with respect to the Arnold Entities; and (iii) except for this Final Report and Motion, there is no outstanding request for relief with respect to the Arnold Chapter 15 Cases.

## **NOTICE**

17. In accordance with Bankruptcy Rule 5009(c), notice and a copy of this Final Report and Motion have been served on the Notice Parties.

## **NO PRIOR REQUEST**

18. No prior motion for the relief requested in this Final Report and Motion has been made in this or any other court.

| | |
|---|---|
| Dated: March 24, 2025<br>Wilmington, Delaware | **MORRIS, NICHOLS, ARSHT & TUNNELL LLP**<br><br>*/s/ Austin T. Park*<br>Derek C. Abbott (No. 3376)<br>Andrew R. Remming (No. 5120)<br>Clint M. Carlisle (No. 7313)<br>Austin T. Park (No. 7247)<br>1201 N. Market Street, 16th Floor<br>P.O. Box 1347<br>Wilmington, Delaware 19899-1347<br>Telephone: (302) 658-9200<br>Facsimile: (302) 658-3989<br>Email: dabbott@morrisnichols.com<br>　　　 aremming@morrisnichols.com<br>　　　 ccarlisle@morrisnichols.com<br>　　　 apark@morrisnichols.com<br><br>- and -<br><br>**LINKLATERS LLP**<br><br>Penelope J. Jensen, Esq. (admitted *pro hac vice*)<br>Christopher J. Hunker, Esq. (admitted *pro hac vice*)<br>Clark L. Xue, Esq.<br>1290 Avenue of the Americas<br>New York, NY 10104<br>Telephone: (212) 903-9000<br>Facsimile: (212) 903-9100<br>Email: penelope.jensen@linklaters.com<br>　　　 christopher.hunker@linklaters.com<br>　　　 clark.xue@linklaters.com<br><br>*Attorneys for the Foreign Representative* |