**Exhibit 1**

Stipulation

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br>Pride Group Holdings Inc., *et al.*[1]<br>Debtors in Foreign Proceedings. | Chapter 15<br>Case No. 24-10632 (CTG)<br>(Jointly Administered) |

### STIPULATION BETWEEN THE FOREIGN REPRESENTATIVE
### AND BANK OF MONTREAL WITH RESPECT TO STAY RELIEF

This Stipulation (the "Stipulation") is entered into by and between (i) Randall Benson, solely in his capacity as the duly authorized foreign representative (the "Foreign Representative") of the above-captioned debtors (collectively, the "Debtors"), in the Canadian proceedings (the "CCAA Proceedings") commenced under the Companies' Creditors Arrangement Act (the "CCAA"), pending before the Ontario Superior Court of Justice (Commercial List) in Ontario, Canada, Court File No. CV-24-00717340-00CL (the "Canadian Court") and (ii) Bank of Montreal ("BMO") (together with the Foreign Representative, each, a "Party," and collectively, the "Parties").

**WHEREAS**, BMO is the mortgagee, through (i) a Delayed Draw Term Loan between BMO and the certain Debtors dated August 29, 2022, and (ii) an Open-End Mortgage and Security Agreement with Assignment of Rents dated April 11, 2023 between BMO and Crescentville, on a parcel of real property owned by Debtor Crescentville Road Cincinnati

---

[1] The last four digits of Debtor Pride Group Holdings Inc.'s Canadian business number are 6399. Due to the large number of debtors in these chapter 15 cases, a complete list of the debtor entities and the last four digits of their unique identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' noticing agent at https://dm.epiq11.com/pridegroup. The Debtors' service address for the purposes of these chapter 15 cases is 1450 Meyerside, Suite 401, Mississauga, Ontario, L5T 2N5, Canada.

Holding Corp. ("Crescentville") located at 1985 E. Crescentville Road, West Chest, Ohio (the "Crescentville Property");

**WHEREAS**, On December 6, 2023, Intermodal Equipment Exchange, LLC (the "Plaintiff") commenced an action in Ohio state court against Debtor Crescentville Road Cincinnati Holding Corp. ("Crescentville"), which owns a parcel of real property located at 1985 E. Crescentville Road, West Chest, Ohio (the "Crescentville Property") captioned A2305297 (the "Crescentville Litigation"), which remains pending as of the date of this Stipulation;

**WHEREAS**, although Crescentville is named as a defendant, it maintains certain claims against the Plaintiff that may be pursued in the Crescentville Litigation.

**WHEREAS**, the Debtors have requested, and BMO has agreed, to pursue the Crescentville Litigation in the place of Crescentville with the consent of Crescentville, the Debtors and the Foreign Representative;

**WHEREAS**, BMO and the Foreign Representative believe that success in the Crescentville Litigation will maximize the value of the Crescentville Property for the benefit of the Debtors' stakeholders;

**WHEREAS**, on March 27, 2024, the Debtors commenced the CCAA Proceedings in the Canadian Court, and the Canadian Court issued the initial order on the following day (as amended and restated from time to time, the "Initial Order") granting certain relief in connection with the CCAA Proceedings including, among other things, appointing Ernst & Young, Inc. as the Canadian Court-appointed monitor (in such capacity, the "Monitor") and staying the commencement or continuation of any proceeding or enforcement process in any court or tribunal against the Debtors and certain non-Debtor affiliates (the "CCAA Stay");

**WHEREAS**, on April 1, 2024, the Foreign Representative commenced the above-captioned chapter 15 cases in the United States Bankruptcy Court for the District of Delaware (the "Court"), and sought provisional relief on the same day requesting, among other things, enforcement of the Initial Order in the United States on a provisional basis, including application of section 362 of title 11 of the United States Code (the "Bankruptcy Code") over the Pride Group and its property located within the territorial jurisdiction of the United States (the "Provisional Relief");

**WHEREAS**, on April 3, 2024, the Court entered the *Order Granting Motion of the Foreign Representative for Provisional Relief Pursuant to Sections 105(a) and 1519 of the Bankruptcy Code* [D.I. 49] (the "First Provisional Relief Order") granting the Provisional Relief;

