# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Pride Group Holdings Inc., *et al.*[1]<br><br>Debtors in Foreign Proceedings. | Chapter 15<br><br>Case No. 24-10632 (CTG)<br><br>(Jointly Administered)<br><br>**Hearing Date:**<br>April 11, 2025 at 2:30 p.m. (ET)<br><br>**Objection Deadline:**<br>April 4, 2025 at 4:00 p.m. (ET) |

### MOTION OF THE FOREIGN REPRESENTATIVE
### FOR ENTRY OF AN ORDER (I) ENFORCING THE
### CCAA LIFT STAY ORDER AND (II) GRANTING RELATED RELIEF

Randall Benson, solely in his capacity as the duly authorized foreign representative (the "Foreign Representative") of the above-captioned debtors (collectively, the "Debtors"),[2] in the Canadian proceedings (the "CCAA Proceedings") commenced under the Companies' Creditors Arrangement Act (the "CCAA"), pending before the Ontario Superior Court of Justice (Commercial List) in Ontario, Canada, Court File No. CV-24-00717340-00CL (the "Canadian Court"), respectfully submits this motion (the "Motion") for entry of an order (the "Proposed Order"), substantially in the form attached hereto as **Exhibit A**, granting relief under section 1521(a)(7) of Title 11 of the United States Code (the "Bankruptcy Code").

---

[1] The last four digits of Debtor Pride Group Holdings Inc.'s Canadian business number are 6399. Due to the large number of debtors in these chapter 15 cases, a complete list of the debtor entities and the last four digits of their unique identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' noticing agent at https://dm.epiq11.com/pridegroup. The Debtors' service address for the purposes of these chapter 15 cases is 1450 Meyerside, Suite 401, Mississauga, Ontario, L5T 2N5, Canada.

[2] The term "Debtors" does not include: 1000089137 Ontario Inc., DVP Holdings, Corp., Parker Global Enterprises, Inc., Parker Transport Co., and Arnold Transportation Services, Inc. (collectively, the "Arnold Entities").

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

2. Venue is proper in this Court and this District pursuant to 28 U.S.C. § 1410.

3. The Foreign Representative, in his capacity as authorized foreign representative, has properly commenced these chapter 15 cases pursuant to sections 1504, 1509, and 1515 of the Bankruptcy Code and rules 2002 and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

4. The statutory predicates for the relief requested herein are section 105(a) and 1521 of the Bankruptcy Code.

**BACKGROUND**

**I.    Commencement of the CCAA Proceedings and the Chapter 15 Cases**

5. The Debtors and certain of their non-Debtor affiliates (collectively, the "Pride Group")[3] operate a trucking and logistics conglomerate based in Canada with operations in Canada and the United States.  The Pride Group's businesses are managed from their headquarters in Mississauga, Ontario, and they maintain facilities and operations in both Canada and the United States.  The Pride Group owns substantial assets located within the territorial jurisdiction of the

---

[3] As used herein, "Pride Group" includes: (i) each of the "Applicants" listed in Schedule "A" to the CCAA Lift Stay Order (as defined below); (ii) Pride Truck Sales L.P., TPine Leasing Capital L.P., and Sweet Home Hospitality L.P. ((i) and (ii) together, the "Pride Entities"); and (iii) Block 6 Holding Inc., 2500819 Ontario Inc., Pergola Holdings, Corp., and Pride Global Insurance Company Ltd.  Further, as noted in the Recognition Order (as defined below), the Foreign Representative is not seeking relief with respect to the Arnold Entities. As a result, the terms "Pride Group" and "Pride Entities" do not include the Arnold Entities.

2

United States, including, among other things, real estate properties, bank accounts, equipment, and trucks.

