## Exhibit A

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re | Chapter 15 |
| Pride Group Holdings Inc., *et al.*[1] | Case No. 24-10632 (CTG) |
| Debtors in Foreign Proceedings. | (Jointly Administered) |

## ORDER (I) ENFORCING THE CCAA LIFT STAY ORDER AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] filed by Randall Benson, solely in his capacity as the foreign representative (the "Foreign Representative") of the above-captioned debtors (collectively, the "Debtors,"[3] and together with certain of their non-Debtor affiliates, the "Pride Group")[4] seeking entry of an order (this "Order") enforcing in the United States the CCAA Lift Stay Order granted in the Canadian proceedings (the "CCAA Proceedings") commenced under the Companies' Creditors Arrangement Act (the "CCAA"), pending before the Ontario Superior Court of Justice (Commercial List) in Ontario, Canada, Court File No. CV-24-00717340-00CL (the "Canadian Court"); and upon this Court's review and consideration of the Motion; and this Court having

---

[1]  The last four digits of Debtor Pride Group Holdings Inc.'s Canadian business number are 6399.  Due to the large number of debtors in these chapter 15 cases, a complete list of the debtor entities and the last four digits of their unique identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' noticing agent at https://dm.epiq11.com/pridegroup.  The Debtors' service address for the purposes of these chapter 15 cases is 1450 Meyerside, Suite 401, Mississauga, Ontario, L5T 2N5, Canada.

[2]  Capitalized terms not defined herein are used as defined in the Motion.

[3]  The term "Debtors" does not include: 1000089137 Ontario Inc., DVP Holdings, Corp., Parker Global Enterprises, Inc., Parker Transport Co., and Arnold Transportation Services, Inc. (collectively, the "Arnold Entities").

[4]  As used herein, "Pride Group" includes: (i) each of the "Applicants" listed in Schedule "A" to the PGL Vesting Order; (ii) Pride Truck Sales L.P., TPine Leasing Capital L.P., and Sweet Home Hospitality L.P. ((i) and (ii) together, the "Pride Entities"); and (iii) Block 6 Holding Inc., 2500819 Ontario Inc., Pergola Holdings, Corp., and Pride Global Insurance Company Ltd. Further, as noted in the Recognition Order, the Foreign Representative is not seeking relief with respect to the Arnold Entities. As a result, the terms "Pride Group" and "Pride Entities" do not include the Arnold Entities.

jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 109 and 1501; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P); and venue being proper before this Court pursuant to 28 U.S.C. § 1410(1) and (3); and appropriate, sufficient and timely notice of the Motion and the hearing thereon having been given; and upon the record established at such hearing, if any; and it appearing that the relief requested in the Motion is necessary to maximize the value of the Pride Group's assets and business and in the best interests of the Debtors' creditors and other parties in interest; and the Court having determined that the relief requested in the Motion is consistent with the purpose of chapter 15 of the Bankruptcy Code and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and no objections or other responses having been filed that have not been overruled, withdrawn or otherwise resolved; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A.      The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.      On May 2, 2024, the Court granted the Recognition Order granting recognition of the CCAA Proceedings and the related relief sought in the Chapter 15 Petitions, including, among other things, extending the relief granted in the First Provisional Relief Order in the United States on a final basis.

C.      On March 10, 2025, the Canadian Court entered the CCAA Lift Stay Order, which, among other things, lifts the CCAA Stay as to the Personal Guarantors for all parties in interest, including Mitsubishi.

D.      On March 27, 2025, the Foreign Representative filed the Stipulation and Order, which seeks to implement the terms and conditions of the Global Resolution in the United States.

E.      The Foreign Representative has demonstrated that the relief granted under the CCAA Lift Stay Order is necessary to effectuate the Global Resolution, which will aid in the orderly wind down of the Debtors for the benefit of all stakeholders.

F.       The Foreign Representative has demonstrated that, in the interest of comity, the purpose of chapter 15 is carried out by giving effect to the CCAA Lift Stay Order.

G.      All creditors and other parties in interest are sufficiently protected by the grant of the relief ordered hereby in compliance with section 1522(a) of the Bankruptcy Code.

**BASED ON THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted as set forth herein.

2.      Pursuant to section 1521 of the Bankruptcy Code, the CCAA Lift Stay Order shall be enforceable and given full force and effect within the territorial jurisdiction of the United States to the same extent that it is enforceable and given effect in Canada and shall be binding on all creditors of the Pride Group and any of their successors or assign within the territorial jurisdiction of the United States.

3.      Notwithstanding anything to the contrary in the Recognition Order, including, but not limited to, paragraphs 6 and 8 therein, and to the extent consistent with the CCAA Lift Stay Order, the U.S. Stay and Injunction pursuant to 11 U.S.C. § 362(a) and 1521(a) is lifted as to the

Personal Guarantors for all parties in interest, including Mitsubishi, within the territorial jurisdiction of the United States.

4.       This Order shall not be construed as authorizing any relief from the U.S. Stay and Injunction imposed under sections 362(a) and 1521(a) of the Bankruptcy Code other than against the Personal Guarantors as specifically set forth in this Order.

5.       In accordance with the CCAA Lift Stay Order, no person, without further order of the Canadian Court, shall be permitted to require or compel the Monitor or the CRO, and their respective agents, representatives, counsel and advisors, to participate in any third party discovery, including but not limited to, any depositions, interrogatories, and requests for admissions or similar discovery requests, in connection with any proceeding or enforcement process in any court or tribunal against the Personal Guarantors in the United States.

6.       In accordance with the CCAA Lift Stay Order, to the extent that any person seeks production of documents in the possession and control of the Pride Entities and the Monitor in the United States, the Pride Entities and the Monitor are authorized to respond to such requests for production and may require the requesting person to reimburse the Pride Entities and the Monitor, as applicable, for any and all reasonable fees, costs and expenses (including, but not limited to, the reasonable fees and expenses incurred by their agents, representatives, counsel and advisors) incurred by the Pride Entities or the Monitor in connection with the response to any such requests. The Pride Entities and the Monitor may also require the requesting person to pay a retainer in an amount to be determined by the Pride Entities and the Monitor, in each case acting reasonably, prior to any work being commenced in respect of the requesting person's documentary requests.

7.       In accordance with the CCAA Lift Stay Order, notwithstanding that any proceeding or enforcement process in any court or tribunal against the Personal Guarantors in the United States

has not yet concluded, nothing in this Order shall prevent the Monitor or the CRO from seeking its discharge in the ordinary course of the administration of the estates of the Pride Entities.

8.    To the extent there exists any conflict between the terms of the CCAA Lift Stay Order and the Stipulation and Order, the terms of the CCAA Lift Stay Order shall control.

9.    The Foreign Representative is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

10.    The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11.    This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through these Chapter 15 Cases, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.