**<u>Exhibit B</u>**

**CCAA Lift Stay Order**

Court File No. CV-24-00717340-00CL

# ONTARIO
## SUPERIOR COURT OF JUSTICE
## (COMMERCIAL LIST)

| | | |
|---|---|---|
| THE HONOURABLE | ) | FRIDAY, THE 7TH |
| JUSTICE OSBORNE | ) ) ) | DAY OF MARCH, 2025 |

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF **PRIDE GROUP HOLDINGS INC.** and those Applicants listed on Schedule "A" hereto (each, an "**Applicant**", and collectively, the "**Applicants**")

## Order

### (Lifting the Stay of Proceedings)

**THIS MOTION**, made by Mitsubishi HC Capital America, Inc., Mitsubishi HC Capital Canada Inc. and Mitsubishi HC Capital Canada Leasing, Inc. (collectively, "**Mitsubishi Capital**"), pursuant to the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended (the "**CCAA**") for an order, among other things, lifting the stay of proceedings against the Personal Guarantors and the Personal Guarantors Property in respect of Related Claims (as each term is defined in section 19 of the Second Amended and Restated Initial Order dated May 6, 2024 (the "**SARIO**")), was heard this day via judicial videoconference and in-person at 330 University Avenue, Toronto, Ontario.

**ON READING** the Notice of Motion of Mitsubishi Capital, the affidavits of Sue Santos affirmed on July 5, 2024 and on November 11, 2024 and the Exhibits thereto, and on hearing the submissions of counsel for the Applicants and the limited partnerships listed in Schedule "A" hereto (collectively with the Applicants, the "**Pride Entities**"), Mitsubishi Capital, and Ernst & Young Inc. in its capacity as court-appointed monitor (in such capacity, the "**Monitor**"), and such other counsel that were present, and no one else appearing although duly served as appears from the affidavit of service, filed,

- 2 -

**SERVICE AND DEFINITIONS**

1. **THIS COURT ORDERS** that capitalized terms used in this Order and not otherwise defined herein have the meaning ascribed to them in the SARIO.

2. **THIS COURT ORDERS** that the time for service of the Notice of Motion and the Motion Record herein is hereby abridged and validated so that this Motion is properly returnable today and hereby dispenses with further service thereof.

**LIFTING THE STAY OF PROCEEDINGS**

3. **THIS COURT ORDERS** that the stay of proceedings provided for in the SARIO in respect of Related Claims be and is hereby lifted as against the Personal Guarantors and the Personal Guarantors Property, and, from and after the date of this Order, any Person may commence or continue a Proceeding against the Personal Guarantors and the Personal Guarantors Property in respects of Related Claims (each, a "**Permitted Proceeding**").

4. **THIS COURT ORDERS** that each Personal Guarantor in respect of the Related Claims shall have a minimum of 30 days from the date of this Order or the time period from the date that service of the Related Claim is effected upon such Personal Guarantor under the rules of civil procedure or equivalent rules in the applicable jurisdiction (whichever is greater) to respond to such Related Claims. This Order is made without prejudice to any arguments a Personal Guarantor may raise in response to such claims, including but not limited to arguments related to the jurisdiction of any court, including this Court, to deal with any of the Related Claims.

5. **THIS COURT ORDERS** that, without further Order of this Court in these CCAA proceedings, as the foreign main proceeding, no Person shall be permitted to require or compel the Monitor or the CRO, and their respective agents, representatives, counsel and advisors, to participate in any third party discovery, including but not limited to, any depositions, interrogatories, and requests for admissions or similar discovery requests, in connection with any Permitted Proceeding

6. **THIS COURT ORDERS** that, in addition to any other obligations under any other Court Order or at law, the Pride Entities and the Monitor will make commercially reasonable efforts to preserve the records of the Pride Entities in their possession and control and, in the case of electronically stored information, that relevant data is preserved intact and unmodified in its

original electronic form. To the extent that any Person seeks production of documents in the possession and control of the Pride Entities and the Monitor, the Pride Entities and the Monitor are authorized to respond to such requests for production and may require the requesting Person to reimburse the Pride Entities and the Monitor, as applicable, for any and all reasonable fees, costs and expenses (including, but not limited to, the reasonable fees and expenses incurred by their agents, representatives, counsel and advisors) incurred by the Pride Entities or the Monitor in connection with the response to any such requests. The Pride Entities and the Monitor may also require the requesting Person to pay a retainer in an amount to be determined by the Pride Entities and the Monitor, in each case acting reasonably, prior to any work being commenced in respect of the requesting Person's documentary requests.

