**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>Pride Group Holdings Inc., *et al.*[1]<br><br>Debtors in Foreign Proceedings. | Chapter 15<br><br>Case No. 24-10632 (CTG)<br><br>(Jointly Administered) |

**AGREED ORDER BETWEEN
THE FOREIGN REPRESENTATIVE
AND MITSUBISHI HC CAPITAL AMERICA INC.
(F/K/A HITACHI CAPITAL AMERICA INC.) WITH RESPECT TO STAY RELIEF**

The Court having considered the *Stipulation Between the Foreign Representative and Mitsubishi HC Capital America Inc. (f/k/a Hitachi Capital America Inc.) with Respect to Stay Relief* (the "Stipulation")[2] presented to the Court and attached hereto as **Exhibit 1** and good and sufficient cause having been shown:

IT IS HEREBY ORDERED THAT:

1. The Stipulation, and the terms of the Stipulation, are approved.

2. Notwithstanding anything to the contrary in the Recognition Order, including, but not limited to, paragraphs 6 and 8 therein, and to the extent consistent with the CCAA Lift Stay Order, the U.S. Stay and Injunction pursuant to 11 U.S.C. § 362(a) and 1521(a), is hereby

---

[1] The last four digits of Debtor Pride Group Holdings Inc.'s Canadian business number are 6399. Due to the large number of debtors in these chapter 15 cases, a complete list of the debtor entities and the last four digits of their unique identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' noticing agent at https://dm.epiq11.com/pridegroup. The Debtors' service address for the purposes of these chapter 15 cases is 1450 Meyerside, Suite 401, Mississauga, Ontario, L5T 2N5, Canada.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Stipulation.

lifted as to the Personal Guarantors for all parties in interest, including Mitsubishi, within the territorial jurisdiction of the United States.

3. The Sale Objection is hereby withdrawn with prejudice.

4. The fourteen (14) day stay provided under Federal Rule of Bankruptcy Procedure 4001(a)(3) shall not apply.

5. The Foreign Representative, the Pride Group, the Monitor, and Mitsubishi are authorized to take all actions necessary to effectuate the relief requested in this Stipulation.

6. This Order is a Final Order within the meaning of 28 U.S.C. § 158(a)(1) and is effective immediately upon entry.

7. This Order shall be binding on and inure to the benefit of the Parties and their respective heirs, executors, administrators, successors, and permitted assigns.

8. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the interpretation and/or implementation of this Order and the Stipulation.

**Dated: March 28th, 2025**
**Wilmington, Delaware**

CRAIG T. GOLDBLATT
UNITED STATES BANKRUPTCY JUDGE