**Exhibit 1**

Stipulation

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Pride Group Holdings Inc., *et al.*[1]<br><br>Debtors in Foreign Proceedings. | Chapter 15<br><br>Case No. 24-10632 (CTG)<br><br>(Jointly Administered) |

### STIPULATION BETWEEN THE
### FOREIGN REPRESENTATIVE AND
### MITSUBISHI HC CAPITAL AMERICA INC.
### (F/K/A HITACHI CAPITAL AMERICA INC.) WITH RESPECT TO STAY RELIEF

This Stipulation (the "Stipulation") is entered into by and between (i) Randall Benson, solely in his capacity as the duly authorized foreign representative (the "Foreign Representative") of the above-captioned debtors (collectively, the "Debtors"), in the Canadian proceedings (the "CCAA Proceedings") commenced under the Companies' Creditors Arrangement Act (the "CCAA"), pending before the Ontario Superior Court of Justice (Commercial List) in Ontario, Canada, Court File No. CV-24-00717340-00CL (the "Canadian Court") and (ii) Mitsubishi HC Capital America Inc. (f/k/a Hitachi Capital America Inc.) ("Mitsubishi") (together with the Foreign Representative, each, a "Party," and collectively, the "Parties").

**WHEREAS**, Pride Truck Sales L.P. ("Pride Truck") and TPine Leasing Capital L.P. ("TPine Leasing"), each an affiliate of the Debtors, are party to certain financing agreements

---

[1] The last four digits of Debtor Pride Group Holdings Inc.'s Canadian business number are 6399. Due to the large number of debtors in these chapter 15 cases, a complete list of the debtor entities and the last four digits of their unique identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' noticing agent at https://dm.epiq11.com/pridegroup. The Debtors' service address for the purposes of these chapter 15 cases is 1450 Meyerside, Suite 401, Mississauga, Ontario, L5T 2N5, Canada.

pursuant to which Mitsubishi provided financing for the purchase of inventory, equipment, and other general corporate purposes (collectively, the "Mitsubishi Financing Agreements");

**WHEREAS**, each of the Mitsubishi Financing Agreements is personally guaranteed by Sulakhan Johal and Jasvir Johal (together with Amrinder Johal and solely in their capacities as guarantors on certain of the Pride Group's[2] debt, the "Personal Guarantors");

**WHEREAS**, Mitsubishi filed three actions against certain of the Personal Guarantors on March 25, 2024 in (i) the United States District Court for the District of Connecticut (Case No. 24-cv-433); (ii) the United States District Court for the Northern District of Illinois (Case No. 24-cv-2393); and (iii) the United States District Court for the Southern District of New York (Case No. 24-cv-2205) (collectively, the "Personal Guarantor Actions"), each of which remains pending as of the date of this Stipulation;

**WHEREAS**, on March 27, 2024, the Debtors commenced the CCAA Proceedings in the Canadian Court, and the Canadian Court issued the initial order on the following day (as amended and restated from time to time, the "Initial Order") granting certain relief in connection with the CCAA Proceedings including, among other things, appointing Ernst & Young, Inc. as the Canadian Court-appointed monitor (in such capacity, the "Monitor") and staying the commencement or continuation of any proceeding or enforcement process in any court or tribunal against the Debtors, certain of its non-Debtor affiliates, and the Personal Guarantors, including the Personal Guarantor Actions (the "CCAA Stay");

**WHEREAS**, on April 1, 2024, the Foreign Representative commenced the above-captioned chapter 15 cases in the United States Bankruptcy Court for the District of Delaware

---

[2] As used herein, "Pride Group" includes: (i) each of the Debtors; (ii) Pride Truck Sales L.P., TPine Leasing Capital L.P., and Sweet Home Hospitality L.P.; and (iii) Block 6 Holding Inc., 2500819 Ontario Inc., Pergola Holdings, Corp., and Pride Global Insurance Company Ltd.

