**Exhibit A**

Revised Proposed Sale Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re | Chapter 15 |
| Pride Group Holdings Inc., et al.[1] | Case No. 24-10632 (CTG) |
| Debtors in Foreign Proceedings. | (Jointly Administered) |

**AMENDED ORDER AUTHORIZING AND**
**APPROVING SALE OF AVAILABLE U.S. ASSETS**
**FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER**
**INTERESTS IN ACCORDANCE WITH THE SALE PROCEDURES ORDER**

**WHEREAS**, on June 7, 2024 the Court entered the *Order (I) Approving the Sale Procedures and Sale Notice, (II) Authorizing the Sale of the Debtors' U.S. Assets Free and Clear of Liens, Claims, Encumbrances and Other Interests, and (III) Granting Related Relief* [D.I. 197] (the "Sale Procedures Order"), which authorizes the sale of the Debtors' assets located within the territorial jurisdiction of the United States pursuant to the procedures set forth in the Sale Procedures Order;

**WHEREAS**, pursuant to the Sale Procedures Order, on November 27, 2024, the Foreign Representative filed the *Notice of Proposed Sale of Available U.S. Assets* [D.I. 299] (the "Sale Notice");[2]

**WHEREAS**, the Sale Notice sought court approval of the sale (the "Sale") of Debtor High Prairie Texas Holding Corp.'s (the "Seller") rights, title and interests in and to the real property

---

[1]    The last four digits of Debtor Pride Group Holdings Inc.'s Canadian business number are 6399.  Due to the large number of debtors in these chapter 15 cases, a complete list of the debtor entities and the last four digits of their unique identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' noticing agent at https://dm.epiq11.com/pridegroup.  The Debtors' service address for the purposes of these chapter 15 cases is 1450 Meyerside, Suite 401, Mississauga, Ontario, L5T 2N5, Canada.

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Sale Notice and the exhibits attached thereto.

located at 3375 High Prairie Road, Grand Prairie, TX 75050 (the "Property") to Alterra IOS Acquisitions III, LLC (the "Purchaser", and together with the Seller, the "Parties"), pursuant to an asset purchase agreement attached as Exhibit A to the Sale Notice (as amended from time to time, the "APA");

**WHEREAS**, pursuant to the Sale Notice, objections to the Sale Notice were to be filed and served no later than December 18, 2024 (the "Objection Deadline");

**WHEREAS**, on December 19, 2024, the Foreign Representative filed the *Certification of Counsel Regarding Order Authorizing and Approving Sale of Available U.S. Assets Free and Clear of Liens, Claims, Encumbrances and Other Interests in Accordance with the Sale Procedures Order* [D.I. 308];

**WHEREAS**, no formal objections to the Sale Notice were filed or received by the Foreign Representative by the Objection Deadline;

**WHEREAS**, on December 30, 2024, this Court entered the *Order Authorizing and Approving Sale of Available U.S. Assets Free and Clear of Liens, Claims, Encumbrances and Other Interests in Accordance with the Sale Procedures Order* [D.I. 312] (the "Sale Order"), approving the Sale and the APA;

**WHEREAS**, around the time that the Parties entered into the APA, several significant acts of vandalism occurred at the Property;

**WHEREAS**, the Parties entered into eight amendments to the APA, each of which extended the Due Diligence Period during which the Purchaser could elect to exercise its right to terminate the APA;

**WHEREAS**, on March 24, 2025, the Parties entered into a further amendment to the APA reducing the purchase price under the APA by US$750,000 (or approximately 5% of the total

2

purchase price) to US$15,100,000 to account for the damage to the Property (the "Purchase Price Amendment", which is attached hereto as **Exhibit 1**);

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

1.      The Sale is approved as set forth herein.

2.      Pursuant to sections 363(b) and 363(f) of the Bankruptcy Code, the Foreign Representative is authorized to transfer the Available U.S. Assets to the Purchaser pursuant to the terms of the APA (as amended by the Purchase Price Amendment) with all right, title and interest in the Available U.S. Assets free and clear of all liens, claims, encumbrances and other interests. Any liens, claims, encumbrances and other interests in the Available U.S. Assets shall attach to the proceeds of the Sale in the order of priority and with the same validity, force and effect that they have as against the Available U.S. Assets immediately prior to the Sale. The APA (as amended by the Purchase Price Amendment) is hereby approved, and the Foreign Representative is authorized to take all actions necessary to consummate the Sale.

3.      The Purchaser is a good faith buyer within the meaning of section 363(m) of the Bankruptcy Code and is entitled to the full protections of section 363(m) of the Bankruptcy Code. The reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale, unless such authorization and consummation of the Sale is duly and properly stayed pending such appeal.

4.      The proceeds of the Sale will be distributed in accordance with any orders entered by the Canadian Court governing the distribution of such proceeds.

5.      Notwithstanding Bankruptcy Rule 6004(h) or any other provision in the Bankruptcy Rules or Local Rules to the contrary: (i) the terms of this Order shall be immediately effective and enforceable upon its entry; (ii) the Foreign Representative is not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order and (iii) the

3

Foreign Representative may, in its discretion and without further delay, take any action and perform any act authorized under this Order, the Canadian Orders, or other order of the Canadian Court, including, without limitation, taking any actions or executing any documents the Foreign Representative (acting on behalf of the Debtors) believes appropriate in furtherance of, or in connection with, the consummation of the Sale or the implementation of this Order.

