**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>Pride Group Holdings Inc., *et al.*[1]<br><br>Debtors in Foreign Proceedings. | Chapter 15<br><br>Case No. 24-10632 (CTG)<br><br>(Jointly Administered)<br><br>Re: D.I. 345 |

**ORDER (I) AUTHORIZING THE SALE OF PROPERTY**
**OF DEBTOR VALLEY BOULEVARD FONTANA HOLDING**
**CORP. FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES**
**AND OTHER INTERESTS AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of Randall Benson, solely in his capacity as the duly authorized foreign representative (the "Foreign Representative") of the above-captioned debtors (the "Debtors") in the Canadian proceedings (the "CCAA Proceedings") commenced under the Companies' Creditors Arrangement Act, pending before the Ontario Superior Court of Justice (Commercial List) in Ontario, Canada, Court File No. CV-24-00717340-00CL (the "Canadian Court"), for entry of an order (this "Order") pursuant to sections 105(a), 363, 1501, 1507, 1514, 1520 and 1521 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 6004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"): (i) authorizing, under section 363 of the Bankruptcy Code, the sale of certain property owned by Debtor Valley Boulevard Fontana Holding

---

[1] The last four digits of Debtor Pride Group Holdings Inc.'s Canadian business number are 6399. Due to the large number of debtors in these chapter 15 cases, a complete list of the debtor entities and the last four digits of their unique identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' noticing agent at https://dm.epiq11.com/pridegroup. The Debtors' service address for the purposes of these chapter 15 cases is 1450 Meyerside, Suite 401, Mississauga, Ontario, L5T 2N5, Canada.

[2] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Motion.

Corp. ("Fontana") pursuant to the sale agreement attached as Exhibit B to the Motion free and clear of liens, claims, encumbrances and other interests and (ii) granted related relief, all as more fully set forth in the Motion; and upon this Court's review and consideration of the Declaration and all other pleadings filed by or on behalf of the Foreign Representative in support of the Motion; and, if necessary, this Court having held a hearing to consider the relief requested in the Motion (the "Hearing"); and due and proper notice of the Motion and all pleadings in support of the Motion having been provided and no other or further notice being necessary or required; and no objections or other responses having been filed that have not been overruled, withdrawn, or otherwise resolved; and all interested parties having had an opportunity to be heard at the Hearing, if any; and after due deliberation and sufficient cause appearing therefor, **THIS COURT HEREBY FINDS AND DETERMINES THAT:**

A.  The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.

C.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

D.  Venue is proper in this district pursuant to 28 U.S.C. § 1410.

E.  Good and sufficient notice of the relief granted by this Order has been given, and no other or further notice is required. A reasonable opportunity to object or be heard regarding the

relief granted by this Order has been afforded to parties entitled to notice pursuant to the Bankruptcy Rules and the Local Rules.

F. The Foreign Representative has demonstrated that entry into, and consummation of the transactions contemplated by, the Sale Agreement is a reasonable exercise of the Foreign Representative's business judgment and is in the best interests of the Debtors and their creditors.

G. The transfer of the Purchased Assets to the Purchaser pursuant to the Sale Agreement shall be legal, valid and effective and shall vest the Purchaser with all right, title and interest of Fontana to the Purchased Assets free and clear of all liens, claims, encumbrances and other interests. One or more of the standards set forth in sections 363(f)(1)-(5) of the Bankruptcy Code have been satisfied.

H. The Purchaser is a good faith purchaser for value, is entitled to all of the protections afforded under section 363(m) of the Bankruptcy Code and has otherwise acted in good faith in connection with the Sale Agreement. Specifically, (a) the Purchaser is not an "insider" of the Debtors, as that term is defined in the Bankruptcy Code; (b) the Sale Agreement was negotiated at arm's-length and in good faith; (c) the Purchaser did not in any way induce or cause the filing of these chapter 15 cases; (d) the consideration provided by the Purchaser under the Sale Agreement is fair and reasonable; and (e) the Sale Agreement is not the result of fraud or collusion. Neither the Foreign Representative nor the Purchaser has engaged in any conduct that would cause or permit the Sale Agreement to be avoided or result in the imposition of any costs or damages under section 363(n) of the Bankruptcy Code.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. Pursuant to section 363(b) of the Bankruptcy Code, the Foreign Representative is authorized to transfer the Purchased Assets to the Purchaser pursuant to the terms of the Sale Agreement and to take all other actions necessary to consummate the Sale Agreement.

3. Pursuant to section 363(f) of the Bankruptcy Code, the Purchased Assets shall be transferred free and clear of all liens, claims, encumbrances and other interests, and any liens, claims, encumbrances and other interests in and to the Purchased Assets shall attach to the proceeds of the sale of the Purchased Assets in the order of priority and with the same validity, force and effect that they have as against the Purchased Assets immediately prior to the closing of the transactions under the Sale Agreement.

4. The Purchaser is a good faith buyer within the meaning of section 363(m) of the Bankruptcy Code and is entitled to the full protections of section 363(m) of the Bankruptcy Code. The reversal or modification on appeal of the authorization provided herein to consummate the Sale Agreement shall not affect the validity of the Sale Agreement, unless such authorization and consummation of the Sale Agreement is duly and properly stayed pending such appeal.

5. The proceeds of the Purchased Assets will be distributed in accordance with a further order of the Canadian Court.

6. Notwithstanding Bankruptcy Rule 6004(h) or any other provision in the Bankruptcy Rules or Local Rules to the contrary: (i) the terms of this Order shall be immediately effective and enforceable upon its entry; (ii) the Foreign Representative is not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order and (iii) the Foreign Representative may, in its discretion and without further delay, take any action and perform any act authorized under this Order, the Canadian Orders, or other order of the Canadian Court, including, without limitation, taking any actions or executing any documents the Foreign

5

Representative (acting on behalf of the Debtors) believes appropriate in furtherance of, or in connection with, the consummation of the Sale Agreement or the implementation of this Order.

7. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Order.

Dated: April 25th, 2025
Wilmington, Delaware

CRAIG T. GOLDBLATT
UNITED STATES BANKRUPTCY JUDGE