## **Exhibit C**

Foreign Representative Declaration

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Pride Group Holdings Inc., *et al.*[1]<br><br>Debtors in Foreign Proceedings. | Chapter 15<br><br>Case No. 24-10632 (CTG)<br><br>(Jointly Administered) |

**DECLARATION OF FOREIGN REPRESENTATIVE
IN SUPPORT OF THE SALE OF AVAILABLE U.S. ASSETS FREE AND
CLEAR OF ANY LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS**

I, Randall Benson, pursuant to 28 U.S.C. § 1746, hereby declare (this "Declaration") under penalty of perjury under the laws of the United States, as follows:

1. I am the founder of RC Benson Consulting Inc, which was engaged on February 26, 2024 as the Chief Restructuring Officer (in such capacity, the "CRO") of the Pride Group. The Debtors and certain of their affiliates are the subject of proceedings (the "CCAA Proceedings") under the Companies' Creditors Arrangement Act, pending before the Ontario Superior Court of Justice (Commercial List) in Ontario, Canada, Court File No. CV-24-00717340-00CL (the "Canadian Court"). I was appointed as the foreign representative of the Debtors (the "Foreign Representative") by the Canadian Court pursuant to the preliminary initial order dated March 27, 2024.

2. I am an individual over the age of 18 and, if called upon, could and would testify to the facts set forth in this Declaration. Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge, information supplied to me by members of

---

[1] The last four digits of Debtor Pride Group Holdings Inc.'s Canadian business number are 6399. Due to the large number of debtors in these chapter 15 cases, a complete list of the debtor entities and the last four digits of their unique identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' noticing agent at https://dm.epiq11.com/pridegroup. The Debtors' service address for the purposes of these chapter 15 cases is 1450 Meyerside, Suite 401, Mississauga, Ontario, L5T 2N5, Canada.

the Pride Group's management and professionals or learned from my review of relevant documents, or my opinion based upon my experience and knowledge of the Pride Group's industry, operations, and financial condition that I have acquired since my engagement.

3. I am authorized to make this Declaration on behalf of the Debtors in support of an order approving the sale (the "Sale") of the Debtors' assets free and clear of any liens, claims, encumbrances and other interests (collectively, the "Liens"), pursuant to the asset purchase agreement dated December 10, 2024 (as amended and may be further amended or supplemented from time to time, the "APA") by and between 59th Ave Phoenix Holding Corp., as seller (the "Seller"), and JC IOS Acquisitions, LLC, as purchaser (the "Purchaser"), in compliance with Paragraph 2(e) of the Sale Procedures Order (as defined below).[2]

## THE SALE PROCEDURES

4. On May 21, 2024, the Foreign Representative filed a motion [D.I. 178] (the "Sale Procedures Motion") seeking, among other things, this Court's approval of the Sale Procedures governing the sale of any Available U.S. Assets being sold in the United States.

5. On June 7, 2024, this Court entered an Order granting the relief requested in the Sale Procedures Motion [D.I. 197] (the "Sale Procedures Order").

6. Paragraph 2(e) of the Sale Procedures Order provides that the Foreign Representative shall attach to the applicable Sale Notice "a declaration in support of the Sale containing statements sufficient for the Court to find that: (i) the Sale constitutes a prudent exercise of the applicable Debtor's business judgment; (ii) the Sale may be consummated free and clear of

---

[2] Capitalized terms used in this Declaration but not otherwise defined shall have the meanings ascribed to them in the Sale Procedures Order.

all Liens under section 363(f) of the Bankruptcy Code; and (iii) the purchaser is a good faith purchaser entitled to the protections of section 363(m) of the Bankruptcy Code."

**STATEMENTS PURSUANT TO
PARAGRAPH 2(e) OF THE SALE PROCEDURES ORDER**

**I. The Sale Constitutes a Prudent Exercise of the Seller's Business Judgement**

7.  I believe that the Sale is in the best interests of the Debtors' estates and constitutes a prudent exercise of the Seller's business judgment.

