**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>Pride Group Holdings Inc., *et al.*[1]<br><br>Debtors in Foreign Proceedings. | Chapter 15<br><br>Case No. 24-10632 (CTG)<br><br>(Jointly Administered)<br><br>**Hearing Date:**<br> September 24, 2025 at 2:30 p.m. (ET)<br><br>**Objection Deadline:**<br>September 16, 2025 at 4:00 p.m. (ET) |

**MOTION OF THE FOREIGN REPRESENTATIVE**
**FOR ENTRY OF AN ORDER (I) ENFORCING THE**
**CCAA MCCOY SETTLEMENT ORDER AND (II) GRANTING RELATED RELIEF**

Randall Benson, solely in his capacity as the duly authorized foreign representative (the "Foreign Representative") of the above-captioned debtors (collectively, the "Debtors"),[2] in the Canadian proceedings (the "CCAA Proceedings") commenced under the Companies' Creditors Arrangement Act (the "CCAA"), pending before the Ontario Superior Court of Justice (Commercial List) in Ontario, Canada, Court File No. CV-24-00717340-00CL (the "Canadian Court"), respectfully submits this motion (the "Motion") for entry of an order (the "Proposed Order"), substantially in the form attached hereto as **Exhibit A**, granting relief under section 1521(a)(7) of Title 11 of the United States Code (the "Bankruptcy Code").

---

[1] The last four digits of Debtor Pride Group Holdings Inc.'s Canadian business number are 6399. Due to the large number of debtors in these chapter 15 cases, a complete list of the debtor entities and the last four digits of their unique identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' noticing agent at https://dm.epiq11.com/pridegroup. The Debtors' service address for the purposes of these chapter 15 cases is 1450 Meyerside, Suite 401, Mississauga, Ontario, L5T 2N5, Canada.

[2] The term "Debtors" does not include: 1000089137 Ontario Inc., DVP Holdings, Corp., Parker Global Enterprises, Inc., Parker Transport Co., and Arnold Transportation Services, Inc. (collectively, the "Arnold Entities").

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

2. Venue is proper in this Court and this District pursuant to 28 U.S.C. § 1410.

3. The Foreign Representative, in his capacity as authorized foreign representative, has properly commenced these chapter 15 cases pursuant to sections 1504, 1509, and 1515 of the Bankruptcy Code and rules 2002 and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

4. The statutory predicates for the relief requested herein are section 105(a) and 1521 of the Bankruptcy Code.

**BACKGROUND**

**I.    Commencement of the CCAA Proceedings and the Chapter 15 Cases**

5. The Debtors and certain of their non-Debtor affiliates (collectively, the "Pride Group")[3] operate a trucking and logistics conglomerate based in Canada with operations in Canada and the United States. The Pride Group's businesses are managed from their headquarters in Mississauga, Ontario, and they maintain facilities and operations in both Canada and the United States. The Pride Group owns substantial assets located within the territorial jurisdiction of the

---

[3] As used herein, "Pride Group" includes: (i) each of the "Applicants" listed in Schedule "A" to the CCAA McCoy Settlement Order (as defined below); (ii) Pride Truck Sales L.P., TPine Leasing Capital L.P., and Sweet Home Hospitality L.P. ((i) and (ii) together, the "Pride Entities"); and (iii) Block 6 Holding Inc., 2500819 Ontario Inc., Pergola Holdings, Corp., and Pride Global Insurance Company Ltd. Further, as noted in the Recognition Order (as defined below), the Foreign Representative is not seeking relief with respect to the Arnold Entities. As a result, the terms "Pride Group" and "Pride Entities" do not include the Arnold Entities.

United States, including, among other things, real estate properties, bank accounts, equipment, and trucks.

6. On March 27, 2024, the Debtors commenced the CCAA Proceedings in the Canadian Court, and the Canadian Court issued the initial order on the following day (the "Initial Order") granting certain relief in connection with the CCAA Proceedings, including, among other things, authorizing Randall Benson of RC Benson Consulting Inc. (the "CRO") to act as the Foreign Representative and file these chapter 15 cases (collectively, the "Chapter 15 Cases"), appointing Ernst & Young, Inc. as the Canadian Court-appointed monitor (in such capacity and not in its personal or corporate capacity, the "Monitor") and staying (the "CCAA Stay") the commencement or continuation of any proceeding or enforcement process in any court or tribunal against the Debtors, certain non-Debtor affiliates, and certain personal guarantors of the Pride Group's debt. The CCAA Stay was initially granted through April 6, 2024 pursuant to the Initial Order, but has been since extended by further orders of the Canadian Court, most recently to March 31, 2025.