**WHEREAS**, on May 2, 2024, the Court entered the *Order Granting Amended Verified Petition for (i) Recognition of Foreign Main Proceedings, (ii) Recognition of Foreign Representative, and (iii) Related Relief Under Chapter 15 of the Bankruptcy Code* [D.I. 152] (the "Recognition Order"), which, among other things, (i) extends all relief granted pursuant to the First Provisional Relief Order on a final basis; and (ii) stays and enjoins all persons and entities pursuant to sections 362(a) and 1521(a) of the Bankruptcy Code from, among other things, executing against the assets of the Pride Group located within the territorial jurisdiction of the United States, commencing or continuing any action or proceedings against the Pride Group in the United States, and transferring, relinquishing or disposing of any property of the Pride Group located within the territorial jurisdiction of the United States to any person or entity other than the Foreign Representative (the "U.S. Stay and Injunction");

**WHEREAS**, although the Foreign Representative, the Debtors, and BMO do not believe that the U.S. Stay and Injunction would prevent BMO or Crescentville from prosecuting Crescentville's claim in the Crescentville Litigation, out of an abundance of caution and in order to prevent any unnecessary delays in the Crescentville Litigation, the Foreign Representative and the Debtors have agreed to consent to lift the CCAA Stay and the U.S. Stay and Injunction solely to permit the Crescentville Litigation to continue at the direction of BMO;

**WHEREAS**, the Foreign Representative believes it is prudent and in the best interests of the Debtors to agree to lift the U.S. Stay and Injunction in the United States solely to allow the Crescentville Litigation to continue;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and between the Parties, through their undersigned counsel, as follows:

1. The foregoing recitals are hereby incorporated by reference into this Stipulation with the same force and effect as if set forth fully hereinafter.

2. Notwithstanding anything to the contrary in the Recognition Order, including, but not limited to, paragraphs 6 and 8 therein, the U.S. Stay and Injunction, to the extent applicable, pursuant to 11 U.S.C. § 362(a) and 1521(a), is lifted as of the date this Stipulation is approved by the Court (the "Effective Date") solely to allow the Crescentville Litigation to continue.

3. This Stipulation shall not be construed as authorizing any relief from the U.S. Stay and Injunction imposed under sections 362(a) and 1521(a) of the Bankruptcy Code other than as specifically set forth in this Stipulation.

4. This Stipulation may be signed in counterpart originals. Evidence of the execution of this Stipulation may be exchanged by facsimile or electronic transmission of a

scanned copy of the signature pages or by exchange of an originally signed document, each of which shall be as fully binding on the Party as a signed original.

5. Each person who executes the Stipulation on behalf of a Party hereto represents that he or she is duly authorized to execute the Stipulation on behalf of such Party.

6. This Stipulation shall be binding on and inure to the benefit of the Parties and their respective heirs, executors, administrators, successors, and permitted assigns.

7. Nothing in this Stipulation, whether express or implied, shall be construed to give to any person or entity other than the Parties any legal or equitable right, remedy, interest, or claim under or in respect of this Stipulation.

8. This Stipulation represents the Parties' mutual understandings and supersedes all prior agreements, whether in oral or written form.

Dated: March 24, 2025
*/s/ Austin T. Park*

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Clint M. Carlisle (No. 7313)
Austin T. Park (No. 7247)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
dabbott@morrisnichols.com
aremming@morrisnichols.com
ccarlisle@morrisnichols.com
apark@morrisnichols.com

and

**LINKLATERS LLP**
Penelope J. Jensen
Christopher J. Hunker
Clark L. Xue

LINKLATERS LLP
1290 Avenue of the Americas
New York, NY 10104
Telephone: (212) 903-9000
Facsimile: (212) 903-9100
penelope.jensen@linklaters.com
christopher.hunker@linklaters.com
clark.xue@linklaters.com

*Attorneys for the Foreign Representative*

Dated: March 24, 2025
*/s/ John Salmas*

**DENTONS CANADA LLP**
John Salmas
77 King Street West, Suite 400
Toronto, Ontario M5K 0A1
Canada
Telephone: (416) 863-4511
Facsimile: (416) 863-4592
john.salmas@dentons.com

**CHAPMAN & CUTLER LLP**
Mia D. D'Andrea
320 South Canal Street
27th Floor
Chicago, IL 60606
Telephone: (312) 845-3000
dandrea@chapman.com

*Attorneys for Bank of Montreal*