6. On March 27, 2024, the Debtors commenced the CCAA Proceedings in the Canadian Court, and the Canadian Court issued the initial order on the following day (the "Initial Order") granting certain relief in connection with the CCAA Proceedings, including, among other things, authorizing Randall Benson of RC Benson Consulting Inc. (the "CRO") to act as the Foreign Representative and file these chapter 15 cases (collectively, the "Chapter 15 Cases"), appointing Ernst & Young, Inc. as the Canadian Court-appointed monitor (in such capacity and not in its personal or corporate capacity, the "Monitor") and staying (the "CCAA Stay") the commencement or continuation of any proceeding or enforcement process in any court or tribunal against the Debtors, certain non-Debtor affiliates, and Sulakhan Johal, Jasvir Johal, and/or Amrinder Johal (collectively and solely in their capacities as guarantors of certain of the Pride Group's debt, the "Personal Guarantors").  The CCAA Stay was initially granted through April 6, 2024 pursuant to the Initial Order, but has been since extended by further orders of the Canadian Court, most recently to March 31, 2025.

7. On April 1, 2024 (the "Petition Date"), and on April 15, 2024, the Foreign Representative filed petitions for the Pride Group's Canadian and U.S. operating companies, single-asset real estate holding companies, and non-real estate holding companies (the "Petitions"), thereby commencing the Debtors' Chapter 15 Cases.  Also on the Petition Date, the Foreign Representative filed the *Verified Petition for (I) Recognition of Foreign Main Proceedings, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* [D.I. 2] (the "Verified Petition") seeking, among other things, recognition of the CCAA Proceedings as "foreign main proceedings" under section 1517 of the Bankruptcy Code and certain related relief.

8. On April 3, 2024, consistent with the Initial Order of the Canadian Court, this Court stayed and enjoined the commencement or continuation of any action or proceeding in the United States against the Pride Group and the Personal Guarantors, pursuant to this Court's *Order Granting Motion of the Foreign Representative for Provisional Relief Pursuant to Sections 105(a) and 1519 of the Bankruptcy Code* [D.I. 49] (the "First Provisional Relief Order").

9. On April 23, 2024, the Debtors filed an amended Verified Petition [D.I. 121] (the "Amended Verified Petition, and together with the Petitions, the "Chapter 15 Petitions") seeking, among other things, recognition of the CCAA Proceedings as "foreign main proceedings" under section 1517 of the Bankruptcy Code, extension of the relief granted in the First Provisional Relief Order in the United States on a final basis, and related relief.

10. On May 2, 2024, the Court entered an order [D.I. 152] (the "Recognition Order") granting recognition of the CCAA Proceedings and the related relief sought in the Chapter 15 Petitions, which, among other things, (i) extends all relief granted pursuant to the First Provisional Relief Order on a final basis; and (ii) stays and enjoins all persons and entities pursuant to sections 362(a) and 1521(a) of the Bankruptcy Code from, among other things, executing against the assets of the Pride Group and the Personal Guarantors located within the territorial jurisdiction of the United States, commencing or continuing any action or proceedings against the Pride Group and the Personal Guarantors in the United States, and transferring, relinquishing or disposing of any property of the Pride Group and the Personal Guarantors located within the territorial jurisdiction of the United States to any person or entity other than the Foreign Representative (the "U.S. Stay and Injunction").

## II. The Mitsubishi Stay Relief Motions

11. On November 11, 2024, Mitsubishi HC Capital America, Inc. (f/k/a Hitachi Capital America Inc.), Mitsubishi HC Capital Canada Inc., and Mitsubishi HC Capital Canada Leasing,

4

Inc. (collectively, "Mitsubishi") filed a motion in the Canadian Court seeking relief from the CCAA Stay to pursue prepetition actions commenced against certain of the Personal Guarantors in Ontario and the United States (the "CCAA Stay Relief Motion"). Mitsubishi also filed a parallel motion in this Court seeking relief from the U.S. Stay and Injunction to pursue prepetition actions commenced against certain of the Personal Guarantors in the United States [D.I. 294] (the "U.S. Mitsubishi Stay Relief Motion", and together with the CCAA Stay Relief Motion, the "Mitsubishi Stay Relief Motions").