7.  **THIS COURT ORDERS** that, notwithstanding that any Permitted Proceeding has not yet concluded, nothing in this order shall prevent the Monitor or the CRO from seeking its discharge in the ordinary course of the administration of the estates of the Pride Entities.

**GENERAL**

8.  **THIS COURT ORDERS** that this Order shall have full force and effect in all provinces and territories in Canada.

9.  **THIS COURT HEREBY REQUESTS** the aid and recognition of any court, tribunal, regulatory or administrative body having jurisdiction in Canada or in the United States, to give effect to this Order and to assist Mitsubishi Capital, the Pride Entities, the CRO, the Monitor and their respective agents in carrying out the terms of this Order, as may be applicable. All courts, tribunals, regulatory and administrative bodies are hereby respectfully requested to make such orders and to provide such assistance to Mitsubishi Capital, the Pride Entities, the CRO and to the Monitor, as an officer of this Court, as may be necessary or desirable to give effect to this Order, or to assist the Pride Entities, the CRO and the Monitor and their respective agents in carrying out the terms of this Order.

10. **THIS COURT ORDERS** that this Order and all of its provisions are effective as of 12:01 a.m. on the date hereof and is enforceable without further need for entry or filing.

SCHEDULE "A"

A.  APPLICANTS

**Operating Entities**

*Canadian Operating Entities*

- PRIDE TRUCK SALES LTD.
- TPINE TRUCK RENTAL INC.
- PRIDE GROUP LOGISTICS LTD.
- PRIDE GROUP LOGISTICS INTERNATIONAL LTD.
- TPINE LEASING CAPITAL CORPORATION
- DIXIE TRUCK PARTS INC.
- PRIDE FLEET SOLUTIONS INC.
- TPINE FINANCIAL SERVICES INC.
- PRIDE GROUP EV SALES LTD.

*U.S. Operating Entities*

- TPINE RENTAL USA, INC.
- PRIDE GROUP LOGISTICS USA, CO.
- ARNOLD TRANSPORTATION SERVICES, INC.
- DIXIE TRUCK PARTS INC.
- TPINE FINANCIAL SERVICES CORP.
- PARKER TRANSPORT CO.
- PRIDE FLEET SOLUTIONS USA INC.

**Real Estate Holding Companies**

*Canadian Real Estate Holding Companies*

- 2029909 ONTARIO INC.
- 2076401 ONTARIO INC.
- 1450 MEYERSIDE HOLDING INC.
- 933 HELENA HOLDINGS INC.
- 30530 MATSQUI ABBOTSFORD HOLDING INC.
- 2863283 ONTARIO INC.
- 2837229 ONTARIO INC.
- 2108184 ALBERTA LTD.
- 12944154 CANADA INC.
- 13184633 CANADA INC.
- 13761983 CANADA INC.
- 102098416 SASKATCHEWAN LTD.

- 177A STREET SURREY HOLDING INC.
- 52 STREET EDMONTON HOLDING INC.
- 84 ST SE CALGARY HOLDINGS INC.
- 68TH STREET SASKATOON HOLDING INC.
- 3000 PITFIELD HOLDING INC.