2

(the "Court"), and sought provisional relief on the same day requesting, among other things, enforcement of the Initial Order in the United States on a provisional basis, including application of section 362 of title 11 of the United States Code (the "Bankruptcy Code") over the Pride Group, the Personal Guarantors, and their property located within the territorial jurisdiction of the United States (the "Provisional Relief");

**WHEREAS**, on April 3, 2024, the Court entered the *Order Granting Motion of the Foreign Representative for Provisional Relief Pursuant to Sections 105(a) and 1519 of the Bankruptcy Code* [D.I. 49] (the "Provisional Relief Order") granting the Provisional Relief;

**WHEREAS**, on May 2, 2024, the Court entered the *Order Granting Amended Verified Petition for (i) Recognition of Foreign Main Proceedings, (ii) Recognition of Foreign Representative, and (iii) Related Relief Under Chapter 15 of the Bankruptcy Code* [D.I. 152] (the "Recognition Order"), which, among other things, (i) extends all relief granted pursuant to the First Provisional Relief Order on a final basis; and (ii) stays and enjoins all persons and entities pursuant to section 1521(a) of the Bankruptcy Code from, among other things, executing against the assets of the Pride Group and the Personal Guarantors located within the territorial jurisdiction of the United States, commencing or continuing any action or proceedings against the Pride Group and the Personal Guarantors in the United States, and transferring, relinquishing or disposing of any property of the Pride Group and the Personal Guarantors located within the territorial jurisdiction of the United States to any person or entity other than the Foreign Representative (the "U.S. Stay and Injunction");

**WHEREAS**, on November 25, 2024, Mitsubishi filed a motion in this Court seeking relief from the U.S. Stay and Injunction to continue pursuing the Personal Guarantor Actions

3

against certain of the Personal Guarantors [D.I. 294] (the "Mitsubishi Stay Relief Motion"), which was subsequently adjourned *sine die*;

**WHEREAS**, on December 9, 2024, and in accordance with the *Order (I) Approving the Sale Procedures and Sale Notice, (II) Authorizing the Sale of the Debtors' U.S. Assets Free and Clear of Liens, Claims, Encumbrances and Other Interests, and (III) Granting Related Relief* [D.I. 197] (the "Sale Procedures Order"), the Foreign Representative filed the *Notice of Proposed Sale of Available U.S. Assets* [D.I. 303] (the "Original Sweetwater Sale Notice"), seeking Court authority to sell all of the issued and outstanding shares in Debtor 963 Sweetwater Holding Corp., which owns a parcel of real property located at 255 NE Spanish Court, Boca Raton, Florida (the "Sweetwater Property"), to Rashpal Johal, the wife of Sulakhan Johal (the "Original Sweetwater Sale");

**WHEREAS**, on December 16, 2024, Mitsubishi filed an objection to the Original Sweetwater Sale Notice [D.I. 306] (the "Sale Objection"), in which it objected to the Original Sweetwater Sale and made a number of unsubstantiated allegations against the Foreign Representative and the Monitor;

**WHEREAS**, since the filing of the Sale Objection, the Foreign Representative has engaged in good faith negotiations with Mitsubishi and provided additional information to Mitsubishi relating to the Original Sweetwater Sale in an effort to resolve both the Sale Objection and the Mitsubishi Stay Relief Motion;

**WHEREAS**, following extensive good faith negotiations, the Parties have agreed to a global resolution of the Mitsubishi Stay Relief Motion and the Sale Objection whereby (a) the Foreign Representative and Monitor have agreed to consent to lift the CCAA Stay and the U.S. Stay and Injunction (on terms that are consistent with the CCAA Lift Stay Order (as defined

below)) to permit any party in interest (including, but not limited to, Mitsubishi) to pursue its claims, if any, against the Personal Guarantors and (b) Mitsubishi has agreed (i) to withdraw its objection to the Original Sweetwater Sale Notice, (ii) to stipulate to facts relating to the Original Sweetwater Sale and these Chapter 15 Cases, notwithstanding the unsubstantiated allegations made in the Sale Objection and (iii) that it will not object to future sales conducted in accordance with the Sale Procedures Order solely on the basis that the purchaser in such sales is a member of or related to the Johal family.