6.      This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation of this Order.

**<u>Exhibit 1</u>**

Purchase Price Amendment

Purchaser

## NINTH AMENDMENT TO PURCHASE AND SALE AGREEMENT

THIS NINTH AMENDMENT TO PURCHASE AND SALE AGREEMENT (this "Ninth Amendment") is entered into as of March 24, 2025 (the "Effective Date"), by and between High Prairie Texas Holding Corp ("Seller"), and Alterra IOS Acquisitions III, LLC ("Purchaser").

## WITNESSETH:

WHEREAS, Seller and Purchaser entered into that certain Purchase and Sale Agreement, dated as of October 2, 2024 (the "Agreement"), providing for Purchaser's agreement to purchase the Property;

WHEREAS, Seller and Purchaser entered into a First Amended To Purchase and Sale Agreement, dated as of November 18, 2024, modifying certain terms of the Agreement;

WHEREAS, Seller and Purchaser entered into a Second Amended To Purchase and Sale Agreement, dated as of December 2, 2024, modifying certain terms of the Agreement;

WHEREAS, Seller and Purchaser entered into a Third Amended To Purchase and Sale Agreement, dated as of December 9, 2024, modifying certain terms of the Agreement;

WHEREAS, Seller and Purchaser entered into a Fourth Amended To Purchase and Sale Agreement, dated as of December 16, 2024, modifying certain terms of the Agreement; and

WHEREAS, Seller and Purchaser entered into a Fifth Amended To Purchase and Sale Agreement, dated as of December 20, 2024, modifying certain terms of the Agreement;

WHEREAS, Seller and Purchaser entered into a Sixth Amended To Purchase and Sale Agreement, dated as of January 31, 2025, modifying certain terms of the Agreement;

WHEREAS, Seller and Purchaser entered into a Seventh Amended To Purchase and Sale Agreement, dated as of February 4, 2025, modifying certain terms of the Agreement;

WHEREAS, Seller and Purchaser entered into an Eighth Amended To Purchase and Sale Agreement, dated as of March 10, 2025, modifying certain terms of the Agreement; and

WHEREAS, Seller and Purchaser desire to amend the Agreement as provided in this Ninth Amendment.

NOW, THEREFORE, for and in consideration of the mutual covenants of the parties hereto, and other good and valuable consideration to the parties hereto, the receipt and sufficiency of which is hereby acknowledged, and for the benefit which will inure to each party from the execution of this Ninth Amendment, Seller and Purchaser hereby agree as follows.

1.    All capitalized terms not otherwise defined in this Ninth Amendment shall have the meaning set forth in the Agreement.

2.    The definition of "Purchase Price" set forth in Section 2.01 of the Agreement is hereby reduced by $750,000.00 to the sum of Fifteen Million One Hundred Thousand and 00/100 United States Dollars ($15,100,000.00 USD).  The foregoing reduction in the Purchase Price is being made to address damage to the Property caused by vandalism that occurred around the time that the Agreement was entered into between Seller and Purchaser. Purchaser acknowledges and agrees that Seller is providing Purchaser with a credit in the form of the aforementioned price reduction in lieu of performing any repairs on the Property. As such, Seller shall not be responsible

Seller  *RB*      Purchaser  *JP*

for any such damage caused to the Property, or any repairs related to same, and ~~Seller~~ shall assume full and complete responsibility related to same - including but not limited to - what if any repairs ~~Seller~~ elects to make to the Property after Closing.

Purchaser

3.      The definition of "Closing Date" as set forth in Section 4.01 of the Agreement is hereby revised to be no later than May 9, 2025.

4.      The Due Diligence Period shall expire upon the mutual execution of this Ninth Amendment, and Purchaser shall have waived its right to terminate the Agreement pursuant to Section 3.01 of the Agreement.

Seller

5.      Except as modified and amended as set forth in this Ninth Amendment, the Agreement is hereby ratified and confirmed by Purchaser and Seller and shall remain in full force and effect and enforceable in accordance with its terms.  The terms of this Ninth Amendment will control in the event of any conflicts between the terms of this Ninth Amendment and the terms of the Agreement, and all provisions of the Agreement will be deemed to be revised accordingly to effect the provisions of this Ninth Amendment.

6.      This Ninth Amendment may be executed in any number of counterparts, each of which shall be deemed to be an original, and all such counterparts shall constitute one agreement. To facilitate execution of this Ninth Amendment, the parties may execute and exchange by email, PDF counterparts of the signature pages.

*[signature page immediately follows]*

EXECUTED to be effective as of the Effective Date.

**SELLER:**

HIGH PRAIRIE TEXAS HOLDING CORP

By: _____
     Name: Randall Benson
     Title:  Court-Appointed Chief
            Restructuring Officer

**PURCHASER:**

ALTERRA IOS ACQUISITIONS III, LLC

By: _____
     Name: Jeff Pustizzi
     Title:  Authorized Signatory