8.  On May 1, 2024, the Seller retained CBRE, Inc., an independent broker, to publicly list for sale the real property, including all right, title, and interest therein, located at 1021 N 59th Ave, Phoenix, AZ 85043 (the "Property").  The Seller received several indications of interest and letters of intent from nine potential purchasers over the course of the Property's listing.  Due to the robust interest in the Property, the Seller initiated a competitive bidding process whereby all potential purchasers were invited to submit their highest and best offers for the Property, which included (i) seven offers in amounts ranging from US$3,000,000 to US$4,000,000 and (ii) the Purchaser's offer, which was raised to the highest and best offer of US$4,300,000 after several rounds of negotiations.

9.  After reviewing all offers submitted on the Property, the Seller determined that the Purchaser's offer of US$4,300,000 was the highest and best offer based on (i) total value offered, (ii) the terms and conditions of the offer and (iii) Purchaser's assurances that the Sale would close, which culminated in the APA between the Seller and Purchaser. After the APA was signed, the parties extended the due diligence period under the APA several times while the Debtors engaged an independent contractor recommended by their insurer to repair damage to the Property caused by multiple acts of vandalism. The parties ultimately agreed to reduce the purchase price to US$4,051,559.09 pursuant to a further amendment to the APA to compensate the Purchaser for,

among other things, (i) the extended delay to closing and the already incurred and projected cost of ongoing repair work on the Property and (ii) the Purchaser's assumption of all remaining risk of further damage to the Property through closing. On May 29, 2025, Purchaser assigned all of its rights, title, and interests in and to the APA to a special purpose entity, 1021 N 59th LLC, a Delaware limited liability company.

10. The Seller, in consultation with the CRO and the Monitor, determined that additional marketing efforts would be unlikely to yield an offer that is a higher and better offer than the Purchaser's offer under the circumstances. As required under the APA, the Purchaser has paid a deposit of US$175,000, which will be held in escrow pending closing of the Sale.

11. I believe that the Property was marketed publicly in a manner designed to maximize the purchase price obtained for those assets in accordance with the Sale Procedures Order. The Purchaser's offer for the Property is the highest or otherwise best offer received to date, is in line with the market for similar assets, and constitutes reasonably equivalent value for the Property.

12. For these reasons, I believe that selling the Property to the Purchaser pursuant to the terms set forth in the APA constitutes a prudent exercise of the Seller's business judgment.

**II. The Available Assets Should be Transferred Free and Clear of All Liens, Claims, Encumbrances, and Other Interests Pursuant to Section 363(f) of the Bankruptcy Code**

13. I believe consummation of the Sale free and clear of all Liens is appropriate pursuant to section 363(f) of the Bankruptcy Code.

14. As of the date hereof, the only party known to have any Liens on the Property is Royal Bank of Canada, in its capacities as administrative agent for the Syndicated Lenders and the DIP Lenders (each as defined in the Recognition Order). Royal Bank of Canada, in its capacities as administrative agent for the Syndicated Lenders and the DIP Lenders, has consented to the sale of the Property to the Purchaser. I am further advised that all Liens on the Property will attach to

the proceeds of the sale under the APA with the same force, validity, priority, and effect as they currently exist.

15. Accordingly, I believe that the sale of the Property free and clear of all Liens satisfies the statutory requirements of section 363(f) of the Bankruptcy Code.

### III. The Purchaser Should be Entitled to the Protections of Section 363(m) of the Bankruptcy Code

16. I believe the Purchaser is a good faith purchaser for value and has otherwise acted in good faith in connection with the Sale. Specifically: (i) the Purchaser is not an "insider" of the Debtors, as that term is defined in the Bankruptcy Code; (ii) the Sale was negotiated at arm's length and in good faith, and at all times each of the Purchaser and the Seller were represented by competent counsel of their choosing; (iii) the Purchaser did not in any way induce or cause the filing of the CCAA Proceedings or these Chapter 15 Cases; (iv) the consideration provided by the Purchaser pursuant to the Sale is fair and reasonable; and (v) the Sale is not the result of fraud or collusion.

17. Based on the foregoing, I believe the Purchaser was acting in good faith within the meaning of section 363(m) of the Bankruptcy Code with respect to the Sale and is entitled to the protections thereof.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: May 30, 2025
      Toronto, Canada

                              */s/ Randall Benson*
                              Randall Benson