7. On April 1, 2024 (the "Petition Date"), and on April 15, 2024, the Foreign Representative filed petitions for the Pride Group's Canadian and U.S. operating companies, single-asset real estate holding companies, and non-real estate holding companies (the "Petitions"), thereby commencing the Debtors' Chapter 15 Cases. Also on the Petition Date, the Foreign Representative filed the *Verified Petition for (I) Recognition of Foreign Main Proceedings, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* [D.I. 2] (the "Verified Petition") seeking, among other things, recognition of the CCAA Proceedings as "foreign main proceedings" under section 1517 of the Bankruptcy Code and certain related relief.

8. On April 3, 2024, consistent with the Initial Order of the Canadian Court, this Court stayed and enjoined the commencement or continuation of any action or proceeding in the United States against the Pride Group, pursuant to this Court's *Order Granting Motion of the Foreign Representative for Provisional Relief Pursuant to Sections 105(a) and 1519 of the Bankruptcy Code* [D.I. 49] (the "First Provisional Relief Order").

9. On April 23, 2024, the Debtors filed an amended Verified Petition [D.I. 121] (the "Amended Verified Petition, and together with the Petitions, the "Chapter 15 Petitions") seeking, among other things, recognition of the CCAA Proceedings as "foreign main proceedings" under section 1517 of the Bankruptcy Code, extension of the relief granted in the First Provisional Relief Order in the United States on a final basis, and related relief.

10. On May 2, 2024, the Court entered an order [D.I. 152] (the "Recognition Order") granting recognition of the CCAA Proceedings and the related relief sought in the Chapter 15 Petitions, which, among other things, (i) extends all relief granted pursuant to the First Provisional Relief Order on a final basis; and (ii) stays and enjoins all persons and entities pursuant to sections 362(a) and 1521(a) of the Bankruptcy Code from, among other things, executing against the assets of the Pride Group located within the territorial jurisdiction of the United States, commencing or continuing any action or proceedings against the Pride Group in the United States, and transferring, relinquishing or disposing of any property of the Pride Group located within the territorial jurisdiction of the United States to any person or entity other than the Foreign Representative.

**II.    The McCoy Contract and the Settlement Agreement**

11. On January 14, 2021, Pride Truck Sales L.P. ("PTS") – a member of the Pride Group – entered into a written agreement with JMR Group, LLC d/b/a McCoy Freightliner ("McCoy"), titled "McCoy Freightliner-Pride Truck Sales Purchase Contract for 2019 Freightliner Cascadia Truck Package for Calendar Year 2021 (the "McCoy Contract").

12. On November 4, 2021, PTS filed a complaint in the United States District Court for the District of Oregon alleging breach of contract and seeking declaratory relief in connection with the McCoy Contract (the "First Lawsuit").

13. On or about November 15, 2021, McCoy entered into a transaction in which it sold substantially all of its assets to Penske Automotive Group, Inc. (the "Penske Sale").

14. On December 27, 2021, McCoy filed an answer in the First Lawsuit, denying PTS's claims, denying that PTS was entitled to the relief pleaded, and alleging certain affirmative defenses.

15. On July 25, 2024, PTS filed a second complaint in the United States District Court for the District of Oregon (the "Second Lawsuit," and, together with the First Lawsuit, the "Lawsuits") alleging that the Penske Sale was a fraudulent conveyance and seeking certain declaratory relief. On October 2, 2024, PTS amended the Second Lawsuit to add certain trusts related to McCoy (the "Trusts", and together with McCoy and the Owners, the "McCoy Parties") as defendants. The McCoy Parties have not filed an answer in the Second Lawsuit, but deny PTS's claims, and deny that PTS is entitled to the relief pleaded.

16. Over the past several months, PTS and the McCoy Parties engaged in extensive negotiations to settle the Lawsuits. On or about August 25, 2025, PTS and the McCoy Parties executed a settlement agreement (the "Settlement Agreement"), which, subject to the satisfaction of certain conditions, resolves and settles the Lawsuits and all claims between PTS and the McCoy Parties.[4] The material terms of the Settlement Agreement are as follows:

---

[4] An executed copy of the Settlement Agreement is attached as **Exhibit C** hereto.

| *Settlement Sum* | $3.5 million |
|---|---|
| *Payment Date* | On the Settlement Execution Date (as defined in the Settlement Agreement), the McCoy Parties shall transfer the Settlement Sum to its counsel, to be held in trust and disbursed to PTS's litigation counsel within seven days of the Effective Date (as defined in the Settlement Agreement). |
| *Mutual Releases* | The McCoy Parties and PTS mutually release and discharge the other, along with each of their officers, directors, employees, contractors, agents, successors, insurers, heirs, affiliates, subsidiaries, parent companies, and assigns from all claims and liabilities of any kind existing as of the Effective Date. |
| *Court Approval* | Upon execution of the Settlement Agreement, PTS shall file a motion in the CCAA Proceedings for approval of the Settlement Agreement (the "CCAA McCoy Settlement Order"). After obtaining the CCAA McCoy Settlement Order, the Foreign Representative shall file a motion in this Court within ten (10) days of entry of the CCAA McCoy Settlement Order seeking entry of an order enforcing the CCAA McCoy Settlement Order within the territorial jurisdiction of the United States. |
| *Dismissal of Lawsuits* | Within five (5) days of PTS's counsel's receipt of the Settlement Sum, the parties shall execute and file a stipulation of dismissal of the Lawsuits with prejudice, without the right to appeal, and without costs or attorney fees to either party. |
| *No Admission of Liability* | There is no admission of any liability or fault of any kind by any of the parties to the Settlement Agreement. |

17. Following a hearing held on August 28, 2025, at which counsel for the Pride Group and the Monitor were present, the Canadian Court granted the CCAA McCoy Settlement Order on September 9, 2025, a copy of which is attached as **Exhibit B** hereto.