12. On December 9, 2024, following a case conference in the Canadian Court requested by Mitsubishi to schedule a hearing on the CCAA Stay Relief Motion, the Canadian Court issued an Endorsement declining to schedule the CCAA Stay Relief Motion and ruling that the CCAA Stay remain in place at that time. Mitsubishi subsequently adjourned the U.S. Mitsubishi Stay Relief Motion *sine die* pending further developments in the plenary CCAA Proceedings.

### III. The Global Resolution and the CCAA Lift Stay Order

13. Following extensive good faith negotiations, the Pride Entities, the Foreign Representative and Mitsubishi have, with the support of the Monitor, agreed to a global resolution (the "Global Resolution") of the Mitsubishi Stay Relief Motions (as well as Mitsubishi's objection to the sale of all issued and outstanding shares of Debtor 963 Sweetwater Holding Corp. (the "Sweetwater Sale")). As part of the Global Resolution, the parties have agreed on a form of order that lifts the CCAA Stay (the "CCAA Lift Stay Order") and the U.S. Stay and Injunction (on terms that are consistent with the CCAA Lift Stay Order) to permit any party in interest (including, but not limited to, Mitsubishi) to pursue its claims, if any, against the Personal Guarantors, and Mitsubishi has agreed to, among other things, withdraw its objection to the Sweetwater Sale.

14. On March 10, 2025, the Canadian Court entered on consent the CCAA Lift Stay Order which, among other things, (i) lifts the CCAA Stay as to the Personal Guarantors for all parties in interest, including Mitsubishi, (ii) enjoins, without further order of the Canadian Court,

all persons from requiring or compelling the Monitor or the CRO, and their respective agents, representatives, counsel and advisors, to participate in any third party discovery, including but not limited to, any depositions, interrogatories and requests for admissions or similar requests in connection with actions commenced against the Personal Guarantors, and (iii) to the extent that any person seeks production of documents in the possession and control of the Pride Entities and the Monitor, authorizes the Pride Entities and the Monitor to respond to such requests for production and may require the requesting person to reimburse the Pride Entities and the Monitor, as applicable, for any and all reasonable fees, costs and expenses incurred by the Pride Entities or the Monitor in connection with the response to any such requests. The as-granted CCAA Lift Stay Order is attached hereto as **Exhibit B**. The CCAA Lift Stay Order was granted following a hearing held on March 10, 2025 at which counsel for Mitsubishi, the Personal Guarantors, the Pride Entities and the Monitor were present. On March 11, 2025, the Debtors' Canadian counsel served the CCAA Lift Stay Order on the Canadian noticing list and, further to the direction of the Canadian Court, indicated that any person with an objection to the CCAA Lift Stay Order was required to advise the Monitor's Canadian Counsel of the particulars of such objection by 5:00 p.m. (ET) on March 18, 2025. No objections were received by the objection deadline, and the CCAA Lift Stay Order became effective in Canada.

15. In the United States, the terms of the Global Resolution are set forth in and implemented pursuant to the *Agreed Order Between the Foreign Representative and Mitsubishi HC Capital America Inc. (f/k/a Hitachi Capital America Inc.) with Respect to Stay Relief and the Sweetwater Sale* (the "Stipulation and Order"). Although the Stipulation and Order provides that the U.S. Stay and Injunction shall be lifted as to the Personal Guarantors for all parties in interest on terms that are consistent with the CCAA Lift Stay Order, out of abundance of caution and in

order to avoid any ambiguity as to the extent to which the U.S. Stay and Injunction is lifted pursuant to the Stipulation and Order, the Foreign Representative now seeks an order from this Court enforcing the CCAA Lift Stay Order in the territorial jurisdiction of the United States, and specifying that to the extent there is any conflict between the terms of the CCAA Lift Stay Order and the Stipulation and Order, the CCAA Lift Stay Order shall control.