*U.S. Real Estate Holding Companies*

- PGED HOLDING, CORP.
- HIGH PRAIRIE TEXAS HOLDING CORP.
- 131 INDUSTRIAL BLVD HOLDING CORP.
- 59TH AVE PHOENIX HOLDING CORP.
- DI MILLER DRIVE BAKERSFIELD HOLDING CORP.
- FRONTAGE ROAD HOLDING CORP.
- ALEXIS INVESTMENTS, LLC
- TERNES DRIVE HOLDING CORP.
- VALLEY BOULEVARD FONTANA HOLDING CORP.
- HIGHWAY 46 MCFARLAND HOLDING CORP.
- TERMINAL ROAD HOLDING, CORP.
- BISHOP ROAD HOLDING CORP.
- OLD NATIONAL HIGHWAY HOLDING CORP.
- 11670 INTERSTATE HOLDING, CORP.
- 401 SOUTH MERIDIAN OKC HOLDING CORP.
- 8201 HWY 66 TULSA HOLDING CORP.
- EASTGATE MISSOURI HOLDING CORP.
- FRENCH CAMP HOLDING CORP.
- 87TH AVENUE MEDLEY FL HOLDING CORP.
- LOOP 820 FORT WORTH HOLDING CORP.
- 162 ROUTE ROAD TROY HOLDING CORP.
- CRESCENTVILLE ROAD CINCINNATI HOLDING CORP.
- MANHEIM ROAD HOLDING CORP.
- 13TH STREET POMPANO BEACH FL HOLDING CORP.
- EAST BRUNDAGE LANE BAKERSFIELD HOLDING CORP.
- CORRINGTON MISSOURI HOLDING CORP.
- 963 SWEETWATER HOLDING CORP.
- OAKMONT DRIVE IN HOLDING CORP.

**Other Holding Companies**

*Other Canadian Holding Companies*

- 2692293 ONTARIO LTD.
- 2043002 ONTARIO INC.
- PRIDE GROUP HOLDINGS INC.
- 2554193 ONTARIO INC.

LEGAL_1:91003165.7

- 2554194 ONTARIO INC.
- PRIDE GROUP REAL ESTATE HOLDINGS INC.
- 1000089137 ONTARIO INC.

*Other U.S. Holding Companies*

- COASTLINE HOLDINGS, CORP.
- PARKER GLOBAL ENTERPRISES, INC.
- DVP HOLDINGS, CORP.

**B. LIMITED PARTNERSHIPS**

*U.S. Limited Partnerships*

- PRIDE TRUCK SALES L.P.
- TPINE LEASING CAPITAL L.P.
- SWEET HOME HOSPITALITY L.P.

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF **PRIDE GROUP HOLDINGS INC.** ET AL.

Court File No.: CV-24-00717340-00CL

***ONTARIO*** 
**SUPERIOR COURT OF JUSTICE** 
**(COMMERCIAL LIST)**

Proceedings commenced at Toronto, Ontario

**ORDER** 
**(Order Lifting the Stay of Proceedings)**

**OSLER, HOSKIN & HARCOURT LLP** 
100 King Street West 
1 First Canadian Place 
Suite 6200, P.O. Box 50 
Toronto ON  M5X 1B8

**Marc Wasserman** (LSO# 44066M) 
Tel: 416.862.4908 
Email: mwasserman@osler.com

**Adam Hirsh** (LSO# 55239Q) 
Tel: 416.862.6635 
Email: ahirsh@osler.com

**Blair McRadu** (LSO# 85586M) 
Tel: 416.862.4204 
Email: bmcradu@osler.com

**Elie Farkas** (LSO# 74998J) 
Tel: 416.862.4942 
Email: efarkas@osler.com

Lawyers for Mitsubishi HC Capital America, Inc., Mitsubishi HC Capital Canada, Inc. and Mitsubishi HC Capital Canada Leasing, Inc.



# ONTARIO SUPERIOR COURT OF JUSTICE
# COMMERCIAL LIST

# COUNSEL/ENDORSEMENT SLIP

**COURT FILE NO.:** CV-24-00717340-00CL          **DATE:** March 7, 2025

                                                                                   **NO. ON LIST:** 1

**TITLE OF PROCEEDING:** In Re PRIDE GROUP HOLDINGS INC. et al

**BEFORE:** JUSTICE OSBORNE

## PARTICIPANT INFORMATION

### For Plaintiff, Applicant, Moving Party:

| Name of Person Appearing | Name of Party | Contact Info |
|---|---|---|
| Adam Hirsh | Counsel for Mitsubishi HC Capital | ahirsh@osler.com |
| Marc Wasserman | Counsel for Mitsubishi HC Capital | mwasserman@osler.com |

### For Defendant, Respondent, Responding Party:

| Name of Person Appearing | Name of Party | Contact Info |
|---|---|---|
| Andrew Winton | Counsel for Sulakhan Johal and Jasvir Johal | awinton@lolg.ca |
| Daniel Richer | Counsel for the Lending Syndicate | dricher@fasken.com |
| Puya Fesharaki | Counsel for Pride Group Holdings Inc. | pfesharaki@tgf.ca |