**WHEREAS**, on March 10, 2025, an order was granted in the CCAA Proceedings lifting the CCAA Stay as to the Personal Guarantors for all parties, including Mitsubishi (the "CCAA Lift Stay Order");

**WHEREAS**, on March 11, 2025, the Debtors' Canadian counsel served the CCAA Lift Stay Order on the Canadian noticing list and, further to the direction of the Canadian Court, indicated that any person with an objection to the CCAA Lift Stay Order was required to advise the Monitor's Canadian Counsel of the particulars of such objection by 5:00 p.m. (ET) on March 18, 2025;

**WHEREAS**, no objections were received by the objection deadline, and the CCAA Lift Stay Order became effective in Canada;

**WHEREAS**, on March 11, 2025, Rashpal Johal terminated the Original Sweetwater Sale because the time for completing the transaction under the relevant sale documents had expired;

**WHEREAS**, Rashpal Johal subsequently submitted a revised bid on the Sweetwater Property that was not acceptable to the Debtors or Royal Bank of Canada, as administrative agent under the Debtors' debtor-in-possession facility (the "DIP Agent");

**WHEREAS**, a new third-party bidder unrelated to the Johals submitted a bid for the Sweetwater Property, which has been endorsed by the DIP Agent, and the Foreign Representative (in his capacity as the chief restructuring officer of the Debtors (in such capacity, the "CRO")) and the Monitor are engaging with that bidder on an expedited basis;

**WHEREAS**, the Foreign Representative will file appropriate pleadings with the Court seeking approval of a sale of the Sweetwater Property in due course;

**WHEREAS**, the Foreign Representative believes it is prudent and in the best interests of the Debtors to agree to lift the U.S. Stay and Injunction in the United States as to the Personal Guarantors for all parties as part of a global resolution with Mitsubishi;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and between the Parties, through their undersigned counsel, as follows:

1. The foregoing recitals are hereby incorporated by reference into this Stipulation with the same force and effect as if set forth fully hereinafter.

2. The Foreign Representative and Mitsubishi hereby acknowledge and agree to the following facts to clarify the record in respect of the Original Sweetwater Notice:

   a. The Original Sweetwater Sale process was conducted by the Monitor and the CRO. The Monitor is appointed by Canadian Court to act an independent fiduciary in the CCAA Proceedings, and the CRO was appointed by the Debtors at the request of their lenders prior to the commencement of the CCAA Proceedings. Both the Monitor and the CRO are independent restructuring professionals with extensive experience working with distressed companies, including managing asset sales, and neither had any relationship with the Johal family prior to their appointment in the CCAA Proceedings.

   b. The Johal family was not involved in the Original Sweetwater Sale process, and did not have access to the bids (or any other information relating to the Original Sweetwater Sale process that was not available to other bidders).

   c. As the Foreign Representative shared with Mitsubishi shortly after the Sale Objection was filed, two bids were received during the Original Sweetwater

6

>   Sale process, including one from Rashpal Johal, a member of the Johal family and Sulakhan Johal's wife (in such capacity, the "<u>Proposed Purchaser</u>"). The Monitor requested that both bidders submit their highest and best offers directly to the Monitor (and not to any other parties) in a final round of bidding. In the final round of bidding, the Proposed Purchaser's bid was the highest and best bid.
>
>   d. The Original Sweetwater Sale process was conducted independently, negotiated at arm's-length and in good faith, and was not the result of fraud or collusion. The selection of the Proposed Purchaser's bid as the winning bid was a reasonable and appropriate exercise of the Monitor and CRO's business judgment.
>
>   e. The Original Sweetwater Sale was part of a larger coordinated effort by the Monitor and CRO to effectuate the orderly wind down of the Debtors for the benefit of all stakeholders. The wind down plan has been approved by the Canadian Court and subsequently made enforceable in this Court. The goal of the wind down plan is to maximize recoveries for creditors in a fair and organized manner while avoiding a hard shutdown and fire sale of the Debtors' remaining assets. Mitsubishi acknowledges and agrees that the Monitor and the CRO are implementing the wind down plan for the benefit of all stakeholders without favoring any particular party.