**RELIEF REQUESTED**

18. By this Motion, the Foreign Representative seeks entry of the Proposed Order enforcing the CCAA McCoy Settlement Order in the United States, and granting such other and further relief as the Court deems just and proper.

**BASIS FOR RELIEF REQUESTED**

19. Upon recognition of a foreign proceeding, section 1521(a) of the Bankruptcy Code authorizes the Court to grant "any appropriate relief" at the request of the recognized foreign representative "where necessary to effectuate the purpose of [chapter 15] and to protect the assets of the debtor or the interests of the creditors." Such relief may include "granting any additional relief that may be available to a trustee, except for relief available under sections 522, 544, 545, 547, 548, 550, and 724(a) of the Bankruptcy Code." 11 U.S.C. § 1521(a)(7). The Court may grant relief under section 1521(a) of the Bankruptcy Code if the interests of "the creditors and other interested entities, including the debtor, are sufficiently protected." 11 U.S.C. § 1522(a).

20. The relief the Foreign Representative seeks constitutes "additional relief that may be available to a trustee" under Section 1521(a)(7) because a settlement or compromise of pending litigation involving contract claims is similar relief available to a trustee or debtor pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Rule 9019"). Indeed, bankruptcy courts routinely hear and approve such matters.[5]

21. The heavily negotiated Settlement Agreement represents a fair and reasonable resolution to the disputes between the McCoy Parties and PTS, each of which deny any liability, fault, or wrongdoing. It also obviates the need for the Pride Group to expend significant time and

---

[5] For the avoidance of doubt, the Foreign Representative is not requesting the Court to approve the McCoy Settlement under Rule 9019 or authorize PTS to enter into the McCoy Settlement. The Foreign Representative requests only that this Court enforce the CCAA McCoy Settlement Order in the United States on a coextensive basis.

7

expense continuing to litigate the Lawsuits. The Settlement Sum of $3.5 million represents a meaningful recovery that adds value to the Debtors' estates and maximizes the value of those assets for the benefit of all stakeholders.

22. Further, the relief granted in the CCAA McCoy Settlement Order generally comports with U.S. due process standards. On notice to creditors, the Canadian Court reviewed the CCAA McCoy Settlement Order, held a hearing, and all parties in interest had a full and fair opportunity to participate. By granting the relief requested herein, the Court would enforce the CCAA McCoy Settlement Order on a coextensive basis in the United States, which will allow the Foreign Representative to effectuate the Settlement Agreement and settle the Lawsuits in accordance with the timetable contemplated therein.

23. Granting the requested relief is also in the public interest because it promotes cooperation between jurisdictions in cross-border insolvencies, which is an express purpose of chapter 15 of the Bankruptcy Code. *See* 11 U.S.C. § 1501(a).

24. For those reasons, the Foreign Representative respectfully submits that the relief requested herein is authorized under section 1521(a) of the Bankruptcy Code and should be approved.

## NOTICE

25. The Foreign Representative has provided notice of this Motion consistent with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). The Foreign Representative submits that such notice is sufficient in view of the facts and circumstances, and no other or further notice need be provided.

## CONCLUSION

WHEREFORE, the Foreign Representative respectfully requests that the Court enter an order, substantially in the form attached as **Exhibit A**, granting the requested relief and such other and further relief as may be just and proper.

Dated: September 9, 2025  **MORRIS, NICHOLS, ARSHT & TUNNELL LLP**
Wilmington, Delaware

*/s/ Luke Brzozowski*
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Luke Brzozowski (No. 7377)
1201 N. Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
Email: dabbott@morrisnichols.com
      aremming@morrisnichols.com
      lbrzozowski@morrisnichols.com

- and -

**LINKLATERS LLP**

Penelope J. Jensen, Esq. (admitted *pro hac vice*)
Christopher J. Hunker, Esq. (admitted *pro hac vice*)
Clark L. Xue, Esq.
1290 Avenue of the Americas
New York, NY 10104
Telephone: (212) 903-9000
Facsimile: (212) 903-9100
Email: penelope.jensen@linklaters.com
      christopher.hunker@linklaters.com
      clark.xue@linklaters.com

*Attorneys for the Foreign Representative*