## RELIEF REQUESTED

16. By this Motion, the Foreign Representative seeks entry of the Proposed Order enforcing the CCAA Lift Stay Order in the United States, and granting such other and further relief as the Court deems just and proper.

## BASIS FOR RELIEF REQUESTED

17. Upon recognition of a foreign proceeding, section 1521(a) of the Bankruptcy Code authorizes the Court to grant "any appropriate relief" at the request of the recognized foreign representative "where necessary to effectuate the purpose of [chapter 15] and to protect the assets of the debtor or the interests of the creditors." Such relief may include "granting any additional relief that may be available to a trustee, except for relief available under sections 522, 544, 545, 547, 548, 550, and 724(a) of the Bankruptcy Code." 11 U.S.C. § 1521(a)(7). The Court may grant relief under section 1521(a) of the Bankruptcy Code if the interests of "the creditors and other interested entities, including the debtor, are sufficiently protected." 11 U.S.C. § 1522(a).

18. The heavily negotiated CCAA Lift Stay Order lifts the stay as to the Personal Guarantors for all parties in interest, including Mitsubishi, in the United States. The relief sought herein will allow the Foreign Representative to effectuate the Global Resolution and aid the larger coordinated effort by the Monitor and CRO to effectuate the orderly wind down of the Debtors for the benefit of all stakeholders. The goal of the wind down plan is to maximize recoveries for creditors in a fair and organized manner while avoiding a hard shutdown and fire sale of the Debtors'

remaining assets. Entry of an order by this Court enforcing the CCAA Lift Stay Order in the United States is therefore a critical component to the Foreign Representative's wind down efforts.

19. Further, the relief sought in the CCAA Lift Stay Order generally comports with U.S. due process standards. On notice to creditors, the Canadian Court reviewed the CCAA Lift Stay Order, held a hearing, and all parties in interest, each of whom benefits from the CCAA Lift Stay Order, had a full and fair opportunity to participate. By granting the relief requested herein, the Court would enforce the CCAA Lift Stay Order on a coextensive basis in the United States, which will allow the Foreign Representative to effectuate the Global Resolution and implement the wind down plan in accordance with the budget and timetable contemplated therein.

20. Granting the requested relief is also in the public interest because it promotes cooperation between jurisdictions in cross-border insolvencies, which is an express purpose of chapter 15 of the Bankruptcy Code. *See* 11 U.S.C. § 1501(a).

21. For those reasons, the Foreign Representative respectfully submits that the relief requested herein is authorized under section 1521(a) of the Bankruptcy Code and should be approved.

## NOTICE

22. The Foreign Representative has provided notice of this Motion consistent with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). The Foreign Representative submits that such notice is sufficient in view of the facts and circumstances, and no other or further notice need be provided.

**CONCLUSION**

WHEREFORE, the Foreign Representative respectfully requests that the Court enter an order, substantially in the form attached as **Exhibit A**, granting the requested relief and such other and further relief as may be just and proper.

Dated: March 27, 2025
Wilmington, Delaware

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/ Austin T. Park*
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Clint M. Carlisle (No. 7313)
Austin T. Park (No. 7247)
1201 N. Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
Email: dabbott@morrisnichols.com
       aremming@morrisnichols.com
       ccarlisle@morrisnichols.com
       apark@morrisnichols.com

- and -

**LINKLATERS LLP**

Penelope J. Jensen, Esq. (admitted *pro hac vice*)
Christopher J. Hunker, Esq. (admitted *pro hac vice*)
Clark L. Xue, Esq.
1290 Avenue of the Americas
New York, NY 10104
Telephone: (212) 903-9000
Facsimile: (212) 903-9100
Email: penelope.jensen@linklaters.com
       christopher.hunker@linklaters.com
       clark.xue@linklaters.com

*Attorneys for the Foreign Representative*