### For Other, Self-Represented:

| Name of Person Appearing | Name of Party | Contact Info |
|---|---|---|
| Kelly Bourassa | Counsel for the Monitor Ernst & Young Inc. | kelly.bourassa@blakes.com |
|  |  |  |
|  |  |  |

## **ENDORSEMENT OF JUSTICE OSBORNE:**

[1] Mitsubishi HC Capital America, Inc., Mitsubishi HC Capital Canada, Inc., and Mitsubishi HC Capital Canada Leasing, Inc. (collectively, "Mitsubishi") seeks an order lifting the stay of proceedings in this *CCAA* Application in respect of Sulakhan and Jasvir Johal, the Personal Guarantors, to permit Mitsubishi to proceed with claims it has commenced against them in Ontario and the United States prior to the commencement of the *CCAA* proceedings, but which were stayed by the Initial Order.

[2] Mitsubishi relies on the affidavit of Ms. Sue Santos affirmed November 11, 2024. Defined terms in this Endorsement have the meaning given to them in the motion materials and/or earlier Endorsements made in this proceeding.

[3] The relief sought today is unopposed by any party, including for greater certainty the Personal Guarantors, and is recommended by the Monitor.

[4] Pursuant to various agreements between them, Mitsubishi provided financing to certain Pride Entities. The Personal Guarantors are the principals of Pride who guaranteed various obligations of Pride to Mitsubishi Capital.

[5] Mitsubishi asserts that the Personal Guarantors coordinated and implemented a massive fraud that financed their business operations, including significant double financings of vehicles.

[6] The agreements between the Pride Entities, and Mitsubishi are in default. Mitsubishi has made repayment demands, but the defaults have not been cured, and nor has Mitsubishi been repaid. Accordingly, Mitsubishi has also demanded repayment of the amounts owing from the Personal Guarantors who have also not paid Mitsubishi.

[7] Mitsubishi therefore commenced an action in this Court in March, 2024 to recover the amounts owing. On the same date, Mitsubishi America commenced three actions against the Personal Guarantors for breaches of the US Guarantees in the United States District Courts in Connecticut, the Northern District of Illinois Eastern Division, and the Southern District of New York.

[8] The Initial Order made by the Chief Justice in this proceeding stayed those claims against the Personal Guarantors, and that stay has been continued.

[9] Given that the Monitor and Chief Restructuring Officer recently conducted a sales and marketing process for the business and assets of Pride Group Logistics, and the Pride Entities that are not PGL Entities are entering a wind-down process, the Personal Guarantors are not among the key employees identified as being imperative to that process.

[10] It follows that the basis upon which the Personal Guarantors initially obtained a stay of proceedings is no longer applicable and the balance of convenience favours the lifting of the stay as Mitsubishi will suffer greater prejudice if the proposed order is not granted, than the Personal Guarantors will suffer if it is granted.

[11] Accordingly, Mitsubishi moves pursuant to sections 11 and 36 of the *CCAA* as well as the inherent jurisdiction of this Court for an order lifting the stay of proceedings.

[12] I am satisfied in the circumstances that the proposed relief is appropriate. Before so determining, however, I had a significant number of questions for both the Applicants and the Monitor, since bankruptcy applications in respect of the Personal Guarantors brought by the Bank of Nova Scotia were recently stayed with the support of the Personal Guarantors and on the recommendation of the Monitor.

[13] All parties submit today that circumstances have now changed as summarized above in that the efforts of the Personal Guarantors are no longer integral or even necessary for the completion of the remaining steps in this proceeding. I accept that. The motion is granted.

[14] I also accept that the Service List has been aware for some time of this motion of Mitsubishi, although notice of the return of this motion today, was short-served. Moreover, and while the Bank of Nova Scotia is on the Service List, counsel acting for BNS in the bankruptcy applications is not. Finally, I also accept the submission of Mitsubishi that it may well be that BNS is supportive of the relief granted today in that its action can also proceed, although only BNS counsel speaks for that party.

[15] Accordingly, and while I have granted the relief sought, I will hear any party, including BNS, with respect to the order made today on short notice, if they wish to make submissions with respect to the relief.

[16] Order to go in the form signed by me today.

*Osborne J.*