3. In light of the foregoing, the Sale Objection is withdrawn with prejudice, and Mitsubishi hereby agrees that it will not object to a sale of the Sweetwater Property.

4. Mitsubishi hereby agrees that it will not object to future sales conducted in accordance with the Sale Procedures Order solely on the basis that the proposed purchaser in any such sales is a member of or related to the Johal family; *provided that* Mitsubishi reserves its rights to object to any future sale on any other basis.

5. Notwithstanding anything to the contrary in the Recognition Order, including, but not limited to, paragraphs 6 and 8 therein, and to the extent consistent with the CCAA Lift Stay Order, the U.S. Stay and Injunction pursuant to 11 U.S.C. § 362(a) and 1521(a) is lifted as of the date this Stipulation is approved by the Court (the "<u>Effective Date</u>") as to the Personal Guarantors for all parties in interest, including Mitsubishi, within the territorial jurisdiction of the United States.

6. This Stipulation shall not be construed as authorizing any relief from the U.S. Stay and Injunction imposed under sections 362(a) and 1521(a) of the Bankruptcy Code other than against the Personal Guarantors as specifically set forth in this Stipulation.

7. This Stipulation may be signed in counterpart originals. Evidence of the execution of this Stipulation may be exchanged by facsimile or electronic transmission of a scanned copy of the signature pages or by exchange of an originally signed document, each of which shall be as fully binding on the Party as a signed original.

8. Each person who executes the Stipulation on behalf of a Party hereto represents that he or she is duly authorized to execute the Stipulation on behalf of such Party.

9. This Stipulation shall be binding on and inure to the benefit of the Parties and their respective heirs, executors, administrators, successors, and permitted assigns.

10. Nothing in this Stipulation, whether express or implied, shall be construed to give to any person or entity other than the Parties any legal or equitable right, remedy, interest, or claim under or in respect of this Stipulation.

11. This Stipulation represents the Parties' mutual understandings and supersedes all prior agreements, whether in oral or written form.

| | |
|---|---|
| Dated: March 27, 2025<br> /s/ Austin T. Park<br>**MORRIS, NICHOLS, ARSHT**<br>**& TUNNELL LLP**<br>Derek C. Abbott (No. 3376)<br>Andrew R. Remming (No. 5120)<br>Clint M. Carlisle (No. 7313)<br>Austin T. Park (No. 7247)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899-1347<br>Telephone: (302) 658-9200<br>Facsimile: (302) 658-3989<br>dabbott@morrisnichols.com<br>aremming@morrisnichols.com<br>ccarlisle@morrisnichols.com<br>apark@morrisnichols.com<br><br>and<br><br>**LINKLATERS LLP**<br>Penelope J. Jensen<br>Christopher J. Hunker<br>Clark L. Xue<br><br>LINKLATERS LLP<br>1290 Avenue of the Americas<br>New York, NY 10104<br>Telephone: (212) 903-9000<br>Facsimile: (212) 903-9100<br>penelope.jensen@linklaters.com<br>christopher.hunker@linklaters.com<br>clark.xue@linklaters.com<br><br>*Attorneys for the Foreign Representative* | Dated: March 27, 2025<br> /s/ Jared S. Roach<br>**REED SMITH LLP**<br>Jason D. Angelo (No. 6009)<br>1201 North Market Street, Suite 1500<br>Wilmington, DE 19801<br>Telephone: (302) 778-7500<br>Facsimile: (302) 778-7575<br>Email: jangelo@reedsmith.com<br><br>and<br><br>Aaron G. Javian, Esq. (admitted pro hac vice)<br>599 Lexington Avenue, 22nd Floor<br>New York, NY 10022<br>Telephone: (212) 521-5400<br>Facsimile: (212) 521-5450<br>Email: ajavian@reedsmith.com<br><br>and<br><br>Jared S. Roach, Esq. (admitted pro hac vice)<br>Reed Smith Centre<br>225 Fifth Avenue<br>Pittsburgh, PA 15222<br>Telephone: (412) 288-3131<br>Facsimile: (412) 288-3063<br>Email: jroach@reedsmith.com<br><br>*Attorneys to Mitsubishi* |